# EXHIBIT E

Dear Crystal,

Pursuant to Section 6.5(ii)[2] and [3] of Cleer LLC's Operating Agreement—through a member vote, as prescribed in the Operating Agreement—the Company has voted to repurchase your 12 Units in the Company "for Cause" due to, e.g., (a) your "flagrant dishonesty" (6.5(ii)[2]); (b) your "intentional acts detrimental to the conduct of the Company's business" (6.5(ii)[2]); and (c) your multiple and continuing violations of the Company's Operating Agreement (6.5(ii)[3]).

Specifically, since you resigned from the Company earlier this year, we have tried to solve this situation with you amicably on multiple occasions, but your continued insistence on acting in bad faith, stealing/withholding company property, and continuing to impermissibly hold the Company's domain name/website in an attempt to force the company into selling to a third-party have prevented any mutually beneficial outcome.

Accordingly, the Company has elected to repurchase your 12 Units "for Cause" pursuant to the Operating Agreement, such that you no longer have any continuing ownership of or equity in the Company.

Moreover, under Section 6.5 of the Operating Agreement, the purchase price for your 12 Units shall be "equal to the credit balance in the Member's Capital Account". Since your capital account currently stands at a deficit of nearly $70,000 (i.e., -$70,000), the Company shall owe you no additional funds for your 12 Units, and the Company further reserves the right to pursue you for the ~$70,000 that you owe the Company to zero out your capital account.

Beyond that, I want to remind you of several obligations you have that survive your previous role as a Member in the Company, pursuant to the Operating Agreement you signed and/or your "Membership Vesting Agreement" that you signed around May 27, 2022.

Specifically, under your Membership Vesting Agreement, you have continuing obligations regarding, without limitation, non-disparagement of the Company (Section 7), confidentiality and trade secrets (Section 8 there and Section 9.4 of the Operating Agreement), non-competition with the Company for 12 months following this e-mail (Section 11 there and Section 9.1 of the Operating Agreement), and non-solicitation of the Company's customers, suppliers, or prospective customers or suppliers for 12 months following this e-mail (Section 12).

Should you breach or violate any of the foregoing, the Company has continuing contractual rights to, e.g., specific performance and injunctions, as well as the right to sue you for

damages, which, following a default judgment against you if you choose not to appear in the US, may be used to attach any real property, assets, and bank accounts you possess anywhere in the United States.

Pursuant to the "Notice" requirement in Section 12.7 of the Operating Agreement, we have sent this same message via certified mail to your "last known address", which is 30 N Gould St. Ste 3088, Sheridan, WY 82801, with a copy sent via regular mail to Eric W. Misterovich, Revision Legal, PLLC, 8051 Moorsbridge, Portage, MI 49024; 269-235-9900. We have also sent a copy of the message here, via e-mail, for your convenience.

If you have any questions regarding the above, please contact the Company at:

Cleer LLC

2885 Sanford Avenue, SW14713

Grandville MI 49418


Sincerely,

David McKeegan

Member

|  | Total Value |
|---|---|
| 6/2/2023 Allocation | 15,257 |
| 1/31/2024 Allocation | (86,001) |
| Total Capital Account | (70,743) |