IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC | 3:24-cv-1496-MPS |
| v. | Judge Michael P. Shea |
| CRYSTAL STRANGER et al. | CRYSTAL STRANGER'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER RULES 12(b)(5) and (6) |
| | 2024-10-20 |

# Legal Standards

## Personal jurisdiction must be established

Courts in the Second Circuit determine whether jurisdiction exists over a defendant by looking to "the law of the state where the court sits," unless "a state's assertion of jurisdiction contravenes a constitutional guarantee." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) (quoting *Arrowsmith v. United Press Intern.*, 320 F.2d 219, 223 (2d Cir. 1963) (en banc)).

In Connecticut,

> [when the] defendant[] [was alleged to do harm to a Connecticut resident, but] did not transact business in Connecticut, did not commit a tort in the state of Connecticut, do not regularly conduct or solicit business from Connecticut, and do not derive substantial revenue from Connecticut or from interstate or international commerce with a commercial impact in Connecticut, [the] defendant[] could not have reasonably anticipated being haled into court here. Accordingly, it would not be reasonable under the facts of this case for the court to confer personal jurisdiction over the [] defendant[]…

*Lyons v. Birmingham L. Off.*, 315 A.3d 391, 224 Conn.App. 758 (Conn. App. 2024).

Further, "[i]t is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Hansberry v. Lee*, 311 U.S. 32, 61 (1940).

## Pleading must be plausible

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. ... A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. ... Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. ... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown —that the pleader is entitled to relief. ... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotes and cites omitted).

In *Iqbal*, the plaintiff pleaded that Attorney General Ashcroft had condoned abusive treatment of the plaintiff while imprisoned. No facts were pleaded that could show the Attorney General had a discriminatory purpose or even that the Attorney General knew of the abuse. The Court rejected the pleading as conclusory and therefore implausible.

> The pleading standards of *Twombly* and *Iqbal* require a plaintiff's complaint to allege sufficient facts to "raise a reasonable expectation that discovery will reveal evidence" of the defendant's wrongdoing. *Twombly*, 550 U.S. at 545. In so doing, the pleading standard acts as a "screening mechanism" in the early stages of the litigation. *Rios-Campbell*, 927 F.3d at 24 (internal quotation

marks omitted). It closes "the doors of discovery" to plaintiffs "armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.
*Lugo v. The City of Troy*, New York, 22-3043 (2nd Cir. Aug 27, 2024).

## Causation of specific harm is an essential element of any claim

"If the plaintiff did not prove specific, quantifiable harm, it cannot recover any damages in tort for the alleged delicts of the defendant because harm is an element of the plaintiff's cause of action in tort." *NEWS AMERICA MARKETING v. Marquis*, 862 A.2d 837, 843, 86 Conn.App. 527 (Conn. App. 2004). Similarly, "[c]ausation is an essential element of damages in a breach of contract action; and, as in tort, a plaintiff must prove that a defendant's breach *directly and proximately* caused his or her damages." *National Market Share, Inc. v. Sterling Nat. Bank*, 392 F.3d 520 (2nd Cir. 2004) (original emphasis). "Without a clear demonstration of damages, there can be no claim..." *JN Contemporary Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118, 126 (2nd Cir. 2022).

## Connecticut law applies to procedure

The Membership Vesting Agreement ("MVA") specifies Connecticut or Michigan law for count 2, while the Operating Agreement ("OA") specifies Wyoming law for count 1. Meanwhile, counts 3–8 are not contractual claims in any event. For simplicity's sake, the law of the forum (Connecticut law) should be applied for all procedural questions.

## Process has not been served to establish personal jurisdiction over Ms. Stranger

The Plaintiff alleges that process was served on Ms. Stranger through an "agent". ECF 31, page 2. However, Ms. Stranger has not authorized any agent to accept service on her behalf. *See* Ms. Stranger's Affidavit About Service of Process (Exhibit A). Therefore, process has not been served on Ms. Stranger, she has not been made a party to this litigation, and this Court's jurisdiction over Ms. Stranger has not been established.

Accordingly, Ms. Stranger respectfully submits that the Complaint should be dismissed under Rule 12(b)(5).

## The complaint does not plausibly plead damages

The Complaint alleges:

10. The amount in controversy exceeds $75,000.

But the Complaint alleges no facts that could make this allegation plausible. For example, the Complaint does not even conclusorily allege that:

- Cleer lost a single identifiable customer to Optic Tax;
- Cleer's profitability was impaired; nor
- Cleer's reputation was impaired.

For at least this reason, the Complaint fails to state any claim on which relief may be granted and should be dismissed under Rule 12(b)(6).

## Count 1 does not state a claim under Wyoming law

Wyoming law is the governing law of the OA[1] and "any ambiguity in the contract is construed against the drafter of the agreement." Collins v. Finnell, 2001 WY 74, 29 P.3d 93 (Wyo. 2001). Under Wyoming law,

> (a) A person is dissociated as a member from a limited liability company when:
> (i) The company has notice of the person's **express will to withdraw** as a member, but, if the person specified a withdrawal date later than the date the company had notice, on that later date;...
> Wyo. Stat. 17-29-602 Events causing dissociation (Wyoming Statutes (2024 Edition)) (emphasis added).

At ECF 31-1, page 4, Cleer argues Merriam-Webster's **dictionary** definition:

> "Withdrawal" means "the act of taking back or away something that has been granted or possessed."

But where a statute clearly sets forth a different definition, the dictionary should not be consulted. Wyoming law makes clear that withdrawal from an LLC is a species of dissociation that a member does by "express will", not something that is done to a member against their will. "Withdrawal for any reason" means "any reason" that would cause Ms. Stranger to **withdraw**, not "any reason" for Cleer dissociating Ms. Stranger **against** her will.

Ms. Stranger did not "withdraw" from Cleer LLC. Accordingly, the terms of the OA clauses 9.1 and 9.2, which apply only if a member "withdraw[s] for any reason", do not apply to Ms. Stranger. She cannot be in breach of a contract that does not apply to her. Therefore, count 1 does not state a claim under Wyoming law.

---

[1] ECF 1-3, 12.5.

## Conclusion

Having demonstrated that the Complaint does not plead facts that could make plausible the Court's jurisdiction over Ms. Stranger, or make plausible any of counts 1-8, Ms. Stranger prays the Court to DISMISS the Complaint under Rules 12(b)(5) and (6).

Respectfully submitted,

s/Alan Harrison

Alan Harrison ct29464

SANDOLLAR Law

6 West River Street #112

Milford, CT 06460

alan@sandollar-law.net

203.212.9996