**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| | : | 3:24-cv-1496-MPS |
| CLEER LLC | : | |
| | : | Judge Michael P. Shea |
| v. | : | |
| | : | OPTIC TAX'S MEMORANDUM IN |
| CRYSTAL STRANGER et al. | : | SUPPORT OF MOTION TO DISMISS |
| | : | UNDER RULES 12(b)(2) and (6) |
| | : | |
| | : | 2024-10-20 |
| | : | |

# Legal Standards

## Personal jurisdiction must be established

Courts in the Second Circuit determine whether jurisdiction exists over a defendant by looking to "the law of the state where the court sits," unless "a state's assertion of jurisdiction contravenes a constitutional guarantee." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) (quoting *Arrowsmith v. United Press Intern.*, 320 F.2d 219, 223 (2d Cir. 1963) (en banc)).

In Connecticut,

[when the] defendant[] [was alleged to do harm to a Connecticut resident, but] did not transact business in Connecticut, did not commit a tort in the state of Connecticut, do not regularly conduct or solicit business from Connecticut, and do not derive substantial revenue from Connecticut or from interstate or international commerce with a commercial impact in Connecticut, [the] defendant[] could not have reasonably anticipated being haled into court here. Accordingly, it would not be reasonable under the facts of this case for the court to confer personal jurisdiction over the [] defendant[]...

*Lyons v. Birmingham L. Off.*, 315 A.3d 391, 224 Conn.App. 758 (Conn. App. 2024).

Further, "[i]t is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Hansberry v. Lee*, 311 U.S. 32, 61 (1940).

## Pleading must be plausible

[T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. ... A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. ... Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. ... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown —that the pleader is entitled to relief. ... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotes and cites omitted).

In *Iqbal*, the plaintiff pleaded that Attorney General Ashcroft had condoned abusive treatment of the plaintiff while imprisoned. No facts were pleaded that could show the Attorney General had a discriminatory purpose or even that the Attorney General knew of the abuse. The Court rejected the pleading as conclusory and therefore implausible.

The pleading standards of *Twombly* and *Iqbal* require a plaintiff's complaint to allege sufficient facts to "raise a reasonable expectation that discovery will reveal evidence" of the defendant's wrongdoing. *Twombly*, 550 U.S. at 545. In so doing, the pleading standard acts as a "screening mechanism" in the early stages of the litigation. *Rios-Campbell*, 927 F.3d at 24 (internal quotation marks omitted). It closes "the doors of discovery" to plaintiffs "armed with

nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

*Lugo v. The City of Troy*, New York, 22-3043 (2nd Cir. Aug 27, 2024).

## Causation of specific harm is an essential element of any claim

"If the plaintiff did not prove specific, quantifiable harm, it cannot recover any damages in tort for the alleged delicts of the defendant because harm is an element of the plaintiff's cause of action in tort." *NEWS AMERICA MARKETING v. Marquis*, 862 A.2d 837, 843, 86 Conn.App. 527 (Conn. App. 2004). Similarly, "[c]ausation is an essential element of damages in a breach of contract action; and, as in tort, a plaintiff must prove that a defendant's breach *directly and proximately* caused his or her damages." *National Market Share, Inc. v. Sterling Nat. Bank*, 392 F.3d 520 (2nd Cir. 2004) (original emphasis). "Without a clear demonstration of damages, there can be no claim..." *JN Contemporary Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118, 126 (2nd Cir. 2022).

## Connecticut law applies to procedure

The Membership Vesting Agreement ("MVA") specifies Connecticut or Michigan law for count 2, while the Operating Agreement ("OA") specifies Wyoming law for count 1. Meanwhile, counts 3–8 are not contractual claims in any event. For simplicity's sake, the law of the forum (Connecticut law) should be applied for all procedural questions.

# The complaint does not plead facts to establish this Court's personal jurisdiction over optic tax

The Complaint pleads:

4. Cleer is a **Wyoming** limited liability company with its principal place of business located in **Michigan**.

   . . .

5. Upon information and belief, Optic Tax is a **Wyoming** corporation with its headquarters in **Wyoming**.

   . . .

6. This Court has jurisdiction over Optic Tax because its wrongful conduct inflicted damage on Cleer in Connecticut,

The Complaint does not plead that Optic Tax transacts business in Connecticut; committed a tort in the state of Connecticut; regularly conducts or solicits business from Connecticut; or derives substantial revenue from Connecticut or from interstate or international commerce with a commercial impact in Connecticut. Indeed, the Complaint does not even plead that Cleer, the Plaintiff, has a place of business in Connecticut.

On **less challenging** facts (Vermont attorneys, who had no significant contacts with Connecticut, made an accounting error that inflicted damage on their client, who was a **Connecticut resident**), the Connecticut courts have declined to exercise personal jurisdiction over out-of-state defendants. *See Birmingham L. Off., supra.* Much less should this Court, sitting in Connecticut, entertain jurisdiction over an alleged Wyoming corporation based on harm allegedly done "in Connecticut" to a Wyoming LLC with its principal place of business in Michigan.

Accordingly, Optic Tax respectfully submits that the Complaint fails to establish this Court's personal jurisdiction over Optic Tax under Connecticut law, and should be dismissed under Rule 12(b)(2).

## The complaint does not plausibly plead damages

The Complaint alleges:

10. The amount in controversy exceeds $75,000.

But the Complaint alleges no facts that could make this allegation plausible. For example, the Complaint does not even conclusorily allege that:

- Cleer lost a single identifiable customer to Optic Tax;

- Cleer's profitability was impaired; nor

- Cleer's reputation was impaired.

For at least this reason, the Complaint fails to state any claim on which relief may be granted and should be dismissed under Rule 12(b)(6).

## Conclusion

Having demonstrated that the Complaint does not plead facts that could make plausible the Court's jurisdiction over Optic Tax, or make plausible any of counts 1-8, Optic Tax prays the Court to DISMISS the Complaint under Rules 12(b)(2) and (6).

Respectfully submitted,
s/Alan Harrison
Alan Harrison ct29464
SANDOLLAR Law
6 West River Street #112
Milford, CT 06460
alan@sandollar-law.net
203.212.9996