UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX,<br><br>   *Plaintiff*,<br><br>   v.<br><br>CRYSTAL STRANGER, et al.,<br><br>   *Defendants*. | No. 3:24cv1496 (MPS)<br><br>October 22, 2024 |

**TEMPORARY RESTRAINING ORDER**

On September 18, 2024, the plaintiff, Cleer LLC, filed a verified complaint against its former employee, Cystal Stranger, and her company, OpticTax.com, alleging, among other claims, breach of non-solicitation and noncompete covenants contained in the Operating Agreement and Membership Vesting Agreement ("MVA") Stranger signed, breach of the duty of loyalty, and unfair competition under the Lanham Act.  ECF No 1.  Specifically, the plaintiff alleges that Stranger is soliciting plaintiff's customers and contractors/employees and improperly using its Cleer.tax domain name.  On September 24, 2024, the plaintiff filed a motion for a temporary restraining order and motion for a preliminary injunction as to the individual defendant, Stranger.  ECF No. 12.  The defendants filed an opposition on October 1, 2024 and the plaintiff filed a reply on October 11, 2024.  ECF Nos. 21, 31.  The Court heard telephonic argument at 1:00 pm on October 22, 2024.  The Court grants the plaintiffs' Motion for Temporary Restraining Order as set forth herein.

    **1.**    **Service**

As a threshold matter, Stranger alleges that she was not properly served.  See ECF Nos.

20, 32.  As the Court noted, and defense counsel conceded, during the conference call, Stranger consented to the jurisdiction of this Court under the MVA, see ECF No. 1-4 at 12.  In addition, the plaintiff has presented prima facie evidence that Stranger was properly served. ECF No. 31 at 2.  Specifically, the plaintiff points to proof of service showing that an agent signed on Stranger's behalf as set forth in Fed. R. Civ. P. 4 (e)(1)(C).  Stranger does not deny that she agreed under the MVA to personal jurisdiction.  Rather, she argues that she did not authorize any agent to accept service of her behalf, and submits an affidavit which discusses how she signed up with a business named RV Mail but does not have a contract with it.  Based on her review of its website, she "conclude[s]" that the only service it provides is "scan and mail" and that she did not hire it to serve as an agent for service.  ECF No. 32-2.  But as the Court observed during the call, it is undisputed that Stranger has actual notice of this action, having retained counsel and submitted an opposition to the motion and an affidavit contesting service.  She also specifically agreed to personal jurisdiction.  Moreover, the Court finds no prejudice to Stranger as a result of the Court's exercise of personal jurisdiction over her for purposes of this order.  Ultimately, the plaintiff will be responsible for proving service, if Stranger continues to press the issue, but under the circumstances, the Court is unwilling to refrain from issuing this restraining order simply on the basis of Stranger's attempt to contest service.

2. **Legal Standard**

"A party seeking a preliminary injunction must establish "(1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *Vidal v. Advanced Care Staffing, LLC*, No. 23-303-CV, 2024 WL 980634, at *1 (2d Cir. Mar. 7, 2024).  The same standard applies to a TRO.

### 3. Discussion

According to the MVA, Stranger agreed that breach of the agreement would result in irreparable harm to the plaintiff, such that "monetary damages would not provide an adequate or complete remedy." ECF No. 1-4 at 10. "While not dispositive, courts may view such terms as evidence of an admission that irreparable harm has occurred." *Hercules Pharms., Inc. v. Cherne*, 2024 WL 4406899, at *2 (E.D.N.Y. Sept. 18, 2024) (internal alteration and quotation marks omitted). In addition, loss from a party's breach of a restrictive covenant can constitute irreparable harm. Here, during the call, defense counsel indicated that Stranger had a list of the plaintiff's clients, which she had "merged" into her list. The plaintiff has submitted evidence showing that Stranger improperly solicited the plaintiff's employees and customers. See ECF No. 1 ¶¶ 46 (email to employees), 48 (email to client). It would be difficult to calculate the damages from the loss of an employee - and in many cases from the loss of a customer. *See Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 69 (2d Cir. 1999) ("[I]t would be very difficult to calculate monetary damages that would successfully redress the loss of a relationship with a client that would produce an indeterminate amount of business in years to come."); *Marsh USA Inc. v. Karasaki*, 2008 WL 4778239, at *14 (S.D.N.Y. Oct. 31, 2008) (the loss of employees can constitute irreparable harm, because their departure deprives an employer of "its investment in training and developing those employees," and may cause the employer to lose "clients who follow the employees because of the relationships developed with them at [the employer's] expense.") In response, Stranger has offered no evidence that she is not contacting the plaintiff's customers and employees; indeed, she has submitted no evidence to rebut the plaintiff's evidence demonstrating her breach of the Operating and Member Vesting Agreements.

## TEMPORARY RESTRAINING ORDER

As stated during today's call, at this juncture, and on the limited record before it, the Court finds that (1) the evidence submitted by the plaintiff shows irreparable harm and at the very least, sufficiently serious questions going to the merits of its claims to make them fair ground for litigation; and (2) the balance of hardships tips in the plaintiff's favor. A restraining order is also in the public interest because enforcing contracts and intellectual property rights benefits the public by encouraging private investment and certainty in contracting.

Accordingly, pending the preliminary injunction hearing scheduled for January 29, 2025, the Court orders as follows:

**Non-Solicitation**

It is HEREBY ORDERED that Stranger, and all of her agents, servants, employees, attorneys, and any other persons who are in active concert or participation with her are hereby RESTRAINED and ENJOINED from:

> 1. soliciting or otherwise contacting for purposes of discussing employment opportunities any person who is or was employed by Cleer LLC or any of its predecessors;
>
> 2. soliciting or otherwise contacting for purposes of developing business, entering into an agreement, or proposing or making any sale any person who is or was a customer, supplier, or prospective customer or supplier of Cleer LLC.

The parties shall confer in a good faith effort to enable Stranger and other persons working with her to contact customers and suppliers with whom Stranger had no direct or indirect contact or solicitation on behalf of Cleer LLC two years prior to her termination. Absent conferral and agreement, Stranger may not contact any customers or suppliers or prospective customers or suppliers of Cleer LLC or its predecessors.

**Cleer-Issued Laptop**

By agreement and as discussed on the record, Stranger shall return the Cleer-issued laptop

computer to Cleer by October 29, 2024. Neither Stranger nor anyone working with her or on her behalf will make any changes to the laptop or the data it contains. The laptop must be preserved in the state it was in when this order was issued until such time it is returned to Cleer.

**Personal Laptop**

As discussed, counsel shall meet and confer promptly regarding a process by which to handle Stranger's personal laptop in a manner that preserves all the data on the laptop at the time of this order and that fully protects the rights of Cleer under its agreements with Stranger and under the law as well as Stranger's rights to the confidentiality of data she has developed since leaving Cleer. The parties shall file a Joint Status Report as to Stranger's laptop by Monday, October 28, 2024 at 5 pm.

**Cleer.tax Domain**

As discussed, the Court makes no determination as to the ownership of the website and email domains denominated as Cleer.tax. Both parties are enjoined from using this domain name. On this record, this is the only way to preserve the status quo so additional violations of the parties' rights do not occur. As discussed on the call, the parties are encouraged to meet and confer to discuss a more practicable business solution regarding the domain name.

**Security**

The plaintiff shall file a proposal regarding security under Fed. R. Civ. P. 65(c) by Friday, October 25, 2024 by 5 pm.

**Referral to a Magistrate Judge**:

The Clerk of the Court shall refer this case to a Magistrate Judge to conduct a settlement conference.

**Expedited Discovery and Preliminary Injunction Hearing**

A preliminary injunction hearing is scheduled for January 29, 2025 at 9 am until 4 pm.  If necessary, the evidentiary hearing will continue on January 31, 2025.  In anticipation, the parties shall engage in expedited discovery, to begin immediately.  Responses and objections to requests for production and interrogatories are due within 15 days of service.  With regard to depositions, counsel shall meet and confer as to whether the depositions shall be in person, the dates, and the number of deponents.  Any objections are due within 15 days of the notice of deposition.

The parties shall meet and confer and shall file a list of witnesses and exhibits by January 24, 2025.

The parties shall file post-hearing proposed findings of fact and conclusions of law by February 18, 2025.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
           October 22, 2024 at 6:00 p.m.