UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | : Case No. 3:24-cv-01496-MPS : : Judge Michael P. Shea : |
| Plaintiff, | : **PLAINTIFF CLEER LLC'S** : **PROPOSAL REGARDING SECURITY** |
| v. | : **UNDER RULE 65** : |
| CRYSTAL STRANGER, et al., | : : |
| Defendants. | : |

Plaintiff CLEER LLC ("Cleer") respectfully proposes that no bond be required under the facts of this case. Under Fed. R. Civ. P. 65(c), "for good cause shown and recited in the order, the court may waive the giving of security" for a temporary restraining order ("TRO"). For example, a bond is not required where there is no proof an injunction is likely to cause harm to the defendants. *Doctor's Associates, Inc. v. Distajo*, 107 F.3d 126, 136 (2d Cir. 1997). This Court has granted a TRO and waived bond, as it should here, in a case involving the breach of a nonsolicitation agreement and misappropriation of confidential information where it found the defendant would suffer no harm from the TRO. *Westport Res. Mgmt., Inc. v. Delaura*, No. 3:16-CV-00873 (VAB), 2016 WL 3546218, at *5 (D. Conn. June 23, 2016).

Good cause for the Court to waive giving of security or bond exists regarding the TRO the Court issued in this case. In opposing Cleer's Motion for TRO and Preliminary Injunction, Defendants Crystal Stranger ("Stranger") and Optic Tax Inc. ("Optic Tax") (collectively, "Defendants") submitted no verified facts through declarations or otherwise, instead relying solely on argument of counsel. Based on the abundance of undisputed, verified facts and evidence of Defendants' malfeasance Cleer has submitted to the Court, there is no proof Defendants will suffer

13463347.1

any harm by being ordered not to solicit Cleer's clients and employees or use its confidential information—conduct in which Stranger is already contractually prohibited from engaging. In fact, Defendants admitted during the hearing that they have solicited Cleer's clients and employees, and merged Cleer's customer distribution list with Optic Tax's. It was also conceded that Optic Tax then sent blast emails to Cleer's current, former, and prospective clients. And it was further conceded that Stranger created the Cleer.tax email domain during her employment with Cleer and owed Cleer a duty of loyalty during her employment. Simply put, there is no harm to Defendants in being enjoined from unfairly competing against Cleer in breach of the agreements Stranger voluntarily executed.

For these reasons, Cleer respectfully requests that the Court waive security or bond for good cause shown pursuant to Fed. R. Civ. 65(c).

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel: (513) 381-2838
Fax: (513) 381-0205
gmuskeamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 969-3109
Fax: (203) 969-3150
Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

13463347.1

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 28, 2024, the foregoing Plaintiff Cleer LLC (f/k/a Greenback Business Services LLC) d/b/a Cleer Tax's Bond Proposal Regarding Security Under Rule 65 was electronically filed with the Court's CM/ECF system and the system will send electronic notice to all counsel of record.

*/s/ George B. Musekamp*
George B. Musekamp

13463347.1