### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC | : 3:24-cv-1496-MPS |
| | : |
| v. | : Crystal Stranger's Second Motion for |
| | : Protective Order |
| CRYSTAL STRANGER et al. | : |
| | : 2024-11-05 |

Defendant Crystal Stranger respectfully moves the Court for protection from (a) appearing at the settlement conference scheduled for December 9, 2024; and (b) the individual deposition that is scheduled for November 15, 2024.

In this regard, Ms. Stranger respectfully points out that "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant. ... one becomes a party officially, and is required to take action in that capacity, **only upon service of a summons** or other authority-asserting measure stating the time within which the party served must appear and defend." *Murry Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) (emphasis added). *Accord*, *2939, LLC v. Cont'l Indem. Co.*, 23-7466 (2nd Cir. Oct 23, 2024) ("the general rule is that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." (*citing Hansberry v. Lee*, internal quotes and markup omitted)). The requirement for proper service of process is independent from the requirement for personal jurisdiction. *See* Fed.R.Civ.P. 12(b)(2) and (5).

It is axiomatic that, as the Plaintiff, Cleer LLC must bear the burden of proving each element of its case. For example, it is Cleer who must produce a case in which an action was maintained against a defendant who was not properly served and did not waive service of process.

As argued in her Motion to Dismiss (ECF 32) and attested in her Affidavit (ECF 41), Plaintiff Cleer LLC not only has not attempted to properly serve Ms. Stranger, but indeed has attempted to commence this action with a mere gesture toward notice that (a) easily could have failed to be effective and (b) Cleer knew was not an effective way to give Ms. Stranger notice.

Therefore, Ms. Stranger is not properly before the Court for any purpose.

Accordingly, Ms. Stranger respectfully requests that the Court postpone the settlement conference and the individual deposition indefinitely pending a proper decision of her Motion to Dismiss.

Respectfully submitted,
s/Alan Harrison
Alan Harrison ct29464
SANDOLLAR Law
6 West River Street #112
Milford, CT 06460
alan@sandollar-law.net
203.212.9996