**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| | : | 3:24-cv-1496-MPS |
| CLEER LLC | : | |
| | : | Judge Michael P. Shea |
| v. | : | |
| | : | OPTIC TAX'S |
| CRYSTAL STRANGER et al. | : | MEMORANDUM IN SUPPORT OF |
| | : | SECOND MOTION TO DISMISS UNDER |
| | : | RULE 12(b)(2) |
| | : | |
| | : | 2024-11-19 |
| | : | |

# Legal Standards

## Personal jurisdiction must be established

Courts in the Second Circuit determine whether jurisdiction exists over a

defendant by looking to "the law of the state where the court sits," unless "a state's

assertion of jurisdiction contravenes a constitutional guarantee." *Bank Brussels Lambert*

*v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) (quoting *Arrowsmith*

*v. United Press Intern.*, 320 F.2d 219, 223 (2d Cir. 1963) (en banc)).

In Connecticut,

[when the] defendant[] [was alleged to do harm to a Connecticut resident, but]
did not transact business in Connecticut, did not commit a tort in the state of
Connecticut, do not regularly conduct or solicit business from Connecticut, and
do not derive substantial revenue from Connecticut or from interstate or
international commerce with a commercial impact in Connecticut, [the]
defendant[] could not have reasonably anticipated being haled into court here.

Accordingly, it would not be reasonable under the facts of this case for the court to confer personal jurisdiction over the [] defendant[]...

*Lyons v. Birmingham L. Off.*, 315 A.3d 391, 224 Conn.App. 758 (Conn. App. 2024).

## Pleading must be plausible

[T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. ... A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. ... Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. ... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown —that the pleader is entitled to relief. ... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotes and cites omitted).

In *Iqbal*, the plaintiff pleaded that Attorney General Ashcroft had condoned abusive treatment of the plaintiff while imprisoned. No facts were pleaded that could show the Attorney General had a discriminatory purpose or even that the Attorney General knew of the abuse. The Court rejected the pleading as conclusory and therefore implausible.

The pleading standards of *Twombly* and *Iqbal* require a plaintiff's complaint to allege sufficient facts to "raise a reasonable expectation that discovery will reveal evidence" of the defendant's wrongdoing. *Twombly*, 550 U.S. at 545. In so doing, the pleading standard acts as a "screening mechanism" in the early stages of the litigation. *Rios-Campbell*, 927 F.3d at 24 (internal quotation marks omitted). It closes "the doors of discovery" to plaintiffs "armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

*Lugo v. The City of Troy*, New York, 22-3043 (2nd Cir. Aug 27, 2024).

Alan Harrison – SANDOLLAR Law – Milford, CT

## Connecticut law governs choice of law provisions and extra-contractual claims

"Courts therefore determine a choice-of-law clause's scope under the same law that governs the clause's validity — the law of the forum." *Finance One Pub. v. Lehman Bros. Special Financing*, 414 F.3d 325 (2nd Cir. 2005). For matters outside a contractual choice-of-law, "a federal court sitting in diversity, while using its own rules to govern procedural matters, will apply the substantive law of the forum state." *Consorti v. Armstrong World Industries, Inc.*, 72 F.3d 1003 (2nd Cir. 1995). Thus, Connecticut law applies to extra-contractual claims such as unfair competition.

## Connecticut law clearly defines "soliciting"

Under Connecticut law, an act of solicitation requires a direct and individualized appeal for business.

> The determination that "solicit" is limited to a plea or entreaty directed to the individual is compelled not only by the customary definition of the term " solicit," it is compelled by practicalities. A business or entity bound by a non-solicitation provision would encounter substantial difficulty filling vacant job positions if the provision were read to cover general job postings or advertising. Those difficulties would be insurmountable for any governmental entity required by law or contract to publically post or advertise vacant positions before filling them. These practical problems are further evidence that the parties intended to limit the term " solicit" to its commonly understood definition.

*Pediatric Occupational Therapy Services, Inc. v. Town of Wilton*, No. X06-CV-02-0174833 S (Conn. Super. 4/7/2004) (Conn. Super. 2004).

> The evidence introduced was insufficient to support a conclusion that the defendant solicited the plaintiff's clients in connection with his provision of

independent DER services. The word "solicit" means "to make petition to" or "to approach with a request or plea." Merriam-Webster's Collegiate Dictionary (11th Ed. 2012); see also Black's Law Dictionary (10th Ed. 2014) ( defining " solicitation" as "[t]he act or an instance of requesting or seeking to obtain something; a request or petition"). There was no credible evidence presented to demonstrate that the defendant petitioned, approached, requested or pleaded with any of the plaintiff's clients to obtain independent DER work. In this regard, the defendant testified, and the court finds, that the independent DER work performed by the defendant came to him through inquiries initiated by third parties — namely, the plaintiff's clients themselves. Although the defendant's failure to disclose these inquiries to the plaintiff and his provision of services to them on an independent basis may have been wrongful, the defendant did not breach Section 7 of the Agreement by soliciting the plaintiff's clients.

*ATI Engineering Services, LLC v. Millard*, NNHCV186079777S (Conn. Super. Aug 07, 2018).

## The complaint does not plead facts to establish this Court's personal jurisdiction over Optic Tax

The Complaint pleads:

16. This Court has personal jurisdiction over Optic Tax because it committed torts in Connecticut by tortiously interfering with the Membership Vesting Agreement ("MVA") between Cleer and Stranger that has a Connecticut forum selection clause, its wrongful conduct inflicted damage on Cleer and its members in Connecticut, and Stranger (who agreed to jurisdiction in Connecticut) is directing the wrongful acts of Optic Tax to cause harm to Cleer in Connecticut.

17. The Court also has personal jurisdiction over Optic Tax because, upon information and belief, Optic Tax is soliciting Cleer's clients located in Connecticut using Cleer's confidential and trade secret client list that has proprietary information pertaining to Connecticut clients.

18. Upon information and belief, Optic Tax further conducts or attempts to conduct business in Connecticut, markets itself as conducting business

throughout the United States (including Connecticut), and has filed or will file income tax returns on behalf of clients that conduct business in Connecticut.

Starting from the least plausible pleading (although it is hard to choose), Ms. Stranger's purported agreement to personal jurisdiction in Connecticut simply has no relevance to whether personal jurisdiction exists over Optic Tax, which is a legally distinct corporate person. Further, "attempts to conduct business", "markets itself", and "will file income tax returns" are not actual specific contacts with Connecticut that would constitute present grounds for personal jurisdiction. To the extent that the First Amended Complaint alleges merely that Optic Tax "conducts" business in Connecticut, *Iqbal* and *Twombly* ask more of a plaintiff: for example, an allegation of some specific fact to substantiate Cleer's vague generic and conclusory allegation.

The members of Cleer are not parties to this matter, so whether Optic Tax may have "inflicted damage on [Cleer's] members" is not a contact with Connecticut that is relevant to specific personal jurisdiction under these pleadings. Regarding Cleer's Connecticut contacts, as quoted from the originally-filed Complaint in a previous motion,

> 4. Cleer is a Wyoming limited liability company with its principal place of business located in Michigan.

Purportedly and within the past month moving Cleer's headquarters from Michigan to Connecticut (as in the First Amended Complaint), solely for the purpose of alleging that Cleer suffered harm in Connecticut as part of an attempt to establish personal jurisdiction over Optic Tax, smells a bit gamey.

The Complaint does not plead sufficient facts to establish that Optic Tax interfered with Ms. Stranger's contracts by inducing her personally to solicit a Cleer client. At most, the Complaint alleges that an Optic Tax contractor reached out to a former Cleer client. But Optic Tax reaching out to a Cleer client, when Optic Tax is not a party to any agreement with Cleer, does not establish that Optic Tax interfered with Ms. Stranger's performance under her agreements with Cleer.

Meanwhile, Connecticut law is that "conduct[ing] or attempt[ing] to conduct business [or] market[ing]" are not per se wrongful acts that will support a claim for unfair competition. *See, e.g., Pediatric Occupational Therapy Services* and *ATI Engineering Services*, *supra*.

On **less challenging** facts (Vermont attorneys, who had no significant contacts with Connecticut, made an accounting error that inflicted damage on their client, who was a **Connecticut resident**), the Connecticut courts have declined to exercise personal jurisdiction over out-of-state defendants. *See Birmingham L. Off., supra.* Much less should this Court, sitting in Connecticut, entertain jurisdiction over an alleged Delaware corporation based on unsubstantiated harm allegedly done "in Connecticut" to a Wyoming LLC with its principal place of business in Michigan.

Alan Harrison – SANDOLLAR Law – Milford, CT

# Conclusion

Having demonstrated that the Complaint does not plead facts that could make plausible the Court's jurisdiction over Optic Tax, Optic Tax prays the Court to DISMISS the Complaint under Rule 12(b)(2).


Respectfully submitted,
s/Alan Harrison
Alan Harrison ct29464
SANDOLLAR Law
6 West River Street #112
Milford, CT 06460
alan@sandollar-law.net
203.212.9996