# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CLEER LLC (F/K/A GREENBACK BUSINESS
SERVICES LLC) D/B/A CLEER TAX,

    *Plaintiff,*

    v.

CRYSTAL STRANGER, et al.,

    *Defendants.*

No. 3:24cv1496 (MPS)

## RULING ON MOTION TO DISMISS

The plaintiff filed this action against its former employee, Crystal Stranger, and her company, Optic Tax, alleging, among other claims, breach of non-solicitation and noncompete covenants.   Stranger moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(5) for insufficient service of process.[1]  ECF Nos. 32, 58.

"When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)(alteration and internal quotation marks omitted).  "Plaintiff must meet this burden by making a prima facie case of proper service through specific factual allegations and any supporting materials." *Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 440 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).  A plaintiff's "conclusory statements are not sufficient to overcome a defendant's sworn affidavit that service was improper." *Id. See Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) ("Conclusory statements that

---

[1] The Court issued a temporary restraining order.  ECF No. 34.  Stranger does not argue that the Court lacked the power to do so in the absence of service of process. *See* Fed. R. Civ. P. 65(a)(1) (a court "may issue a preliminary injunction only *on notice* to the adverse party.")  Rather, she maintains that service is required to make her a party to the action and "required to take action in that capacity."  ECF No. 58-1 at 2.

a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process.")

The plaintiff asserts it properly served Stranger under Fed. R. Civ. P. 4(e)(2)(C)[2] by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." ECF No. 31 at 2. The plaintiff states it mailed the complaint and summons via certified mail to an agent in Wyoming, who signed for it. ECF No. 31 at 2.

Stranger argues that plaintiff's certificate of receipt was signed by a party "unknown by [her], not present at her abode, and not authorized by her, or by law, to accept service of her behalf." ECF No. 30. She avers that the entity in Wyoming the plaintiff served, RV Mail, was not Stranger's "authorized agent" under Rule 4(e)(2)(C). ECF Nos. 32-2, 58-2, 60, Stranger Affs. In addition, she avers that she resides in South Africa and that the plaintiff was well aware of this fact, pointing to her correspondence with plaintiff. ECF No. 58-2, Stranger Aff. ¶ 5 (averring that the owner of the plaintiff business knew "South Africa was my main home base" and "asked me for South Africa travel advice"); ECF No. 41-2 (Stranger's email to owner of plaintiff business in which Stranger discussed her experience living in South Africa).

Rule 4(e) permits service on an agent only if the agent is "authorized by appointment or by law to receive" it. Fed. R. Civ. P. 4(e)(2)(C). The plaintiff's reliance on the fact that the alleged "agent" signed for the service package is not sufficient. "[G]ood-faith reliance on apparent authority" suffices for the purposes of Rule 4(e)(2)(C) of the Federal Rules of Civil Procedure only if the principal has "held out another person as possessing certain authority, not where the agent has done so." *Parfitt Way Mgmt. Corp. v. GSM By Nomad, LLC*, No. 27-CV-0299, 2018 WL 2364287, at *5 n.3 (N.D.N.Y. May 24, 2018). The plaintiff has not shown how Stranger "held out" this agent as possessing authority to receive service on her behalf. On the

---

[2] The plaintiff cited Rule 4(e)(1)(C) but appears to mean Rule 4(e)(2)(C).

record before the Court, the plaintiff has not met its burden of showing it properly served Stranger.[3]

"Upon a finding of insufficient service, the Court may dismiss the case or may, in its discretion, retain the case, quash service, and direct that service be effectuated properly." *Spin Master, Ltd. v. Aomore-US*, No. 23 CIV. 7099, 2024 WL 3030405, at *12 (S.D.N.Y. June 17, 2024). The Court has "broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant." *Aries Ventures Ltd. v. Axa Fin. S.A*., 729 F. Supp. 289, 303 (S.D.N.Y. 1990). "[Insufficient] service will ordinarily be quashed and the action preserved where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." *Montalbano v. Easco Hand Tools, Inc.,* 766 F.2d 737, 740 (2d Cir. 1985) (internal quotation marks and citation omitted).

Here, there is no dispute that Stranger has actual notice and that the Court has personal jurisdiction. *See generally Henderson v. United States*, 517 U.S. 654, 672 (1996) ("[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections."). Under these circumstances, the appropriate remedy is to quash the improper service, rather than dismiss the action because proper service may still be obtained. *See Aries Ventures Ltd*., 729 F. Supp. at 303 (declining to dismiss for lack of proper service and finding

---

[3] That Stranger is aware of the instant lawsuit is not sufficient because "actual notice does not cure improper service." *Jean-Baptiste v. United States Dep't of Just.*, No. 23-441, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024). The filing of the amended complaint also does not alter the Court's analysis because service is still a prerequisite. "Rule 5 governs service of pleadings only after a party has been hauled into court through service of the summons and complaint under Rule 4." *Shum v. JILI Inc*., No. 17CV7600, 2022 WL 17403608, at *3 (E.D.N.Y. Dec. 2, 2022). *See Adams v. City of New York*, No. 21-CV-3956, 2023 WL 2734611, at *3 (E.D.N.Y. Mar. 31, 2023) ("Rule 5 governs service of pleadings after proper service of the original complaint, and provides that such later pleadings may be served by sending [them] to a registered user by filing [them] with the court's electronic filing system.") (internal quotation marks and citation omitted).

"quashing service is the more appropriate remedy" where defendants "clearly had actual notice of the present action" and directing plaintiff to serve defendant).

Court-ordered Service under Rule 4(f)(3)

As indicated, Stranger maintains that she resides in South Africa.  ECF No. 58-2 ¶ 5. Service of an individual in a foreign country is governed by Fed. R. Civ. P. 4(f).  In particular, Rule 4(f)(3) provides that service on a foreign litigant can be effected "by other means not prohibited by international agreement, as the court orders."  "Under Rule 4(f)(3), courts can order service through a variety of methods, including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and …, email, provided that there is no international agreement directly to the contrary." *Juicero, Inc. v. Itaste Co.*, No. 17-cv-1921, 2017 WL 3996196, at *2 (N.D. Cal. June 5, 2017) (internal quotation marks omitted).  A "plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the [c]ourt may order service pursuant to Rule 4(f)(3)." *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-cv-9913, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015).  "The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement." *Advanced Aerofoil Techs., AG v. Todaro*, No. 11 Civ. 9505, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012).  "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012).  In exercising this discretion, courts in this Circuit generally require: (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary. *Merrimack Mut. Ins. Co. v. New Widetech Indus. Co.*, No. 3:20CV546(MPS), 2020 WL 5879405, at *2 (D. Conn. Oct. 2, 2020).

The "court should look at the case-specific record before it." *Baliga on behalf of Link Motion Inc. v. Link Motion Inc.*, No. 18-CV-11642, 2020 WL 5350271, at *9 (S.D.N.Y. Sept. 4, 2020) (citation omitted).

"Courts routinely direct service on an international defendant's counsel under Rule 4(f)(3)." *Basatne Int'l, LLC v. INQ Star Corp.*, No. 3:21-CV-3142-S, 2022 WL 3904690, at *3 (N.D. Tex. May 12, 2022); *see also Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 83 (D.C. Cir. 2014) (observing that many courts have "sanctioned service on United States counsel as an alternative means of service under Rule 4(f)(3) without requiring any specific authorization by the defendant for the recipient to accept service on its behalf"). "[T]he majority view in this District is that service on U.S.-based counsel is permissible pursuant to the Rule." *Khan Funds Mgmt. Am., Inc. v. Nations Techs. Inc*., No. 22-CV-5055, 2024 WL 3013759, at *5 n.6 (S.D.N.Y. June 13, 2024) (ordering alternative service on defendant by serving counsel); *Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd*., No. 1:24-CV-00744, 2024 WL 2317715, at *7 (S.D.N.Y. May 22, 2024) (granting Plaintiffs leave to serve defendants by serving U.S. counsel); *United States v. Mrvic*, 652 F. Supp. 3d 409, 412 (S.D.N.Y. 2023) (noting that courts have held that "service on a defendant located abroad via U.S.-based counsel is permitted under the text of Rule 4(f)(3)," citing cases, and ordering such service).

The question, then, is whether the Court should exercise its discretion under Rule 4(f)(3) to permit service on Stranger by serving her counsel. Given the particular facts of this case – including the urgency of the plaintiff's motion for a preliminary injunction, the Court's order requiring expedited discovery in anticipation of a settlement conference and a preliminary injunction hearing, Stranger's actual notice of the proceedings and consent to personal

jurisdiction, and finally, the plaintiff's attempt to serve her –, the Court finds that allowing such alternate service of process is appropriate under the circumstances.  *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. CV 09-02047, 2015 WL 13387769, at *7 (E.D. La. Nov. 9, 2015) ("The purpose of service is to give appropriate notice to allow parties to properly present their substantive arguments and not to create considerable procedural hurdles to delay an action.").  *See* Fed. R. Civ. P. 4(d)(1) (parties subject to service under Rule 4(f) have a "duty" "to avoid unnecessary expenses of serving the summons").

Accordingly, Plaintiff shall forthwith serve the original summons, the complaint, and the amended complaint on Defendant Stranger's counsel by email and overnight mail, and shall file proof of such service on or before November 29, 2024.

For these reasons, Stranger's motions to dismiss under Fed. R. Civ. P. 12(b)(5) (ECF Nos. 32, 58) and motion to continue the settlement conference (ECF No. 59) are denied.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:  Hartford, Connecticut
        November 22, 2024

6