

# Greenback Business Services LLC
# EMPLOYMENT AGREEMENT

THIS AGREEMENT made as of 3 January 2020 between GREENBACK BUSINESS SERVICES LLC, (the "Employer" and/or the "Company"); and Crystal Stranger, IN CONSIDERATION of the promises and other good and valuable consideration (the sufficiency and receipt of which are hereby acknowledged) the parties agree as follows:

1. GENERAL TERMS.
    a. The Employee agrees that he/she will at all times faithfully, industriously, and to the best of his/her skill, ability, experience and talents, perform all of the duties required of the position of **Lead Accountant.**
    b. In carrying out these duties and responsibilities, including those outlined in Appendix A, the Employee shall comply with all Employer policies, Employer Handbook, procedures, rules and regulations, both written and oral, as are announced by the Employer from time to time.
    c. It is also understood and agreed to by the Employee that his/her duties and responsibilities and reporting arrangements may be changed by the Employer in its sole discretion without causing termination of this Agreement.
    d. The Employee agrees to work a minimum of forty (40) hours per week, eight (8) hours per day. The hours can be flexible based on the team and clients needs. Employee and Employer may revise this schedule together and agree upon alternate work hours.
    e. Employee will work from his/her home office. Employee agrees to inform Employer of his/her time zone at all times and give prior notice if current time zone will be changing for Employer approval. If Employer does not approve, a change in time zone may lead to termination.
    f. Employee acknowledges that from time to time he/she may be requested in advance to work hours outside the traditional schedule, including in Employers time zone, during which time the Employer will make the appropriate allowances to Employee's schedule.



g. Employee agrees to maintain homeowner's or renter's insurance that covers the home office. Such insurance needs to be provided at the time of execution of this Agreement, as well as on an annual basis, and/or if Employee moves to or rents a new home office location. In addition, Employer may ask for proof of such insurance from time to time.

h. Employee agrees to utilize his/her own computer and also agrees to utilize a Virtual Private Network (VPN) for any work performed outside of the home office. Employee agrees to pay for and maintain adequate and secure internet and other technology required to perform his/her duties.

i. There may be work-related travel involved from time to time that would be covered by the Employer.

j. Employee agrees not to offer any freelance services and/or work on a side business without prior permission and agreement from the Employer.

k. The Employee specifically agrees that for a period of eighteen (18) months after the Employee is no longer employed by the Company, the Employee will not engage, directly or indirectly, either as proprietor, partner, officer, employee or otherwise, in the same or similar activities as were performed for the Company in any business which distributes or sells products or provides services similar to those distributed, sold, or provided by the Company.

l. For a period of eighteen (18) months from the date that Employee is no longer employed by the Company, Employee shall not take any actions to assist Employee's successor employer or any other entity in recruiting any other employee who works for or is affiliated with the Company or clients who work with the Company.

2. TERM AND TERMINATION.
   a. This is an At Will employment position. The Employer may terminate this Agreement and the Employee's employment at any time, with ten (10) business days notice, or payment in lieu of notice.
   b. It is understood and agreed that the first ninety (90) days of employment shall constitute a probationary period during which period



  the Employer may, in its absolute discretion, terminate the Employee's employment at any time, for any reason without notice (and without payment in lieu of notice).

 c. Employee may terminate this Agreement at any time with ten (10) business days written notice.

 d. The Employee agrees to return any physical property, electronic files, and logins/systems access at the time of termination and any access to platforms or software will be revoked.

3. COMPENSATION.

 a. As full compensation for all services provided the Employee shall be paid at the rate of $120,000 (US Dollars) per year. Such payments shall be made according to the payroll schedule by direct bank transfer or an alternate method that is mutually agreed upon.

 b. Bonuses may be included at the Employer's discretion.

4. PERSONAL TIME AND BENEFITS.

 a. Employee will be entitled to Company and/or holidays off as determined by the Employer and communicated to the Employee by January 1st of the year.

 b. The Employee shall be entitled to additional personal time in the amount of four (4) weeks per calendar year on an accrual basis. Of the twenty (20) business days vacation, at least five (5) days must be taken together.

 c. Employee shall be entitled to five (5) additional sick days per year. Unused sick days will not be paid out upon termination.

 d. Employee shall request personal time off via writing to Employer with at least two (2) weeks' notice and will receive written approval from Employer if granted.

 e. Employer may offer other benefits as outlined in the Employee Handbook.

5. CONFIDENTIALITY. This Agreement is considered a mutual non-disclosure agreement. Employee agrees, during or after the term of this employment, not



to reveal confidential information learned through his/her duties, including information learned from Company clients, or trade secrets to any person, firm, corporation, or entity.  Should Employee reveal or portend to reveal this information, the Company shall be entitled to an injunction restraining the Employee from disclosing same, or from rendering any services to any entity to whom said information has been or is threatened to be disclosed, the right to secure an injunction is not exclusive, and the Company may pursue any other remedies it has against the Employee for a breach or threatened breach of this condition, including the recovery of damages from the Employee.

6. INTELLECTUAL PROPERTY RIGHTS. In respect of the documents specifically created for the Employer as part of this Agreement, the Employer maintains all of the copyright, other intellectual property rights and any other data or material used or subsisting in the Material whether finished or unfinished. Nothing in this Agreement shall transfer ownership of or rights to any intellectual property of the Employer to the Employee.

7. NON-DISPARAGEMENT. The Parties agree and accept that the only venue for resolving a dispute shall be in the venue set forth herein below. The Parties agree that they neither will engage in any conduct or communications with a third party, public or private, designed to disparage the other. Neither Employee nor any of Employee's associates or affiliates will directly or indirectly, in any capacity or manner, make, express, transmit speak, write, verbalize or otherwise communicate in any way (or cause, further, assist, solicit, encourage, support or participate in any of the foregoing), any remark, comment, message, information, declaration, communication or other statement of any kind, whether verbal, in writing, electronically transferred or otherwise, that might reasonably be construed to be derogatory or critical of, or negative toward, the Employer or any of its programs, affiliates, subsidiaries, employees, agents or representatives.

8. LIMITATION OF LIABILITY.  Employee agrees to maintain his/her workspace in a safe condition, free from hazards and other dangers to Employee and equipment. The work to be performed under this Agreement will be performed



entirely at Employee's risk, and Employee assumes all responsibility for the use of tools and equipment used.  Employee agrees to indemnify the Company for any and all liability or loss arising in any way that occurs outside of the designated home office.

9. DISPUTE RESOLUTION. If a dispute is not resolved first by good-faith negotiation between the parties to this Agreement, any controversy or dispute to this Agreement will be submitted to third party arbitration and be ruled using the guidelines of the American Arbitration Association. The arbitration shall occur within ninety (90) days from the date of the initial arbitration demand and shall take place in New York, New York or via telephone. The Parties shall cooperate in exchanging and expediting discovery as part of the arbitration process and shall cooperate with each other to ensure that the arbitration process is completed within the ninety (90) day period. The written decision of the arbitrators (which will provide for the payment of costs, including attorneys' fees) will be absolutely binding and conclusive and not subject to judicial review, and may be entered and enforced in any court of proper jurisdiction, either as a judgment of law or decree in equity, as circumstances may indicate.

10. GOVERNING LAW. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, regardless of the conflict of laws principles thereof.

11. SEVERABILITY. The parties hereto agree that in the event any article or part thereof of this agreement is held to be unenforceable or invalid then said article or part shall be struck and all remaining provision shall remain in full force and effect.

12. GOOD FAITH. Each party represents and warrants to the other that such party has acted in good faith, and agrees to continue to so act, in the negotiation, execution, delivery, performance and any termination of this Agreement.

13. REPRESENTATION.  Employee hereby represents and warrant to Employer that he/she is not party to any written or oral agreement with any third party that


would restrict your ability to enter into this Agreement or to perform your obligations hereunder and that you will not, by working for Employer, breach any non-disclosure, proprietary rights, non-competition, non-solicitation or other covenant in favor of any third party.

14. ENTIRE AGREEMENT. This Agreement supersedes all prior agreements between the parties, whether written or oral. No representations, inducements, promises, or agreements which are not embodied herein shall be of any force or effect. This Agreement may not be modified, amended, varied, waived, explained, added to, extended, changed in any way, except by a written instrument executed by a person authorized to execute such an instrument on behalf of both the Employer and the Employee.

The parties have caused this Agreement to be signed by their duly authorized representatives as of the Effective Date.

Employee Name

<u>Crystal Stranger</u>

Employee Address

5719 Mauer Road, Las Cruces, NM 88001

Employee Signature

*Crystal Stranger*
Crystal Stranger (Jan 3, 2020)

Jan 3, 2020

*David McKeegan*
David McKeegan (Jan 3, 2020)

Jan 3, 2020

Employer Representative Signature

GREENBACK BUSINESS SERVICES LLC

Employer Address

2885 Sanford Ave, SW 14713

Grandville, MI 49418

**Appendix A: Role and Responsibilities**

This role is a Lead Accountant and will be supporting David and Carrie McKeegan, in their business venture - Greenback Business Services LLC.

As the Lead Accountant the responsibilities are broad and cross functional, and will include:
- Reviewing Tax Returns
- Preparing Tax Returns
- Training other team members
- Assisting the accountant team in answering client questions
- Assisting the accountant team in resolving client issues
- Assisting in the execution of the business strategy
- Assisting with marketing and business development
- Assisting with developing the business processes and procedures

The role requires organizational flexibility and business acumen, as well as the ability to step in and help lead in a cross functional way.

## WORKSITE EMPLOYEE ACKNOWLEDGMENT

1. **Introduction to Justworks.** Your Worksite Employer has entered into a contract with Justworks Employment Group LLC ("**Justworks**") to assist Worksite Employer (defined below) with human resources related matters, such as payroll, workers' compensation insurance, and employee benefits, as agreed upon between Justworks and Worksite Employer. Justworks will not begin providing services with respect to your employment until the contract between Justworks and Worksite Employer becomes effective. Your Worksite Employer is Greenback Business Services LLC, 30 N Gould St., Ste 2726, Sheridan, WY 82801, 914-233-3984. The term **"Worksite Employee"** refers to you.

2. **Your Worksite Employer**. You acknowledge that Worksite Employer, and not Justworks, is the primary employer, which means that Worksite Employer retains control of the worksite; supervises and directs your day-to-day work activities; provides the facilities and furnishes the equipment and supplies for your work, including personal protective equipment, if any is required to perform your job duties; determines your work schedule; monitors your workload and productivity; ensures that you are properly trained to perform your job safely; ensures that you are covered by an effective Injury and Illness Prevention Program, which it has established if applicable; and determines your rate of pay and job classification.

3. **State-Specific Rules**. In order to provide its services, certain states require Justworks to reserve rights and/or commit to certain obligations with respect to your employment. If you work in one of the states in Exhibit A attached hereto and incorporated by reference as if fully set forth herein, the terms set forth for that state apply to you.

4. **At-Will Status**. Your employment relationship with Worksite Employer remains at-will, which means it can be terminated by you or Worksite Employer with or without cause and with or without advance notice, unless you have a written employment contract with Worksite Employer providing you with something other than at-will employment with Worksite Employer. Regardless of the nature of your employment relationship with Worksite Employer, your status with Justworks can be terminated with or without cause and with or without advance notice. If your employment relationship with Worksite Employer ends, your status with Justworks will also end at that time. However, if your Worksite Employer and Justworks end their contract with one another, thereby terminating your status with Justworks, that event alone would not result in the termination of your employment relationship with Worksite Employer.

5. **Justworks Benefits**. As a result of your Worksite Employer's decision to use Justworks' services, you may be eligible to participate in certain benefits provided by Justworks, while Worksite Employer has a contract with Justworks. The Plan Documents for such benefits will control your eligibility to participate in benefits and the extent of the benefits provided.

6. **Worksite Employer Paid Time Off and Other Benefits**. In the event that Worksite Employer maintains policies providing paid time off from work, such as vacation, sick leave, PTO, or paid leave for specific reasons such as pregnancy, Worksite Employer is solely responsible for funding or determining eligibility for benefits under such policies. Justworks does not provide, and has no policy providing, vacation or other paid time off benefits, except to the extent required by law. To the extent paid time off benefits are paid through Justworks' payroll, it is solely as an administrative service on behalf of Worksite Employer. Similarly, to the extent Worksite Employer provides other benefits pursuant to policies to which Justworks is not a party, such as severance pay, stock options, bonuses, profit sharing, retirement benefits, disability insurance, and so forth, Worksite Employer is solely responsible for providing such benefits (or procuring the benefits from third parties). To the extent state or local paid sick leave laws apply to you, Worksite Employer is responsible for providing such benefits both on behalf of Worksite Employer and on behalf of Justworks (to the extent Justworks has any obligations under such laws). By providing examples of potential Worksite Employer benefits, this Acknowledgment does not create any right to such benefits or imply that any such benefits exist.

7. **Discrimination, Harassment and Other Unlawful Treatment**. Worksite Employer is committed to providing equal employment opportunities to all Worksite Employees and applicants without regard to race, religion, color, sex (including childbirth, breastfeeding and related medical conditions), gender, gender identity or expression, sexual orientation, national origin, ethnicity, ancestry, citizenship status, uniform service member and veteran status, marital status, pregnancy, age, protected medical condition, genetic information, disability, or any other protected status in accordance with all applicable federal, state and local laws. Worksite Employer is also committed to providing a work environment that is free of unlawful harassment, discrimination, and retaliation and strictly prohibits all forms of unlawful harassment, discrimination and retaliation on the basis of any protected status in accordance with all applicable federal, state and local laws. Worksite Employer is also committed to complying with the laws protecting qualified individuals with disabilities, as well as Worksite Employees' religious beliefs and observances. Worksite Employer will provide a reasonable accommodation for any known physical or mental disability of a qualified individual with a disability and/or Worksite Employees' religious beliefs and observances to the extent required by law, provided the requested accommodation does not create an undue hardship for Worksite Employer and/or does not pose a direct threat to the health or safety of others in the workplace and/or to the individual. These principles extend to all aspects of Worksite

Employer's employment practices, including, without limitation, recruiting, hiring, discipline, firing, promoting, transferring, compensation, benefits, training, leaves of absence, and other terms and conditions of employment. Justworks endorses these principles in its provision of services. If you feel that you have been subjected to discrimination, harassment, retaliation, denied a legally-mandated leave, or experienced other unlawful treatment in your employment, or if you require an accommodation to perform the essential functions of your job and/or for your religious beliefs or observances, immediately contact your supervisor or another member of management at your Worksite Employer. If you do not feel comfortable contacting anyone at Worksite Employer, or if you feel that Worksite Employer has not adequately addressed your concerns, notify Justworks immediately. The accommodations referenced herein include, but are not limited to, lactation accommodation. Unlawful discrimination, harassment, and retaliation may be further defined and discussed in separate policies, and if so, those have been or will be, provided to you. Please be certain you read and understand those policies.

8. **Wage and Hour Compliance**. Although Justworks may process the payroll for your compensation and may assist Worksite Employer with other administrative matters involving your compensation, only your Worksite Employer is able to ensure that: all your hours of work are captured and reported correctly for payment; you are classified correctly as exempt or non-exempt; you are paid overtime if overtime is applicable to you; you are reimbursed for reasonable work-related expenses; and you receive the breaks to which you may be entitled. You agree that Worksite Employer has sole control of these topics, and that therefore Worksite Employer is solely responsible for any claims you may have related to these topics.

9. **Accidents and Injuries.** You should immediately report work related injuries or accidents, or unsafe working conditions to your supervisor, and contact Justworks if the situation is not timely addressed by your supervisor. You should immediately stop working if you feel your work area is unsafe. Additionally, if you are assigned work that you reasonably believe to be dangerous, you may refuse to do that work, and you should contact your supervisor. Worksite Employer reserves the right to require post-accident/post-injury drug and alcohol screening when permitted by law. Refer to the applicable drug and alcohol policy for more information on drug and alcohol screening.

10. **Arbitration**. By clicking "I Accept" below, you, on the one hand, and Worksite Employer and Justworks, on the other hand, agree to use binding arbitration as the sole and exclusive means to resolve all disputes that may arise between you and Worksite Employer and/or you and Justworks, including, but not limited to, disputes regarding termination of employment and compensation. You specifically waive and relinquish your right to bring a claim against Worksite Employer and/or Justworks, in a court of law, and this waiver shall be equally binding on any person who represents or seeks to represent you in a lawsuit against Worksite Employer or Justworks in a court of law. Similarly, Worksite Employer and Justworks specifically waive and relinquish their respective rights to bring a claim against you in a court of law, and this waiver shall be equally binding on any person who represents or seeks to represent Worksite Employer or Justworks in a lawsuit against you in a court of law. You, Worksite Employer, and Justworks agree that any claim, dispute, and/or controversy that you may have against Worksite Employer (or its owners, directors, officers, managers, employees, or agents), or Justworks (or its owners, directors, officers, managers, employees, or agents), or that Worksite Employer or Justworks may have against you, shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act ("**FAA**"). Included within the scope of this arbitration agreement are all disputes, whether based on tort, contract, statute (including, but not limited to, any claims brought under the Fair Labor Standards Act or any other similar state or local law or regulation, or claims of discrimination, harassment and/or retaliation, whether they be based on the Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family and Medical Leave Act or any other similar local, state, or federal law or regulation), equitable law, or otherwise. The only exception to the requirement of binding arbitration shall be for claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for unemployment compensation benefits, claims for medical and disability benefits under state workers' compensation law, or other claims that are not subject to arbitration under current law. However, nothing herein shall prevent you from filing and pursuing proceedings before United States Equal Employment Opportunity Commission or similar state agency (although if you choose to pursue a claim following the exhaustion of such administrative remedies, that claim would be subject to the provisions of this arbitration agreement). By this arbitration agreement, you give up your right to trial by jury of any claim you may have against Worksite Employer or Justworks, and Worksite Employer and Justworks give up their right to trial by jury of any claim they may have against you. In addition to any other requirements imposed by law, the arbitrator selected shall be a retired federal judge or judge of the state court of general jurisdiction for the state where you work, or an otherwise qualified individual to whom the parties mutually agree, and shall be subject to disqualification on the same grounds as would apply to a judge of such court. The arbitrator shall follow and observe the Federal Rules of Civil Procedure and the Federal Rules of Evidence, and all rules of pleading (including the right to file a Motion to Dismiss), and all rights to resolution of the dispute by means of motion for summary judgment, judgment on the pleadings, directed judgment, non-suit, or other dispositive motions. The arbitrator shall have the immunity of a judicial officer from civil liability when acting in the capacity of an arbitrator, which immunity supplements any other existing immunity, and all communications during or in connection with the arbitration proceedings are privileged. If you work at a location within California: (i) the arbitration shall additionally proceed in conformity with the procedures of the California Arbitration Act (Cal. Code Civ. Proc. sec 1280 et seq., including section 1283.05 and all of

the Act's other mandatory and permissive rights to discovery); (ii) in the arbitration proceeding the arbitrator shall follow and observe the California rules of pleading (including the right of demurrer), the California rules of evidence, all rights to resolution of the dispute under California law by means of dispositive motion, including motion for summary judgment, judgment on the pleadings, and judgment under Code of Civil Procedure section 631.8; and (iii) all communications during or in connection with the arbitration proceedings are privileged, in accordance with Cal. Civil Code section 47(b). As reasonably required to allow full use and benefit of this arbitration agreement's modifications to the FAA procedures, the arbitrator shall extend the times set by the FAA for the giving of notices and setting of hearings.  Awards shall include the arbitrator's written reasoned opinion.  All claims shall be brought in the individual capacity of you, on the one hand, and Worksite Employer and/or Justworks, on the other hand.  This binding arbitration agreement shall not be construed to allow or permit the consolidation or joinder of other claims or controversies involving any other employees, and will not proceed as a class or collective action.  No arbitrator shall have the authority under this arbitration agreement to order any such class or collective action.  You, Worksite Employer, and Justworks further understand and acknowledge that the terms of this arbitration agreement include a waiver of any substantive or procedural rights that you or they may have to bring an action on a class, collective, or other similar basis.  Resolution of all disputes shall be based solely upon the law governing the claims and defenses pleaded, and the arbitrator may not invoke any basis (including, but not limited to, notions of "just cause") other than such controlling law.  Within thirty (30) days of the arbitrator's final written opinion and order, the opinion shall be subject to affirmation, reversal or modification, at either party's written request, following review of the record and arguments of the parties by a second arbitrator who shall, as far as practicable, proceed according to the law and procedures applicable to appellate review by the California Court of Appeal of a civil judgment following court trial.  If any portion of this arbitration agreement is deemed invalid or unenforceable, it shall not invalidate the other provisions of this Worksite Employee Acknowledgment subject to this provision.  If any portion of this arbitration agreement is deemed invalid or unenforceable, and certain claims are determined not to be subject to this arbitration agreement ("**Exempt Claim**" or "**Exempt Claims**"), then the parties shall proceed as follows:  (i) the parties shall arbitrate on an individual basis any non-Exempt Claim to the maximum extent permitted by law; and (ii) any party seeking to bring or maintain any Exempt Claim shall do so in court.  Employee and Company agree that litigation of any Exempt Claim should be stayed pending final resolution of all non-Exempt Claims in arbitration so that litigation of the Exempt Claim(s) does not disrupt the arbitration proceedings or render them ineffective; no party shall oppose the other party's request for a stay. Under no circumstances shall this arbitration agreement be construed to allow arbitration on a class, collective, or other similar basis.  This is the entire agreement between you, on the one hand, and Worksite Employer and/or Justworks, on the other hand, regarding dispute resolution, and this arbitration agreement supersedes any and all prior agreements regarding these issues.  Any agreement contrary to the foregoing must be entered into, in writing, signed by you, the authorized representative of Worksite Employer and the CEO of Justworks.  Accordingly, you acknowledge and understand that your agreement to waive the right to pursue or participate in the consolidation or joinder of other claims or controversies involving any other employees or parties, or have such claims or controversies proceed on a class or collective basis, is voluntary and that execution of this document is not a condition of employment with Worksite Employer.

11. **General Terms**.  This Worksite Employee Acknowledgment (including exhibits - State Specific Provisions and Working Owners Not Receiving W-2 Wages) is the entire agreement between you and Justworks with respect to the subjects addressed in this Worksite Employee Acknowledgment, and this Worksite Employee Acknowledgment takes the place of all prior and contemporaneous agreements, representations, and understandings regarding the subjects addressed herein.  Oral representations made before or after you accepted this Worksite Employee Acknowledgment do not alter this Agreement.  Should any term or provision of this Worksite Employee Acknowledgment, or portion thereof, be declared void or unenforceable it shall be severed and the remainder of this Worksite Employee Acknowledgment shall be enforceable.  The terms of this Worksite Employee Acknowledgment may only be changed in writing, signed by an authorized representative of Justworks.

**BY PRESSING SUBMIT, I AGREE THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND BY ALL OF THE ABOVE TERMS AND THE APPLICABLE TERMS OF THE ATTACHED EXHIBITS.**

**AGREED TO**
BY: Crystal Stranger (912971f7-c892-49d8-8b21-8e94e336114f)
ON: January 08, 2020 10:22
IP: 207.109.140.143

**EXHIBIT A**

**ADDENDUM TO WORKSITE EMPLOYEE ACKNOWLEDGMENT**
*(State Specific Provisions)*

The terms listed below for any particular state shall not affect Justworks' reservation of rights and/or obligations in any other states. Justworks assumes no obligations beyond those that are required by law in order to provide Justworks' services. To the extent consent to the Justworks co-employment arrangement is required in the state where you work, your signature on the Worksite Employee Acknowledgment represents your consent.

    a.    **California**. Worksite Employer is required to provide an uninterrupted, unpaid, duty-free 30-minute meal period to non-exempt Worksite Employees on days when they work more than 5 hours. This meal period begins no later than the end of the fifth hour of work. Worksite Employer also is required to provide a second uninterrupted, duty-free 30-minute meal period to non-exempt Worksite Employees on days when they work more than 10 hours. This second meal period begins no later than the end of the tenth hour of work. Only in limited circumstances can meal periods be waived. Additionally, Worksite Employer is required to provide an uninterrupted, paid, duty-free 10-minute rest break for every four (4) hours worked (or major fraction thereof), which should be taken so far as practicable in the middle of each work period. Worksite Employer generally will not authorize a rest break for Worksite Employees whose total daily work time is less than three and one-half (3 ½) hours. Worksite Employer also is required to provide Worksite Employees who work outdoors in temperatures exceeding 85 degrees Fahrenheit with one or more uninterrupted, paid, 5-minute recovery period. Worksite Employer schedules work assignments with the expectation that Worksite Employees will take their duty-free meal periods, rest breaks, and, if applicable, recovery periods, and Justworks endorses this policy. Worksite Employer may ask Worksite Employees to confirm in writing that they have been relieved of all duty and otherwise provided all meal periods, rest breaks, and applicable recovery periods during a particular pay period, or in the alternative, identify missed meal periods or rest breaks or denied recovery periods. Worksite Employer does not permit Worksite Employees to perform off-the-clock work or otherwise alter, falsify, or manipulate any aspect of their timekeeping records or to inaccurately reflect or hide meal periods or time spent working during meal periods. Please note, however, that no Worksite Employer manager or supervisor is authorized to instruct Worksite Employees how to spend personal time during a meal period or rest break. Worksite Employees should immediately report a manager's or supervisor's instruction to skip or work during a meal period, rest break, or applicable recovery period to Worksite Employer. Worksite Employer provides Worksite Employees time away from scheduled work to the extent required by applicable law provided that eligibility and notice requirements pertaining to the requested leave are satisfied. Legally-mandated leaves of absence include the following: paid sick leave; leave for jury or witness duty; leave for voting; leave for emergency rescue personnel; civil air patrol leave; leave for victims of felony crimes, domestic violence, sexual assault, or stalking; family-school partnership leave; organ or bone marrow donor leave; pregnancy disability leave; FMLA/CFRA leave, including military-related FMLA/CFRA leave; leave for family members of military personnel; leave under the Parent Leave Act and leave to fulfill military duties. Justworks endorses this policy. Worksite Employer prohibits the unauthorized possession or use of alcohol, drugs, or other mind-altering or intoxicating substances while Worksite Employees are at work or engaged in work-related activities. Worksite Employees may be required to submit to drug/alcohol screening whenever Worksite Employer has a reasonable suspicion that Worksite Employee has violated this rule. Reasonable suspicion may arise from, among other factors, supervisory observation, reports or complaints from other Worksite Employees, performance decline, attendance or behavioral changes, results of drug searches or other detection methods, or involvement in a work related injury or accident that may have been caused by alcohol or drug impairment. To enforce this policy, Worksite Employer may investigate potential violations and require Worksite Employees to undergo drug/alcohol screening, including urinalysis, blood tests or other appropriate tests and, where appropriate, searches of all areas of Worksite Employer's physical premises, including, but not limited to work areas, personal articles, Worksite Employees' clothes, desks, work stations, lockers, and vehicles located on Worksite Employer's premises.

    b.    **Hawaii**. Only to the extent required by State law, Justworks shall serve as the employer of record during the term of this Agreement for purposes of complying with all laws relating to unemployment insurance, workers' compensation, temporary disability insurance, and prepaid health care coverage.

    c.    **Montana**. Only to the extent required by State law, Justworks (a) reserves a right of direction and control over Worksite Employees; and (b) retains authority to hire, terminate, discipline, and reassign Worksite Employees. Worksite Employer retains sufficient direction or control as necessary to conduct its business and without which Worksite Employer would be unable to conduct business, discharge fiduciary responsibilities, or comply with State licensing laws. Worksite Employer retains the right to accept or cancel the assignment of a Worksite Employee.

    d.    **New Mexico**. Justworks is in compliance with the State's workers' compensation requirements under NMSA § 52-1-4.

  e. **Rhode Island**.  Worksite Employer is solely responsible for the quality, adequacy, and safety of the goods or services produced or sold in Worksite Employer's business.  Worksite Employer is solely responsible for directing, supervising, training, and controlling the work of the Worksite Employees with respect to the business activities of Worksite Employer and shall be solely responsible for the acts, errors, or omissions of the Worksite Employees with regard to those activities.  Justworks shall not be liable for the acts, errors, or omissions of Worksite Employer or of any Worksite Employee when the Worksite Employee is acting under the express direction and control of Worksite Employer.  A Worksite Employee shall not be considered, solely as the result of being a Worksite Employee, an employee of Justworks for purposes of general liability insurance, fidelity bonds, surety bonds, employer's liability which is not covered by workers' compensation, or other liability insurance carried by Justworks unless the Worksite Employees are included by specific, express reference in an applicable employment agreement, insurance contract or bond.

  f. **South Carolina**.  Only to the extent required by State law, Justworks (a) reserves a right of direction and control over the Worksite Employees; (b) retains a right to hire, discipline, terminate, and reassign the Worksite Employees; (c) has the responsibility to pay wages to the Worksite Employees and to collect and pay payroll taxes on such wages, regardless of payments by the Worksite Employer to Justworks; and (d) retains a right of direction or control over the adoption of employment policies and the management of workers' compensation claims, claim filings, and related procedures on joint agreement by Worksite Employer and Justworks in accordance with applicable federal and state laws.  Justworks and Worksite Employer are operating under and subject to the Workers' Compensation Act of South Carolina.  In case of accidental injury or death to a Worksite Employee, the injured Worksite Employee, or someone acting on his or her behalf, shall notify immediately Justworks at (888) 534-1711 or Worksite Employer at the address and phone number listed in the preamble of this Worksite Employee Acknowledgment. Failure to give immediate notice may be the cause of serious delay in the payment of compensation to a Worksite Employee or a Worksite Employee's beneficiaries and may result in failure to receive any compensation benefits.  Only to the extent required by State law, Justworks has secured workers' compensation coverage for Worksite Employee and will maintain such coverage for the duration of its relationship with Worksite Employer.  Only to the extent required by State law, Justworks and Worksite Employer have agreed that (a) notice to or acknowledgment of the occurrence of an injury on the part of Worksite Employer is notice to or knowledge on the part of Justworks and its workers' compensation insurer; (b) for the purposes of state law, the jurisdiction of Worksite Employer is the jurisdiction of Justworks and its workers' compensation insurer; (c) Justworks and its workers' compensation insurer are bound by and subject to the awards, judgments, or decrees rendered against them under state law; and (d) insolvency, bankruptcy, or discharge in bankruptcy of Justworks or Worksite Employer does not relieve Justworks, Worksite Employer, or their respective workers' compensation insurers from payment of compensation for disability or death sustained by an employee during the life of a workers' compensation insurance policy.  Justworks is licensed and regulated by the South Carolina Department of Consumer Affairs.  Worksite Employee understands that any questions, issues, or complaints regarding Worksite Employee co-employment, professional employer organizations generally, or Justworks specifically, may be brought to either Justworks' or Worksite Employer's attention at any time.  Worksite Employee further understands that any unresolved complaints concerning Justworks or questions concerning the regulation of professional employer organizations in South Carolina can be directed to the South Carolina Department of Consumer Affairs, PO Box 5757, Columbia, SC 29250; www.consumer.sc.gov; (803) 734-4200.

  g. **Texas**.  Worksite Employer is solely obligated to pay any wages for which (a) obligation to pay is created by an agreement, contract, plan, or policy between Worksite Employer and Justworks; or (b) Justworks has not contracted to pay.  Worksite Employee understands that any questions, issues, or complaints regarding his or her co-employment, professional employer organizations generally, or Justworks specifically, may be brought to either Justworks' or the Worksite Employer's attention at any time.  Worksite Employee further understands that any unresolved complaints concerning Justworks or questions concerning the regulation of professional employer organizations in Texas may be addressed to: Texas Department of Licensing and Regulation, P.O. Box 12157,   Austin, Texas 78711, (512) 463-6599, www.tdlr.texas.gov.

  h. **Virginia.**  In case of a work-related accidental injury or death to a Worksite Employee, the injured Worksite Employee, or someone acting on his or her behalf, shall notify immediately Justworks at (888) 534-1711 or Worksite Employer at the address and phone number listed in the preamble of this Worksite Employee Acknowledgment.  In case a Worksite Employee becomes partially or fully unemployed through no fault of his or her own, the Worksite Employee can apply for unemployment benefits by contacting the Virginia Employment Commission at (866) 832-2363, or completing an online application by going to www.vec.virginia.gov.

**EXHIBIT B**

**ADDENDUM TO WORKSITE EMPLOYEE ACKNOWLEDGMENT**
*(Working Owners Not Receiving W-2 Wages)*

The additional terms and provisions set forth below shall apply to any Worksite Employee who is a working owner of Worksite Employer and who is not permitted to receive wages reported on an Internal Revenue Service (IRS) Form W-2, including with respect to any period of time prior to the date on which this Worksite Employee Acknowledgment is accepted.

      a.   **Justworks Benefits and Workers' Compensation Coverage.**  You represent that the services you provide for your Worksite Employer include a minimum of 30 hours of service per week for purposes of any employee benefits eligibility requirements.  You understand and acknowledge that the IRS does not allow you to pay employee benefit plan premiums on a pre-tax basis or to participate in the Justworks health care or dependent care flexible spending accounts (FSAs).  Your eligibility for participation in any other Justworks employee benefit plan will depend on the eligibility requirements of the particular plan.  Further, you understand and acknowledge that the benefits available under certain Justworks-sponsored employee benefit plans are based upon the level of cash compensation you receive and that you may not be eligible to participate in those benefit plans or, to the extent you are eligible to participate in those benefit plans, the benefits may be based upon an assumed level of compensation that is determined by Justworks in its sole and absolute discretion.  You further understand, acknowledge, and agree that as a condition of becoming a Worksite Employee and receiving Justworks' services, you are required to accept coverage under the workers' compensation insurance provided by Justworks for Worksite Employees (the "**Justworks WC Insurance**"), except as expressly prohibited by applicable law, and that such coverage shall be based upon an assumed level of compensation that is determined by Justworks in its sole and absolute discretion.  You understand, acknowledge, and agree that by accepting coverage under the Justworks WC Insurance, you are subject to the exclusive remedy set forth in the workers' compensation laws for the state(s) in which you work and therefore you generally will not be permitted to bring tort claims in connection with any work-related accident, injury or illness that you may experience. If you work in a state (or states) where working owner-employees who do not receive wages reported on an IRS Form W-2 may be exempted from workers' compensation coverage, by accepting this Worksite Employee Acknowledgment, you hereby accept coverage under the Justworks WC Insurance.  You further agree to complete any required paperwork and cooperate in any required procedures to confirm your election to accept coverage under the Justworks WC Insurance.  If you work in a state (or states) where working owner-employees who do not receive wages reported on an IRS Form W-2 are generally entitled to workers' compensation coverage, but may opt out of such coverage, by accepting this Worksite Employee Acknowledgment, you hereby accept coverage under the Justworks WC Insurance and you understand, acknowledge, and agree that so long as you remain a Worksite Employee, you will not opt out of such coverage.  If you work in a state (or states) where working owner-employees who do not receive wages reported on an IRS Form W-2 are not permitted to be covered by workers' compensation insurance, by accepting this Worksite Employee Acknowledgment, you hereby waive any and all claims against Justworks for workers' compensation benefits, and any and all claims, losses, liabilities, obligations, and/or expenses (including, without limitation, court costs and attorneys' fees) arising from, relating to, or in connection with, in whole or in part, any workers' compensation claims and/or claims related to workplace injuries in respect of or asserted by you and you acknowledge that you will cause your Worksite Employer to not assert a defense of workers' compensation immunity against any related indemnity claim Justworks may make against your Worksite Employer.

      b.   **Working Owner Status; Wage and Hour Compliance.**  Notwithstanding any other provision of the Worksite Employee Acknowledgment to the contrary, the language of this Section b. of Exhibit B shall apply in lieu of Section 8 of the Worksite Employee Acknowledgment.  You represent that either: (i) you are permanently residing in the U.S. and actively performing services for your Worksite Employer, which is a sole proprietorship or single-member limited liability company ("**LLC**") that is solely owned by you, with earnings from employment reported on a Schedule C to your IRS Form 1040 ("**Schedule C Net Earnings**"); or (ii) your Worksite Employer is a partnership or LLC that is treated as a partnership for federal income tax purposes, each partner or LLC member of the Worksite Employer is a partner or LLC member under the terms and provisions of the Worksite Employer's partnership or operating agreement and the applicable state laws governing the Worksite Employer's organization, each partner or LLC member providing services to your Worksite Employer is treated as "self-employed" for federal income tax and federal self-employment tax purposes, each such partner or LLC member is actively performing services on the Worksite Employer's behalf and such services are being performed in the U.S., no such partner or LLC member is permanently residing outside of the U.S. and no such partner is a passive investor or retiree.  You hereby acknowledge that you are receiving compensation for the services you provide to the Worksite Employer in the form of either Schedule C Net Earnings or distributions from your Worksite Employer that are reported by the Worksite Employer on a Schedule K-1 to IRS Form 1065 (a "**K-1**").  Accordingly, you acknowledge that Justworks is not permitted to pay you wages that are reported on an IRS Form W-2, and therefore

Justworks is not responsible for reporting your compensation on an IRS Form W-2. To the extent your Worksite Employer has engaged Justworks to process distributions of Schedule C Net Earnings or K-1 distributions, you acknowledge that Justworks is simply providing an administrative service for your Worksite Employer and your Worksite Employer is solely responsible for such distributions, including, without limitation, any tax or other reporting with respect to such distributions. You represent that you are an exempt employee and receive distributions and other non-cash compensation from your Worksite Employer in excess of federal and state wage and hour requirements, over which Justworks has no control, and you agree to hold Justworks harmless from any and all liability that may arise from this and waive any and all wage and hour claims against Justworks, to the extent permitted by applicable law. You acknowledge that only your Worksite Employer is able to ensure that: all your hours of work are captured and reported correctly; you are classified correctly as exempt; you are paid overtime if overtime is applicable to you; you are reimbursed for reasonable work-related expenses; and you receive the breaks to which you may be entitled. You agree that Worksite Employer has sole control of these topics, and that therefore Worksite Employer is solely responsible for any claims you may have related to these topics. You agree to notify Justworks immediately if your employment or ownership status with respect to your Worksite Employer changes in any way or if you or your Worksite Employer cease to be able to make any of the representations set forth in this Worksite Employee Acknowledgment, including, without limitation, this Section b. of Exhibit B.

**AGREED TO**
BY: Crystal Stranger (912971f7-c892-49d8-8b21-8e94e336114f)
ON: January 08, 2020 10:22
IP: 207.109.140.143