# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
## NEW HAVEN DIVISION

| | | |
|---|---|---|
| **CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX** | : : : | Case No. 3:24-cv-01496-MPS |
| | : | Judge Michael P. Shea |
| Plaintiff, | : : | |
| | : | **THIRD-PARTY DEFENDANT DAVID** |
| v. | : | **AND CARRIE MCKEEGANS' MOTION** |
| | : | **FOR EXTENSION OF TIME TO** |
| **CRYSTAL STRANGER, ET AL.,** | : | **ANSWER, RESPOND, OR OTHERWISE** |
| | : | **MOVE IN RESPONSE TO THIRD-** |
| Defendants. | : | **PARTY COMPLAINT** |
| | : | |

Pursuant to Rule 7(b) of the Local Rules, Third-Party Defendants David and Carrie McKeegan (the "McKeegans") respectfully request a 30-day extension to answer, respond, or otherwise move in response to the Third-Party Complaint of Crystal Stranger. The McKeegans have not previously requested or been provided an extension to respond to the Third-Party Complaint. Ms. Stranger agreed to a seven day extension (making the McKeegans' Answer due on Christmas Day) but would not agree to a thirty day extension. Good cause exists for a 30-day extension, making the new response deadline January 17, 2025, for the reasons described below.

Plaintiff Cleer, LLC ("Cleer") filed its Complaint on September 18, 2024. [Doc. 1]. On November 25, 2024 (without first conferring with counsel), Ms. Stranger filed a motion requesting email service on "Counterclaimdefendants [sic] David McKeegan and Carrie McKeegan." [Doc. 64]. Immediately after that filing, counsel for the McKeegans informed Ms. Stranger's counsel that they would agree to waive service. On November 26, 2024, nearly two months after the filing of the Complaint, Defendants filed their Answer and Counterclaims, but did not provide counsel with a waiver of service form. [Doc. 65]. Nor did the Answer and Counterclaims include a caption indicating that it also included a Third-Party Complaint against the McKeegans in addition to the

Counterclaims against Cleer. Because the McKeegans have not filed any claims in this lawsuit, Ms. Stranger was not able to file Counterclaims against the McKeegans. Yet, that is what Ms. Stranger purported to do.

On November 27, 2024, the day before Thanksgiving, Ms. Stranger filed a proof of service indicating that service had been completed by email per the Court's instructions making Cleer's and the McKeegan's Answers due on December 18, 2024. [Doc. 68]. While Cleer will file its Answer on December 18, the McKeegans have viable Rule 12 motions that they intend to pursue in response to the Third-Party Complaint. They are also considering asserting counterclaims against Ms. Stranger. However, they have not had an ample opportunity to prepare and vet those claims and defenses within the allowed 21 days for a number of reasons.

First, on December 9, 2024, a mediation was held before Judge Vatti. While the mediation was unsuccessful, Cleer and the McKeegans were hopeful that the case would resolve and attempted to limit expense while preparing for the mediation. Moreover, Cleer and the McKeegans have been focused on engaging in expedited discovery and diligently preparing for the preliminary injunction hearing – both of which have been fraught with obstruction and distractions from Defendants, including responding to a Rule 12(b)(2) Motion by Defendant Optic Tax that ironically claims the McKeegans did not suffer harm in Connecticut necessary to assert jurisdiction over Optic Tax, yet has asserted claims against the McKeegans in Connecticut. The McKeegans are simply asking for additional time to consider and prepare a response to the Third-Party Complaint.

Nor will Ms. Stranger suffer any prejudice by permitting the extension. Indeed, she took nearly sixty days to respond to Cleer's Complaint while she vehemently fought service of process. Moreover, Cleer intends to Answer the Counterclaims by the 21-day deadline. Cleer also intends

to respond to discovery as served as it relates to the issues at the preliminary injunction hearing. None of the claims against the McKeegans are relevant to the issues before the Court at the preliminary injunction hearing. The parties have further agreed to delay the Rule 26(f) conference until after the preliminary injunction hearing.

Accordingly, given the expedited nature of these proceedings, the holiday schedule, the mediation that was a main focus of the McKeegans, and the lack of any prejudice to Ms. Stranger, good cause exists for 30-day extension to respond to the Third-Party Complaint.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (pro hac vice)
Evan H. Cohn (pro hac vice)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202
Ph: (513) 381-2838
Fx: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (ct31784)
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
281 Tresser Boulevard
Stamford, CT 06901
Ph: (203) 969-3109
Fx: (203) 969-3150
Michael.o'malley@ogletree.com

*Counsel for Plaintiff Cleer LLC (f/k/a Greenback Business Services LLC) d/b/a Cleer Tax*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 13, 2024, the foregoing Third-Party Defendant David And Carrie Mckeegans' Motion For Extension Of Time To Answer, Respond, Or Otherwise Move In Response To Third-Party Complaint was electronically filed with the Court's CM/ECF system and the system will send electronic notice to all counsel of record.

`

*/s/ George B. Musekamp*
George B. Musekamp (pro hac vice)