**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION**

| | | |
|---|---|---|
| **CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX,** | : : : | Case No. 3:24-cv-01496-MPS |
| | : | Judge Michael P. Shea |
| Plaintiff, | : : | |
| v. | : : | **PLAINTIFF CLEER LLC'S ANSWER TO COUNTERCLAIMS OF CRYSTAL STRANGER** |
| **CRYSTAL STRANGER, ET AL.,** | : : | |
| Defendants. | : | |

For its Answer and Affirmative Defenses to Crystal Stranger's ("Stranger") Counterclaims, Counterclaim-Defendant Cleer LLC ("Cleer"), pleads as follows.[1] Cleer denies all allegations except those specifically admitted below.

**ANSWER**

1. The narrative "synopsis" does not require an answer. To the extent a response is required, denied.

2. The agreements attached to the Counterclaims speak for themselves, however there is no Exhibit J. Moreover, no response is required to the extent it requires a legal conclusion. To the extent a response is required, denied.

3. Exhibit K is not attached to the Counterclaims. To the extent a response is required, denied.

---

[1] Stranger improperly asserts "Counterclaims" against David and Carrie McKeegan (the "McKeegans") who have not asserted any claims in this litigation. The McKeegans, who deny the claims against them, will submit their Answer, Affirmative Defenses, Counterclaims, and/or Response to the Third-Party Complaint pending the Court's decision on the Motion for Extension of Time or within 30 days of this pleading if a decision is not made by the Court before then.

4. No response is required to the extent it requires a legal conclusion. To the extent a response is required, denied that the McKeegans are parties to the "MVA" in their individual capacities.

5. Clauses 12.5 of the OA and 16 of the MVA speak for themselves.

6. Clause 2.2 of the OA speaks for itself.

7. Clause 4.1 of the OA speaks for itself.

8. Clause 6.5 of the OA speaks for itself.

9. Clause 10(b) of the MVA speaks for itself.

10. Clause 13 of the MVA speaks for itself.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Cluse 4.1 of the OA speaks for itself.

18. Admitted.

19. Denied.

20. Admitted.

21. Denied.

22. Admitted that Cleer exercised its right pursuant to paragraph 6.5(b) of the OA to purchase Stranger's "Member's Units for Cause" based on the "credit balance in the Member's Capital Account." Denied as to the remaining allegations of Paragraph 22.

23. Admitted only that Cleer offered to buy out Stranger's equity in Cleer for $216,559.85. Denied to the extent that no Exhibit L is attached or that it is a "mystery," as there is a difference between an "equity interest" and a "capital account."

24. Denied.

25. Denied.

26. The MVA speaks for itself. Denied as to the remaining allegations of Paragraph 26.

27. Paragraph 27 requires a legal conclusion to which no response is required. To the extent a response is required, the MVA speaks for itself in which some terms survived Stranger's termination of employment and some did not.

28. Denied.

29. Denied.

30. Denied for lack of information sufficient to form a belief.

31. Denied for lack of information sufficient to form a belief.

32. Denied.

33. Admitted that certain Cleer employees or contractors, including Stranger, were provided company laptops and that others used personal laptops for Cleer business. Denied as to remaining allegations.

34. Admitted that certain documents were hosted on Salesforce and Box. Denied as to the remaining allegations of Paragraph 34.

35. Admitted that Lindsay Anderson maintained an Excel spreadsheet of certain accounts and passwords, that Cleer later learned that Ms. Anderson impermissibly shared such

information with Stranger and possibly others, and that Cleer took action to correct the violations by Ms. Anderson. Denied as to the remaining allegations of Paragraph 35.

36. Denied. Further, no Exhibit M is attached.

37. Admitted only that David McKeegan permitted Stranger to hire her personal assistant from Cleer, Macarena Olivares, as Ms. Olivares would have otherwise been terminated because of Ms. Stranger's resignation. Further, no Exhibit N is attached. Denied as to the remaining allegations of Paragraph 37.

38-65. Paragraphs 38-65 are affirmative defenses that are inexplicably pled as part of the Counterclaims. To the extent a response is required, denied.

66. Denied.

67. Denied.

68. Denied.

69. Admitted that Cleer did not seek a court determination prior to exercising its right to repurchase Stranger's membership interests in Cleer. Denied as to the remaining allegations of Paragraph 69.

70. Denied.

71. The allegations of Paragraph 71 are legal conclusions to which no response is required.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Admitted that the McKeegans are members of Dynamite Circle. Denied as to the remaining allegations of Paragraph 78.

79. Denied.

80. Denied.

81. Denied.

Cleer denies each and every allegation not specifically admitted herein.

Cleer denies that Stranger is entitled to the relief sought in the WHEREFORE paragraph of the Counterclaims.

### FIRST AFFIRMATIVE DEFENSE

Stranger's claims fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Stranger failed to mitigate her damages.

### THIRD AFFIRMATIVE DEFENSE

Stranger has incurred no damages, and if she has, she was the contributing factor to those damages.

### FOURTH AFFIRMATIVE DEFENSE

Stranger's claims are barred because she engaged in fraud.

### FIFTH AFFIRMATIVE DEFENSE

Stranger's claims are barred by the doctrine of equitable estoppel and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Stranger's claims or libel or slander per se are barred because the statements are true or expressions of opinion.

**SEVENTH AFFIRMATIVE DEFENSE**

Stranger's claims are barred by her prior material breach of contract.

**EIGHTH AFFIRMATIVE DEFENSE**

Stranger's claims are barred because she failed to join Optic Tax, a necessary party to this litigation.

**WHEREFORE**, Cleer prays that Stranger's claims be dismissed with prejudice, that Stranger be awarded no damages or relief, and that Cleer be awarded such other relief as the Court deems proper.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (pro hac vice)
Evan H. Cohn (pro hac vice)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202
Ph: (513) 381-2838
Fx: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (ct31784)
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
281 Tresser Boulevard
Stamford, CT 06901
Ph: (203) 969-3109
Fx: (203) 969-3150
Michael.o'malley@ogletree.com

*Counsel for Plaintiff Cleer LLC (f/k/a Greenback Business Services LLC) d/b/a Cleer Tax*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 18, 2024, the foregoing was electronically filed with the Court's CM/ECF system and the system will send electronic notice to all counsel of record.

*/s/ George B. Musekamp*
George B. Musekamp (pro hac vice)
