# SANDOLLAR
•AGREEMENTS • COUNSEL • DISPUTES •
BUSINESS • INTELLECTUAL PROPERTY

2024-11-21

Chambers of the Hon. Michael P. Shea

Re: dispute about scope of discovery on Optic Tax (3_24-cv-1496, Cleer v. Stranger)

Your Honor:

Counsel have conferred in good faith and do not agree on the extent of expedited discovery that Cleer may presently have on Optic Tax.

Optic Tax's position is that until Cleer has established the Court's jurisdiction over Optic Tax, Cleer may have only limited jurisdictional discovery. On the other hand, Cleer presently seeks discovery on all topics relevant to the complaint, far exceeding what is relevant even for the pending preliminary injunction hearing.

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction, and it must prove jurisdiction by a preponderance of evidence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613 (2nd Cir. 2019) (internal quotes and cites omitted). Cleer has not yet carried the burden of establishing personal jurisdiction over Optic Tax. Although Cleer points emphatically to an informational article on the Optic Tax website about Connecticut tax law, mere publication of an article proves nothing whether Optic Tax does business in Connecticut or has any other actual contact with Connecticut. The Court may rely on pleadings and affidavits, but Cleer must make at least a prima facie showing that the Court possesses

personal jurisdiction over the defendant. *See V&A Collection, LLC v. Guzzini Props. Ltd.*, 46 F.4th 127 (2nd Cir. 2022).

Furthermore, even if Cleer had some relationship with Connecticut, "conclusory non-fact-specific jurisdictional allegations" as to Optic Tax's contacts do not suffice to establish a prima facie case of personal jurisdiction; rather, a plaintiff must plead jurisdiction with "factual specificity". *See Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2nd Cir. 1998). To obtain even jurisdictional discovery, more is asked of Cleer than referencing a web page or making mere conclusory allegations that "the Membership Vesting Agreement [to which Optic Tax is not a party] … has a Connecticut forum selection clause" or that Optic Tax engaged in "wrongful conduct [that] inflicted damage …in Connecticut". Rather, Cleer must at a minimum plead — and preferably, adduce evidence of — at least one specific wrongful act with a nexus to Connecticut.

Without establishing a prima facie case of jurisdiction, Cleer is not entitled to general discovery on Optic Tax. *See, e.g., Best Van Lines, Inc. v. Walker*, 490 F.3d 239, (2nd Cir. 2007) (where plaintiff "had not demonstrated a prima facie case supporting jurisdiction", the 2nd Cir. affirmed the district court's denial of jurisdictional discovery). Had Cleer directly opposed the prior motions to dismiss, rather than filing an amended complaint, we might already have learned that Optic Tax is not properly before the Court and would not need to engage in this discovery dispute.

Counsel appreciate the Court's attentive resolution of this dispute and are at the Court's disposal if any discussion is needed.

Respectfully submitted,

Alan Harrison — *Counsel for Optic Tax*