**Taft**

425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Tel: 513.381.2838 | Fax: 513.381.0205
taftlaw.com

**George Musekamp**
513.357.9453
GMusekamp@taftlaw.com

November 25, 2024

The Honorable Michael P. Shea
Via Email Only c/o Amy Constantine (Amy_Constantine@ctd.uscourts.gov)

**Re:     Case No.  3:24-CV-01496 – Optic Tax's Refusal to Cooperate in Discovery**

Dear Judge Shea:

Optic Tax argues that it does not have to comply with the Court's Temporary Restraining Order ("TRO") and Standing Orders because it has challenged personal jurisdiction and discovery is somehow ***automatically*** stayed.[1]

First, the Court addressed and rejected Optic Tax's argument when it ordered Defendants to participate in expedited discovery *after* Defendants raised issues of personal jurisdiction. [Docs. 32, 33, 34]. In fact, the Court has informed Optic Tax of its discovery obligations many times.

Second, Optic Tax has not moved to stay discovery in conjunction with its motion to dismiss. So, its objections to participating in discovery fail right out of the gate.

Third, "it is **not** the practice of this Court to stay discovery upon the filing of a motion to dismiss." *See Kollar v. Allstate Ins. Co.*, No. 3:16-CV-01927 (VAB), 2017 U.S. Dist. LEXIS 223664, 2017 WL 10992213, at *1 (D. Conn. Nov. 6, 2017) ("[T]his Court's regular practice normally requires the parties to commence discovery, even while a motion to dismiss is pending."). The Court's Standing Order on Pretrial Deadlines states that "[t]he filing of a motion to dismiss **shall not** result in a stay of discovery or extend the time for completing discovery." [Doc. 4] (Emphasis added).

Finally, even if Optic Tax moved to stay despite the Court's TRO, that motion would be meritless. Pending resolution of a dispositive motion, the Court considers three factors in determining whether to stay discovery: (1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party. *Stanley Works*, No. 3:17-CV-01765 (CSH), 2018 U.S. Dist. LEXIS 70217, 2018 WL 1960112, at *2 (internal quotation marks omitted).

As to the first factor, this Court has personal jurisdiction over Optic Tax. For example, in the First Amended Complaint, Cleer pled that Optic Tax is interfering with agreements between Cleer and Stranger that are subject to Connecticut jurisdiction, its wrongful conduct harmed the owners of Cleer in Connecticut, and, having stolen Cleer's entire trade secret customer list, Optic tax sent blast-emails to solicit Cleer's customers in Connecticut or who do business in Connecticut.

Moreover, Optic Tax's website establishes the requisite connections to Connecticut to obtain personal jurisdiction. For example, Courts in this District distinguish between active and passive websites when assessing personal jurisdiction. *The Cousteau Soc., Inc. v. Cousteau*, 498 F. Supp. 3d 287, 303-04, 306 (D. Conn. 2020). Active websites, which support personal jurisdiction, are those "where

---

[1] Cleer agrees that Optic Tax will not waive its personal jurisdiction argument by participating in discovery.

individuals can directly interact with a company over their Internet site, download, transmit or exchange information, and enter into contracts with the company via computer." *On-Line Techs. v. Perkin Elmer Corp.*, 141 F. Supp. 2d 246, 265 (D. Conn. 2001). On the other hand, "[p]assive websites that require a potential customer to initiate contact with the foreign corporation by telephone, mail, or email, rather than allowing them to order directly over the Internet, cannot support personal jurisdiction." *Kun Shan Ge Rui Te Tool Co. Ltd. v. Mayhew Steel Prods., Inc.*, 821 F. Supp. 2d 498, 503 (D. Conn. 2010).

Optic Tax has a very active website that allows it to directly interact with potential clients. The website contains a "portal login" which allows clients to upload, download, and directly exchange information and communications with Optic Tax. It has a "calendar" that allows clients to schedule calls directly with Optic Tax representatives, and multiple links that allow clients to purchase services directly from Optic Tax over the internet. Nearly all of Optic Tax's business is run through its website.

Moreover, the Optic Tax website contains Connecticut tax rules and statutes to target companies that do business in or are located in Connecticut under its "2024 US 50-State Income Tax Guide." It even has an entire page dedicated solely to compliance with Connecticut specific state tax regulations. *See* https://optictax.com/connecticut-business-tax-guide/. Accordingly, this factor favors Cleer.

As to the second factor, the discovery sought by Cleer is intentionally limited to issues to be presented at the preliminary injunction hearing, including the identities of the customers solicited by Optic Tax. This factor favors Cleer.

As to the third factor, Cleer would suffer prejudice if discovery is stayed because it would be unable to prepare for the preliminary injunction hearing and mediation. For example, in *Blue River Envtl. & Restoration Servs. v. Legacy Resto, LLC*, 2023 U.S. Dist. LEXIS 78669, *2 the district court addressed the exact argument here and rejected a stay given the prejudice to the plaintiff in the context of preparing for a preliminary injunction. This factor also favors Cleer.

Optic Tax has cited *First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172 (2d Cir. 1998) for the proposition that "generally a plaintiff may be allowed limited discovery with respect to the jurisdictional issue; but until she has shown a reasonable basis for assuming jurisdiction, she is not entitled to any other discovery." That case did not deal in expedited discovery in preparation for a preliminary injunction hearing. To the contrary, in that case, the court considered whether jurisdictional discovery was permitted from "'agencies or instrumentalities of a foreign state' under the Foreign Sovereign Immunities Act." *Id. at* 174. Indeed, the threshold issue was "a delicate balancing between permitting discovery to substantiate exceptions to statutory foreign sovereign immunity and protecting a sovereign's or sovereign agency's legitimate claim to immunity from discovery." *Id.* at 176. Optic Tax is not a foreign sovereign and that case has no application here.

Plaintiff appreciates the Court's attention to this matter and undersigned counsel will make himself available for further discussion with the Court if needed. Plaintiff's counsel certifies that he has complied with his good faith discovery conference obligations under the Federal and Local Rules. Cleer further requests an award of attorney's fees for Optic Tax's contempt of the Court's Order and Standing Orders and violation of the discovery rules.

Sincerely,

George B. Musekamp

170010776v1