UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| **CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX** | : : : | Case No. 3:24-cv-01496-MPS |
| | : | Judge Michael P. Shea |
| Plaintiff, | : : | |
| | : | **PLAINTIFF CLEER TAX LLC'S** |
| v. | : | **SUPPLEMENTAL BRIEF REGARDING** |
| | : | **PERSONAL JURISDICTION OVER** |
| **CRYSTAL STRANGER, ET AL.,** | : | **DEFENDANT OPTIC TAX INC.** |
| | : | |
| Defendants. | : | |

Pursuant to the Court's December 20, 2024 Order (*see* Doc. 86), Plaintiff Cleer LLC (f/k/a Greenback Business Services LLC) d/b/a Cleer Tax ("Cleer") submits this supplemental brief regarding the Court's personal jurisdiction over Defendant Optic Tax Inc. ("Optic Tax"). In addition to the reasons Cleer articulated in its Opposition and Sur-Reply to Optic Tax's Motion to Dismiss (*see* Docs. 77 and 85), the Court should exercise personal jurisdiction over Optic Tax and deny its Motion to Dismiss for the reasons below.

During his January 15, 2025 deposition,[1] Cleer Owner, President, and Chief Executive Officer David McKeegan testified that Cleer is headquartered and has its nerve center located in Connecticut when he is located in the United States, consistent with a Declaration he submitted during this litigation. (*See* Doc. 85-1). Perhaps more importantly, Optic Tax through Defendant Crystal Stranger ("Stranger") has always known that Cleer is located in Connecticut. When discussing possible notice provisions under the Operating Agreement, Ms. Stranger stated:

---

[1] The parties have not yet received the transcript from this deposition, but Cleer will submit relevant excerpts promptly upon receipt.

> **From:** Crystal Stranger <crystal@gbstax.com>
> **Sent:** Thursday, April 14, 2022 12:54 PM
> **To:** David Mckeegan New <dmckeegan@greenbacktaxservices.com>
> **Subject:** Re: FW: Operating Agreement and Vesting Agreement
>
> Hi Dave,
>
> Which state do you and Carrie consider yourselves official residents of? Connecticut? I have filled the document out otherwise, but I wanted to confirm that information as the contract asks for it. Thank you.
>
> Sincerely Yours,
>
> Crystal Stranger, EA
>
> International Tax Director

With knowledge of Cleer's Connecticut presence, Stranger used Optic Tax to solicit Cleer's clients and defame Cleer and the McKeegans, the harmful effects of which Cleer and the McKeegans suffered in Connecticut—enough for this Court to exercise personal jurisdiction over Optic Tax. Ms. Stranger testified at her deposition that she obtained a list of 226 Cleer clients and solicited all of them by blast emails using the Cleer.tax email domain. (Exhibit A – Deposition Transcript of Crystal Stranger ("Stranger Tr.") at 178:18-21, 195:5-7). Ms. Stranger further testified and admitted that her use of the Cleer.tax email domain caused confusion among Cleer's clients. (*Id.* at 178:18-25, 179:1-3).

"The 'effects test' theory of personal jurisdiction is typically invoked where 'the conduct that forms the basis for the controversy occurs entirely out-of-forum, and the only relevant jurisdictional contacts with the forum are therefore in-forum effects harmful to the plaintiff.'" *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 87 (2d Cir. 2018) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 173 (2d Cir. 2013)). The Court's exercise of personal jurisdiction over a defendant in such a case "may be constitutionally permissible if the defendant expressly aimed its conduct at the forum." *Licci*, 732 F.3d at 173 (citing *Calder v. Jones*, 465 U.S. 783, 789 (1984)).

It was not merely foreseeable that Optic Tax's conduct would cause Cleer harm in Connecticut; Optic Tax intentionally lobbed email grenades from South Africa knowing they would explode and cause harm to Cleer and the McKeegans in Connecticut. As the Tenth Circuit has rather aptly opined, "[i]f three Kansans conspired to fire a cannonball into Oklahoma, we do not believe the Constitution would foreclose Oklahoma courts from exercising jurisdiction over the conspirators simply because they confined themselves to Kansas." *Newsome v. Gallacher*, 722 F.3d 1257, 1266 (10th Cir. 2013). Similarly here, this Court should not allow Optic Tax to evade personal jurisdiction merely because Stranger, on behalf of Optic Tax, sent cannonballs from South Africa into Connecticut for the purpose of causing harm in Connecticut using a stolen email domain and stolen client list belonging to Cleer.

During jurisdictional discovery, Cleer also learned that Optic Tax sent email solicitations to at least two Cleer clients headquartered in Connecticut.[2] When evaluating evidence under the long-arm statute and due process, Connecticut courts consider the totality of the circumstances, particularly in situations involving a dynamic, interactive website and email solicitations. *See*, *e.g.*, *Prout v. Mukul Luxury Boutique Hotel & Spa*, No. CV156029341S, 2017 WL 1240047, at *8–*10 (Conn. Super. Ct. Feb. 28, 2017). And concrete evidence of email solicitations of Connecticut residents when considered together with an active website specifically targeting Connecticut (as Cleer established about Optic Tax's website in briefing Optic Tax's Motion to Dismiss) is enough to satisfy C.G.S.A. § 33-929(f)(2) and due process requirements. *See id.* ("Given the totality of these factual circumstances, the culmination of the defendants' national and

---

[2] Counsel for Defendants has designated as attorneys' eyes only ("AEO") a roughly 14,000 client list Optic Tax produced containing at least 5,448 current, former, and prospective Cleer clients. During Stranger's deposition, she admitted to sending many blast emails to that 14,000 list, which includes two former Cleer clients headquartered in Connecticut that counsel for Cleer has thus far identified. (*See generally* Doc. 99-2). Counsel for Cleer cannot identify these two clients by name as they remain subject to Defendants' counsel's AEO designation. Cleer's counsel can submit the identities of these clients for in camera inspection or provide such information during further oral argument.

international marketing and advertising campaigns, a number of e-mail advertisements sent directly to the plaintiff, and an interactive website that is accessible to Connecticut residents, accordingly satisfies the minimum contacts with the forum state such that the maintenance of this suit 'does not offend traditional notions of fair play and substantial justice.'").

For these reasons and the reasons in Cleer's Opposition and Sur-Reply to Optic Tax's Motion to Dismiss, the Court should exercise personal jurisdiction over Optic Tax and deny its Motion to Dismiss.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (pro hac vice)
Evan H. Cohn (pro hac vice)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202
Ph: (513) 381-2838
Fx: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (ct31784)
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
281 Tresser Boulevard
Stamford, CT 06901
Ph: (203) 969-3109
Fx: (203) 969-3150
Michael.o'malley@ogletree.com

*Counsel for Plaintiff Cleer LLC (f/k/a Greenback Business Services LLC) d/b/a Cleer Tax*

170748433v1

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 21, 2024, the foregoing was electronically filed with the Court's CM/ECF system and the system will send electronic notice to all counsel of record.

*/s/ George B. Musekamp*
George B. Musekamp (pro hac vice)

170748433v1