# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC | : | 3:24-cv-1496-MPS |
| | : | |
| v. | : | Opposition to Cleer's Motion for |
| | : | Contempt |
| CRYSTAL STRANGER et al. | : | |
| | : | |
| v. | : | |
| | : | 2025-01-31 |
| DAVID and CARRIE McKEEGAN | : | |

  In Docket 99, Cleer moves the Court to find Ms. Stranger and Optic Tax in contempt of the Court's temporary restraining order (the "TRO", Docket 34) and award Cleer attorney fees for alleged violations of the TRO.

  In response, Defendants plead lack of resources and lack of intent to violate the TRO.

  Turning first to her lack of intent, Ms. Stranger read the TRO as prohibiting "Stranger, and all of her agents, servants, employees, attorneys, and any other persons who are in active concert or participation with her" from:

1. soliciting or otherwise contacting for purposes of discussing employment opportunities any person who is or was employed by Cleer LLC or any of its predecessors;
2. soliciting or otherwise contacting for purposes of developing business, entering into an agreement, or proposing or making any sale any person who is or was a customer, supplier, or prospective customer or supplier of Cleer LLC.

  In reading the TRO, Defendants understood the principle of noscitur a sociis to suggest that "contacting" must mean something similar to "soliciting". On substantive

questions like the scope of a TRO, the law to be applied in any case is the law of the State where the Court sits. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Connecticut State courts have adopted a narrow definition of "soliciting", which includes "petition[ing], approach[ing], request[ing] or plead[ing] with any of the plaintiff's clients" (*ATI Engineering Services, LLC v. Millard*, NNHCV186079777S (Conn. Super. Aug 07, 2018, *unpublished*)), but excludes such matters as general advertising (*see Pediatric Occupational Therapy Services, Inc. v. Town of Wilton*, X06-CV-02-0174833 S (Conn. Super. Apr 7, 2004, *unpublished*)).

Accordingly, Defendants oppose Cleer's motion and respectfully ask the Court to rule that an informational e-mail blast without any personalization toward the addressees, such as Cleer complains of Ms. Stranger sending, is a form of general advertising akin to a direct mailing postcard. As such, it would fall outside the Connecticut definition of "soliciting", which requires "a plea or entreaty directed to the individual" (*Pediatric Occupational Therapy Services*; *accord*, *ATI Engineering Services*). Therefore, sending an e-mail blast did not fall within the explicit prohibition of the TRO.

Turning second to lack of resources, Ms. Stranger is financially drained by the ongoing litigation and simply can't make a full immediate payment of Cleer's attorney fees.

Respectfully submitted,

s/Alan Harrison

Alan Harrison ct29464

alan@sandollar-law.net

203.212.9996

SANDOLLAR Law

6 W River St Unit 112

Milford, CT 06460