# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC | : | 3:24-cv-1496-MPS |
| | : | |
| v. | : | Motion to Withdraw as Counsel |
| | : | |
| CRYSTAL STRANGER et al. | : | |
| | : | |
| v. | : | 2025-02-03 |
| | : | |
| DAVID and CARRIE McKEEGAN | : | |

Undersigned counsel, Alan Harrison, moves the Court under D.Conn.L.Civ.R. 7(e) to permit him to withdraw as counsel for Defendant Crystal Stranger. The motion is based on Rule 1.16(b)(6) of the Connecticut Rules of Professional Conduct, in that continued representation "has been rendered unreasonably difficult by the client".

## Legal standard

D. Conn. L.Civ.R. 7(e) provides:

Withdrawal of appearances may be accomplished only by leave of Court on motion duly noticed, and normally shall not be granted except upon a showing that other counsel has appeared or that the party has elected to proceed pro se, and that the party whose counsel seeks to withdraw has elected to proceed pro se, and that the party whose counsel seeks to withdraw has received actual notice by personal service or by certified mail of the motion to withdraw. In cases where the party has failed to engage other counsel or file a pro se appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor

counsel or file pro se appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.

The Court "has a great deal of discretion in deciding a motion for withdrawal of counsel." *Vachula v. General Elec. Capital Corp.*, 199 F.R.D. 454, 457 (D.Conn. 2000) citing *Whiting v. Lacara*, 187 F3d. 317, 320 (2d Cir. 1999). "As a first step in considering counsel's request, the court looks to the Rules of Professional Conduct as approved by the Judges of the Connecticut Superior Court ... to determine whether withdrawal is permissive or mandatory given the facts presented." *Id.* (Internal citation omitted.)

Rule 1.16(b)(6) of the Rules of Professional Conduct provides "a lawyer may withdraw from representing a client if: ... the representation ... has been rendered unreasonably difficult by the client." In *Matza v. Matza*, 226 Conn. 166, 180 (1993) the Connecticut Supreme Court discussed the parameters and the appropriate scope of a court's inquiry pursuant to motion to withdraw as counsel pursuant to rule 1.16(b). The Court found that the attorney's ability to withdraw was not predicated upon any "factual underpinnings" supporting withdrawal, but rather, was based upon the attorney's good faith belief that continued representation was inappropriate under Rule 1.16(b).

## Basis of motion

Difficulties in communication between Defendants and counsel have rendered it unreasonably difficult for undersigned counsel to continue representing Ms. Stranger.

## Notice to party

Ms. Stranger has instructed counsel to file this motion and elects to proceed pro se. See Exhibit 1 (letter from Ms. Stranger).

## Prayer for relief

WHEREFORE, undersigned counsel prays the Court to grant permission to withdraw as counsel for Ms. Stranger.

Respectfully submitted,
s/Alan Harrison
Alan Harrison ct29464
SANDOLLAR Law
6 West River Street #112
Milford, CT 06460
alan@sandollar-law.net
203.212.9996