UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | Case No. 3:24-cv-01496-MPS |
| | Judge Michael P. Shea |
| Plaintiff, | |
| v. | **PLAINTIFF CLEER LLC'S MOTION FOR SANCTIONS** |
| CRYSTAL STRANGER, et al., | |
| Defendants. | |

## I. INTRODUCTION AND BACKGROUND FACTS

Crystal Stranger believes the rules do not apply to her. She has flouted the authority of this Court, wasted the time and resources of the Court and parties, and obstructed the administration of these proceedings. Accordingly, sanctions are warranted for Ms. Stranger outrageously fleeing from the preliminary injunction hearing while still under cross-examination.

On October 22, 2024, this Court entered a Temporary Restraining Order setting a preliminary injunction hearing to begin on January 29, 2025. On December 3, 2024, Ms. Stranger filed a Motion to Continue Hearings in which she requested to move the "preliminary injunction hearing into March or later" and stated that "she will not be able to attend in-person before then, due to a medical condition that prevents her from flying from South Africa." (Motion to Continue, Doc. 69 at 1).

On December 5, 2024, the Court stated that Ms. Stranger's "motion to continue the preliminary injunction hearing (ECF No. 69) is denied without prejudice," but "any further

1

request to postpone the hearing shall be filed by no later than January 13, 2025 and accompanied by a robust and detailed showing of medical evidence demonstrating that Ms. Stranger is preventing from flying because of a medical condition." (Order, Doc. 74). The Court further ordered that "Plaintiff's counsel, Plaintiff's clients, Ms. Stranger, and Defense Counsel are hereby ordered to continue holding the January 29 date for the hearing and to expect the hearing to proceed at that time." (*Id.*). Ms. Stranger never made a request to postpone the hearing as scheduled nor to excuse her participation.

On January 29, 2025, the preliminary injunction hearing proceeded as scheduled and Ms. Stranger appeared in-person at the hearing. That same day, Ms. Stranger was called to testify in Plaintiff's case-in-chief. However, Ms. Stranger's cross-examination was not completed on January 29 and was to continue the next morning.

Without any warning or explanation to the Court or counsel, Ms. Stranger did not appear on January 30 to continue her cross-examination. She instead fled approximately 76 miles away, across state lines into New York, in an attempt to avoid the jurisdiction of this Court:

> THE COURT: Attorney Harrison, your client is not here.
>
> MR. HARRISON: Yes, Your Honor. I'm just communicating with her now about that. I am kind of surprised.
> …
> MR. HARRISON: Your Honor, I told Ms. Stranger that Mr. Musekamp and I would ask the Court for a continuance. And based on that alone, she took off.
>
> THE COURT: She took off to where?
>
> MR. HARRISON: She's in, I think, Poughkeepsie. I'm not sure.

(Preliminary Injunction Hearing Tr., 244:7-11; 245:1-6).[1]

The Court did not continue the hearings and ultimately proceeded without Ms. Stranger completing her cross-examination. Consequently, Plaintiff was denied the opportunity to fully examine Ms. Stranger's alleged defenses to the Motion for Preliminary Injunction. Ms. Stranger has not offered any explanation for failing to appear and never attempted to show up for the second day of trial.

## II.     LEGAL ARGUMENT

This Court has the inherent power to issue sanctions in order "'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). One component of a court's inherent power is the power to assess costs and attorneys' fees against either the client or his attorney where a party has "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975) (quoting *F. D. Rich Co. v. U. S. for Use of Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)). Sanctions imposed under a court's inherent power—commonly known as the bad faith exception to the "American Rule" against fee shifting—"depend[] not on which party wins the lawsuit, but on how the parties conduct themselves during the litigation." *Chambers*, 401 U.S. at 53.

Ms. Stranger has not conducted herself in good faith and acted vexatiously, wantonly, and for oppressive reasons. Ms. Stranger is a party to this action both as a defendant and counterclaim-plaintiff. She has fought Plaintiff in bad faith at every turn, refusing to concede even where there

---

[1] Cited portions from the Preliminary Injunction Hearing Transcript are attached as Exhibit A.

3

is no factual support for her claims. She has made several misrepresentations to the Court.[2] She had tried to stall and delay these proceedings, causing Plaintiff to spend tens-of-thousands of dollars in attorney's fees preparing for a hearing that she decided to later abandon. The Court cleared its calendar to accommodate and expedite the hearing. Plaintiff's corporate representatives rearranged their travel so they could be in Connecticut for the hearing to testify. Counsel for Plaintiff flew in from Cincinnati to attend the hearing in-person. Ms. Stranger knew she had to attend the hearing and in fact did so on the first day.

Ms. Stranger cannot just pick up her ball and go home when she decides she no longer wants to play the game. As a party to this action and a sworn-in witness, refusing to appear for continued cross-examination shows the ultimate disrespect for the Court, counsel, and all parties involved. Her actions reek of bad faith and warrant sanctions as requested below.

### III.   CONCLUSION

Accordingly, Plaintiff respectfully requests that the Court award sanctions in its discretion up to and including attorney's fees and striking all defenses Ms. Stranger may make in opposition to the Motion for Preliminary Injunction since she did not make herself available for cross-examination on those defenses.

---

[2] For example, Ms. Stranger stated in her Opposition to the Motion for Preliminary Injunction that she did not contact any of Cleer's bookkeepers until after they resigned. (*See* Doc. 20 at 15). She later admitted that was not true. (*See* Doc. 94 at 1). She also represented to the Court in that same brief that she gave Plaintiff an oral license to use the domain, Cleer.tax. (*See* Doc. 20 at 16). But Ms. Stranger testified at her deposition that she never told anyone that and, in fact, ownership of the domain was never discussed. (Exhibit B – Deposition Transcript of Crystal Stranger at 60:24-25, 61:1-21).

5

        Respectfully submitted,

        */s/ George B. Musekamp*
        George B. Musekamp (PHV)
        Evan H. Cohn (PHV)
        Taft Stettinius & Hollister LLP
        425 Walnut Street, Suite 1800
        Cincinnati, Ohio 45202
        Tel:  (513) 381-2838
        Fax: (513) 381-0205
        gmusekamp@taftlaw.com
        ecohn@taftlaw.com

        Michael S. O'Malley, Esq. (CT31784)
        Ogletree, Deakins, Nash,
        Smoak & Stewart P.C.
        281 Tresser Boulevard
        Stamford, CT 06901
        Tel: (203) 969-3109
        Fax: (203) 969-3150
        Michael.O'Malley@ogletree.com

        *Attorneys for Plaintiff*

171111424v1

<a>
</a>

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on February 4, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

                                            */s/ George B. Musekamp*

171111424v1