UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Cleer LLC,<br><br>                  Plaintiff,<br><br>v.<br><br>Crystal Stranger and Optic Tax Inc.,<br><br>                  Defendant. | Civil No. 3:24-CV-01496 (MPS)<br><br><br>February 11, 2025 |

## **RULING**

*Background*

This matter was referred to me for a ruling on the Motion for Preliminary Injunction and Defendant Optic Tax's Second Motion to Dismiss. A preliminary injunction hearing was held on January 29 and 30, 2025. Defendants Crystal Stranger and Optic Tax, Inc. were represented by Attorney Harrison at the hearing. Ms. Stranger appeared at the hearing on January 29, 2025, and was examined by Plaintiff's counsel under oath. At the conclusion of the first day, counsel for Plaintiff indicated that the examination of Ms. Stranger would continue on January 30, 2025. Attorney Harrison stated he intended to offer both cross examination of Ms. Stranger in Plaintiff's case and direct examination in support of Defendants' case. *See* ECF No. 126 at 236:15-238:17.

Without justification or notice, Ms. Stranger failed to appear in court on January 30, 2025, to resume her testimony. ECF No. 127 at 244:7-11. Attorney Harrison informed the Court that she

was no longer in the district.[1] A motion for continuance was not filed prior to the hearing. *Id.* at 245:7-11 (Court: "Attorney Harrison, your client is not here." Harrison: "I'm just communicating with her now about that. I am kind of surprised."). Attorney Harrison asked if there was "any possibility to continue the hearing until next week." *Id.* at 244:19-20. Attorney Harrison added that "he was not really prepared for [his] client not to show up today." *Id*. at 245:25-246:1. The request for a continuance was denied. *Id.* at 244:21-25; 247:7-10. The hearing proceeded as scheduled, without Ms. Stranger. Plaintiff rested its case with the understanding that Ms. Stranger chose not to appear to complete her testimony. *Id.* at 251:1-9. Defendants called David McKeegan as their sole witness and then rested. *Id.* at 251-261.

On February 3, 2025, Attorney Harrison filed a Motion to Withdraw as Counsel for Defendant Crystal Stranger. ECF No. 124. On February 5, 2025, Ms. Stranger filed a *pro se* appearance. ECF No. 137. On February 8, 2025, Ms. Stranger, through counsel, moved for a continuance of all pending motions and briefing deadlines, including the February 12 deadline for proposed findings of fact and conclusions of law related to the January 29-30, 2025, preliminary injunction hearing, until such time as Ms. Stranger files a *pro se* appearance and the Court rules on the motion to withdraw. ECF No. 133.

The Motion to Withdraw as Counsel is GRANTED as to Defendant Crystal Stranger, Ms. Stranger has filed a *pro se* appearance. And, Atty. Harrison remains as counsel of record for Optic Tax, Inc. Defendants' Motion for Continuance is DENIED. ECF No. 133. All parties shall have until February 12, 2025 to file their findings of fact and conclusions of law.

---

[1] Attorney Harrison appeared by Zoom as a "precaution" stating that overnight he tested positive for COVID. ECF No. 127 at 243:18-244:8. Attorney Harrison did not seek a continuance on the basis that he was unable to proceed with the hearing due to his medical condition.

*Defendant Optic Tax, Inc.*

In the Motion to Withdraw, Attorney Harrison states that "continued representation 'has been rendered unreasonably difficult by the client'" and that Ms. Stranger instructed him to file this motion and that she elects to proceed *pro se.* ECF No. 124 at 1-2 (quoting Conn. R. Prof'l Conduct 1.16(b)(6)); *see* Conn. R. Prof'l Conduct 1.16(a)(3) (stating that "a lawyer shall "withdraw from the representation of a client if: (3) The lawyer is discharged."); Rule 1.16(b)(6) (stating that "a lawyer may withdraw from representing a client if: (6) "the representation . . . has been rendered unreasonably difficult by the client."). He asserts that "[d]ifficulties in communication between Defendants and counsel have rendered it unreasonably difficult for [him] to continue representing Ms. Stranger." ECF No. 124 at 2.

Appended to the motion is an undated letter from Ms. Stranger to Attorney Harrison providing "formal notice that [she is] terminating [his] legal representation immediately" and informing counsel that she "decided to proceed *pro se.*" ECF No. 124-1. She further acknowledges that Defendant Optic Tax cannot enter a *pro se* appearance, "thus this is termination solely of my personal representation." *Id.* Therefore, she is not terminating Attorney Harrison's representation of Optic Tax.

Ms. Stranger is correct, that a business entity may not represent itself *pro se. See, e.g., Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance *pro se* denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear *pro se* in the cause of another person or entity."). To the extent that Optic Tax, Inc. is a corporation, it cannot represent itself and Ms. Stranger, as "a lay person may not represent a corporation." *Id.; see Lattanzio v. COMTA*, 481 F.3d 137, 139–40 (2d Cir. 2007) (discussing the rationale for requiring corporations, as "artificial entities," to appear through a licensed attorney only).

On this basis, Ms. Stranger's request to seek the withdrawal of Attorney Harrison solely in her personal capacity but to have him remain as counsel of record for Optic Tax is GRANTED.

### *Undue Delay and Defendant Stranger's Motion for Continuance*

"Even if counsel asserts that good cause exists, district courts may also consider whether granting withdrawal would disrupt 'the prosecution of the suit' and delay the proceedings." *Lego A/S v. Best-Lock Constr. Toys, Inc.,* No. 3:11-CV-01586 (CSH), 2019 WL 6770096, at *2 (D. Conn. Dec. 12, 2019) (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999); *Vachula v. General Elec. Capital Corp*, 199 F.R.D. 454, 458 (D. Conn. 2000)). Plaintiff does not oppose Attorney Harrison's request to withdraw as counsel. ECF No. 129. However, it opposes Ms. Stranger's request to proceed *pro se*. Cleer argues that Ms. Stranger is not a licensed attorney and cannot represent Defendant Optic Tax. Thus, "counsel will have to remain involved in some capacity." *Id.* To allow her to proceed *pro se* "will only result in her engaging in the unauthorized representation of Optic Tax." *Id.* Cleer further argues that Ms. Stranger has "forfeited the ability to proceed *pro se* and requires minding" because she fled the district without leave of court while still subject to cross-examination at the preliminary injunction hearing, is subject to two pending Motions for Contempt for failure to follow the Court's Orders, instructions, and the most basic rules of litigation, and lives in South Africa which will make it incredibly difficult to manage this litigation without having an attorney presence in Connecticut.[2]

---

[2] On February 10, 2025, Cleer filed a Second Motion for Contempt alleging that Defendants continue to violate Chief Judge Shea's temporary restraining order prohibiting solicitation of Cleer's clients. ECF No. 135. Plaintiff contends that as recently as February 8, 2025, it received email correspondence stating that members of the Optic Tax team "recently reached out" "offering a significantly different price" if the client retained Optic Tax to file their 2024 taxes, "creating some confusion on [the client's] end." *Id.;* Decl. David McKeegan; Ex. 1 (attaching email correspondence dated 2/8/2025)

While Ms. Stranger has the right to represent herself, the Court will not condone efforts to unduly delay these proceedings or disregard for the Court's Orders. Ms. Stranger has filed her *pro se* appearance and she offers no compelling reason why she cannot meet the filing deadline in her individual capacity. Nor, has Ms. Stranger in her capacity as CEO of Optic Tax demonstrated any effort to find replacement counsel for the corporation. Cleer argues that there is "no good cause" to stay the current deadlines. ECF No. 134. The Court agrees. "Ms. Stranger cannot on one hand attempt to delay these proceedings by fleeing the Court's jurisdiction while still under cross-examination, and then on the other request an extension of time for good cause." *Id.*

The current deadline for filing post-hearing briefs is February 12, 2025. The parties have been on notice since entry of the TRO in October 2024, that their post-hearing briefs were due on February 19, 2025. ECF No. 34. The Court shortened the deadline to prepare post-hearing findings of fact and conclusions in response to the emergency relief sought and clear evidence in the record that Defendants were continuing to solicit Cleer's clients in violation of the TRO. ECF Nos. 99, 134, 135. Defendants offer no good cause for a continuance. Accordingly, the Motion for Continuance is DENIED. ECF No. 133.

**ORDER**

Attorney Harrison is hereby ordered to provide a copy of this Order by whatever means necessary to Ms. Stranger and file proof of service on the docket on or before February 14, 2025.

*/s/ Maria E. Garcia, USMJ*
Hon. Maria E. Garcia
United States Magistrate Judge
