**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CLEER LLC | : | 3:24-cv-1496-MPS |
| | : | |
| v. | : | |
| | : | OPPOSITION TO CLEER LLC'S |
| CRYSTAL STRANGER et al. | : | MOTION FOR SANCTIONS |
| | : | |
| | : | |

Plaintiff's motion is not only unfounded, but is a blatant attempt to mischaracterize the facts and mislead the Court. Contrary to Plaintiff's assertions, I have acted in good faith throughout these proceedings, and the poor communication with my prior attorney, who I have subsequently terminated, was the reason for my inability to attend the second day of the hearing. Furthermore, Plaintiff's counsel's rhetoric is unprofessional and unethical, serving only to harass and burden me rather than advance a legitimate claim.

### I.  FACTUAL BACKGROUND

Plaintiff's motion grossly distorts the events surrounding the preliminary injunction hearing and Defendant's actions. The following facts clarify the reality of the situation:

**1. Medical Condition Preventing Travel**

My prior attorney had submitted a motion to continue the hearing due to a medical condition affecting my Eustachian tubes (Exhibit A), which made air travel medically inadvisable and caused severe pain. Despite this, I have made every effort to comply with the Court's scheduling order and attended the first day of the hearing in-person in Connecticut, which required two days each direction of air travel from South Africa where I am domiciled.

Due to the holiday season, I had only been able to obtain an appointment with an Ear, Nose and Throat specialist on January 27th, 2025 (Exhibit B), the same day I had to fly to Connecticut in order to make the January 29th hearing date. When I saw the specialist they gave me medication to hopefully make my travel to court less painful, and cleared me for travel as of that day on the hopes it would be sufficient to alleviate my pain, but sadly it was not.

**2. Severe Pain During and After Flight**

During the flight home from the hearing I experienced excruciating pain, which persisted for two days. I have continued to seek medical care since returning to South Africa, receiving a new referral to a maxillofacial surgeon (Exhibit C) to hopefully find a long-term solution that will allow me to travel without excruciating pain and risk of rupturing my eardrums ,which would cause permanent hearing loss.

### 3. Attorney's Statement Regarding Continuance

The statement made by my former attorney, Mr. Harrison, to the court was incorrect in that I had not crossed state lines, I was still in Connecticut. He had advised me that due to being sick with Covid 19 he was requesting a continuance for the second



day of the hearing. Relying on my counsel's representation, I did not attend the hearing on January 30, 2025.

The morning of the 30th I had addressed my concerns with my attorney regarding his performance on the 29th. He responded in agreement, stating, "I was feeling pretty bad by the end of the day yesterday. Having trouble putting thoughts together this morning. I think I will get with opposing counsel and call the Court to ask for a continuance to next week while you're still in the country."

He then wrote, "So do you want to continue the hearing to next week, or do you want to go pro se today?" I responded in favor of continuing to the following week, and we scheduled a call for the next day to review what had happened and prepare. I took this as confirmation that the continuance was agreed upon, so I checked out of my hotel in New Haven and moved on with other plans for the day.

At 9:32 AM, I received a text from Mr. Harrison stating, "Crystal, did you see my email at 9:05?" I replied, "I'm driving, we're near Danbury. What email?" I didn't get an immediate response. We were headed to the Apple Store in Danbury (Exhibit D) so I could purchase a new phone, as my prior one had been freezing. While in the store, my phone was temporarily out of service due to the data transfer process and the wait for my cellular provider, Google Fi, to transfer the e-SIM to my new device. (Exhibit E)

The phone update was completed around 11:36 AM, at which point I saw Mr. Harrison's follow-up messages informing me that the court had decided to proceed with

4

the hearing without me. According to his message, he had a coughing fit, and during a short break, he informed me that the continuance had not been granted, after the hearing had already begun.



I immediately responded, ending my message with, "Should we go back to New Haven?" However, I was then informed that the hearing had already concluded around 11 AM.

The case docket stated that my attorney had represented to the court that I was no longer in the District of Connecticut. This was incorrect. I had not actually left the

state until around 1 PM on January 30th. I was completely unaware that the hearing was proceeding with my attorney, who was too ill to even communicate the status of the hearing, let alone effectively represent me.

### 4. Plaintiff's Waste of Judicial Resources

Plaintiff, not Defendant, is the party wasting the Court's time by filing baseless and harassing motions, instead of focusing on the substantive issues of the case. Their ultimate goal seems to be to make me unable to continue my chosen occupation, at whatever means necessary, including by bankrupting me through sanctions related to the astronomical legal fees Plaintiff is choosing to incur.

They have repeatedly presented a false narrative that paints me in a bad light with the court, but it is simply not true. The Plaintiff has made far more false statements to this court than the claims they lobby against myself.

As stated in my PRO SE MOTION FOR CONTEMPT (Motion, Doc 140), Cleer made false representations to this court claiming their residency and business operations are in Connecticut (Amended Complaint, Doc 55, 2:4-5) but admitted in the Preliminary Injunction hearing not to have Connecticut residency (Preliminary Injunction Hearing Tr., 145:21-146:6). They have provided materially inaccurate financial disclosures (Amended Complaint, Doc 55, 20:78-79) that also were admitted in the hearing were incorrect (Preliminary Injunction Hearing Tr., 81:24-83:17). Most blatant of all, they obstructed justice by instructing a witness to withhold critical information as evidenced by the statement made by Cleer's CPA Nicole Wiseman in response to a

subpoena issued in this case: "At the request of David McKeegan, I can only provide the tax returns and suggested adjusted journal entries for them as I am not their accountant." (Doc 140, Exhibit B- Wiseman Subpoena Emails, Page 3 – On 1/21/25 21:48)

Furthermore, Cleer complains about the Plaintiff's counsel flying from Cincinnati Ohio, a roughly one and a half hour flight changing one time zone, when I flew in from Cape Town, South Africa, which was a sixteen hour flight crossing seven time zones. And I have a medical condition where I was in severe pain on the flights in both directions. Additionally, Cleer was the one who brought the lawsuit in Connecticut but hired counsel in Ohio, so inconveniencing them in order for me to have a fair trial with reasonable representation of counsel would seem minor compared to the ordeal I had to put up with to travel to court in Connecticut.

Finally, I have not yet had an opportunity to speak before the court in my own defense, due to the actions of my former attorney and lack of a continuance, so the issues that the Plaintiff claims prejudice them and should be sanctioned due to, are far more prejudicial to me. All because the Plaintiff's attorneys seem to make light of both my medical condition, and the medical condition of my attorney which made him unable to represent me reasonably on the day of the Preliminary injunction hearing. Ultimately the refusal to grant a continuance wasted judicial resources by denying me a fair trial and pushing off my opportunity to have my day in court and confront my accuser.

## II. LEGAL ARGUMENT

### 1. Sanctions Are Not Warranted

Sanctions are only appropriate where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). My actions simply do not meet this standard. I have participated in these proceedings in good faith, attended the first day of the hearing despite significant medical hardship, and relied on my attorney's statements regarding a continuance for the second day.

### 2. Defendant Did Not Act in Bad Faith

Bad faith requires intentional misconduct, which is entirely absent here. My inability to attend the second day of the hearing was due to a reasonable reliance on my attorney's statements, not an attempt to delay or obstruct the proceedings. Plaintiff's argument that I sought to evade jurisdiction is wholly unfounded and misleading.

It was reasonable for me to expect a continuance to be approved as courts have consistently held that a continuance should be granted when an attorney's illness prevents them from effectively representing their client. As stated in *United States v. Burton*, 584 F.2d 485, 508-09 (D.C. Cir. 1978): "Although a continuance might have mildly inconvenienced the court, the prosecution, and some of the witnesses, that consequence was hardly appellant's fault. The motion for leave to withdraw was not forthcoming until the trial date was virtually at hand, and the court granted it, effectively negating appellant's opportunity to satisfy an understandable desire for comfort and confidence in his trial representation."

8

In this case, my attorney was forced to proceed despite being physically and cognitively impaired due to COVID-19, a condition he himself acknowledged hindered his ability to provide competent representation. And he was so ill that he was unable to reasonably notify me in time that I needed to return to the court and appear.

As demonstrated by my correspondence with Mr. Harrison, had I been aware that the court intended to proceed with the hearing despite his inability to represent me effectively, I would have immediately moved to represent myself *pro se*. Denying a continuance and forcing Mr. Harrison to proceed while he was ill and experiencing severe coughing fits violated my constitutional rights.

In *Evitts v. Lucey,* 469 U.S. 387 (1985), the Supreme Court held that "nominal representation at trial does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all." Here, my attorney's illness rendered him unable to provide meaningful representation, placing me in precisely that position.

Additionally, as a key witness in this case, allowing the hearing to continue in my absence deprived me of the opportunity to correct the record and present critical testimony. These failures resulted in significant and irreparable harm to my defense, fundamentally prejudicing my ability to mount a defense. Thus I did not act in bad faith with not appearing on the second day of the trial, and if anyone has been prejudiced from the events that occurred during the second day of the trial it was not Cleer, but myself.

### 3. Plaintiff's Motion Is an Abuse of Process

Rather than addressing the merits of the case, Plaintiff has resorted to personal attacks and inflammatory language. This is an abuse of the judicial process and a waste of the Court's time.

Furthermore, these motions have been submitted without taking the time to fully discover the facts of a situation, wasting court time and both parties resources. As stated so eloquently in *Hansel 'N Gretel Brand, Inc. v. Savitsky,* "[m]otion practice is not a series of trial balloons where you [submit] what you think is sufficient, [you] see how it flies, and if it does not, you go back and try again. If that is the way the system worked we would have motion practice going on forever." 1997 WL 698179, *2 (S.D.N.Y. 1997)

Plaintiff's counsel should be admonished for their unethical conduct, especially as related to a Pro Se litigant.

### III. RELIEF REQUESTED

For the foregoing reasons, Defendant respectfully requests that the Court DENY Plaintiff's Motion for Sanctions in its entirety. Furthermore, Defendant reserves the right to seek relief for Plaintiff's counsel's unprofessional and harassing conduct.

Respectfully submitted,

Crystal Stranger

Pro Se Litigant

Date: February 3rd, 2025