**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CLEER LLC | : | 3:24-cv-1496-MPS |
| | : | |
| v. | : | DEFENDANT CRYSTAL STRANGER'S |
| | : | MOTION FOR LEAVE TO FILE SUR- |
| CRYSTAL STRANGER et al. | : | REPLY IN OPPOSITION FOR FINDING |
| | : | DEFENDANTS IN CONTEMPT OF |
| | : | COURT'S CRYSTAL STRANGER, et al., TEMPORARY RESTRAINING ORDER |

Pursuant to Rule 7(d) of the Local Rules, Pro Se Defendant Crystal Stranger respectfully moves this Court for leave to file a Sur-Reply in opposition to Plaintiff Cleer Tax LLC's Motion for Contempt of Court. Good cause exists because my Sur-Reply is needed to address new arguments and evidence submitted with their reply to Defendant's Opposition that could have (and should have) been included in the underlying Motion for Contempt.

In the interest of fairness and to ensure a complete and accurate record, Defendant requests leave to file the attached Sur-Reply.

**I. REASONS FOR GRANTING LEAVE**

1. **Plaintiff's Reply Introduces New Arguments** – Plaintiff's Reply provides new evidence and arguments that mischaracterizes the nature of Defendant's December

1

2024 and January 2025 emails, suggesting they were solicitations in violation of the Temporary Restraining Order (TRO). Plaintiff did not make this argument with the same specificity in its initial motion, thereby requiring Defendant to respond.

2. **Plaintiff Misstates Key Facts** – The Reply falsely asserts that Defendant improperly obtained Plaintiff's client list and deliberately avoided testifying at the Preliminary Injunction hearing. Defendant must be permitted to clarify the record, particularly regarding the origin of her mailing list and the circumstances surrounding her absence at the hearing.

3. **First Amendment Implications** – The TRO, as interpreted by Plaintiff, effectively imposes an unconstitutional prior restraint on Defendant's ability to engage in educational speech regarding tax law updates. Given the significant constitutional concerns, the Court should allow Defendant to address these issues fully.

## II. <u>LEGAL STANDARD</u>

Courts routinely grant leave to file a sur-reply when a reply introduces new arguments or evidence that were not included in the initial motion. See *Travelers Indem. Co.* v. Excalibur *Reinsurance Corp.*, No. 3:11-CV-1209 CSH, 2013 WL 4012795, at *2 (D. Conn. Aug. 5, 2013) ("[I]n general, a party may not attempt to cure deficiencies in its moving papers by including new evidence in its reply to opposition papers."). A sur-reply is particularly appropriate when a moving party raises factual or legal assertions for the first time in a reply brief, thereby depriving the opposing party of an opportunity to respond.

III. **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant leave to file the attached Sur-Reply, attached as Exhibit A.

Respectfully submitted,

Crystal Stranger

Pro Se Litigant

Date: February 18th, 2025