## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | Case No. 3:24-cv-01496-MPS |
| | Judge Michael P. Shea |
| | Magistrate Judge Maria E. Garcia |
| Plaintiff, | |
| v. | **PLAINTIFF CLEER LLC'S OPPOSITION TO MOTION FOR CONTEMPT** |
| CRYSTAL STRANGER, et al., | |
| Defendants. | |

Despite having engaged in contempt of court by repeatedly violating the Court's TRO then fleeing from continued cross-examination at the preliminary injunction hearing, Defendant Crystal Stranger has filed a Motion for Sanctions ("Motion") against Plaintiff Cleer LLC ("Cleer"). The Motion is nothing more than a frivolous filing by Ms. Stranger to redirect the focus away from her own sanctionable conduct and backdoor in argument she abandoned at the preliminary injunction hearing without the burden of cross-examination. While the Motion is difficult to follow—and setting aside Ms. Stranger's ulterior motives—Ms. Stranger has made very serious accusations against Cleer and its counsel without a shred of evidence in support. Ms. Stranger's irresponsible accusations should not be permitted, and she has once again engaged in sanctionable conduct.

First, Ms. Stranger's Motion fails to identify a single order with which Cleer has failed to comply. (*See generally id.*). "Before a party can be held in civil contempt for disregarding a court order, it must be shown that there exists an enforceable order that is clear and specific which unambiguously commands such party to perform or refrain from performing in accordance with the order." *In re Stein & Day Inc.*, 83 B.R. 221, 226 (Bankr. S.D.N.Y. 1988). Because there is no

1

Court order with which Cleer has not complied, it cannot be held in contempt. For this reason alone, the Court should deny the Motion.

Second, Ms. Stranger's Motion is not supported by any evidence. There is no declaration or affidavit attached to substantiate any of her baseless accusations. *Baker v. Connecticut Bank & Tr. Co.*, 125 F.R.D. 25, 28 (D. Conn. 1988) (instructing jury that argument of counsel is not evidence).

Third, Cleer has not engaged in any sanctionable conduct, and Ms. Stranger cites to no evidence of any misconduct. Ms. Stranger claims Cleer engaged in "witness tampering" with an individual to whom she sent a subpoena (Cleer's CPA Nicolle Wiseman). That is a very serious accusation, and one which Ms. Stranger knows to be baseless. On January 16, 2025, Ms. Stranger's counsel sent a subpoena to Ms. Wiseman. On January 17, 2025, Cleer's counsel objected to the breadth of the subpoena, which Ms. Stranger's counsel agreed to narrow the subpoena as follow, which is exactly what was communicated to Ms. Wiseman:

> George,
>
> We can do one subpoena now for the p/i hearing and another later for trial evidence, which will be more burdensome on Ms. Wiseman at least because she'll get served twice instead of once. Or we can just do the one subpoena now and be done with it.
>
> Respectfully,
>
> Alan Harrison
> SANDOLLAR
> 6 W River St #112
> Milford CT 06460
> 203.212.9996
>
> On 1/17/25 12:08, Musekamp, George B. wrote:
> > Alan -
> >
> > We object to the breadth of this subpoena. It is requesting proprietary information belonging to Cleer that has nothing to do with the PI hearing or when Ms. Stranger was even an owner of the company. The court has not yet permitted or ordered full blown discovery. We have also produced the relevant financial statements of Cleer that you requested.
> >
> > Will you agree to narrow the scope solely to topic number 9 and narrowing topic 6 solely to Ms. Stranger's capital account? If not, please explain the basis for requesting the remaining information.
> >
> > Thanks,
> > George

(*See* Declaration of George Musekamp ("Musekamp Dec.") – Ex. A at Ex. 1). Counsel then held a meet and confer during which they agreed to narrow the subpoena solely to topic nos. 6 and 9 as it related to Ms. Stranger's capital account. (*See* Musekamp Dec. ¶ 3). And counsel for Ms. Stranger agreed he would issue a second subpoena for information that was beyond the scope of the preliminary injunction hearing following the 26(f) conference. (*See id.* at Ex. 1). Cleer then informed Ms. Wiseman of the agreement to narrow the subpoena. This is what Ms. Stranger claims is "witness tampering." Cleer informed Ms. Stranger of the agreement with her former counsel, and provided her with copies of the emails, but she refused to withdraw the motion.

By comparison, counsel for Cleer agreed for similar reasons to narrow the scope of the subpoena it issued to Lindsey Anderson. (*Id.* at Ex. 2). This prompted Ms. Stranger to send Ms. Anderson the following email:

> Crystal Stranger <crystalstranger@gmail.com>　　　　　　　　　　　　　　　　　　　　Sat, Jan 18, 2025 at 3:00 AM
> To: Lindsey Clare Anderson <lindseyclareanderson@gmail.com>
>
> Hi Lindsey,
>
> My lawyer said for me to share this with you. The first two items on the Subpoena you do not need to answer. They are not planning to reissue at this time, but he said just the email should be enough for you to reply without not complying. Please feel free to confirm this with Maria and let me know what you find out. Thank you.
>
> Sincerely Yours,
>
> Crystal Stranger, JD, EA, NTPI Tax Fellow
>
> **What is an enrolled agent?**
> Enrolled agents (EAs) are America's tax experts. EAs are the <u>only</u> federally-licensed tax practitioners who specialize in taxation and also have <u>unlimited</u> rights to represent taxpayers before the Internal Revenue Service.

(*Id.* at Ex. 3). Ms. Stranger engaged in the **exact conduct** for which she now asks the Court to hold Cleer in "contempt."

Fourth, Ms. Stranger claims Cleer lied to the Court when it stated that "Cleer has two members who maintain United States residencies in Connecticut and who operate Cleer out of Connecticut when in the United States" and that Connecticut is the location of Cleer's United States headquarters. (Motion, Doc. 140 at 3). Again, another very serious accusation by Ms.

Stranger without any support. This issue has been fully briefed as part of Optic Tax's Motion to Dismiss. As Cleer has previously demonstrated in several filings with the Court, Cleer's nerve center in the United States—the place from which it makes critical business decisions—is Ridgefield, Connecticut. (*See*, *e.g.*, Docs. 85 and 100). It is the address on Cleer's trademark application for "Cleer." (*See* Preliminary Injunction ("PI") Hearing Ex. 117). It is undisputed that the McKeegans are US citizens and own a home in Ridgefield, Connecticut, and that is the location they work from and operate Cleer when located in the United States, and Mr. McKeegan testified at the preliminary injunction hearing consistent with these statements. (Ex. B – PI Hearing Tr. 25, 145–46). Thus, Connecticut, as pled, is the nerve center for Cleer in the United States.

Fifth, Ms. Stranger claims that Cleer provided "falsified accounting statements to the court [sic]." (Motion, Doc. 140 at 17). It is unclear what Ms. Stranger is referring to and she does not identify what documents she claims were submitted to the Court or are falsified. Cleer has not provided any financial accounting statements to the Court, and certainly has not falsified any financial statements that were provided to Ms. Stranger. Ms. Stranger appears to be improperly raising a discovery issue as to financial documents she claims she is entitled but never moved to compel, and improperly attempting to argue defenses to the Motion for Preliminary Injunction on the basis that Cleer miscalculated her Capital Account. Ms. Stranger had the opportunity to present this argument at the preliminary injunction hearing, but she chose to abandon the hearing. Ms. Stranger's disagreement with Cleer's calculation of her capital account does not equate to falsifying evidence, and such unsubstantiated accusations have no place in this litigation.

The Court should afford Ms. Stranger—a juris doctor who passed the California Bar Exam—no lenience for her frivolous filings as a pro se litigant. *Nwoye v. Obama*, No. 22CV1791 VECRWL, 2023 WL 4631712, at *4 (S.D.N.Y. July 20, 2023), *report and recommendation*

171353521v1

*adopted*, No. 22CV1791VECRWL, 2023 WL 5164156 (S.D.N.Y. Aug. 11, 2023), *aff'd*, No. 23-1178-CV, 2024 WL 911753 (2d Cir. Mar. 4, 2024), *cert. denied*, 145 S. Ct. 159 (2024) (noting that "would-be attorneys who have not yet obtained a law degree but nonetheless have legal training may not be entitled to deference normally given to pro se litigants.") (citing *Allen v. Aytch*, 535 F.2d 817, 821 n.21 (3d Cir. 1976) (declining to construe the complaint of a third-year law student liberally because the student had "substantial legal training")). Moreover, "[f]ederal courts are 'ordinarily obligated to afford a special solicitude to *pro se* litigants,' *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014); however, that solicitude does not protect a *pro se* litigant who refuses to comply with court orders or who engages in abusive, vexatious, or oppressive conduct." *Hewett v. Triple Point Tech.*, No. 3:13-CV-1382 (SRU), 2015 WL 6675529, at *6 (D. Conn. Oct. 30, 2015), *on reconsideration in part sub nom. Hewett v. Triple Point Tech., Inc.*, No. 3:13-CV-1382 (SRU), 2015 WL 7451152 (D. Conn. Nov. 23, 2015).

Ms. Stranger has again engaged in sanctionable conduct by filing an unsubstantiated, frivolous motion that accuses Cleer and its counsel of serious unethical conduct, including witness tampering and falsifying documents to the Court. To stop Ms. Stranger from filing this and other abusive, vexatious, and oppressive papers, the Court should impose, among other things, the monetary sanctions Cleer has requested in other filings (*see*, *e.g.*, Docs. 99, 130, and 135) and invoke **Local Rule 16(g)** and take other measures the Court deems necessary to reign in Ms. Stranger. *See* D. Conn. L. Civ. R. 16(g) ("No . . . litigant against whom a final order of monetary sanctions has been imposed may file any pleading or other document until the sanctions have been paid in full.").

Based on the foregoing, Cleer respectfully requests that the Court deny Plaintiff's Motion for Contempt and enter such other relief it deems appropriate.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel:  (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 969-3109
Fax: (203) 969-3150
Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

171353521v1

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on February 26, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

                                                      */s/ George B. Musekamp*

171353521v1