## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, <br><br> Plaintiff, <br><br> v. <br><br> CRYSTAL STRANGER, et al., <br><br> Defendants. | Case No. 3:24-cv-01496-MPS <br><br> Judge Michael P. Shea <br> Magistrate Judge Maria E. Garcia <br><br> **PLAINTIFF CLEER LLC'S OPPOSITION TO MOTION FOR MISTRIAL** |

    Defendant Crystal Stranger has moved for a mistrial based on alleged prejudice to her case that she created. Ms. Stranger refuses to take accountability for her own actions. She blames the Court for not operating on her schedule while she traveled to Danbury to get a new iPhone. She blames the Court for not granting a continuance to excuse her failure to appear. She blames her prior counsel for not admitting certain evidence or making objections. She blames Plaintiff Cleer, LLC ("Cleer") for presenting facts that paints an accurate picture of her that she does not like. She blames everyone but herself. The reality is that any prejudice to Ms. Stranger was caused by Ms. Stranger.

    Ms. Stranger appears to be requesting a new trial pursuant to Fed. R. Civ. P. 59(a)(2), which operates in tandem with Fed. R. Civ. P. 61. "Rule 61 sets out a workable test for when to grant a new trial, counseling that no error is ground for granting a new trial 'unless refusal to take such action appears to the court inconsistent with substantial justice.'" *LiButti v. United States*, 178 F.3d 114, 118 (2d Cir. 1999) (quoting Fed. R. Civ. P. 61). In other words, "a trial court should be most reluctant to set aside that which it has previously decided unless convinced that it was based

1

on a mistake of fact or clear error of law, or that refusal to revisit the earlier decision would work a manifest injustice." *Id.* (citing *Arizona v. California,* 460 U.S. 605, 618 n.8, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983)).  And "a trial court should not grant a new trial simply because, like the proverbial second bite at the apple, the losing party believes it can present a better case if afforded another chance." *Id.* at 118–19; *see also Ball v. Interoceanica Corp.,* 71 F.3d 73, 76 (2d Cir. 1995) ("A motion for a new trial in a nonjury case should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons.") (citation and internal quotation marks omitted).

As an initial matter, Ms. Stranger's Motion is untimely.  For an objection to be timely under Fed. R. Evid. 103, it "must be made as soon as the ground of it is known, or reasonably should have been known to the objector." *United States v. Meserve*, 271 F.3d 314, 324 (1st Cir. 2001) (quotation omitted).  Ms. Stranger filed her Motion for a Mistrial on February 5, 2025—five days after the hearing ended.  The Motion is untimely and fails for this reason alone.

Nor is there any reason to grant a new trial.  Ms. Stranger has not established any basis for a new evidentiary hearing based on her attorney's alleged incompetence.  Mr. Harrison cannot change the facts that Ms. Stranger created.  Nor can he change the fact that Ms. Stranger did not appear for the second day of the hearing.  Nor can he admit evidence without Ms. Stranger appearing for her case in chief.  (Motion for Mistrial [Doc. 139], p. 9).  Nor can he object to "leading questions asked of Ms. Stranger" while she was under cross-examination.  (*Id.* at p. 11).  There is no evidence that Ms. Stranger did not receive competent counsel or that Mr. Harrison took any actions to prejudice Ms. Stranger.  Nor is there any evidence that any actions of Mr. Harrison will change the ultimate outcome of this case—the communications admitted at the preliminary injunction hearing say what they say.

171309128v1

Ms. Stranger further argues that a continuance should have been granted because of her attorney's illness. But her attorney never filed a motion for a continuance nor asked for a continuance because of an illness even when asked by the Court:

> THE COURT: Any objection to Attorney Harrison appearing virtually?
>
> MR. HARRISON: No objection.
>
> THE COURT: Attorney Harrison, your client is not here.
>
> MR. HARRISON: Yes, Your Honor. I'm just communicating with her now about that. I am kind of surprised.
>
> THE COURT: Well, we can't proceed without her. I'm thinking if she is not going to attend, then perhaps plaintiff will rest. I don't know if there's any other evidence they'd like to introduce. And if she's not here to put on her case, then perhaps the hearing will be closed and you can all file your findings of fact and conclusions of law by February 18th.
>
> MR. HARRISON: Your Honor, would there be any possibility to continue the hearing until next week?
>
> THE COURT: What's the basis for the request? We're all here. The Court cleared its day in order to accommodate today as a second day for evidence. Everybody is here. I haven't heard any reason why Ms. Stranger is not here.
>
> MR. HARRISON: Your Honor, I told Ms. Stranger that Mr. Musekamp and I would ask the Court for a continuance. And based on that alone, she took off.
>
> THE COURT: She took off to where?
>
> MR. HARRISON: She's in, I think, Poughkeepsie. I'm not sure.
>
> THE COURT: Well, there hasn't been a motion to continue filed, has there?
>
> MR. HARRISON: No, Your Honor. We were supposed to confer with you this morning about that.

(Ex. A – Preliminary Injunction Hearing Tr. 244–45). Mr. Harrison competently continued his virtual cross-examination of Mr. McKeegan but was unable to call any other witnesses because Ms. Stranger failed to appear.

3

Ms. Stranger argues that she suffered prejudice because she is a "key witness in the case and the case was allowed to continue without [her] presence . . . ." (Motion for Mistrial [Doc. 139], p. 14). Similarly, she argues that she "**assumed** Mr. Harrison would file a motion for a continuance based on this conversation, and that, based on his incapacity, [she] would not be required in court that morning." (*Id.* at p. 6) (emphasis added). Not only did Ms. Stranger assume a motion would be filed, but she then unilaterally assumed it would be granted. Ms. Stranger appears to argue that the Court should operate on Ms. Stranger's schedule and assumptions. Had she attended the hearing, Ms. Stranger would have learned that the Court intended to proceed and that no motion for a continuance was filed or granted. Mr. Harrison even told Ms. Stranger that he would check with the clerk on the continuance—not that a continuance had already been granted or that she was not required to attend. And that is exactly what Mr. Harrison did the morning of the second day of the hearing. Ms. Stranger cannot complain of a problem she created.

Based on the foregoing, Cleer respectfully requests that the Court deny Plaintiff's Motion for a Mistrial.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel: (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

171309128v1

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 969-3109
Fax: (203) 969-3150
Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

171309128v1

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on February 26, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

      */s/ George B. Musekamp*

171309128v1