**Subject:** Fwd: Activity in Case 3:24-cv-01496-MPS Cleer LLC v. Stranger et al Order on Motion to Withdraw as Attorney
**From:** Alan Harrison <alan@sandollar-law.net>
**Date:** 2/27/25, 12:38
**To:** Crystal Stranger <crystalstranger@gmail.com>

Hi, Crystal.

Please see below. The Court has GRANTED my motion to withdraw as counsel for Optic Tax. You have until March 14 to find new counsel, or Optic Tax may be defaulted.

Respectfully,

Alan Harrison
alan@sandollar-law.net
203.212.9996
SANDOLLAR Law
6 W River St
Unit 112
Milford CT 06460

-------- Forwarded Message --------

**Subject:** Activity in Case 3:24-cv-01496-MPS Cleer LLC v. Stranger et al Order on Motion to Withdraw as Attorney
**Date:** Wed, 26 Feb 2025 15:09:38 -0500
**From:** CMECF@ctd.uscourts.gov
**To:** CMECF@ctd.uscourts.gov


This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

District of Connecticut

Notice of Electronic Filing

The following transaction was entered on 2/26/2025 3:09 PM EST and filed on 2/26/2025

Case Name: Cleer LLC v. Stranger et al

Case Number: 3:24-cv-01496-MPS https://ecf.ctd.uscourts.gov/cgi-bin/DktRpt.pl?161351 Filer:

Document Number: 155

Copy the URL address from the line below into the location bar
of your Web browser to view the document:
155(No document attached)


Docket Text:
ORDER granting [149] MOTION for Alan Harrison to Withdraw as Attorney by Optic Tax Inc. Attorney Alan Harrison terminated. <br><br> District courts have broad discretion in deciding motions for withdrawal of counsel. <i>See Vachula v. Gen. Elec. Capital Corp.</i>, 199 F.R.D. 454, 457 (D. Conn. 2000) (citing <i>Whiting v. Lacara,</i> 187 F.3d 317, 320 (2d Cir. 1999)). Pursuant to Local Rule 7(e), "[w]ithdrawals of appearances may be accomplished only upon motion, which normally will not be granted except upon a showing that other counsel has appeared or that the party whose counsel seeks to withdraw may and has elected to proceed without counsel, and that the party has received actual notice of the motion to withdraw." D. Conn. L. Civ. R. 7(e). Local Rule 7(e) expressly contemplates that a motion to withdraw may be granted even in cases where the party has failed to engage other counsel or personally appearprovided that good cause for withdrawal exists and counsel has given appropriate notice to the party. <i>See</i> D. Conn. L. Civ. R. 7(e); <i>see also</i> D. Conn. R. Prof. Cond. 1.16(b)(7) (permitting a lawyer to withdraw from representation where, among other reasons, "good cause for withdrawal exists").<br><br>First, notice is sufficient under Local Rule 7(e). Appended to the motion to withdraw is a copy of an e-mail from Attorney Harrison to Crystal Stranger, CEO, Optic Tax, providing a copy of the motion to withdraw and informing her that "[i]f my motion to withdraw is granted, Optic Tax will need to engage another attorney; and if Optic Tax does not engage another attorney, a default judgment may be rendered against Optic Tax." ECF No. 149-1. <br><br>Second, good cause exists to permit the withdrawal. Relying on D. Conn. R. Prof. Cond. 1.16(b)(5) and (6), Attorney Harrison states that "continued representation 'has been rendered unreasonably difficult by the client' and 'the client fails substantially to fulfill an obligation to the lawyer regarding the lawyers services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled.'" ECF No. 149 a 1. "The Rules of Professional Conduct permit withdrawal in this circumstance." <i>GEOMC Co. v. Calmare Therapeutics, Inc</i>., No. 3:14-CV-1222 (VAB), 2020 WL 12880834, at *2 n. 2 (D. Conn. Mar. 30, 2020). The Court is aware of the breakdown in the attorney-client relationship warranting withdrawal of representation. Indeed, this is not the first time Attorney Harrison has moved to withdraw in this case. ECF No. 142 (ruling granting

withdrawal of representation as to Defendant Crystal Stranger in her individual capacity.)

A finding of good cause for withdrawal, however, does not end the inquiry. "In deciding whether plaintiff's attorneys should be granted permission to withdraw, this court must consider whether the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Vachula,* 199 F.R.D. at 458. In effect, this would require the court to balance "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceedings." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014).The parties have not completed discovery. The motion for preliminary injunction and Optic Tax's Second Motion to Dismiss are fully briefed.

The hearing on the preliminary injunction has been completed. While not ideal, allowing counsel to withdraw at this juncture will be minimally impactful to the prosecution of the suit. Defendants are on notice, that the Court will not permit delay or disruption of the proceedings.

In this case, because Defendant Optic Tax Inc. is a corporate entity, it cannot proceed *pro se* but must be represented by counsel. *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance pro se denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity."). Individual Defendant and Optic Tax's CEO Crystal Stranger were on notice, at least since February 11, 2025, that the corporation cannot proceed *pro se*. ECF No. 142 at 3 (noting that to "the extent that Optic Tax, Inc. is a corporation, it cannot represent itself and Ms. Stranger, as a lay person may not represent a corporation.").

As such, successor counsel to Optic Tax has until **March 14, 2025** to file an appearance. *GEOMC Co.*, 2020 WL 12880834, at *2 n. 2; *Lattanzio v. COMTA,* 481 F.3d 137, 140 (2d Cir. 2007) ("[A] layperson may not represent a separate legal entity such as a corporation.") (citation omitted); *Eagle Assoc. v. Bank of Montreal,* 926 F.2d 1305 (2d Cir. 1991) (requiring corporations to appear through a licensed attorney)). **Optic Tax's failure to engage successor counsel may result in a dismissal or default being entered against the company. *See* D. Conn. L.Civ. R. 7(e) ("[T]he court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a *pro se* appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.").** Attorney Alan Harrison shall serve this order on Optic Tax's representative and file proof of service on the docket on or before March 3, 2025.

This is not a Recommended Ruling. This Ruling is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge in response to a timely objection under Local Rule 72.2(a). *See Berlin v. Greene*, No. 3:19-CV-01410 (JCH)(TOF), 2020 WL 12188901, at *7 (D. Conn. Mar. 16, 2020).
Signed by Judge Maria E. Garcia on 2/26/25. (Esposito, A.)


3:24-cv-01496-MPS Notice has been electronically mailed to:
Alan Harrison (Terminated) [alan@sandollar-law.net](alan@sandollar-law.net), [alan.sandollar.law.net@recap.email](alan.sandollar.law.net@recap.email)

George Musekamp GMusekamp@taftlaw.com, CIN_Docket_Assist@taftlaw.com

Michael Seamus O'Malley michael.o'malley@ogletree.com, annabelle.torres@ogletree.com, karen.chapman@ogletree.com, stadocketing@ogletreedeakins.com
Evan Cohn ecohn@taftlaw.com, CIN_Docket_assist@taftlaw.com
Crystal Stranger crystalstranger@gmail.com


3:24-cv-01496-MPS Notice has been delivered by other means to:
Optic Tax Inc.

George Musekamp GMusekamp@taftlaw.com, CIN_Docket_Assist@taftlaw.com

Michael Seamus O'Malley michael.o'malley@ogletree.com, annabelle.torres@ogletree.com, karen.chapman@ogletree.com, stadocketing@ogletreedeakins.com
Evan Cohn ecohn@taftlaw.com, CIN_Docket_assist@taftlaw.com
Crystal Stranger crystalstranger@gmail.com


3:24-cv-01496-MPS Notice has been delivered by other means to:
Optic Tax Inc.