UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | Case No. 3:24-cv-01496-MPS |
| | Judge Michael P. Shea |
| | Magistrate Judge Maria E. Garcia |
| Plaintiff, | |
| v. | **PLAINTIFF CLEER LLC'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS [DOC. 130]** |
| CRYSTAL STRANGER, et al., | |
| Defendants. | |

Ms. Stranger's Opposition is filled with excuses and misrepresentations. She once again refuses to take any responsibility—passing blame to everyone but herself. She accuses Plaintiff's counsel for engaging in "abuse of process" and "unethical conduct." (Opposition, Doc. 148 at 10).[1] She blames the Court for violating her "constitutional rights." (*Id.* at 9). She blames her former counsel for not telling her that she "needed to return to the court [sic] and appear." (*Id.*). She even goes as far as blaming her iPhone. (*Id.* at 4).

After wading through Ms. Stranger's excuses and blame-shifting, it is evident that she sought to delay and obstruct because did not want the proceedings to continue. She admits that she recognizes herself as a "key witness in this case" and argues that the case should not have proceeded without her. (*Id.*). In other words, she admits that her plan was to delay the proceedings and assumed that if she did not attend, the hearing would have stalled. Ms. Stranger assumed incorrectly and acted in bad faith.

---

[1] Ms. Stranger ironically argues that Cleer "made false representations to this court [sic]." (Opposition, Doc. 148 at 6). Those baseless allegations will be separately addressed as part of Cleer's Opposition to Ms. Stranger's Motion for Contempt.

1

171362209v1

Ms. Stranger first informs the Court of an alleged medical condition affecting her ability to travel by airplane. That is irrelevant to Ms. Stranger's decision to not attend the second day of the preliminary injunction hearing. She was already in Connecticut and attended the first day of the preliminary injunction hearing. No further air travel was required to attend the second day of the hearing, and the documents she attached to her Opposition cleared her for air travel. Ms. Stranger also raised this issue in December, and Judge Shea entered an Order on December 5, 2024 that would have allowed Ms. Stranger to "postpone the hearing" by filing a request "by no later than January 13, 2025 and accompanied by a robust and detailed showing of medical evidence demonstrating that Ms. Stranger is prevented from flying because of a medical condition." (Order, Doc. 74). Ms. Stranger never made such a request and never raised her medical condition again until faced with the current motion for sanctions.

Ms. Stranger then makes a single argument to claim she did not act in bad faith: "[I]t was reasonable for [her] **to expect** a continuance to be approved . . ." because her attorney had Covid-19. (Opposition, Doc. 148 at 8 (emphasis added)). Ms. Stranger's "expectation" is irrelevant. As a law school graduate and having passed the California bar, Ms. Stranger knows that she is not empowered to grant continuances and should have expected nothing until hearing from the Court. Ms. Stranger also knows that Mr. Harrison is not empowered to unilaterally continue an ongoing, expedited evidentiary hearing. Local Rule 7(b) states that "[a]ll motions for extensions of time must be decided by a Judge and will not be granted except for good cause." D. Conn. L. Civ. R. 7(b). Ms. Stranger knew that a motion for a continuance had not been filed, let alone granted, by the time she decided to flee. Tellingly, Ms. Stranger does not include any statement from her attorney that she was advised to not attend the second day of the preliminary injunction hearing, or that a continuance was granted, let alone filed.

2

171362209v1

Ms. Stranger also did not have a reasonable expectation that she did not need to appear. Ms. Stranger admits that Mr. Harrison told her that "he may attend [Court] if his symptoms were improving overall," and that he would "**check how [he] was feeling in the morning and consult with the Clerk before he came in**." (Crystal Stranger's Motion for Mistrial, Doc. 139 at 4 (emphasis added)). Ms. Stranger knew the plan was to wait to hear from the Court.

But Ms. Stranger never had any intention of attending or waiting to hear from the Court—she intended to delay and obstruct. She represents to the Court that, "while in the [Danbury Apple] store, my phone was temporarily out of service due to the data transfer process and the wait for the cellular provider, Google Fi, to transfer the e-SIM to my new device." (Opposition, Doc. 148 at 4). In other words, she attempts to mislead the Court into believing that she had no idea what was going on because she did not have her phone. Ms. Stranger's own statements and exhibits prove that is not true. Ms. Stranger admits that at 9:32 AM, *before* the hearing had even begun, Mr. Harrison asked Ms. Stranger: "did you see my email at 9:05 [AM]?" (*Id.* at 7). Ms. Stranger not only admits that she received that text message, but immediately responded, "what email? I'm driving. We're near Danbury." (*Id.*). **That 9:05 AM email informed Ms. Stranger that the hearing would not be continued**. (Exhibit A).

Instead of appearing for the hearing, Ms. Stranger ignored Mr. Harrison's email and continued to flee and travel to the Apple Store in Danbury, Connecticut, which did not open until 10 AM EST.[2] In fact, Ms. Stranger did not even purchase her new iPhone until 10:27 AM, meaning the alleged transfer of her "e-SIM" that knocked her phone out of service did not begin until nearly an hour *after* the second day of the hearing started at 9:48 AM. (Opposition Ex. D, Doc. 148-4 at 2). And if she truly was having iPhone issues that needed to be immediately

---

[2] *See* https://www.apple.com/retail/danburyfairmall/?cid=aos-us-seo-maps.

3

addressed, she could have gone to the Apple store half a mile from the federal courthouse in New Haven. However, Ms. Stranger had already made up her mind to flee long before Mr. Harrison even raised the issue with the Court. It did not matter that he told her the hearing was proceeding.

Ms. Stranger also knew that this was matter was advancing in an expedited fashion, that time was of the essence to Cleer, and that the Court had repeatedly stated that the case would proceed on January 29 and continue until concluded. (Doc. 74 ("Plaintiff's counsel, Plaintiff's clients, Ms. Stranger, and Defense Counsel are hereby ordered to continue holding the January 29 date for the hearing and to expect the hearing to proceed at that time."); Doc. 81 ("The parties are on notice that even if defendant Stranger establishes to the Court's satisfaction that she is unable to fly, the Court would likely not move the hearing but rather would proceed by having her testify remotely.")); Doc. 107 ("A Preliminary Injunction hearing is scheduled for January 29, 2025, starting at 10:00 a.m. and, if needed, January 30, 2025, starting at 9:30 a.m. and ending at 1:30 p.m.")).

The Court never gave any indication that it intended to continue these proceedings, even after Ms. Stranger raised her own medical issues and sought to continue the injunction hearing months before. To the contrary, the Court denied her request to continue the preliminary injunction hearing and informed Ms. Stranger that it would likely proceed by having Ms. Stranger testify remotely if necessary. (Doc. 81 ("The parties are on notice that even if defendant Stranger establishes to the Court's satisfaction that she is unable to fly, the Court would likely not move the hearing but rather would proceed by having her testify remotely.")). Thus, if anything, it was reasonable for Ms. Stranger to expect that the hearing would ***not*** be continued, but would instead proceed remotely, which is exactly how the Court decided to proceed.

4

Ms. Stranger's own actions, admissions, and Opposition establish that she was not acting in good faith and sought to delay and obstruct the proceedings. Sanctions are therefore appropriate.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel:  (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 969-3109
Fax: (203) 969-3150
Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on February 28, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

                                        */s/ George B. Musekamp*