**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CLEER LLC | : | 3:24-cv-1496-MPS |
| | : | |
| v. | : | Defendant Crystal Stranger's Motion to Clarify |
| | : | |
| CRYSTAL STRANGER et al. | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID and CARRIE McKEEGAN | : | |
| | : | |

Now comes the undersigned, Crystal Stranger, with the following questions:

At Docket 164, the Court has denied my discovery dispute request to compel (Docket 161) a more narrowly-tailored list. The statement in this order effectively blocks me from doing any business, as anyone in the world who would possibly want to start a U.S. business someday I would be prohibited to contact. Thus anyone, worldwide, could be a prospective client of Cleer, LLC, which has been the Plaintiff's interpretation. Thus this is a total prohibition of me doing any sort of business and earning an income, or doing any work at all. Here the court is seemingly ordering me to cease business immediately and to stop any and all communications I make. Could the Court please clarify that this is the intent of it's order to completely bar me from all communication and working to earn a living for my family?

1

As this bars me from communicating with all existing Optic Tax clients, is the court ordering me then to inform the owner of Optic Tax, Inc. that the business will need to be closed immediately? Please note that with this being the middle of tax season this action will harm hundreds of clients reliant on Optic Tax to prepare tax returns, that are under process currently. And if this court order bans me from contacting these clients to even inform them of this, how does the court suggest we close the business and inform the clients if all contact is prohibited?

Could the court also confirm this blocks me sending any emails for personal purposes, as this language would seem to do? Would this also block communications on social media and giving webinars? Can I no longer give tax consultations? Does this bar me from filing motions with this court as someone who reads this could be a prospective client of Cleer? Everything I do personally and professionally could be risking a contact with a prospective customer of Cleer, as the clients are worldwide, so it seems I cannot communicate with anyone under this order as it stands in Docket 164.

Please clarify so that I can act accordingly and comply with the TRO.

Respectfully submitted,

Crystal Stranger

Pro Se Litigant

Date: March 4th, 2025