IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC | : | 3:24-cv-1496-MPS |
| | : | |
| v. | : | |
| | : | DEFENDANT'S SUR-REPLY IN |
| CRYSTAL STRANGER et al. | : | OPPOSITION OF MOTION FOR |
| | : | SANCTIONS |
| v. | : | |
| | : | |
| DAVID and CARRIE McKEEGAN | : | |
| | : | |

Now comes the undersigned defendant Crystal Stranger submits this sur-reply in response to Plaintiff Cleer LLC's ("Cleer") Reply in Support of its Motion for Sanctions. Plaintiff's reply continues its pattern of mischaracterizing the facts and misstating Defendant's actions and intent. The record, when properly considered, does not support the imposition of sanctions.

## I. DEFENDANT DID NOT ACT IN BAD FAITH OR SEEK TO DELAY THE PROCEEDINGS

Plaintiff claims that I deliberately sought to delay and obstruct the preliminary injunction hearing. This is categorically false. I had every intention of attending the second day of the proceedings and believed, based on my attorney's communication, that a continuance would be sought due to his illness. Plaintiff attempts to reframe my

reasonable reliance on my attorney as evidence of bad faith, but it is clear that I did not act with an intent to delay or obstruct, and I was more prejudiced than they were as I was not able to testify in my defense.

The assertion that I knowingly ignored the Court's scheduling order is misleading and fails to consider the circumstances surrounding my counsel's illness and what I would have expected would be the procedural steps. I have never been in Federal court before, and I couldn't grasp the idea that a continuation wouldn't be granted when my lawyer said he was too ill to represent me. A reasonable person would have believed that a continuance would be granted in that situation when the attorney was too ill to provide effective counsel.

## II. DEFENDANT'S MEDICAL CONDITION WAS RELEVANT AND RAISED IN GOOD FAITH

Plaintiff incorrectly asserts that my medical condition is "irrelevant" because I was already in Connecticut. However, my medical condition did impact my ability to participate effectively in the proceedings, as I was in excruciating pain and my ears were ringing the whole time. Furthermore, while Plaintiff attempts to downplay the prior December 5, 2024 order requiring detailed medical evidence to support a postponement request, I was unable to obtain these documents over the Christmas holidays when the experts were on holiday, and the fact remains that I had and still have a legitimate medical issue that made it extremely painful and difficult to appear. Plaintiff's argument

ignores the reality that medical conditions can affect participation in legal proceedings, and makes light of a debilitating chronic illness.

### III. DEFENDANT DID NOT WILLFULLY DISREGARD THE COURT'S ORDERS

Plaintiff asserts that I knew no continuance had been granted and yet "fled" the hearing. However, the record does not support this characterization. I had been actively in communication with my attorney, awaiting confirmation regarding which day the proceedings would continue given his illness, and was prepared to extend my trip if necessary. Plaintiff's assertion that Defendant "made up her mind to flee" is entirely speculative and unsupported by any evidence. Moreover, my temporary phone service interruption while setting up a new device was a legitimate occurrence, not an attempt to evade communication.

### IV. DEFENDANT REASONABLY EXPECTED A CONTINUANCE BASED ON HER ATTORNEY'S ILLNESS

My expectation of a continuance was not unreasonable given that my attorney had contracted COVID-19 and was clearly impaired on the first day and unable to effectively represent me. It is Plaintiff, not Defendant, who is mischaracterizing the situation by ignoring the fact that I was relying on my attorney's representations and the standard procedure for seeking a continuance under such circumstances. Plaintiff's argument I should have known the hearing would proceed regardless of my attorney's condition is not supported by the record.

## V. PLAINTIFF SEEKS TO IMPOSE SANCTIONS BASED ON A FALSE NARRATIVE

Plaintiff's entire argument is predicated on the notion that Defendant acted in bad faith. However, my actions, when viewed in context, demonstrate that I was navigating a complicated situation involving my attorney's illness and my own medical concerns. There is no evidence that I willfully sought to obstruct or delay the proceedings. Plaintiff's repeated mischaracterization of Defendant's conduct appears to be an attempt to paint me in the worst possible light rather than a genuine effort to establish a basis for sanctions.

## VI. CONCLUSION

Plaintiff has failed to establish that Defendant acted in bad faith or that sanctions are warranted. My actions were based on reasonable reliance on my attorney's guidance and medical concerns, not an intentional effort to delay proceedings. Accordingly, I respectfully request that the Court deny Plaintiff's Motion for Sanctions in its entirety.

Respectfully submitted,

Crystal Stranger

Pro Se Litigant

Date: March 5th, 2025