# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX,<br><br>Plaintiff,<br><br>v.<br><br>CRYSTAL STRANGER, et al.,<br><br>Defendants. | Case No. 3:24-cv-01496-MPS<br><br>Judge Michael P. Shea<br>Magistrate Judge Maria E. Garcia<br><br>**PLAINTIFF CLEER LLC'S MOTION TO STRIKE SUR-REPLIES OF DEFENDANT CRYSTAL STRANGER [Docs. 167, 168]** |

Defendant Crystal Stranger appears to believe that sur-replies are filed as a matter of course in order to get the last word. She has filed two more sur-replies [Docs. 167 & 168] without getting leave of Court, raising new arguments for the first time and recycling the same arguments she already made.

Sur-replies are appropriate only in "the exceptional though rare case" when a "party demonstrates to the court that papers to which it seeks to file a reply raise new issues which are material to the disposition of the question before the court . . . ." *Sec. & Exch. Comm'n v. Xia*, No. 21CV5350PKCRER, 2022 WL 2784871, at *1 (E.D.N.Y. July 15, 2022) (quoting United States v. Int'l Bus. Machines Corp., 66 F.R.D. 383, 384 (S.D.N.Y. 1975)). "The Second Circuit recognizes the district court's power to strike an unauthorized sur-reply." *Cunningham v. Lupis*, No. 3:21-CV-00273 (SVN), 2024 WL 811849, at *6 (D. Conn. Feb. 26, 2024) (citing *Laguerre v. Nat'l Grid USA*, No. 20-3901-CV, 2022 WL 728819, at *5 n.7 (2d Cir. Mar. 11, 2022)). And under Local Civil Rule 7(d): "No sur-replies may be filed without permission of the Court, which

171593438v1

may, in its discretion, grant permission upon a showing of good cause." Ms. Stranger's sur-relies should be struck for a number of reasons." D. Conn. L. Civ. R. 7(d).

First, Ms. Stranger did not seek leave of Court as required by Local Rule 7(d). *Cunningham*, No. 3:21-CV-00273 (SVN), 2024 WL 811849, at *6 (striking sur-reply where *pro se* plaintiff did not first seek leave of court and repeated the same arguments). While Ms. Stranger appears to believe that sur-replies are filed as a matter of course in order to get the last word, Ms. Stranger is aware that she must first seek leave of Court to file a sur-reply, as she did it once before. (*See* Doc. 150). The Court should strike the sur-replies for this reason alone.

Second, "raising new arguments for the first time in a [sur-]reply brief is improper . . . ." *Corpes v. Walsh Constr. Co.*, 130 F. Supp. 3d 638, 644 (D. Conn. 2015) (citing Conn. L. Civ. R. 7(d) (reply briefs "must be strictly confined to a discussion of matters raised by the responsive brief"); *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief.")). Ms. Stranger had the opportunity to and did raise the same arguments she is making in both sur-replies in her Opposition memoranda. *Williams v. City of Hartford*, No. 3:15CV00933(AWT), 2017 WL 11448094, at *5 (D. Conn. June 26, 2017) (noting that "leave to file a sur-reply should be denied where the moving party previously had ample opportunity to address the opposing party's arguments." (citation and internal quotation marks omitted)).

Third, Ms. Stranger's reiteration of the same, recycled arguments in an attempt to "clarify" her version of events is not appropriate for a sur-reply. She has not alleged any new arguments raised by Plaintiff that warrant filing multiple sur-replies. *Ganim v. United States*, No. CIV. 3:08CV1759 JBA, 2009 WL 5216950, at *9 n.18 (D. Conn. Dec. 30, 2009) (striking sur-reply and noting "Court did not give the Government leave to file a sur-reply, and the Government cites no

authority for the proposition that reiteration of a position and clarification of a record provide grounds to file a sur-reply absent leave of the Court").

Based on the foregoing, Plaintiff respectfully requests that Ms. Stranger's sur-replies be struck.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel: (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 969-3109
Fax: (203) 969-3150
Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

171593438v1

## **CERTIFICATE OF SERVICE**

   The undersigned certifies that on March 5, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

                         */s/ George B. Musekamp*