IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC | : 3:24-cv-1496-MPS |
| | : |
| v. | : |
| | : |
| | : DEFENDANT CRYSTAL STRANGER'S |
| CRYSTAL STRANGER et al. | : OPPOSITION TO PLAINTIFF CLEER |
| | : LLC'S MOTION TO STRIKE SUR- |
| | : REPLIES |
| v. | : |
| | : |
| DAVID and CARRIE McKEEGAN | : |
| | : |

Defendant Crystal Stranger respectfully submit this Opposition to Plaintiff Cleer LLC's ("Plaintiff") Motion to Strike Defendant's Sur-Replies [Docs. 167, 168]. Plaintiff's motion is without merit and should be denied for the following reasons:

**I. DEFENDANT'S SUR-REPLIES WERE NECESSARY TO ADDRESS MATERIAL MISREPRESENTATIONS MADE BY PLAINTIFF IN ITS REPLY BRIEF**

A sur-reply is warranted when a reply brief raises new issues that are material to the disposition of the motion. *Sec. & Exch. Comm'n v. Xia*, No. 21CV5350PKCRER, 2022 WL 2784871, at *1 (E.D.N.Y. July 15, 2022). Plaintiff's reply introduced misleading

1

and incomplete arguments that, if left unaddressed, would materially prejudice Defendant. Specifically:

    1. **Plaintiff Introduced New Evidence**– Plaintiff's replies both included multiple pages of new evidence as attachments that could have and should have been included in the original motions filed. The reply to the Opposition Second Motion for Contempt (Doc 162) included an additional email misrepresenting that email previously being sent to me, when it was not sent until after Plaintiff filed their motion, and a second email showing their full response to the client. Plaintiff's reply to my Opposition to Motion for Sanctions (Doc 163) included an email sent by my attorney which is intended to prove I had notice of the hearing, when in fact I did not as I could not view it because it was marked as spam.

    2. **Plaintiff Raised New Arguments** – Plaintiff argued in Doc 162 that there was an agreement to meet and confer under the TRO, but this is impracticable. Furthermore they argued that contact was "poisoning the well" and brought in the prior motion for contempt in that way. Whereas in Doc 163 Plaintiff claimed that "The Court never gave any indication that it intended to continue these proceedings" when that is not the case when viewing the transcript of the second day when Plaintiff was given the option of continuing and having the court issue an Order of Contempt for me to come and testify (PI Hearing Transcript, 246:20-247:13) . Courts routinely allow sur-replies in such circumstances. See *Bravia Capital Partners, Inc. v. Fike*, 296 F.R.D. 136, 144 (S.D.N.Y. 2013) (granting leave for sur-reply where reply brief raised new legal arguments).

3. **Plaintiff Introduced an Incomplete Record on Key Evidence** – Plaintiff in Doc 163 mischaracterized the evidence provided to him by my former attorney that showed an email sent to me, and stated that was my knowledge of the client when in fact this was sent after Plaintiff filed their motion. Defendant's sur-replies provided necessary clarification on this point.

## II. DEFENDANT HAD GOOD CAUSE FOR FILING SUR-REPLIES

While Local Rule 7(d) requires leave of court before filing a sur-reply, courts recognize that striking a sur-reply is inappropriate where good cause exists. *Cunningham v. Lupis*, No. 3:21-CV-00273 (SVN), 2024 WL 811849, at *6 (D. Conn. Feb. 26, 2024). Here, good cause existed because Plaintiff's reply introduced new and misleading arguments that required correction. Moreover, Defendant has demonstrated diligence and fairness in these proceedings by previously seeking leave to file a sur-reply when appropriate (See Doc. 150).

Defendant acknowledges that she mistakenly believed a sur-reply was allowed as a matter of right within seven days of receiving a reply brief, without adding new evidence, based on a rule I found on a Google search. However, I now understand that this rule applies to a different court and that under Local Rule 7(d), leave of court is required. Defendant will promptly re-submit the sur-reply following the proper procedure, and include the evidence as attachments that I wanted to include but thought that was not allowed because of the rule I read. I appreciate opposing counsel and the Court's

clarification on this matter and the patience with me as I learn the proper rules of Federal court litigation as this is completely new to me, and my apologies for the oversight.

### III. PLAINTIFF FAILS TO DEMONSTRATE ANY PREJUDICE FROM DEFENDANT'S SUR-REPLIES

Even if leave is required, and I will resubmit in the proper procedure accordingly, Plaintiff has not demonstrated that the sur-replies caused any prejudice. *Williams v. City of Hartford*, No. 3:15CV00933(AWT), 2017 WL 11448094, at *5 (D. Conn. June 26, 2017) (denying motion to strike where movant failed to show prejudice). Plaintiff had the opportunity to seek leave to file a response but chose instead to move to strike, which is an extreme remedy disfavored by courts. *See Ganim v. United States*, No. 3:08CV1759 (JBA), 2009 WL 5216950, at *9 n.18 (D. Conn. Dec. 30, 2009) (noting that reiteration and clarification alone are not sufficient grounds to strike a sur-reply).

### IV. STRIKING THE SUR-REPLIES WOULD UNDERMINE FAIRNESS AND DUE PROCESS

Striking Defendant's sur-replies would deprive the Court of important factual clarifications and legal arguments necessary for a just resolution of this dispute. The Second Circuit has long emphasized that motions to strike should not be granted unless

the material is "redundant, immaterial, impertinent, or scandalous." *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008). Plaintiff's motion does not meet this high bar.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court DENY Plaintiff's Motion to Strike Defendant's Sur-Replies [Docs. 167, 168] in its entirety and consider the substantive arguments raised therein. Alternatively may the court see this as a Motion to Withdraw Docs 167 and 168, and allow the subsequent motions for Sur-Reply with attached briefs and relevant evidence.

Respectfully submitted,

Crystal Stranger

Pro Se Litigant

Date: March 4th, 2025