**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CLEER LLC | : | 3:24-cv-1496-MPS |
| | : | |
| v. | : | DEFENDANT CRYSTAL STRANGER'S |
| | : | REPLY IN SUPPORT OF MOTION FOR |
| CRYSTAL STRANGER et al. | : | MISTRIAL |
| | : | |
| v. | : | |
| | : | |
| DAVID and CARRIE McKEEGAN | : | |
| | : | |

Now comes the undersigned, defendant, Crystal Stranger submits this Reply to Plaintiff Cleer, LLC's Opposition to Defendant's Motion for Mistrial and respectfully requests that the Court grant the Motion based on the substantial prejudice that occurred during the proceedings.

**I. INTRODUCTION**

Plaintiff's Opposition attempts to divert attention from the fundamental issues in this case by mischaracterizing my arguments and shifting blame onto the Defendants for circumstances beyond my control. Contrary to Plaintiff's assertions, the basis for my Motion for Mistrial is not an unwillingness to take responsibility, but rather the significant procedural and substantive errors that rendered the proceedings fundamentally unfair.

1

## II. THE MOTION FOR MISTRIAL IS TIMELY

Plaintiff's assertion that Defendant's Motion for Mistrial is untimely is without merit. While some objections must be raised contemporaneously, the law recognizes that a motion for mistrial is appropriate when the full extent of prejudice becomes clear, and it is filed within a reasonable timeframe thereafter.

The Second Circuit has held that motions for mistrial must be raised at a time when the court can remedy the prejudice but does not require an immediate objection if the harm is not immediately apparent. Courts have consistently found that where prejudice is discovered post-hearing but before judgment, a mistrial motion is timely. *See United States v. DiTommaso*, 817 F.2d 201, 219 (2d Cir. 1987) (motion for mistrial filed days after prejudicial event was considered timely because prejudice became clear only upon further review).

Here, Defendant's Motion for Mistrial was filed five days after the hearing, before a final verdict was entered, and well within a reasonable timeframe given the complexity of the issues at hand and that the transcript was not even yet available at that time. Courts have consistently found that where prejudice is discovered post-hearing but before judgment, a mistrial motion is timely. Additionally, Plaintiff has failed to demonstrate any prejudice resulting from the timing of the motion. *See United States v. Taylor*, 562 F.2d 1345, 1364 (2d Cir. 1977) (finding that mistrial motions should not be dismissed as untimely absent a showing of prejudice to the opposing party). Given that

no final ruling had been issued, the Court retained full discretion to consider the motion without causing undue delay or harm to Plaintiff.

Thus, because the prejudicial impact of the procedural irregularities only became fully apparent after the hearing and before a final verdict, Defendant's Motion for Mistrial was timely filed and should be considered on its merits

### III. PROCEDURAL ERRORS PREJUDICED DEFENDANT

**A. Denial of Continuance**

Plaintiff inaccurately portrays the circumstances surrounding my absence on the second day of the hearing. The record reflects that my counsel, Mr. Harrison, indicated his intent to request a continuance, and that I reasonably relied on this representation. Plaintiff's attempt to frame this as an attempt to control the Court's schedule is misleading. However, it did sound like Mr. Harrison in his cold-medicine ladled mind had tried to file for a continuance from this portion of the second day hearing transcript:

THE COURT: Well, there hasn't been a motion to continue filed, has there?

MR. HARRISON: No, Your Honor. We were supposed to confer with you this morning about that.

(Exhibit A, PI Hearing Transcript, 245:7-10)

The failure to grant a continuance resulted in a hearing where I was deprived of the opportunity to present my case in chief, thereby violating my fundamental right to due process.

### B. Ineffective Assistance of Counsel

Defendant was further prejudiced by the ineffective representation of prior counsel, who failed to take critical actions necessary for my defense. Plaintiff's Opposition incorrectly suggests that ineffective assistance cannot serve as a basis for a mistrial in a civil case. However, when counsel's deficiencies result in the exclusion of key evidence and a failure to object to improper questioning, a new trial is warranted to prevent manifest injustice.

While the Sixth Amendment right to effective assistance of counsel applies primarily in criminal proceedings, courts have recognized that in certain civil cases, particularly where fundamental rights or quasi-criminal penalties are at stake, inadequate representation may justify relief. The Supreme Court has held that due process requires "fundamentally fair" proceedings, which can be undermined by ineffective counsel. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 33 (1981).

In civil matters, ineffective assistance may serve as grounds for a new trial when counsel's errors result in manifest injustice, particularly where crucial evidence is excluded or procedural protections are ignored. *See MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998) (recognizing that attorney incompetence may justify relief in extraordinary cases).

Even in the second day of the Preliminary Injunction hearing it was obvious how ineffective my counsel was, when he said things like, "And based on that alone, she took off" and "She's in, I think, Poughkeepsie. I'm not sure." (Ex A, Id., 245:3-6) These statements are not beneficial to me as a client, he had no idea where I was, and hadn't made any effort to find out as he hadn't even tried to phone or text me to let me know the trial was proceeding. The only communication I received was an email, when he knew that I often did not receive emails from him on my phone because they would be flagged as spam. Thus, given the substantial impact of prior counsel's deficiencies on the fairness of the proceedings, a new trial or reconsideration is warranted to prevent manifest injustice.

### C. Prejudicial Evidence and Argument

Plaintiff argues that the admitted evidence speaks for itself. However, the evidence was presented in a manner that denied Defendant a fair opportunity to respond. This prejudice was even alluded to by the court when the suggestion to move ahead arose:

THE COURT: You know, there's a couple different ways we could proceed. I could hold her in contempt, potentially issue a capias for her to come and testify, that's one route. Or -- and this may be the more advantageous avenue for your client, I don't know, is to say you've put in your evidence. And Attorney Harrison, if you want to call Mr. McKeegan to the stand and put in -- you can call whatever witnesses you want to call, Attorney Harrison, right? We're here for the hearing. And conclude today. But I'm

not going to continue this hearing. We are all here. It was clear that we had a hearing today. You're here today even though you have COVID. And this hearing is going to close today. I've been provided no justification for why this hearing has to be continued and why the Court's and the parties' resources need to continue to be drained.

    MR. MUSEKAMP: Your Honor, the second option is fine with us. That's, I think, how we'd like to proceed. We will rest. I would ask just that the other exhibits that I was going to use be admitted. I ask for an adverse inference that -- obviously they say what they say, Your Honor, and you can read them. But since she's not here to testify and I can't cross her, I think they all should come in.

    (Ex B. Id. 246:20-247:19)

The court and Plaintiff attorney knew full well that continuing the hearing without me being present and allowing all the Plaintiff's evidence without any ability to object would prejudice me, but they fully allowed this to happen. I was prejudiced in that even though I had travelled half way around the world at substantial expense and personal injury in order to have my day in court and testify in my defense, as a continuation was not allowed because it would inconvenience the court I was not given the opportunity I had travelled so far to gain.

## IV. A NEW TRIAL IS WARRANTED TO PREVENT MANIFEST INJUSTICE

    Under Fed. R. Civ. P. 59(a)(2) and 61, a new trial is appropriate when a refusal to grant relief would be inconsistent with substantial justice. In the motion I have

demonstrated that I was denied the opportunity to fully and fairly present my case due to procedural irregularities and ineffective counsel. Granting a mistrial is necessary to ensure that this case is adjudicated on its merits rather than on procedural missteps and undue prejudice.

## **V. CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant the Motion for Mistrial and order a new remote trial to ensure fundamental fairness and due process.

Respectfully submitted,

Crystal Stranger

Pro Se Litigant

Date: March 6th, 2025