IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC | 3:24-cv-1496-MPS |
| v. | |
| CRYSTAL STRANGER et al. | DEFENDANT CRYSTAL STRANGER'S REPLY IN SUPPORT OF MOTION FOR CONTEMPT (DOC 140) |
| v. | |
| DAVID and CARRIE McKEEGAN | |

Now comes the undersigned defendant Crystal Stranger ("Defendant") hereby submits this reply to Plaintiff Cleer LLC's ("Plaintiff" or "Cleer") Opposition to Defendant's Motion for Contempt. Plaintiff's Opposition fails to refute the clear and convincing evidence of its contemptuous conduct and instead mischaracterizes Defendant's motion as frivolous, without addressing the core issues at hand.

## I. PLAINTIFF HAS FAILED TO REFUTE ITS NONCOMPLIANCE WITH COURT ORDERED PROCEDURES

Contrary to Plaintiff's assertion, Defendant's Motion for Contempt is not baseless. Plaintiff's reliance on *In re Stein & Day Inc.*, 83 B.R. 221 (Bankr. S.D.N.Y. 1988), is misplaced, as conduct tending to obstruct or interfere with the orderly administration of justice also qualifies as contempt of court. As in, *Reliable Enterprises, Inc. v. Superior*

1

*Court*, "in a case of indirect contempt, the court need not state evidentiary facts supporting an ultimate finding of willful violation of an order. Such a finding will be upheld in a case of indirect contempt if it is supported by substantial evidence." 158 Cal.App.3d at p. 614 Furthermore, the standard for a contempt order to recite every essential factor applies only to direct contempt cases, where there is no formal filing or serving of charging documents. However, in indirect contempt cases, as is the case here, the key consideration is that the record must include the findings upon which the contempt order is based. (See *In re Morelli* (1970), 11 Cal. App. 3d 819, 850-851) Plaintiff's continued misrepresentation of financial records and interference with witnesses are clear violations warranting contempt.

## II. DEFENDANT HAS PROVIDED SUFFICIENT EVIDENCE TO SUPPORT THE MOTION

Plaintiff claims that Defendant's Motion lacks evidentiary support, yet Defendant has submitted substantial documentation demonstrating Plaintiff's noncompliance. Plaintiff ignores the fact that multiple communications and exhibits have been presented detailing its obstructive conduct. Defendant's allegations are not unsupported accusations but are instead grounded in documented instances of misconduct by Plaintiff.

## III. PLAINTIFF'S ACTIONS CONSTITUTE SANCTIONABLE CONDUCT

Plaintiff's Opposition attempts to downplay the gravity of its actions, particularly with respect to witness tampering. Plaintiff's counsel's interference with subpoenaed

witnesses, including Nicolle Wiseman, is not a routine procedural matter but a deliberate attempt to obstruct justice. The record reflects that Plaintiff engaged in ex parte communications with Ms. Wiseman, seeking to influence her response to Defendant's subpoena. This conduct is not only improper but directly undermines the integrity of the judicial process.

Plaintiff's attempt to shift blame to Defendant by showing an email sent to Lindsey Anderson is misplaced, as I had been directed to send this communication on behalf of Plaintiff's counsel, who refused to send a new subpoena with the revised conditions, as agreed upon between the attorneys. Mr. Musekamp is fully aware of this, as he reached out to Ms. Anderson by email stating, "As counsel for Stranger may have already advised you, your compliance with items 1 and 2 is not required at this time." (Exhibit A, at 2). Thus the two situations were completely different as neither my attorney nor I had directed Mr. Musekamp to reach out to Ms. Wiseman to tell her not to provide evidence. Plaintiff's counsel here continues to try and shift blame and create another false narrative, in order to obscure from view their own transgression.

## IV. PLAINTIFF'S FALSE STATEMENTS TO THE COURT REGARDING ITS BUSINESS OPERATIONS

Plaintiff falsely represented to the Court that its principal place of business is in Connecticut. As Defendant has previously demonstrated, Cleer's operations are not centralized in Connecticut, and Plaintiff's own filings and corporate documents contradict its assertion that Ridgefield, Connecticut, serves as its "nerve center."

In the original complaint Plaintiff stated, "Cleer is a Wyoming limited liability company with its principal place of business located in Michigan." (Complaint, Doc 1, at 2:4) Later in the amended complain they magically switched to being headquartered in Connecticut. (Amended Complaint, Doc 55, at 2:5)

Also, the original complaint stated, "Cleer has two members who both reside in Connecticut." (Complaint, Doc 1, at 2:5). However, at trial Plaintiff testified:

Q. Okay. Have you said at different times that you are a resident of Connecticut

A. No, I don't believe so.

Q. For example, did you say in the verified complaint that you maintain United States residency in Connecticut?

A. No. I said I have a residence in Connecticut, meaning I own a home.

(Ex. B, PI Hearing, 146:1-8)

This statement was based on the clever wording of the Amended Complaint where it stated that "Cleer has two members who maintain United States residencies in Connecticut and who operate Cleer out of Connecticut when in the United States." This clever change of wording from the first complaint that clearly said "Cleer has two members who both **reside** in Connecticut" to the amended complaint wording was clearly an intentional misstatement of fact to give Mr. McKeegan that out in testimony he so conveniently used.

Even when being sworn in to testify David McKeegan stated he was not a resident of Connecticut, but rather is transitory in his residence:

THE CLERK: Give us your city and state of employment.

THE WITNESS: I work remotely, so it's wherever I happen to be. Ridgefield, Connecticut, as of yesterday.

(Ex. C, PI Hearing, 25:16-19)

Plaintiff's intentional deception and continued failure to correct these errors of fact, despite being aware of the truth of both the residency statement being false and the headquarters location being the same since the time he filed the original complaint, warrants scrutiny. The Court relies on accurate factual representations to make informed decisions, and misleading the Court in this manner undermines the administration of justice.

Plaintiff's misleading statements on this point are material to the proceedings and further justify a finding of contempt.

## V. PLAINTIFF'S REQUEST FOR SANCTIONS AGAINST DEFENDANT IS UNFOUNDED

Plaintiff's attempt to shift blame onto Defendant by characterizing her as a vexatious litigant is wholly unsubstantiated. Defendant has brought legitimate concerns before the Court, supported by documentary evidence. Plaintiff's citation to cases involving pro se litigants engaging in abusive filings is inapplicable here, as Defendant's

Motion is a direct response to Plaintiff's ongoing violations of standard court practices. Plaintiff's request for sanctions against Defendant is a mere distraction from its own misconduct.

Plaintiff's counsel further referenced Local Rule 16(g) as a mechanism to prohibit Defendant from filing any further documents unless monetary sanctions were paid in full, seemingly in an attempt to deprive me of my constitutional rights of Due Process and to a fair trial. This request appears to violate Connecticut Rule of Professional Conduct 8.4(4), which prohibits attorneys from engaging in conduct that is prejudicial to the administration of justice. Seeking monetary sanctions not as a legitimate deterrent against bad-faith filings, and as a means to silence an opposing party constitutes an abuse of the legal process. The Court should not permit Plaintiff's counsel to use sanctions as a tool for suppressing Defendant's right to access the judicial system, particularly in light of Plaintiff's own litigation conduct.

## **VI. CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion for Contempt, impose appropriate sanctions against Plaintiff for its repeated violations of court orders, and grant such further relief as the Court deems just and proper.

Respectfully submitted,

Crystal Stranger

Pro Se Litigant

Date: March 4th, 2025