# Exhibit A

 Gmail	Crystal Stranger <crystalstranger@gmail.com>

## Fwd: Subpoena - Cleer LLC v. Stranger, et al.
1 message

**Lindsey Anderson** <lindsey@zalesskylaw.com>	Fri, Jan 24, 2025 at 7:05 PM
To: Crystal Stranger <crystalstranger@gmail.com>

   THREAD.

Yours Sincerely,
Lindsey Anderson
Business Manager
lindsey@zalesskylaw.com
720-343-4246



**Confidentiality Note:** *The information contained in this email and document(s) attached are for the exclusive use of the addressee and may contain copyrighted, confidential, privileged and non-disclosable information. If the recipient of this email is not the addressee, such recipient is strictly prohibited from reading, photocopying, distributing or otherwise using this email or its contents in any way.*

---------- Forwarded message ---------
From: **Lindsey Anderson** <lindsey@zalesskylaw.com>
Date: Thu, Jan 23, 2025 at 6:07 PM
Subject: Re: Subpoena - Cleer LLC v. Stranger, et al.
To: Cohn, Evan <ECohn@taftlaw.com>
Cc: Musekamp, George B. <GMusekamp@taftlaw.com>, Maria Zalessky <maria@zalesskylaw.com>

You must have missed that I also said "documents".  Please see original email highlighted below.  This will also include Cleer after 1/1/2024 per subpoena.

Thank you for reading.  Wishing you all the best
Lindsey

On Thu, Jan 23, 2025 at 5:15 PM Cohn, Evan <ECohn@taftlaw.com> wrote:
> Lindsey,
>
> You should be producing more than just your conversations with Crystal about Optic Tax.  Again, your full compliance with Items 3 through 6 of the subpoena is required, so please be sure to review and completely respond to what we've requested.
>
> We appreciate it.
>
> Thanks,
>
> Evan
>
>> On Jan 23, 2025, at 8:10 PM, Lindsey Anderson <lindsey@zalesskylaw.com> wrote:
>>
>> I received the subpoena Monday 1/10.  I was told via email from Crystal to ignore items 1 & 2 on Monday 1/17.  So if that's no "evolving", when I have not received any revised documents from you in the meantime, I'm not sure how I'm supposed to interpret that second-hand information except that it changed two days before my supposed deadline.
>>
>> And No, I am not an attorney, but I have emails that copy both me and Maria regarding her Matter, so I'll let Maria provide those if they meet the order as I would guess those are covered under Maria's agreement.
>>
>> I will deliver whatever communications / documents you requested between Crystal and I regarding Optic Tax as requested.
>>
>> Yours Sincerely,
>> Lindsey Anderson
>> Business Manager
>> lindsey@zalesskylaw.com
>> 720-343-4246

*Confidentiality Note:* The information contained in this email and document(s) attached are for the exclusive use of the addressee and may contain copyrighted, confidential, privileged and non-disclosable information. If the recipient of this email is not the addressee, such recipient is strictly prohibited from reading, photocopying, distributing or otherwise using this email or its contents in any way.

On Thu, Jan 23, 2025 at 4:46 PM Cohn, Evan <ECohn@taftlaw.com> wrote:
Lindsey,

Thanks for the response. There are no evolving requirements. In fact, we've reduced what we're requesting by two items, so that should make things easier for you.

The communications you've had with Crystal that we've requested are not privileged, as you're not an attorney. So, that shouldn't be an issue.

I understand this might not be convenient timing, but you're already overdue. Please get us responsive information by tomorrow, and we'll expect a timely response from Ms. Zalessky.

Please don't hesitate to let us know if you have any questions.

Thanks,

Evan

> On Jan 23, 2025, at 7:32 PM, Lindsey Anderson <lindsey@zalesskylaw.com> wrote:

> Hello,

> Yes, I was informed of the change on Monday of this week when I was off for the holiday, and was conferring with my boss and Crystals' former attorney Maria Zalessky about what of our communications were covered by attorney/client privilege, as I too work for Zalessky Law. So, 7 working days to collect all this stuff with a change 5 days into it is not very much time.

> The limited waiver of attorney / client privilege was only received by our office yesterday, Wednesday 1/22/25. Given those changes, I will have to revise what I am collecting, if there is anything that applies or does not apply with both.

> It is my full intention to comply with the subpoena, but given that the requirements and what is covered seem to be evolving, I respectfully ask you to revise the deadline as you have revised the requirements, so we have time for Maria to review what I have collected to ensure compliance with both subpoenas.

> Thank you for your patience and understanding.

> Yours Sincerely,
> Lindsey Anderson
> Business Manager
> lindsey@zalesskylaw.com
> 720-343-4246



Zalessky Law Group
Estates * Families * Injuries
ZalesskyLaw.com

*Confidentiality Note:* The information contained in this email and document(s) attached are for the exclusive use of the addressee and may contain copyrighted, confidential, privileged and non-disclosable information. If the recipient of this email is not the addressee, such recipient is strictly prohibited from reading, photocopying, distributing or otherwise using this email or its contents in any way.

>> On Thu, Jan 23, 2025 at 11:35 AM Cohn, Evan <ECohn@taftlaw.com> wrote:
>> Lindsey,

>> You received a subpoena from our office in the above-referenced case. Your responses to the subpoena were due yesterday, but we've received nothing from you. As counsel for Stranger may have already advised you, your compliance with items 1 and 2 is not required at this time. Please fully respond to all other items today, as your responses are now overdue.

>> Thanks,

>> Evan



Evan H. Cohn
Attorney
ECohn@taftlaw.com

**Dir:** 513.357.9687
**Tel:** 513.381.2838  |  **Fax:** 513.381.0205
425 Walnut Street, Suite 1800
Cincinnati  Ohio 45202-3957

taftlaw.com



Taft has expanded to the Mountain West region with the addition of Sherman & Howard, a prominent 130-year-old law firm.  Now over 1,000 attorneys strong.  Learn more **here.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.