**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CLEER LLC | : 3:24-cv-1496-MPS |
| | : |
| v. | : |
| | : |
| CRYSTAL STRANGER et al. | : DEFENDANT CRYSTAL STRANGER'S |
| | : NOTICE OF APPEAL |
| | : |
| v. | : |
| | : |
| DAVID and CARRIE McKEEGAN | : |
| | : |

NOTICE IS HEREBY GIVEN that Defendant Crystal Stranger appeals to the United States Court of Appeals for the Second Circuit from the Order entered by the United States District Court for the District of Connecticut on March 3, 2025 (ECF No. 164), which denied Defendants' motion to compel Plaintiff to produce a narrowly tailored client list and to modify the Temporary Restraining Order (TRO) to permit lawful communication under the First Amendment and to assert Due Process rights.

This appeal challenges the District Court's refusal to compel disclosure of a client list while simultaneously enforcing a broad TRO, which violates Defendants' rights under the Due Process Clause and the First Amendment of the United States Constitution. The District Court's decision imposes an overbroad and unconstitutional

prior restraint on Defendants' commercial speech and deprives them of fair notice regarding the scope of the TRO's enforcement.

Defendant had tried to resolve this issue without asking the appeals court to intervene by filing a Motion to Clarify (Doc 165), to determine if the Plaintiff's opinion was shared by the court that all communications are barred under the TRO, because any email could be a communication with a prospective Cleer client, as anyone in the world could want to start a business. Rather than issue a ruling to clarify the order, the court set a deadline for responses to March 25th, 2025 (Doc 166). As the interpretation of the TRO by Plaintiff is a total bar on communications, and hence a violation of my First Amendment rights, it is not reasonable to wait another month for clarity on this issue. Thus I respectfully submit this appeal to hopefully have some clarification as to whether I need to abandon my livelihood and stop communicating fully, as the court has chosen to order, or if the appeals court will uphold my civil liberties.

Hence Defendant Crystal Stranger respectfully requests that the United States Court of Appeals for the Second Circuit review and reverse the District Court's Order.

Respectfully submitted,

Crystal Stranger

Pro Se Litigant

Date: March 6th, 2025

2