UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | : : : : : : : : : : : | Case No. 3:24-cv-01496-MPS<br><br>Judge Michael P. Shea<br>Magistrate Judge Maria E. Garcia<br><br>**PLAINTIFF CLEER LLC'S OPPOSITION TO DEFENDANT CRYSTAL STRANGER'S MOTION FOR BOND** |
| Plaintiff, | | |
| v. | | |
| CRYSTAL STRANGER, et al., | | |
| Defendants. | | |

For the same reasons Plaintiff Cleer LLC ("Cleer") has already stated in its Proposal Regarding Security Under Rule 65 ("Proposal") (*see* Doc. 39), good cause existed and continues to exist for the Court to waive bond for Cleer under the temporary restraining order ("TRO"). (*See* Doc. 34). Under Federal Rule of Civil Procedure 65(c), a court may waive the requirement for security when issuing a temporary restraining order ("TRO") "for good cause shown and recited in the order." Bond is unnecessary when there is no evidence that an injunction will cause harm to the defendants. *Doctor's Associates, Inc. v. Distajo*, 107 F.3d 126, 136 (2d Cir. 1997). This Court has previously granted a TRO and waived bond in cases involving breaches of nonsolicitation agreements and misappropriation of confidential information where the defendant would not suffer harm. *Westport Res. Mgmt., Inc. v. Delaura*, No. 3:16-CV-00873 (VAB), 2016 WL 3546218, at *5 (D. Conn. June 23, 2016).

Good cause existed for the Court to waive security in this case, and Defendant Crystal Stranger has done nothing to show why Cleer should post bond. Ms. Stranger had an opportunity at the preliminary injunction hearing to present her defense to the equitable relief Cleer has already

1

obtained and still seeks against her. Instead, as Cleer has now had to unnecessarily brief on many occasions due to Ms. Stranger's frivolous and vexatious filings, Ms. Stranger blew off her day in court, skipped the second day of the preliminary injunction hearing, and instead went to the Apple Store. Throughout this litigation, Cleer has presented substantial, undisputed, and verified evidence of Ms. Stranger's misconduct. There is no proof that Ms. Stranger or Defendant Optic Tax Inc. ("Optic Tax") have suffered any legitimate harm from the TRO preventing them from soliciting Cleer's clients and employees or using its confidential information—actions that Ms. Stranger and Optic Tax are already contractually prohibited from taking. In any event, Ms. Stranger's request for bond will be rendered moot by the Court's ruling on Cleer's Motion for Preliminary Injunction.

During the portion of the preliminary injunction hearing Ms. Stranger actually attended, she admitted to soliciting Cleer's clients and employees, merging Cleer's customer distribution list with Optic Tax's, and sending mass emails to Cleer's current, former, and prospective clients. Ms. Stranger also conceded that she registered the Cleer.tax domain during her employment with and for the benefit of Cleer. Ms. Stranger and Optic Tax face no harm from being enjoined from unfairly competing with Cleer in violation of agreements Ms. Stranger voluntarily signed. Simply put, Ms. Stranger suffers no harm warranting bond when her only injury is Cleer's rightful act of preventing her from harvesting the fruits of her own illicit endeavors.

Based on the foregoing, Cleer respectfully requests that the Court deny Ms. Stranger's Motion for Bond.

171309128v1

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel:  (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 969-3109
Fax: (203) 969-3150
Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that on March 14, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

                 */s/ George B. Musekamp*

171309128v1