UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | Case No. 3:24-cv-01496-MPS |
| | Judge Michael P. Shea |
| | Magistrate Judge Maria E. Garcia |
| Plaintiff, | |
| | **PLAINTIFF CLEER LLC'S MOTION FOR CLARIFICATION OF RECOMMENDED RULING ON MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| CRYSTAL STRANGER, et al., | |
| Defendants. | |

Plaintiff Cleer, LLC ("Cleer") respectfully requests that the Court clarify its March 20, 2025 Recommended Ruling on Motion for Preliminary Injunction ("Recommendation"), and instruct Defendant Crystal Stranger to take all necessary steps to transfer the Cleer.tax domain to Cleer within 24 hours of the Court's Order.

In its Motion for Preliminary Injunction, Cleer requested that the Court "direct Stranger, her agents, and all other persons acting in concert with her to transfer the Cleer.tax domain name to Cleer." [Doc. 12]. In its Proposed Findings of Fact and Conclusions of law, Cleer requested an injunction requiring Ms. Stranger, "within 24 hours of this Order, [to] take all actions required to return to Cleer the domain Cleer.tax." [Doc. 145]

On March 20, 2025, the Court entered its Recommendation granting Cleer's Motion for Preliminary Injunction. [Doc. 182, p. 33]. As to the Cleer.tax domain, the Court made findings of fact that Cleer was the rightful owner of the Cleer.tax domain, including:

- "Later that day, to ensure the company secured Internet domains with "Cleer" in the name, Stranger registered Cleer.tax for the company while McKeegan registered Cleertax.com. Hrg. Tr. 66:6-67:15; 68:5-69:10; Pl. Exs. 105 at 1-3; 106, 107." (*Id.* at p. 4);

1

- "Stranger testified that she registered Cleer.tax 'for the company.'" Hrg. Tr. 203:2-6. (*Id.*);

- "In a May 26, 2022 email from Stranger to McKeegan, she wrote,

    > *We* could try to buy Cleer.com also, it isn't listed for sale, but *we* could use a broker service to try to contact the owner and buy it. The .com domain is dormant right now and isn't being used by any other company, it is just siting. *We* could use the .tax to rebrand in the interim, or as a backup if we can't use the other domain. I bought it, just to make sure *we* don't get sniped when googling and looking at the name. But doesn't seem like much shows up on google searches for that with the .com being dormant, so I think *we* could have a pretty easy SEO [search engine optimization] path with the name with either extension.

    Pl. Hrg. Ex. 105 at 2 (emphasis added). Stranger testified that 'we' in this email is referring to the company, Cleer. Hrg. Tr. 202:2-203:5." (*Id.*);

- "During the logo development and trademarking process, Stranger never objected or claimed to own the domain Cleer.tax. Hrg. Tr. 94:20-23; 188:22-25." (*Id.* at p. 6); and

- "Stranger was initially agreeable to transferring the domain but attempted to use her control over Cleer.tax as leverage as she departed Cleer. She responded to each of McKeegan's requests to transfer the domain with a new excuse as to why she should or could not, comply with his request, **despite having no right to withhold Cleer's property**. Hrg. Tr. 100; Pl. Hrg. Exs. 120, 151, 152." (*Id.* at p. 10) (emphasis added).

The Court further made the following Conclusions of Law:

- "The evidence shows Cleer.tax domain was acquired by Stranger in the course of her employment and that she was acting on behalf of Cleer when she obtained the Cleer.tax domain . . . ." (*Id.* at p. 23).

- "Cleer has met its burden of establishing that it will sustain irreparable injury if a preliminary injunction is not issued **based on the loss of control of its domain Cleer.tax** caused by Stranger's and Optic Tax's continued use of the domain pending a final decision on the merits. (*Id.* at p. 24) (emphasis added).

Finally, the Court rejected any argument of Ms. Stranger as to her ownership of the Cleer.tax domain: "the Court considered the remainder of Defendants' arguments and finds them to be without merit." (*Id.* at p. 33, fn. 9).

In the Conclusion, the Court granted the Motion for Preliminary Injunction and held that "Stranger and her employees, contractors, agents, companies (including but not limited to Optic Tax), and all persons in active concert or participation with, through, or under her, are enjoined and restrained from:

. . .

5. Using, operating and maintaining the Domain Name, Cleer.tax;

6. Transferring the domain names to third parties without the Court's consent prior to a permanent resolution of this action on the merits; and"

[Doc. 182].

Cleer understands that the injunction on Ms. Stranger that prevents her from "maintaining" the Domain Name means that Ms. Stranger cannot retain, keep, hold, or control Cleer.tax. However, it did not instruct Ms. Stranger to take action to immediately transfer the domain to Cleer which addresses what happens with the Domain Name in the absence of Ms. Stranger being allowed to keep it. It appears that a Paragraph 7 was inadvertently deleted from the Court's Recommendation which likely addressed this point given the hanging "and."

Because the Court's Findings of Fact and Conclusions of Law state that Ms. Stranger has no right to Cleer.tax and Cleer will suffer irreparable harm based on the loss of control of the Domain Name, Cleer respectfully requests that the Court clarify the Recommendation so that Ms. Stranger is required to immediately transfer the Domain Name to Cleer within 24 hours of the Court's Order.

    Respectfully submitted,

    */s/ George B. Musekamp*
    George B. Musekamp (PHV)
    Evan H. Cohn (PHV)
    Taft Stettinius & Hollister LLP
    425 Walnut Street, Suite 1800

        Cincinnati, Ohio 45202
        Tel:  (513) 381-2838
        Fax: (513) 381-0205
        gmusekamp@taftlaw.com
        ecohn@taftlaw.com

        Michael S. O'Malley, Esq. (CT31784)
        Ogletree, Deakins, Nash,
        Smoak & Stewart P.C.
        281 Tresser Boulevard
        Stamford, CT 06901
        Tel: (203) 969-3109
        Fax: (203) 969-3150
        Michael.O'Malley@ogletree.com

        *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on March 20, 2025, the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

        */s/ George B. Musekamp*