### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC | : 3:24-cv-1496-MPS |
| | : |
| v. | : |
| | : DEFENDANT CRYSTAL STRANGER'S |
| CRYSTAL STRANGER et al. | : SECOND NOTICE OF APPEAL |
| | : |
| v. | : |
| | : |
| DAVID and CARRIE McKEEGAN | : |

NOTICE IS HEREBY GIVEN that Defendant-Appellant, Crystal Stranger, pursuant to 28 U.S.C. §1291 and Federal Rules of Appellate Procedure 3 and 4, appeals to the United States Court of Appeals for the Second Circuit from the District Court's Order denying Defendant's Motion for a Mistrial, entered on March 20th, 2025 (ECF No. 185).

Defendant-Appellant respectfully submits that the District Court's denial of a new evidentiary hearing violated her constitutional right to due process under the Fifth and Fourteenth Amendments, for the following reasons:

1. **Denial of a Continuance Despite Counsel's Severe Illness**

The District Court improperly construed Defendant's Motion for Mistrial as a Motion for a New Hearing, yet the motion was made timely prior to a verdict being issued. Furthermore, the court failed to acknowledge that Defendant's due process

rights were violated when her counsel was forced to proceed while severely ill with COVID-19 and unable to provide competent representation. The District Court erred in finding that counsel's illness did not impact the proceeding's outcome, despite undisputed evidence that counsel suffered from uncontrollable coughing fits, difficulty speaking, and inability to effectively argue or introduce critical evidence.

2.     **Defendant's Absence Was a Direct Result of Counsel's Representation**

The District Court incorrectly placed the blame on Defendant-Appellant for failing to appear at the second day of the evidentiary hearing, despite clear record evidence that counsel informed Defendant-Appellant that he would seek a continuance. The District Court improperly penalized Defendant for relying on counsel's representations, effectively denying her a fair opportunity to present her case.

3.     **Abuse of Discretion in Denying a New Hearing**

The District Court's ruling failed to account for the substantial procedural irregularities that deprived Defendant of her ability to adequately defend against Plaintiff's claims. Additionally, the failure to allow a new evidentiary hearing violated fundamental principles of due process, as Defendant was denied the ability to present key evidence and give testimony in her defense.

4.     **Prejudicial Impact on the Outcome**

The errors in this case fundamentally altered the outcome of the proposed ruling on the preliminary injunction hearing. In the verdict the court claimed., "Defendant introduced all the exhibits they sought to introduce" but this is not a correct statement as

my prior attorney had prepared a binder of 25 exhibits submitted to the court and opposing counsel as evidence, and out of that only two pieces of evidence were admitted on the record. If this proposed ruling is issued as a final ruling, this will deprive Defendant-Appellant of property rights in earning an income and in the domain name at dispute. The improper denial of a fair and meaningful hearing resulted in undue prejudice against Defendant-Appellant, warranting appellate review and reversal.

    For these reasons, Defendant-Appellant respectfully requests that the Second Circuit vacate the District Court's Order and remand for a new evidentiary hearing with appropriate procedural safeguards.

    Respectfully submitted,

    Crystal Stranger

    Pro Se Litigant

    Date: March 21st, 2025