IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC | : | 3:24-cv-1496-MPS |
| | : | |
| v. | : | |
| | : | |
| CRYSTAL STRANGER et al. | : | DEFENDANT CRYSTAL STRANGER'S |
| | : | MOTION TO STAY PROCEEDINGS |
| | : | |
| v. | : | |
| | : | |
| DAVID and CARRIE McKEEGAN | : | |

Defendant Crystal Stranger respectfully moves for an emergency stay of proceedings pending the resolution of her appeal concerning the denial of her motion for a mistrial and her First Amendment claims. The recommended ruling on motion for preliminary injunction (PI) threatens to irreparably harm Ms. Stranger by depriving her of property rights, specifically her right to earn wages and ownership in a domain name, without full discovery and a fair trial on the merits to raise all the issues and mount affirmative defenses. This motion is grounded in the necessity to prevent such irreparable harm and to ensure that the appellate court has an opportunity to review the due process concerns raised by the alleged mistrial and the significant First Amendment violations raised in the first appeal, before a final ruling is issued on the PI.

Courts consider four primary factors when deciding whether to grant a stay pending appeal: These factors are not applied rigidly; rather, courts balance them, with the potential for irreparable harm and the likelihood of success on appeal being

particularly significant. This balancing approach was elucidated in *Nken v. Holder* 556 U.S. 418, where the Supreme Court noted that these factors are interconnected and should be considered collectively:

1.  **Likelihood of Success on the Merits**: The second appeal filed raises substantial due process concerns stemming from the denial of the motion for mistrial. My counsel's severe illness during critical proceedings compromised my right to effective representation. The district court's refusal to grant a continuance under these circumstances presents a compelling argument that my due process rights were violated. Such constitutional issues warrant serious consideration on appeal, indicating a reasonable likelihood of success.

2.  **Irreparable Harm**: The enforcement of the provisions in the recommended ruling would result in losing my ability to earn a livelihood and the disputed property rights in the domain name, constituting irreparable harm. Loss of employment income and control over a domain name are damages not easily quantifiable or compensable by monetary means, and the court has further denied the motion for bond. Courts have recognized that deprivation of property interests, especially those affecting one's livelihood, constitutes irreparable harm. For instance, in *State v. Gudenschwager*, the court acknowledged that irreparable injury includes harm that cannot be adequately remedied by monetary damages. 191 Wis. 2d 431, 441 (Wis. 1995)

3.     **Harm to Other Parties**: Granting a stay would maintain the status quo without substantially harming the Plaintiff. The Plaintiff's interests can be adequately protected through the existing TRO and other legal remedies, and a brief delay pending appeal is unlikely to cause significant prejudice.

4.     **Public Interest**: The public interest favors ensuring that judicial proceedings are conducted fairly and that individuals' constitutional rights are protected. Granting a stay supports the integrity of the legal process and maintains public confidence in the judicial system. Furthermore, given the complexity of tax compliance, especially for individuals and businesses with international or startup-related tax issues, finding a qualified tax professional on such short notice is highly difficult, if not impossible.

Balancing these factors, a stay of proceedings is warranted to prevent irreparable harm and to allow for appellate review of substantial due process and First Amendment issues. Therefore, I respectfully request that the Court grant this motion to stay proceedings pending the outcome of my appeal.

Respectfully submitted,

Crystal Stranger

Pro Se Litigant

Date: March 21st, 2025