IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC | : 3:24-cv-1496-MPS |
| | : |
| v. | : |
| | : |
| | : DEFENDANT CRYSTAL STRANGER'S |
| CRYSTAL STRANGER et al. | : MEMORANDUM IN OPPOSITION TO |
| | : PLAINTIFF CLEER, LLC'S MOTION |
| v. | : FOR CLARIFICATION OF |
| | : RECOMMENDED RULING ON |
| DAVID and CARRIE McKEEGAN | : MOTION FOR PRELIMINARY |
| | : INJUNCTION |

Defendant Crystal Stranger respectfully submits this opposition to Plaintiff Cleer, LLC's ("Cleer") Motion for Clarification of Recommended Ruling on Motion for Preliminary Injunction [Doc. 186].

## I. **INTRODUCTION**

Cleer's motion is a thinly veiled attempt to obtain substantive modifications to the Court's Recommended Ruling under the guise of "clarification." The requested relief, compelling Defendant Crystal Stranger to transfer the Cleer.tax domain name to Cleer within 24 hours, was not notably absent from the Court's Recommendation, as the domain was clearly addressed on line 5 of the recommended ruling. Cleer's attempt to retroactively insert such a directive raises significant concerns, particularly given the

1

suspiciously prompt nature of its request and its apparent awareness of the Court's internal drafting process.

## II. PLAINTIFF'S REQUEST FOR CLARIFICATION IS IMPROPER AND PROCEDURALLY DEFICIENT

### A. Plaintiff Seeks a Substantive Modification, Not a Clarification

A motion for clarification should be used to resolve genuine ambiguities, not to alter the substantive content of a court's order. Courts routinely reject attempts to disguise requests for reconsideration as mere clarifications. See *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011) (holding that a motion for clarification cannot be used to alter or amend a final judgment) and *Resolution Trust Corp. v. KPMG Peat Marwick, et al.*, No. 92–1373, 1993 WL 211555, at *2 (E.D.Pa. June 8, 1993) ("The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend.")

Here, the Court's Recommendation expressly enjoins me from "maintaining" the Cleer.tax domain and from transferring it to third parties without Court approval. Plaintiff asserts that the language leaves a "gap" that must be filled by an immediate transfer directive. However, the plain language of the ruling indicates no such omission; rather, Plaintiff is attempting to rewrite the Recommendation to secure relief the Court did not grant.

**B. Suspicious Timing and Potential Impropriety in Plaintiff's Communications with the Court**

Cleer's rapid response—filing its motion within hours of the Court's Recommendation—raises concerns about whether Plaintiff had improper ex parte communications with the Court or access to an earlier draft of the ruling. Notably, Cleer's counsel emailed Ms. Esposito at the Court merely five hours after the ruling was issued, raising a highly specific question about a purportedly "missing" paragraph. (Ex. A) The peculiar precision of Cleer's inquiry suggests prior knowledge of the Court's internal drafting process, which, if confirmed, would represent a serious procedural impropriety.

Moreover, the claim that the "and" at the end of Paragraph 6 necessarily indicates a missing directive is speculative at best. The sentence structure could just as easily indicate that the final clause was intended to flow into the subsequent paragraph regarding the denial of the motion for bond, as how I had read the end of Paragraph 6. Plaintiff's assertion that a directive for immediate transfer was "inadvertently deleted" is either pure conjecture, or shows they had prior knowledge of a leaked earlier draft and were expecting an additional paragraph which was not there.

## III. PLAINTIFF HAS FAILED TO ESTABLISH THE NECESSITY FOR IMMEDIATE TRANSFER

Even if the Court were to consider modifying its Recommendation, Cleer has failed to establish any urgency or irreparable harm justifying an immediate transfer. The

Court's existing language ensures that the domain is neither maintained nor transferred to third parties, preserving the status quo pending final resolution of this case. Cleer's request for a 24-hour transfer mandate is both excessive and unsupported by the Court's findings.

## IV. CONCLUSION

For the foregoing reasons, Crystal Stranger respectfully requests that the Court deny Cleer's Motion for Clarification. Please note that I further intend to file a separate objection to Document 182, the Court's Recommended Ruling on Motion for Preliminary Injunction, in due course, but it seemed urgent that this motion be addressed first, due to the nature of this request and the immediacy that is being requested by the Plaintiff without grounds showing necessity, and thus threatening to deprive me of property without a trial on the merits.

Respectfully submitted,
*/s/ Crystal Stranger*
Crystal Stranger
Pro Se Litigant

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 21st, 2025, the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

*/s/ Crystal Stranger*