# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, <br><br> Plaintiff, <br><br> v. <br><br> CRYSTAL STRANGER, et al., <br><br> Defendants. | Case No. 3:24-cv-01496-MPS <br><br> Judge Michael P. Shea <br> Magistrate Judge Maria E. Garcia <br><br> **PLAINTIFF CLEER LLC'S REPLY IN SUPPORT OF MOTION FOR CLARIFICATION** |

Defendant Crystal Stranger has again stepped way over the line. She continues to make outrageous allegations against the Court, Cleer, and counsel—this time accusing everyone of unethical collusion. In her Opposition, Ms. Stranger writes:

> Cleer's rapid response—filing its motion within hours of the Court's Recommendation—raises concerns about whether **Plaintiff had improper ex parte communications with the Court or access to an earlier draft of the ruling**. Notably, Cleer's counsel emailed Ms. Esposito at the Court merely five hours after the ruling was issued, raising a highly specific question about a purportedly "missing" paragraph. (Ex. A) **The peculiar precision of Cleer's inquiry suggests prior knowledge of the Court's internal drafting process, which, if confirmed, would represent a serious procedural impropriety**.
>
> . . .
>
> Plaintiff's assertion that a directive for immediate transfer was 'inadvertently deleted' is either pure conjecture, or **shows they had prior knowledge of a leaked earlier draft and were expecting an additional paragraph which was not there**.

(Doc. 189 at 3 (emphasis added)). As the Court can confirm, neither Plaintiff nor its counsel have had any *ex parte* communications with the Court, much less about its "internal drafting process" or to get a sneak peek of the TRO as Ms. Stranger preposterously suggests. Ms. Stranger cannot

1

be allowed to continue making these ridiculous, unfounded allegations against the Court and Cleer without repercussions.

In any event, Ms. Stranger's Opposition highlights why Cleer filed this Motion: "Here, the Court's Recommendation expressly enjoins me from 'maintaining' the Cleer.tax domain and from transferring it to third parties without Court approval. Plaintiff asserts that the language leaves a 'gap' that must be filled by an immediate transfer directive." (Doc. 189 at 2). Ms. Stranger hits the nail on the head. Under the Recommended Ruling, there is a gap—Ms. Stranger cannot "maintain" the Cleer.tax domain and she cannot transfer it to third parties without Court approval. So, what is she to do with it other than transfer it back to Cleer, its rightful owner as the Court found in its Recommendation? That is the "gap" Cleer respectfully asks the Court to clarify.

For these reasons, Cleer respectfully requests that the Court clarify the Recommendation so that Ms. Stranger is required to immediately transfer the Domain Name to Cleer within 24 hours of the Court's Order.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel:  (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

171942063v1

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 969-3109
Fax: (203) 969-3150
Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

171942063v1

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on March 21, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

                                       */s/ George B. Musekamp*