APPEAL,EFILE,MEG,MOTREF,PROSE,REFCNF,REFDIS,SDV

# U.S. District Court
## District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:24−cv−01496−MPS

Cleer LLC v. Stranger et al
Assigned to: Judge Michael P Shea
Referred to: Judge Maria E. Garcia
        Judge S. Dave Vatti (Settlement)
Cause: 28:1331 Fed. Question: Breach of Contract

Date Filed: 09/18/2024
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Federal Question

**Plaintiff**

**Cleer LLC**
*formerly known as*
Greenback Business Services LLC
*doing business as*
Cleer Tax

represented by **George Musekamp**
Taft Stettinus & Hollister LLP
425 Walnut Street
Ste 1800
Cincinnati, OH 45202
513−357−9453
Fax: 513−381−0205
Email: GMusekamp@taftlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Seamus O'Malley**
Ogletree, Deakins, Nash, Smoak & Stewart P.C.
281 Tresser Boulevard
Suite 602
Stamford, CT 06901
203−969−3109
Email: michael.o'malley@ogletree.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Evan Cohn**
Taft Stettinus & Hollister LLP
425 Walnut Street
Ste 1800
Cincinnati, OH 45202
614−327−7613
Email: ecohn@taftlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Crystal Stranger**

represented by **Crystal Stranger**
30 N Gould St.
Ste 3088
Sheridan, WY 82801
310−739−7699
Email: crystalstranger@gmail.com
PRO SE

**Alan Harrison**
Alan Harrison
6 West River St #112
Milford, CT 06460
203−212−9996
Email: alan@sandollar−law.net
*TERMINATED: 02/11/2025*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**Optic Tax Inc.**                                represented by   **Optic Tax Inc.**
                                                                   PRO SE

                                                                   **Alan Harrison**
                                                                   (See above for address)
                                                                   *TERMINATED: 02/26/2025*
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

**Notice**

**Alan Harrison**                                represented by   **Alan Harrison**
                                                                   (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Crystal Stranger**                             represented by   **Alan Harrison**
                                                                   (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**David McKeegan**                               represented by   **George Musekamp**
                                                                   (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Crystal Stranger**                             represented by   **Alan Harrison**
                                                                   (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Carrie McKeegan**                              represented by   **George Musekamp**
                                                                   (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Cleer LLC**                                    represented by   **George Musekamp**
                                                                   (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Michael Seamus O'Malley**
                                                                   (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Evan Cohn**
                                                                   (See above for address)

ATTORNEY TO BE NOTICED

**Counter Defendant**

**David McKeegan**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/18/2024 | 1 | COMPLAINT against Crystal Stranger, Optic Tax Inc. ( Filing fee $405 receipt number ACTDC–7908154.), filed by Cleer LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(O'Malley, Michael) Modified on 9/18/2024 to correct parties and parties filed against(Hushin, Z.). (Entered: 09/18/2024) |
| 09/18/2024 | 2 | First Disclosure Statement by Cleer LLC . (O'Malley, Michael) Modified on 9/18/2024 to correct party(Hushin, Z.). (Entered: 09/18/2024) |
| 09/18/2024 | 3 | Notice: Pursuant to Federal Rule of Civil Procedure 7.1, a disclosure statement must be filed with a party's first appearance, pleading, petition, motion, response, or other request addressed to the Court and must be supplemented if any required information changes during the case.<br>Signed by Clerk on 9/18/24.(Hushin, Z.) (Entered: 09/18/2024) |
| 09/18/2024 | | Judge Janet C. Hall and Judge Maria E. Garcia added. (Oliver, T.) (Entered: 09/19/2024) |
| 09/18/2024 | 4 | Order on Pretrial Deadlines: Amended Pleadings due by 11/18/2024 Discovery due by 3/21/2025 Dispositive Motions due by 4/25/2025<br>Signed by Clerk on 9/18/2024.(Barry, L.) (Entered: 09/19/2024) |
| 09/18/2024 | 5 | ELECTRONIC FILING ORDER FOR COUNSEL – PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER<br>Signed by Judge Janet C. Hall on 9/18/2024.(Barry, L.) (Entered: 09/19/2024) |
| 09/18/2024 | 6 | Standing Protective Order<br>Signed by Judge Janet C. Hall on 9/18/2024.(Barry, L.) (Entered: 09/19/2024) |
| 09/18/2024 | 7 | Notice of Option to Consent to Magistrate Judge Jurisdiction.<br>(Barry, L.) (Entered: 09/19/2024) |
| 09/18/2024 | 8 | Standing Order re: Discovery.<br>Signed by Judge Janet C. Hall on 9/18/2024.(Barry, L.) (Entered: 09/19/2024) |
| 09/19/2024 | 9 | NOTICE TO COUNSEL/SELF–REPRESENTED PARTIES : Counsel or self–represented parties initiating or removing this action are responsible for serving all parties with attached documents and copies of 4 Order on Pretrial Deadlines, 5 Electronic Filing Order, 2 Disclosure Statement filed by Cleer LLC, 7 Notice of Option to Consent to Magistrate Judge Jurisdiction, 3 Notice re: Disclosure Statement, 8 Standing Order re: Discovery, 1 Complaint, filed by Cleer LLC, 6 Standing Protective Order<br>Signed by Clerk on 9/19/2024.(Barry, L.) (Entered: 09/19/2024) |
| 09/20/2024 | | Request for Clerk to issue summons as to Crystal Stranger. (O'Malley, Michael) (Entered: 09/20/2024) |
| 09/20/2024 | | Request for Clerk to issue summons as to Optic Tax Inc.. (O'Malley, Michael) (Entered: 09/20/2024) |
| 09/23/2024 | 10 | ELECTRONIC SUMMONS ISSUED in accordance with Fed. R. Civ. P. 4 and LR 4 as to *Crystal Stranger* with answer to complaint due within *21* days. Attorney *Michael Seamus O'Malley* *Ogletree, Deakins, Nash, Smoak & Stewart P.C.* *281 Tresser Boulevard Suite 602* *Stamford, CT 06901*. (Barry, L.) (Entered: 09/23/2024) |
| 09/23/2024 | 11 | ELECTRONIC SUMMONS ISSUED in accordance with Fed. R. Civ. P. 4 and LR 4 as to *Optic Tax Inc.* with answer to complaint due within *21* days. Attorney *Michael Seamus O'Malley* *Ogletree, Deakins, Nash, Smoak & Stewart P.C.* *281 Tresser Boulevard Suite 602* *Stamford, CT 06901*. (Barry, L.) (Entered: |

| | | |
|---|---|---|
| | | 09/23/2024) |
| 09/24/2024 | 12 | MOTION for Temporary Restraining Order by Cleer LLC. (Attachments: # 1 Memorandum in Support)(O'Malley, Michael) (Entered: 09/24/2024) |
| 09/24/2024 | 13 | PROPOSED ORDER re 12 MOTION for Temporary Restraining Order by Cleer LLC. (O'Malley, Michael) (Entered: 09/24/2024) |
| 09/26/2024 | 14 | MOTION for Attorney(s) George B. Musekamp to be Admitted Pro Hac Vice by Cleer LLC. (O'Malley, Michael) Modified on 9/27/2024 to note the $200 filing fee was received (Barry, L.). (Entered: 09/26/2024) |
| 09/26/2024 | 15 | MOTION for Attorney(s) Evan H. Cohn to be Admitted Pro Hac Vice by Cleer LLC. (O'Malley, Michael) Modified on 9/27/2024 to note the $200 filing fee was received (Barry, L.). (Entered: 09/26/2024) |
| 09/26/2024 | 16 | ORDER granting 14 Motion to Appear Pro Hac Vice for Attorney George B. Musekamp. Certificate of Good Standing due by 11/25/2024. Signed by Clerk on 9/26/2024. (Barry, L.) (Entered: 09/26/2024) |
| 09/26/2024 | 17 | ORDER granting 15 Motion to Appear Pro Hac Vice for Attorney Evan H. Cohn. Certificate of Good Standing due by 11/25/2024. Signed by Clerk on 9/26/2024. (Barry, L.) (Entered: 09/26/2024) |
| 09/26/2024 | 18 | ORDER OF TRANSFER. Case reassigned to Judge Michael P Shea for all further proceedings.<br>Signed by Judge Janet C. Hall on 9/26/2024. (Barry, L.) (Entered: 09/26/2024) |
| 09/27/2024 | 19 | ORDER TO SHOW CAUSE: Plaintiff has a filed a 12 motion for temporary restraining order and motion for a preliminary injunction. Plaintiff shall serve a copy of its 1 verified complaint, the 12 motion and supporting memorandum, and a copy of this order on the defendants and shall file proof of such service on the docket by October 8, 2024.<br><br>By October 16, 2024, defendants shall show cause why the relief requested in the plaintiff's motion should not issue.<br><br>A telephonic conference is scheduled for October 22, 2024 at 1 pm. Chambers will email counsel the dial−in information.<br><br>Signed by Judge Michael P. Shea on 9/27/24. (Constantine, A.) (Entered: 09/27/2024) |
| 09/27/2024 | | Set Deadlines/Hearings: Defendants Show Cause Response due by 10/16/2024; A Telephonic Status Conference is set for 10/22/2024 at 01:00 PM in Remote Setting before Judge Michael P Shea. (Sichanh, C) (Entered: 09/30/2024) |
| 10/01/2024 | 20 | Memorandum in Opposition re 12 MOTION for Temporary Restraining Order filed by Optic Tax Inc., Crystal Stranger. (Attachments: # 1 Exhibit Exhibits A−C)(Harrison, Alan) (Entered: 10/01/2024) |
| 10/01/2024 | 21 | NOTICE of Appearance by Alan Harrison on behalf of Optic Tax Inc., Crystal Stranger (Harrison, Alan) (Entered: 10/01/2024) |
| 10/01/2024 | 22 | Disclosure Statement by Optic Tax Inc.. (Harrison, Alan) (Entered: 10/01/2024) |
| 10/01/2024 | 23 | NOTICE of Appearance by George Musekamp on behalf of Cleer LLC (Musekamp, George) (Entered: 10/01/2024) |
| 10/01/2024 | 24 | CERTIFICATE OF GOOD STANDING re 14 MOTION for Attorney(s) George B. Musekamp to be Admitted Pro Hac Vice (includes a request to waive the fee) by Cleer LLC. (Musekamp, George) (Entered: 10/01/2024) |
| 10/02/2024 | 25 | NOTICE of Appearance by Evan Cohn on behalf of Cleer LLC (Cohn, Evan) (Entered: 10/02/2024) |
| 10/02/2024 | 26 | CERTIFICATE OF GOOD STANDING re 15 MOTION for Attorney(s) Evan H. Cohn to be Admitted Pro Hac Vice (includes a request to waive the fee) by Cleer LLC. (Cohn, Evan) (Entered: 10/02/2024) |

| 10/08/2024 | 27 | SUMMONS Returned Executed by Cleer LLC. Optic Tax Inc. served on 10/3/2024, answer due 10/24/2024. (Attachments: # 1 Signed green card)(Cohn, Evan) (Entered: 10/08/2024) |
|---|---|---|
| 10/08/2024 | 28 | SUMMONS Returned Executed by Cleer LLC. Crystal Stranger served on 9/30/2024, answer due 10/21/2024. (Attachments: # 1 Signed green card)(Cohn, Evan) (Entered: 10/08/2024) |
| 10/08/2024 | 29 | SUMMONS Returned Executed by Cleer LLC. (Attachments: # 1 Signed green card (Suite R))(Cohn, Evan) (Entered: 10/08/2024) |
| 10/08/2024 | 30 | OBJECTION re 29 Summons Returned Executed, 28 Summons Returned Executed *(defective service of process)* by Crystal Stranger. (Harrison, Alan) (Entered: 10/08/2024) |
| 10/11/2024 | 31 | REPLY to Response to 12 MOTION for Temporary Restraining Order filed by Cleer LLC. (Attachments: # 1 Exhibit 1 – Declaration of David McKeegan)(Cohn, Evan) (Entered: 10/11/2024) |
| 10/20/2024 | 32 | MOTION to Dismiss *under Rules 12(b)(5) and (6)* by Crystal Stranger.Responses due by 11/10/2024 (Attachments: # 1 Memorandum in Support, # 2 Affidavit)(Harrison, Alan) (Entered: 10/20/2024) |
| 10/20/2024 | 33 | MOTION to Dismiss *under Rules 12(b)(2) and (6)* by Optic Tax Inc..Responses due by 11/10/2024 (Attachments: # 1 Memorandum in Support)(Harrison, Alan) (Entered: 10/20/2024) |
| 10/22/2024 | 34 | TEMPORARY RESTRAINING ORDER: For the reasons stated in the attached order, the Court grants the plaintiff's Motion for Temporary Restraining Order as set forth herein.

The Clerk of the Court shall refer this case to a Magistrate Judge to conduct a settlement conference.

A preliminary injunction hearing is scheduled for January 29, 2025 at 9 am until 4 pm. In anticipation, the parties shall engage in expedited discovery, to begin immediately. Further details are set forth in the attached order.

Signed by Judge Michael P. Shea on 10/22/24. (Constantine, A.) (Entered: 10/22/2024) |
| 10/22/2024 | 35 | Minute Entry for Proceedings held before Judge Michael P Shea: A Telephonic Motion Hearing held on 10/22/2024 re 12 MOTION for Temporary Restraining Order filed by Cleer LLC; granting 12 Motion for Temporary Restraining Order. Total Time: 1 hour and 3 minutes(Court Reporter Julie Monette.) (Sichanh, C) (Entered: 10/23/2024) |
| 10/22/2024 | 36 | NOTICE OF E–FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. A Preliminary Injunction Hearing is set for 1/29/2025 at 09:00 AM in Courtroom Three, 450 Main St., Hartford, CT before Judge Michael P Shea. (Sichanh, C) (Entered: 10/23/2024) |
| 10/23/2024 | 37 | ORDER REFERRING CASE to Magistrate Judge S. Dave Vatti for settlement conference.
Signed by Judge Michael P Shea on 10/23/2024.(Sichanh, C) (Entered: 10/23/2024) |
| 10/24/2024 | 38 | NOTICE OF E–FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. A pre–settlement telephonic status conference has been set for **10/29/2024 at 4:00 p.m.** before Judge S. Dave Vatti. The purpose of the call is to discuss scheduling and any information exchange/discovery necessary to make the conference most meaningful. A date for the settlement conference will be set during the telephone call. As the Court will require parties or their representatives with settlement authority to attend the settlement conference, counsel should obtain dates of unavailability from their clients over the next ninety days and have their own calendars available to aid in scheduling. If either counsel/party develops a firm, unavoidable conflict on 10/29/2024 at 4:00 p.m., s/he should not file a motion for continuance but rather should call Chambers (203) |

| | | |
|---|---|---|
| | | 579–5593 as soon as possible with opposing counsel on the line to work out an alternate day and time for the pre–settlement telephonic status conference. Parties should dial **866–434–5269**, to connect to the conference and enter access code **2006808**.(Ellis, B) (Entered: 10/24/2024) |
| 10/28/2024 | [39](#) | NOTICE by Cleer LLC *of Proposal Regarding Security Under Rule 65* (Musekamp, George) (Entered: 10/28/2024) |
| 10/28/2024 | [40](#) | Joint STATUS REPORT *Regarding Defendant Crystal Stranger's Personal Laptop* by Cleer LLC. (Musekamp, George) (Entered: 10/28/2024) |
| 10/29/2024 | [41](#) | AFFIDAVIT re [32](#) MOTION to Dismiss *under Rules 12(b)(5) and (6)* Signed By Crystal Stranger filed by Crystal Stranger. (Attachments: # [1](#) Exhibit Whatsapp screenshot, # [2](#) Exhibit Gmail)(Harrison, Alan) (Entered: 10/29/2024) |
| 10/29/2024 | [42](#) | AFFIDAVIT re [33](#) MOTION to Dismiss *under Rules 12(b)(2) and (6)* Signed By Crystal Stranger filed by Optic Tax Inc.. (Attachments: # [1](#) Exhibit Stripe revenue statement, # [2](#) Exhibit Stripe explanation of unattributed revenuer)(Harrison, Alan) (Entered: 10/29/2024) |
| 10/29/2024 | 43 | Minute Entry for proceedings held before Judge S. Dave Vatti: A pre–settlement telephonic status conference held on 10/29/2024. Total Time: 9 minutes. (Ellis, B) (Entered: 10/29/2024) |
| 10/30/2024 | [44](#) | ORDER. A Settlement Conference is set for 12/9/2024 at 10:00 a.m. before Judge S. Dave Vatti. Please see the attached Settlement Conference Order for detailed instructions and deadlines. Signed by Judge S. Dave Vatti on 10/30/2024. (Ellis, B) (Entered: 10/30/2024) |
| 10/30/2024 | 45 | NOTICE OF E–FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. A Settlement Conference is set for 12/9/2024 at 10:00 a.m. in Magistrate Judge Courtroom, 4th Floor, Room 435, 915 Lafayette Blvd., Bridgeport, CT before Judge S. Dave Vatti. (Ellis, B) (Entered: 10/30/2024) |
| 10/30/2024 | [46](#) | MOTION for Protective Order *regarding 30(b)(6) deposition* by Crystal Stranger.Responses due by 11/20/2024 (Attachments: # [1](#) Affidavit)(Harrison, Alan) (Entered: 10/30/2024) |
| 10/30/2024 | [47](#) | MOTION for Protective Order *regarding individual deposition* by Crystal Stranger.Responses due by 11/20/2024 (Attachments: # [1](#) Affidavit)(Harrison, Alan) (Entered: 10/30/2024) |
| 10/30/2024 | [48](#) | MOTION to Expedite re [47](#) MOTION for Protective Order *regarding individual deposition*, [46](#) MOTION for Protective Order *regarding 30(b)(6) deposition* by Crystal Stranger. (Harrison, Alan) (Entered: 10/30/2024) |
| 10/30/2024 | 49 | ORDER: The defendant Stranger's motions (ECF Nos. [46](#) , [47](#) , and [48](#) ) are DENIED for failure to comply with the undersigned's "Instructions for Discovery Disputes" which appears on the Court's website. The parties are instructed to meet and confer in a good faith effort to resolve their dispute. The scheduling of depositions is a matter that counsel should be able to resolve without the need for Court intervention. The Court strongly suggests that, while in–person depositions are generally preferable, Plaintiff should make reasonable efforts to schedule depositions involving the same witness (in individual and corporate capacities) at a time that will permit travel arrangements to be made and will permit the witness to testify on consecutive days, to the extent multiple days are even necessary. <br><br> Signed by Judge Michael P. Shea on 10/30/24. (Constantine, A.) (Entered: 10/30/2024) |
| 11/05/2024 | [50](#) | MOTION for Protective Order *against settlement conference and 30(b)(6) deposition* by Optic Tax Inc..Responses due by 11/26/2024 (Harrison, Alan) (Entered: 11/05/2024) |
| 11/05/2024 | [51](#) | Second MOTION for Protective Order *against settlement conference and individual deposition* by Crystal Stranger.Responses due by 11/26/2024 (Harrison, Alan) (Entered: 11/05/2024) |

| 11/05/2024 | 52 | TRANSCRIPT of Proceedings: Type of Hearing: Telephonic Motion Hearing. Held on 10/22/2024 before Judge Michael P. Shea. Court Reporter: Julie Monette. **IMPORTANT NOTICE – REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 11/26/2024. Redacted Transcript Deadline set for 12/6/2024. Release of Transcript Restriction set for 2/3/2025. (Monette, Julie) (Entered: 11/05/2024) |
| 11/06/2024 | 53 | ORDER: The defendants' motions for a protective order (ECF Nos. 50 , 51 ) are denied for failure to comply with the undersigned's discovery instructions. Further, Stranger's motion 51 is denied on the merits because she has notice of the proceeding and the deposition and has submitted to the personal jurisdiction of the Court. With regard to Optic Tax's motion 50 , the Court will not consider it to be a waiver of Optic Tax's challenge to personal jurisdiction that it participated in a settlement conference and therefore denies the motion for protective order by Optic Tax with respect to participation in a settlement conference.<br><br>The plaintiff's response to Optic Tax's pending motion to dismiss based on lack of personal jurisdiction 33 is due November 10, 2024.<br><br>Signed by Judge Michael P. Shea on 11/6/24. (Constantine, A.) (Entered: 11/06/2024) |
| 11/06/2024 | 54 | Set Deadlines as to 33 MOTION to Dismiss *under Rules 12(b)(2) and (6).* Plaintiff's Response due by 11/10/2024. (Sichanh, C) (Entered: 11/07/2024) |
| 11/08/2024 | 55 | AMENDED COMPLAINT *for Damages, Temporary Restraining Order, and Preliminary and Permanent Injunction* against Optic Tax Inc., Crystal Stranger, filed by Cleer LLC. (Attachments: # 1 Exhibit A – Registration for Cleer, # 2 Exhibit B – Application for Cleer.tax, # 3 Exhibit C – Operating Agreement, # 4 Exhibit D – Membership Vesting Agreement, # 5 Exhibit E – Letter)(Musekamp, George) (Entered: 11/08/2024) |
| 11/08/2024 | 56 | Amended Disclosure Statement by Cleer LLC. (Musekamp, George) (Entered: 11/08/2024) |
| 11/19/2024 | 57 | Second MOTION to Dismiss for Lack of Jurisdiction by Optic Tax Inc..Responses due by 12/10/2024 (Attachments: # 1 Memorandum in Support)(Harrison, Alan) (Entered: 11/19/2024) |
| 11/19/2024 | 58 | Second MOTION to Dismiss *for lack of service under Rule 12(b)(5)* by Crystal Stranger.Responses due by 12/10/2024 (Attachments: # 1 Memorandum in Support, # 2 Affidavit)(Harrison, Alan) (Entered: 11/19/2024) |
| 11/19/2024 | 59 | MOTION to Continue *settlement conference pending decisions of motions to dismiss* by Optic Tax Inc.. (Harrison, Alan) (Entered: 11/19/2024) |
| 11/19/2024 | 60 | AFFIDAVIT re 58 Second MOTION to Dismiss *for lack of service under Rule 12(b)(5)* Signed By Crystal Stranger filed by Crystal Stranger. (Harrison, Alan) (Entered: 11/19/2024) |
| 11/22/2024 | 61 | ORDER: For the reasons stated in the attached ruling, Stranger's motions to dismiss the complaint under Fed. R. Civ. P. 12(b)(5) (ECF Nos. 32 , 58 ) and motion to continue the settlement conference (ECF No. 59 ) are denied.<br><br>The Court exercises its discretion under Rule 4(f)(3) to permit service on Stranger by serving her counsel. Given the particular facts of this case – including the urgency of the plaintiff's motion for a preliminary injunction, the Court's order requiring expedited discovery in anticipation of a settlement conference and a preliminary injunction hearing, Stranger's actual notice of the proceedings and consent to personal jurisdiction, and finally, the plaintiff's attempt to serve her, the Court finds that |

|  |  | allowing such alternate service of process is appropriate under the circumstances. |
|---|---|---|
|  |  | Accordingly, Plaintiff shall forthwith serve the original summons, the complaint, and the amended complaint on Stranger's counsel by email and overnight mail, and shall file proof of such service on or before November 29, 2024. |
|  |  | Signed by Judge Michael P. Shea on 11/22/24. (Constantine, A.) (Entered: 11/22/2024) |
| 11/22/2024 | 62 | ORDER: Optic Tax's motion to dismiss under Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (ECF No. 33 ) is denied as moot in light of the subsequently filed amended complaint (ECF No. 55 ). Signed by Judge Michael P. Shea on 11/22/24. (Constantine, A.) (Entered: 11/22/2024) |
| 11/22/2024 | 63 | ORDER: Stranger's motion to dismiss under Fed. R. Civ. P. 12(b)(6) (ECF No. 32 ) is denied as moot in light of the subsequently filed amended complaint. (ECF No. 55 ) Signed by Judge Michael P. Shea on 11/22/24. (Constantine, A.) (Entered: 11/22/2024) |
| 11/25/2024 | 64 | MOTION service on counterclaim defendants through counsel by Crystal Stranger.Responses due by 12/16/2024 (Harrison, Alan) (Entered: 11/25/2024) |
| 11/26/2024 | 65 | ANSWER to 55 Amended Complaint, with Affirmative Defenses and Special Defenses , COUNTERCLAIM against Cleer LLC, David McKeegan, Carrie McKeegan by Crystal Stranger. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Harrison, Alan) (Entered: 11/26/2024) |
| 11/26/2024 | 66 | ORDER: Stranger has filed an Answer with Affirmative Defenses and a Counterclaim, which lacks a caption but appears to add as defendants David McKeegan and Carrie McKeegan. Stranger's request under Fed. R. Civ. P. 4(f)(3) that she be permitted to serve David McKeegan and Carrie McKeegan by serving their counsel, George Musekamp (ECF No. 64 ) is granted. Accordingly, Stranger shall forthwith serve her Answer and counterclaim on Attorney Musekamp by email and overnight mail, and shall file proof of such service on or before November 29, 2024. Signed by Judge Michael P. Shea on 11/26/24. (Constantine, A.) (Entered: 11/26/2024) |
| 11/26/2024 | 67 | NOTICE by Cleer LLC re 61 Order on Motion to Dismiss,,,,,,,,,, Order on Motion to Continue,,,, *Plaintiff's Notice of Proof of Service of Summons, Complaint and Amended Complaint on Defendants' Counsel* (Attachments: # 1 Exhibit A – Email to counsel, # 2 Exhibit B – Federal Express delivery receipt)(Musekamp, George) (Entered: 11/26/2024) |
| 11/27/2024 | 68 | CERTIFICATE OF SERVICE by Crystal Stranger re 65 Answer to Amended Complaint,, Counterclaim, (Harrison, Alan) (Entered: 11/27/2024) |
| 12/03/2024 | 69 | MOTION to Continue *settlement conference and preliminary injunction hearing* by Crystal Stranger. (Attachments: # 1 Exhibit)(Harrison, Alan) (Entered: 12/03/2024) |
| 12/03/2024 | 70 | ORDER: A telephonic status conference is scheduled for Thursday, December 5, 2024 at 3:30pm. Chambers will email counsel the dial–in information. Signed by Judge Michael P. Shea on 12/3/24. (Constantine, A.) (Entered: 12/03/2024) |
| 12/03/2024 | 71 | ORDER: Defendant Stranger's motion 69 to continue the settlement conference is denied. In light of the parties' agreement, Ms. Stranger may participate in the conference via videoconference. Her attendance is mandatory. The Court will discuss the motion regarding the preliminary injunction hearing as well as other matters during the conference call Thursday. Signed by Judge Michael P. Shea on 12/3/24. (Constantine, A.) (Entered: 12/03/2024) |

| | | |
|---|---|---|
| 12/03/2024 | | Set Hearings: Telephonic Status Conference is set for 12/5/2024 at 03:30 PM in Remote Setting before Judge Michael P Shea. (Sichanh, C) (Entered: 12/05/2024) |
| 12/04/2024 | 72 | NOTICE OF E–FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. **RESET FROM In–Person to Zoom**. A Settlement Conference is set for 12/9/2024 at 10:00 a.m. before Judge S. Dave Vatti. **The Court will distribute the Zoom information to the parties via email.** (Ellis, B) (Entered: 12/04/2024) |
| 12/05/2024 | 73 | Minute Entry for proceedings held before Judge Michael P Shea: Telephonic Status Conference held on 12/5/2024. TOTAL TIME: 35 minutes(Court Reporter Julie Monette.) (Sichanh, C) (Entered: 12/05/2024) |
| 12/05/2024 | 74 | ORDER: As stated during today's conference call,<br><br>1.   By close of business Tuesday, December 10, 2024, defendant Stranger shall ship and file on the docket proof of expedited shipping to plaintiff's counsel of the 2023 laptop (currently in a closet) with tracking information. She shall also file on the docket the make, model, and serial number of the laptop, along with an image of the device. The information on the laptop is designated as confidential, Attorneys' Eyes Only, accessible only to plaintiff's counsel, plaintiff's counsel's forensic expert, and defense counsel; provided, however, that defense counsel may not delay transmission of the laptop to plaintiff's counsel at this point on the theory that he needs time to review the information. That could have been done previously, and an injunction hearing is fast approaching.<br><br>2. The plaintiff's motion to continue the preliminary injunction hearing (ECF No. 69 ) is denied without prejudice. Any further request to postpone the hearing shall be filed by no later than January 13, 2025 and accompanied by a robust and detailed showing of medical evidence demonstrating that Ms. Stranger is preventing from flying because of a medical condition. This should include, at a minimum, a detailed letter from a physician, medical records, and an affidavit from Ms. Stranger explaining when she contracted this condition, what steps she has taken to obtain treatment, the current state of her symptoms, when she has or has had any appointments for treatment, and any steps she might take to fly safely while she has the condition. Plaintiff's counsel, Plaintiff's clients, Ms. Stranger, and Defense Counsel are hereby ordered to continue holding the January 29 date for the hearing and to expect the hearing to proceed at that time.<br><br>3. The Court takes the plaintiff's request for discovery from OpticTax under advisement pending the Court's review of the plaintiff's opposition to the defendant's motion to dismiss. (ECF No. 57)<br><br>Signed by Judge Michael P. Shea on 12/5/24. (Constantine, A.) (Entered: 12/05/2024) |
| 12/09/2024 | 75 | Minute Entry for proceedings held before Judge S. Dave Vatti: Settlement Conference held on 12/9/2024. Total Time: 4 hours and 28 minutes. The case did not settle. The Settlement Judge will reach out by phone to counsel in approximately two weeks to determine if some further expedited discovery has created any impetus for re–starting discussions. (Ellis, B) (Entered: 12/10/2024) |
| 12/10/2024 | 76 | EXHIBIT *(evidence of shipping laptop)* by Crystal Stranger re 74 Order on Motion to Continue,,,,,,,.. (Harrison, Alan) (Entered: 12/10/2024) |
| 12/10/2024 | 77 | Memorandum in Opposition re 57 Second MOTION to Dismiss for Lack of Jurisdiction filed by Cleer LLC. (Attachments: # 1 Exhibit A – Connecticut Business Tax Guide)(Musekamp, George) (Entered: 12/10/2024) |
| 12/13/2024 | 78 | MOTION for Extension of Time until January 17, 2025 to Answer, Respond, or Otherwise Move in Response to Third–Party Complaint by Cleer LLC. (Musekamp, George) (Entered: 12/13/2024) |

| 12/16/2024 | 79 | REPLY to Response to 57 Second MOTION to Dismiss for Lack of Jurisdiction filed by Optic Tax Inc.. (Attachments: # 1 Exhibit Exhibit P, # 2 Exhibit Exhibit Q)(Harrison, Alan) (Entered: 12/16/2024) |
|---|---|---|
| 12/16/2024 | 80 | MOTION for Leave to File Sur–Reply in Opposition to Defendant Optic Tax Inc.'s Motion to Dismiss Instanter by Cleer LLC.Responses due by 1/6/2025 (Attachments: # 1 Exhibit A – Proposed Sur–Reply)(Musekamp, George) (Entered: 12/16/2024) |
| 12/16/2024 | 81 | ORDER: The Court's schedule for January is in flux due to trial obligations. The parties should continue to hold the dates of January 29 and 31, 2025 for the preliminary injunction hearing. In the event that the Court has to move the hearing, the parties should also hold open February 5 and 6, 2025.<br><br>The parties are on notice that even if defendant Stranger establishes to the Court's satisfaction that she is unable to fly, the Court would likely not move the hearing but rather would proceed by having her testify remotely.<br><br>Signed by Judge Michael P. Shea on 12/16/24. (Constantine, A.) (Entered: 12/16/2024) |
| 12/18/2024 | 82 | ANSWER to 65 Answer to Amended Complaint,, Counterclaim, by Cleer LLC.(Musekamp, George) (Entered: 12/18/2024) |
| 12/18/2024 | 83 | ORDER: The McKeegans' motion 78 for an extension of time until January 17, 2025 in which to respond to the complaint is granted.<br><br>Signed by Judge Michael P. Shea on 12/18/24. (Constantine, A.) (Entered: 12/18/2024) |
| 12/18/2024 | 84 | ORDER: Cleer's motion (ECF No. 80 ) for leave to file a sur–reply is granted. Cleer shall separately file the sur–reply forthwith.<br><br>Signed by Judge Michael P. Shea on 12/18/24. (Constantine, A.) (Entered: 12/18/2024) |
| 12/18/2024 | | Answer deadline updated for Carrie McKeegan to 1/17/2025; David McKeegan to 1/17/2025. (Sichanh, C) (Entered: 12/19/2024) |
| 12/19/2024 | 85 | REPLY to Response to 57 Second MOTION to Dismiss for Lack of Jurisdiction *Plaintiff Cleer Tax LLC's Sur–Reply in Opposition to Defendant Optic Tax Inc.'s Motion to Dismiss* filed by Cleer LLC. (Attachments: # 1 Exhibit 1 – Declaration of David McKeegan)(Musekamp, George) (Entered: 12/19/2024) |
| 12/20/2024 | 86 | ORDER: The Court has reviewed the briefs related to Defendant Optic Tax's motion to dismiss (ECF Nos. 57 , 77 , 79 , 85 ) and has reviewed again the attached correspondence related to a discovery dispute between the plaintiffs and Optic Tax. After doing so, the Court orders as follows: Optic Tax (and its co–defendant) shall forthwith respond, as a party in this action, to any discovery requests related to its formation, geographical ties, corporate structure, and ownership and control of or by other persons. It shall in the same manner respond to discovery requests relating to its employees and ownership or control of any of the intellectual property or other assets described in the operative complaint, including websites, domain names, and the like – including when that ownership or control began. It shall also respond immediately to any discovery requests related to the "alter ego" theory articulated in the plaintiffs' briefs on the jurisdictional issue. All of this is reasonably characterized as jurisdictional discovery in this case.<br><br>In addition, Optic Tax shall also respond to any discovery requests not falling in the above categories, including requests that might be described as "merits discovery," except that Optic Tax may designate its responses (as long as they are not in the above categories) as being merits discovery, and may, at the preliminary injunction hearing, contend that the Court should not consider any merits discovery in deciding (1) the motion to dismiss, and (2) the motion for preliminary injunction – until it ascertains that Optic Tax is subject to the personal jurisdiction of the Court. Designating certain responses as "merits only," as long as the designation is warranted, will make it easier for the Court and the parties to identify the responses that may be considered as to particular issues. The Court will hear argument on the motion to dismiss at the |

| | | |
|---|---|---|
| | | preliminary injunction hearing, and the parties should proceed forthwith with all discovery related to that hearing.<br><br>If, after the discovery is provided, either party believes there are additional material facts reflected in the discovery and bearing on the jurisdictional issue, that party may file a supplemental brief (not to exceed 10 pages), at least 7 days before the preliminary injunction hearing, and the opposing party may file a response (also not to exceed 10 pages) at least 3 days before the hearing; no replies will be permitted.<br><br>Signed by Judge Michael P. Shea on 12/20/24. (Attachments: # 1 Letter)(Constantine, A.) (Entered: 12/20/2024) |
| 01/10/2025 | 87 | ORDER: The discovery dispute, as set forth in the attached letters, is hereby referred to Magistrate Judge Garcia.<br><br>Signed by Judge Michael P Shea on 1/10/25. (Attachments: # 1 Letter) (Constantine, A.) (Entered: 01/10/2025) |
| 01/10/2025 | 88 | ORDER REFERRING CASE to Magistrate Judge Maria E. Garcia for discovery dispute.<br>Signed by Judge Michael P Shea on 1/10/2025.(Sichanh, C) (Entered: 01/10/2025) |
| 01/10/2025 | 89 | NOTICE regarding hearing via Zoom: The discovery conference scheduled for 1/10/2025 at 4:00 p.m. will be conducted via Zoom.<br><br>Call–in and Public Access Number: 1 646 828 7666<br><br>Meeting ID: 161 524 5293<br><br>Meeting Password: 157174<br><br>*The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.<br><br>NOTICE OF E–FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.<br>Discovery Conference set for **1/10/2025 at 4:00 PM** before Judge Maria E. Garcia. (Santos, S) (Entered: 01/10/2025) |
| 01/10/2025 | 90 | NOTICE OF E–FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. A telephonic status conference is set for **1/16/2025 at 3:00 p.m.** before Judge S. Dave Vatti. To connect to the conference, dial **646 828 7666**, enter **Meeting ID: 161 570 7954** and **Passcode: 336474**. (Ellis, B) (Entered: 01/10/2025) |
| 01/10/2025 | 91 | ORDER granting 87 Plaintiff's Motion to Compel Responses to Request for Production No. 19. ECF No. 87.<br>The Court held an expedited discovery status conference:<br>Based on Defendants' answer to Interrogatory No. 3 and subsequent document production, the Court finds that Defendants have waived the attorney–client privilege as it relates to the enforceability and scope of the restrictive covenant and the ownership of the domain Cleer.tax. *Ghio v. Liberty Insurance Underwriters, Inc.*, 212 Conn. App. 754, 770 (2022) ("The subject matter waiver rule provides that the voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject.") (citation and internal quotation marks omitted). Defendants' objection on the basis of fairness is overruled. As stated at the hearing, Defendants voluntarily waived the |

| | | |
|---|---|---|
| | | privilege and cannot now cherry pick which information they turn over to Plaintiff. The parties agreed that the subject matter of the scope of the waiver of the attorney−client privilege is: (1) the enforceability and scope of the restrictive covenant; and (2) the ownership of the domain Cleer.tax. The parties further agree that the waiver of the attorney client privilege is not prospective and the cut−off date would be January 9, 2025, which was the last date of waiver. *See Nye v Sage Products, Inc.*, 98 F.R.D.452, 454 (N.D. Ill. 1982) (noting that "the court sees no reason for holding that plaintiffs waived privilege as to communications occurring after the act of waiver."). <br> Plaintiff is entitled to documents from any attorneys, including but not limited to the Zalessky law firm and the Sandollar law firm, within the scope of the subject matter and timeframe, up until January 9, 2025, as set forth above. <br> As agreed to by the parties, documents can be redacted to exclude any information not within the subject matter. Responsive documents within Defendants' possession, custody, and control will be produced by 12:00 PM Sunday, January 12, 2025, and Plaintiff will be entitled to inquire at Defendants' deposition. <br> Signed by Judge Maria E. Garcia on 1/10/25. (Esposito, A.) (Entered: 01/10/2025) |
| 01/10/2025 | 93 | Minute Entry. Proceedings held before Judge Maria E. Garcia: granting 87 Motion to Compel; Motion Hearing held on 1/10/2025 re 87 MOTION to Compel; Status Conference held on 1/10/2025. Total Time: 40 minutes (Court Reporter Courtsmart.) (Santos, S) (Entered: 01/13/2025) |
| 01/13/2025 | 92 | ORDER re: 91 Clarifying January 10, 2025 Order. ECF No. 91. <br> On January 13, 2025, the parties sought clarification of the Courts Order dated January 10, 2025, finding that Defendants "waived the attorney−client privilege as it relates to the enforceability and scope of the restrictive covenant and the ownership of the domain Cleer.tax." ECF No. 91. The parties report that Defendants produced documents sent from all attorneys in compliance with the Court's order. The parties now seek clarification "whether the Court means that attorneys should produce all communications sent by attorneys, or whether the Court means that attorneys should produce all communications that [Defendants] have." <br> The January 10, 2025 Order, (ECF No. 91), is clarified as follows: <br> Defendants will produce all communications between all attorneys and Ms. Stranger and on behalf of any of the Defendants (to and from), that are within the scope and time frame, January 9, 2025, of the waiver set forth in the January 10, 2025, Order. ECF No. 91. <br> Signed by Judge Maria E. Garcia on 1/13/25. (Esposito, A.) (Entered: 01/13/2025) |
| 01/14/2025 | 94 | NOTICE by Crystal Stranger re 20 Memorandum in Opposition to Motion *(motion to correct the record)* (Harrison, Alan) (Entered: 01/14/2025) |
| 01/15/2025 | 95 | ANSWER to 65 Answer to Amended Complaint,, Counterclaim, by David McKeegan, Carrie McKeegan.(Musekamp, George) (Entered: 01/15/2025) |
| 01/16/2025 | 96 | Minute Entry for proceedings held before Judge S. Dave Vatti: Status Conference held on 1/16/2025. Total Time: 7 minutes. (Ellis, B) (Entered: 01/16/2025) |
| 01/16/2025 | 97 | NOTICE OF E−FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. A telephonic status conference is set for **1/21/2025** at **3:00 p.m.** before Judge S. Dave Vatti. To connect to the conference, dial **646 828 7666**, enter Meeting ID: **161 752 0310** and Passcode: **614863**. (Ellis, B) (Entered: 01/16/2025) |
| 01/16/2025 | 98 | NOTICE. The Settlement Judge will conduct another phone call with the parties on January 21, 2025. The parties should be prepared to report at that time, after further consultation with their clients, whether they wish to have another settlement conference prior to the scheduled injunction hearing. Signed by Judge S. Dave Vatti on 1/16/2025. (Ellis, B) (Entered: 01/16/2025) |
| 01/17/2025 | 99 | MOTION for Contempt *Motion for Finding Defendants in Contempt of Court's Temporary Restraining Order [Doc. 34]* by Cleer LLC.Responses due by 2/7/2025 (Attachments: # 1 Exhibit A − Excerpt from hearing transcript, # 2 Exhibit B − Excerpt from Deposition of Crystal Stranger)Motions referred to Maria E. Garcia(Musekamp, George) (Entered: 01/17/2025) |

| 01/21/2025 | 100 | RESPONSE by Cleer LLC*Plaintiff Cleer Tax LLC's Supplemental Brief Regarding Personal Jurisdiction Over Defendant Optic Tax Inc.*. (Attachments: # 1 Exhibit A – Excerpt from Deposition of Crystal Stranger)(Musekamp, George) (Entered: 01/21/2025) |
|---|---|---|
| 01/21/2025 | 101 | Minute Entry for proceedings held before Judge S. Dave Vatti: Status Conference held on 1/21/2025. Total Time: 7 minutes. Following a telephone call with the parties' counsel on January 21, the Settlement Judge was not optimistic that a settlement of this matter could be reached but was willing to make an effort to see if any progress could be made. Although the Settlement Judge proposed the afternoons of January 27 or January 28, defendants' counsel has advised that Ms. Stranger's travel schedule to be here for the injunction hearing on January 29 does not permit her to participate on either the 27th or 28th of January. Accordingly, any further settlement discussion prior to the January 29 hearing is not likely to be productive. (Ellis, B) (Entered: 01/21/2025) |
| 01/21/2025 | 102 | ORDER: The motion for preliminary injunction (ECF No. 12 ) and motion to dismiss (ECF No. 57 ) are referred to Magistrate Judge Garcia to hold an evidentiary hearing and issue a recommended ruling.<br><br>The parties shall confer with Judge Garcia regarding whether her own schedule will allow her to hold the hearing on the currently scheduled dates or whether she must utilize other nearby dates, in light of other court business before her and the urgency of the plaintiff's business needs as articulated at a recent status conference.<br><br>Signed by Judge Michael P. Shea on 1/21/25. (Constantine, A.) (Entered: 01/21/2025) |
| 01/22/2025 | 103 | ORDER REFERRING CASE to Magistrate Judge Maria E. Garcia to hold an evidentiary hearing and issue a recommended ruling re The motion for preliminary injunction (ECF No. 12 ) and 57 Second MOTION to Dismiss for Lack of Jurisdiction.<br><br>Signed by Judge Michael P Shea on 1/22/2025.Motions referred to Maria E. Garcia(Sichanh, C) (Entered: 01/22/2025) |
| 01/22/2025 | 104 | NOTICE regarding hearing via Zoom: The status conference scheduled for 1/22/2025 at 4:00 p.m. will be conducted via Zoom.<br><br>Call–in and Public Access Number: 1 646 828 7666<br><br>Meeting ID: 160 629 9954<br><br>Meeting Password: 541362<br><br>*The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.<br><br>NOTICE OF E–FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.<br>Status Conference set for **1/22/2025 at 4:00 PM** in Remote Setting before Judge Maria E. Garcia. (Santos, S) (Entered: 01/22/2025) |
| 01/22/2025 | 105 | Minute Entry for proceedings held before Judge Maria E. Garcia: Status Conference held on 1/22/2025. The evidentiary hearing will go forward on the currently scheduled date of 1/29/2025 at 10:00 AM before Judge Garcia. 14 minutes (Court Reporter CourtSmart.) (Langello, N) (Entered: 01/22/2025) |

| 01/22/2025 | 106 | NOTICE OF E–FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Evidentiary Hearing set for **1/29/2025 at 10:00 AM** in Courtroom Four, 141 Church Street, New Haven, CT before Judge Maria E. Garcia (Langello, N) (Entered: 01/22/2025) |
|---|---|---|
| 01/22/2025 | 107 | SCHEDULING ORDER. A Status Conference was held on January 22, 2025 and the following schedule was entered:<br>A Preliminary Injunction hearing is scheduled for January 29, 2025, starting at 10:00 a.m. and, if needed, January 30, 2025, starting at 9:30 a.m. and ending at 1:30 p.m.<br>The parties will file witness and exhibit lists by Friday, January 24, 2025.<br>The parties will confer regarding the exhibits and indicate which, if any, may be entered as full exhibits by agreement.<br>The parties will deliver to chambers three (3) binders of their pre–marked exhibits by Monday, January 27, 2025.<br>The parties are directed to review the Courts website for guidance on how to request courtroom technology at: https://ctd.uscourts.gov/courtroom–technology<br>Pursuant to Judge Shea's Scheduling Order, proposed findings of fact and conclusions of law will be filed by February 18, 2025. ECF No. 52 at 40.<br>The Court will inform the parties whether it will hear argument on Defendant Optic Taxs Motion to Dismiss, ECF No. 57, on January 29 or 30, 2025 or by Zoom at a later date.<br><br>Signed by Judge Maria E. Garcia on 1/22/2025. (Esposito, A.) (Entered: 01/22/2025) |
| 01/22/2025 | 108 | NOTICE OF E–FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION.<br>Preliminary Injunction Hearing set for 1/29/2025 at 10:00 AM in Courtroom Four, 141 Church Street, New Haven, CT before Judge Maria E. Garcia.<br>An additional day, 1/30/2025 is reserved, if needed, starting at 9:30 a.m. and ending at 1:30 p.m. (Esposito, A.) (Entered: 01/22/2025) |
| 01/22/2025 |  | MOTIONS REFERRED to Judge Maria E. Garcia including 12 MOTION for Temporary Restraining Order and 57 Second MOTION to Dismiss for Lack of Jurisdiction . Motions referred to Maria E. Garcia(Sichanh, C) (Entered: 02/10/2025) |
| 01/24/2025 | 109 | NOTICE by Crystal Stranger, Optic Tax Inc. re 107 Order,,,, *Exhibits and Witness list* (Harrison, Alan) (Entered: 01/24/2025) |
| 01/24/2025 | 110 | Proposed Exhibit List by Cleer LLC. (Musekamp, George) (Entered: 01/24/2025) |
| 01/24/2025 | 111 | Proposed Witness List by Cleer LLC. (Musekamp, George) (Entered: 01/24/2025) |
| 01/27/2025 | 112 | Amended EXHIBIT *Preliminary Injunction Hearing Exhibit List* by Cleer LLC. (Musekamp, George) (Entered: 01/27/2025) |
| 01/27/2025 | 113 | ORDER re: 57 Second MOTION to Dismiss for Lack of Jurisdiction filed by Optic Tax Inc.<br>The parties will be heard on Optic Tax's Motion to Dismiss at the conclusion of the evidence on the preliminary injunction on January 30, 2025, if time, or on January 31, 2025 at 9:30 a.m.<br>Signed by Judge Maria E. Garcia on 1/27/25. (Esposito, A.) (Entered: 01/27/2025) |
| 01/27/2025 | 114 | NOTICE OF E–FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.<br>Telephonic Status Conference set for 1/28/2025 at 04:30 PM before Judge Maria E. Garcia.<br>Dial in: 203–684–6202<br>Conference ID: 826 090 402#<br>(Esposito, A.) (Entered: 01/27/2025) |
| 01/27/2025 | 115 | CORRECTED ORDER: regarding 57 Second MOTION to Dismiss for Lack of Jurisdiction filed by Optic Tax Inc.<br>The parties will be heard on Optic Tax's Motion to Dismiss at the conclusion of the evidence on the preliminary injunction on January 29, 2025, if time, or on January 30, 2025 at 9:30 a.m. |

| | | |
|---|---|---|
| | | Signed by Judge Maria E. Garcia on 1/27/25. (Esposito, A.) (Entered: 01/27/2025) |
| 01/28/2025 | 116 | Minute Entry for proceedings held before Judge Maria E. Garcia: Telephonic Status Conference held on 1/28/2025. 18 minutes. (Esposito, A.) (Entered: 01/28/2025) |
| 01/28/2025 | 117 | Proposed Exhibit List by Crystal Stranger. (Harrison, Alan) (Entered: 01/28/2025) |
| 01/29/2025 | 118 | Minute Entry. Proceedings held before Judge Maria E. Garcia: Evidentiary Hearing held on 1/29/2025. Hearing continued to 1/30/2025. Total Time: 06 hours and 03 minutes(Court Reporter Diana Huntington.) (Lewis, D) (Entered: 01/29/2025) |
| 01/30/2025 | 119 | Minute Entry. Proceedings held before Judge Maria E. Garcia: Evidentiary Hearing re preliminary injunction held; oral argument on motion to dismiss held; plaintiff and defendant rest; briefing/findings of facts due 2/12/2025; TRO remains in full effect and parties shall remain in full compliance. Total Time: 01 hours and 35 minutes(Court Reporter Diana Huntington.) (Lewis, D.) Modified on 1/30/2025 (Lewis, D). (Entered: 01/30/2025) |
| 01/30/2025 | 120 | ORDER. On January 29, 2025, an evidentiary hearing was held on Plaintiff's Motion for Preliminary Injunction. At the end of the first day, Defendant Crystal Stranger was finishing her testimony in Plaintiff's case. The parties reconvened the second day, on January 30, 2025, to finish Ms. Stranger's testimony. Defendant Stranger did not appear. Her counsel stated that she was no longer in the District of Connecticut. The hearing proceeded without her with Defendants counsel appearing by Zoom. Plaintiff rested. Counsel for Defendants examined Plaintiff's CEO David McKeegan and rested their case.<br>At the conclusion of the hearing, the Court reminded Defendants' counsel that the TRO entered on October 22, 2024, remains in effect and Defendants should be notified that the TRO remains in effect. ECF No. 34.<br>It is hereby ORDERED that, counsel for Defendants will provide a copy of the TRO to Defendant Crystal Stranger and file a notice on the docket that his client was provided with a copy of this Order and the TRO.<br>The parties proposed findings of fact and conclusions of law are due on **February 12, 2025.**<br><br>Signed by Judge Maria E. Garcia on 1/30/25.(Esposito, A.) (Entered: 01/30/2025) |
| 01/30/2025 | 121 | NOTICE by Crystal Stranger re 120 Order,,,, (Harrison, Alan) (Entered: 01/30/2025) |
| 01/30/2025 | 122 | Marked Exhibit & Witness List. (Lewis, D) (Additional attachment(s) added on 1/30/2025: # 1 Corrected PDF) (Lewis, D). (Entered: 01/30/2025) |
| 01/31/2025 | 123 | Memorandum in Opposition re 99 MOTION for Contempt *Motion for Finding Defendants in Contempt of Court's Temporary Restraining Order [Doc. 34]* filed by Crystal Stranger. (Harrison, Alan) (Entered: 01/31/2025) |
| 02/03/2025 | 124 | MOTION for Alan Harrison to Withdraw as Attorney by Crystal Stranger. (Attachments: # 1 Exhibit Letter from client)Motions referred to Maria E. Garcia(Harrison, Alan) (Entered: 02/03/2025) |
| 02/03/2025 | 125 | REPLY to Response to 99 MOTION for Contempt *Motion for Finding Defendants in Contempt of Court's Temporary Restraining Order [Doc. 34]* filed by Cleer LLC. (Attachments: # 1 Exhibit A – Excerpt from Deposition of Crystal Stranger, # 2 Exhibit B – PI hearing exhibit 127, # 3 Exhibit C – PI hearing exhibit 138, # 4 Exhibit D – PI hearing exhibit 125, # 5 Exhibit E – PI hearing exhibit 146, # 6 Exhibit F – PI hearing exhibit 143, # 7 Exhibit G – PI hearing exhibit 147, # 8 Exhibit H – PI hearing transcript)(Musekamp, George) (Entered: 02/03/2025) |
| 02/04/2025 | 126 | TRANSCRIPT of Proceedings: Type of Hearing: Hearing on Motion for Preliminary Injunction and Motion to Dismiss, Volume I. Held on January 29, 2025 before Judge Maria E. Garcia. Court Reporter: Diana Huntington. **IMPORTANT NOTICE – REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased |

| | | |
|---|---|---|
| | | through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 2/25/2025. Redacted Transcript Deadline set for 3/7/2025. Release of Transcript Restriction set for 5/5/2025. (Huntington, D.) (Entered: 02/04/2025) |
| 02/04/2025 | 127 | TRANSCRIPT of Proceedings: Type of Hearing: Hearing on Motion for Preliminary Injunction and Motion to Dismiss, Volume II. Held on January 30, 2025 before Judge Maria E. Garcia. Court Reporter: Diana Huntington. **IMPORTANT NOTICE – REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 2/25/2025. Redacted Transcript Deadline set for 3/7/2025. Release of Transcript Restriction set for 5/5/2025. (Huntington, D.) (Entered: 02/04/2025) |
| 02/04/2025 | 128 | ORDER: The motion (ECF No. 124 ) to withdraw is referred to Judge Garcia. Signed by Judge Michael P. Shea on 2/4/25. (Constantine, A.) (Entered: 02/04/2025) |
| 02/04/2025 | 129 | RESPONSE re 124 MOTION for Alan Harrison to Withdraw as Attorney filed by Cleer LLC. (Musekamp, George) (Entered: 02/04/2025) |
| 02/04/2025 | 130 | MOTION for Sanctions by Cleer LLC.Responses due by 2/25/2025 (Attachments: # 1 Exhibit A – Excerpts from PI Hearing Transcript, # 2 Exhibit B – Excerpts from Deposition of Crystal Stranger)(Musekamp, George) (Entered: 02/04/2025) |
| 02/05/2025 | 131 | ORDER: The motion for sanctions (ECF No. 130 ) is referred to Judge Garcia. Signed by Judge Michael P. Shea on 2/5/25. (Constantine, A.) (Entered: 02/05/2025) |
| 02/05/2025 | 137 | NOTICE of Substitute Counsel and Appearance Self Represented Party by Crystal Stranger (Peterson, M) (Entered: 02/11/2025) |
| 02/05/2025 | 138 | MOTION by Self–Represented Litigant to Participate in Electronic Filing by Crystal Stranger. Motions referred to Maria E. Garcia(Peterson, M) (Entered: 02/11/2025) |
| 02/05/2025 | 139 | MOTION for Mistrial by Crystal Stranger. Motions referred to Maria E. Garcia (Peterson, M) (Entered: 02/11/2025) |
| 02/05/2025 | 140 | MOTION for Contempt by Crystal Stranger. Responses due by 2/26/2025 Motions referred to Maria E. Garcia (Peterson, M) (Entered: 02/11/2025) |
| 02/06/2025 | 132 | ORDER REFERRING CASE to Magistrate Judge Maria E. Garcia re 130 MOTION for Sanctions. Signed by Judge Michael P Shea on 2/6/2024. Motions referred to Maria E. Garcia(Sichanh, C) (Entered: 02/06/2025) |
| 02/08/2025 | 133 | MOTION to Continue by Crystal Stranger. (Harrison, Alan) (Entered: 02/08/2025) |
| 02/10/2025 | 134 | Memorandum in Opposition re 133 MOTION to Continue filed by Cleer LLC. (Musekamp, George) (Entered: 02/10/2025) |
| 02/10/2025 | 135 | Second MOTION for Contempt *of Court's Temporary Restraining Order* by Cleer LLC.Responses due by 3/3/2025 (Attachments: # 1 Exhibit A – Declaration of David McKeegan)(Musekamp, George) (Entered: 02/10/2025) |
| 02/11/2025 | 136 | ORDER: The (ECF No. 133 ) motion to continue is referred to Judge Garcia. Signed by Judge Michael P. Shea on 2/11/25. (Constantine, A.) (Entered: 02/11/2025) |

| 02/11/2025 | | MOTIONS REFERRED to Judge Maria E. Garcia including 133 MOTION to Continue. Motions referred to Maria E. Garcia(Sichanh, C) (Entered: 02/11/2025) |
|---|---|---|
| 02/11/2025 | 141 | ORDER granting 138 Motion by Self–Represented Litigant to Participate in Electronic Filing.<br>**Self–Represented Filers are Required to Comply with the Standard Electronic Filing Order Docketed at Case Opening.** Signed by Judge Maria E. Garcia on 2/11/25. (Esposito, A.) (Entered: 02/11/2025) |
| 02/11/2025 | 142 | ORDER granting 124 Motion to Withdraw as Attorney. Attorney Alan Harrison's representation is terminated solely as to Defendant Crystal Stranger.<br>ORDER denying 133 Motion to Continue.<br>Attorney Harrison is hereby ordered to provide a copy of this Order by whatever means necessary to Ms. Stranger and file proof of service on the docket on or before February 14, 2025.<br>Signed by Judge Maria E. Garcia on 2/11/2025. (Esposito, A.) (Entered: 02/11/2025) |
| 02/12/2025 | 143 | ORDER: The motion (ECF No. 139 ) for mistrial is referred to Judge Garcia.<br><br>Signed by Judge Michael P. Shea on 2/12/25. (Constantine, A.) (Entered: 02/12/2025) |
| 02/12/2025 | 144 | Proposed Findings of Fact and Conclusions of Law by Crystal Stranger. (Stranger, Crystal) (Entered: 02/12/2025) |
| 02/12/2025 | | MOTIONS REFERRED to Judge Maria E. Garcia including 139 MOTION for Mistrial Order. Motions referred to Maria E. Garcia(Sichanh, C) (Entered: 02/12/2025) |
| 02/12/2025 | 145 | Proposed Findings of Fact and Conclusions of Law by Cleer LLC. (Musekamp, George) (Entered: 02/12/2025) |
| 02/13/2025 | 146 | NOTICE by Optic Tax Inc. re 142 Order on Motion to Withdraw as Attorney,, Order on Motion to Continue, *proof of service on Crystal Stranger* (Harrison, Alan) (Entered: 02/13/2025) |
| 02/14/2025 | 147 | Memorandum in Opposition re 135 Second MOTION for Contempt *of Court's Temporary Restraining Order* filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D)(Stranger, Crystal) (Entered: 02/14/2025) |
| 02/14/2025 | 148 | Memorandum in Opposition re 130 MOTION for Sanctions filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E)(Stranger, Crystal) (Entered: 02/14/2025) |
| 02/18/2025 | 149 | MOTION for Alan Harrison to Withdraw as Attorney by Optic Tax Inc.. (Attachments: # 1 A Notice to Optic Tax of motion to withdraw)Motions referred to Maria E. Garcia(Harrison, Alan) (Entered: 02/18/2025) |
| 02/18/2025 | 150 | REPLY to Response to 99 MOTION for Contempt *Motion for Finding Defendants in Contempt of Court's Temporary Restraining Order [Doc. 34] Motion for Leave to File Sur–Reply* filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A)(Stranger, Crystal) (Entered: 02/18/2025) |
| 02/19/2025 | 151 | ORDER: The motion (ECF No. 149 ) to withdraw is referred to Judge Garcia.<br><br>Signed by Judge Michael P. Shea on 2/19/25. (Constantine, A.) (Entered: 02/19/2025) |
| 02/20/2025 | | MOTIONS REFERRED to Magistrate Judge Maria E. Garcia including 149 MOTION for Alan Harrison to Withdraw as Attorney. Motions referred to Maria E. Garcia(Sichanh, C) (Entered: 02/20/2025) |
| 02/21/2025 | 152 | First MOTION for Bond by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I, # 10 Exhibit Exhibit J, # 11 Exhibit Exhibit K, # 12 Exhibit Exhibit L, # 13 Exhibit Exhibit M, # 14 Exhibit Exhibit N, # 15 Exhibit Exhibit O)Motions referred to Maria E. Garcia(Stranger, Crystal) (Entered: 02/21/2025) |
| 02/25/2025 | 153 | Set/Reset Deadlines as to 139 MOTION for Mistrial Order. Responses due by 2/26/2025. (Esposito, A.) (Entered: 02/25/2025) |

| 02/25/2025 | 154 | Set/Reset Deadlines as to 152 First MOTION for Bond . Responses due by 3/14/2025. (Esposito, A.) (Entered: 02/25/2025) |
|---|---|---|
| 02/26/2025 | 155 | ORDER granting 149 MOTION for Alan Harrison to Withdraw as Attorney by Optic Tax Inc. Attorney Alan Harrison terminated.<br><br>District courts have broad discretion in deciding motions for withdrawal of counsel. *See Vachula v. Gen. Elec. Capital Corp.*, 199 F.R.D. 454, 457 (D. Conn. 2000) (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999)). Pursuant to Local Rule 7(e), "[w]ithdrawals of appearances may be accomplished only upon motion, which normally will not be granted except upon a showing that other counsel has appeared or that the party whose counsel seeks to withdraw may and has elected to proceed without counsel, and that the party has received actual notice of the motion to withdraw." D. Conn. L. Civ. R. 7(e). Local Rule 7(e) expressly contemplates that a motion to withdraw may be granted even in cases where the party has failed to engage other counsel or personally appear—provided that good cause for withdrawal exists and counsel has given appropriate notice to the party. *See* D. Conn. L. Civ. R. 7(e); *see also* D. Conn. R. Prof. Cond. 1.16(b)(7) (permitting a lawyer to withdraw from representation where, among other reasons, "good cause for withdrawal exists").<br><br>First, notice is sufficient under Local Rule 7(e). Appended to the motion to withdraw is a copy of an e–mail from Attorney Harrison to Crystal Stranger, CEO, Optic Tax, providing a copy of the motion to withdraw and informing her that "[i]f my motion to withdraw is granted, Optic Tax will need to engage another attorney; and if Optic Tax does not engage another attorney, a default judgment may be rendered against Optic Tax." ECF No. 149–1.<br><br>Second, good cause exists to permit the withdrawal. Relying on D. Conn. R. Prof. Cond. 1.16(b)(5) and (6), Attorney Harrison states that "continued representation 'has been rendered unreasonably difficult by the client' and 'the client fails substantially to fulfill an obligation to the lawyer regarding the lawyers services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled.'" ECF No. 149 a 1. "The Rules of Professional Conduct permit withdrawal in this circumstance." *GEOMC Co. v. Calmare Therapeutics, Inc.*, No. 3:14–CV–1222 (VAB), 2020 WL 12880834, at *2 n. 2 (D. Conn. Mar. 30, 2020). The Court is aware of the breakdown in the attorney–client relationship warranting withdrawal of representation. Indeed, this is not the first time Attorney Harrison has moved to withdraw in this case. ECF No. 142 (ruling granting withdrawal of representation as to Defendant Crystal Stranger in her individual capacity.)<br><br>A finding of good cause for withdrawal, however, does not end the inquiry. "In deciding whether plaintiff's attorneys should be granted permission to withdraw, this court must consider whether the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Vachula*, 199 F.R.D. at 458. In effect, this would require the court to balance "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceedings." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014).The parties have not completed discovery. The motion for preliminary injunction and Optic Tax's Second Motion to Dismiss are fully briefed.<br><br>The hearing on the preliminary injunction has been completed. While not ideal, allowing counsel to withdraw at this juncture will be minimally impactful to the prosecution of the suit. Defendants are on notice, that the Court will not permit delay or disruption of the proceedings.<br><br>In this case, because Defendant Optic Tax Inc. is a corporate entity, it cannot proceed *pro se* but must be represented by counsel. *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance pro se denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity."). Individual Defendant and Optic Tax's CEO Crystal Stranger were on notice, at least since February 11, 2025, that the corporation cannot proceed *pro se*. ECF No. 142 at 3 (noting that to "the extent that Optic Tax, Inc. is a corporation, it cannot represent itself and Ms. Stranger, as a lay person may not represent a corporation.").<br><br>As such, successor counsel to Optic Tax has until **March 14, 2025** to file an appearance. *GEOMC Co.*, 2020 WL 12880834, at *2 n. 2; *Lattanzio v. COMTA*, 481 |

F.3d 137, 140 (2d Cir. 2007) ("[A] layperson may not represent a separate legal entity such as a corporation.") (citation omitted); *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305 (2d Cir. 1991) (requiring corporations to appear through a licensed attorney)). **Optic Tax's failure to engage successor counsel may result in a dismissal or default being entered against the company.** *See* **D. Conn. L.Civ. R. 7(e) ("[T]he court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a *pro se* appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.").** Attorney Alan Harrison shall serve this order on Optic Tax's representative and file proof of service on the docket on or before March 3, 2025.

This is not a Recommended Ruling. This Ruling is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge in response to a timely objection under Local Rule 72.2(a). *See Berlin v. Greene*, No. 3:19–CV–01410 (JCH)(TOF), 2020 WL 12188901, at *7 (D. Conn. Mar. 16, 2020).
Signed by Judge Maria E. Garcia on 2/26/25. (Esposito, A.) (Entered: 02/26/2025)

| | | |
|---|---|---|
| 02/26/2025 | 156 | RESPONSE *in Opposition to Motion for Contempt* filed by Cleer LLC. (Attachments: # 1 Exhibit A –Declaration of George Musekamp, # 2 Exhibit B – PI Hearing Transcript)(Musekamp, George) (Entered: 02/26/2025) |
| 02/26/2025 | 157 | RESPONSE *in Opposition to Motion for Mistrial* filed by Cleer LLC. (Attachments: # 1 Exhibit A – PI Hearing Tr. 244–45)(Musekamp, George) (Entered: 02/26/2025) |
| 02/26/2025 | 158 | MOTION for Clarification 155 Order on Motion to Withdraw as Attorney,,,,,,,,,,,,,,,,,,,,,,, by Alan Harrison. Motions referred to Maria E. Garcia(Harrison, Alan) (Entered: 02/26/2025) |
| 02/27/2025 | 159 | ORDER granting 158 Attorney Harrison's Motion for Clarification of the order on the Motion to Withdraw.<br>The Court clarifies the order as follows: Attorney Alan Harrison shall serve, by email or other format, the order on the Motion to Withdraw, ECF No. 155, on Optic Tax's representative and file proof of service on the docket on or before **March 3, 2025.** A representative of Optic Tax may include known Board Members and corporate officers, including CEO Crystal Stranger.<br>Signed by Judge Maria E. Garcia on 2/27/25. (Esposito, A.) (Entered: 02/27/2025) |
| 02/27/2025 | 160 | NOTICE by Alan Harrison re 159 Order on Motion for Clarification,, *service of Docket 155 on Crystal Stranger as CEO of Optic Tax* (Harrison, Alan) (Entered: 02/27/2025) |
| 02/28/2025 | 161 | ORDER: The discovery dispute, as set forth in the attached letters, is hereby referred to Magistrate Judge Garcia.<br><br>Signed by Judge Michael P. Shea on 2/28/25. (Constantine, A.) (Entered: 02/28/2025) |
| 02/28/2025 | 162 | REPLY to Response to 135 Second MOTION for Contempt *of Court's Temporary Restraining Order in Support of Second Motion for Contempt* filed by Cleer LLC. (Attachments: # 1 Exhibit A – Email Exchange, # 2 Exhibit B – Email Exchange)(Musekamp, George) (Entered: 02/28/2025) |
| 02/28/2025 | 163 | REPLY to Response to 130 MOTION for Sanctions *in Support of Motion for Sanctions* filed by Cleer LLC. (Attachments: # 1 Exhibit A – Email Exchange)(Musekamp, George) (Entered: 02/28/2025) |
| 03/03/2025 | 164 | ORDER re 161 Defendant Crystal Stranger's February 25, 2025 Letter re: Opposing Counsel Discovery Techniques and Dispute Over TRO Terms.<br>Defendant Stranger's request to: "(1) Compel Plaintiff to produce a narrowly tailored client list limited to the TRO–referenced period"; and "(2) Modify the TRO to permit lawful communication under the First Amendment" is DENIED.<br>At the conclusion of the preliminary injunction hearing, the Court directed Stranger's then–attorney to convey to her that "the TRO is still in place and that it needs to be complied with[.]" ECF No. 127:10012; ECF Nos. 118, 119. Defendant Stranger is reminded that the TRO entered by Chief Judge Shea on October 22, 2024, remains in |

| | | |
|---|---|---|
| | | effect, until entry of a ruling on the Motion for Preliminary Injunction. ECF No. 34 at 4. "Absent conferral and agreement, Stranger may not contact any customers or suppliers or prospective customers or suppliers of Cleer LLC or its predecessors." *Id.* Signed by Judge Maria E. Garcia on 3/3/2025. (Esposito, A.) (Entered: 03/03/2025) |
| 03/04/2025 | 165 | MOTION for Clarification 164 Order,,,, by Crystal Stranger. Motions referred to Maria E. Garcia(Stranger, Crystal) (Entered: 03/04/2025) |
| 03/04/2025 | 166 | Set/Reset Deadlines as to 165 Stranger's MOTION for Clarification. Responses due by 3/25/2025. (Esposito, A.) (Entered: 03/04/2025) |
| 03/05/2025 | 167 | REPLY to Response to 130 MOTION for Sanctions *Sur−Reply* filed by Crystal Stranger. (Stranger, Crystal) (Entered: 03/05/2025) |
| 03/05/2025 | 168 | REPLY to Response to 135 Second MOTION for Contempt *of Court's Temporary Restraining Order Sur−Reply* filed by Crystal Stranger. (Stranger, Crystal) (Entered: 03/05/2025) |
| 03/05/2025 | 169 | MOTION to Strike 167 Reply to Response to Motion, 168 Reply to Response to Motion by Cleer LLC.Responses due by 3/26/2025 (Musekamp, George) (Entered: 03/05/2025) |
| 03/06/2025 | 170 | Memorandum in Opposition re 169 MOTION to Strike 167 Reply to Response to Motion, 168 Reply to Response to Motion filed by Crystal Stranger. (Stranger, Crystal) (Entered: 03/06/2025) |
| 03/06/2025 | 171 | REPLY to Response to 135 Second MOTION for Contempt *of Court's Temporary Restraining Order Motion for Leave to File Sur−Reply* filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Stranger, Crystal) (Entered: 03/06/2025) |
| 03/06/2025 | 172 | REPLY to Response to 130 MOTION for Sanctions *Motion for Leave to File Sur−Reply* filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D)(Stranger, Crystal) (Entered: 03/06/2025) |
| 03/06/2025 | 173 | REPLY to Response to 139 MOTION for Mistrial Order filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Stranger, Crystal) (Entered: 03/06/2025) |
| 03/06/2025 | 174 | REPLY to Response to 140 MOTION for Contempt filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Stranger, Crystal) (Entered: 03/06/2025) |
| 03/06/2025 | 175 | MOTION for Sanctions *AGAINST PLAINTIFF ATTORNEY GEORGE MUSEKAMP* by Crystal Stranger.Responses due by 3/27/2025 (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F)(Stranger, Crystal) (Entered: 03/06/2025) |
| 03/06/2025 | 176 | ENTERED IN ERROR: NOTICE OF APPEAL to Federal Circuit as to 164 Order,,,, by Crystal Stranger. Filing fee $ 605, receipt number 27M7J6KH. (Stranger, Crystal) Modified on 3/6/2025 (Pesta, J.). (Entered: 03/06/2025) |
| 03/06/2025 | 177 | NOTICE OF INTERLOCUTORY APPEAL as to 164 ORDER re 161 Defendant Crystal Stranger's February 25, 2025 Letter re: Opposing Counsel Discovery Techniques and Dispute Over TRO Terms filed by Crystal Stranger. Filing fee $ 605, receipt number through pay.gov 27M7J6KH. NOTE: This corrects entry 176 which was efiled using the wrong event. (Pesta, J.) Modified on 3/24/2025 to correct docket text (Peterson, M). (Entered: 03/06/2025) |
| 03/06/2025 | 178 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 177 Notice of Appeal,. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: None (Peterson, M) (Entered: 03/06/2025) |

| 03/07/2025 | 180 | ORDER of USCA as to 177 Notice of Appeal, filed by Crystal Stranger; USCA Case Number 25–530 (Peterson, M) (Entered: 03/17/2025) |
|---|---|---|
| 03/14/2025 | 179 | Memorandum in Opposition re 152 First MOTION for Bond filed by Cleer LLC. (Musekamp, George) (Entered: 03/14/2025) |
| 03/20/2025 | 181 | RECOMMENDED RULING denying 57 Second MOTION to Dismiss for Lack of Jurisdiction filed by Optic Tax Inc. 17 Pages.<br>Objections due by 4/3/2025.<br>Signed by Judge Maria E. Garcia on 3/20/2025. (Esposito, A.) (Entered: 03/20/2025) |
| 03/20/2025 | 182 | RECOMMENDED RULING Granting 12 MOTION for Preliminary Injunction filed by Cleer LLC, Denying 152 First MOTION for Bond filed by Crystal Stranger. 35 Pages.<br>Objections due by 4/3/2025.<br>Signed by Judge Maria E. Garcia on 3/20/2025. (Esposito, A.) (Entered: 03/20/2025) |
| 03/20/2025 | 183 | ORDER denying 130 MOTION for Sanctions by Cleer LLC.<br>Cleer seeks imposition of sanctions against Defendant Crystal Stranger for "outrageously fleeing from the preliminary injunction hearing while still under cross–examination." ECF No. 130 at 1. It seeks an award of sanctions in the Courts discretion "up to and including attorney's fees and striking all defenses Ms. Stranger may make in opposition to the Motion for Preliminary Injunction since she did not make herself available for cross–examination on those defenses." *Id.* at 4. Cleer argues that the Court should impose sanctions under the "bad faith exception to the 'American Rule' against fee shifting" based on Stranger's conduct in this case. *Id.* at 3 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 53 (1991)). Plaintiff first argues that sanctions are warranted because it was denied an opportunity to fully examine Stranger on her alleged defenses to the preliminary injunction on the second day of the evidentiary hearing. However, Plaintiff fails to specify how Defendants' failure to present their defenses has negatively impacted their ability to present evidence to meet the burden of proof on the preliminary injunction. Second, Plaintiff argues that Stranger has defended this case in bad faith for "refusing to concede even where there is no factual support for her claims," made "several misrepresentations to the Court," and has attempted to "stall and delay these proceedings." However, the Court declines to enter sanctions on this basis. The Court finds no prejudice to Plaintiff in presenting its case and meeting its burden on the preliminary injunction. The motion is denied.<br>Signed by Judge Maria E. Garcia on 3/20/2025. (Esposito, A.) (Entered: 03/20/2025) |
| 03/20/2025 | 184 | ORDER denying 140 MOTION for Contempt by Crystal Stranger.<br>In a lengthly, 104 page filing, Defendant Stranger, proceeding *pro se* moves the Court to find Cleer, LLC in contempt "for engaging in a pattern of misconduct that has subverted the integrity of these proceedings." None of her allegations of misrepresentation or contemptuous actions are supported by evidence. There is no declaration or affidavit attached to substantiate any of her allegations. ECF No. 140 at 1.<br><br>Stranger first argues that Cleer made material misrepresentations in several court filings that the McKeegans maintain United States "residencies" in Connecticut, operate Cleer out of Connecticut when in the United States and consider Connecticut the location of Cleer's United States headquarters. ECF No. 140 at 3. However, Defendant Optic Tax had an opportunity to examine David McKeegan during a deposition held on January 15, 2025, cross–examine him during the preliminary injunction hearing on January 29 and 30, 2025, and present evidence during oral argument on Optic Tax's Motion to Dismiss on January 30, 2025. The record is closed. Stranger's disagreement with Plaintiff's pleadings and McKeegan's testimony does not rise to contempt of court. Moreover, these facts or representations relate to Optic Tax's Motion to Dismiss and whether Plaintiff has personal jurisdiction over Optic Tax. Stranger is reminded that she may not represent Optic Tax *pro se. See* ECF No. 155 ("In this case, because Defendant Optic Tax Inc. is a corporate entity, it cannot proceed *pro se*but must be represented by counsel. *Pridgen v. Andresen,* 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance pro se denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity.")").). Accordingly, the motion for contempt on this basis is denied.<br><br>Next, Stranger argues that Plaintiff, through the testimony of David McKeegan, made |

material representations regarding the calculation of Stranger's capital account at the time of her removal as a member of Cleer. However, McKeegan testified that the figure set forth in the termination letter was not accurate and that under the Operating Agreement Cleer had until August 9, 2026 to provide Stranger with an accounting and payment if one was due. ECF No. 126 at 112:3–117:24; Pl. Hrg. Ex. 102 (OA § 6.5). Defendant Stranger had an opportunity to confront McKeegan during his deposition on January 15, 2025, cross–examine him during the preliminary injunction hearing on January 29 and 30, 2025, and present testimony and evidence during Defendants' case in chief. Nevertheless, the preliminary injunction hearing's focus was not to determine the calculation of the capital account. The issue is largely irrelevant to the determination of the preliminary injunction. Defendant will have an opportunity to conduct discovery and be heard at a trial on the merits at a later date. Stranger's disagreement with McKeegan's testimony does not rise to contempt of court. Accordingly, the motion for contempt on this basis is denied.

Finally, Stranger argues that Plaintiff obstructed justice by instructing a subpoenaed witness to withhold critical information. ECF No. 140 at 1, 14–16. She contends that the "Plaintiffs attempt to influence a subpoenaed witness obstructed the discovery process and may have deprived both Defendants of critical evidence." *Id.* at 14. She also seeks a copy of "a tax return for Cleer LLC or the preceding companies while [she] was a member, or as part of this litigation, and the financials provided by Nicolle Wiseman which were given to her by Cleer show difference in end of year accumulated paid dividends." *Id.* However, it appears that counsel held a meet and confer "during which [they] agreed to limit the scope of the Wiseman subpoena Defendants issued to Nicolle Wiseman to topic numbers 6 and 9." ECF No. 156–1 at 3. (Del. Att. Musekamp). She further claims that David McKeegan is "trying to hide this evidence from the Court[.]" *Id.* This appears to be a dispute about discovery which is not currently briefed or before the Court. The parties are referred to Chief Judge Shea's "Instructions on Discovery Disputes" posted on the Court's website. https://ctd.uscourts.gov/content/michael–p–shea (last visited Mar. 20, 2025). Accordingly, the motion for contempt is denied on this basis.
Signed by Judge Maria E. Garcia on 3/20/2025. (Esposito, A.) (Entered: 03/20/2025)

| 03/20/2025 | 185 | ORDER denying 139 MOTION for Mistrial by Crystal Stranger.<br>Defendant seeks a declaration of mistrial. The Court construes the Motion as a Motion for a New Hearing given that the proceeding was not a trial but rather an evidentiary hearing on Plaintiff's Motion for a Preliminary Injunction.<br><br>Stranger first argues that a new hearing is warranted because her counsel was "visibly ill" and "experienced uncontrollable coughing fits, could not speak clearly, and was unable to present arguments or evidence effectively." ECF No. 139 at 2–3. She argues that he failed to introduce critical evidence necessary to support her case, failed to make timely objections to evidence that was clearly hearsay and unauthenticated, and was unable to question Plaintiff's witness. *Id.* The Court oversaw the hearing and Defendants' counsel's health did not impact the ultimate result of the hearing. Defendant introduced all the exhibits they sought to introduce, which have been considered by the Court. Moreover, any failure to introduce additional evidence through Ms. Stranger's testimony is her own doing given that without justification she failed to appear on the second day of the evidentiary hearing.<br><br>Next, Stranger argues that a new evidentiary hearing is warranted because the Court abused its discretion when denying her motion for a continuance when her attorney was "severely ill with COVID–19 during the hearing and was physically and mentally unable to provide competent representation." ECF No. 139 at 1, 12–13. Defendants' counsel never filed a motion for continuance nor asked for a continuance because of illness even when asked by the Court. ECF No. 127, Hrg. Tr. at 244:7–245:10. Rather, Defendants' counsel appeared virtually as an accommodation in light of testing positive for COVID overnight. ECF No. 127 at 243:18–244:3. At the start of the second day of the hearing Defendants' counsel noted that his client was not present, stating,<br>MR. HARRISON: Yes, Your Honor, I'm just communicating with her now about that. I am kind of surprised.<br>...<br>MR. HARRISON: Your Honor, I told Ms. Stranger that Mr. Musekamp and I would ask the Court for a continuance. And based on that alone, she took off. |

THE COURT: She took off to where?

MR. HARRISON: She's in, I think, Poughkeepsie, I'm not sure.

THE COURT: Well, there hasn't been a motion to continue filed, has there?

MR. HARRISON: No, Your Honor. We were supposed to confer with you this morning about that.

ECF No. 127 at 244:7–245:10.

As Plaintiff underscores "[n]ot only did Ms. Stranger assume a motion would be filed, but she then unilaterally assumed it would be granted." ECF No. 157 at 4. The Court had set aside the two days for the hearing, all counsel (some from out of state) were present, Plaintiffs were present, and no good cause was articulated for the requested continuance. The Court would not permit further delays without justification. Counsel's request to continue the hearing on the basis of Stranger's decision not to appear for the second day of the evidentiary hearing was properly denied. *Payne v. Jones,* 711 F.3d 85, 90–91 (2d Cir. 2013) ("A party's demand for an adjournment of a civil trial until the party can make a personal appearance is entrusted to the sound discretion of the trial judge."); *United States v. Cusack,* 229 F.3d 344, 349 (2d Cir. 2000) ("A district court has broad discretion to grant or deny a motion for a continuance.").

Importantly, Defendants knew of the scheduled preliminary injunction hearing since Judge Shea issued the TRO on October 22, 2024. ECF No. 34. On December 3, 2024, Stranger filed a Motion to Continue Hearing in which she sought leave to move the "preliminary injunction hearing into March 2025 or later" and stated that "she will not be able to attend in–person before then, due to a medical condition that prevents her from flying from South Africa." ECF No. 69 at 1. On December 5, 2024, Judge Shea denied the motion for continuance without prejudice stating that "any further request to postpone the hearing shall be filed by no later than January 13, 2025 and accompanied by a robust and detailed showing of medical evidence demonstrating that Ms. Stranger is prevent[ed] from flying because of a medical condition." ECF No. 74. On December 16, 2024, Judge Shea entered a follow–up order stating in part that, "[t]he parties are on notice that even if defendant Stranger establishes to the Court's satisfaction that she is unable to fly, the Court would likely not move the hearing but rather would proceed by having her testify remotely." ECF No. 81. The record shows that without any warning or explanation to the Court or counsel, Stranger did not appear on January 30 to continue her cross–examination. *See United States v. Cusack,* 229 F.3d 344, 349 (2d Cir. 2000) (no abuse of discretion where defendant did not alert district court to need for continuance "until after the start of trial"). Simply put, Defendants would not have needed a continuance to ensure a defense witness' attendance but for Defendant Stranger's own actions. Accordingly, Plaintiff's Motion for a New Hearing is denied. Signed by Judge Maria E. Garcia on 3/20/2025. (Esposito, A.) (Entered: 03/20/2025)

| | | |
|---|---|---|
| 03/20/2025 | 186 | MOTION for Clarification 185 Order on Motion for Order,,,,,,,,,,,,,,,,,,, *Motion for Clarification of Recommended Ruling on Motion for Preliminary Injunction* by Cleer LLC. (Musekamp, George) (Entered: 03/20/2025) |
| 03/21/2025 | 187 | NOTICE OF INTERLOCUTORY APPEAL by Crystal Stranger. Filing fee $ 605 made through pay.gov, receipt number #27MKJPA1. (Stranger, Crystal) Modified on 3/21/2025 to add pay.gov info(Pesta, J.). Modified on 3/24/2025 to correct docket text (Peterson, M). (Entered: 03/21/2025) |
| 03/21/2025 | 188 | Emergency MOTION to Stay *Proceedings* by Crystal Stranger.Responses due by 4/11/2025 (Stranger, Crystal) (Entered: 03/21/2025) |
| 03/21/2025 | 189 | Memorandum in Opposition re 186 MOTION for Clarification 185 Order on Motion for Order,,,,,,,,,,,,,,,,,,, *Motion for Clarification of Recommended Ruling on Motion for Preliminary Injunction* filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A)(Stranger, Crystal) (Entered: 03/21/2025) |
| 03/21/2025 | 190 | REPLY to Response to 186 MOTION for Clarification 185 Order on Motion for Order,,,,,,,,,,,,,,,,,,, *Motion for Clarification of Recommended Ruling on Motion for Preliminary Injunction* filed by Cleer LLC. (Musekamp, George) (Entered: 03/21/2025) |