UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | : : : : | Case No. 3:24-cv-01496-MPS Judge Michael P. Shea Magistrate Judge Maria E. Garcia |
| Plaintiff, | : : | |
| v. | : : : | **PLAINTIFF CLEER LLC'S OPPOSITION TO DEFENDANT CRYSTAL STRANGER'S MOTION FOR SANCTIONS AGAINST PLAINTIFF ATTORNEY GEORGE MUSEKAMP AND REQUEST FOR SANCTIONS AGAINST DEFENDANT CRYSTAL STRANGER** |
| CRYSTAL STRANGER, et al., | : : : | |
| Defendants. | : : | |

## I.  INTRODUCTION

Defendant Crystal Stranger continues with her frivolous and bad faith filings. This time, she seeks sanctions against Plaintiff Cleer LLC's ("Cleer") undersigned counsel on the same grounds that have already been rejected by the Court, and she does so again without any evidentiary or legal support. Not only should Ms. Stranger's Motion be denied, but Ms. Stranger should be sanctioned for her repeated frivolous filings intended solely to harass and needlessly increase the costs of litigation. By her own conduct, Ms. Stranger has proven that she will continue these types of filings absent sanctions being entered.

Since appearing pro se in this case on February 5, Ms. Stranger has filed seven meritless motions with the Court, impermissible sur-replies, and has appealed (at least for now) two of this Court's unappealable interlocutory orders to the Second Circuit.[1] Ms. Stranger is attempting to

---

[1] Ms. Stranger's frivolous filings are too many to list here, but most recently she filed an "Opposition" in the Second Circuit Court of Appeals to have undersigned counsel's pro hac vice motion, which has already been granted by the Court, "reconsidered" based on the same frivolous allegations of her instant Motion.

1

needlessly increase attorney's fees for Cleer in an evident attempt to gain leverage in this litigation. That is the definition of bad faith. Cleer has urged and continues to urge this Court to impose monetary sanctions against Ms. Stranger to rightfully compensate Cleer for the sanctionable conduct in which she has engaged and to prevent her from continuing to submit frivolous filings with the Court, each time (like here) unfairly requiring Cleer spend time, money, and resources to respond, by invoking Local Rule 16(g).

## II.   MS. STRANGER'S CLAIMS HAVE NO MERIT AND SHOULD BE DENIED

### A.   Undersigned Counsel Did Not Obstruct Access To Discovery Materials.

Contrary to Ms. Stranger's assertion, the TRO did not require Cleer to provide Ms. Stranger or Defendant Optic Tax Inc. ("Optic Tax") with a list of its clients. Indeed, the Court has already denied this precise request from Ms. Stranger. (*See* Doc. 164 ("Defendant Stranger's request to . . . Compel Plaintiff to produce a narrowly tailored client list limited to the TRO-referenced period . . . is DENIED.")). Ms. Stranger's argument lacks and factual or legal basis and should be denied.

### B.   Undersigned Counsel Has Not Made Any Untrue Statements Regarding Ms. Stranger's Conduct.

Ms. Stranger has engaged in misconduct at every turn in this litigation which has required undersigned counsel to highlight Ms. Stranger's misconduct in Cleer's filings. Informing the Court of Ms. Stranger's misconduct is not a basis for sanctions against undersigned counsel, and Ms. Stranger has not provided any legal or factual support for her position. (Doc. 175 at 2–4). If Ms. Stranger wants Cleer to stop calling out her misconduct, she should stop engaging in misconduct. The Motion should be denied for this reason also.

### C.   Undersigned Counsel Has Not Made Threats Or Engaged In Intimidation.

Undersigned counsel advised Ms. Stranger that he would move for sanctions against her if she did not withdraw her frivolous witness tampering claim, which the Court has now addressed

and dismissed. (*See* Doc. 184). Undersigned counsel also stated that he would contact the Court, pursuant to the Court's discovery rules, if Ms. Stranger did not provide a copy of her passport that was required to obtain Ms. Stranger's laptop from customs. Ms. Stranger's laptop was ordered to be produced but was stuck in customs for months because, based on information provided by DHL to undersigned counsel, Ms. Stranger would not provide a legible copy of her passport to customs. Mere days after that message to Ms. Stranger, the laptop cleared customs and was sent to undersigned counsel. The Motion should be denied for this reason as well.

    **D.** **Undersigned Counsel Has Not Provided Unsolicited Legal Advice.**

When Ms. Stranger was represented by counsel, the Court ruled that "Defendants [] waived the attorney-client privilege as it relates to the enforceability and scope of the restrictive covenant and the ownership of the domain Cleer.tax." (Doc. 91). When Ms. Stranger terminated her counsel, she assumed the duty as a pro se litigant to, among other things, meet and confer with undersigned counsel about discovery-related issues. On February 14, undersigned counsel articulated Cleer's position to Ms. Stranger that she had waived privilege yet again by producing communications with her former attorney about why she skipped the second day of the preliminary injunction hearing. Undersigned counsel is not Ms. Stranger's attorney nor has he provided her legal advice Ms. Stranger cannot on one hand proceed pro se but then seek sanctions when engaging in litigation discussions with opposing counsel.

    **E.** **Undersigned Counsel Has Not Failed To Correct The Record.**

The Court has made findings of fact and conclusions of law that support all of the representations by undersigned counsel. (*See* Doc. 181 at 3 ("Connecticut is the location of Cleer's United States headquarters"); *see also* Doc 182 at 13 ("The balance of Stranger's Capital Account, is not due for payment until August 9, 2026")). If Ms. Stranger believed that certain facts were in

3

dispute, she could have attended the second day of the preliminary injunction hearing and provided rebuttal testimony. But she did not and has waived any argument to the contrary. The Motion should be denied on this basis as well.

      **F.    Undersigned Counsel Did Not Attempt To Testify For Cleer At The Preliminary Injunction Hearing.**

Undersigned counsel did not attempt to testify on behalf of Cleer at the preliminary injunction hearing, and no objections were made as to the questions raised on direct or cross-examination. Thus, any arguments as to the form of the questions were waived.

      **G.    Ms. Stranger's Computer Is Evidence In This Case.**

Next, Ms. Stranger claims undersigned counsel has engaged in sanctionable conduct by not immediately returning a laptop the TRO ordered her to produce to Cleer, which took her about four months to do (ostensibly another violation of the TRO). There is good reason to believe that computer contains critical evidence, and Cleer intends to have it forensically analyzed to trace all of Ms. Stranger's conduct involving matters relevant to this litigation. Cleer has also made claims that the laptop is Cleer company property. Undersigned counsel will retain the laptop pending a forensic examination and until further instructions from this Court.

Ms. Stranger nonetheless cites to Connecticut Rule of Professional Conduct 1.15(e), which requires attorneys to promptly return their clients' property upon the clients' requests. Ms. Stranger is not undersigned counsel's client, and her reliance on Connecticut Rule of Professional Conduct 1.15(e) is thus misguided.

**III.    CONCLUSION**

For all of these reasons, Cleer requests that the Court deny Ms. Stranger's Motion and enter sanctions against her to deter future frivolous filings and reimburse Cleer for unnecessary legal fees.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel: (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 969-3109
Fax: (203) 969-3150
Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that on March 26, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

<em><u>/s/ George B. Musekamp</u></em>

171948892v1