IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC | : | 3:24-cv-1496-MPS |
| | : | |
| v. | : | DEFENDANT CRYSTAL STRANGER'S |
| | : | OBJECTION TO DISTRICT COURT'S |
| CRYSTAL STRANGER et al. | : | ORDEER DENYING MOTION FOR |
| | : | MISTRIAL |
| v. | : | |
| | : | |
| DAVID and CARRIE McKEEGAN | : | |
| | : | |

      Defendant, Crystal Stranger, respectfully submits this objection to the District Court's Order denying her Motion for a Mistrial [ECF No. 185]. While Defendant has filed a Notice of Appeal pursuant to 28 U.S.C. § 1291 and Federal Rules of Appellate Procedure 3 and 4, this objection is filed to preserve her rights for further appellate review should the appellate court determine it lacks jurisdiction over the interlocutory appeal.

      Additionally, Defendant asserts that the District Court's Order qualifies for immediate appellate review under the collateral order doctrine, as it conclusively determined an important issue separate from the merits of the case that would be effectively unreviewable after final judgment. In the alternative, should the appellate court decline jurisdiction, Defendant requests that this objection be construed as a

petition for a writ of mandamus to remedy the due process violations that occurred during the evidentiary hearing.

## I. LEGAL STANDARD FOR GRANTING A MISTRIAL

A mistrial is warranted where there has been a fundamental procedural error that deprives a party of a fair hearing. Courts recognize that mistrials should be granted when extraordinary circumstances, such as ineffective assistance of counsel or judicial error, render the proceeding unfair. In *United States v. Perez*, 22 U.S. 579, 580 (1824), the Supreme Court established the mistrial doctrine, emphasizing that a mistrial is necessary when a fair trial is no longer possible. Similarly, in *Arizona v. Washington*, 434 U.S. 497, 505 (1978), the Court held that a mistrial is justified when "manifest necessity" requires it to preserve fairness. The Supreme Court has consistently ruled that due process requires meaningful participation in proceedings, as demonstrated in *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970).

## II. THE DENIAL OF A CONTINUANCE WAS AN ABUSE OF DISCRETION

The District Court improperly forced the hearing to proceed despite defense counsel suffering from severe COVID-19 symptoms, including uncontrollable coughing, difficulty speaking, and cognitive impairment. The illness materially affected defense counsel's ability to provide competent representation, evidenced by his failure to introduce key evidence and properly argue Defendant's position. Courts have held that representation by incapacitated or ineffective counsel results in a presumption of prejudice, as established in *United States v. Cronic*, 466 U.S. 648, 659 (1984), ("The

Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent or prevented from assisting the accused during a critical stage of the proceeding"); and *Powell v. Alabama*, 287 U.S. 45, 69 (1932), ("the rule that no one shall be personally bound until he has had his day in court was as old as the law, and it meant that he must be cited to appear and afforded an opportunity to be heard.") (Citing *Galpin v. Page*, 18 Wall. 350, 85 U. S. 368-369 (1873)).

Counsel's errors were not minor but were instead highly prejudicial and resulted in a miscarriage of justice. He failed to submit 23 out of 25 pieces of evidence previously prepared for submission. Additionally, counsel provided incorrect information to the court, including a misstatement that Defendant was in "Poughkeepsie," New York, when she had, in fact, informed him she was in Danbury, Connecticut. Defendant later provided receipts proving her location, demonstrating the severe lack of competence by counsel. The District Court, in its ruling, relied on these misstatements, further proving that the errors materially affected the proceedings.

The denial of a continuance under these circumstances constitutes procedural unfairness. Courts have repeatedly found that denial of a continuance under circumstances that impair the ability to present a defense is an abuse of discretion. In *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964), the Supreme Court held that the denial of a continuance must be examined based on fairness and necessity. The failure to provide an adjournment resulted in a proceeding where Defendant was deprived of effective counsel, violating the due process clause.

## III. THE COURT'S RULING IGNORES THE FUNDAMENTAL RIGHT TO PRESENT A DEFENSE

Due process includes the right to present a meaningful defense. In *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973), the Supreme Court recognized that fundamental fairness is violated when a defendant is denied the ability to present relevant evidence. The procedural deficiencies in this case prevented Defendant from presenting exculpatory evidence and refuting allegations, rendering the proceeding fundamentally unfair, and even the court rule that hearsay evidence is allowed for Preliminary Injunction hearings that are taking away my rights to property is a fundamental violation of the 14th Amendment right to fundamental fairness.

The lack of effective counsel in this instance constitutes structural error, requiring reversal. The Supreme Court has long held that the denial of effective assistance of counsel is a structural defect that warrants automatic reversal. In *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963), the Court ruled that competent legal representation is a fundamental right. Defendant's counsel, due to illness, was unable to engage in meaningful advocacy, which constitutes a violation of fundamental fairness.

## IV. PREJUDICIAL IMPACT AND IRREPARABLE HARM

The District Court's decision has immediate and severe consequences because it paves the way for the final ruling on the Preliminary Injunction. This ruling could lead to the immediate shutdown of Defendant's business, Optic Tax, without due process as a fair hearing was not held where Defendant could testify in her defense. Defendant

faces loss of property rights, including the Cleer.tax domain, which she has owned since its creation. Additionally, the ruling prevents Defendant from communicating with clients during tax season, effectively destroying relationships built over two decades. Finally, IRS Circular 230 requirements and ethical obligations as an Enrolled Agent further compound the harm, placing Defendant in an impossible professional dilemma.

The harm in this case cannot be remedied by post-judgment appeal. Given the time-sensitive nature of the tax season, a later appeal cannot undo the damage caused by a wrongful injunction. The inability to operate during peak season will likely force Defendant's business into insolvency, making any later review meaningless.

## V. REQUEST FOR RELIEF

For the foregoing reasons, Defendant respectfully requests that the District Court reconsider its Order denying the Motion for Mistrial and grant a new evidentiary hearing to remedy the due process violations. Alternatively, Defendant requests that the Court clarify the record to preserve her right to further appellate review.

Respectfully submitted,
*/s/ Crystal Stranger*
Crystal Stranger
Pro Se Litigant

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 2nd, 2025, the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

*/s/ Crystal Stranger*