IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC | : | 3:24-cv-1496-MPS |
| | : | |
| v. | : | DEFENDANT CRYSTAL STRANGER'S |
| | : | OBJECTION TO THE MAGISTRATE |
| CRYSTAL STRANGER et al. | : | JUDGE'S RECOMMENDED RULING |
| | : | ON OPTIC TAX INC'S MOTION TO |
| v. | : | DISMISS |
| | : | |
| DAVID and CARRIE McKEEGAN | : | |
| | : | |

Defendant, Crystal Stranger, appearing pro se, hereby objects to the

Recommended Ruling on Optic Tax Inc.'s Motion to Dismiss (ECF No. [181]) pursuant

to 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b), and respectfully submits this

objection on the following grounds:

**I. INTRODUCTION**

Defendant Crystal Stranger ("Stranger") objects to any treatment or

characterization within the Recommended Ruling that employs an alter ego theory to

impute liability from Optic Tax Inc. ("Optic Tax") to Stranger in her individual capacity.

Stranger files this objection solely in her individual capacity, as she cannot represent

Optic Tax Inc. as a pro se litigant. This objection is specifically directed at any

component of the Recommended Ruling that fails to recognize the legal separation

1

between Stranger and Optic Tax, as this sets a dangerous precedent that could be later used to impugn personal liability on Stranger for any default judgement later rendered against Optic Tax.

## II. FACTUAL BACKGROUND

1. Defendant Stranger was involved in the formation of Optic Tax, but her shares were relinquished prior to vesting, resulting in her never owning more than a 0% ownership interest in the company; (*See* Ex. A, RESTRICTED STOCK CANCELLATION AGREEMENT, and Ex. B, OPTIC TAX, INC. 2025 ANNUAL MEETING OF THE BOARD OF DIRECTORS).

2. While Stranger served as CEO and the "face" of Optic Tax for business development and operational purposes, she maintained appropriate corporate separation between herself and the entity.

3. Optic Tax was properly formed as a corporate entity with its own legal identity, separate and distinct from Stranger.

4. Stranger did not use Optic Tax as a vehicle to shield herself from personal liability or to perpetrate fraud.

5. Optic Tax has maintained its own financial accounts, records, and operational infrastructure separate from Stranger's personal finances.

### III. LEGAL ARGUMENT

### A. Standard for Application of Alter Ego Doctrine

The alter ego doctrine, sometimes referred to as "piercing the corporate veil", is an extraordinary remedy that should be applied with great caution and only in exceptional circumstances. As the Supreme Court articulated in *United States v. Bestfoods*, 524 U.S. 51, 61 (1998), "it is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation … is not liable for the acts of its subsidiaries." This principle applies equally to individuals who establish corporations.

Courts typically require the satisfaction of two essential elements before disregarding the corporate form:

1. Such a unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist; and

2. Recognition of the corporate form would sanction a fraud, promote injustice, or lead to an inequitable result.

The Magistrate Judge's conclusion that Optic Tax is an alter ego of Stranger improperly expands the alter ego doctrine beyond its intended scope. The core of this dispute is a breach of contract claim, and under well-established precedent, a mere breach of contract, even if intentional, is insufficient to justify piercing the corporate veil.

The Second Circuit has made clear that "claimed injustice must consist of more than merely the tort or breach of contract that is the basis of the plaintiff's lawsuit." *NetJets Aviation, Inc. v. LHC Communications, LLC*, 537 F.3d 168, 176 (2d Cir. 2008). Similarly, Delaware courts have consistently held that an alleged breach of contract does not, in itself, meet the high bar required for alter ego liability. In *Outokumpu Engineering Enterprises, Inc. v. Kvaerner Enviropower, Inc.*, 685 A.2d 724 (Del. Super. 1996), the court emphasized that the required "injustice" for veil-piercing "must be more than the breach of contract alleged in the complaint," citing *Mobil*.

Here, Plaintiff's claims center on alleged contractual violations and related business disputes, including accusations of unfair competition and interference with contractual relationships. However, these types of allegations, even if proven, do not rise to the level required to justify disregarding corporate separateness. Delaware law does not permit veil-piercing merely because a plaintiff believes a defendant has acted unfairly in a business dispute. Instead, there must be clear evidence that the corporate form was abused in a manner that defrauded creditors or otherwise created an injustice beyond the contract claims themselves.

The Magistrate Judge's ruling fails to distinguish between a standard contract dispute and the extraordinary circumstances required to invoke alter ego liability. By treating allegations of contract violations as sufficient grounds for piercing the corporate veil, the ruling improperly expands the scope of alter ego liability in a manner inconsistent with binding precedent. Accordingly, the Court should reject this flawed

reasoning and recognize that this case does not meet the legal threshold for veil-piercing under Delaware law.

### B. Defendant Stranger Cannot Be Treated as an Alter Ego of Optic Tax

### 1. No Unity of Interest or Ownership Exists

The fundamental prerequisite for application of the alter ego doctrine—unity of interest and ownership—is entirely absent in this case. Stranger relinquished her shares in Optic Tax prior to vesting and maintains a 0% ownership interest in the company. Without any ownership stake, the basic foundation for any alter ego theory collapses.

The Magistrate Judge's conclusion that Optic Tax functioned as a façade for Stranger is based on an improper application of the "single economic entity" doctrine and fails to meet the legal standard for disregarding corporate separateness under Delaware law. the ruling is particularly flawed in the context of a motion to dismiss for lack of personal jurisdiction, where the plaintiff bears the burden of establishing a prima facie case for jurisdiction, and speculative allegations should not be accepted as fact.

The ruling primarily relies on Cleer LLC's allegations in *ECF No. 55*, rather than objective evidence demonstrating a unity of interest and ownership. However, under Delaware law, corporate separateness may only be disregarded if there is strong evidence of both: (1) complete domination and control such that the corporation has no independent existence, and (2) an element of fraud or inequity in the use of the corporate structure. "Mere dominion and control over corporate operations is not

enough to justify disregarding the corporate form; there must be an element of fraud or inequity." *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 270 (D. Del. 1989) (hereinafter "*Mobil*").

The ruling then mischaracterizes evidence by ignoring critical facts that contradict Cleer's claims. As the Magistrate Judge correctly states, Stranger submitted a sworn affidavit (*ECF No. 79-2*) attesting that she is not a shareholder of Optic Tax and does not exercise sole decision-making authority, as the company has a team of 23 individual independent contractors responsible for operations. However, instead of weighing this evidence appropriately, the Magistrate Judge dismisses it based on Cleer's assertion that a marketing statement on Optic Tax's website referring to Stranger as its "visionary force and owner" is inconsistent with her affidavit.

Delaware courts have repeatedly held that circumstantial evidence such as branding language does not establish legal ownership or control. "Effectively, the corporation must be a sham and exist for no other purpose than as a vehicle for fraud" *Wallace ex rel. Cencom Cable Income Partners II, L.P. v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999). The Court's reliance on website marketing descriptions over sworn testimony is improper and mocks the serious nature with which Delaware law treats corporate veil piercing.

The Magistrate Judge's reliance on Judge Shea's discovery order (ECF No. 86) to support the conclusion that Optic Tax is merely a façade for Stranger is misplaced. This order pertains specifically to jurisdictional discovery and does not constitute a

substantive finding on alter ego liability. Assuming that further discovery will yield evidence supporting veil-piercing is speculative and inappropriate, especially at the motion to dismiss stage, where the plaintiff bears the burden of pleading sufficient facts to support its claims.

The Magistrate Judge's reliance on Judge Shea's discovery order to substantiate alter ego claims against Optic Tax is unfounded. Jurisdictional discovery is intended to ascertain facts necessary to determine the court's jurisdiction and should not serve as a substitute for establishing substantive claims. In *re Application of Antonio del Valle Ruiz*, 342 F. Supp. 3d 449 (S.D.N.Y. 2018), the court discussed the standards for granting jurisdictional discovery under 28 U.S.C. § 1782. The Second Circuit upheld the district court's decision, emphasizing that jurisdictional discovery should not be used as a fishing expedition but rather when a party has made a sufficient threshold showing of jurisdictional facts.

Accordingly, the Magistrate Judge's conclusion that Optic Tax and Stranger constitute a single economic entity is unsupported by Delaware law and relies on an erroneous standard of review. The ruling should be reconsidered in light of the well-established principle that corporate separateness should only be disregarded in exceptional cases, and only where clear and convincing evidence, not mere allegations, demonstrates abuse of the corporate form. Stranger's complete lack of ownership interest in Optic Tax is thus dispositive and distinguishes her situation from cases where courts have found alter ego liability. Mere association with a corporation, even as its

"founder" or public representative, does not justify disregarding the corporate form absent actual ownership and control.

### 2. No Fraud or Injustice Would Result from Respecting Corporate Separateness

The second prong of the alter ego analysis requires evidence that recognizing the corporate form would sanction fraud or promote injustice. *Sea-Land Services, Inc. v. Pepper Source*, 941 F.2d 519, 522-23 (7th Cir. 1991). There is no evidence suggesting that Stranger used Optic Tax to perpetrate fraud, evade legal obligations, or otherwise engage in misconduct that would justify the extraordinary remedy of disregarding the corporate form.

The Magistrate Judge's conclusion that an overall element of injustice or unfairness is present is entirely unsupported by any actual evidence. Rather than citing factual findings or legal analysis, the Magistrate Judge relies solely on allegations made by Plaintiff in *ECF No. 55*, the *Amended Complaint*, which contains unproven claims rather than adjudicated facts.

The mere existence of allegations, no matter how strongly worded, does not constitute evidence of injustice or unfairness sufficient to justify piercing the corporate veil. Courts have consistently held that to satisfy the injustice prong of the alter ego doctrine, a plaintiff must demonstrate concrete evidence of fraud or misconduct—not simply rely on accusations. See *Midland Interiors, Inc. v. Burleigh*, 2006 WL 3783476, at

*4 (Del. Ch. Dec. 19, 2006)* (rejecting veil-piercing where plaintiffs failed to provide evidence of misuse of the corporate form beyond mere assertions).

The Magistrate Judge fails to cite any independent record evidence substantiating Cleer LLC's claims that Optic Tax engaged in wrongful conduct, nor does she explain how these allegations, even if true, meet the rigorous Delaware standard requiring that the corporate form itself was abused to perpetrate fraud or injustice. Instead, the ruling improperly accepts Plaintiff's unverified allegations as fact, effectively bypassing the evidentiary burden required for such an extraordinary remedy. Without actual proof of wrongdoing attributable to Optic Tax in a manner that justifies disregarding corporate separateness, the Magistrate Judge's conclusion is legally unsound and should not be upheld.

These standards have been applied consistently across jurisdictions. In *NLRB v. Greater Kansas City Roofing*, 2 F.3d 1047, 1055 (10th Cir. 1993), the court held that the corporate veil should not be pierced merely because it is in the interest of convenience but rather requires evidence of improper conduct or intent. "It is only when the shareholders disregard the separateness of the corporate identity and when that act of disregard causes the injustice or inequity or constitutes the fraud that the corporate veil may be pierced." Nothing in the record suggests that Stranger formed or operated Optic Tax with any improper purpose that would justify holding her personally liable for the corporation's actions.

### 3. Being the "Face" of a Company Does Not Establish Alter Ego Status

Stranger's role as the "face" of Optic Tax for business development and operational purposes does not constitute sufficient grounds for applying the alter ego doctrine. Courts have consistently recognized that individuals may serve as officers, directors, or representatives of a corporation without subjecting themselves to personal liability for the corporation's acts.

The Magistrate Judge's reliance on *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330 (3d Cir. 2000), is misplaced for multiple reasons. First, *Eastern Minerals* was an appeal in the Third Circuit from a case originating in Pennsylvania, and as such, it is not binding precedent in the Second Circuit, where this case is being heard and would be appealed. More importantly, because Optic Tax is a Delaware corporation, Delaware law governs any alter ego or veil-piercing analysis. The Second Circuit has consistently recognized that the law of the state of incorporation determines whether a corporate veil may be pierced. See *Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 137 (2d Cir. 1991).

Delaware courts impose a particularly stringent standard for veil piercing, requiring not only a unity of interest but also a showing that recognition of the corporate form would promote fraud or injustice. See *Mobil*. The Third Circuit's reasoning in *Eastern Minerals*, which applied a broader approach to piercing the corporate veil, is therefore inconsistent with the controlling Delaware standard. Instead, the court should have relied on Delaware precedents, such as *Case Financial, Inc. v. Alden*, 2009 WL

2581873, at *4 (Del. Ch. Aug. 21, 2009)*, which reaffirm Delaware's strict approach to maintaining corporate separateness. Furthermore, *Eastern Minerals* involved a scenario where the corporate officer "continuously and unabashedly" used multiple entities to further personal ends, whereas here, no such allegations or evidence exist regarding Defendant-Appellant's conduct.

Finally, there is Supreme Court precedent which supports that this Alter Ego treatment as used here is not applicable. In *United States v. Bestfoods*, the Supreme Court emphasized that "activities that involve the facility but which are consistent with the parent's investor status, such as monitoring of the subsidiary's performance, supervision of the subsidiary's finance and capital budget decisions, and articulation of general policies and procedures, should not give rise to direct liability." (Citing *Oswald, Bifurcation of the Owner and Operator Analysis under CERCLA*, 72 Wash. U. L. Q. 223, 281282, 282 (1994)). This clearly shows that the Supreme Court considers operational activities alone as not enough to impute direct liability from a corporate entity.

**C. Relevant Case Law Supports Maintaining Corporate Separateness**

Several additional cases support the position that Stranger should not be treated as an alter ego of Optic Tax:

In *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003), the Supreme Court reaffirmed that the corporate owner who is a natural person is distinct from the corporation itself, highlighting the legal separation between individuals and the corporations they establish or operate.

Furthermore, in *Doberstein v. G-P Industries, Inc.*, C.A. No. 9995-VCP (Del. Ch. Oct. 30, 2015), the Delaware Court of Chancery emphasized that to pierce the corporate veil, a plaintiff must demonstrate that the corporation, through its alter ego, has created a sham entity designed to defraud investors and creditors. The court outlined specific factors to consider, including whether the company was adequately capitalized, solvent, observed corporate formalities, and whether the dominant shareholder siphoned company funds. The court in *Doberstein* dismissed the veil-piercing claim, highlighting the difficulty of persuading a Delaware court to disregard the corporate entity. *See Paul Elton, LLC v. Rommel Del., LLC*, 2020 WL 2203708, at *14 (Del. Ch. May 7, 2020) ("Delaware public policy disfavors disregarding the separate legal existence of business entities."); *see also Wallace ex rel. Cencom Cable Income P'rs II, L.P. v. Wood*, 752 A.2d 1175, 1183 (Del. Ch. 1999) ("Persuading a Delaware court to disregard the corporate entity is a difficult task." (quoting Harco Nat'l Ins. Co. v. Green Farms, Inc., 1989 WL 110537, at *4 (Del. Ch. Sept. 19, 1989)))

Finally, in *Manichaean Capital, LLC v. Exela Technologies, Inc.*, C.A. No. 2020-0601-JRS (Del. Ch. 2021) the Delaware Court of Chancery discussed the traditional factors considered when reviewing a veil-piercing claim, often referred to as the "alter ego" factors. These include insolvency, undercapitalization, commingling of corporate and personal funds, absence of corporate formalities, and whether the subsidiary is simply a facade for the owner. None of these factors are present in the instant case. The Delaware court further noted that disregarding the corporate fiction is appropriate only in exceptional circumstances where equity requires it.

## IV. CONCLUSION

For the foregoing reasons, Defendant Crystal Stranger respectfully requests that this Court reject any application of the alter ego doctrine in the Motion to Dismiss that would later impute liability from Optic Tax Inc. to Stranger individually. Stranger's complete lack of ownership interest in Optic Tax, combined with the absence of any fraud or injustice that would result from respecting the corporate form, makes this case wholly inappropriate for application of the alter ego doctrine.

Stranger further requests that the Court modify the Recommended Ruling to explicitly acknowledge the legal separation between Stranger and Optic Tax, and to dismiss any claims against Stranger in her individual capacity that are premised on an alter ego theory.

Respectfully submitted,

*/s/ Crystal Stranger*

Crystal Stranger

Pro Se Litigant

### CERTIFICATE OF SERVICE

The undersigned certifies that on April 2nd, 2025, the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

*/s/ Crystal Stranger*