# Exhibit A

RESTRICTED STOCK CANCELLATION AGREEMENT

**RESTRICTED STOCK CANCELLATION AGREEMENT**

This Restricted Stock Cancellation Agreement (the "Agreement") is entered into as of January 26, 2025 ("Effective Date"), by and between Crystal Stranger ("Director") and Optic Tax Inc., a corporation continued and existing under the laws of the State of Delaware (the "Company").

W I T N E S S E T H:

**WHEREAS**, pursuant to the resolutions of the board of directors of the Company (the "Board") on January 31, 2024, Director purchased restricted stock with value equal to $80 on January 31, 2024 (the "Restricted Stock");

**WHEREAS**, the Restricted Stock was granted pursuant to the Optic Tax Inc. Common Stock Purchase Agreement (the "CSPA");

**WHEREAS**, Director and the Company acknowledge and agree that the 2024 and ongoing Compensation was and will be paid in lieu of the Restricted Stock and in consideration, the receipt and sufficiency of which is hereby acknowledged, for the cancellation of the Restricted Stock;

**WHEREAS**, pursuant to the terms of the Restricted Stock (which include, without limitation, the same terms as Section 10(c) of the CSPA), the Restricted Stock may be modified or amended with the consent of Director and in writing signed by the Company and Director;

**WHEREAS**, the Restricted Stock was scheduled to vest on a four year schedule with a one year cliff, with the first 25% of shares scheduled to vest as of January 28, 2025, and an additional 1/48th of the Vesting Shares shall be released from the Repurchase Option on the corresponding day of each month thereafter ; and

**WHEREAS**, Director and the Company desire to cancel the Restricted Stock on the Effective Date.

**NOW, THEREFORE,** in consideration of the mutual covenants hereinafter set forth and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Company and Director do hereby agree as follows:

1. Cancellation of Restricted Stock. On the Effective Date, in consideration of the 2024 Compensation, the Restricted Stock shall be cancelled and shall be of no further force or effect. Director acknowledges and agrees that the receipt of the 2024 Compensation is in full consideration for the cancellation of the Restricted Stock scheduled to vest on

January 28th, 2025, and the termination of all rights to or under the Restricted Stock, and, by acceptance of the 2024 and 2025 Compensation, Director shall (on behalf of himself and anyone claiming through him, including, without limitation, his spouse, child or children, heirs, beneficiaries, devisees, executors, administrators, attorneys, agents, representatives, and assigns) waive and release the Company, and its past, present and future parents, subsidiaries, affiliates, officers, directors, employees, agents, predecessors, successors and assigns (the "Releasees"), from any and all claims and rights now or hereafter arising out of or in any way relating to the Restricted Stock, Director's status as a holder of the Restricted Sock or the termination of the Restricted Stock. On and after the Effective Date, Director (and anyone claiming through him) shall not have any rights to or under the Restricted Stock. Director acknowledges and agrees that (a) the waiver and release in this Section 1 is binding on him and anyone claiming through him, including, without limitation, his spouse, child or children, heirs, beneficiaries, devisees, executors, administrators, attorneys, agents, representatives and assigns, and (b) he has not assigned any claims or filed or initiated any legal proceedings against the Releasees in connection with, or related to, any claims or rights described above.

2. Director Representations. Director hereby represents and warrants as follows:

(a) Director is legally competent and has all power and authority required to sign this Agreement;

(b) Director has not transferred any of the Restricted Stock on or prior to the Effective Date;

(c) No promise or agreement not expressed herein has been made to Director to induce him to sign this Agreement;

(d) In signing this Agreement, Director is not relying on any statement or representation of any of the Releasees that is not contained in this Agreement;

(e) Director has had a reasonable opportunity to review this Agreement and has had a reasonable opportunity to consult with his legal counsel and accountants with respect to the terms and the legal, financial and tax implications of this Agreement;

(f) The release set forth in Section 1 represents a commercial, arm's length transaction by and between the parties to which such release refers; and

(g) Director, upon request, will execute and deliver any additional documents deemed by the Company or any successor thereto, to be reasonably necessary or desirable to complete the cancellation of the Restricted Stock.

3. CSP Agreement. For the avoidance of doubt, the execution of this Agreement shall not cause or be deemed to cause (a) any modification or amendment to the Common Stock Purchase Agreement, dated January 31, 2024, and the Common Stock Purchase Agreement, dated August 31, 2024 (collectively, the "CSP Agreements"), or (b) a termination of Director's services with the Company for purposes of the CSP Agreements or otherwise.

4. <u>Miscellaneous</u>. No amendment or modification of this Agreement shall be deemed effective unless made in writing and signed by the parties hereto. This Agreement may be executed by the parties hereto in counterparts, each of which shall be deemed to be an original. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to conflicts of law thereof or of any other jurisdiction. This Agreement contains the entire agreement of the parties hereto relating to the subject matter hereof and supersedes all prior agreements and understandings, whether oral or written, with respect to the subject matter hereof. This Agreement shall be binding on and inure to the benefit of the parties to it and their respective heirs, legal representatives, successors and assigns.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date and year first set forth above.

**Optic Tax INC.**

By: /s/ *[signature]*
Name: Simeon Stern
Title: Chief Financial Officer

**DIRECTOR**

/s/ *[signature]*
Crystal Stranger