IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC | : | 3:24-cv-1496-MPS |
| | : | |
| v. | : | DEFENDANT CRYSTAL STRANGER'S |
| | : | REPLY IN SUPPORT OF SANCTIONS |
| CRYSTAL STRANGER et al. | : | AGAINST PLAINTIFF ATTORNEY |
| | : | GEORGE MUSEKAMP AND |
| v. | : | OPPOSITION TO SANCTIONS |
| | : | AGAINST DEFENDANT CRYSTAL |
| DAVID and CARRIE McKEEGAN | : | STRANGER |
| | : | |

Defendant Crystal Stranger ("Defendant") respectfully submits this reply to Plaintiff Cleer LLC's ("Plaintiff") opposition to Defendant's Motion for Sanctions against Plaintiff's counsel, George Musekamp (Doc 194) . Plaintiff's opposition mischaracterizes the nature of Defendant's filings and overlooks the ongoing procedural and ethical missteps by Plaintiff's counsel that necessitate the present motion. Additionally, Plaintiff's request for sanctions against Defendant is unwarranted, as Defendant's filings are supported by law and fact and address legitimate concerns in this litigation.

## I. INTRODUCTION

Plaintiff's opposition demonstrates precisely the type of conduct that warrants sanctions against its counsel. Rather than substantively addressing the legitimate concerns raised in Defendant's Motion, Plaintiff and its counsel resort to

1

mischaracterizations and unfounded accusations, while continuing the very behaviors that necessitated Defendant's Motion for Sanctions in the first place. Counsel's professional conduct falls well below the standards required by Model Rule 3.3's duty of candor to the tribunal and Model Rule 3.4's fairness to opposing parties, which this Court has expressly adopted. In *Daniels v. Alander*, 268 Conn. 320 (2004) the court reprimanded an attorney for failing to correct false statements made by another attorney in his presence, underscoring the duty of candor toward the tribunal..

## II. ARGUMENT

### A. The Court Failed to Address Arguments Raised in Document 164

Plaintiff mischaracterizes the basis for Defendant's Motion, claiming it raises "the same grounds that have already been rejected by the Court." This assertion is false. In Document 164, the Court did not address the substance of Defendant's arguments regarding counsel's misconduct, but merely denied the requested relief regarding the client list. The absence of substantive consideration of counsel's conduct necessitated this Motion for Sanctions.

Courts have consistently recognized that sanctions are appropriate where false statements are made before a tribunal. *See Patsy's Italian Restaurant, Inc. v. Banas*, 658 F.3d 254, 270-71 (2d Cir. 2011). In *Burton v. Mottolese*, 267 Conn. 1 (2003) the Connecticut Supreme Court upheld the disbarment of an attorney who made misrepresentations to the court and engaged in unauthorized representation. The court highlighted that such conduct violates the Rules of Professional Conduct and warrants

severe sanctions. Here, counsel's misrepresentation of the Court's ruling in Document 164 constitutes precisely such conduct**.**

### B. Counsel Continues to Make Sanctionable Statements

Remarkably, in the very opposition meant to defend against allegations of improper conduct, counsel continues to make sanctionable statements by claiming Defendant "has engaged in misconduct at every turn." Such sweeping, unsubstantiated accusations are precisely the type of statements that courts have found sanctionable. *See In re 60 East 80th Street Equities, Inc.*, 218 F.3d 109, 115-16 (2d Cir. 2000) (affirming sanctions where attorney made reckless accusations against opposing party).

Plaintiff's counsel has made unsubstantiated and inflammatory statements about Defendant, including claims that Defendant has "engaged in misconduct at every turn." Such statements lack evidentiary support and are inappropriate, potentially violating professional conduct rules that prohibit making false statements about a party. In *Disciplinary Counsel v. Morrocco*, 2006 WL 463467 (Conn. Super. Ct. Jan. 31, 2006) the court imposed sanctions on an attorney for submitting false evidence and making deceptive statements during the disciplinary process, highlighting the importance of honesty and integrity in legal proceedings. Plaintiff's counsel continues to make sanctionable statements in opposition to this motion, further demonstrating a pattern of reckless disregard for factual accuracy and legal propriety.

Making baseless and inflammatory accusations violates counsel's obligations under Rule 11, which requires a reasonable factual basis for all statements made to the

court. *See Lawrence v. Richman Group of CT LLC*, 620 F.3d 153, 158 (2d Cir. 2010) (where attorney's duty under Rule 11 includes to conduct "reasonable inquiry" before making assertions). Here Plaintiff has made many false statements, and several of these false statements were used by the Magistrate Judge in her Recommended Rulings thus directly prejudicing defendants.

### C. Counsel's Intimidation and Threats Warrant Sanctions

Plaintiff's counsel attempts to characterize his threats against Defendant as legitimate legal communications. However, courts have consistently found that communications designed to intimidate pro se litigants constitute sanctionable conduct. *See Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000) (attorney's threats designed to intimidate opposing party warranted sanctions).

The threats made by Plaintiff's counsel go far beyond legitimate advocacy and constitute a deliberate attempt to undermine Defendant's ability to effectively represent herself in this litigation.

### D. Counsel's "Meet and Confer" Obligations Do Not Include Providing Misleading Statements

Plaintiff's counsel misunderstands the nature and purpose of the "meet and confer" requirement. This obligation does not give counsel license to make misleading and aggressive statements about legal matters to a pro se litigant. *See Revson v.*

*Cinque & Cinque, P.C.*, 221 F.3d 71, 75-76 (2d Cir. 2000) (attorney's obligation of candor extends to all parties, including pro se litigants).

The Second Circuit has emphasized that attorneys must show particular care when dealing with pro se litigants. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (submissions of pro se litigants must be construed liberally and interpreted to raise the strongest arguments they suggest).

In addition to the Second Circuit's emphasis on liberal construction of pro se submissions, Connecticut and the ABA also provide specific guidance on how attorneys should communicate with pro se litigants. The ABA Model Rule 4.3 advises that when dealing with an unrepresented person, an attorney must not imply they are disinterested and should make it clear that they are representing another party. Furthermore, Connecticut Rule of Professional Conduct 4.3 similarly stresses the duty of an attorney to avoid misleading pro se litigants, especially when the lawyer knows that the person is not represented. If Plaintiff's counsel had studied the ethical guidelines he must follow when representing a client before this court, he would know that these rules reinforce the need for fairness and clarity in communications with pro se litigants, ensuring that they are not unduly influenced or misled in the course of litigation.

### E. Counsel Has Failed to Correct Factual Misrepresentations

Plaintiff's counsel continues to make factual misrepresentations before this Court. The assertion that Defendant "waived any argument to the contrary" by not attending the second day of the preliminary injunction hearing mischaracterizes both law and fact.

Circumstances beyond the control of a party, that prevents attendance at a hearing does not constitute waiver. *See New York v. Green*, 420 F.3d 99, 104-05 (2d Cir. 2005) (finding no waiver where absence was due to circumstances beyond party's control).

### F. Absence of Objections Does Not Sanction Improper Conduct and Raises Concerns of Mistrial

Plaintiff's claim that no objections were made to counsel's questions during the preliminary injunction hearing does not render any improper conduct proper. The absence of objection does not waive a party's right to challenge improper actions, especially where those actions create the appearance of impropriety or conflict. Courts have consistently held that the failure to object in a trial or hearing does not preclude a party from later challenging improper conduct, particularly when such conduct implicates fundamental fairness or ethics.

For example, in *United States v. Remington*, 208 F.3d 85 (2d Cir. 2000), the Second Circuit clarified that a party may still challenge improper conduct or errors that substantially affect the fairness of the trial, even if no objection was made at the time. This reflects the principle that improper conduct can be harmful to the fairness of a case and may necessitate a new trial or other corrective action, such as a mistrial.

Here, Plaintiff's counsel's actions, which violated the ethical boundaries of proper advocacy, would have tainted the fairness of the proceedings regardless of the absence of objections, justifying Defendant's request for the Court to consider the possibility of a mistrial in addition to this Motion for Sanctions.

**G. The Computer Issue Demonstrates Counsel's Bad Faith**

Defendant has made diligent efforts to comply with discovery obligations, including the production of her personal computer. The delays in delivery were due to customs procedures beyond Defendant's control. Defendant promptly mailed the computer on December 10, 2024, and it was delivered on February 25, 2025. Despite this, Plaintiff has delayed the return of Defendant's property by not conducting forensic investigations in a timely manner, effectively depriving Defendant of her property without justification.

Courts have recognized that retention of opposing party's property without prompt examination or return may constitute bad faith. In *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004), the court emphasized the obligation to timely examine and produce electronically stored information (ESI) during discovery, warning that failure to do so can lead to severe consequences. The same principle applies to the retention of Defendant's personal property, where failure to conduct timely forensic investigations deprives Defendant of her property and her ability to prepare her case.

Plaintiff's allegation that Defendant caused the delay on sending the computer is unsupported by the facts. Defendant was unable to promptly produce her computer due to circumstances beyond her control – specifically, customs delays for a computer shipped from South Africa, and government inspections while mailing goods is far outside the realm of what can be controlled by a party. This delay also harms Defendant

7

who is deprived of her property, and does not excuse Plaintiff's unreasonable delay in conducting investigations and returning Defendant's computer, despite counsels allegations to this end.

Thus Plaintiff's unreasonable delay in conducting forensic investigations and returning Defendant's personal property constitutes an improper deprivation of property.

### H. Counsel's Continued Misconduct Before the Second Circuit

Plaintiff's counsel has committed additional ethical violations by filing a response in the Second Circuit Court of Appeals (25-530 Doc 20) on March 21st, 2025, prior to having been properly admitted before that court (25-530 Doc 25) on March 25th, 2025. As noted in *In re Snyder*, 472 U.S. 634, 645 (1985), attorneys must comply with the rules of each court in which they appear. Counsel's failure to await proper admission before filing documents constitutes yet another example of his disregard for proper procedure.

Here Plaintiff's counsel filed a response in the Second Circuit Court of Appeals prior to obtaining proper admission before that court. This action contravenes standard appellate procedure and raises serious concerns about counsel's adherence to procedural norms. The Second Circuit explicitly requires that attorneys be admitted to its bar before filing documents. According to the court's official filing procedures:

"To file, counsel must be admitted to the Second Circuit bar and be registered with PACER for an appellate filer account."

Furthermore, Rule 11 of the Federal Rules of Civil Procedure mandates that every filing must be signed by an attorney of record who is properly authorized to practice before the court. Failure to comply with this requirement can result in sanctions. See *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220 (1987) (noting courts' authority to sanction attorneys for procedural misconduct).

Plaintiff's counsel's premature filing without proper admission reflects another blatant disregard for these fundamental procedural requirements and further supports the necessity of sanctions.

### III. PLAINTIFF'S REQUEST FOR SANCTIONS AGAINST DEFENDANT IS BASELESS

Plaintiff's request for sanctions against Defendant for filing allegedly "frivolous" motions is entirely without merit. Pro se litigants are entitled to liberal construction of their filings. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006). Defendant's filings raise substantive legal and factual issues that require the Court's attention. The Second Circuit has emphasized that sanctions against pro se litigants are appropriate only in the most extreme circumstances. *See Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989) (courts should exercise caution in imposing sanctions against pro se litigants).

Plaintiff argues that Defendant has engaged in bad faith and frivolous filings yet fails to acknowledge that each of Defendant's motions is supported by substantive legal arguments and factual evidence. Courts have consistently held that sanctions are

inappropriate where a party raises legitimate legal concerns, even if the opposing party disagrees with the arguments. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) (holding that Rule 11 sanctions should not be imposed for filings that are legally or factually justified).

Moreover, Plaintiff claims that Defendant is attempting to increase litigation costs; however, it is Plaintiff's own conduct—repeated misstatements, failure to adhere to court rules, and now procedural errors—that has necessitated additional filings. Defendant has acted within her rights to challenge these issues and should not be penalized for holding Plaintiff accountable for its own procedural and ethical missteps.

Finally, the claim that Defendant has engaged in frivolous filings is belied by the fact that Plaintiff continues to make errors that require correction. Plaintiff's motion for sanctions is an attempt to stifle legitimate legal arguments and should be denied in its entirety.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant her Motion for Sanctions against Plaintiff's counsel, George Musekamp, and deny Plaintiff's request for sanctions against Defendant.

Respectfully submitted,

*/s/ Crystal Stranger*

Crystal Stranger

Pro Se Litigant

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on April 2nd, 2025, the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

*/s/ Crystal Stranger*