# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | Case No. 3:24-cv-01496-MPS |
| | Judge Michael P. Shea |
| | Magistrate Judge Maria E. Garcia |
| Plaintiff, | |
| v. | **PLAINTIFF CLEER LLC'S RESPONSE TO DEFENDANT CRYSTAL STRANGER'S OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDED RULING ON OPTIC TAX INC.'S MOTION TO DISMISS** |
| CRYSTAL STRANGER, et al., | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 72(a), Plaintiff Cleer LLC ("Cleer") provides its response to Defendant Crystal Stranger's objections to the Magistrate's Recommended Ruling on Optic Tax's Motion to Dismiss [Doc. 181].[1] The objections should be rejected for many reasons.

As an initial matter, Ms. Stranger's objections should be ignored by the Court because she is engaging in the unauthorized practice of law. While Ms. Stranger may have passed the California bar exam, she is not a licensed attorney. She was cautioned by the Court that "because Defendant Optic Tax Inc. is a corporate entity, it cannot proceed *pro se* but must be represented by counsel." [Order, Doc. 155]. Ms. Stranger ignored the Court's instructions and filed objections to the Magistrate's recommendation on ***Optic Tax's*** Motion to Dismiss anyways. She is not permitted to do so, and the filing should be ignored.

---

[1] Pursuant to Fed. R. Civ. P. 72(b), Ms. Stranger is not entitled to a reply memorandum to this brief and any such filing should be ignored by the Court. Moreover, Cleer will not file a response to Ms. Stranger's objections to the Magistrate's Recommended Ruling on the Motion for Mistrial [Doc. 185] or Recommended Ruling on the Motion for Preliminary Injunction [Doc. 182] because those are "nondispositive matters" pursuant to Fed. R. Civ. P. 72(a). Accordingly, all Recommended Rulings are ripe for adoption by this Court.

172135476v1

Accordingly, there are no proper objections to the Magistrate's Recommended Ruling before the Court. "As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013). For this reason alone, the Recommended Ruling should be adopted.

To the extent the Court decides to consider the substance of Ms. Stranger's objections, her arguments are meritless and should be reviewed for plain error. For the most part, Ms. Stranger simply recycles the same arguments that need not be addressed again. *Zimmelman v. Teachers' Retirement Sys. of the City of New York, No. 08 Civ. 6958,* 2010 U.S. Dist. LEXIS 50039, at *9 (S.D.N.Y. May 20, 2010) ("pro se's objections did not warrant de novo review for do[ing] little more than recycl[ing] the same arguments made in front of the magistrate judge") (quotation omitted); *Braten v. Kaplan*, 2017 U.S. Dist. LEXIS 43686, *5 (S.D.N.Y March 23, 2017) ("In objecting to Magistrate Judge Ellis's recommendation, Plaintiff simply recycles the same arguments he set forth in opposing Defendant's Motion for Summary Judgment. Accordingly, the Court reviews for plain error and finds that there is none.") (internal citations omitted). The Recommended Ruling properly addressed and rejected Ms. Stranger's arguments, and there is no clear error.

She does, however, rely on one new argument—that she allegedly cancelled her stock ownership in Optic Tax as of January 26, 2025 in exchange for undisclosed compensation ***three days* *before the preliminary injunction hearing*** and months after Cleer filed its Complaint. This is just more gamesmanship by Ms. Stranger. Indeed, the fact that Ms. Stranger is filing objections on behalf of Optic Tax while claiming to have no ownership in the company establishes that she

is acting as its alter ego and that her forfeiture of stock in Optic Tax, which is supposedly now exclusively owned and allegedly controlled by her father, is a sham.

Regardless, this argument was never raised in the Motion to Dismiss and was therefore waived. "It is well established that an argument raised for the first time in an objection to a recommended ruling is waived." *Corbit v. Colvin*, No. 3:13CV1587 (JBA), 2015 WL 9308221, at *6 (D. Conn. Dec. 22, 2015). Further, courts generally "will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Papapietro v. Clott*, No. 22CV1318RPKVMS, 2023 WL 2731687, at *3 (E.D.N.Y. Mar. 31, 2023). Thus, this argument should be ignored.

Moreover, Ms. Stranger's forfeiture of her equity in Optic Tax, if true, was completed *after* the Complaint was filed in this Court. Under the "time of filing" rule, Ms. Stranger's post-hoc creation of documents in an attempt to destroy personal jurisdiction over Optic Tax is irrelevant. *Prudential Ins. Co. of Am. v. Shenzhen Stone Network Info. Ltd.*, 58 F.4th 785, 794 (4th Cir. 2023) ("We hold that the district court did not err in determining that the relevant time for considering an ACPA plaintiff's ability to obtain personal jurisdiction over the would-be defendant is at the time of filing.").

Finally, Ms. Stranger's attempt to divert her ownership does not change the analysis. As the Recommended Ruling states, "Optic Tax is incorporated in Delaware, thus, the Court applies Delaware law to this analysis." [Recommended Ruling, Doc. 181 at 10]. Under Delaware law, "[t]he alter ego theory of jurisdiction is based on the premise that the contacts of a Delaware entity may be attributed to another person if the Delaware entity is the mere alter ego of such other person." *Yu v. GSM Nation, LLC*, No. CV N17C–07–200 JRJ, 2018 WL 2272708, at *6 (Del. Super. Ct. Apr. 24, 2018). And this "theory permits courts to ignore corporate boundaries where

**fraud or inequity** in the use of the corporate form is found." *Id.* (emphasis added). "Acts intended to leave a debtor judgment proof are sufficient to show fraud and injustice." *Manichaean Cap., LLC v. Exela Techs., Inc.*, 251 A.3d 694, 708–09 (Del. Ch. 2021). Perhaps realizing that she and Optic Tax are subject to significant liability in this jurisdiction, Ms. Stranger, Mr. Stern, and Optic Tax have engaged in acts of fraud and injustice by supposedly completing a sham transfer of Mr. Stranger's Optic Tax shares to her father, Mr. Stern, just days before the preliminary injunction hearing. It is unclear if that transaction even occurred on the date she claims (or if it happened at all). But that is irrelevant because, based on the suspicious timing alone, the purported transaction was merely an attempt to disrupt the Court's exercise of alter ego personal jurisdiction over Optic Tax. This is yet another reason to justify the Court's exercise of personal jurisdiction over Optic Tax under an alter ego theory.

Based on the foregoing, Cleer respectfully requests that the Court adopt the Magistrate's Recommendation on Optic Tax's Motion to Dismiss.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel:  (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.

172135476v1

>281 Tresser Boulevard
>Stamford, CT 06901
>Tel: (203) 969-3109
>Fax: (203) 969-3150
>Michael.O'Malley@ogletree.com

>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 7, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

>*/s/ George B. Musekamp*

172135476v1