# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | : : : : | Case No. 3:24-cv-01496-MPS |
| | : | Judge Michael P. Shea |
| | : | Magistrate Judge Maria E. Garcia |
| Plaintiff, | : : | |
| v. | : : | **PLAINTIFF CLEER LLC'S OPPOSITION TO DEFENDANT CRYSTAL STRANGER'S MOTION** |
| CRYSTAL STRANGER, et al., | : : | **TO STAY PROCEEDINGS PENDING APPEAL** |
| Defendants. | : | |

Crystal Stranger has filed a Motion to Stay Proceedings ("Motion") pending the resolution of her appeal of this Court's Order (Doc. 185) denying her Motion for Mistrial (Doc. 139). There is no basis for Ms. Stranger's appeal, let alone a basis for a stay.

First, Ms. Stranger has impermissibly appealed an unappealable, interlocutory order. The Court's Order denying Ms. Stranger's Motion for Mistrial "is neither a final order, nor an interlocutory order pertaining to an injunction, nor a certified interlocutory order." *Connecticut Hosp. Ass'n v. O'Neill*, 891 F. Supp. 687, 692 (D. Conn. 1994) (citations omitted). The United States Supreme Court held that "[a]n order granting a new trial is interlocutory in nature and therefore not immediately appealable." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). A motion for mistrial is functionally no different than a motion for new trial. *Aczel v. Labonia*, No. 3:00 CV 01802 (PCD), 2006 WL 2715345, at *5 (D. Conn. Sept. 22, 2006), *aff'd in part, appeal dismissed in part,* 271 F. App'x 73 (2d Cir. 2008), and *on reconsideration,* No. 3:00-CV-01802PCD, 2008 WL 2079128 (D. Conn. May 15, 2008), *aff'd,* 584 F.3d 52 (2d Cir. 2009) ("Because Plaintiff's oral motion for a mistrial asserts the same arguments on the same issues as

his motion for a new trial, the Court need not address the motion for mistrial.").  Since the appellate court lacks jurisdiction to review the denial of a motion for mistrial, Ms. Stranger cannot show a substantial likelihood of success on appeal, and a stay pending appeal is therefore equally meritless.  *See Bean v. City of Buffalo*, 822 F.Supp. 1016, 1019 (W.D.N.Y.1993) (request for stay pending appeal denied because the order appealed was not an appealable order).

Second, there is no legal or factual basis to support Ms. Stranger's Motion to Dismiss, which is premised entirely on the argument that the Court did not continue the proceedings.  As noted by the Court, Ms. Stranger did not move for a continuance.  (Doc. 185 ("Defendants' counsel never filed a motion for continuance nor asked for a continuance because of illness even when asked by the Court.").  Instead, the proceedings continued remotely and "any failure to introduce additional evidence through Ms. Stranger's testimony is her own doing." (*Id.*).  Simply put, Ms. Stranger cannot seek a mistrial based on an alleged order denying a motion for a continuance that does not exist.  Accordingly, there is no basis for a mistrial, no grounds for a new hearing, and no justification for a stay pending appeal of an order denying a meritless motion.

For all of these reasons, and those articulated by the Court denying the Motion for Mistrial, Ms. Stranger is not entitled to a stay pending appeal.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel:  (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

172226104v1

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 969-3109
Fax: (203) 969-3150
Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

3

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on April 11, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

*/s/ George B. Musekamp*

4