**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX,<br><br>Plaintiff,<br><br>v.<br><br>CRYSTAL STRANGER, et al.,<br><br>Defendants. | : | Case No. 3:24-cv-01496-MPS<br><br>Judge Michael P. Shea<br>Magistrate Judge Maria E. Garcia<br><br>**PLAINTIFF CLEER LLC'S MOTION FOR FINDING OF DEFAULT AND ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT OPTIC TAX INC.** |

Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff Cleer LLC (f/k/a Greenback Business Services LLC) d/b/a Cleer Tax ("Cleer") moves for an Order finding Defendant Optic Tax Inc. ("Optic Tax") in default and for an entry of default judgment against Optic Tax. Cleer further requests that, following limited fact discovery, the Court schedule a hearing to determine damages and permanent equitable relief to which Cleer is entitled.

For the reasons set forth in the accompanying Memorandum of Law, Optic Tax is in default because it failed to "otherwise defend" this action by not timely obtaining successor counsel in violation of this Court's February 26, 2025 order ("Order"), Optic Tax's default was willful, denying default judgment would cause Cleer significant prejudice, and Optic Tax has no meritorious defenses. Thus, Cleer respectfully requests that the Court dismiss all of Optic Tax's claims and enter default judgment against it.

Respectfully submitted,

*/s/ George B. Musekamp*

George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel: (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 969-3109
Fax: (203) 969-3150
Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR FINDING OF DEFAULT AND ENTRY OF DEFAULT JUDGMENT**

## I. INTRODUCTION

On February 26, 2025, the Court ordered Optic Tax, a corporate defendant, to obtain and have successor counsel appear on its behalf in this case by March 14, 2025. (Doc. 155). The Order expressly warned Ms. Stranger and Optic Tax that failing to comply could result in the Court entering default judgment against Optic Tax. Optic Tax did not obtain successor counsel as the Court ordered, meaning Optic Tax is in default and entry of a default judgment against it is appropriate.

For the reasons below, all relevant factors weigh in Cleer's favor, and the Court should enter default judgment against Optic Tax.

## II. PROCEDURAL BACKGROUND

On January 29 and 30, 2025, the Court held an evidentiary hearing on Cleer's Motion for Preliminary Injunction. (*See* Doc. 120). Ms. Stranger, in her personal capacity and as the corporate representative of Optic Tax, appeared for the first day of the hearing but then abandoned her case and failed to attend the second day.

On February 26, 2025, the Court granted Attorney Alan Harrison's motion to withdraw as counsel for Optic Tax. (Doc. 142). In that Order, the Court quoted an email appended to Mr. Harrison's Motion to Withdraw as counsel for Optic Tax: "'[i]f my motion to withdraw is granted, Optic Tax will need to engage another attorney; and if Optic Tax does not engage another attorney, a default judgment may be rendered against Optic Tax." (*Id.* (quoting Doc. 149-1)). The Court reiterated in its own words:

> **Optic Tax's failure to engage successor counsel may result in a dismissal or default being entered against the company. *See* D. Conn. L. Civ. R. 7(e) ("[T]he court may grant the motion to withdraw the appearance after notice to the**

> **party that failure to either engage successor counsel or file a pro se appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.").**

(*Id.* (emphasis in original)). The Court gave successor counsel for Optic Tax until March 14, 2025 to file an appearance. But, nearly three months later, Optic Tax remains unrepresented by counsel in violation of this Court's Order.

## III. LEGAL ARGUMENT

The Court should enter default judgment against Optic Tax under Federal Rule of Civil Procedure 55 for its failure to "otherwise defend" this action. "Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). "Rule 55 provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citation omitted).

"The first step is to obtain an entry of default. When a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may bring that fact to the court's attention." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). "Although Rule 55(a) contemplates that entry of a default is a 'ministerial' step to be performed by the clerk of court, a district court judge also possesses the inherent power to enter a default." *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) (quoting *Beller & Keller v. Tyler*, 120 F.3d 21, 22 n.1 (2d Cir. 1997)).

"The second step is to seek a default judgment under Rule 55(b)." *Crabtree v. Hope's Windows, Inc.*, No. 3:17-CV-01709 (VAB), 2018 WL 2436992, at *5 (D. Conn. May 30, 2018). Because Cleer's damages are not for a sum certain, Fed. R. Civ. P. 55(b)(2) "requires a party seeking

a judgment by default to apply to the court for entry of a default judgment." *Priestley*, 647 F.3d at 505.

For the reasons that follow, Optic Tax is in default by failing to obtain successor counsel in violation of this Court's Order and the relevant factors support the Court entering default judgment in Cleer's favor against Optic Tax. The Court may then conduct a hearing to "determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B).

**A. Optic Tax Is In Default Because it Failed To Obtain Successor Counsel By March 14 In Violation Of This Court's Order.**

"[I]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55, F[ed]. R. Civ. P." *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006) (citing *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975)). And as this Court has noted, "[a] corporation that terminates its attorney is in peril of a default judgment, which is an appropriate sanction if the failure to obtain successor counsel persists and is willful." *Fappiano v. MacBeth*, No. 309-CV-00043CSH, 2010 WL 1839946, at *1 (D. Conn. May 7, 2010)).

Optic Tax did not obtain legal counsel within the Court's prescribed timeframe, placing Optic Tax in default for failing to "otherwise defend" this action. *Christa Constr., LLC v. Connelly Drywall, LLC*, 879 F.Supp.2d 389, 393 (W.D.N.Y. 2012) (concluding that the corporate entity's "failure to 'otherwise defend' by its refusal to obtain new counsel" resulted in its default, and granting the plaintiff's motion for default judgment without ordering a formal entry of default). Indeed, "[t]he Second Circuit has repeatedly affirmed district court cases that granted default judgments against corporate defendants that were specifically instructed to retain counsel by a

certain date, yet failed to do so." *Grant v. West*, No. 97 CV 6560 (ILG), 2001 WL 1597804, at *4 (E.D.N.Y. Nov. 6, 2001) (collecting cases).

Despite the unambiguous Order from this Court explicitly warning Optic Tax of the consequences for failing to timely obtain successor counsel, it has failed to do so. Thus, Optic Tax is now in default, and the factors discussed below support this Court's entry of default judgment against Optic Tax.

**B. <u>Cleer Is Entitled To A Default Judgment.</u>**

"In deciding whether to enter default judgment, courts in this Circuit typically focus on three factors: (1) whether the default was willful, (2) whether denying the application for default would prejudice the movant, and (3) whether a meritorious defense exists." *Cartagena-Cordero v. Five Star Cars, LLC*, 2020 WL 5912601, at *1 (D. Conn. Oct. 6, 2020), *amended on reconsideration*, 494 F. Supp. 3d 204 (D. Conn. 2020) (citing *Atl. Recording Corp. v. Brennan*, 534 F. Supp. 2d 278, 280 (D. Conn. 2008)).

**1. <u>Optic Tax's Default Was Willful.</u>**

Willfulness in the context of default judgment is a "subjective inquiry," which the Second Circuit describes as one that:

> effectively distinguishes those defaults that, though due to neglect, are excusable, from those that are not. At the same time, we recognize that the degree of negligence in precipitating a default is a relevant factor to be considered, . . . [and that] [g]ross negligence can weigh against the party seeking relief from a default judgment, though it does not necessarily preclude relief.

*Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (footnote and citations omitted). "Noncompliance with [] orders is considered willful 'when the court's orders have been clear, when the party has understood them, and when the party's [noncompliance] is not due to factors beyond the party's control.'" *Zhu v. Matsu Corp*, No. 3:18-CV-203 (CSH), 2022 WL

972422, at *12 (D. Conn. Mar. 31, 2022) (quoting *Baba v. Japan Travel Bureau Int'l, Inc.*, 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996), *aff'd*, 111 F.3d 2 (2d Cir. 1997) (citation omitted)).

The Court's Order here, as noted above, was clear that, if Optic Tax failed to timely obtain successor counsel, it could result in dismissal of its claims and default judgment against it. (Doc. 142). Optic Tax's predecessor counsel submitted proof of service of the Court's Order on Optic Tax through Ms. Stranger, so there is no dispute that Optic Tax's corporate representative knew about and understood this Order. (*See* Doc. 160). Optic Tax has had three months to obtain successor counsel but has willfully refused to do so. There is no legitimate excuse for Optic Tax's failure to obtain successor counsel, particularly considering that Ms. Stranger in her personal capacity has been an extremely active litigant since the Court entered its Order, submitting at least nine lengthy filings and appealing two of this Court's unappealable Orders to the Second Circuit. Moreover, Ms. Stranger is aware that the parties have been unable to conduct a Rule 26(F) conference because Optic Tax is unrepresented.

The first factor thus weighs in favor of the Court entering default judgment against Optic Tax.

**2. <u>Denying Default Judgment Would Prejudice Cleer.</u>**

Optic Tax's unjustified delay in obtaining successor counsel will prejudice Cleer if the Court does not enter default judgment. Simply put, Cleer cannot engage in litigation with a corporate defendant that is unrepresented by counsel because Optic Tax cannot proceed *pro se*. Accordingly, default judgment is appropriate.

**3. <u>Optic Tax Has No Meritorious Defenses To Any Of Cleer's Claims.</u>**

Recognizing the effects of default, "a 'defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense.'" *New York v. Green*, 420 F.3d

99, 110 (2d Cir. 2005) (quoting *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001)); *see also In re Martin-Trigona*, 763 F.2d 503, 505 n.2 (2d Cir. 1985) (holding the burden is on the defaulted party to present a meritorious defense).

Optic Tax has already twice failed to present meritorious defenses in this case, resulting in the Court's entry of a temporary restraining order and a recommended ruling granting a preliminary injunction against it. At this juncture, about nine months into this litigation, Optic Tax has provided no meritorious defenses to Cleer's claims as evidenced by the recommended ruling on Cleer's Motion for Preliminary Injunction. Nor can Optic Tax present any defenses because it cannot proceed *pro se.*

Thus, all three factors lean in Cleer's favor, and the Court should dismiss Optic Tax's claims and enter default judgment against it.

## IV. CONCLUSION

Based on the above, Cleer respectfully requests that the Court dismiss all of Optic Tax's claims, enter default judgment against it, and schedule a hearing to determine damages Optic Tax has caused Cleer to suffer pursuant to Federal Rule of Civil Procedure 55(b)(2)(B).

Respectfully submitted,

*/s/ George B. Musekamp*

George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel: (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 969-3109
Fax: (203) 969-3150
Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 11, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

*/s/ George B. Musekamp*