IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC | : | 3:24-cv-1496-MPS |
| | : | |
| v. | : | |
| | : | DEFENDANT CRYSTAL STRANGER'S |
| CRYSTAL STRANGER et al. | : | MOTION TO STRIKE OR, IN THE |
| | : | ALTERNATIVE, OBJECTION TO |
| v. | : | PLAINTIFF'S MOTION FOR JUDGMENT |
| | : | |
| DAVID and CARRIE McKEEGAN | : | |
| | : | |

Defendant Crystal Stranger, appearing pro se and not on behalf of Optic Tax Inc., hereby moves to strike, or in the alternative, objects to Plaintiff's Motion for Judgment [ECF No. 203], on the following grounds:

1. **Prematurity of Motion**: Plaintiff's Motion for Judgment is premature, as the Court has not yet ruled on the dispositive jurisdictional motion filed by Optic Tax Inc. A Recommended Ruling [ECF No. 181] was issued on March 20, 2025, denying Optic Tax's Second Motion to Dismiss for Lack of Jurisdiction [ECF No. 57], but no final ruling has been entered by the District Judge. As such, the posture of the case remains unsettled, and dispositive relief is inappropriate at this stage.

2. **Pending Appeals**: Related appeals remain pending, further underscoring that the procedural posture of this case is unsettled. Entry of judgment while appeals are active would be inconsistent with judicial economy and due process.

3. **Inability to Obtain Counsel:** It is undisputed that Optic Tax is currently unrepresented and has been unable to secure substitute counsel. Optic Tax has ceased business operations and has no remaining assets with which to retain counsel. Indeed, the lawsuit filed by Cleer Tax LLC, which names Optic Tax's principal clients and seeks injunctive relief that precludes Optic Tax from operating, has directly resulted in the company's shutdown. The Plaintiff's motion for judgment now seeks final relief against a corporate defendant it knowingly rendered insolvent.

4. **Acknowledgment by the Court of Optic Tax's Inability to Obtain Counsel**: The Court previously granted Attorney Harrison's motion to withdraw as counsel for Optic Tax Inc. [ECF No. 155], despite recognizing that new counsel had not yet appeared for the corporation. In doing so, the Court specifically noted that "The motion for preliminary injunction and Optic Tax's Second Motion to Dismiss are fully briefed. The hearing on the preliminary injunction has been completed. While not ideal, allowing counsel to withdraw at this juncture will be minimally impactful to the prosecution of the suit." This ruling directly contradicts Plaintiff's current assertions in their motion [ECF No. 203] that proceeding without counsel for Optic Tax or Defendant Stranger's pro se status is prejudicial or disruptive. The Court's earlier order reflects its assessment that the case would not be unfairly delayed or prejudiced by the withdrawal of counsel at that point in the litigation.

5. **Plaintiff's Filing is Prejudicial**

   Allowing Plaintiff's motion to proceed under these circumstances violates the due process rights of the unrepresented corporate defendant. It rewards Plaintiff for driving its

only competitor out of business and taking advantage of its financial inability to defend against this litigation.

6. **Procedural Impropriety**: Plaintiff's "Motion for Judgment" is procedurally improper under the Federal Rules of Civil Procedure and must be denied. It is neither a proper motion for default judgment under Rule 55, nor a properly supported motion for summary judgment under Rule 56. Courts in the District of Connecticut have consistently denied similar motions for failing to follow these procedural steps. See *Cohen v. Rosenthal*, No. 3:15-cv-01043 (CSH), 2016 WL 1178774, at *2 (D. Conn. Mar. 3, 2016) ("Default judgements are generally disfavored and are reserved for rare occasions"; quoting *State St. Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (internal citations and quotations omitted))); and *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 98 (2d Cir. 2000) (holding that granting summary judgment before affording the nonmoving party discovery was premature and inappropriate).

**WHEREFORE**, for the foregoing reasons, Defendant respectfully requests that this Court strike Plaintiff's Motion for Judgment as premature and procedurally improper. Alternatively, Defendant objects and requests that the Motion be denied in its entirety.

Respectfully submitted,

Crystal Stranger

Pro Se Litigant

Date: June 12th, 2025

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 12, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

*/s/ Crystal Stranger*