**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | : Case No. 3:24-cv-01496-MPS <br> : Judge Michael P. Shea <br> : Magistrate Judge Maria E. Garcia <br> : |
| Plaintiff, | : **PLAINTIFF CLEER LLC'S** |
| | : **OPPOSITION TO DEFENDANT** |
| v. | : **CRYSTAL STRANGER'S MOTION TO** |
| | : **STRIKE OR, IN THE ALTERNATIVE,** |
| CRYSTAL STRANGER, et al., | : **OBJECTION TO PLAINTIFF'S** |
| | : **MOTION FOR JUDGMENT** |
| Defendants. | : |

Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff Cleer LLC (f/k/a Greenback Business Services LLC) d/b/a Cleer Tax ("Cleer") moved for an Order finding Defendant Optic Tax Inc. ("Optic Tax") in default and for an entry of default judgment against Optic Tax. Optic Tax has not opposed, and cannot oppose, the Motion because it has refused to obtain successor counsel. In fact, Stranger concedes that Optic Tax is in default: "It is undisputed that Optic Tax is currently unrepresented and has been unable to secure substitute counsel." [Doc. 204, p. 2]. For this reason alone, Cleer's Motion should be granted and a default judgment should be entered against Optic Tax.

Defendant Crystal Stranger, proceeding pro se, nevertheless continues to make filings on behalf of Optic Tax. Stranger is not a licensed attorney. Consequently, Stranger is once again engaging in the unauthorized practice of law. "A layman . . . cannot act as attorney on behalf of others." *Curry v. Daly*, 2006 U.S. Dist. LEXIS 74014, *15 (D. Conn. 2006) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (an unlicensed individual "may not appear on another person's behalf in the other's cause"); *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d

1

Cir. 1991)  (28 USCS § 1654 "does not allow for unlicensed laymen to represent anyone else other than themselves").

Thus, "**a pro se party may not appear on behalf of another pro se party because to do so would be to engage in the unauthorized practice of law**." *Calderone v. Conn. Dep't of Corr.*, 2005 U.S. Dist. LEXIS 23584, No. 3:04CV1562 (D. Conn. Aug. 29, 2005) (emphasis added); *Zenon v. Mossy*, 970 A.2d 814, 814 n.1 (Conn. App. 2009) ("A pro se party may not appear on behalf of another pro se party. . . . To do so would be to engage in the unauthorized practice of law."); Conn. Gen. Stat. § 51-88 (c) (person engaging in unauthorized practice of "shall be deemed in contempt of court").

Accordingly, the Court should ignore Stranger's filing, award Cleer a default judgment against Optic Tax, and take other action it deems necessary to address Stranger's continued unauthorized practice of law in this Court.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel:  (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 969-3109

                                                Fax: (203) 969-3150
                                                Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 12, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

                                            */s/ George B. Musekamp*