IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC | : | 3:24-cv-1496-MPS |
| | : | |
| v. | : | |
| | : | DEFENDANT CRYSTAL STRANGER'S |
| CRYSTAL STRANGER et al. | : | REPLY IN SUPPORT OF MOTION TO |
| | : | STRIKE OR, IN THE ALTERNATIVE, |
| v. | : | OBJECTION TO PLAINTIFF'S MOTION |
| | : | FOR DEFAULT JUDGMENT |
| DAVID and CARRIE McKEEGAN | : | |
| | : | |

Defendant Crystal Stranger respectfully submits this reply in support of her Motion to Strike or, in the alternative, her Objection to Plaintiff's Motion for Default Judgment, and to counter assertions made by Plaintiff in their Objection to Ms. Stranger's Motion to Strike.

**I. Ms. Stranger Does Not Represent Optic Tax and Has Not Attempted to File on Its Behalf**

Plaintiff in their objection [Doc. 205] incorrectly characterizes the prior filing as unauthorized practice of law. To be clear, the motion at issue [Doc. 204] was submitted solely in Ms. Stranger's individual capacity as a named defendant. She has not attempted to file on behalf of Optic Tax or act as its legal representative. Rather, as an individual party, she is directly impacted by Plaintiff's request for default judgment, which may result in prejudicial factual findings or damages allocations affecting claims against her personally.

Plaintiff's veiled suggestion that the Court consider holding Ms. Stranger in contempt for purported unauthorized practice of law is both unwarranted and inappropriate. As a pro se

1

litigant responding to pleadings that affect her directly, Ms. Stranger has complied with applicable rules and has not filed any appearance or pleading on behalf of Optic Tax.

## II. The Default Process Is Not Complete and No Damages Have Been Established

Ms. Stranger has standing to respond because courts recognize that a default judgment may affect jointly liable defendants. Where facts alleged in a complaint are intertwined or overlapping, it is appropriate to exercise caution and defer entry of default judgment to avoid inconsistent judgments. See *Frow v. De La Vega*, 82 U.S. 552 (1872). This concern is particularly acute here, where Plaintiff has asserted claims jointly against both Defendants and where factual findings or damage allocations in a default judgment against Optic Tax may prejudice Ms. Stranger's ability to present her defense or pursue counterclaims.

Furthermore, "[f]or a final judgment to be entered on any one claim, all damages stemming from that claim must be fixed." *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746–47 (2d Cir. 1976) quoting *United States v. Burnett,* 262 F.2d 55 (9th Cir. 1958, 1959), and *Aetna Casualty Surety Co. v. Giesow*, 412 F.2d 468 (2d Cir. 1969). Here, Plaintiff has neither presented any actual damage amounts nor shown that damages have been determined by the court, further underscoring the premature nature of this motion.

In addition, several issues in this case remain pending on appeal. Proceeding with a default judgment under these circumstances risks generating conflicting outcomes, particularly where the appellate resolution could impact liability findings, procedural posture, or the scope of any damages. Courts have cautioned against entering default judgments that might later conflict with ongoing litigation or pending appellate review.

In light of these facts, principles of judicial economy and procedural fairness weigh heavily in favor of denying or deferring the motion until the claims, counterclaims, and appeals are fully adjudicated, and damages, if any, can be properly assessed.

### III. The Default Process Is Procedurally Improper

Plaintiff's motion for default judgment continues to be procedurally improper because it bypasses the required first step of the two-step process under Federal Rule of Civil Procedure 55. Rule 55(a) provides that, after a defendant has failed to plead or otherwise defend, the Clerk of Court must first enter default. Only after that entry may a party proceed under Rule 55(b)(2) to seek a default judgment from the Court. See *Int'l Painters & Allied Trades Indus. Pension Fund v. Rose City Glass Co.*, 729 F. Supp. 2d 336, 338 n.3 (D.D.C. 2010) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) and *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986)).

Critically, Optic Tax was previously represented by counsel, whose withdrawal was permitted by the Court. The lack of current counsel for Optic Tax arises from financial constraints, not a willful failure to defend or refusal to respond to the lawsuit.

Default judgment is an extreme remedy, reserved for situations in which the adversary process has been effectively halted by an unresponsive party. See *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). That is not the case here. Optic Tax's current inability to obtain substitute counsel does not reflect intentional nonparticipation. Moreover, the Clerk has not entered default under Rule 55(a), rendering Plaintiff's request procedurally premature.

While Ms. Stranger does not purport to represent Optic Tax, she respectfully objects on both factual and procedural grounds, as Plaintiff's motion for default judgment may have direct legal and practical consequences on claims asserted against her.

### IV. Conclusion

For the foregoing reasons, Ms. Stranger respectfully requests the Court:

1. Disregard Plaintiff's objection to her filing as improper;
2. Deny Plaintiff's Motion for Default Judgment as premature;
3. Grant her Motion to Strike or, in the alternative, consider her objections as they pertain to potential prejudice to her individually as a named defendant;
4. Deny any request for contempt or sanctions as inappropriate.

Respectfully submitted,

Crystal Stranger

Pro Se Litigant

Date: June 17th, 2025

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 17, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

*/s/ Crystal Stranger*