# Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC | : | 3:24-cv-1496-MPS |
| | : | |
| v. | : | Affidavit of Crystal Stranger About Optic Tax |
| | : | Global |
| CRYSTAL STRANGER et al. | : | |
| | : | 2025-06-18 |

I, Crystal Stranger, am a competent adult. I state the following based on personal knowledge, information, and belief.

1. I am a named Defendant in the above-captioned action and submit this Declaration in support of my opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 207], and in particular, to correct certain material misrepresentations made by Plaintiff regarding my involvement in Optic Tax Global.

2. I am not now, and have never been, an owner, director, officer, employee, contractor, or agent of Optic Tax Global, nor have I received compensation from, held any interest in, or exercised any control over that entity or any related entity operating under that or a similar name.

3. I did not form Optic Tax Global, nor any other companies worldwide within 2025 to date, and have had no involvement in its operations.

1

4. Upon information and belief, one or more companies may have been independently formed by former colleagues who chose to continue offering services after I stepped away from all business activity. However, I do not know the names of these entities, where they were formed, or who exactly was involved in their formation or operation.

5. Exhibit A to Plaintiff's attachment to Doc. 207 identifies the incorporator of "Optic Tax Global Inc." as a David Kayisuti Mutetwa. I have never heard the name "David Kayisuti Mutetwa" before seeing it in Plaintiff's filing. I do not know this individual, have never communicated with him, and had no involvement in the formation of that entity.

6. I have reached out to a David K. Mutetwa on LinkedIn yesterday to see if this is the same person and find out why they formed this entity with a similar name to Optic Tax Inc., but I have not received a message back. That is the only contact I have had with anyone of a similar name, and I am, as of now, uncertain if this is the same person or not.

7. While I am currently living in South Africa, this is a country of over 63 million population, and several other former Cleer employees and contractors reside in South Africa.

8. Following the Court's March 20, 2025 Recommended Ruling, I took immediate steps to wind down my professional obligations. Between March 20 and April 16, I did not accept any new work or engage in any marketing, solicitation, or business development. I only completed previously scheduled and ongoing projects to fulfill my ethical and legal obligations to existing clients, due to the imminent April 15 U.S. tax filing deadline.

9. On April 16, 2025, I fully stepped away from all professional activities and informed my team that, pursuant to the Court's orders, I have been taking a leave of absence as it seems that due to the language of the court order I could no longer participate in any business operations or communicate with clients or risk contempt.

10. Due to the restrictive language of the Court's ruling, I was not even permitted to notify clients of my departure or refer them to other professionals. This created significant uncertainty and I told the team to handle this in whatever way they saw fit, as I could not give specific instructions to them to tell anything to the clients or I would be in violation.

11. Without my knowledge or participation, the team apparently re-routed access to the client portal, over which they had administrative access, to a new website associated with Optic Tax Global. I had no role in this process, was not consulted, and I have been fully locked out of all systems and communications since.

12. Since stepping away on April 16, 2025, my communications with the former team have been limited to correspondence and a call on June 5, 2025, negotiating partial payment of past-due independent contractor fees owed for work performed before my departure. Optic Tax Inc. lacked the funds to pay the full amounts owed, and I sought to resolve these outstanding financial obligations. These communications were strictly related to settling prior debts and did not involve discussion of ongoing or future business activities.

13. I have received no payments, profits, or other financial benefits from Optic Tax Global or any related entity. I have no financial interest in or control over any bank accounts, con-

tracts, or business relationships of Optic Tax Global. And I have made no effort to solicit Cleer's clients or employees either directly or indirectly, nor have I communicated with any of Cleer's clients on the list provided by Plaintiff during the restricted period.

14. Since the Recommended Ruling was issued, I have not engaged in any ongoing business operations. I have been on extended personal travel and dealing with significant family and personal health challenges:

    A. From mid-April through early May, I was in Japan with my family for three weeks.

    B. I then traveled to Oregon for two weeks to assist in cleaning out my mother's home following her diagnosis with dementia.

    C. During this entire time, I have not conducted any new business activity nor been actively involved in any company operations.

15. The only professional engagements I have undertaken since March 2025 were four webinars, one for AICPA, one for SkyLearn, and two for CPAacademy.org, which were pre-scheduled educational sessions unrelated to any client services or competitive business activity. These were one-time teaching events with no continuing obligations.

16. The events surrounding this litigation have taken a severe emotional and physical toll. Since the issuance of the Recommended Ruling, I have suffered from depression and panic attacks, leading to physical issues I will now need surgery to correct, and I have felt unable to meaningfully participate in business planning or pursue any new ventures.

17. I have acted in good faith and have complied, to the best of my understanding, with the Court's orders. To the extent any third party has engaged in conduct that Plaintiff finds objectionable, these actions are beyond my control and I am neither legally nor equitably responsible for their actions. Therefore, I respectfully request that injunctive relief not be imposed on me based on the independent or speculative conduct of others in which I had no involvement.

VERIFICATION

I, Crystal Stranger, being first duly cautioned and sworn, hereby depose and state upon personal knowledge that the factual allegations contained in the foregoing Affidavit are true and correct to the best of my knowledge, information and belief. Any documents attached to the Affidavit are true and correct copies of those documents as described in the Affidavit.

signed: _____

Here appeared before me, those persons named above, whose identity is personally known to me or proven on the basis of satisfactory evidence, and they made, in my presence, voluntary signatures and an oath or affirmation vouching for the truthfulness and completeness of the foregoing.

__N'mbuJ____ cr _____    Date: 2025-06-19

Place: Fishhoek SAPS

SUID-AFRIKAANSE POLISIEDIENS
COMMUNITY SERVICE CENTRE
19 JUN 2025
GEMEENSKAPDIENSSENTRUM
VISHOEK / FISH HOEK K.P / C.P.
SOUTH AFRICAN POLICE SERVICE

5