IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC | : | 3:24-cv-1496-MPS |
| | : | |
| v. | : | |
| | : | |
| CRYSTAL STRANGER et al. | : | DEFENDANT CRYSTAL STRANGER'S THIRD NOTICE OF APPEAL |
| | : | |
| v. | : | |
| | : | |
| DAVID and CARRIE McKEEGAN | : | |

NOTICE IS HEREBY GIVEN that Defendant Crystal Stranger, pro se, hereby appeals to the United States Court of Appeals for the Second Circuit from the Order Granting Preliminary Injunction (ECF No. 208) entered on June 7, 2025, by the Honorable Michael P. Shea.

This appeal is taken pursuant to 28 U.S.C. § 1292(a)(1), which provides jurisdiction over interlocutory orders granting injunctions.

Appellant respectfully reserves all rights to challenge the preliminary injunction on multiple legal and constitutional grounds, including but not limited to:

1. **Violation of Due Process**: The injunction imposes sweeping and mandatory restrictions without narrowly tailored findings or adequate procedural safeguards. The

lack of specific factual findings and the breadth of restrictions deprive Appellant of fair notice and opportunity to contest.

2. **Procedural Error Under 28 U.S.C. § 636(b)(1)**: The compelled transfer of the "Cleer.tax" domain name was not included in the magistrate judge's Recommended Ruling (ECF No. 182). It was added for the first time in the district judge's final order, depriving Appellant of her statutory and constitutional right to object prior to adoption. This violated the notice-and-objection procedure under 28 U.S.C. § 636(b)(1) and Rule 72(b), and constitutes a serious procedural defect warranting appellate review.

3. **Mandatory Injunctive Relief Improperly Granted Pre-Trial**: The compelled transfer of the "Cleer.tax" domain constitutes mandatory, irreversible relief that goes beyond preserving the status quo and effectively adjudicates a central disputed issue prior to trial on the merits, contravening Second Circuit precedent disfavoring such relief at the preliminary stage.

4. **Overbreadth and Vagueness**: The injunction's terms concerning indirect contact, solicitation, and scope of enjoined persons are ambiguous and overreaching.

5. **Rejection of Constitutional Defenses**: The court improperly dismissed Appellant's First Amendment and public policy arguments on the ground that the injunction merely enforces private agreements despite tolling the timing provisions without explanation for why the new term would be reasonable under the circumstances, and inserting "communicating the fact or circumstances of her resignation from or termination of employment with Cleer".

6. **Failure to Weigh Hardship or Public Interest**: The district court did not adequately consider the significant professional and financial hardship imposed on Appellant.

This notice preserves Appellant's rights to appellate review and further relief. Appellant further notes that the filing of a contemporaneous motion to modify or dissolve the Preliminary Injunction pursuant to Rules 60(b) and 62(c) does not render this appeal moot or premature. The Second Circuit has long recognized that interlocutory appeals under 28 U.S.C. § 1292(a)(1) remain valid and justiciable even where related motions for modification or stay are pending in the district court. See *International Products Corp. v. Koons*, 325 F.2d 403, 407 (2d Cir. 1963).

This appeal challenges fundamental legal and constitutional defects in the preliminary relief granted, including the issuance of mandatory and irreversible orders without due process, and preserves Appellant's right to appellate review regardless of any subsequent district court proceedings.

Respectfully submitted,

Crystal Stranger

Pro Se Litigant

Date: June 19, 2025

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 19, 2025 the foregoing was filed using the Court s electronic filing system which will provide notice to all parties.

    */s/ Crystal Stranger*