IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC | : |
| | :    3:24-cv-1496-MPS |
| v. | : |
| | : |
| CRYSTAL STRANGER et al. | :    DEFENDANT MOTION FOR RETURN |
| | :    OF PERSONAL PROPERTY OR |
| v. | :    SECURITY BOND ADJUSTMENT |
| | : |
| DAVID and CARRIE McKEEGAN | : |
| | : |

Pursuant to the Court's inherent authority, Federal Rule of Civil Procedure 26(c), and the principles of equity and due process, Defendant Crystal Stranger respectfully moves for an order directing the immediate return of her personal laptop computer that is currently being held by Plaintiff's counsel, or in the alternative, for Plaintiff to post additional security bond in the amount of **$4,400** to cover the depreciating value of the device during its retention.

**I. INTRODUCTION**

Defendant voluntarily produced her **personal laptop computer** in compliance with the Court's December 5, 2024 Order (ECF No. 74), under an agreement that the device would be treated as confidential and subject to attorney's eyes only designation. Although the laptop was not specifically referenced in the Court's recent Preliminary Injunction (ECF No. 208), Plaintiff's counsel has retained the device without performing forensic review for over five months and has ignored repeated requests for its return.

Defendant has now been informed that opposing counsel has admitted they have not even attempted to access the laptop or conduct a forensic review in the half year since the laptop was surrendered (Exhibit A). The stated basis for retention is thus unsupported and any further delay in returning the device poses risk of permanent loss, particularly as the AppleCare warranty on the device expires in July 2025.

This motion respectfully requests that the Court:

- Order the **immediate return** of Defendant's personal laptop; or
- Transfer the device to a neutral third party and require Plaintiff to **increase the posted security bond by $4,400** to account for the diminishing value and potential damage to the asset.

## II. FACTUAL BACKGROUND

On **December 10, 2024**, Defendant shipped her personal laptop to Plaintiff's counsel pursuant to the Court's order.

Plaintiff's counsel has now admitted that **no forensic examination** of the device has yet taken place as of June 20, 2025.

The Preliminary Injunction does not reference or authorize continued indefinite retention of Defendant's personal device.

The laptop contains professional software licenses, custom configurations, and stored tools essential to Defendant's business and professional use.

Each month of retention further **depreciates the market value** and impairs Defendant's access to tools necessary for her livelihood.

### III. ARGUMENT

#### A. The Laptop Is Not Covered by the Preliminary Injunction

The Preliminary Injunction (ECF No. 208) refers only to a "company computer," not Defendant's personal laptop. The device was not the subject of findings of fact or injunctive relief and is outside the scope of any enforceable order.

#### B. Continued Retention Without Justification Violates Due Process

The **indefinite deprivation of personal property** without court oversight or specific necessity violates Defendant's rights under the **Fifth Amendment's Due Process Clause**. See *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) (prejudgment seizure of property requires prior notice and hearing absent extraordinary circumstances).

#### C. Plaintiff's Failure to Conduct Timely Forensic Review Undermines Justification

Despite possession of the laptop since early December 2024, Plaintiff's counsel has admitted they have not conducted any forensic review. The recent admission that the device remains unopened confirms this. This delay contradicts any claim of urgency or necessity and weighs against continued possession.

#### D. Retention of a Depreciating Asset Warrants Return or Bond Security

The laptop's estimated value is **$4,400**, and its use and professional utility diminish monthly. Its AppleCare warranty, which offers protection against hardware failure including logic board damage during forensic review, expires in July 2025. If the Court does not order its return, equity and Rule 65(c) support requiring Plaintiff to post a supplemental bond in that amount to protect Defendant's rights. See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond

3

Fund, Inc., 527 U.S. 308, 329–30 (1999) (injunctive relief may not deprive party of control over personal property without security).

### IV. REQUESTED RELIEF

Defendant respectfully requests that the Court grant the following relief:

- Order Plaintiff's counsel to immediately return Defendant's personal laptop; or

- In the alternative, order the device transferred to a neutral third party pending trial and require Plaintiff to post an additional bond in the amount of $4,400, covering the fair market value of the laptop during continued deprivation.

Respectfully submitted,
Crystal Stranger
Pro Se Litigant
Date: June 20, 2025

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 20, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

    */s/ Crystal Stranger*