**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | : : : : : | Case No. 3:24-cv-01496-MPS  Judge Michael P. Shea |
| Plaintiff, | : : : : : : | **PLAINTIFF CLEER LLC'S MOTION FOR CONTEMPT OF COURT'S PRELIMINARY INJUNCTION ORDER [DOC. 208]** |
| v. | | |
| CRYSTAL STRANGER, et al., | : : : | |
| Defendants. | | |

Plaintiff Cleer LLC ("Cleer") moves for an order finding Defendant Crystal Stranger in contempt for refusing to comply with the Court's preliminary injunction order [Doc. 208] requiring Stranger to return the domain Cleer.tax to Cleer.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel: (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 969-3109
Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONTEMPT

Defendant Crystal Stranger ("Stranger") is yet again in contempt of court. This time, she refuses to comply with an order of this Court requiring her to return the domain Cleer.tax to Cleer as the Court's June 17, 2025 preliminary injunction order ("Order") required. "To establish contempt, 'a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *Perez v. Danbury Hosp.*, 347 F.3d 419, 423–24 (2d Cir. 2003) (quoting *King v. Allied Vision, Ltd.,* 65 F.3d 1051, 1058 (2d Cir.1995)).

The Court's Order is clear and unambiguous: "It is further ordered that within 48 hours of this Order, Stranger shall take all actions required to return to Cleer the domain Cleer.tax." [Doc. 208 at p. 24].

Stranger refuses to comply with the Court's Order and the proof of noncompliance is clear. Despite multiple requests to transfer the domain, Stranger maintains that she will not comply with the Order:

> From: Musekamp, George B. <GMusekamp@taftlaw.com>
> Sent: Wednesday, June 18, 2025 9:26 AM
> To: Crystal Stranger <crystalstranger@gmail.com>
> Cc: Cohn, Evan <ECohn@taftlaw.com>
> Subject: Cleer.tax Transfer
>
> Crystal – In light of the Court's Order, please advise what, if anything, you need from us to transfer the cleer.tax domain back to Cleer.
>
> Thanks,
>
> George

. . .

> On Thu, Jun 19, 2025 at 7:36 PM Musekamp, George B. <GMusekamp@taftlaw.com> wrote:
>
> Crystal -
>
> I am following up on my email below. Please confirm that you intend to transfer the domain pursuant to the Court's Order within 48 hours. Again, if there is anything needed from Cleer, please immediately advise.
>
> Thanks,
>
> George

Stranger claims that she does not have to apply with the Order because she has filed an appeal and sought a modification of the Order:

> From: Crystal Stranger <crystalstranger@gmail.com>
> Sent: Thursday, June 19, 2025 2:15 PM
> To: Musekamp, George B. <GMusekamp@taftlaw.com>
> Cc: Cohn, Evan <ECohn@taftlaw.com>
> Subject: Re: Cleer.tax Transfer
>
> Dear George,
>
> Thank you for your message.
>
> Please be advised that today I filed a **Notice of Appeal** to the Second Circuit from the Court's Preliminary Injunction Order entered on June 17, 2025, as well as a **Motion for Modification or Reconsideration of the Preliminary Injunction** pursuant to Rules 60(b) and 62(c). These filings challenge, among other issues, the compelled domain transfer and raise serious constitutional and

Counsel for Cleer told Stranger that her position is meritless, but she still refuses to comply:

> On Thu, Jun 19, 2025 at 8:49 PM Musekamp, George B. <GMusekamp@taftlaw.com> wrote:
>
> Crystal –
>
> Without providing you legal advice because I am not your lawyer, filing a motion for reconsideration or notice of appeal does not relieve you of your obligations to comply with the Court's Order. You are welcome to do your own independent research. It is our position that the domain must be transferred within 48 hours of the Court's Order.
>
> . . .
>
> From:     Crystal Stranger <crystalstranger@gmail.com>
> Sent:     Friday, June 20, 2025 12:28 AM
> To:       Musekamp, George B.
> Cc:       Cohn, Evan
> Subject:  Re: Cleer.tax Transfer
>
> Dear George,
>
> Thank you for your response.
>
> To clarify, I am fully aware of my legal obligations and have taken appropriate steps to preserve my rights through a timely **Notice of Appeal** and **Motion for Modification or Reconsideration** of the Court's Preliminary Injunction Order. I respectfully disagree with your assertion that transfer of the domain is required while these motions are pending, particularly in light of the serious due process and procedural deficiencies raised, especially where mandatory, irreversible relief is involved.

3

174113866v1

As this Court has held, "[i]f no stay has been obtained, an injunction that the district court has granted remains in effect." *Dubose v. Harris*, 434 F. Supp. 227, 231 (D. Conn. 1977). Stranger has not obtained a stay—in fact, this Court denied her request for a stay. [Doc. 214].

The Federal Rules of Civil Procedure plainly state that filing an appeal does not absolve Stranger from complying with the Court's Order. *See* Fed. R. Civ. P. 62(C) ("Unless the court orders otherwise, the following are not stayed after being entered, **even if an appeal is taken**: (1) an interlocutory or final judgment in an action for an injunction . . . ." (emphasis added)).

Likewise, the "'obligation to comply [with a court order] is not excused by the filing of the motions for reconsideration of the order.'" *Fairbaugh v. Life Ins. Co. of N. Am.*, 872 F.Supp.2d 174, 181 (D. Conn. 2012) (quoting *Creative Solutions Group, Inc. v. Pentzer Corp.,* 199 F.R.D. 443, 444 (D. Mass. 2001)). "[I]t is well established that the mere filing of a motion for reconsideration does not stay the order at issue." *Arbelaez v. City of New York*, No. 17-CV-6543 (JMF), 2019 WL 6114888, at *2 (S.D.N.Y. Nov. 18, 2019) (citing *New Pac. Overseas Grp. (USA) Inc. v. Excal Int'l Dev. Corp.*, No. 99-CV-2436 DLC, 2000 WL 377513, at *7 (S.D.N.Y. Apr. 12, 2000) ("[Any suggestion] that a party itself may stay an order merely by filing a motion for reconsideration is plainly frivolous. A court's order remains in force until it is vacated or stayed, and a party disregards such an order at its peril.")).

Stranger, a law school graduate who passed the California bar exam, chose not to comply with the Court's Order at her own peril. She has no reasonable excuse for not complying with the Court's Order and, as stated in the opinions above, her position is frivolous. Indeed, Cleer posted a $150,000 bond on June 25, 2025, which provides her with sufficient protection. (*See* Doc. 215). Thus, the Court should find Stranger in contempt.

The Court has "broad discretion to fashion an appropriate coercive remedy ... based on the nature of the harm and the probable effect of alternative sanctions," and "[i]ts determination will not be disturbed absent a clear showing of abuse of discretion." *EEOC v. Loc. 28 of Sheet Metal Workers Int'l Ass'n*, 247 F.3d 333, 336 (2d Cir. 2001) (quoting *N.A. Sales Co. v. Chapman Industries Corp.,* 736 F.2d 854, 857 (2d Cir.1984)). In devising a remedy for a party or non-party's civil contempt, courts must consider: "(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon [it]." *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 110 (2d Cir. 1987).

Stranger has deprived Cleer of its own email and website domain for nearly a year, causing significant harm to Cleer's business and client goodwill. Cleer expended significant resources to obtain the return of the domain Cleer.tax, and Stranger should not be permitted to ignore the Court's Order simply because she disagrees with the Order. Given Stranger's repeated offenses, the only appropriate relief—perhaps the only relief Stranger may take seriously—is the Court holding her in contempt and imposing meaningful monetary sanctions. *Benthos Master Fund, Ltd. v. Etra*, No. 120CV03384AJNKHP, 2022 WL 1527315, at *14 (S.D.N.Y. Mar. 14, 2022), *report and recommendation adopted in part*, No. 20-CV-3384 (VEC), 2022 WL 1555543 (S.D.N.Y. May 16, 2022) ("given Etra's persistent and unwavering failure to respond timely, or otherwise, to Court orders, it is more than likely that merely another court order, standing alone, will not secure compliance").

Accordingly, Cleer respectfully requests that the Court find Stranger in contempt, award attorneys' fees and costs Cleer incurred in preparing this Motion,[1] impose a daily fine for each day that Stranger remains in contempt of the Court's Order, and enter such other relief this Court deems appropriate for Stranger's repeated and continued disregard for this Court's authority.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel: (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 969-3109
Fax: (203) 969-3150
Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 3, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

*/s/ George B. Musekamp*

---

[1] Cleer will separately provide evidence of its reasonable attorney's fees incurred in filing this Motion upon a finding of contempt against Stranger.

6