UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX,<br><br>Plaintiff,<br><br>v.<br><br>CRYSTAL STRANGER, et al.,<br><br>Defendants. | Case No. 3:24-cv-01496-MPS<br>Judge Michael P. Shea<br>Magistrate Judge Maria E. Garcia<br><br>**PLAINTIFF CLEER LLC'S OPPOSITION TO DEFENDANT CRYSTAL STRANGER'S MOTION FOR RETURN OF PERSONAL PROPERTY OR SECURITY BOND ADJUSTMENT** |

## I.   INTRODUCTION

Defendant Crystal Stranger ("Stranger") moves this Court for an order compelling Plaintiff Cleer LLC ("Cleer") to return what she claims is her personal laptop, which is properly in undersigned counsel's possession as evidence pursuant to the Court's orders. (*See* Docs. 34, 40, 74). Stranger's Motion, which wrongly seeks to resolve a discovery dispute in violation of Judge Shea's Standing Orders and Fed. R. Civ. P. 37, is baseless and should be denied.

While Stranger claims undersigned counsel "has retained the device without performing forensic review for over five months" (Doc. 213 at 1), she omits a critical fact: she never provided undersigned counsel with the password for the laptop, without which the device cannot be forensically analyzed. Stranger now refuses to give undersigned counsel the password or take any steps to recover the password. Therefore, she has not complied with the Court's Order requiring Stranger to provide the laptop to undersigned counsel for forensic examination and has engaged in the destruction of electronically stored information.

1

Accordingly, Stranger's Motion should be denied and appropriate sanctions should be awarded in favor of Cleer.

## II. BACKGROUND FACTS

On September 18, 2024, Cleer filed its Complaint seeking a temporary restraining order and preliminary injunction. After obtaining a TRO, the Court scheduled a preliminary injunction hearing for January 29, 2025. In preparation for the preliminary injunction hearing, Cleer requested to forensically examine a laptop in Stranger's possession. Stranger refused to produce the laptop and the issue was brought to Judge Shea's attention via letter submittals pursuant to the Judge Shea's Standing Orders.

On December 5, 2024, the Court addressed the discovery dispute regarding production of the laptop. Judge Shea Ordered:

> By close of business Tuesday, December 10, 2024, defendant Stranger shall ship and file on the docket proof of expedited shipping to plaintiff's counsel of the 2023 laptop (currently in a closet) with tracking information. She shall also file on the docket the make, model, and serial number of the laptop, along with an image of the device. The information on the laptop is designated as confidential, Attorneys' Eyes Only, accessible only to plaintiff's counsel, plaintiff's counsel's forensic expert, and defense counsel; provided, however, that defense counsel may not delay transmission of the laptop to plaintiff's counsel at this point on the theory that he needs time to review the information. That could have been done previously, and an injunction hearing is fast approaching

(Doc. 74). Explicit in Judge Shea's Order was that Plaintiff's counsel would need access to the laptop for purposes of the forensic examination.

Stranger did not comply with the Order. While she mailed the laptop on December 10, 2024, she did not provide Customs with a legible copy of her passport. Consequently, the laptop was stuck in Customs for months. Counsel for Cleer repeatedly asked for Stranger to follow up with Customs and provide a legible copy of the passport. On, February 14, 2025, counsel for Cleer informed Stranger that he intended to contact the Court if she did not provide a legible copy of her

2

passport. The next day, Stranger informed Cleer that "customs has mysteriously been cleared." (Exhibit A).

Counsel for Cleer eventually received the laptop in or around February 2025. Stranger did not provide the password for the laptop in conjunction with the production. Likely by design, undersigned counsel received the laptop well after the preliminary injunction hearing making an expedited forensic analysis unnecessary. Counsel for Cleer retained the laptop secured in his office until merits discovery could proceed following the Fed. R. Civ. P. 26(f) conference. To date, that conference has not taken place because Optic Tax has not retained successor counsel and is unrepresented.

On June 19, 2025, Stranger "attached a formal demand letter" for the return of the laptop and demanded "confirmation and tracking details of shipment of my personal laptop **no later than the close of business Friday, June 21, 2025.**" (Exhibit B (emphasis in original)).

Undersigned counsel responded the same day:

> I still have the computer and will retain it until it has been forensically examined which we will perform as part of discovery in this matter. We can then discuss providing the laptop to a neutral third-party until this case is complete. It is Cleer's position that the laptop belongs to the company. So the record is clear, you did not send the laptop 6 months ago – after you claimed it was stolen or was lost, it mysteriously cleared customs just in time for us not to have it for the PI hearing 4 months ago.

(*Id.*). Stranger responded:

> I do not consent to any further delay, and unless a valid court order is obtained justifying continued retention, I expect shipment confirmation and tracking information by **close of business Friday, June 21, 2025**, as previously stated.

(*Id.* (emphasis in original)). Counsel for Cleer responded:

> I find it ironic that you refuse to turn over Cleer.tax when Cleer has a Court Order from a federal judge requiring you to do so while at the same time you are demanding a laptop that you claim to be your personal property without any

3

>evidence that you own the laptop. To date, you still have not produced a receipt despite multiple requests.
>
>In any event, it is not worth arguing with you over a laptop. I will not be able be able to ship the laptop by June 21, 2025 (which is a Saturday). I will, however, speak with my clients before then and get back to you on next steps by Monday.

(*Id.*). After more back and forth over the laptop, counsel for Cleer stated that "we are willing to work with you on a reasonable protocol and will follow up with you on Monday. We will also want to document the protocol with the Court so that we are all aligned." (*Id.*).

Despite already having a Court Order permitting undersigned counsel to review the computer, Stranger then stated that she would not "permit review of the device by you or your firm directly." (*Id.*). Then, for the very first time, Stranger disclosed that the computer was password protected and that "at this point I am not sure I even remember the password as I change them frequently, and I am not comfortable attempting to recall and test a series of past passwords in your presence or providing access credentials to a hostile opposing counsel." (*Id*).

Counsel for Cleer requested the password or that Stranger reset the password using her AppleID so that the examination could be completed. (Exhibit C). Stranger refuses to provide what she believes the password could be (as she should have done with production of the laptop) or try to reset the password. Instead, she stated that she intended to "just take it to the Apple Store to have it factory reset . . . ." (*Id.*). Stranger then filed the instant motion to compel production of the laptop.

### III. <u>LEGAL ARGUMENT</u>

#### A. <u>Stranger Did Not Follow Proper Procedures.</u>

Judge Shea's Standing Order states that "Judge Shea will attempt to resolve discovery disputes through the submission of brief letters and/or by conference call, **and does not permit the filing of discovery motions or briefs before the call**." (Emphasis added). There is no

4

question that this is a discovery dispute – the laptop was produced to Cleer through resolution of a prior discovery dispute. Stranger did not follow the Court's procedure and instead has attempted to resolve this discovery dispute through an improper Motion. The Motion should be denied for this reason alone.

Moreover, Fed. R. Civ. P. 37 states that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Stranger did not attempt to confer in good faith or even attempt to discuss a reasonable protocol for examination of the laptop prior to filing her motion. *Acosta v. Puccio*, No. 3:18-cv-532(MPS), 2019 U.S. Dist. LEXIS 80709, 2019 WL 2098317, at *3 (D. Conn. May 14, 2019) (before involving the court, the parties are required to confer and make "a good faith effort to eliminate or reduce the area of controversy"). The Motion should be denied for this reason as well.

**B.    Stranger Did Not Comply With The Court's Order In Good Faith.**

A court may hold a party in contempt for failure to comply with a court order if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *CBS Broad. Inc.*, 814 F.3d at 98; *Akman v. Pep Boys Manny Moe & Jack of Del.*, Inc., No. 11-cv-3252 (MKB), 2013 U.S. Dist. LEXIS 71944, 2013 WL 2237542, at 6 (E.D.N.Y. May 21, 2013).

"To determine reasonable diligence, courts examine the defendant's actions and consider whether they are based on a good faith and reasonable interpretation of the court order." *Walsh v. Five Corners Food*, E.D.N.Y. No. 2:21-mc-00237 (DRH) (ST), 2022 U.S. Dist. LEXIS 18366, at *11 (EDNY Feb. 1, 2022). Judge Shea's Order unambiguously required Stranger to produce the

5

laptop and permitted counsel for Cleer to analyze the laptop. In order to comply with the Court's Order in good faith and permit the forensic examination, Stranger was required to provide the password for the computer. Without the password, Stranger's production of the computer was meaningless and non-compliant.

Accordingly, Stranger's failure to provide the password upon production was not a good faith attempt to comply with the Court's Order and her production was incomplete. *Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 200 (E.D.N.Y. 2010) (granting sanctions where documents were produced but production was not complete). Even now, Stranger refuses to attempt to provide what she believes the password might be or reset the password so that the examination can be conducted. Accordingly, Stranger cannot demand a return of the laptop where she has not complied with the Court's Order in the first instance, and sanctions are appropriate.

### C. **Stranger Did Not Preserve Evidence In Anticipation Of Litigation.**

Fed. R. Civ. P. 37(e) provides:

If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

(1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

(2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

 (A) presume that the lost information was unfavorable to the party;

 (B) instruct the jury that it may or must presume the information was unfavorable to the party; or

 (C) dismiss the action or enter a default judgment.

Stranger's refusal and/or inability to provide the password amounts to the destruction of electronically stored information on the laptop. To make matters worse, Stranger has stated that

6

she intends to factory reset the laptop when she receives it, thereby destroying potentially critical evidence that may be contained on the laptop. She should not gain from her gamesmanship in failing to provide the password in conjunction with her initial production of the laptop.

For this reason as well, Stranger's motion should be denied and appropriate sanctions should be awarded for her failure to provide the password.

## IV.     CLEER'S REQUESTED SANCTIONS

Cleer respectfully requests that the Court order Stranger to provide the password and/or conduct a password reset using her AppleID so that the examination can be completed. If Stranger refuses or is unable to do so, Cleer respectfully requests sanctions for Stranger's contempt of the Court's Order for failure to provide the password upon production and for destruction of electronically stored information. Those sanction should include, at minimum, reimbursement of Cleer's attorney's fees incurred in responding to this Motion and a presumption/instruction that the missing information was unfavorable to Stranger.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel: (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901

7

Tel: (203) 969-3109
Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 11, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

*/s/ George B. Musekamp*