# EXHIBIT B

**Cohn, Evan**

| | |
|---|---|
| **From:** | Crystal Stranger <crystalstranger@gmail.com> |
| **Sent:** | Saturday, June 21, 2025 12:46 AM |
| **To:** | Musekamp, George B. |
| **Cc:** | Cohn, Evan |
| **Subject:** | Re: Cleer.tax Transfer |

Dear Mr. Musekamp,

This is not a discovery dispute. The laptop was produced in December 2024 under a specific Court order, following Plaintiff's urgent request and under threat of sanctions, for use in the preliminary injunction proceedings — not as part of Rule 26 discovery. Despite Plaintiff's representations of urgency, you have now admitted that no forensic review has been conducted in over six months.

This issue concerns the improper and indefinite retention of my personal property outside the scope of the Preliminary Injunction and without ongoing justification — a matter that implicates due process and the Court's equitable powers, not a standard discovery mechanism. I therefore respectfully disagree with your characterization and see no basis for invoking the Court's discovery dispute protocol.

I also note that scheduling a court call imposes a significant hardship on me due to the time zone difference here in South Africa, which your team is well aware of. I am unavailable Tuesday, but could be available Wednesday between 9:00 and 11:00 AM EDT if the Court requires input.

That said, I believe the motion speaks for itself and respectfully request that this be resolved based on the record without burdening the Court with unnecessary conference calls.

Sincerely Yours,

Crystal Stranger, JD, EA, NTPI Tax Fellow

**What is an enrolled agent?**
Enrolled agents (EAs) are America's tax experts. EAs are the **only** federally-licensed tax practitioners who specialize in taxation and also have **unlimited** rights to represent taxpayers before the Internal Revenue Service.


On Fri, Jun 20, 2025 at 10:35 PM Musekamp, George B. <GMusekamp@taftlaw.com> wrote:
> Crystal - Your motion is in violation of the Court's standing order to resolve discovery disputes. I intend to call the court Tuesday. Please advise of times that you are available to participate in the call.
>
>> On Jun 20, 2025, at 3:08 PM, Crystal Stranger <crystalstranger@gmail.com> wrote:

1

Dear Mr. Musekamp,

I just re-read your message and I am not comfortable to permit review of the device by you or your firm directly. Any forensic review must be conducted by a neutral third-party forensic expert, subject to a mutually agreed protocol approved by the Court.

The laptop contains privileged communications, unrelated business files, and personal data. Also, at this point I am not sure I even remember the password as I change them frequently, and I am not comfortable attempting to recall and test a series of past passwords in your presence or providing access credentials to a hostile opposing counsel. That would pose serious privacy and professional risks that are unacceptable in any litigation context.

Any proper protocol must define the scope of review, permitted search terms, protections for unrelated content, procedures for pre-deletion review, and the return or certified destruction of forensic images. Your firm has held this laptop for over five months, ample time to complete any forensic process. Further delay and conditional demands now appear to be gamesmanship aimed at harassing me and permanently depriving me of my property.

Accordingly, I **demand the immediate return of the device** without further conditions. I will not provide passwords, participate in delayed or unvetted protocols, or permit further review without a new court order—particularly given the complete lack of findings to date and lack of transparency.

If Cleer fails to ship the laptop via FedEx or DHL by **close of business Monday, June 24, 2025**, to the address previously provided, I will seek emergency relief from the Court, including a motion for the **immediate return of the property**, an **order prohibiting further access**, and an **increased bond** to compensate for the risk of loss or damage.

I reserve all rights and remedies under law.

Sincerely Yours,

Crystal Stranger, JD, EA, NTPI Tax Fellow

**What is an enrolled agent?**
Enrolled agents (EAs) are America's tax experts. EAs are the **only** federally-licensed tax practitioners who specialize in taxation and also have **unlimited** rights to represent taxpayers before the Internal Revenue Service.

On Fri, Jun 20, 2025 at 8:50 PM Crystal Stranger <crystalstranger@gmail.com> wrote:
> Dear Mr. Musekamp,
>
> Thank you for the clarification. I appreciate that you do not intend to delete anything without my input. That said, given the length of time the laptop has been in your possession and the impending expiration of AppleCare, further delay poses irreparable harm.

2

I remain willing to cooperate on a review protocol via Zoom, but I respectfully request that this be completed no later than Monday, June 24, and that the laptop be shipped by close of business that day. If this cannot be arranged, I will need to seek emergency relief, including return or bond.

Thank you again for your attention.

Sincerely Yours,

Crystal Stranger, JD, EA, NTPI Tax Fellow

**What is an enrolled agent?**
Enrolled agents (EAs) are America's tax experts. EAs are the **only** federally-licensed tax practitioners who specialize in taxation and also have **unlimited** rights to represent taxpayers before the Internal Revenue Service.

On Fri, Jun 20, 2025 at 8:09 PM Musekamp, George B. <GMusekamp@taftlaw.com> wrote:

> Crystal -
>
> You seem confused. I am not objecting to sending you the laptop. But, to be clear, I am not going to send it back to you to the extent Cleer information is found on the laptop. If no information is found on the laptop (as you represent) then we will not need to delete anything.  If information is found, we can agree to do a zoom conference, and I can share my screen with you as we go through the information we have marked for permanent deletion. I will not delete any information without conferring with you first.
>
> Again, the laptop will not be shipped on Monday but we are willing to work with you on a reasonable protocol and will follow up with you on Monday. We will also want to document the protocol with the Court so that we are all aligned.
>
> You can keep responding to my emails with the same arguments, but I have nothing further to add until Monday.
>
> Thanks,
>
> George

3

**From:** Crystal Stranger <crystalstranger@gmail.com>
**Sent:** Friday, June 20, 2025 1:39 PM
**To:** Musekamp, George B. <GMusekamp@taftlaw.com>
**Cc:** Cohn, Evan <ECohn@taftlaw.com>
**Subject:** Re: Cleer.tax Transfer

Dear Mr. Musekamp,

Thank you for your response. To be clear, the laptop is my **personal property**. It was never used for Cleer business and contains **no Cleer data**. It was delivered under a limited court order over **six months ago** — not as an admission of ownership but in good faith compliance. Cleer has had ample time to conduct any forensic review. If nothing has been found by now, further retention lacks **any** legal basis.

I do not agree to any permanent deletion plan that jeopardizes my personal or unrelated business files. Time is also critical: The laptop is still under AppleCare, but that expires in July. Any forensic activity that damages the logic board will render the machine unusable and irreplaceable. This is not a theoretical concern, delay at this point effectively destroys the device's value and permanently deprives me of my property without due process.

I cannot agree to your suggestion to send the laptop to a U.S. address for the following reasons:

- I have **no plans to return to the U.S.** before AppleCare expires.
- Optic Tax **no longer exists** and never had a U.S. office or mailing address.
- The laptop **was never property of Optic Tax,** so raising that at all is irrelevant.

I previously proposed viable U.S. delivery options, when my husband was traveling to the U.S., which you ignored. At this point, there is no alternative but to ship the laptop directly.

Accordingly, I require that the laptop be shipped via **FedEx or DHL** to the following address **no later than close of business Monday, June 24, 2025:**

> **Crystal Stranger**
> 33 Roobok St.
> Scarborough, WC 7975
> South Africa

If you continue to object or if Cleer fails to ship the laptop by that deadline and provide a tracking number, I will immediately seek emergency relief from the Court, including an order compelling return or requiring Cleer to post an additional $4,400 bond to secure the laptop's value, which will likely be fully lost if delay continues. Should the device be

4

damaged or rendered inoperable as a result of further delay or forensic mishandling, I reserve all rights to pursue a claim for conversion and any other appropriate remedies.

I appreciate your prompt cooperation and expect confirmation by return email.

Sincerely Yours,

Crystal Stranger, JD, EA, NTPI Tax Fellow

**What is an enrolled agent?**

Enrolled agents (EAs) are America's tax experts. EAs are the **only** federally-licensed tax practitioners who specialize in taxation and also have **unlimited** rights to represent taxpayers before the Internal Revenue Service.

On Fri, Jun 20, 2025 at 3:56 PM Musekamp, George B. <GMusekamp@taftlaw.com> wrote:

> Crystal –
>
> I did not say I would send the laptop on Monday. We are going to need to discuss a plan for permanent deletion of any Cleer documents located on the device. I will get back to you on our proposal on Monday.
>
> I am also not going to send you the laptop to the address in South Africa given the shipping and customs issues you already experienced. Please provide a US address to send – otherwise I will send to your Optic Tax address once we agree on a procedure.
>
> Thanks,
>
> George

**From:** Crystal Stranger <crystalstranger@gmail.com>
**Sent:** Friday, June 20, 2025 9:35 AM
**To:** Musekamp, George B. <GMusekamp@taftlaw.com>
**Cc:** Cohn, Evan <ECohn@taftlaw.com>
**Subject:** Re: Cleer.tax Transfer

Dear Mr. Musekamp,

Thank you for your email.

To clarify, I have not refused to comply with the Court's Order. I have timely filed both a Notice of Appeal and a Motion for Modification or Reconsideration of the Preliminary Injunction, including a targeted request for a stay of the domain transfer. These matters remain pending, and I am acting within my procedural rights to seek appellate review before irreversible actions are taken.

As for the laptop, it is my personal device used across multiple ventures, and I actually had not even unboxed it until after I resigned from Cleer, and used it as a fresh machine. It was produced in compliance with the Court's prior order and has now been retained for over six months. I've explained that I cannot locate the original receipt, but Cleer likewise has not produced any documentation establishing its ownership. Continued retention without resolution is unreasonable, especially as the device is rapidly depreciating in value.

I appreciate your offer to speak with your clients and look forward to receiving the express mail tracking number on Monday. Please send to the 33 Roobok St., Scarborough, WC 7975, South Africa address via FedEx or DHL to avoid any delivery issues. Thank you.

Sincerely Yours,


Crystal Stranger, JD, EA, NTPI Tax Fellow


**What is an enrolled agent?**

Enrolled agents (EAs) are America's tax experts. EAs are the **only** federally-licensed tax practitioners who specialize in taxation and also have **unlimited** rights to represent taxpayers before the Internal Revenue Service.

On Fri, Jun 20, 2025 at 1:50 PM Musekamp, George B. <GMusekamp@taftlaw.com> wrote:

> Crystal –
>
> I find it ironic that you refuse to turn over Cleer.tax when Cleer has a Court Order from a federal judge requiring you to do so while at the same time you are demanding a laptop that you claim to be your personal property without any evidence that you own the laptop. To date, you still have not produced a receipt despite multiple requests.
>
> In any event, it is not worth arguing with you over a laptop. I will not be able be able to ship the laptop by June 21, 2025 (which is a Saturday). I will, however, speak with my clients before then and get back to you on next steps by Monday.
>
> We will proceed accordingly with your refusal to comply with the Court's Preliminary Injunction and withdraw the moot appeal.
>
> Thanks,
>
> George
>
> ---
>
> **From:** Crystal Stranger <crystalstranger@gmail.com>
> **Sent:** Friday, June 20, 2025 12:28 AM
> **To:** Musekamp, George B. <GMusekamp@taftlaw.com>
> **Cc:** Cohn, Evan <ECohn@taftlaw.com>
> **Subject:** Re: Cleer.tax Transfer
>
> Dear George,
>
> Thank you for your response.
>
> To clarify, I am fully aware of my legal obligations and have taken appropriate steps to preserve my rights through a timely **Notice of Appeal** and **Motion for Modification or Reconsideration** of the Court's Preliminary Injunction Order. I respectfully disagree with your assertion that transfer of the domain is required while these motions are pending, particularly in light of the serious due process and procedural deficiencies raised, especially where mandatory, irreversible relief is involved.

7

With respect to the **personal laptop**, I reiterate that it is my private property and was produced under protective conditions pursuant to **ECF No. 74**. It is not, and has never been, subject to any court order granting indefinite retention or seizure by Plaintiff. The record shows it was sent in good faith after previously reported logistical issues, and there is no legal basis for holding it indefinitely without further court authorization. I do not consent to any further delay, and unless a valid court order is obtained justifying continued retention, I expect shipment confirmation and tracking information by **close of business Friday, June 21, 2025**, as previously stated.

Your suggestion that the laptop "belongs to the company" is disputed and unsupported by any binding agreement. It was my personal device and has not been ruled upon as Cleer's property. If Cleer believes otherwise, it is free to raise that argument through proper channels, but unilateral seizure is not an option.

Regarding the **TRO appeal (Case No. 25-663)**, I have not withdrawn that appeal, as it raises distinct procedural due process issues, particularly concerning the evidentiary hearing and denial of a new hearing, that are not rendered moot by the issuance of the preliminary injunction. If you believe the issue is duplicative or moot, you are free to raise that argument with the Second Circuit, but I am not waiving any of my appellate rights.

Please govern yourself accordingly.

Sincerely Yours,

Crystal Stranger, JD, EA, NTPI Tax Fellow

**What is an enrolled agent?**

Enrolled agents (EAs) are America's tax experts. EAs are the **only** federally-licensed tax practitioners who specialize in taxation and also have **unlimited** rights to represent taxpayers before the Internal Revenue Service.

On Thu, Jun 19, 2025 at 8:49 PM Musekamp, George B. <GMusekamp@taftlaw.com> wrote:

> Crystal –
>
> Without providing you legal advice because I am not your lawyer, filing a motion for reconsideration or notice of appeal does not relieve you of your obligations to comply with

the Court's Order. You are welcome to do your own independent research. It is our position that the domain must be transferred within 48 hours of the Court's Order.

I still have the computer and will retain it until it has been forensically examined which we will perform as part of discovery in this matter. We can then discuss providing the laptop to a neutral third-party until this case is complete. It is Cleer's position that the laptop belongs to the company. So the record is clear, you did not send the laptop 6 months ago – after you claimed it was stolen or was lost, it mysteriously cleared customs just in time for us not to have it for the PI hearing 4 months ago.

Please confirm that you will withdraw your earlier appeal of the TRO in light of your newly filed appeal of the preliminary injunction.

Thanks,

George

---

**From:** Crystal Stranger <crystalstranger@gmail.com>
**Sent:** Thursday, June 19, 2025 2:15 PM
**To:** Musekamp, George B. <GMusekamp@taftlaw.com>
**Cc:** Cohn, Evan <ECohn@taftlaw.com>
**Subject:** Re: Cleer.tax Transfer

Dear George,

Thank you for your message.

Please be advised that today I filed a **Notice of Appeal** to the Second Circuit from the Court's Preliminary Injunction Order entered on June 17, 2025, as well as a **Motion for Modification or Reconsideration of the Preliminary Injunction** pursuant to Rules 60(b) and 62(c). These filings challenge, among other issues, the compelled domain transfer and raise serious constitutional and procedural objections. I trust that any discussion regarding domain transfer will be held in abeyance pending resolution of these motions.

Additionally, I have attached a formal **demand letter** regarding the personal laptop I surrendered to your office more than six months ago pursuant to the Court's December 5, 2024 Order. That device belongs to me personally, was produced in good faith under a protective designation, and has never been the subject of any

discovery order or permanent seizure. Your office has ignored repeated requests for its return.

Accordingly, I expect to receive confirmation and tracking details of shipment of my personal laptop **no later than the close of business Friday, June 21, 2025**.

Please confirm receipt of this message and advise if you will comply.

Sincerely Yours,


Crystal Stranger, JD, EA, NTPI Tax Fellow


**What is an enrolled agent?**

Enrolled agents (EAs) are America's tax experts. EAs are the **only** federally-licensed tax practitioners who specialize in taxation and also have **unlimited** rights to represent taxpayers before the Internal Revenue Service.


On Thu, Jun 19, 2025 at 7:36 PM Musekamp, George B. <GMusekamp@taftlaw.com> wrote:

> Crystal -
>
> I am following up on my email below. Please confirm that you intend to transfer the domain pursuant to the Court's Order within 48 hours. Again, if there is anything needed from Cleer, please immediately advise.
>
> Thanks,
>
> George
>
> <image001.png> **George B. Musekamp**
> Partner
> GMusekamp@taftlaw.com
> **Dir:** 513.357.9453
> **Tel:** 513.381.2838   |   **Fax:** 513.381.0205
> 425 Walnut Street, Suite 1800
> Cincinnati, Ohio 45202-3957

**Taft Bio**
**Download vCard**
**taftlaw.com**

**Now over 1,000 attorneys strong.**

Taft has expanded to the **Mountain West region** with the addition of Sherman Howard, a prominent 130-year-old law firm.  Learn more **here.**

Taft is expanding to **Southeast Florida** on June 30, 2025, with the addition of Mrachek Law, a distinguished litigation firm. Learn more **here.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Musekamp, George B. <GMusekamp@taftlaw.com>
**Sent:** Wednesday, June 18, 2025 9:26 AM
**To:** Crystal Stranger <crystalstranger@gmail.com>
**Cc:** Cohn, Evan <ECohn@taftlaw.com>
**Subject:** Cleer.tax Transfer

Crystal – In light of the Court's Order, please advise what, if anything, you need from us to transfer the cleer.tax domain back to Cleer.

Thanks,

George

**Crystal Stranger**
33 Rooibok St.
Scarborough, Cape Town,
WC 7975, South Africa
crystalstranger@gmail.com
310-739-7699

**Date:** June 19th, 2025

**Via Email and Certified Mail**

**George B. Musekamp**
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
gmusekamp@taftlaw.com

**Re: Demand for Immediate Return of Personal Property (Laptop Computer)**

Dear Mr. Musekamp,

I am writing to formally demand the immediate return of my personal laptop Serial Number: YXNVQQTFWV that was delivered to your office in December 2024, pursuant to the Court's Order dated December 5, 2024 (ECF No. 74). As you are well aware, the Court required me to transmit the device for temporary inspection under an "Attorneys' Eyes Only" designation, not to surrender my ownership or property rights.

The Court's order specifically restricted access to plaintiff's counsel, plaintiff's forensic expert, and defense counsel, for purposes of the injunction hearing. It did not authorize indefinite retention, and certainly did not provide for the transfer of ownership or extended withholding of this personal property.

Despite multiple requests over the past six months, I have received no confirmation, timeline, or explanation from your office regarding the return of my device. You are not authorized to retain it beyond the limited scope contemplated by the Court's order. Continued withholding constitutes a violation of the protective conditions imposed by the Court and may give rise to claims for conversion and/or a motion for sanctions and enforcement relief.

Accordingly, please confirm in writing by end of day tomorrow how and when the laptop will be returned, with a mail receipt attached. If the device has been altered, destroyed, or is no longer in your possession, I request immediate disclosure and explanation.

This letter is made expressly under reservation of all rights and remedies.

Sincerely,

_____
**Crystal Stranger**
Pro Se Defendant