IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC | : |
| | :    3:24-cv-1496-MPS |
| v. | : |
| | : |
| CRYSTAL STRANGER et al. | :    DEFENDANT REPLY IN SUPPORT OF |
| | :    MOTION FOR RETURN OF |
| v. | :    PERSONAL PROPERTY OR |
| | :    SECURITY BOND ADJUSTMENT |
| DAVID and CARRIE McKEEGAN | : |
| | : |

## I. INTRODUCTION

Plaintiff's opposition (ECF 225) to Defendant's motion for the return of her personal laptop is premised on mischaracterizations of the underlying facts and misapplications of the relevant legal standards. The laptop in question is Defendant's personal property, and it was voluntarily provided for forensic analysis that Plaintiff admits was never conducted. After more than six months, Plaintiff now refuses to return the device, instead using its possession as leverage while raising shifting excuses. Plaintiff's position is legally unsupported and factually inequitable.

## II. BACKGROUND

Defendant Crystal Stranger voluntarily provided her personal laptop to Plaintiff in December 2024 in connection with expedited discovery. Plaintiff insisted on its immediate production for forensic analysis. However, as Plaintiff now concedes (ECF 225 at 3), that analysis was never performed. The device remains in Plaintiff's possession, without court order authorizing continued retention and without any legitimate basis for refusal to return it. Despite

numerous efforts by Defendant to secure its return, Plaintiff has instead issued increasingly aggressive and unreasonable demands.

### III. LEGAL ARGUMENT

**A. Rule 37 Does Not Apply**

Plaintiff's invocation of Federal Rule of Civil Procedure 37 is misplaced. Defendant is not seeking to "compel" discovery responses but rather the return of her personal property. Courts in this Circuit have recognized that Rule 37 is inapplicable to motions seeking the return of property wrongfully retained. See, e.g., *United States v. Rigas*, 779 F. Supp. 2d 408, 414 (S.D.N.Y. 2011) (noting that Rule 41(g) and equitable remedies may apply for property return, not Rule 37).

This laptop was not a production compelled by court order but a voluntary accommodation by Defendant. Plaintiff has no claim of ownership or protective order authorizing continued retention.

**B. Plaintiff's Failure to Conduct the Forensic Analysis Undermines Their Justification**

Plaintiff argues that retention is justified by Defendant's failure to provide a password. But this is a red herring. The device was in Plaintiff's custody for months, and they never made a timely request for the password nor a motion to compel under Rule 34 or 37. As the Second Circuit has made clear, discovery misconduct claims require diligence. See *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979).

Further, Plaintiff concedes that no forensic imaging or examination has occurred. Had Plaintiff promptly conducted their purported forensic analysis; any password access issue would have been addressed or resolved months ago.

### C. Plaintiff Cannot Hold Property Hostage Pending Indeterminate Requests

Plaintiff suggests it may still conduct forensic analysis in the future and thus needs to retain the device. This speculative justification fails under the law. The Court has not authorized indefinite retention, and there is no pending motion or schedule related to digital forensics. In similar contexts, courts have held that possession must end once the purpose of production has lapsed. See *In re Search of Info. Associated with Facebook Account*, 923 F. Supp. 2d 1208, 1213 (D. Idaho 2012).

Plaintiff's inclusion of an out-of-context snippet of Defendant's and opposing Counsel's prior email conversation, alleging she "did not own" the laptop, is both misleading and unsupported. Plaintiff has not asserted any legal claim of ownership over the device, nor produced any evidence disputing Defendant's ownership. Defendant has consistently maintained possession of the laptop until it was voluntarily surrendered for forensic examination. The AppleCare coverage is registered in Defendant's name, and no contrary documentation has ever been offered by Plaintiff. The statement quoted, referring to the device as a "company laptop," reflects usage context, not legal ownership. While Defendant was a member and COO of Cleer LLC she never used this device in that capacity. Possession, control, and personal Apple registration of the device confirm her ownership. Plaintiff's insinuation is a transparent attempt to cloud the issue and deflect from their unjustified, prolonged retention of property.

### D. Defendant Has Acted Diligently and in Good Faith

Contrary to Plaintiff's accusations, Defendant has made repeated efforts to clarify the situation and arrange return of the laptop. Defendant has acted consistently and in good faith throughout this matter. She emailed Plaintiff's counsel multiple times to request return of her property and promptly followed up when the DHL shipment encountered delays. See Exhibit A. She further explained that she no longer remembers the password and cannot reset it without compromising forensic integrity, a reasonable position after over six months of non-access. Plaintiff's failure to coordinate or address logistical issues confirms that their continued retention is motivated by strategy, not necessity.

Moreover, Plaintiff's pattern of delay is further evidenced by its failure to pay the DHL customs fees required for delivery of the laptop after forensic clearance. As reflected in Exhibit B, DHL repeatedly attempted to deliver the device but was unable to do so due to Plaintiff's failure to resolve outstanding import duties, despite prior notice. This resulted in unnecessary delays and demonstrated Plaintiff's lack of diligence and coordination even when return was attempted on their terms. This behavior undercuts Plaintiff's narrative and illustrates that Defendant is not the source of delay in this matter.

Furthermore, Plaintiff's suggestion that Defendant failed to preserve discoverable material is flatly contradicted by the record. Defendant voluntarily produced her entire laptop, with all potentially relevant data, to Plaintiff's counsel promptly in December 2024. At that point, the duty to promptly secure and preserve the contents via forensic imaging passed to Plaintiff. Their admitted failure to perform any forensic examination in over six months is not a basis to shift blame onto Defendant, who has had no access to the device during that time. Defendant met

her preservation obligations by maintaining the device in a secure state and delivering it to opposing counsel using the court-required method of sending. Any claim of spoliation or failure to preserve is both factually meritless and procedurally unsupported. See *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003) (preservation duty requires reasonable steps under the party's control; delays by opposing counsel do not shift responsibility).

## IV. CONCLUSION

This is not a discovery dispute; it is a straightforward matter of returning personal property wrongfully retained. Plaintiff has had ample opportunity to perform whatever analysis it claimed to need the device for but failed to do so. Plaintiff's continued possession is unsupported by law and contrary to basic fairness. The Court should grant the motion and order immediate return of Defendant's laptop.

Respectfully submitted,
Crystal Stranger
Pro Se Litigant
Date: July 11, 2025

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 11, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

    */s/ Crystal Stranger*