# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC | : |
| | :    3:24-cv-1496-MPS |
| v. | : |
| | : |
| CRYSTAL STRANGER et al. | :    DEFENDANT CRYSTAL STRANGER'S |
| | :    MOTION FOR SANCTIONS |
| v. | :    PURSUANT TO RULE 11 |
| | : |
| DAVID and CARRIE McKEEGAN | : |
| | : |

Defendant Crystal Stranger, appearing pro se, respectfully moves this Court for an order imposing sanctions against Plaintiff Cleer LLC and/or its attorneys under Federal Rule of Civil Procedure 11(b)–(c), and in support states as follows:

## I. INTRODUCTION

Plaintiff's *Second Motion for Immediate Temporary Restraining Order and Preliminary Injunctive Relief* (ECF No. 207) improperly accuses Ms. Stranger of forming and operating a new entity, "Optic Tax Global, Inc." These allegations are **objectively false**, **unsupported by evidence**, and **presented without reasonable inquiry**. This is not a simple error. The accusation is clearly designed to inflame the Court and extend injunctive relief based on facts that do not exist.

Despite Ms. Stranger's sworn denial and her submission of public records showing a third-party incorporator unaffiliated with her, Plaintiff continues to press these claims in reckless disregard for their truth or falsity. This conduct violates Rule 11(b), warrants judicial

1

intervention, and constitutes sanctionable litigation abuse. Plaintiff's assertion that Ms. Stranger "formed and operates" Optic Tax Global, Inc. is directly contradicted by her **sworn affidavit** filed on June 19, 2025 (ECF No. 209-1), in which she denies any knowledge or involvement in the formation or operation of the entity and attests to receiving no response from the listed incorporator after attempting to obtain information. Defendant respectfully requests that the Court impose sanctions to address this misuse of judicial process.

## II. BACKGROUND

On June 17, 2025, Plaintiff filed its *Second Motion for Temporary Restraining Order and Preliminary Injunction* (ECF No. 207), asserting, without any supporting evidence, that Defendant Crystal Stranger "formed," and is "operating" a new entity called Optic Tax Global, Inc., allegedly to evade the Court's prior rulings and her contractual obligations. Plaintiff's motion includes inflammatory accusations that Ms. Stranger created a "spin-off company" and is still competing through this newly formed business. These accusations are **false**.

Ms. Stranger has no involvement with Optic Tax Global, Inc. She did not form it, holds no ownership or operational role, and had no knowledge of its existence until learning of it from Plaintiff's filing. Public records filed with the Delaware Secretary of State identify David Kayisuti Mutetwa—an individual unknown to Ms. Stranger—as the sole incorporator and initial director.

In her *Objection to Plaintiff's Second TRO Motion* (ECF No. 209), Ms. Stranger submitted a sworn affidavit (ECF No. 209-1) attesting to these facts, along with a record of her attempt to obtain more information after learning about the company (ECF No. 209-2). The affidavit confirms that Ms. Stranger is not affiliated with Mr. Mutetwa and has never

communicated with him, and that her prior company, Optic Tax Inc., ceased operations on April 16, 2025. On June 18, 2025, Defendant reached out to the founder of Optic Tax Global, Inc., David Mutetwa, who confirmed via LinkedIn messages that he is the sole founder and operator of the company, with no affiliation to Defendant. (Ex. E).

On June 20, 2025, Defendant sent a certified Rule 11(c)(2) safe-harbor notice to Plaintiff's counsel, George Musekamp, Evan Cohn, and Michael O'Malley, and this also was sent via Certified Mail to Taft's office in Cincinnati, Ohio. Defendant followed up with Plaintiff's counsel via email on July 2nd and July 14th to reiterate the importance of rescinding this unsupported motion. All of these communications have gone unanswered. (Exs. F & G).

Despite these sworn statements and documentary evidence, Plaintiff has continue to allow false allegation to stand without amendment, clarification, or evidentiary basis. Their insistence on linking Ms. Stranger to Optic Tax Global, Inc., in the face of contrary evidence, is objectively unreasonable and gives rise to sanctions under Rule 11 on all the attorneys of record.

### III. LEGAL STANDARD

Rule 11(c)(1) authorizes the court to impose sanctions sua sponte or on motion where a party violates Rule 11(b), and Rule 11(c)(2) provides a 21-day safe harbor procedure, which was followed here. Rule 11(b) prohibits filings that:

- Are presented for an improper purpose (e.g., to harass or cause delay);

- Contain claims or contentions not warranted by existing law or supported by nonfrivolous argument;

- Allege facts without evidentiary support or likelihood of discovery after reasonable inquiry.

Courts must apply an objective reasonableness standard. See *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 388 (2d Cir. 2003). Rule 11 is violated when a party "pursues a claim with no factual basis" and refuses to withdraw it even after being presented with contrary evidence. *Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 416 (S.D.N.Y. 2003).

Rule 11(c)(1) authorizes the Court to impose sanctions on "any attorney, law firm, or party" who violates Rule 11(b). Because the motion at issue (ECF No. 207) was signed by three attorneys, George Musekamp, Evan Cohn, and Michael O'Malley, thus sanctions are appropriate as to all three signatories, jointly and severally or individually, as the Court deems just. See *Fed. R. Civ. P. 11(c)(1); Business Guides, Inc. v. Chromatic Communications Enters., Inc.*, 498 U.S. 533, 543–44 (1991).

## IV. ARGUMENT

This is not a borderline inference or reasonable dispute. The entity was incorporated by a named third party unaffiliated with Defendant, and Plaintiff has cited no evidence suggesting otherwise. Plaintiff's accusation regarding Optic Tax Global, Inc. was:

- **False** when made;

- **Still false** after being corrected by Ms. Stranger's filings;

- **Maintained in bad faith** for purposes of securing broader injunctive relief and harassing Defendant.

This conduct is sanctionable under Rule 11(b)(1) (improper purpose) and Rule 11(b)(3) (lack of evidentiary support). The fact that Plaintiff had access to public incorporation records and reviewed them and made the accusation anyway only compounds the violation.

This is precisely the kind of "**needless multiplication of proceedings**" that Rule 11 is designed to prevent. See *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985). By including this unsupported allegation in a request for emergency injunctive relief, Plaintiff not only escalated the stakes of its unsupported claims but also burdened judicial resources in addressing a motion grounded in error.

Moreover, Plaintiff's continued pursuit of these false claims, despite being directly contradicted by sworn testimony and public records, appears intended not just to mislead the Court but to inflict personal hardship. Ms. Stranger has documented significant emotional and professional damage resulting from this litigation, including debilitating stress and the shutdown of her business. The Second Circuit recognizes that Rule 11 exists to deter precisely this type of abusive litigation conduct. See *Eastway*, 762 F.2d at 254.

In the alternative, should the Court find that one or more of the signatories bore primary responsibility for the violation, sanctions may be imposed accordingly. See *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) ("Rule 11 sanctions may be imposed on each attorney responsible for the violation.").

### V. REQUESTED RELIEF

Defendant respectfully requests that the Court:

- **Strike or disregard** all references to Optic Tax Global, Inc. as tied to Ms. Stranger;

- Award **monetary sanctions** including: $10,985.70 in out-of-pocket costs and fees incurred responding to the false allegations (see *Affidavit of Costs*, Exhibit A, *Rule 11 Cost Summary,* Exhibit B, and ); and

- An **additional amount** the Court deems just to deter future misconduct;

- Issue an order warning Plaintiff's counsel that similar misconduct in the future will result in escalating sanctions.

## VI. CONCLUSION

This litigation has already caused Ms. Stranger significant personal and professional hardship. The filing and persistence of knowingly false accusations magnifies that harm.

Defendant made multiple good faith efforts to resolve this matter without burdening the Court, including direct certified notice to opposing counsel (Ex. F) and follow-up emails (Ex. G). The claim remains uncorrected despite incontrovertible evidence that Defendant had no involvement with Optic Tax Global, Inc. (Ex. E). Plaintiff's misuse of the judicial process should not go unchecked.

Respectfully submitted,
Crystal Stranger
Pro Se Litigant
Date: July 15, 2025

## **CERTIFICATE OF SERVICE (draft)**

The undersigned certifies that on July 15, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

    */s/ Crystal Stranger*