# Exhibit F

Rule 11(c)(2) Safe Harbor Letter and Attachments

(served June 20, 2025)

CRYSTAL STRANGER
30 N GOULD ST. STE 3088
SHERIDAN, WY 82801

**USPS CERTIFIED MAIL**

**9214 8902 3589 0900 0032 6672 81**

GEORGE B. MUSEKAMP

TAFT STETTINIUS & HOLLISTER LLP

425 WALNUT ST STE 1800

CINCINNATI, OH 45202

(page intentionally blank)

**Crystal Stranger**
33 Rooibok St.
Scarborough, Cape Town,
WC 7975, South Africa
crystalstranger@gmail.com
310-739-7699

**Date:** June 20th, 2025

**Via Email and Certified Mail**

**George B. Musekamp**
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
gmusekamp@taftlaw.com

**Re: Cleer LLC v. Crystal Stranger et al., No. 3:24-cv-01496-MPS (D. Conn.) –Rule 11 Safe-Harbor Notice Concerning False Allegation of "Optic Tax Global, Inc."**

Counsel:

Federal Rule of Civil Procedure 11(b) requires that every pleading and written motion be (1) non-frivolous under existing law and (2) factually supported after a reasonable inquiry. Your June 17th *Plaintiff's Second Motion for Immediate Temporary Restraining Order and Preliminary Injunctive Relief* (ECF No. 207) violates Rule 11(b) because it:

1. **Falsely asserts,** without evidence, that Defendant Crystal Stranger "formed, controls, or operates Optic Tax Global, Inc." and that she "created a spin-off company" in violation of her non-compete (ECF No. 207, at 4, 16).

2. Cites **no evidence,** nor could any good-faith inquiry uncover evidence, linking Ms. Stranger to that entity's incorporation, management, or activities.

3. **Ignores public records** (Delaware Secretary of State filing) showing a third party, David Kayisuti Mutetwa, as incorporator, with no nexus to Ms. Stranger.

These reckless allegations are causing reputational and financial harm and are being leveraged to expand injunctive relief far beyond any plausible scope. Your continued insistence on them, despite contrary evidence submitted in Ms. Stranger's sworn affidavit (ECF No. 209-1) and supporting documentation in her Objection to the Second TRO Motion (ECF No. 209, at pp. 4–6), is objectively unreasonable. Plaintiff offers no admissible evidence linking Ms. Stranger to Optic Tax Global, yet persists in maintaining these claims to gain tactical advantage. This conduct violates the standards of good faith and reasonable inquiry required by Rule 11(b). See

*Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 388 (2d Cir. 2003); *Eastway Constr. Corp. v. City of N.Y.*, 762 F.2d 243, 254 (2d Cir. 1985).

In addition to the financial and reputational harm caused by this baseless allegation, the ongoing litigation and unfounded personal attacks have caused severe emotional strain. As noted in Ms. Stranger's sworn affidavit (ECF No. 209-1), the cumulative impact of these tactics includes substantial disruption to her health, livelihood, and ability to engage in lawful work. This context underscores the seriousness of the continuing Rule 11 violations and their effect beyond the record.

**Pursuant to Rule 11(c)(2)**, you are hereby **given written notice** that unless the offending allegations and any derivative requests for relief are withdrawn **within 21 days of service of this letter** (i.e., on or before **July 14th, 2025**), Defendant will file the enclosed **Motion for Sanctions** with the court, seeking:

- Dismissal or striking of the false allegations;

- Fees and costs incurred in responding to them; and

- Any other relief the court deems just.

To avoid unnecessary motion practice, please file a notice withdrawing the above-referenced allegations forthwith and confirm to me in writing that you have done so. If you believe you have a factual basis to maintain them, kindly provide it immediately so that we may evaluate your position.

This letter is served in good faith to enforce compliance with Rule 11 and protect Ms. Stranger from further baseless litigation tactics. Nothing herein waives any other rights or remedies.

Sincerely,

**Crystal Stranger**
Pro Se Defendant

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC | : | |
| | : | 3:24-cv-1496-MPS |
| v. | : | |
| | : | |
| CRYSTAL STRANGER et al. | : | DEFENDANT CRYSTAL STRANGER'S |
| | : | MOTION FOR SANCTIONS |
| v. | : | PURSUANT TO RULE 11 (Draft) |
| | : | |
| DAVID and CARRIE McKEEGAN | : | |
| | : | |

Defendant Crystal Stranger, appearing pro se, respectfully moves this Court for an order

imposing sanctions against Plaintiff Cleer LLC and/or its attorneys under Federal Rule of Civil

Procedure 11(b)–(c), and in support states as follows:

### I. INTRODUCTION

Plaintiff's *Second Motion for Immediate Temporary Restraining Order and Preliminary*

*Injunctive Relief* (ECF No. 207) improperly accuses Ms. Stranger of forming and operating a

new entity, "Optic Tax Global, Inc." These allegations are **objectively false**, **unsupported by**

**evidence**, and **presented without reasonable inquiry**. This is not a simple error. The accusation

is clearly designed to inflame the Court and extend injunctive relief based on facts that do not

exist.

Despite Ms. Stranger's sworn denial and her submission of public records showing a

third-party incorporator unaffiliated with her, Plaintiff continues to press these claims in reckless

disregard for their truth or falsity. This conduct violates Rule 11(b), warrants judicial

intervention, and constitutes sanctionable litigation abuse. Plaintiff's assertion that Ms. Stranger

"formed and operates" Optic Tax Global, Inc. is directly contradicted by her **sworn affidavit**

filed on June 19, 2025 (ECF No. 209-1), in which she denies any knowledge or involvement in

the formation or operation of the entity and attests to receiving no response from the listed

incorporator after attempting to obtain information.

## II. BACKGROUND

On **June 17, 2025**, Plaintiff filed its *Second Motion for Temporary Restraining Order and*

*Preliminary Injunction* (ECF No. 207), asserting—without any supporting evidence—that

Defendant Crystal Stranger "formed," "spun-off," and is "operating" a new entity called Optic

Tax Global, Inc., allegedly to evade the Court's prior rulings and her contractual obligations.

Plaintiff's motion includes inflammatory accusations that Ms. Stranger created a "spin-off

company" and is still competing through this newly formed business.

These accusations are **false**.

Ms. Stranger has no involvement with Optic Tax Global, Inc. She did not form it, holds

no ownership or operational role, and had no knowledge of its existence until learning of it from

Plaintiff's filing. Public records filed with the Delaware Secretary of State identify David

Kayisuti Mutetwa—an individual unknown to Ms. Stranger—as the sole incorporator and initial

director.

In her *Objection to Plaintiff's Second TRO Motion* (ECF No. 209), Ms. Stranger

submitted a sworn affidavit (ECF No. 209-1) attesting to these facts, along with a record of her

attempt to obtain more information after learning about the company (ECF No. 209-2). The

affidavit confirms that Ms. Stranger is not affiliated with Mr. Mutetwa and has never

communicated with him, and that her prior company, Optic Tax Inc., ceased operations on April

16, 2025.

Despite these sworn statements and documentary evidence, Plaintiff has repeated the

false allegation without amendment, clarification, or evidentiary basis. Their insistence on

linking Ms. Stranger to Optic Tax Global, Inc., in the face of contrary evidence, is objectively

unreasonable and gives rise to sanctions under Rule 11.

## III. LEGAL STANDARD

Rule 11(b) prohibits filings that:

• Are presented for an improper purpose (e.g., to harass or cause delay);

• Contain claims or contentions not warranted by existing law or supported by

nonfrivolous argument;

• Allege facts without evidentiary support or likelihood of discovery after reasonable

inquiry.

Courts must apply an objective reasonableness standard. See *Storey v. Cello Holdings,*

*L.L.C.*, 347 F.3d 370, 388 (2d Cir. 2003). Rule 11 is violated when a party "pursues a claim with

no factual basis" and refuses to withdraw it even after being presented with contrary evidence.

*Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 416 (S.D.N.Y. 2003).

## IV. ARGUMENT

Plaintiff's accusation regarding Optic Tax Global, Inc. was:

• **False** when made;

• **Still false** after being corrected by Ms. Stranger's filings;

• **Maintained in bad faith** for purposes of securing broader injunctive relief and

harassing Defendant.

This conduct is sanctionable under Rule 11(b)(1) (improper purpose) and Rule 11(b)(3)

(lack of evidentiary support). The fact that Plaintiff had access to public incorporation records

and reviewed them and made the accusation anyway only compounds the violation.

This is precisely the kind of "**needless multiplication of proceedings**" that Rule 11 is

designed to prevent. See *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.

1985).

Moreover, Plaintiff's continued pursuit of these false claims, despite being directly

contradicted by sworn testimony and public records, appears intended not just to mislead the

Court but to inflict personal hardship. Ms. Stranger has documented significant emotional and

professional damage resulting from this litigation, including debilitating stress and the shutdown

of her business. The Second Circuit recognizes that Rule 11 exists to deter precisely this type of

abusive litigation conduct. See *Eastway*, 762 F.2d at 254.

## V. REQUESTED RELIEF

Defendant respectfully requests that the Court:

• **Strike or disregard** all references to Optic Tax Global, Inc. as tied to Ms. Stranger;

• Award **monetary sanctions** including: $10,985.70 in out-of-pocket costs and fees incurred responding to the false allegations (see *Affidavit of Costs*, Exhibit A, *Rule 11 Cost Summary*, Exhibit B, and ); and

• An **additional amount** the Court deems just to deter future misconduct;

• Issue an order warning Plaintiff's counsel that similar misconduct in the future will result in escalating sanctions.

## VI. CONCLUSION

This litigation has already caused Ms. Stranger significant personal and professional hardship. The filing and persistence of knowingly false accusations magnifies that harm. Plaintiff's misuse of the judicial process should not go unchecked.

Respectfully submitted,
Crystal Stranger
Pro Se Litigant
Date: July 14, 2025

5

# Exhibit A

**AFFIDAVIT OF COSTS**

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CLEER LLC | : | 3:24-cv-1496-MPS |
| | : | |
| v. | : | AFFIDAVIT OF CRYSTAL STRANGER RE: |
| | : | COSTS INCURRED (Draft) |
| CRYSTAL STRANGER et al. | : | |
| | : | 2025-07-XX |

I, Crystal Stranger, am a competent adult. I state the following based on personal knowledge, information, and belief.I, Crystal Stranger, declare under penalty of perjury that:

1. I am the Defendant in this action and make this declaration in support of my Motion for Sanctions.

2. As a direct result of Plaintiff's false allegation regarding "Optic Tax Global, Inc.," I incurred the following expenses:

    ° [$9.70] in printing, copying, and mailing costs;

    ° [$10,978 *estimated value of time spent drafting objections and compiling public records based on my professional billable hour fee as an Enrolled Agent (*22 hours × $499.00/hour).

3. These costs are documented in the attached spreadsheet and receipts (Exhibit A) and were directly caused by the need to respond to the false accusation.

4. My billable hour rate of $499 is documented with a printout showing a sale for a one-hour

consultation call related to my webinars (Exhibit B), and I attest this is my lowest standard

rate for consultation, drafting, or review work.

VERIFICATION

I, Crystal Stranger, being first duly cautioned and sworn, hereby depose and state upon personal

knowledge that the factual allegations contained in the foregoing Affidavit are true and correct to

the best of my knowledge, information and belief. Any documents attached to the Affidavit are

true and correct copies of those documents as described in the Affidavit.

signed: ...................................................

Here appeared before me, those persons named above, whose identity is personally known to me
or proven on the basis of satisfactory evidence, and they made, in my presence, voluntary
signatures and an oath or affirmation vouching for the truthfulness and completeness of the
foregoing.

............................................................    Date.......................................................

Place.......................................................

# Exhibit B

## RULE 11 COST SUMMARY

| Date | Task Description | Hours Worked | Hourly Rate | Subtotal (USD) |
|---|---|---|---|---|
| 2025-06-17 | Prepared response to Plaintiff's motion (research, drafting, compiling exhibits) | 8 | 499 | 3992.00 |
| 2025-06-18 | Continued drafting and refinement of response filing | 3 | 499 | 1497.00 |
| 2025-06-19 | Finalized and filed response to Plaintiff's motion | 4 | 499 | 1996.00 |
| 2025-06-20 | Drafted Rule 11 motion and safe harbor letter | 3 | 499 | 1497.00 |
| TBD | Prepare affidavit, final packet, and file if no withdrawal | 4 | 499 | 1996.00 |
| 2025-06-20 | Certified Mail to Plaintiff's Counsel | 0 | 0 | 7.70 |
| TBD | Printing affidavit + service copies | 0 | 0 | 2.00 |
| | TOTAL | | | 10985.70 |

# Exhibit C

## DOCUMENTATION OF BILLABLE RATE

M Gmail                                    Crystal Stranger <crystal@optictax.com>

---

# New Event: Joseph Geus - 10:30am Wed, Oct 23, 2024 - Professional Support Consultation

---

**Calendly** <notifications@calendly.com>                    Tue, Oct 15, 2024 at 1:00 AM
Reply-To ▓▓▓▓▓▓▓▓▓
To: crysta███op█c█ax.com



Hi Crystal Stranger,

A new event has been scheduled.

**Event Type:**

Professional Support Consultation

**Invitee:**

Joseph Geus

**Invitee Email:**



**Text Reminder Number:**



**Event Date/Time:**

10:30am - Wednesday, October 23, 2024 (Mountain Time - US & Canada)

**Description:**

This is a 1 hour tax consultation for tax or legal professionals to discuss more
complex tax matters in a confidential space. During this call you will have an
option to share tax returns or documents for a professional review or to get a third-
party opinion, within the time frame allotted.

**Location:**

This is a Zoom web conference.

**Attendees can join this meeting from a computer, tablet or smartphone.**

https://us06web.zoom.us/j/81051636604

One tap mobile:

+1 309 205 3325,,81051636604#

+1 312 626 6799,,81051636604#

They can also dial in using a phone.

US: +1 309 205 3325, +1 312 626 6799, +1 646 931 3860, +1 929 205 6099, +1 301 715 8592, +1 305 224 1968, +1 669 444 9171, +1 669 900 6833, +16892781000, +1 719 359 4580, +1 253 205 0468, +1 253 215 8782, +1 346 248 7799, +1 360 209 5623, +1 386 347 5053, +1 507 473 4847, +1 564 217 2000

Meeting ID: 810-516-36604

Find your local number: https://us06web.zoom.us/u/klFhK79oY

**Invitee Time Zone:**

Pacific Time - US & Canada

**Amount Paid:**

$499.00 USD

**Payment Terms:**

Rescheduling must be done 24 hours in advance. With good reason we will allow one rescheduling for a missed call or inability to join because of technical issues, but after two missed calls payment will be required again for rescheduling. Thank you and we are looking forward to talking with you soon!

Questions:

**What is your Company's Name?**

JG BUSINESS MANAGEMENT

**Please share anything that will help prepare for our meeting.**

FOLLOWUP TO YOUR CPAAcademy WEB CONFERENCE

View event in Calendly



1750412078455x190794684989440000



## Certificate of Mailing Submission

On Jun 20, 2025 11:34 am, Crystal Stranger (crystal@optictax.com - 92.242.188.227) or an account user thereof submitted a letter to be mailed via DocuPost.com

The letter was moved to production and mailing at Jun 21, 2025 3:35 am. The letter was assigned USPS tracking # 92148902358909000032667281

The supplied document contained 15 pages and was submitted with the following recipient information:

George B. Musekamp Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800

Cincinnati OH 45202

With the following supplied return address information:

Crystal Stranger
30 N Gould St. Ste 3088

Sheridan WY 82801

### Certificate of Mailing Submission - Terms and Conditions

This Certificate of Mailing Submission confirms that DocuPost LLC received a request to process and mail the specified document(s) from the user on the stated submission date. It serves as proof of submission to DocuPost's mailing system but does not guarantee that the document(s) were mailed, delivered, or received by the intended recipient. The submission date reflects the date and time the mailing request was successfully entered into our system, not the date the document(s) were physically mailed.

All information above reflects what was supplied to us by the end-user and/or what represents the most current information available as of the retrieval of this Certificate of Mailing Submission.

Please be aware that letter production times, holidays, non-business days, and variability in USPS processing and delivery schedules may impact the actual mailing and delivery timeline. While DocuPost strives to prepare and submit mailings as promptly as possible, delays may occur due to high demand, technical issues, non-business days, or USPS operational challenges, including those during peak mailing seasons or holidays. This Certificate of Mailing does not imply compliance with any legal or regulatory deadlines and should not be interpreted as evidence of actual mailing, delivery, or receipt. DocuPost LLC disclaims any liability for delays caused by letter production times, holidays, non-business days, USPS delays, or other circumstances occurring after the submission of your mailing request.