**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CLEER LLC | : |
| | :    3:24-cv-1496-MPS |
| v. | : |
| | :    DEFENDANT'S MOTION TO STRIKE |
| CRYSTAL STRANGER et al. | :    OR, IN THE ALTERNATIVE, |
| | :    OBJECTION TO PLAINTIFF'S |
| v. | :    CONTEMPT MOTION (ECF No. 217) |
| | :    AS PREMATURE IN LIGHT OF |
| DAVID and CARRIE McKEEGAN | :    PENDING APPEAL |

     Crystal Stranger, appearing pro se, respectfully submits this Motion to Strike or, in the Alternative, Object to Plaintiff Cleer LLC's Motion for Contempt (ECF No. 217) as procedurally premature in light of Defendant's pending appeal and the unresolved jurisdictional posture of this case. Because Plaintiff seeks contempt relief based on a Preliminary Injunction that is currently under appellate review, and because enforcement of the disputed order risks mooting the appeal and causing irreversible harm, the motion should be struck or held in abeyance until appellate proceedings are concluded.

## I. INTRODUCTION

     This Court should strike or deny Plaintiff's Motion for Contempt (ECF No. 217) as procedurally premature. The Preliminary Injunction that Plaintiff seeks to enforce is currently under active appellate review, and further proceedings to compel compliance, particularly through coercive sanctions, risk interfering with the Second Circuit's jurisdiction. On July 17, 2025, this Court expressly recognized that portions of Cleer's second motion for injunctive relief

may have been superseded by the Preliminary Injunction and that renewed requests for relief may be premature in light of the appeal. (ECF No. 230). That acknowledgment reinforces the impropriety of adjudicating contempt while the enforceability of the underlying injunction remains in dispute.

Even if considered on the merits, Cleer's motion fails under well-established Second Circuit standards for civil contempt. Contempt is not a routine enforcement tool, it is a grave remedy that demands clear and convincing evidence that: (1) a clear and unambiguous court order exists, (2) the defendant violated that order, and (3) the defendant did not diligently attempt compliance. See *Perez v. Danbury Hosp.*, 347 F.3d 419, 423–24 (2d Cir. 2003). Cleer cannot meet that burden. The domain name transfer it demands was not recommended by the magistrate judge, was added without notice or opportunity to object under 28 U.S.C. § 636(b)(1), and carries the risk of irreversible harm if enforced prematurely.

Defendant has acted in good faith, seeking relief through every lawful channel, including timely motions for reconsideration and a pending appeal, and has made reasonable efforts to preserve the status quo during this uncertain procedural window. Imposing contempt sanctions now would not only be unjust; it would undermine due process and meaningful appellate review.

## II. THE CONTEMPT MOTION IS PREMATURE AND PROCEDURALLY IMPROPER

On June 17, 2025, the Court issued a Preliminary Injunction (ECF No. 208) ordering Defendant to transfer the domain name "Cleer.tax" within 48 hours. Before the compliance period elapsed, Defendant timely filed a motion for reconsideration (ECF No. 210) and a notice of appeal (ECF No. 211, Appeal No. 25-1575), thereby triggering the jurisdictional tolling

provision under Federal Rule of Appellate Procedure 4(a)(4). Defendant also filed a motion for partial stay with the Second Circuit which remains pending.

On June 23, 2025, this Court acknowledged it could not timely rule on the reconsideration motion due to an impending trial and expressly confirmed that the motion remained under consideration. (ECF No. 214). Under Second Circuit precedent, when a Rule 59 or Rule 60 motion is pending, appellate jurisdiction is suspended and the district court retains authority to rule on the motion. See *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58–59 (1982); *Leonhard v. United States*, 633 F.2d 599, 611–12 (2d Cir. 1980). This jurisdictional overlap counsels strongly against contempt proceedings that could interfere with appellate review.

Nevertheless, on July 3, 2025, Plaintiff filed its Motion for Contempt (ECF No. 217), even though the enforceability of the underlying order was unresolved and the injunction was the subject of an active appeal. On July 17, 2025, this Court issued an order denying Plaintiff's second motion for temporary injunctive relief (ECF No. 230), observing that the prior injunction (ECF No. 208) "may supersede" portions of the new motion and that further relief would be "without prejudice to renewal" depending on the status of the appeal. This acknowledgment supports Defendant's position that additional enforcement is premature.

Contempt is an extraordinary sanction that should not proceed while jurisdiction is unsettled. See *Standard Oil Co. v. United States*, 429 U.S. 17, 18 (1976) (noting that timely Rule 60 motions toll the time to appeal); *New York v. Nuclear Regulatory Comm'n*, 550 F.2d 745, 758 (2d Cir. 1977) (noting the risk of premature action interfering with appellate review). Proceeding

with contempt now risks jurisdictional entanglement and denies Defendant the opportunity for meaningful review.

## III. DEFENDANT HAS ACTED DILIGENTLY AND IN GOOD FAITH

Civil contempt is a severe sanction and should not be imposed lightly. To prevail on a motion for contempt, the movant must establish by clear and convincing evidence that:

1. The underlying order is clear and unambiguous;
2. The alleged contemnor's noncompliance is clearly and convincingly proven; and
3. The contemnor has not diligently attempted to comply in a reasonable manner.

*Perez v. Danbury Hosp.*, 347 F.3d 419, 423–24 (2d Cir. 2003); *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995).

Plaintiff has not shown, as required, that Defendant failed to make reasonable, diligent efforts to comply. Defendant timely filed a motion for reconsideration (ECF No. 210), a notice of appeal (ECF No. 211), and a motion for partial stay in the Second Circuit (Case No. 25-1575), which remains pending. These filings were not made to obstruct the Court's authority but to preserve legal rights and prevent irreparable harm pending appellate review.

This Court acknowledged in its July 3, 2025 ruling [ECF No. 218] that the domain transfer issue is being challenged on appeal. While the court denied reconsideration, it did not find any contemptuous conduct or address whether enforcement should be paused pending appellate review.

Courts have long recognized that good faith efforts to obtain clarification or appellate relief can weigh against contempt. See *SEC v. Bankers Alliance Corp.*, 881 F. Supp. 673, 678

(D.D.C. 1995). Defendant's conduct reflects a lawful, diligent approach to an injunction that remains the subject of active litigation, not willful defiance.

## IV. THE DOMAIN TRANSFER ORDER IS NOT UNAMBIGUOUS

A court must also consider whether the underlying order is lawful and enforceable. *See U.S. v. United Mine Workers of Am.*, 330 U.S. 258, 294–95 (1947); *NLRB v. Local 282, Int'l Bhd. of Teamsters*, 428 F.2d 994, 1001 (2d Cir. 1970).

The order requiring the domain transfer raises significant ambiguity as to timing and enforcement in the context of pending post-order motions. Although the Court has confirmed that it was not limited to the Magistrate's recommendation, the lack of opportunity to object to this specific remedy, combined with its irreversible nature, raises enforcement concerns under *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 n.21 (1982); and *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995). The Second Circuit has consistently emphasized that a contempt order must rest on an injunction that leaves no uncertainty in the minds of those to whom it is addressed.

## V. PLAINTIFF MISSTATES THE EFFECT OF A PENDING APPEAL

It is true that the filing of an appeal does not automatically stay an injunction. *Fed. R. Civ. P. 62(c); Nken v. Holder*, 556 U.S. 418, 427 (2009). However, it is equally well-established that appellate courts may preserve the status quo to ensure meaningful review. *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). Defendant's motion for a stay remains pending in the Second Circuit (No. 25-1575), and a notice from that Court has already confirmed that the appeal is stayed due to related district court motions under FRAP 4(a)(4).

Defendant acknowledges that an appeal does not automatically stay an injunction. However, the filing of a timely Rule 60(b) motion and appeal under FRAP 4(a)(4) created an unresolved jurisdictional overlap. Under these circumstances, the Court should not impose contempt sanctions for protective actions taken during a period of procedural ambiguity.

Furthermore, Plaintiff's reliance on *Dubose v. Harris*, 434 F. Supp. 227 (D. Conn. 1977), is inapposite. *Dubose* involved a final and unambiguous injunction that was not subject to a timely appeal or a pending motion for reconsideration. In contrast, Defendant here immediately appealed the preliminary injunction and sought reconsideration. Plaintiff's argument disregards the well-established principle that the pendency of such post-order motions can affect the finality and enforceability of an injunction. See *Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18 (1976); *New York v. Nuclear Regulatory Comm'n*, 550 F.2d 745, 758 (2d Cir. 1977). Moreover, *Nken v. Holder*, 556 U.S. 418, 427 (2009), affirms that courts may preserve the status quo pending appeal. Ultimately, this is not just a legal disagreement over obligations, but a matter of ensuring that appellate rights are not nullified by premature enforcement.

## **VI. NO WILLFUL NONCOMPLIANCE EXISTS**

Plaintiff presents no evidence of intentional or bad faith defiance. At most, Plaintiff disagrees with Defendant's legal interpretation of her obligations while appeals and motions remain unresolved. But contempt cannot be imposed for good faith legal disagreement, particularly where the legal issues are complex and constitutional rights are implicated. *S.E.C. v. Princeton Econ. Int'l Ltd.*, 152 F. Supp. 2d 456, 459 (S.D.N.Y. 2001) ("Ambiguities in court orders must be resolved in favor of the party charged with contempt.").

Defendant's conduct has been transparent, deliberate, and directed at lawful review, not evasive or contemptuous. At most, this is a situation of legal disagreement over scope and timing, not the kind of willful disobedience that contempt is designed to address.

## VII. THE CONTEMPT MOTION SEEKS IMPROPER FINAL RELIEF THROUGH COERCION

Courts in this Circuit have consistently held that civil contempt must not be used to coerce permanent relief before trial. *See SEC v. Musella*, 818 F. Supp. 600, 602 (S.D.N.Y. 1993) ("A party may not obtain final relief through contempt proceedings related to a preliminary injunction."). The domain at issue represents disputed intellectual property and a primary asset of the Defendant's business. A coerced domain transfer amounts to irreparable loss and overreaches the permissible bounds of preliminary injunctive relief.

The request for coercive monetary sanctions is unwarranted and punitive. Any sanctions must be narrowly tailored to compel compliance and may not be disproportionate or speculative. *See Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982) (civil contempt sanctions must be "remedial and not punitive in character").

Here, Defendant's conduct has not been contumacious. No daily fines or attorneys' fees should be awarded where the basis of noncompliance is a pending request for reconsideration and preservation of appellate rights.

Forcing transfer of the domain under threat of contempt would undermine the integrity of Defendant's pending appeal. The domain represents a disputed asset, and coercing its surrender could moot appellate review and irreversibly prejudice Defendant's legal position.

Defendant does not refuse to comply outright with a lawful injunction. Rather, she respectfully requests that any enforcement occur only after the procedural safeguards of appeal and clarification are complete, to avoid irreversible prejudice.

Additionally, Defendant's concerns regarding the bond's sufficiency and the lack of an adversarial evidentiary hearing on damages remain unresolved. The court's assumption that the domain transfer would be harmless because a bond was posted disregards these critical issues.

## VIII. ANY CONTEMPT SANCTIONS WOULD BE UNJUST AND UNWARRANTED

Even if the Court were to find technical noncompliance, it retains broad discretion in determining whether to impose sanctions. *E.E.O.C. v. Local 638*, 81 F.3d 1162, 1171 (2d Cir. 1996). The circumstances here, complex procedural history, disputed domain ownership, and active appellate proceedings, call for restraint. Defendant has never sought to defy this Court's authority, only to preserve her rights and obtain appellate review of a sweeping preliminary order issued without due notice.

The Court retains broad discretion to withhold contempt sanctions in light of unique procedural circumstances. Defendant respectfully asks the Court to exercise that discretion here, where her conduct reflects procedural diligence, not bad faith, and where coercive relief risks undermining meaningful appellate review.

## IX. CONCLUSION

Contempt is a discretionary and coercive remedy reserved for clear, willful defiance—not for litigants who respectfully invoke appellate and procedural safeguards. Even if the Court

maintains that the underlying injunction is enforceable, Plaintiff has not met its burden to show that Defendant's actions were contumacious or unreasonable.

Defendant has acted in good faith, filing timely motions for reconsideration and stay, pursuing an appeal, and attempting to preserve the status quo pending appellate review. The Court has not held any evidentiary hearing to determine whether contempt sanctions are justified, and no showing has been made that Defendant's conduct was intended to frustrate the Court's authority rather than to protect her legal rights. Defendant respectfully submits that contempt is inappropriate at this time, and affirms her intent to comply with any final, unambiguous, and appellate-validated order of this Court.

For these reasons, and in light of the substantial risk of irreversible prejudice and due process violations, Plaintiff's Motion for Contempt [ECF No. 217] should be DENIED in its entirety.

Respectfully submitted,
Crystal Stranger
Pro Se Litigant
Date: July 22, 2025

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 22, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

    */s/ Crystal Stranger*