## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC | : |
| | : 3:24-cv-1496-MPS |
| v. | : |
| | : |
| CRYSTAL STRANGER et al. | : DEFENDANT'S OBJECTION TO |
| | : MAGISTRATE JUDGE'S RULING ON |
| v. | : MOTION FOR RETURN OF |
| | : PROPERTY (ECF NO. 232) |
| DAVID and CARRIE McKEEGAN | : |
| | : |

Pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Conn. L. Civ. R. 72.2, Defendant Crystal Stranger respectfully submits this Objection to the Magistrate Judge's July 23, 2025 Ruling (ECF No. 232), which denied her Motion for Return of Personal Property or Security Bond Adjustment (ECF No. 213). The ruling is clearly erroneous and contrary to law because it (1) misinterprets prior orders as requiring password disclosure, (2) authorizes indefinite retention of personal property without protective conditions or procedural safeguards, and (3) fails to balance the privacy and property interests at stake.

The record reflects no forensic motion or diligence by Plaintiff, no adjudication of ownership, and no framework limiting digital access. This ruling is inconsistent with due process, Rule 26 protections, and prevailing discovery norms. Without modification, the ruling permits open-ended, unsupervised access to sensitive personal data. It thus undermines Defendant's due process rights and risks inefficient, duplicative litigation rather than providing a clear, timely resolution.

## I. STANDARD OF REVIEW

Under Rule 72(a), a district judge must "modify or set aside any part of the magistrate judge's order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also D. Conn. L. Civ. R. 72.2(a). An order is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been made. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).

## II. GROUNDS FOR OBJECTION

### A. ECF No. 74 Did Not Compel Password Production

The Order mischaracterizes Chief Judge Shea's December 5, 2024 order (ECF 74) by asserting it "clearly and unambiguously" required Defendant to provide the laptop password. The cited language contains no such instruction. The Court never issued an order compelling password production, nor did Plaintiff ever file a motion seeking it. Defendant preserved the device and shipped it as ordered. Suggesting noncompliance without such explicit directive is erroneous. See *Walsh v. Five Corners Food, Inc.*, No. 2:21-mc-00237 (DRH)(ST), 2022 WL 874461, at *3 (E.D.N.Y. Feb. 1, 2022) (requiring clarity in compelled orders).

### B. Plaintiff Has Shown No Diligence or Effort Toward Forensics

The Order fails to consider Plaintiff's ongoing inaction. Plaintiff has retained possession of the laptop since early 2024 but has not designated a forensic expert, proposed a schedule, or filed any request for access under Rule 34. Defendant cannot be blamed for lack of password when Plaintiff has made no effort in six months to resolve this or proceed with imaging. The Order rewards inaction by sanctioning indefinite retention.

### C. Continuing Deprivation Without Oversight Violates Due Process

The Court dismissed Defendant's Fifth Amendment argument by citing *Fuentes v. Shevin*, 407 U.S. 67 (1972) as inapplicable. But the argument is not limited to summary seizure laws. Due process requires meaningful process to protect property rights from arbitrary or prolonged interference. See *United States v. James Daniel Good Real Property*, 510 U.S. 43, 53 (1993). The laptop has now been withheld for over seven months with no end in sight, despite no pending forensic motion, no preservation order, and no adjudicated ownership dispute.

### D. No Evidence Refutes Defendant's Ownership

The Order references "disputed ownership" but neither side has submitted admissible evidence contesting Defendant's ownership. Defendant had sole possession, use, and AppleCare registration in her name for the device. Plaintiff has offered no affidavits, receipts, or declarations suggesting otherwise. The Order should not defer possession rights to a third party absent adjudication or evidentiary hearing, especially on a depreciating asset that will have no value when this court case ultimately is resolved.

### E. No Balancing of Prejudice or Equities

The Order fails to balance the harm to Defendant caused by continued deprivation of her personal computer, used for work and daily life, against Plaintiff's speculative interest in future analysis. Plaintiff made no showing of prejudice or urgency, and yet Defendant continues to bear the brunt of a one-sided deprivation.

## III. THE MAGISTRATE'S RULING ERRONEOUSLY FOUND NONCOMPLIANCE AND MISCHARACTERIZED THE RECORD

The ruling states that Defendant "has not complied with Chief Judge Shea's December 5, 2024 Order," based solely on the fact that she "has not provided the password" to the laptop

(ECF No. 232 at 3). This conclusion ignores substantial record evidence demonstrating Defendant's good-faith efforts to cooperate, including repeated offers to coordinate a secure reset with a neutral forensic expert.

As early as March 2025, in June 2025, and again in July 2025, Defendant has confirmed she does not recall the password and has repeatedly sought to coordinate a password reset in a manner that preserves forensic integrity. In the days following the Court's July 23 Order, Defendant promptly contacted Plaintiff's counsel to initiate the process, expressed willingness to cooperate, and requested identification of the expert and the scope of the forensic protocol. See **Exhibit A** (email correspondence dated July 23–28, 2025).

Opposing counsel has repeatedly refused to:

- Identify the forensic examiner;
- Confirm the examiner's qualifications or neutrality;
- Provide any written protocol or scope limitation;
- Permit direct communication with the examiner;
- Establish basic procedural safeguards for the Apple ID reset.

Instead, Plaintiff insists that Defendant disclose her Apple ID credentials, potentially granting access to sensitive financial, password, and iCloud-synced personal data, without knowing who will access the account or how that access will be limited. This posture is not consistent with industry norms for forensic neutrality, and Defendant's refusal to comply blindly with that demand is not equivalent to a refusal to cooperate, but a reasonable attempt to protect sensitive personal data against opposing counsel whose past conduct has raised Defendant's

concerns regarding appropriate data handling and neutrality. Courts routinely recognize the need to limit discovery when personal data is involved to prevent overreach. See *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 258 (D.D.C. 2003), and *In re Subpoena Duces Tecum to Friedman & Friedman*, 350 F.3d 65, 69 (2d Cir. 2003).

## IV. THE MAGISTRATE'S RULING DISTINGUISHES FUENTES IMPROPERLY

The ruling erroneously distinguishes *Fuentes v. Shevin*, 407 U.S. 67 (1972), as inapplicable, stating that the deprivation here occurred after briefing and hearing. But this misses the core principle of *Fuentes*: **a party may not be deprived of personal property for an indefinite duration without meaningful procedural safeguards and judicial oversight**.

Here, the Court explicitly acknowledged that ownership of the laptop is in dispute, and made no finding that Cleer has any superior right to possess it (ECF No. 232 at 3, n.2). Yet the ruling allows indefinite retention of Defendant's personal laptop by an adverse party without a protective order, neutral protocol, or defined time limit.

## V. THE RULING AUTHORIZES A FORENSIC PROCESS WITHOUT ANY LIMITS OR OVERSIGHT

The ruling effectively permits Plaintiff and its counsel to coordinate a forensic review without court supervision or scope limitation, despite the well-established risk of **overcollection** and **privacy violation** in digital forensic searches. Defendant has requested only standard, minimal safeguards, which should be ordered by the Court before any further forensic access is allowed:

·   Identification of the expert

- Written forensic protocol

- Limitations on scope and access

- Confidentiality protection

- Secure return or deletion of non-relevant or residual data after imaging

- A set time frame (e.g., 14–21 days) for completion of imaging and return of the laptop

Such protections are routine in civil discovery and warranted here under FRCP 26(c) to prevent undue burden, protect privacy, and avoid open-ended seizure of personal property. Courts in this Circuit routinely require protective protocols before authorizing forensic access to personal digital devices, particularly where privacy is implicated. See *Miron v. Town of Stratford*, 976 F. Supp. 2d 120 (D. Conn. 2013); *Crespo v. Fine*, 2022 WL 190220 (D. Conn. Jan. 20, 2022); *In re Subpoena Duces Tecum to Friedman*, 350 F.3d 65 (2d Cir. 2003).

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests the court:

### A. Set aside or Modify the Magistrate's Order

1. Set aside or modify the Magistrate's July 23, 2025 ruling (ECF No. 232), to correct the factual mischaracterization and require Plaintiff to proceed through proper forensic channels;

### B. In the Alternative, Enter Protective Relief

If the Court declines to fully set aside the Magistrate's ruling, Defendant respectfully requests that the Court:

1. Enter a protective order under Rule 26(c);

2. Require Plaintiff to identify its forensic expert, including qualifications and affiliations;

3. Submission and court approval of a written forensic protocol specifying scope, access limitations, and confidentiality protections;

4. Limit forensic access to clearly defined search parameters; and

5. Order the return of the device within a set number of days after analysis.

6. A bar on any further access to the device or its contents absent a court order or adjudication of ownership.

Respectfully submitted,

Crystal Stranger

Pro Se Litigant

Date: July 28, 2025

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 28, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

    */s/ Crystal Stranger*