# Exhibit A

Email Correspondence July 23-28, 2025

    Crystal Stranger <crystalstranger@gmail.com>

# Compliance with Court Order (ECF No. 232) – Laptop Password Protocol
20 messages

---

**Crystal Stranger** <crystalstranger@gmail.com>    Wed, Jul 23, 2025 at 11:45 PM
To: "George B. Musekamp" <gmusekamp@taftlaw.com>

Dear Mr. Musekamp,

Pursuant to the Court's July 23, 2025 Order (ECF No. 232), I am writing to confirm my willingness to cooperate in facilitating access to the laptop currently in your custody.

As I have previously stated, I no longer recall the password to the device. Given the time that has passed since I had access, and the fact that I preserved and transmitted the laptop as directed, this is not a matter of willful noncompliance. I remain fully willing to work with an appropriately qualified third-party forensic expert to reset the password, provided that the procedure ensures forensic integrity and protects against data modification or deletion.

To date, I have not been contacted by any forensic expert retained by your office, and I am unaware of any concrete steps you have taken to pursue forensic analysis. In light of the Court's directive, I ask that you promptly identify your designated expert and outline the proposed protocol so that we may proceed without further delay or prejudice.

Please confirm by Friday your retention of a forensic expert and the proposed timeline for coordinating the password

reset process. I am available to schedule a call or remote session as needed to implement this in good faith. Sincerely

Yours,

Crystal Stranger, JD, EA, NTPI Tax Fellow


**What is an enrolled agent?**
Enrolled agents (EAs) are America's tax experts. EAs are the **only** federally-licensed tax practitioners who specialize in taxation and also have **unlimited** rights to represent taxpayers before the Internal Revenue Service.

---

**Musekamp, George B.** <GMusekamp@taftlaw.com>    Thu, Jul 24, 2025 at 12:00 AM
To: Crystal Stranger <crystalstranger@gmail.com>
Cc: "Cohn, Evan" <ECohn@taftlaw.com>

I am happy to hear you are now willing to cooperate after unnecessarily raising this issue with the Court and not complying with Judge Shea's order. It is unfortunate that you have chosen to "cooperate" only after being told to do so by the Court. But that appears to be the theme of this case.

Do you have a guess at what the password may be? What is your current password?  - perhaps it is the same or a variation thereof. Otherwise we will have to reset using the AppleID. What is your AppleID?

I will retain the laptop until conclusion of this case per the Court's order.

> On Jul 23, 2025, at 5:45 PM, Crystal Stranger <crystalstranger@gmail.com> wrote:
>
> [Quoted text hidden]

**George B. Musekamp**
Partner
GMusekamp@taftlaw.com

**Dir:** 513.357.9453
**Tel:** 513.381.2838    |    **Fax:** 513.381.0205
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957

**Taft Bio**
**Download vCard**
**taftlaw.com**

Now over 1,000 attorneys strong.

Taft has expanded to the **Mountain West region** with the addition of Sherman & Howard, a prominent 130-year-old law firm.  Learn more **here.**

---

Taft has expanded to **Southeast Florida**, with the addition of Mrachek Law, a distinguished litigation firm. Learn more **here.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**Crystal Stranger** <crystalstranger@gmail.com>                                            Thu, Jul 24, 2025 at 3:16 PM
To: "Musekamp, George B." <GMusekamp@taftlaw.com>
Cc: "Cohn, Evan" <ECohn@taftlaw.com>

Dear Mr. Musekamp,

As previously stated, I do not recall the password for the 2023 laptop and have not had access to the device since late 2024. To the best of my knowledge, it is not the same as any current passwords I use, and I have no further information to assist in guessing it.

That said, I remain fully willing to cooperate in coordinating a secure password reset with your designated forensic expert, provided the process preserves forensic integrity. Please provide the name and contact information of your retained expert and a proposed protocol or schedule for the reset procedure.

To clarify: I have not refused to cooperate, but rather made multiple efforts over several months to resolve the status of this device, including messaging your office promptly upon its clearance from customs. Those messages received no reply. I appreciate your renewed attention to this issue now that the Court has directed your side to act.

Furthermore, your assertion that the Court has authorized retention of my personal laptop until the "conclusion of this case" is inaccurate and unsupported by the July 23, 2025 Order. The Court stated only that custody would continue until ownership is determined and/or the case is resolved—not that indefinite retention is permitted by default. The Order also places clear obligations on your side to engage a forensic expert and complete the imaging process in a timely manner, with court supervision. I remain willing to cooperate in good faith with a qualified expert, as ordered, but I expect you to adhere to the Court's expectations as well, including prompt action and transparency.

Sincerely Yours,

Crystal Stranger, JD, EA, NTPI Tax Fellow

**What is an enrolled agent?**
Enrolled agents (EAs) are America's tax experts. EAs are the **only** federally-licensed tax practitioners who specialize in taxation and also have **unlimited** rights to represent taxpayers before the Internal Revenue Service.

[Quoted text hidden]

---

**Musekamp, George B.** <GMusekamp@taftlaw.com>  |  Thu, Jul 24, 2025 at 3:28 PM
To: Crystal Stranger <crystalstranger@gmail.com>
Cc: "Cohn, Evan" <ECohn@taftlaw.com>

What is your AppleID?

[Quoted text hidden]

---

**Crystal Stranger** <crystalstranger@gmail.com>  |  Thu, Jul 24, 2025 at 8:45 PM
To: "Musekamp, George B." <GMusekamp@taftlaw.com>
Cc: "Cohn, Evan" <ECohn@taftlaw.com>

Dear Mr. Musekamp,

As stated in my prior message, I am willing to cooperate with your designated forensic expert to facilitate access in a manner that does not compromise forensic integrity. To be clear, I do not recall the password due to the extended time the device has been out of my possession, and I am not comfortable providing AppleID credentials directly to opposing counsel.

The Court did not authorize indefinite retention of my personal property. While Magistrate Judge Garcia ordered the parties to coordinate with a forensic expert to reset the password without compromising the process, no order permits continued possession of the laptop beyond the forensic purpose, particularly where there has been no forensic imaging conducted to date and no expert identified.

Please confirm by Friday, July 26, whether you have retained a qualified forensic expert. Once confirmed, I will coordinate a call with that expert to determine an appropriate, secure method for access or reset. I trust this aligns with the cooperative approach ordered by the Court.

Sincerely Yours,

Crystal Stranger, JD, EA, NTPI Tax Fellow

**What is an enrolled agent?**
Enrolled agents (EAs) are America's tax experts. EAs are the **only** federally-licensed tax practitioners who specialize in taxation and also have **unlimited** rights to represent taxpayers before the Internal Revenue Service.

[Quoted text hidden]

---

**Musekamp, George B.** <GMusekamp@taftlaw.com>  |  Thu, Jul 24, 2025 at 9:02 PM
To: Crystal Stranger <crystalstranger@gmail.com>
Cc: "Cohn, Evan" <ECohn@taftlaw.com>

The Order is clear: "Defendant Stranger will provide the password to Plaintiff within seven (7) days **or work cooperatively with counsel and their third party forensic expert** to reset the password in a manner that will not compromise the forensic process."

The Court ordered you to give me the password (which you conveniently claim you do not recall). To the extent the Court ordered you to turn over the password, it also required you to provide your AppleID as a necessary action to comply with your obligation to cooperatively reset the password. It also ordered you to work cooperatively with counsel and the third

party expert – not just the third party expert as you claim.  Nor would I permit you to contact and speak with our agent and expert without my presence.

Please confirm by Friday, July 25 that you will provide me with the AppleID so that I can provide to our expert and coordinate with you to have the password reset.

[Quoted text hidden]

---

**Musekamp, George B.** <GMusekamp@taftlaw.com>                                                               Thu, Jul 24, 2025 at 9:06 PM
To: Crystal Stranger <crystalstranger@gmail.com>
Cc: "Cohn, Evan" <ECohn@taftlaw.com>

Alternatively, I am willing to host a conference call with our forensic expert and you can provide the AppleID then.

[Quoted text hidden]

---

**Crystal Stranger** <crystalstranger@gmail.com>                                                              Thu, Jul 24, 2025 at 9:26 PM
To: "Musekamp, George B." <GMusekamp@taftlaw.com>
Cc: "Cohn, Evan" <ECohn@taftlaw.com>

Dear Mr. Musekamp,

Pursuant to the Court's July 23, 2025 Order (ECF No. 232), I reiterate my willingness to cooperate in good faith with an appropriately qualified and neutral forensic expert to facilitate secure access to the laptop, consistent with the directive to preserve forensic integrity.

As previously stated, I do not recall the password. Given the sensitive nature of AppleID credentials, which implicate access not only to device authentication but potentially to private data including iCloud-linked documents, ApplePay, saved credentials, and third-party account access, I must respectfully decline to disclose my AppleID directly to adverse counsel, whether by correspondence or on a conference call, absent procedural safeguards.

The Court's order provides two permissible pathways for compliance: (1) provision of the password, or (2) cooperative engagement with opposing counsel *and* their retained third-party forensic expert to reset the password in a manner that does not compromise forensic analysis. As my position is that I no longer recall the password, the second option is the operative path.

To that end, I respectfully request the identity, qualifications, and contact information of your designated forensic professional. Once this information is provided, I will coordinate a process, preferably under a confidentiality and limited purpose agreement, to engage in a secure reset protocol that complies fully with the spirit and letter of the Court's directive, while protecting against overbroad data exposure or procedural overreach.

This approach not only aligns with the Court's intent but enhances judicial efficiency by reducing ambiguity and facilitating expert-driven resolution. I trust we can proceed accordingly.

Sincerely Yours,

Crystal Stranger, JD, EA, NTPI Tax Fellow

**What is an enrolled agent?**
Enrolled agents (EAs) are America's tax experts. EAs are the **only** federally-licensed tax practitioners who specialize in taxation and also have **unlimited** rights to represent taxpayers before the Internal Revenue Service.

[Quoted text hidden]

**Musekamp, George B.** <GMusekamp@taftlaw.com>  Thu, Jul 24, 2025 at 9:32 PM
To: Crystal Stranger <crystalstranger@gmail.com>
Cc: "Cohn, Evan" <ECohn@taftlaw.com>

So is the plan then to set up a call between myself, our expert, and you during which you will provide the AppleID?

[Quoted text hidden]

---

**Crystal Stranger** <crystalstranger@gmail.com>  Sat, Jul 26, 2025 at 8:48 AM
To: "George B. Musekamp" <gmusekamp@taftlaw.com>
Cc: Evan Cohn <ecohn@taftlaw.com>

Dear Mr. Musekamp,

I remain fully committed to complying with the Court's order and working cooperatively with both your office and the designated forensic expert. As previously stated, I do not recall the device password, and therefore the applicable portion of the Order requires that I "work cooperatively with counsel and their third party forensic expert to reset the password in a manner that will not compromise the forensic process."

However, due to the sensitive nature of AppleID credentials, which may grant access to payment methods, stored passwords, and personal data across multiple devices. Thus I will not disclose my AppleID in an open conference call setting. I am willing to provide it directly to the neutral forensic expert once their identity, credentials, and secure protocol for handling such sensitive information are confirmed. I respectfully request that you identify your designated expert, including their name and firm, and confirm they will maintain confidentiality and adhere to a narrowly tailored access protocol in line with the Court's directive.

I remain available to coordinate this process in good faith and ensure that the reset proceeds promptly and securely.

Sincerely,

Crystal Stranger

[Quoted text hidden]

---

**Musekamp, George B.** <GMusekamp@taftlaw.com>  Sat, Jul 26, 2025 at 2:09 PM
To: Crystal Stranger <crystalstranger@gmail.com>
Cc: "Cohn, Evan" <ECohn@taftlaw.com>

Unfortunately, litigation often involves the disclosure of sensitive information. The court already told you to disclose sensitive information when it told you to give me the password. Your AppleID is less sensitive than the password to the device. Your argument makes no sense.

You are not working cooperatively no matter how many times you state it. FN 3 states that the "parties" will work with the forensic expert to reset the password. It does not say you alone and you do not get to dictate the process to work with our expert.

In one last effort, I am again offering to coordinate a call with our expert to discuss the protocol and provide the AppleID. But I am not going to let you unilaterally speak with our expert. I can assure you I have no interest in any information on the computer other than Cleer information, and am bound by a multitude of rules that already preclude me from misusing your AppleID.

> On Jul 26, 2025, at 2:48 AM, Crystal Stranger <crystalstranger@gmail.com> wrote:
>
> [Quoted text hidden]

[Quoted text hidden]

---

**Crystal Stranger** <crystalstranger@gmail.com>  Sat, Jul 26, 2025 at 5:40 PM
To: "George B. Musekamp" <gmusekamp@taftlaw.com>
Cc: Evan Cohn <ecohn@taftlaw.com>

Dear Mr. Musekamp,

I reject your characterization of my conduct. I have consistently expressed my willingness to comply with the Court's Order and to work cooperatively with both counsel and the forensic expert, as required. That cooperation, however, cannot proceed in a vacuum, particularly when you refuse to identify the forensic expert you intend to use or provide any credentials, affiliation, or assurances regarding their handling of highly sensitive data.

Your unwillingness to name the expert raises legitimate concerns, especially given the nature of AppleID access, which extends far beyond the contents of a single device. It is neither reasonable nor consistent with the spirit of the Court's directive to demand blind disclosure of credentials without a minimal level of transparency or protocol in place.

To be clear: I am not refusing to provide my AppleID. I am asking to provide the identity and qualifications of the expert and ensure that appropriate data-handling safeguards are in place- reasonable prerequisites for any forensic process. If you are indeed acting in good faith, there should be no issue with providing this basic information.

Once you identify your designated expert and confirm that an appropriately limited protocol will be followed, I am happy to coordinate directly with you and the expert to move the reset process forward.

Sincerely,

Crystal Stranger

> On Jul 26, 2025, at 2:09 PM, Musekamp, George B. <gmusekamp@taftlaw.com> wrote:
>
> [Quoted text hidden]

---

**Musekamp, George B.** <GMusekamp@taftlaw.com>  Sat, Jul 26, 2025 at 8:43 PM
To: Crystal Stranger <crystalstranger@gmail.com>
Cc: "Cohn, Evan" <ECohn@taftlaw.com>

Good to hear that you have changed your mind and will now agree to work with me and Cleer's expert. Our expert is N1D. You are not permitted to communicate directly with N1D without my consent which I have not provided. They will perform a forensic examination of the computer which will include, but is not limited to, obtaining a list of all files by name, associated meta data, deleted file data, login data, website access, and external device usage. You will receive a copy of the forensic examination as well. We can then discuss what further action is needed including but limited to viewing and permanent deletion of any files that reasonably could be construed as Cleer information or relevant to this litigation. Nothing will be deleted without both parties' agreement.

When are you available to call our expert?

[Quoted text hidden]

---

**Crystal Stranger** <crystalstranger@gmail.com>  Sun, Jul 27, 2025 at 4:20 PM
To: "George B. Musekamp" <gmusekamp@taftlaw.com>
Cc: Evan Cohn <ecohn@taftlaw.com>

Dear Mr. Musekamp,

Before moving forward, could you please clarify who or what "N1D" refers to? Is that a company or an individual? It would be helpful to know the full name and background of the expert you've engaged for this matter so I understand who I'd be interacting with and what role they'll be playing.

Thanks,

Crystal Stranger

> On Jul 26, 2025, at 8:43 PM, Musekamp, George B. <gmusekamp@taftlaw.com> wrote:
>
> [Quoted text hidden]

---

**Musekamp, George B.** <GMusekamp@taftlaw.com>  Sun, Jul 27, 2025 at 4:46 PM
To: Crystal Stranger <crystalstranger@gmail.com>
Cc: "Cohn, Evan" <ECohn@taftlaw.com>

[Quoted text hidden]

---

**Crystal Stranger** <crystalstranger@gmail.com>   Sun, Jul 27, 2025 at 7:38 PM
To: "George B. Musekamp" <gmusekamp@taftlaw.com>
Cc: Evan Cohn <ecohn@taftlaw.com>

Dear Mr. Musekamp,

Thank you for sending this information. However, your previous assertion that I have only "now" agreed to cooperate is inaccurate. I have consistently expressed my willingness to comply with the Court's Order and to work in good faith with both counsel and the designated forensic expert, provided that the process includes reasonable safeguards—particularly where sensitive credentials like an AppleID are involved. That is not noncooperation. That is responsible and measured compliance.

I understand that N1 Discovery is a legitimate forensics and cybersecurity firm. However, you have still not identified the specific individual(s) assigned to this matter, nor have you provided any protocol describing the scope of examination, search methodology, or data-handling procedures. These are standard and essential elements of any legitimate forensic process, especially one involving highly sensitive personal data far beyond the scope of this litigation.

Your insistence that I blindly provide my AppleID credentials in a live call, without knowing who will receive or access that information, is both unreasonable and inconsistent with industry norms. Your refusal to allow even direct communication with the examiner further undermines transparency and raises serious concerns about the neutrality and scope of the proposed review.

To move forward in good faith, I request the following:

1. The full name and professional credentials of the expert(s) from N1 Discovery assigned to this matter;
2. Confirmation of any relevant forensic certifications (e.g., EnCE, GCFE, CCE);
3. A written forensic protocol detailing the scope of examination, data limitations, and safeguarding procedures for irrelevant and personal content.

I remain ready and willing to coordinate once these minimal safeguards are confirmed. If you are acting in good faith and have no intent to exceed the scope of the Court's directive, there should be no objection to providing this information.

Sincerely,

Crystal Stranger

> On Jul 27, 2025, at 4:47 PM, Musekamp, George B. <gmusekamp@taftlaw.com> wrote:
>
> [Quoted text hidden]

---

**Musekamp, George B.** <GMusekamp@taftlaw.com>     Sun, Jul 27, 2025 at 8:07 PM
To: Crystal Stranger <crystalstranger@gmail.com>
Cc: "Cohn, Evan" <ECohn@taftlaw.com>

When are you available for a call with N1D?
[Quoted text hidden]

---

**Crystal Stranger** <crystalstranger@gmail.com>     Mon, Jul 28, 2025 at 3:01 PM
To: "Musekamp, George B." <GMusekamp@taftlaw.com>
Cc: "Cohn, Evan" <ECohn@taftlaw.com>

Dear Mr. Musekamp,

As I previously stated, I remain willing to cooperate with the Court-ordered reset process and to coordinate a call once the basic safeguards are confirmed.

To that end, please provide the following before we schedule any call:

- The full name and professional credentials of the individual(s) from N1D assigned to this matter,
- Confirmation of any relevant forensic certifications (e.g., EnCE, GCFE, etc.),
- A written protocol outlining the scope of the forensic examination, access limitations, and safeguards for non-Cleer and personal data.

These are standard components of any responsible forensic engagement, especially one involving highly sensitive personal account access. Once this information is provided, I will be happy to coordinate a time for the call.

Sincerely,
Crystal Stranger

[Quoted text hidden]

---

**Musekamp, George B.** <GMusekamp@taftlaw.com>     Mon, Jul 28, 2025 at 3:04 PM
To: Crystal Stranger <crystalstranger@gmail.com>
Cc: "Cohn, Evan" <ECohn@taftlaw.com>

We can cover your questions and concerns during the call.
[Quoted text hidden]

**Crystal Stranger** <crystalstranger@gmail.com>                                                   Mon, Jul 28, 2025 at 4:24 PM
To: "Musekamp, George B." <GMusekamp@taftlaw.com>
Cc: "Cohn, Evan" <ECohn@taftlaw.com>

Dear Mr. Musekamp,
You have now declined multiple opportunities to provide the most basic information about your proposed forensic expert, including their identity, credentials, and the scope of the proposed review. Deferring those disclosures to a live call, without any written protocol or transparency, is not an acceptable substitute for meaningful cooperation.

Because of the sensitivity of the data involved and the absence of critical safeguards, I will be seeking the Court's guidance to ensure this process is handled appropriately, with proper disclosure and procedural protections.

Sincerely,
Crystal Stranger

[Quoted text hidden]