# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, <br><br> Plaintiff, <br><br> v. <br><br> CRYSTAL STRANGER, et al., <br><br> Defendants. | Case No. 3:24-cv-01496-MPS <br> Judge Michael P. Shea <br> Magistrate Judge Maria E. Garcia <br><br><br><br> **STATUS REPORT REGARDING PROPOSED SCHEDULE FOR FORENSIC IMAGING OF LAPTOP** |

Pursuant to the Court's Ruling on Defendant Stranger's Motion for Return of Personal Property or Security Bond Adjustment ("Order"), the Court ordered the parties to "consult with Plaintiff's third party forensic expert to discuss a procedure for resetting the password that will not compromise the forensic process." [Doc. 23, fn. 3]. The Order further states that "Defendant Stranger will provide the password to the laptop to Plaintiff within seven (7) days, or work cooperatively with Plaintiff's counsel and their third party provider to reset the password in a manner that will not compromise the forensic process." [*Id.* at p. 5]. Finally, Plaintiff Cleer LLC ("Cleer") is required to "file a status report with a proposed schedule for completion of the imaging of the computer with an affidavit from the forensic expert."

Cleer cannot provide a proposed schedule for the completion of the imaging of the computer because Ms. Stranger refuses to consult with Cleer's forensic expert to discuss the procedures for resetting the password and completing the forensic process, and she refuses to work cooperatively to reset the password.

Ms. Stranger set this process in motion by filing an emergency request for the "immediate return of her personal laptop" because Cleer did not complete the forensic examination of her laptop pursuant to Ms. Stranger's unilateral timeline. [Doc. 213]. That motion was denied and Ms. Stranger is now stalling by refusing to provide the password (claiming she does not know it and will not even provide what she believes the password could be), refusing to disclose her AppleID (which she does know), and refusing to consult with Cleer's forensic expert to reset the password so that Cleer can complete the forensic examination she complained was not timely completed.

Although the Court's Order did not require it, Ms. Stranger stated that she would not provide the AppleID or consult with Cleer's forensic expert until she was unilaterally satisfied that Cleer had provided:

- "The full name and professional credentials of the individual(s) from N1D assigned to this matter,"
- "Confirmation of any relevant forensic certifications (e.g., EnCE, GCFE, etc.),"
- "A written protocol outlining the scope of the forensic examination, access limitations, and safeguards for non-Cleer and personal data."

Cleer initially stated that Ms. Stranger could obtain that information of Cleer's expert during a conference call, but she refused to participate in a call until the information was first provided to her. To avoid further dispute, Cleer provided the information Ms. Stranger was demanding, including the names of the forensic experts, a link to their biographies, and the written protocol for the forensic examination.

But, Ms. Stranger never intended to actually cooperate. She has all of the information she was demanding, but now takes the position that her objection to the Court's Order stays her duty to comply with the Court's Order:



Despite Cleer's best efforts to work cooperatively with Ms. Stranger within seven days of the Court's Order and the Court requiring Cleer to "file a status report with a proposed schedule for completion of the imaging of the computer with an affidavit from the forensic expert," Cleer cannot do so absent additional Court intervention.

        Respectfully submitted,

        */s/ George B. Musekamp*
        George B. Musekamp (PHV)
        Evan H. Cohn (PHV)
        Taft Stettinius & Hollister LLP
        425 Walnut Street, Suite 1800
        Cincinnati, Ohio 45202
        Tel: (513) 381-2838
        gmusekamp@taftlaw.com
        ecohn@taftlaw.com

        Michael S. O'Malley, Esq. (CT31784)
        Ogletree, Deakins, Nash,
        Smoak & Stewart P.C.
        281 Tresser Boulevard
        Stamford, CT 06901
        Tel: (203) 969-3109
        Michael.O'Malley@ogletree.com

        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

     The undersigned certifies that on July 30, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

                                                  */s/ George B. Musekamp*