**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CLEER LLC | : | |
| | : | 3:24-cv-1496-MPS |
| v. | : | |
| | : | DEFENDANT'S NOTICE REGARDING |
| CRYSTAL STRANGER et al. | : | AVAILABILITY FOR AUGUST 4, 2025 |
| | : | STATUS CONFERENCE AND |
| v. | : | CLARIFICATION OF FORENSIC |
| | : | COOPERATION STATUS |
| DAVID and CARRIE McKEEGAN | : | |

### I. Availability for Status Conference

Defendant Crystal Stranger respectfully notifies the Court that she is currently scheduled to be traveling internationally on the date of the telephonic status conference set for August 4, 2025 at 9:30 a.m. EDT.

Defendant is staying at a hotel that is expected to have reliable internet and phone service and intends to appear as directed via the dial-in information provided. However, out of an abundance of caution, and in light of potential unforeseen technical issues while abroad, she respectfully requests that the Court permit her to submit a written summary or update following the conference if she is unable to connect successfully.

Defendant remains committed to complying with the Court's orders and to participating in good faith in the ongoing case management process.

## II. Clarification Regarding Forensic Imaging Status

Defendant respectfully submits the following clarification in light of Plaintiff's July 30, 2025 Status Report (ECF No. 237), to ensure the record is accurate ahead of the scheduled conference.

On July 28, 2025, Defendant filed an objection to the Magistrate Judge's ruling (ECF No. 232), requesting protective safeguards before disclosing sensitive credentials. This objection was prompted by Plaintiff's repeated insistence on AppleID disclosure, despite no such requirement in the Court's order, and Plaintiff's refusal, at that time, to identify its forensic expert or disclose any access protocol.

The information Plaintiff referred to in their July 30 Status Report (expert identity, credentials, and protocol) was not provided until after Defendant filed the objection. As detailed in Exhibit A to Defendant's objection, Plaintiff demanded Defendant's AppleID credentials while refusing to identify the forensic expert, disclose their qualifications, or provide any written protocol. These omissions raised reasonable concerns, particularly given the broad access AppleID credentials may grant to cloud-synced content, payment methods, saved passwords, and cross-device data unrelated to the laptop in question.

In addition, Defendant respectfully requests that the Court address the issue of continued possession of the laptop by Plaintiff's counsel. The device was in Defendant's lawful possession until she complied with the Court's prior order to transfer it for forensic purposes. No adjudication of ownership has occurred, and Plaintiff has not submitted any evidence establishing a superior claim. Absent a valid protective order or demonstrated need for continued forensic access, indefinite retention of personal property by an adverse party imposes an unjust

burden and effectively shifts the burden of proof to the dispossessed party. Defendant requests that the Court either set a deadline for completion of imaging and return of the device or require Plaintiff to justify continued retention through a formal Rule 34 request or motion.

Defendant remains ready to proceed in good faith once the Court has ruled on the scope of authorized access and determined whether further protective measures are appropriate under Rule 26. This notice is submitted to assist the Court in resolving the pending issues efficiently and transparently at the upcoming conference.

Respectfully submitted,
Crystal Stranger
Pro Se Litigant

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on July 31, 2025 the foregoing was filed using the Court's

electronic filing system which will provide notice to all parties.

*/s/ Crystal Stranger*