UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>CRYSTAL STRANGER AND OPTIC TAX, INC.,<br><br>    *Defendants*. | No. 3:24cv1496(MPS) |

## RULING ON PLAINTIFF'S MOTION FOR CONTEMPT

Cleer moves for an order finding Crystal Stranger in contempt of the Court's preliminary injunction order. ECF No. 217.  In response, Stranger has filed a "Motion to Strike or in the alternative, Objection to Plaintiff's Contempt Motion as Premature in Light of Pending Appeal." ECF No. 231.  For the reasons that follow, Cleer's motion (ECF No. 217) is granted in part and denied in part and Stranger's motion (ECF No. 231) is denied.

The following background is pertinent to the motion.  On June 17, 2025, I issued a ruling on the plaintiff's motion for a preliminary injunction ordering, in relevant part, "that within 48 hours of this Order, Stranger shall take all actions required to return to Cleer the domain Cleer.tax." ECF No. 208.

Stranger moved for reconsideration and a stay, ECF No. 210, and also filed an appeal.  ECF No. 211.  The Second Circuit stayed the appeal due to the pending motion for reconsideration under Fed. R. App. P. 4(a)(4).  On July 3, 2025, I denied the motion for reconsideration and the request for a stay.  ECF No. 218.  The Second Circuit thereafter lifted the stay of the appeal, noting that Stranger had filed a motion to stay the injunction in that court.  ECF No. 233. That motion remains pending.

Cleer now moves for an order finding Stranger in contempt of the Court's preliminary injunction order to return the domain name.

A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner. *Paramedics Electromedicina Comercial, Ltd. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004).  An injunction is sufficiently clear and unambiguous if it leaves "no doubt in the minds of those to whom it was addressed ... precisely what acts are forbidden." *Drywall Tapers & Pointers v. Local 530*, 889 F.2d 389, 395 (2d Cir. 1989).

As evidenced by the caption of her submission, Stranger's principal argument is that she need not comply with the Court's order because she has appealed it.  ECF No. 231 at 1 ("The Preliminary Injunction that Plaintiff seeks to enforce is currently under active appellate review, and further proceedings to compel compliance, particularly through coercive sanctions, risks interfering with the Second Circuit's jurisdiction.")  But that is not the law.  As noted, there is no stay.  "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, [s]he must comply promptly with the order pending appeal." *Maness v. Meyers*, 419 U.S. 449, 458 (1975).  *See McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("An order issued by a court must be obeyed, even if it is later shown to be erroneous. [A]bsent a stay, he must comply promptly with the order pending appeal.") (internal quotation marks omitted).

As to the merits of the motion for contempt, I find that (1) the order at issue is clear and unambiguous, (2) the proof of Stranger's noncompliance is clear and convincing, and (3) she has

not diligently attempted to comply in a reasonable manner.  Indeed, it is evident that Stranger has not even attempted to comply, believing she need not do so.  Therefore I find Stranger in contempt.

As for relief, Cleer requests that the Court impose compensatory sanctions in the form of attorney fees.  I award Cleer its reasonable attorneys' fees and costs incurred in making this motion because Stranger's conduct was willful, i.e., she had actual notice of the court's order and was able to comply with it, but made no effort to comply.  Within 21 days, the plaintiff's attorneys shall file on the docket an affidavit attesting to Cleer's fees incurred in making this motion, with the requisite documentation.

Cleer also seeks an order imposing coercive sanctions of a daily fine until Stranger complies with the Court's order.

"When imposing coercive sanctions, a court should consider (1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989).  "The ultimate consideration is whether the coercive sanction . . . is reasonable in relation to the facts. That determination is left to the informed discretion of the district court." *Id.*  "A per-diem fine is widely recognized as an effective coercive tool." *Raghavendra v. Trs. of Columbia Univ*., 06-CV-6841 (PAC) (HBP), 2017 WL 6000553, at *4 (S.D.N.Y. Dec. 1, 2017). "The contemnor bears the burden of establishing a lack of financial resources to prevent imposition of monetary sanctions." *Jolen, Inc. v. Kundan Rice Mills, Ltd.*, No. 19-CV-1296 (PKC), 2019 WL 2949988, at *4 (S.D.N.Y. July 9, 2019).

Although a close call, at this juncture, I decline at this time to impose coercive sanctions. I will give Stranger one final opportunity to comply with the Court's order.  By **August 12, 2025**,

Stranger must "take all actions required to return to Cleer the domain Cleer.tax" and shall file on the docket a statement under oath (either a declaration or an affidavit) making clear the steps she has taken to comply with the letter and spirit of the court's order.  This is her final opportunity to comply.  Stranger's failure to do so will result in the imposition of sanctions, including monetary coercive sanctions.

    IT IS SO ORDERED.

                                                                                                                                      _____/s/_____
                                                                                                                                      Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
                 August 4, 2025