# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | Case No. 3:24-cv-01496-MPS : Judge Michael P. Shea : Magistrate Judge Maria E. Garcia : |
| Plaintiff, | : : : |
| v. | : : |
| CRYSTAL STRANGER, et al., | : **PLAINTIFF CLEER LLC'S MOTION** : **FOR RECONSIDERATION OF** : **AUGUST 4, 2025 ORDER DENYING** |
| Defendants. | : **PLAINTIFF'S SECOND MOTION FOR** : **CONTEMPT [DOC. 241]** : |

Pursuant to Local Rule 7(c), Plaintiff Cleer LLC ("Cleer") respectfully requests that the Court reconsider its August 4, 2025 Order Denying Plaintiff's Second Motion for Contempt of the Court's TRO.  [Doc. 241].  The Court denied Cleer's Motion [Doc. 135] on the basis that the TRO was only in effect through the date of the "preliminary injunction hearing scheduled for January 29, 2025," and that "[t]he motion is predicated on alleged conduct that occurred in February 2025, beyond the temporal scope of the TRO." [Doc. 241].

Local Rule 7(c) states that motions for reconsideration "will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order."  Reconsideration is appropriate here because Judge Garcia entered an Order on January 30, 2025 (the final day of the preliminary injunction hearing) stating that the TRO remained in effect pending a ruling on the motion for preliminary injunction.

This Court entered a TRO against Defendants on October 22, 2024.  [Doc. 34].  The Court then referred Cleer's Motion for Preliminary Injunction to Judge Garcia to "hold an evidentiary

hearing and issue a recommended ruling." [Docs. 102, 103]. That hearing proceeded before Judge Garcia on January 29 and continued until January 30, 2025. Following conclusion of the evidence and argument on the motion to dismiss, Judge Garcia stated on the record that the TRO would remain in effect and that any further violations could lead to contempt and sanctions:

```
 4              Well, that concludes the argument on the motion
 5    to dismiss.
 6              I want to make it clear here on the record and,
 7    Attorney Harrison, this should be conveyed to your client
 8    and I'll order it so.  The TRO remains in place and needs
 9    to be continued to be complied with.  And that there's --
10    well, make it known to your client, Attorney Harrison,
11    that the TRO is still in place and that it needs to be
12    complied with, and that obviously any further violations
13    of the TRO could lead to additional motions for contempt
14    and sanctions from the Court.  All right, Attorney
15    Harrison?
16              MR. HARRISON:  Yes, Your Honor.
```

(PI Hearing Transcript, January 30, 2025, 277:4-16).

The same day, Judge Garcia entered the following Order on the docket:

| 01/30/2025 | 120 | ORDER. On January 29, 2025, an evidentiary hearing was held on Plaintiff's Motion for Preliminary Injunction. At the end of the first day, Defendant Crystal Stranger was finishing her testimony in Plaintiff's case. The parties reconvened for a second day, on January 30, 2025, to finish Ms. Stranger's testimony. Defendant Stranger did not appear. Her counsel stated that she was no longer in the District of Connecticut. The hearing proceeded without her with Defendants counsel appearing by Zoom. Plaintiff rested. Counsel for Defendants examined Plaintiff's CEO David |

|  | McKeegan and rested their case. **At the conclusion of the hearing, the Court reminded Defendants' counsel that the TRO entered on October 22, 2024, remains in effect and Defendants should be notified that the TRO remains in effect. ECF No. 34. It is hereby ORDERED that, counsel for Defendants will provide a copy of the TRO to Defendant Crystal Stranger and file a notice on the docket that his client was provided with a copy of this Order and the TRO**. The parties proposed findings of fact and conclusions of law are due on February 12, 2025.<br><br>Signed by Judge Maria E. Garcia on 1/30/25.(Esposito, A.) (Entered: 01/30/2025) |

[Doc. 120] (emphasis added).  Defendants did not submit any objections to Judge Garcia's Order. To the contrary, Defendants' then-counsel filed a notice pursuant to Judge Garcia's Order that a copy of the above Order and the TRO were provided to Defendant Crystal Stranger.  [Doc. 121]. Accordingly, the Court intended and the parties understood that the TRO would remain in place pending a ruling on the motion for preliminary injunction.

Based on the foregoing, Plaintiff respectfully requests that the Court reconsider its Order denying the second motion for contempt, and find Defendant Crystal Stranger in contempt of court for violating the Court's TRO for the reasons set forth in Cleer's motion [Doc. 135].

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel:  (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.

281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 969-3109
Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on August 5, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

*/s/ George B. Musekamp*

4