**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CLEER LLC | : | |
| | : | 3:24-cv-1496-MPS |
| v. | : | |
| | : | DEFENDANT CRYSTAL STRANGER'S |
| CRYSTAL STRANGER et al. | : | OBJECTION TO PLAINTIFF'S MOTION |
| | : | FOR RECONSIDERATION OF |
| v. | : | AUGUST 4, 2025 ORDER DENYING |
| | : | PLAINTIFF'S SECOND MOTION FOR |
| DAVID and CARRIE McKEEGAN | : | CONTEMPT |

Defendant Crystal Stranger hereby objects to the Plaintiff's Motion for Reconsideration of the Court's August 4, 2025 Order denying Plaintiff's Second Motion for Contempt (Doc. 241). For the reasons set forth below, Plaintiff's motion should be denied as without merit, and the Court's previous order should be upheld.

**I. The TRO Was Not Extended Beyond Its Original Scope**

Plaintiff's argument that Judge Garcia's January 30, 2025 order extended the Temporary Restraining Order ("TRO") beyond its original expiration date is erroneous and unsupported by the record. The TRO, as issued on October 22, 2024, was explicitly in effect only until the preliminary injunction hearing scheduled for January 29, 2025. Although Judge Garcia's statement at the January 30, 2025 hearing reiterated that the TRO remained in effect, this was not a formal extension of the TRO but rather an acknowledgment of its continued enforceability until the preliminary injunction was ruled upon.

Further, the January 30, 2025 order did not provide any indication that the TRO was meant to remain in effect beyond the January 29, 2025 hearing date or that the terms of the TRO

would apply to actions taken after that date. Therefore, any alleged conduct by Defendant occurring in February 2025 falls outside the period during which the TRO was enforceable, and Plaintiff's motion is based on conduct that occurred after the TRO's expiration.

**II. Plaintiff Fails to Tie the Alleged Conduct to Defendant Personally**

Plaintiff's Motion for Contempt relies heavily on allegations that Defendant was involved in an alleged solicitation, based on unauthenticated emails involving a client (Marcos Sanchez) who contacted Optic Tax, not Defendant directly. However, Optic Tax was dismissed from the case at an earlier stage, and Plaintiff has not produced any evidence that directly connects Defendant to the alleged conduct.

Plaintiff's counsel has once again conflated Defendant's actions with those of Optic Tax, despite the fact that Defendant's involvement with the company is entirely separate and distinct from the events described in Plaintiff's motion. Plaintiff's attempt to tie Defendant to actions involving Optic Tax amounts to impermissible guilt by association, as no evidence has been presented that shows Defendant personally violated the TRO.

**III. Plaintiff is Improperly Shifting the Burden of Proof**

Plaintiff's motion fails on the basis of burden-shifting. The Plaintiff continues to accuse Defendant of violating the TRO without providing substantive evidence of such a violation. Instead, Plaintiff's motion forces Defendant to prove her innocence, which is contrary to the principle that the Plaintiff bears the burden of proof in demonstrating that a contempt of court has occurred.

By relying on hearsay evidence and unauthenticated emails, and by failing to present a direct link between Defendant's actions and the alleged violation, Plaintiff is improperly

attempting to shift the burden of proof to Defendant. This is a violation of procedural fairness and undermines the legal principle that the party bringing a motion for contempt must present clear and convincing evidence that the defendant's conduct was in violation of the court order.

**IV. Plaintiff Has Not Requested an Evidentiary Hearing**

Plaintiff's motion also fails because there has been no evidentiary hearing in this case to establish the facts surrounding the alleged violation. Without an evidentiary hearing to examine the validity of the evidence and the credibility of the claims, the Plaintiff's motion should be denied. Courts routinely require an evidentiary hearing before making findings of contempt, particularly when the evidence is disputed or unverified. Plaintiff's failure to request such a hearing and to substantiate their claims further undermines the motion.

**V. Plaintiff's Motion is Procedurally Deficient**

Finally, Plaintiff's motion for reconsideration is procedurally improper under Local Rule 7(c), which states that motions for reconsideration will generally be denied unless the movant can point to controlling decisions or data that the Court overlooked in the initial decision or order. Plaintiff argues that the Court's previous ruling was made in error, claiming that the TRO no longer being valid led to the Court denying the motion for contempt. However, as discussed in Section I, the Plaintiff misinterprets the Court's reasoning.

The Court specifically ruled that the TRO expired by its terms on January 29, 2025, and no formal extension was issued beyond that date. The Plaintiff's continued reliance on the argument that the TRO was extended or that its expiration led to an error in the Court's ruling is without merit. The Plaintiff has failed to provide any new evidence or controlling legal authority that would compel reconsideration of the ruling.

Instead, the Plaintiff simply repeats unsubstantiated allegations about Defendant's conduct and misinterprets the Court's earlier order. There is no valid basis for reconsidering the ruling on these grounds.

**VI. Conclusion**

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion for Reconsideration and uphold its August 4, 2025 Order denying Plaintiff's Second Motion for Contempt. Plaintiff's motion is based on unfounded allegations, insufficient evidence, and improper procedural arguments. Defendant further submits that there is no basis to reconsider the Court's ruling, and the court may wish to provide further relief, such as sanctions on Plaintiff, in order to have this dispute proceed without further meritless motions.

Respectfully submitted,
Crystal Stranger
Pro Se Litigant

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 6, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

*/s/ Crystal Stranger*