UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | : : : : | Case No. 3:24-cv-01496-MPS  Judge Michael P. Shea |
| Plaintiff, | : : | **DECLARATION OF GEORGE B. MUSEKAMP, ESQ. IN SUPPORT OF AWARD OF ATTORNEYS' FEES IN ORDER GRANTING PLAINTIFF'S MOTION FOR CONTEMPT [DOC. 229]** |
| v. | : : | |
| CRYSTAL STRANGER, et al., | : : | |
| Defendants. | : | |

Pursuant to 28 USC 1746, I declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

1. I am a partner with the law firm Taft Stettinius & Hollister LLP ("Firm") and counsel for Plaintiff Cleer LLC (f/k/a Greenback Business Services LLC) d/b/a Cleer Tax ("Cleer") in the above-captioned case. I am over the age of eighteen, understand the meaning and significance of an oath, and I am admitted *pro hac vice* to practice before this Court.

2. I submit this Declaration in connection with the Court's July 17, 2025 Order (Doc. 229) finding Defendant Crystal Stranger ("Stranger") in contempt and directing Cleer to file an affidavit on fees and costs it incurred in connection with its Motion to hold Stranger in contempt (Doc. 99) ("Motion"). This Declaration summarizes the fees Cleer incurred in preparing the Motion, analyzing the Opposition, preparing the Reply, conferring with Cleer, and preparing this Declaration. Cleer also submits information for the Court's consideration in determining the relevant lodestar formula, which is based on the hourly rate normally charged for similar work by similar attorneys of reasonably comparable skill, experience, and reputation in the community.

*See, e.g., Cartier Int'l B.V. v. Gorski*, No. 3:01-CV-01948-PCD, 2003 WL 25739624, at *1 (D. Conn. Apr. 30, 2003).

3. Cleer's attorneys' fees in connection with the contempt proceedings total $11,865.00. Attached as Exhibit A are true and accurate copies of billing records documenting the work performed for which Cleer seeks recovery. Cleer has redacted these records to remove unrelated and/or privileged materials. The Firm billed and Cleer paid these amounts contemporaneously in this matter.[1]

A. <u>**The Firm's Hourly Rates Are Reasonable.**</u>

4. My hourly rate of $590.00 is reasonable and consistent with the hourly rate normally charged for similar work by attorneys of comparable skill and experience in Connecticut. I have 15 years of experience handling complex labor and employment, trade secret theft, and restrictive covenant enforcement litigation before state and federal courts. Prior to joining Taft, I worked at another large national law firm, Thompson Hine LLP, and before that I served as a law clerk for Judge Joseph H. McKinley of the U.S. District Court for the Western District of Kentucky. I graduated from the University of Cincinnati College of Law *magna cum laude* in 2010. A true and accurate copy of my law firm biography is attached as Exhibit B.

---

[1] *See Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001) ("The actual billing arrangement certainly provides a strong indication of what private parties believe is the 'reasonable' fee to be awarded."); *Diplomatic Man, Inc. v. Nike, Inc.*, No. 08 Civ. 139, 2009 WL 935674, at *16-17 (S.D.N.Y. Apr. 6, 2009) ("[T]he reasonableness of an hourly fee may be determined exclusively by 'the rate a paying client would be willing to pay,' and here [the client] has in fact has paid these rates. What's more, the fact that [the client], a highly sophisticated business client, has paid these bills, presumably after careful review by its general counsel or other senior business executives, as prima facie evidence of the reasonableness of the amount as a whole (beyond just the reasonableness of the hourly rates charged), since [the client] could not have assumed that it would be reimbursed in full, or even in part.").

5.      Evan Cohn, an associate with the Firm, has an hourly rate of $440.00. Mr. Cohn's rate is reasonable and consistent with the hourly rate normally charged for similar work by attorneys of comparable skill and experience in Connecticut. Mr. Cohn has five years of experience handling complex labor and employment, trade secret theft, and restrictive covenant enforcement litigation before state and federal courts. Mr. Cohn graduated from The Ohio State University Moritz College of Law in 2020, where he was Editor-in-Chief of The Ohio State Business Law Journal. A true and accurate copy of his Firm biography is attached as Exhibit C.

6.      Firm paralegal Beth Martin has an hourly rate of $350.00. That rate is appropriate for experienced paralegals who work in the Litigation Department and Employment & Labor Relations Department, respectively, in our Cincinnati office. Ms. Martin has been a paralegal for more than 27 years after attending the University of Cincinnati.

7.      Connecticut courts have approved similar rates in other cases. *Hallingby v. Gerber*, No. 3:17 CV 975 (JBA), 2021 WL 8155598, at *5 (D. Conn. May 28, 2021), *report and recommendation adopted*, No. 3:17-CV-975 (JBA), 2021 WL 8155596 (D. Conn. Aug. 2, 2021) (approving in 2021 hourly rates of $675 for a partner with over 20 years of litigation experience, $495 for counsel with eight years of litigation experience, and $375 for an associate with five years of experience); *Kalra v. Adler Pollock & Sheehan, P.C.*, No. 3:18-CV-00260 (KAD), 2021 WL 1123848, at *1 (D. Conn. Mar. 24, 2021) (approving hourly rate of $625, $525, $400 and $325 for counsel, and an hourly rate of $200 for a paralegal) (citing *United States ex rel. Rai v. KS2 TX, P.C.*, No. 3:17-CV-834 (JBA), 2019 WL 1397290, at *3–5 (D. Conn. Mar. 27, 2019)) (approving hourly rate of $725 and $600); *Muhammed v. Martoccio*, No. 3:06-CV-1137 (WWE), 2010 WL 3718560, at *4 (D. Conn. Sept. 13, 2010) ("The Court finds Attorney Williams' rate of $500.00

per hour to be reasonable."); *Booth v. Waltz*, 2014 WL 783547, at *10 (Conn. Super. Ct. Jan. 27, 2014) (awarding $575 hourly rate in complicated business-dissolution case).

B.  **The Total Fee Amount Is Reasonable.**

8.  Stranger violated the Court's Temporary Restraining Order (Doc. 34) ("TRO") soon after the Court entered it, prompting Plaintiff to file the Motion for Contempt. Stranger opposed the Motion and Cleer incurred additional fees associated with her Opposition and filing a Reply. The Court granted Cleer's Motion. (Doc. 229).

9.  As the Court is aware, in early January 2025, Cleer learned that Stranger had sent at least three "blast" emails to a mailing list including at least 226 Cleer clients, resulting in Stranger's obvious and deliberate violation of the TRO. Counsel for Plaintiff reviewed this evidence, conferred and strategized, researched case law, and promptly prepared and filed the Motion, which took a total of 11.75 attorney hours and 0.5 paralegal hours, amounting to $6,395.00. (*See* Ex. A at 15-16).

10. Stranger filed an Opposition to Cleer's Motion. Counsel reviewed Stranger's Opposition, researched case law, conferred with Cleer, and prepared and filed a Reply, which took a total of 4 attorney hours and 0.5 paralegal hours, amounting to $2,385.00. (*See id.* at 19).

11. In addition, Plaintiff is entitled to the fees incurred in making this fee application (*i.e.* "fees on fees"). Courts in the Second Circuit routinely award attorneys' fees incurred in preparing a fee application in connection with an order finding a party in contempt and awarding the movant fees. *JLM Couture, Inc. v. Gutman*, No. 20 CV 10575-LTS-SLC, 2022 WL 17832303, at *3 (S.D.N.Y. Dec. 21, 2022); *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, No. 18-CV-4437-JGK-BCM, 2021 WL 1549916, at *8 (S.D.N.Y. Apr. 20, 2021) (awarding reasonable fees incurred in preparing fee application); *LBBW Luxemburg S.A. v. Wells Fargo Sec. LLC*, No.

12-CV-7311-JPO-KNF, 2016 WL 5812105, at *7 (S.D.N.Y. Sept. 22, 2016) (finding fees incurred in connection with fee application recoverable where underlying sanctions motion had been granted). Counsel spent an additional 6.50 hours researching case law relevant to the Lodestar method and opinions awarding reasonable fees, reviewing the relevant filings and billing records, and preparing this Declaration, amounting to $3,085.00. (*See* Ex. A at 29-30). Those fees would not have been incurred but for Stranger's contempt.

12. In total, counsel and paralegals spent 23.25 hours, amounting to $11,865.00, prosecuting the Motion and preparing this Declaration. (*See* Ex. A).

13. On Cleer's behalf, undersigned counsel respectfully requests that attorneys' fees of $11,865.00 be awarded in connection with Stranger's contempt of the Court's TRO.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

George B. Musekamp

Executed on August 6, 2025

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 6, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

/s/ George B. Musekamp