## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC | : | |
| | : | 3:24-cv-1496-MPS |
| v. | : | |
| | : | |
| CRYSTAL STRANGER et al. | : | DEFENDANT CRYSTAL STRANGER'S |
| | : | OPPOSITION TO PLAINTIFF'S |
| v. | : | AFFIDAVIT OF ATTORNEYS 'FEES |
| | : | [ECF NO. 247] |
| DAVID and CARRIE McKEEGAN | : | |
| | : | |

Pursuant to the Court's July 17, 2025 Order [ECF No. 229], Defendant Crystal Stranger respectfully submits this opposition to Plaintiff Cleer LLC's affidavit in support of attorneys' fees [ECF No. 247].

While Defendant does not object to the Court's authority to award reasonable fees pursuant to its finding of contempt, Defendant maintains that the contempt finding itself was improper. However, to the extent fees are awarded, Defendant objects to the reasonableness and proportionality of the amount requested.

### I. THE TOTAL FEES REQUESTED ARE EXCESSIVE

Plaintiff seeks an award of $11,865.00 for 23.25 hours of work, divided into three phases:

| Task | Hours | Amount |
|---|---|---|
| Motion for Contempt | 12.25 hrs | $6,395.00 |
| Reply Brief | 4.5 hrs | $2,385.00 |
| Fee Application ("Fees on Fees") | 6.5 hrs | $3,085.00 |

While Plaintiff had the right to pursue contempt relief, the time expended, particularly for routine filings, exceeds what was reasonably necessary and reflects duplicative staffing, partner-level billing for basic tasks, and overbilling for preparation of the fee affidavit itself, charging a substantially higher amount for the fee application than for the reply brief.

## II. SPECIFIC OBJECTIONS

### A. Failure to Delegate Basic Drafting Duties

Courts expect partners to delegate basic drafting tasks, especially in straightforward contempt motions. Dual billing is excessive.

On January 16, 2025 Musekamp billed 3.0 hours ($1,770) to "Analyze transcript of C. Stranger and Draft Motion for Contempt." However, drafting should have been handled primarily by the associate (Cohn), who billed separately for 4.75 hours the next day. There is no justification for duplicative partner drafting of the same motion.

In *Moreno v. City of Sacramento*, the court stated that the partner "should not have spent so much time doing work that an associate or paralegal could have done." 534 F.3d 1106, 1115 (9th Cir. 2008).

### B. Redundant Partner and Associate Billing

Plaintiff billed multiple attorneys and a paralegal for the same filings. For example, both Mr. Musekamp and Mr. Cohn billed for drafting, revising, and reviewing the contempt motion and reply. Multiple professionals billing for overlapping tasks without distinction inflates the cost of basic filings.

2

Here on February 3, 2025 Mr. Cohn first billed 1.0 hour ($440) to revise citations and prep exhibits, then Mr. Musekamp billed 2.75 hours ($1,622.50) to draft the reply, then Ms. Martin (paralegal) billed 0.5 hour ($175) to assemble and e-file exhibits. There is no showing of why both attorneys needed to work on the reply to a relatively short opposition. Combined with the paralegal's role, this reflects overstaffing.

Courts routinely reduce hours where such duplication occurs. See *Rolex Watch, U.S.A., Inc. v. Zeotec Diamonds Inc.*, No. 21-CV-08861 (LJL), 2023 WL 2664053, at *5 (S.D.N.Y. Mar. 28, 2023) ("[C]ourts have found it appropriate to reduce hours when attorneys have performed duplicative work.").

**C. Excessive Time for Routine Submissions**

Plaintiff billed 4.75 hours for reviewing a short opposition and preparing a reply brief. This is disproportionate to the substance of Defendant's opposition.

Courts applying the *lodestar* method regularly reduce hours where "straightforward motions" receive "excessive treatment." See *Siracuse v. Program for the Dev. of Human Potential*, 2012 WL 1624291, at *31 (E.D.N.Y. Apr. 30, 2012).

**D. Overbilling for "Fees on Fees"**

Plaintiff seeks $3,085.00 for preparing the fee application itself, nearly 30% of the total request, and substantially higher than the time spent in filing the substantive reply. Here Mr. Cohn billed for 4.75 hours on 7/29 ($2,090) then an additional 0.25 hours on 8/4 ($110) for single call. Mr. Musekamp then billed an additional 1.5 hours on August 4 ($885). In total,

Plaintiff claims 6.5 hours for preparing a short, straightforward fee affidavit, an amount disproportionate to the substance and complexity of the filing.

Courts in this Circuit routinely reduce or disallow fees-on-fees when they are excessive or disproportionate. See *Smart v. City of New York*, No. 15-CV-1405 (WHP), 2021 WL 131446, at *6 (S.D.N.Y. Jan. 14, 2021) (reducing fees-on-fees due to excessive billing); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 541 (S.D.N.Y. 2008) ("[F]ees on fees should be limited.").

### E. Quarter-Hour Billing Practice Inflates the Total Amount

Plaintiff's billing records reflect a quarter-hour minimum increment, including for tasks such as a short internal call on August 4. Modern legal billing standards typically apply six-minute (0.1-hour) increments, particularly at large law firms, and courts have found that using longer minimum increments for brief tasks can improperly inflate total fees. See *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949 (9th Cir. 2007).

### F. Associate Billing Fees Are Excessive for a Non-Complex Civil Proceeding

Plaintiff seeks to recover attorney's fees for work performed by a junior associate (2020 graduate) at a rate of $440/hour, which exceeds the prevailing market rate for similarly experienced attorneys in the District of Connecticut. This rate is particularly unreasonable given that the tasks performed, reviewing filings, editing citations, and drafting a short affidavit, are not unusually complex. No justification was offered for this elevated rate, nor any indication that this associate possesses rare expertise warranting a deviation from local market standards.

Courts in this District routinely cap associate rates for such matters at $300–$375/hour, and rates above that require specific justification that is not present here. See *Hallingby v.*

*Gerber*, 2021 WL 8155598, at 5 (D. Conn. May 28, 2021) and *Kalra v. Adler Pollock &
Sheehan, P.C.*, 2021 WL 1123848, at 1 (D. Conn. Mar. 24, 2021).

**F. Paralegal Fees Are Unreasonably High and Not Substantiated**

Additionally, while Plaintiff submitted detailed biographies for its attorneys, no such
supporting documentation was provided for its paralegal, Ms. Beth Martin, despite seeking
compensation at a high-end paralegal rate of $350/hour. Without evidence of her credentials or
market comparability, this rate cannot be meaningfully assessed and should be reduced
accordingly. "Courts require evidence to support claimed paralegal rates, including resumes or
comparable affidavits, especially when hourly rates exceed $125–200/hour." *Doe v. Darien Bd.
of Educ.*, No. 3:11-cv-1581 (JBA), 2015 WL 8770003, at *5 (D. Conn. Dec. 14, 2015)


**III. REQUEST FOR REDUCTION**

In light of the above, Defendant respectfully requests that the Court reduce the fee award
by roughly 50%, based on the following factors:

• The limited complexity of the contempt motion and opposition,

• The duplicative nature of some staffing,

• The excessive allocation to fees-on-fees preparation,

• The inflated associate rate and unsupported paralegal rate, and,

• The improper use of quarter-hour billing instead of industry-standard six-minute increments.

A reasonable adjusted award amount based on the issues raised herein is set forth below:

| Category | Amount Sought | Suggested Cut | Adjusted Amt: |
|---|---|---|---|
| Duplicative partner drafting (1/16) | $1,770.00 | -$1,200.00 | $570.00 |
| Overstaffed reply (2/3) | $2,237.50 | -$1000.00 | $1237.50 |
| Fees-on-fees (7/29–8/4) | $3,085.00 | -$1,850.00 | $1,235.00 |
| Quarter-hour padding (removing .15 hours per entry) | 0 | -$603.50 | -$603.50 |
| Overbiled associate rate (reducing to $330 per hour) | $4,422.50 | -$1,400.00 | $3,022.50 |
| Unsupported paralegal rate (reducing to $200 per hour) | $350.00 | -$150.00 | $200.00 |
| **Corrected Total Reasonable Rate:** | $11,865.00 | | **$5,661.50** |

This objection is made in good faith and solely for the purpose of ensuring the award is fair, reasonable, and consistent with governing precedent. Defendant respectfully requests that no additional fees be awarded in connection with any response to this objection, as it raises valid and narrowly tailored concerns within the scope of the Court's existing order.

Respectfully submitted,
Crystal Stranger
Pro Se Litigant

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 7, 2025 the foregoing was filed using the Court's

electronic filing system which will provide notice to all parties.

/s/ Crystal Stranger