IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC | : |
| | : |
| v. | : 3:24-cv-1496-MPS |
| | : |
| CRYSTAL STRANGER et al. | : |
| | : DEFENDANT'S STATUS NOTICE |
| v. | : REGARDING AUGUST 12, 2025 |
| | : DEADLINE |
| DAVID and CARRIE McKEEGAN | : |
| | : |

Defendant Crystal Stranger respectfully submits this status notice pursuant to the Court's August 4, 2025 Order (ECF No. 243), which requires that by August 12, 2025, Defendant (1) "take all actions required to return to Cleer the domain Cleer.tax" and (2) file on the docket "a statement under oath (either a declaration or an affidavit) making clear the steps she has taken to comply."

As previously noted during the August 7, 2025 status conference before Magistrate Judge S. Dave Vatti, Defendant is scheduled to undergo bilateral arthrocentesis surgery on August 12, 2025, under general anesthesia, with recovery restrictions that may impede Defendant's ability to comply with the transfer deadline. A letter from Defendant's treating surgeon, confirming the procedure and associated recovery period, is attached as Exhibit A (with limited redactions for privacy).

Under South African procedure, where Defendant is presently located, signing an affidavit under oath requires (a) printing the document, and (b) appearing in person before a

Commissioner of Oaths, typically at a police station, for affirmation. This process is not feasible for Defendant to complete on August 12 due to the surgical procedure and its immediate physical restrictions.

Accordingly, Defendant cannot, on August 12, both undergo surgery and complete the logistical steps necessary in South Africa to prepare and file a sworn affidavit. Defendant wishes to make the Court aware of this unavoidable conflict in advance.

Defendant also notes that compliance with the domain transfer order prior to resolution of the pending appeal in Cleer LLC v. Stranger, Case No. 25-1575 (2d Cir.), would moot the appeal's central issue and cause irreparable harm. Defendant's noncompliance is therefore not willful, but merely intended to preserve appellate rights until the Second Circuit rules.

In light of the above, Defendant respectfully requests that the Court either:

1. Permit the filing of an unsworn declaration under 28 U.S.C. § 1746 in lieu of a notarized affidavit, (See Ex B and C for proposed motion and declaration) or

2. Extend the deadline for the sworn statement until after Defendant's recovery from surgery.

Respectfully submitted,
Crystal Stranger
Pro Se Litigant

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 11, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

    */s/ Crystal Stranger*