IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC | : |
| v. | : 3:24-cv-1496-MPS |
| CRYSTAL STRANGER et al. | : NOTICE OF CLARIFICATION AND REPLY TO PLAINTIFF'S OPPOSITION (ECF No. 264) |
| v. | : |
| DAVID and CARRIE McKEEGAN | : |

Defendant Crystal Stranger respectfully submits this notice to clarify the procedural posture and respond briefly to the opposition section contained in Plaintiff's "Notice of Non-Compliance" (ECF No. 264), styled as a "Notice of Non-Compliance" but containing argument purporting to oppose Defendant's pending Motion for Limited Administrative Stay (ECF No. 262). Because ECF No. 264 is not presented as a motion or properly captioned opposition under Local Rule 7(a), it is not before the Court as a motion for adjudication and does not carry the procedural posture or evidentiary support required for dispositive relief. Defendant addresses the embedded arguments here solely to ensure a complete record, without conceding that Plaintiff's "notice" is an appropriate or procedurally proper vehicle for opposing the pending stay motion.

### 1. Uncertainty Remaining After Second Circuit's Stay Granting/Denial

On August 12, 2025, the Second Circuit (No. 25-1575) granted a temporary stay to preserve the status quo and avoid mooting appellate jurisdiction. On August 13, 2025, a three-judge panel reversed that stay, **without explanation,** despite no intervening change in facts or law. This Court's August 4, 2025 contempt order (ECF No. 243) set an August 12 deadline that forces Defendant to either transfer the "Cleer.tax" domain immediately, thereby mooting the

appeal, or face further sanctions. This uncommon and unexplained reversal, departing from the usual practice of providing a rationale for such a change, underscores the need for higher court review.

### 2. Jurisdiction, Not Merits

Defendant's stay motion is not an attempt to re-litigate the merits of the underlying injunction. It seeks only to preserve the status quo so that the appellate courts, including the Supreme Court, may exercise jurisdiction without the case becoming moot through an irreversible transfer. Plaintiff's filing sidesteps this threshold jurisdictional point entirely, instead reframing the request as defiance of court authority. The stay request is not about whether Plaintiff should ultimately receive the domain, it is about whether appellate review will remain meaningful.

### 3. Lack of Prejudice to Plaintiff.

Plaintiff/Appellee voluntarily abandoned use of "Cleer.tax" in July 2024, switching to "CleerTax.com" months before any alleged conduct at issue, and has operated exclusively under that domain for more than a year. Maintaining the registrar lock during appellate review imposes no material prejudice, while preventing irreparable harm to Defendant by preserving appellate jurisdiction. The abrupt urgency to compel transfer, despite Plaintiff's long abandonment of the domain, serves no apparent purpose other than to effect mootness in the Court of Appeals, thereby foreclosing review of the due process violations at issue.

### 4. Nken Factors.

Plaintiff's embedded opposition does not address the governing *Nken v. Holder*, 556 U.S. 418 (2009) factors for a stay. Instead, it repeats accusations of "obstruction" and "delay" while

ignoring the controlling inquiry: whether the stay preserves appellate jurisdiction, prevents irreparable harm, and causes no prejudice to the opposing party. Plaintiff offers no substantive rebuttal to Defendant's showing on these factors, nor does it dispute that the domain was abandoned in July 2024 and has not been used by Plaintiff for more than a year. Here, the equities overwhelmingly favor a stay:

    A. *Likelihood of Success*: The preliminary injunction order was issued with extreme due process defects, including barring Defendant from testifying in her defense at the preliminary injunction hearing, adding the domain transfer remedy sua sponte contrary to the magistrate judge's recommendation, shifting the burden of proof, and using contempt sanctions to enforce an order that moots appellate review.

    B. *Irreparable Harm*: Once the domain is transferred, the Second Circuit appeal is jurisdictionally dead, depriving both the appellate court and the Supreme Court of review.

    C. *Balance of Equities*: Plaintiff suffers no harm from preserving the status quo; Defendant faces irreversible loss of due process right enforcement.

    D. *Public Interest*: Allowing irreversible acts to moot appeals, especially under these procedural irregularities, undermines public confidence in the courts' commitment to constitutional process.

**4. Clarification.**

Defendant's Motion for Limited Administrative Stay (ECF No. 262) seeks only to maintain the status quo for the narrow period necessary to allow the Supreme Court to consider her Emergency Application for Stay Pending Appeal (filed August 14, 2025, attached as Exhibit A to this Notice).

### 5. Conclusion

For the foregoing reasons, and to ensure meaningful appellate review, Defendant respectfully requests that the Court disregard any suggestion in Plaintiff's "Notice of Non-Compliance" (ECF No. 264) that immediate transfer is necessary. Preserving the status quo will cause no prejudice to Plaintiff, will prevent irreparable harm to Defendant, and will protect the integrity of the appellate process.

Respectfully submitted,
Crystal Stranger
Pro Se Litigant

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 15, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

    */s/ Crystal Stranger*