# Exhibit A

**Emergency Application for Stay filed with Supreme Court**

## SUPREME COURT OF THE UNITED STATES

| | |
|---|---|
| CLEER LLC | : |
| v. | : CT District 3:24-cv-1496-MPS |
|  | : 2nd Circuit 25-1575 |
| CRYSTAL STRANGER et al. | : |
|  | : EMERGENCY APPLICATION FOR |
| v. | : STAY PENDING APPEAL |
| DAVID and CARRIE McKEEGAN | : |
| | : |

To the Honorable Sonia Sotomayor, Associate Justice of the Supreme Court of the United States and Circuit Justice for the Second Circuit.

### 1. INTRODUCTION AND RELIEF REQUESTED

Applicant Crystal Stranger respectfully seeks an immediate partial stay of the District Court's June 17, 2025 Preliminary Injunction insofar as it compels permanent transfer of the "Cleer.tax" domain before appellate review. Absent a stay, the compelled transfer will moot the pending appeal and deprive both the Second Circuit and this Court of jurisdiction to review the underlying due process issues. The All Writs Act, 28 U.S.C. § 1651(a), and 28 U.S.C. § 2101(f) exist to prevent precisely this scenario, where strategic enforcement timing would evade appellate oversight.

This case is not about the commercial value of a domain. It concerns whether a federal court may — **without evidentiary proof of ownership, without following the magistrate**

1

**judge's recommendation, and while barring the affected party from testifying** — order an irreversible transfer of property in a manner that forecloses appellate review.

Breaking from ordinary practice, the Second Circuit panel provided no explanation for denying the stay. On August 12, 2025, a single judge of that court granted a temporary stay to preserve the status quo, recognizing the risk of mootness. 24 hours later, a three-judge panel vacated that order, without explanation, despite no change in the factual or procedural landscape. This **unexplained shift** in outcome, in the face of **imminent, irreversible harm**, raises concerns about the integrity of appellate review and underscores the need for this Court's intervention.

The equities favor maintaining the status quo. Plaintiff **abandoned this domain** in July 2024, switching to "CleerTax.com" months before any alleged conduct at issue, and has operated under that name for more than a year. There is **no justification for this extinguishment of appellate jurisdiction** except prevention of meaningful review of rights on appeal.

The order at issue is marked by by **due process defects**: (1) Applicant was compelled to testify for the opposing party through preselected deposition excerpts while **barred from testifying in her own defense**; (2) the court **ordered permanent domain transfer in contrast to the recommendation from the magistrate judge**, adding this extraordinary remedy sua sponte and without the statutory objection period; (3) the court **improperly shifted the burden of proof** to Applicant to prove ownership when property was in her name; and (4) the court **leveraged a contempt sanction** to compel immediate compliance mid-appeal, **intentionally mooting appellate review** and this Court's jurisdiction.

The stakes extend beyond this case: if trial courts may compel irreversible acts that moot appeals, especially under these procedural defects, appellate review becomes an empty formality.

The public has a strong interest in reaffirming that judicial power remains bound by constitutional process, even, and especially, when expedience tempts otherwise.

## 2. PROCEDURAL HISTORY

- **January 30, 2025** — The district court conducted the preliminary injunction hearing. Applicant was **compelled to testify for the opposing party** through preselected excerpts of her deposition **but not permitted to present her own testimony in defense.** This occurred despite material factual disputes remaining unresolved.

- **June 17, 2025:** The District Court (D. Conn., Judge Michael P. Shea) entered a Preliminary Injunction (ECF No. 210) compelling Applicant to **immediately transfer** the domain "Cleer.tax" to Plaintiff Cleer LLC, among other restrictions.

- **June 19, 2025:** Applicant filed Notice of Appeal in District Court (ECF No. 210).

- **June 27, 2025:** Applicant moved in the Second Circuit for a partial stay of the injunction (No. 25-1575, Doc. 8).

- **Aug. 4, 2025:** The Court granted Plaintiff's motion for contempt (ECF No. 243) for non-transfer of the domain, imposing sanctions and a compliance deadline of August 12, 2025, effectively **forcing transfer before appellate review could occur**.

- **Aug. 12, 2025:** Circuit Judge María Araújo Kahn **granted a temporary stay** pending review by a three-judge panel, recognizing the need to preserve the status quo (Doc. 36).

- **Aug. 13, 2025:** Three-judge panel (Judges Sullivan, Park, Menashi) **reversed the stay without explanation**, denying the motion as to the domain transfer but granting expedited decision on the stay (Doc. 38). The panel provided **no findings or reasoning**,

3

leaving Applicant with the same imminent choice: transfer now and lose the appeal, or face additional contempt sanctions.

## 3. JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1651(a) (All Writs Act) and 28 U.S.C. § 2101(f) (stay pending review). As Circuit Justice for the Second Circuit, Justice Sotomayor has authority to act on this application. Applicant first sought the same relief in the district court; that motion remains pending. Given the imminent deadline and risk of mootness, immediate intervention is necessary.

## 4. REASONS FOR GRANTING THE STAY

The *Nken v. Holder*, 556 U.S. 418, 426 (2009) stay factors and due process precedent strongly favor preserving the status quo until review is complete:

**1. Likelihood of Success on the Merits Because of Extreme Due Process Violations.**

Applicant is likely to succeed on the merits because the preliminary injunction was issued in violation of fundamental due process protections and controlling precedent.

**First**, at the January 30, 2025 preliminary injunction hearing, the district court compelled Applicant to testify *for* the opposing party through preselected deposition excerpts while refusing to allow her to testify in her own defense. This extraordinary limitation, imposed despite unresolved material factual disputes, deprived Applicant of a meaningful opportunity to be heard, in violation of the Fifth Amendment.

**Second**, the injunction ordered the immediate transfer of the Cleer.tax domain — relief that the magistrate judge did not recommend after the evidentiary hearing. By adding this

4

remedy sua sponte, without prior notice or opportunity to contest its necessity or proportionality, the district court contravened 28 U.S.C. § 636(b)(1), Rule 72(b)(3), and due process principles.

**Third**, the court improperly shifted the burden of proof, faulting Applicant for "pointing to no evidence" of permissible use for the domain, when the burden lay entirely with the moving party to establish entitlement to injunctive relief. Such burden shifting, combined with the absence of clear and convincing evidence and inadequate Rule 52(a) findings, is reversible error under *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002).

**Finally**, the August 4, 2025 contempt order was used to compel domain transfer while the appeal was pending, directly mooting appellate review, conduct inconsistent with *Maness v. Meyers*, 419 U.S. 449, 458–59 (1975), which forbids enforcement measures that destroy the subject matter of an appeal before review is complete.

### 2. Irreparable Harm From Mootness.

Once *Cleer.tax* is transferred, the appeal is jurisdictionally dead. *Providence Journal Co. v. FBI*, 595 F.2d 889 (1st Cir. 1979), recognized that compliance with an order awarding the very relief under appeal eliminates any live controversy before merits review. Here, the due process violations alleged, including the lack of notice and opportunity to be heard before ordering transfer, cannot be remedied after the fact. When compliance gives the appellee the contested relief, the appeal is not merely impaired; it is extinguished, leaving this Court without jurisdiction to review the constitutional issues.

### 3. Balance of Equities Shows No Prejudice to Plaintiff/Appellee.

The only relief sought is to maintain the current registrar lock on the domain during the appeal, preserving the status quo. Plaintiff/Appellee suffers no prejudice because they voluntarily

abandoned the domain in July 2024, switching to "CleerTax.com" well before any alleged conduct at issue. They have successfully operated under that domain for over a year. In contrast, Applicant faces the *permanent* loss of property and the mooting of her appeal if transfer is compelled now. Where one party faces no material harm and the other faces irreversible consequences, the equities decisively favor a stay.

The equities tip sharply toward a stay because the underlying order was issued through serious procedural irregularities: Applicant was barred from testifying in her own defense at the preliminary injunction hearing, the domain transfer was added without the magistrate judge's recommendation or notice, and the Second Circuit's unexplained reversal of a temporary stay amplifies the risk of arbitrary deprivation. The district court then used a contempt order, issued mid-appeal, to compel the transfer, effectively forcing mootness of appellate review. In these circumstances, maintaining the status quo is the only way to ensure appellate oversight remains real rather than illusory.

**4. Public Interest in Preserving Appellate Review.**

This case transcends a dispute over a domain name. It asks whether federal courts may compel the irreversible transfer of property while an appeal challenging that very order is pending, without notice, without a full and fair hearing, and in a manner that destroys appellate jurisdiction.

The public has a compelling interest in ensuring that judicial power is exercised within constitutional limits. When a court can add remedies sua sponte without the magistrate judge's recommendation, prevent a party from testifying in her own defense, shift the burden of proof,

6

and then invoke contempt to enforce compliance before appellate review, the structural safeguards designed to check judicial error collapse.

Such tactics do more than harm a litigant; they undermine public confidence in the courts as neutral arbiters bound by law. *Maness v. Meyers* teaches that compliance with court orders is required unless doing so would destroy the subject matter of an appeal. Here, the contempt-driven enforcement of the domain transfer does exactly that, erasing the opportunity for meaningful appellate oversight.

Applicant is a law school graduate who brings this request not for commercial gain, but out of conviction that no person's property should be taken without due process of law. The right to notice, a fair hearing, and meaningful appellate review is fundamental to public confidence in the judiciary. If courts can compel irreversible transfers mid-appeal through contempt, then the public's ability to rely on appellate safeguards is diminished for everyone.

The Supreme Court's intervention is necessary not merely to correct a wrong in this case, but to reaffirm that **due process is not optional, even when expedience tempts otherwise**. Without that assurance, the appearance, and reality, of fairness in our courts is diminished for all.

## 5. REQUESTED RELIEF

Stay the PI *solely* **as to the domain transfer** until final resolution of the Second Circuit appeal, or grant a temporary 14-day administrative stay to permit further review.

Respectfully submitted,
Crystal Stranger
Pro Se Litigant

## ATTACHMENTS

- **Ex. A:** June 17, 2025 District Court Preliminary Injunction

- **Ex. B:** Aug. 4, 2025 contempt order and compliance deadline

- **Ex. C:** Aug. 12, 2025 temporary stay order (Doc. 36)

- **Ex. D:** Aug. 13, 2025 Second Circuit Stay Denial

- **Ex. E:** Second Circuit stay motion

- **Ex. F:** District Court stay motion.

- **Ex. G:** WHOIS record for Cleer.tax showing current lock status

## **CERTIFICATE OF SERVICE**

I certify that on August 14, 2025, I caused one copy of the foregoing *Emergency Application for Stay Pending Appeal* and all accompanying exhibits to be served on counsel for Respondent by international expedited courier (DHL Express), addressed as follows:

George B. Musekamp (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202

Delivery is expected within approximately 3 business days, the fastest available method from the Republic of South Africa.

In addition, I provided courtesy copies of this application by email to counsel for Respondent at the email addresses on record on August 14, 2025, at 9:00 a.m. EST.

Executed on August 14, 2025.

    */s/ Crystal Stranger*

 Crystal Stranger <crystalstranger@gmail.com>

## DHL Shipment Notification : 2038699644

**DHL - DO NOT REPLY** <support@dhl.com>  Fri, Aug 15, 2025 at 3:06 PM
To: crystalstranger@gmail.com

Notification for shipment event group "Picked up" for 15 Aug 25.

AWB Number: 2038699644
Pickup Date: 2025-08-14 16:58:55
Service: 7
Pieces: 1
Cust. Ref: 2038699644ZA20250814145856424
Description: Documents, general business

Ship From:

CRYSTAL STRANGER
33 ROOIBOK STREET
SCARBOROUGH, 7975
ZA

Ship To:
SUPREME COURT OF THE UNITED STATES
1 FIRST STREET , NE
District of Columbia DC
WASHINGTON, DCDistrict of Columbia 20543
US

EVENT CATEGORY
15 Aug 25 3:04 PM - Shipment picked up - CAPE TOWN,SOUTH AFRICA

Shipment status may also be obtained from our Internet site in South Africa under https://mydhl.express.dhl/za/en/auth/login.html - Alternatively contact us on 0860 345 000

Please do not reply to this email. This is an automated application used only for sending proactive notifications

You are receiving this email because a notification is configured to receive notifications from ProView. If you prefer not to receive future notification email of this type, click here to unsubscribe. Please note this URL is only valid for 1 day.