## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | Case No. 3:24-cv-01496-MPS |
| | Judge Michael P. Shea |
| | Magistrate Judge Maria E. Garcia |
| Plaintiff, | |
| v. | **PLAINTIFF CLEER LLC'S RESPONSE TO DEFENDANT CRYSTAL STRANGER'S OBJECTION TO PLAINTIFF'S ATTORNEYS' FEES [DOC. 249]** |
| CRYSTAL STRANGER, et al., | |
| Defendants. | |

Crystal Stranger ("Stranger") opposes the attorneys' fees that she unnecessarily compelled Plaintiff Cleer, LLC ("Cleer") to incur in obtaining a contempt order against Stranger. Those fees were the result of Stranger's misconduct, blatantly disregarding the Court's Temporary Restraining Order (Doc. 99), that required Cleer to brief a Motion for Contempt of the Court's Preliminary Injunction Order ("Motion") (Doc. 217) and prepare a Declaration in Support of Award of Attorneys' Fees ("Attorneys' Fees") (Doc. 247). Stranger is now requiring Cleer to incur additional unnecessary fees in defending its fee application.

Prior to this filing, Cleer incurred a total of $11,865.00 in Attorneys' Fees in briefing the Motion and preparing the Declaration. Stranger does not object to Cleer's counsel's hourly rate. She does not dispute that Cleer is entitled to the time spent preparing and defending its fee application. Instead, Stranger argues a number of sweeping objections to the reasonableness of the Attorneys' Fees. Stranger's objections have no basis in law or fact and Cleer should be awarded its Attorneys' Fees in addition to the fees incurred in preparing this response for a total award of $12,635.00.

Despite not being an attorney, Stranger opposes Cleer's Attorneys' Fees on the premise that drafting the Motion was "routine," "basic," and "straightforward." Stranger's arguments demonstrate her further misappreciation for the seriousness of complying with this Court's orders and a gross misunderstanding of the complexities of the legal and drafting processes. Motions for contempt are neither routine nor basic. Because litigants typically abide by court orders, preparing a motion for contempt is remarkably uncommon, fact intensive, and requires additional research and efforts beyond straightforward motion practice.

Stranger then argues the Attorneys' Fees should be reduced due to avoid "redundant" billing. (Doc. 249, p. 2). Her example is that "Mr. Cohn billed 1.0 hours ($440) to revise citations and prep exhibits, then Mr. Musekamp billed 2.75 hours ($1,622.50) to draft reply, then Ms. Martin (paralegal) billed 0.5 hour ($175) to assemble and e-file exhibits." (*Id*. at 3). Stranger fails to understand that drafting, revising citations, preparing exhibits, and filing the finished Motion are independent tasks all critical to a legally compliant and well drafted legal brief. There is no evidence of "redundant" billing and no reason to reduce the requested Attorneys' Fees.

Stranger next argues that drafting the Motion should have been delegated to an associate. She again fails to appreciate the seriousness of a contempt order. Although Stranger evidently does not believe a finding of contempt of court is a matter worthy of a partner's time – as exemplified by the multiple findings of contempt against her (Docs. 229, 243) – Cleer disagrees. Stranger's repeated and egregious conduct, obstructing, delaying, and violating the Court's orders, necessitated the attention it received. Beyond her subjective belief, she has provided no explanation or basis for why the motion for contempt should have been wholly delegated to an associate.

Stranger "does not object to the Court's authority to award reasonable fees pursuant to a finding of contempt." (Doc. 249, p. 1). *See e.g. Gil v. Gil*, 110 Conn. App. 798, 802 (Conn. App. Ct. 2008) (holding attorneys' fees and costs for contempt proceedings in the amount of $19,552.10 reasonable). Stranger does not present evidence of financial hardship or that she cannot pay the Attorneys' Fees. There is no evidence that the requested Attorneys' Fes are unreasonable or should be reduced, especially given that Cleer would not have incurred any fees had she simply complied with the Court's order.

Based on the foregoing, Cleer respectfully requests Attorneys' Fees be awarded in the amount of $11,865.00, as originally requested, and that Cleer be awarded fees incurred in defending its fee application. A party awarded attorney's fees is also entitled to compensation "for time reasonably spent in preparing and defending" the fee application. *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir.1999). Cleer incurred an additional $770.00 in preparing this response and defending its fee application, and therefore should be awarded those fees, which would not have been incurred but for Stranger's contempt of court. (*See* Billing Record, Exhibit A). Thus, the total amount of fees to be awarded to Cleer is $12,635.00.

            Respectfully submitted,

            */s/ George B. Musekamp*
            George B. Musekamp (PHV)
            Evan H. Cohn (PHV)
            Taft Stettinius & Hollister LLP
            425 Walnut Street, Suite 1800
            Cincinnati, Ohio 45202
            Tel:  (513) 381-2838
            Fax: (513) 381-0205
            gmusekamp@taftlaw.com
            ecohn@taftlaw.com

            Michael S. O'Malley, Esq. (CT31784)

                        Ogletree, Deakins, Nash,
                        Smoak & Stewart P.C.
                        281 Tresser Boulevard
                        Stamford, CT 06901
                        Tel: (203) 969-3109
                        Fax: (203) 969-3150
                        Michael.O'Malley@ogletree.com

                        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      The undersigned certifies that on August 21, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

                        */s/ George B. Musekamp*