## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC | : | |
| | : | 3:24-cv-1496-MPS |
| v. | : | |
| | : | |
| CRYSTAL STRANGER et al. | : | DEFENDANT'S MOTION FOR LEAVE |
| | : | TO FILE SUR-REPLY IN OPPOSITION |
| v. | : | TO PLAINTIFF'S AFFIDAVIT OF |
| | : | ATTORNEY'S FEES |
| DAVID and CARRIE McKEEGAN | : | |
| | : | |

Defendant Crystal Stranger ("Stranger"), respectfully submits this sur-reply to address new matters first raised in Plaintiff's Response (Doc. 268) to Defendant's Opposition (Doc. 249) to Plaintiff's Affidavit of Attorneys' Fees.

**I. Basis for the Motion**

Sur-replies are not permitted as of right but may be allowed where a reply introduces new arguments, new evidence, or otherwise expands the relief sought, depriving the opposing party of a fair opportunity to respond. See *Connecticut Fair Housing Ctr. v. CoreLogic Rental Prop. Solutions, LLC*, 369 F. Supp. 3d 362, 364 (D. Conn. 2019) (granting leave for sur-reply where reply brief raised new material). Here, Plaintiff's Response introduces both new arguments and new billing evidence beyond the scope of its fee affidavit:

1. **New Billing Records and Expanded Fee Request.** Plaintiff's original affidavit (ECF No. 247) sought fees within the 21-day deadline set by the Court's July 17, 2025 Order (ECF No. 229). In its Response, however, Plaintiff submitted a new billing record (ECF No. 268-1) and attempted to expand its request beyond that deadline.

2. **New Legal Authority.** Plaintiff cited *Weyant v. Okst*, 198 F.3d 311 (2d Cir. 1999), to justify additional "fees on fees." Defendant's original Opposition had no opportunity to address this case law.

3. **Due Process Concerns.** By enlarging its request after Defendant filed her Opposition, Plaintiff deprived Defendant of notice and an opportunity to be heard on these new matters, contrary to the requirements of *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334–35 (2d Cir. 1999).

Because these issues were raised for the first time in Plaintiff's Response, good cause exists for permitting a narrowly tailored sur-reply.

## II. Relief Requested

Defendant respectfully requests that the Court grant leave to file the sur-reply attached as Exhibit A, limited solely to addressing Plaintiff's new billing record, expanded fee request, and new legal authority. Consideration of the Sur-Reply will assist the Court in addressing only the discrete new issues raised, without prejudice to Plaintiff, as the sur-reply is narrowly confined to issues Plaintiff first raised in its Response, and consideration of these matters is necessary to ensure a complete and fair record.

Thus, for the foregoing reasons, Defendant respectfully moves the Court for leave to file the proposed Sur-Reply attached hereto as Exhibit A.

Respectfully submitted,
*/s/ Crystal Stranger*
Crystal Stranger
Pro Se Litigant

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on August 22, 2025 the foregoing was filed using the Court's

electronic filing system which will provide notice to all parties.

     *<u>/s/ Crystal Stranger</u>*