# Exhibit A

Defendant's Proposed Sur-Reply

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC | : |
| v. | : 3:24-cv-1496-MPS |
| CRYSTAL STRANGER et al. | : DEFENDANT'S PROPOSED SUR-REPLY IN OPPOSITION TO PLAINTIFF'S AFFIDAVIT OF ATTORNEY'S FEES |
| v. | : |
| DAVID and CARRIE McKEEGAN | : |

Defendant Crystal Stranger ("Stranger"), respectfully submits this sur-reply to address new matters first raised in Plaintiff's Response (Doc. 268) to Defendant's Opposition (Doc. 249) to Plaintiff's Affidavit of Attorneys' Fees.

Defendant maintains, as in her prior Opposition, that she disputes liability for the underlying contempt finding and does not concede entitlement to any fees. This sur-reply is limited solely to addressing Plaintiff's untimely expansion of its fee request.

**I. Plaintiff's New Fee Request is Procedurally Improper as it Exceeds the 21-Day Deadline Stated in the July 17th Order**

The Court's July 17 Order required that "[w]ithin 21 days, the plaintiff's attorneys shall file on the docket an affidavit attesting to Cleer's fees incurred in making this motion, with the requisite documentation." (Doc 229 at 6). Courts strictly enforce such deadlines. See *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226 (2d Cir. 2004) (failure to comply with fee deadline bars recovery). Fee applicants bear the burden of timely and complete documentation, and rolling or

supplemental submissions are improper. See *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005); *Scott v. City of New York*, 643 F.3d 56, 59 (2d Cir. 2011).

Plaintiff filed its affidavit on August 7, 2025, the 21st day, which satisfied the Court's directive. That filing closed the window for seeking contempt-related fees. Nevertheless, in its subsequent Response filed on August 21, 2025, Plaintiff introduced new billing records and attempted to enlarge its request.

Because the Court's order authorized only a single affidavit filed within the 21-day period, not rolling supplements filed weeks later, Plaintiff's expanded request is untimely and procedurally barred. The Court should disregard it in full.

### II. *Weyant v. Okst* Does Not Authorize Endless "Fees on Fees"

Plaintiff cites *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999), for the proposition that time spent defending a fee application is compensable. But *Weyant* did not endorse perpetual accrual of additional fees each time the opposing party files an objection. Courts applying *Weyant* limit recovery to reasonable time spent preparing the initial application, and have reduced or denied supplemental requests when the "fees-on-fees" exceed proportionality or invite endless satellite litigation. See, e.g., *Smart v. City of New York*, 2021 WL 131446, at *6 (S.D.N.Y. Jan. 14, 2021) (reducing "fees-on-fees" as excessive); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 541 (S.D.N.Y. 2008) ("[F]ees on fees should be limited.").

Here, Plaintiff already billed 6.5 hours ($3,085) for preparing its fee affidavit, more than it spent on its reply brief. Its attempt to add still more time ($770) for defending that request highlights the risk of runaway "fees-on-fees."

### **III. The Additional $770 is Unreasonable and Highlights Prior Overbilling**

Plaintiff's new billing entry of $770 demonstrates that earlier filings could be handled by lower-cost staff, confirming the prior request was inflated. Furthermore, Plaintiff's silence on several of Defendant's specific objections, including the excessiveness of associate and paralegal rates and the improper use of quarter-hour billing increments, amounts to a concession.

Courts expect delegation of routine tasks to lower-billing professionals. See *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008) ("The partner should not have spent so much time doing work that an associate or paralegal could have done."). Plaintiff's own billing attached to the Reply filing shows the affidavit could have been handled more efficiently, confirming that the earlier allocation of partner time was excessive.

Plaintiff's billing record itself makes this plain. Exhibit A to Plaintiff's Response (Doc. 268-1) shows that on August 15, 2025, associate Jesse K. Daley billed 1.75 hours, totaling $770, for "Draft response to Plaintiff C. Stranger's objections to Cleer's Attorneys' fee request." This work was performed entirely by a junior associate, without partner involvement. That undercuts Plaintiff's earlier position that partner-level billing was necessary to prepare the fee affidavit. If lower-level staff can handle a Response defending the fee affidavit, then partner-level billing for preparing the affidavit itself cannot be justified.

Thus, Plaintiff's effort to expand its request in a reply filing reinforces Defendant's broader concern that the billing is excessive and disproportionate. Not only should the additional $770 be disallowed, but this supports Defendant's original position that Plaintiff's "fees-on-fees" request of $3,085 was excessive, and that the overall billing practices were unreasonable and

inflated. Plaintiff has not defended paralegal or associate rates or billing practices in its Response, effectively conceding that their billing was inflated and lacked evidentiary support.

### IV. Plaintiff's Addition of Fees Related to the Reply Filing Violates Due Process

#### A. Procedural Due Process – Untimely Expansion of Fee Request

Defendant was entitled to rely on the completeness of the August 7 affidavit in preparing her Opposition (Doc. 249), adding new amounts afterwards runs contrary to Second Circuit precedent. See *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334–35 (2d Cir. 1999) (sanctions require notice and an opportunity to be heard). Plaintiff's own billing records confirm that this late-filed entry was created on August 15, 2025, nearly a week after the Court-ordered 21-day deadline had expired (Doc. 268-1). By raising a new fee demand only after Defendant had responded, Plaintiff foreclosed a fair opportunity to contest it, in violation of due process.

#### B. Substantive Due Process – Ambiguity of the Contempt Order

Plaintiff asserts that "motions for contempt are neither routine nor basic" and that preparing such motions is "remarkably uncommon, fact intensive, and requires additional research and efforts beyond straightforward motion practice." (Doc. 268 at 2). But this rhetoric ignores a fundamental requirement: civil contempt must be grounded in a "clear and unambiguous order" leaving no uncertainty as to what conduct is prohibited. *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995).

Here, the scope of the TRO was disputed. Defendant did not understand that sending general informational emails, with no individualized solicitations, would be deemed "solicitation." Plaintiff's framing of contempt as inherently "complex" demonstrates precisely why escalating costs is inappropriate: if even Plaintiff admits contempt litigation is unusually

fact-intensive and uncommon, it underscores that the order itself was not self-evident. Imposing additional "fees on fees" sanctions for such ambiguity only magnifies the due process concerns.

### V. Conclusion

For these reasons, Defendant respectfully requests that the Court:

1. Reject Plaintiff's expanded request,

2. Disallow the $770 add-on entirely, and

3. Recognize that Defendant's original objections (Doc. 249) remain unaddressed in significant part, including the lack of evidentiary support for claimed paralegal and associate rates, the inflation of costs due to quarter-hour billing practices, and the overall excessiveness of the amounts sought, and that Plaintiff's failure to respond to these points effectively concedes them.

Defendant maintains her position that she does not admit liability, that the contempt finding was improper, and that no fee award is warranted. In the alternative, any award must be substantially reduced and strictly limited to amounts that are reasonable, proportional, and supported by evidence.

Respectfully submitted,
*/s/ Crystal Stranger*
Crystal Stranger
Pro Se Litigant