

425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Tel: 513.381.2838 | Fax: 513.381.0205
taftlaw.com

**George Musekamp**
513.357.9453
GMusekamp@taftlaw.com

August 29, 2025

The Honorable Michael P. Shea
Via Email Only c/o Amy Constantine (Amy_Constantine@ctd.uscourts.gov)

**Re: Case No. 3:24-CV-01496 – *Cleer, LLC v. Crystal Stranger***

Dear Judge Shea:

Pursuant to the Court's instruction, Plaintiff Cleer LLC ("Cleer") writes to address the issue raised by Defendant Crystal Stranger. Ms. Stranger seeks to address what she believes, but has no evidence of because none exists, improper *ex parte* communications with the Court. Undersigned counsel has repeatedly advised Ms. Stranger that there are no *ex parte* communications with the Court to disclose. Apparently Ms. Stranger does not believe counsel and seeks to nevertheless involve the Court. Put simply, there is no issue for the Court to address because no improper *ex parte* communications exist.

Ms. Stranger's pursuit of this non-issue stems from undersigned counsel's email sent to Judge Vatti's Judicial Assistant, Bernadette Ellis, to determine Judge Vatti's availability to continue the prior settlement negotiations that Judge Vatti oversaw.

That email sent to Ms. Ellis (and without waiving the mediation privilege) reads in its entirety: "I am reaching out regarding continuing the mediation in the above captioned case now that the parties are further into this litigation. Is that something Judge Vatti would be able to assist with?"

Ms. Stranger claimed that to be an improper *ex parte* communication with the Court and raised this issue with Judge Vatti. Judge Vatti held a conference call on August 27 and explained to Ms. Stranger that there was nothing improper with counsel's email. Specifically, Judge Vatti explained to Ms. Stranger that there is nothing improper about contacting the Court's judicial assistant to determine the availability to continue the mediation, the email involved a procedural matter only, that he remains active in continuing mediations and is willing to continue *ex parte* conversations with both parties to resolve the matter, that mediations can and often do continue beyond the formal mediation conference, and that while no substantive communications regarding this case occurred, there would still be nothing improper about a substantive communication with Judge Vatti because settlement negotiations necessarily involve *ex parte* communications with both parties. Judge Vatti told Ms. Stranger that there is nothing improper with undersigned counsel's email, and Cleer believed the issue was resolved.

Ms. Stranger appears to agree with Judge Vatti's reasoning. However, trying to create an issue where there is not one, Ms. Stranger immediately demanded that counsel for Cleer disclose all written and oral *ex parte* communications with the Court. Counsel advised Ms. Stranger that there are no communications to disclose because none have occurred (aside those protected by the mediation privilege). Ms. Stranger has pursued this issue nevertheless. Ms. Stranger's position is meritless and there is no issue for the Court to address.

Conversely, the issue of transfer of the domain Cleer.tax remains outstanding. Ms. Stranger has still not returned the domain to Cleer despite a Court Order requiring her to do so and no stay being put

in place. In fact, the multiple requests for a stay in this Court, the Second Circuit, and the United States Supreme Court were all rejected. Cleer therefore respectfully requests that coercive sanctions be immediately put in place.

Counsel for Cleer will make himself available to discuss further if needed and appreciates the Court's attention to this matter.

Sincerely,

George B. Musekamp

Crystal Stranger
30 N Gould St. Ste 3088
Sheridan, WY 82801

September 2, 2025

Chambers of the Hon. Michael P. Shea, USDJ
Re: Ex Parte Communications Between the Plaintiff and Court

Your Honor:

Pursuant to the Court's August 29, 2025 Order (ECF No. 276), Defendant respectfully submits this letter regarding her request for disclosure of ex parte communications with chambers. Defendant asks only for transparency. By contrast, Plaintiff has attempted to use this issue as a springboard for sanctions. The relief requested here is limited to ensuring that all ex parte communications are preserved and disclosed, so both parties are equal before the Court.

**1. The July 30, 2025 Email**

At the August 27, 2025 status conference, Magistrate Judge Vatti confirmed that Plaintiff's counsel, George Musekamp, sent an ex parte email to his assistant on July 30, 2025 at 3:02 p.m., requesting renewed mediation.

Plaintiff admits in its August 29, 2025 letter this email was sent, quoting it: *"I am reaching out regarding continuing the mediation in the above captioned case now that the parties are further into this litigation. Is that something Judge Vatti would be able to assist with?"*

Plaintiff characterizes this email as a routine procedural communication, but the record shows otherwise. The last settlement conference occurred on December 9, 2024, more than six months earlier, and Judge Vatti confirmed that no communications have been received by him since this time. **Thus this was not a continuation but a new request to reinitiate mediation.**

**2. Suspicious Timing**

The timing of this communication is notable: it occurred the day after Optic Tax was dismissed for lack of jurisdiction (ECF No. 236), and on the same day Plaintiff filed a status report regarding the forensic imaging of Defendant's laptop (ECF No. 237). **This sequence suggests the communication was part of Plaintiff's litigation strategy, rather than a continuation of any prior mediation**. Regardless of how Plaintiff now frames it, the fact remains that this was an ex parte communication outside any scheduled settlement process and not docketed. Transparency requires that both parties and any reviewing court have equal access to such communications.

**3. Prejudice to Defendant**

Defendant was disadvantaged by this ex parte communication. When the Court scheduled a telephonic conference for August 7, 2025, Defendant had no knowledge of Plaintiff's July 30 email or the fact that Plaintiff had privately requested renewed mediation. Because the communication was not docketed or disclosed, Defendant entered the August 7 call without context, under the impression that the Court itself had initiated settlement discussions. **This created the appearance that settlement was being pushed at the Court's request, rather than Plaintiff's**, giving Plaintiff an artificial upper hand in negotiations. Plaintiff now seeks to sweep this sequence under the rug, despite having already exploited the perception to its advantage. That is precisely why preservation and disclosure are necessary now.

Crystal Stranger
30 N Gould St. Ste 3088
Sheridan, WY 82801

**4. Waste of Judicial Resources**

The ex parte nature of Plaintiff's communication also created unnecessary motion practice and burdened the Court. The status conference was initially scheduled for August 4, 2025, a date when Defendant would be traveling internationally, forcing Defendant to file additional motions to adjust scheduling. These filings would have been unnecessary had Plaintiff communicated its settlement request in a joint email including Defendant. In fact, the entire August 7 status conference might have been avoided if Plaintiff had conferred directly with Defendant and the court jointly about scheduling a settlement conference, saving both party and judicial resources.

**5. Incomplete Docketing Creates Suspicion**

The manner in which this issue has been handled highlights the need for transparency. Following the August 27, 2025 status conference, the Court's docket entry (ECF No. 272) simply states that "*the parties and Settlement Judge consider the issues raised in Ms. Stranger's Request for Clarification to be resolved.*" The entry makes no mention of Plaintiff's July 30 ex parte email, nor of Magistrate Judge Vatti's confirmation on the record that it occurred.

On the August 27 call, Judge Vatti explained that in the ordinary course of mediation, ex parte communications are at least memorialized on the record, even if their substance is not disclosed. In his words: *"There won't be any disclosure of what occurred in it, just memorializing that it in fact occurred."*

By omitting this acknowledgment from the docket, the official record leaves the impression that the matter has been closed without disclosure. This absence naturally raises concern that there may have been additional ex parte communications, either from Plaintiff or from other parties connected with Cleer LLC, that likewise have not been documented.

**6. Relief Requested**

To dispel any such doubts and restore confidence in the integrity of these proceedings, Defendant respectfully **requests that the Court require the disclosure on the docket of all ex parte communications** with chambers received in this case from either party or their representatives.

1. Direct the docketing or production of the July 30, 2025 email, including headers and metadata, so that the record is complete;
2. Require disclosure of any and all communications made by Plaintiff, Plaintiff's counsel, or related parties connected to Cleer LLC with chambers (Judge Vatti, Judge Shea, or staff) outside the docket, whether by email, phone, or otherwise; and
3. Direct that all future requests be filed jointly or on the docket, not through ex parte communications.

**7. Conclusion**

This case should not turn on one-sided communications hidden from the docket. Defendant asks only for transparency, so the record is complete and both parties stand on equal footing before the Court.

Sincerely,
*/s/ Crystal Stranger*
Crystal Stranger
Pro Se Litigant