IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC | : |
| | : |
| v. | : 3:24-cv-1496-MPS |
| | : |
| CRYSTAL STRANGER et al. | : MOTION FOR CLARIFICATION AND |
| | : PROCEDURAL OBJECTION TO |
| v. | : ACCELERATED RULE 26(F) |
| | : SCHEDULING ORDER |
| DAVID and CARRIE McKEEGAN | : |

Defendant Crystal Stranger respectfully requests clarification of the Court's August 29, 2025 Order (ECF No. 277), which directs the parties to file a Rule 26(f) report on or before September 5, 2025, reflecting an expedited discovery and motion schedule. As discussed below, Defendant seeks clarification due to procedural ambiguities in the Order, the absence of a prior 26(f) conference, and substantial due process and fairness concerns.

## I. NO RULE 26(F) CONFERENCE HAS OCCURRED, DESPITE DEFENDANT'S PRIOR REQUESTS

Defendant has made three separate, well-documented attempts over the past nine months to initiate a Rule 26(f) conference, each of which was rebuffed or ignored by Plaintiff.

Defendant's prior attorney sent a formal invitation on December 6, 2024 for a Rule 26(f) conference to occur on December 26, 2024. (See Ex. A[1].) Plaintiff declined to attend that meeting, effectively preventing any joint planning or conference from taking place.

---

[1] Defendant includes this calendar invite solely to demonstrate procedural compliance with Rule 26(f) obligations. This was not a confidential communication, and no waiver of attorney-client privilege or work product protection is intended, and none should be implied.

Defendant made a good-faith effort to initiate a Rule 26(f) conference on February 22, 2025. She proposed multiple dates and emphasized the need for compliance with court rules. Plaintiff's counsel, however, declined to proceed, writing: *"Let's wait to do the 26f conference until after Court rules on Alan's motion to withdraw."* (See Ex. B.)

Again in May 2025, after the Preliminary Injunction recommending ruling had issued, Plaintiff told the Court that a Rule 26(f) conference "cannot" occur because Optic Tax lacked counsel. However, it was Plaintiff's own prior delay that prevented the conference from taking place when Optic Tax was still represented. (See Ex. C.) Defendant confirmed her willingness to proceed and requested that any remaining issues be addressed in a scheduling/status conference. The Court again took no action.

The Court then remained silent on scheduling the 26(f) conference for over six months, even as Plaintiff received Defendant's laptop in January 2025 and failed to initiate any forensic examination. Only after Defendant raised serious concerns about ex parte communications, judicial impartiality, and due process violations, including filings pending before the Second Circuit and Supreme Court, did the Court abruptly issue an expedited 26(f) order on August 29, 2025, threatening sanctions or dismissal for noncompliance.

Then on September 2, 2025, Plaintiff's counsel sent late-afternoon emails (U.S. time) proposing narrow time slots for a Rule 26(f) conference within the next 48 hours, and stating non-availability on Friday when the statement is due. (Ex. D) Because Defendant resides in South Africa, these messages were received only after Defendant was asleep due to the time zone difference, leaving her less than two business days to respond, coordinate, and review Plaintiff's draft report before the September 5 filing deadline. Defendant respectfully submits that this

compressed timeframe, imposed without prior cooperation from Plaintiff despite nine months of Defendant's requests, is both impractical and prejudicial, particularly given Defendant's pro se status, medical recovery, and time zone constraints.

The sudden reactivation of Rule 26(f) obligations after months of dormancy raises the troubling appearance of reactive judicial pressure, potentially driven by off-the-record communications with Plaintiff's counsel.

Courts have consistently held that discovery should not be used to harass or unfairly pressure the opposing party. See *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 n.15 (1980). A party that "has long neglected discovery obligations" may not later invoke urgency to demand expedited compliance from its opponent. *S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 417 (S.D.N.Y. 2009).

Defendant has now made three separate documented attempts to engage in a Rule 26(f) process. Plaintiff blocked each one. To now threaten sanctions or dismissal for failure to submit a report, when the only party who refused to confer is Plaintiff, is procedurally inequitable and chilling to Defendant's rights.

Given the seriousness of the consequences stated in the Order (including the threat of dismissal or monetary sanctions), Defendant respectfully seeks clarification as to the intended application and enforcement of the Court's directives. Notably, throughout this litigation, the the Court has issued a contempt finding against Defendant and has repeatedly admonished her in written orders, while declining to take action on well-supported misconduct by Plaintiff. For example:

    A. The Court denied Defendant's motion for contempt (ECF No. 140), declining to address the substance of the misconduct raised and instead dismissing each part of the motion on technical grounds. (See ECF No. 184.)

    B. Instead of adjudicating ethical misconduct raised in Defendant's Rule 11 motion (ECF No. 228), the Court dismissed the underlying motion on procedural grounds, without prejudice. (ECF No. 230.) The court has not ruled on ECF No. 288, despite the complete lack of documentary evidence tying Defendant to a third-party company in Plaintiff's request.

    C. Despite Plaintiff's eight-month delay in initiating any forensic examination of Defendant's personal laptop after securing its possession under an expedited discovery order, the Magistrate Judge issued a ruling (ECF No. 232) permitting indefinite retention of the device without any neutral imaging protocol, scope limitation, or protective order. Defendant filed a timely objection (ECF No. 234), which remains pending before the District Judge.

These enforcement inconsistencies raise concern that remedies are being applied asymmetrically, disadvantaging Defendant as a pro se litigant. Accordingly, Defendant requests clarification as to:

    1. Whether a joint Rule 26(f) conference and report is still required, despite Plaintiff's prior refusals to confer (see Exhibits A–C);

    2. Whether the Court intends to sanction Plaintiff for repeated refusals to engage in required planning;

    3. Whether the Court expects individual submissions if a conference cannot be arranged;

4. Whether "expedited discovery" applies symmetrically, or only to Defendant—particularly given Plaintiff's eight-month delay in initiating forensic analysis despite having physical custody of Defendant's laptop since January;

5. And Defendant further seeks clarification as to whether the Court's August 29, 2025 Order was prompted by any ex parte request or communication from Plaintiff's counsel or related parties, including email or telephone contact not reflected on the public docket. If so, Defendant respectfully requests that such communication be identified or placed on the record, in order to preserve the integrity of the proceedings and Defendant's right to a fair process.

## II. OBJECTIONS TO ACCELERATED SCHEDULE

While seeking clarification, Defendant also preserves her objections to the imposition of accelerated scheduling deadlines under the present circumstances:

**A. Ongoing Forensic Dispute Highlights Constitutional Concerns and Asymmetry**

Plaintiff obtained possession of Defendant's personal laptop which was sent in December 2024 following a court order for expedited discovery. However, Plaintiff failed to take any steps to initiate forensic inspection until after Defendant requested court intervention in July 2025 for return of property or bond protection. Only then did Plaintiff identify a forensic vendor and begin making requests for access protocols, more than seven months after gaining custody of the device.

Despite this long delay, the Magistrate Judge denied Defendant's motion for return of the laptop, ruling that Plaintiff may retain custody of the device indefinitely, even though no protective order, neutral protocol, or imaging schedule was established. Defendant timely

5

objected to that ruling, raising constitutional concerns and procedural irregularities, including the lack of scope limitation or expert identification.

Where personal property is withheld without clear justification, scope limitation, or process protections, constitutional safeguards apply. See *United States v. James Daniel Good Real Property*, 510 U.S. 43, 62 (1993); *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965).

As of the date of this motion, the District Judge has not ruled on that objection, and Plaintiff has still not disclosed a forensics protocol or timeframe for analysis. As Justice Scalia noted in *Stop the Beach Renourishment*, 560 U.S. at 715, even judicial action can trigger a Fifth Amendment taking when it extinguishes an owner's right of possession without compensation. As the computer will likely have no value when ultimately returned at the end of this litigation, this is another example of a Fifth Amendment Takings violation perpetrated by the court.

Accordingly, Defendant respectfully submits that imposing an accelerated discovery schedule now, while the underlying forensic process remains unresolved, one-sided, and under objection, is both inequitable and improper.

### B. Pro Se Litigant vs. Big Law Firm

Defendant is proceeding pro se, while simultaneously litigating related matters before the Second Circuit and the U.S. Supreme Court. In contrast, Plaintiff is represented by a multi-attorney team from a national law firm with extensive resources and institutional support.

The imposition of accelerated discovery deadlines—particularly without a prior Rule 26(f) conference—exacerbates this imbalance, placing an undue and asymmetric burden on a solo litigant. Courts have consistently recognized the need to protect the procedural rights of unrepresented parties. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se pleadings

to "less stringent standards"); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("A court must make reasonable allowances so that a pro se plaintiff does not forfeit rights by virtue of her lack of legal training"); *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (pro se filings should be interpreted to raise the strongest arguments they suggest).

Defendant has complied with all prior discovery orders, including the production of her personal laptop, while Plaintiff has yet to complete its own court-ordered discovery obligations. In this context, acceleration is not merely inconvenient, it is procedurally prejudicial and risks further undermining the fairness of the proceedings.

### C. Defendant Is Recovering from Surgery

Defendant is presently recovering from bilateral TMJ arthrocentesis, a surgical procedure required due to a stress-related injury caused by the intensity and duration of this litigation. (Ex. E.) Recovery is expected to take 8–12 weeks, during which Defendant experiences pain, reduced jaw function, and cognitive fatigue, all of which substantially impair her ability to manage litigation tasks without counsel. (See Affidavit- Ex. F)

Courts have consistently recognized that pro se litigants facing medical limitations must not be prejudiced by inflexible deadlines. See *Bivins v. Ryan*, 2017 WL 6343623, at *3 (D. Ariz. Dec. 12, 2017) ("Courts have a duty to accommodate the medical limitations of pro se litigants where failure to do so would prejudice their ability to prosecute or defend their case."); *Jacobs v. Scribner*, 2009 WL 3157534, at *1 (E.D. Cal. Sept. 28, 2009) ("Reasonable accommodations must be made when medical limitations impede timely compliance."); *Monroe v. Beard*, 536 F.3d 198, 204 (3d Cir. 2008) (litigants have a right to court access that is "adequate, effective, and meaningful").

Defendant's recovery was disclosed to the Court in advance (ECF No. 258), and the unilateral imposition of an accelerated discovery schedule—with no showing of urgency from Plaintiff—risks causing physical harm and impairing her access to justice. In this posture, such acceleration is not only inequitable but constitutionally problematic.

As the Supreme Court has emphasized, "a fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison*, 349 U.S. 133, 136 (1955). Even where there is no overt impropriety, a court must avoid the "probability of actual bias," *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 886 (2009), and should not issue orders in a manner that risks creating the perception of retaliation or favoritism. See also *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Taken together, the unusual timing of the Court's August 29, 2025 Order, issued less than 48 hours after Defendant raised concerns regarding undisclosed communications between Plaintiff and chambers, and on a date previously identified as Defendant's 10th wedding anniversary, raises legitimate concerns regarding the appearance of reactive judicial conduct.

While the Court has since denied that any improper ex parte communications occurred (ECF No. 280), its strong language discouraging further inquiry, combined with the absence of any urgency demonstrated by Plaintiff, may create the appearance that procedural fairness is being subordinated to expediency. In light of Defendant's ongoing medical recovery and the pro se posture of this case, such actions risk undermining the "basic requirement of due process" to be heard in a neutral forum.[2]

---

[2] See *In re Murchison*, 349 U.S. 133, 136 (1955); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 886 (2009); *Liteky v. United States*, 510 U.S. 540, 555 (1994).

## III. RELIEF REQUESTED

Defendant respectfully requests that the Court:

1. Clarify whether a Rule 26(f) conference is required prior to submission of any report;

2. Clarify whether an individual Rule 26(f) statement is sufficient if Plaintiff declines to confer;

3. Clarify whether the Court intends to impose sanctions if a joint report is not filed;

4. Clarify whether any accelerated scheduling will apply equally to both parties;

5. Clarify if any ex parte communications related to scheduling the 26(f) conference have occurred;

6. And consider extending or deferring the September 5 deadline until these issues are resolved and until appellate proceedings are complete.


Respectfully submitted,
*/s/ Crystal Stranger*
Crystal Stranger
Pro Se Litigant

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 3, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

    */s/ Crystal Stranger*