UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | : : : : : : : : : : : : | Case No. 3:24-cv-01496-MPS <br><br> Judge Michael P. Shea <br><br> **PLAINTIFF CLEER LLC'S RESPONSE TO DEFENDANT CRYSTAL STRANGER'S OPPOSITION TO PLAINTIFF'S ATTORNEY'S FEES [DOC. 271]** |
| Plaintiff, | | |
| v. | | |
| CRYSTAL STRANGER, et al., | | |
| Defendants. | | |

    Crystal Stranger ("Stranger") again opposes the attorneys' fees that she unnecessarily compelled Plaintiff Cleer, LLC ("Cleer") to incur in obtaining the second contempt order against her (Doc. 243). These fees are the result of Stranger's continued misconduct and blatant disregard for the Court's orders, despite a prior order of contempt and award of attorney's fees (Doc. 229), that required Cleer to brief another Motion for Contempt ("Motion") (Doc. 217) and prepare a second Declaration in Support of Award of Attorneys' Fees ("Attorneys' Fees") (Doc. 270). Stranger is yet again requiring Cleer to incur additional unnecessary fees in defending its fee affidavit (Doc. 270).

    Prior to this filing, Cleer incurred a total of $7,367.50 in Attorneys' Fees in briefing the Motion and preparing the declaration for Attorneys' Fees. Stranger does not dispute the Court's ability to award attorneys' fees. She does not dispute that time spent preparing a fee affidavit is compensable. Rather, Stranger continues to put objections that have no basis in law or fact on the record, forcing Cleer to incur additional fees. Cleer should be awarded attorneys' fees incurred in preparing this response.

Stranger purports that the declaration for Attorneys' Fees is premature. The declaration for Attorneys' Fees was submitted on August 25, 2025, consistent with the Court's August 4, 2025, Order requiring Cleer to submit its fee affidavit within 21 days (Doc. 243). Moreso, Stranger's multiple filings for reconsideration have repeatedly been denied. Most recently, Stranger's Motion for Reconsideration on the finding of contempt (Doc. 261) was denied on September 2, 2025 (Doc. 279). Her Motion to Stay district court proceedings filed in the Second Circuit Court of Appeals (DktEntry 42) was denied on August 28, 2025 (DktEntry 46).  Her Emergency Action for Stay filed with Justice Sotomayor in the United States Supreme Court was denied on August 25, 2025 (25A212). Stranger's second attempt at an Emergency Action filed with Justice Kavanaugh on September 5, 2025, will presumably be denied on the same or similar grounds.

Notably, in its September 2 Order, the Court warned Stranger that, [i]n seeking a reversal of a court's contempt order, the party alleged to have disobeyed the order cannot dispute the validity of the underlying order in order to claim that contempt is unwarranted.... Even a correct and good-faith belief that an order is defective, misguided or erroneous, is an insufficient basis upon which a party may unilaterally disregard a court's order." This warning directly undercuts Stranger's excuse that her frivolous filings amount to anything other than direct defiance to the Court's orders.

Originally addressed by Cleer in its previous response to Stranger's objections to Cleer's attorneys' fees (Doc. 268), despite not being an attorney or possessing a functioning understanding of the legal practice, Stranger argues the Attorneys' Fees should be reduced due to being "duplicative and excessive".  First, she argues Cleer attorneys' time for July 2-3 should be reduced as duplicative. Yet again, Stranger does not comprehend that research, drafting, and revising are all separate and critical elements of preparing a motion for submission to a federal court. She then

argues Cleer attorney Daley spent excessive time "drafting, revising, and updating affidavits for the same fee application" between August 6-15. Stranger omits, however, that these entries include billing for: drafting the affidavit in support of Attorney's Fees, drafting the fee application, reviewing and preparing supporting exhibits, reviewing local rules to ensure compliance in filing, and updating the affidavit for Attorney's Fees as additional work occurred. This work is not redundant or excessive, but was required as a result of Stranger's continued contempt.

Moreso, Stranger's argument that Cleer paralegal's entry for formatting and filing the Motion was "purely clerical" evidences her misunderstanding of the paralegal role. Paralegals are trained in federal and local rules to ensure filings are compliant and not rejected as deficient. Stranger's argument that the substitution of Daley for Cohn is also frivolous, there is no indication that any time Daley spent familiarizing with the record was included in the Attorneys' Fees calculation. (See Billing Record, Exhibit A).

There is no evidence that Cleer billed in quarter-hour increments for tasks that would have required substantially less time to complete. (See Billing Record, Exhibit A). Drafting, research, preparing lengthy filings, and conferring with the client regarding unique filings and strategic decision-making are tasks that require careful consideration, time, and attention. The Billing Record is fair and accurate and there is no evidence of excess requiring a reduction.

Stranger continues to play games and to, seemingly intentionally, drive costs for Cleer and abuse this Court's resources. She introduces no evidence of financial hardship or that she cannot pay the Attorneys' Fees. There is no evidence that the requested Attorneys' Fees are unreasonable or should be reduced, especially given that Cleer would not have incurred any fees had she simply complied with the Court's order.

Based on the foregoing, Cleer respectfully requests Attorneys' Fees be awarded in the amount of $7,367.50, as originally requested, and the Cleer be awarded fees incurred in defending its fee application. A party awarded attorney's fees is also entitled to compensation "for time reasonably spent in preparing and defending" the fee application. *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir.1999). Cleer incurred an additional $2,237.50 in preparing this response and defending its fee application, and therefore should be awarded those fees, which would not have been incurred but for Stranger's contempt of court. (See Billing Record, Exhibit A). Thus, the total amount of fees to be awarded to Cleer is $9,605.

        Respectfully submitted,

        */s/ George B. Musekamp*
        George B. Musekamp (PHV)
        Evan H. Cohn (PHV)
        Taft Stettinius & Hollister LLP
        425 Walnut Street, Suite 1800
        Cincinnati, Ohio 45202
        Tel: (513) 381-2838
        Fax: (513) 381-0205
        gmusekamp@taftlaw.com
        ecohn@taftlaw.com

        Michael S. O'Malley, Esq. (CT31784)
        Ogletree, Deakins, Nash,
        Smoak & Stewart P.C.
        281 Tresser Boulevard
        Stamford, CT 06901
        Tel: (203) 969-3109
        Fax: (203) 969-3150
        Michael.O'Malley@ogletree.com

        *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on September 16, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

                                                        */s/ George B. Musekamp*