IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC | : |
| | : |
| v. | : 3:24-cv-1496-MPS |
| | : |
| CRYSTAL STRANGER et al. | : DEFENDANT'S MOTION TO STRIKE, |
| | : OR, IN THE ALTERNATIVE, TO |
| v. | : DISREGARD IMPROPER REPLY |
| | : MATERIAL OR ALLOW SUR-REPLY |
| DAVID and CARRIE McKEEGAN | : (ECF 284) |
| | : |

Defendant Crystal Stranger respectfully moves the Court to strike and/or disregard improper and prejudicial argument in Plaintiff Cleer LLC's Reply in Further Support of its Second Motion for Attorney's Fees (ECF 284). Specifically, Defendant requests that the Court strike:

1. Plaintiff's expanded fee request from $7,367.50 to $9,605, improperly raised for the first time in a reply brief, to which an objection is procedurally not allowed as a matter of course by Defendant; and,

2. Argumentative, inflammatory, and unprofessional commentary that violates the Court's rules of decorum.

This Motion is brought to preserve fairness in the adversarial process, avoid prejudice to Defendant, and protect the integrity of proceedings concerning attorney fee recovery.

**I. PROCEDURAL HISTORY**

On August 30, 2025, Plaintiff filed its Second Motion for Attorney's Fees (ECF 278), seeking $7,367.50 in connection with the court's ruling on Plaintiff's Motion for Sanctions (ECF

1

262). Defendant opposed the motion on September 13, 2025 (ECF 283). On September 16, 2025, Plaintiff filed a reply brief (ECF 284) in which it:

    1. Increased its fee request by $2,237.50, now seeking $9,605;

    2. Introduced new factual assertions and criticisms of Defendant's conduct; and

    3. Included disparaging and inflammatory language lacking relevance to the narrow issue of fees.

Furthermore, this is not an isolated incident. Plaintiff has repeatedly raised new theories at the reply stage (Docs. 130, 162, and 268), forcing Defendant to move for sur-replies (Docs. 171, 172, 269) at additional burden and cost. This procedural history demonstrates a recurring pattern of improper expansion at the reply stage, necessitating judicial intervention to preserve fairness.

## II. PLAINTIFF'S EXPANDED FEE REQUEST IS PROCEDURALLY IMPROPER

It is black-letter law that new arguments and expanded requests for relief may not be raised for the first time in a reply. See, e.g., *United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003) ("reply briefs may not raise new arguments"); *Doe v. Trump Corp.*, 6 F.4th 400, 410 (2d Cir. 2021).

Here Plaintiff's initial motion sought $7,367.50. The reply seeks an increased total of $9,605. This expansion deprives Defendant of the opportunity to contest the added billing entries, rate justification, or reasonableness of additional hours. Such gamesmanship is improper and warrants striking or disregarding the newly raised request.

## III. PLAINTIFF'S REPLY CONTAINS INFLAMMATORY AND UNPROFESSIONAL COMMENTARY

Plaintiff's reply brief also contains improper personal attacks and argumentative rhetoric in violation of D. Conn. L. Civ. R. 83.13(a), which requires attorneys to act with "civility" and to "avoid vulgar language, disparaging personal remarks, or acrimony."

Courts have made clear that disparaging rhetoric and baseless factual assertions in filings are improper advocacy and may warrant sanction. *See, e.g., O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996); *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 388 (2d Cir. 2003); *Seltzer v. Morton*, 336 F.3d 367, 373 (5th Cir. 2003).

Examples include:

1. Accusing Defendant of lacking a "functioning understanding of the legal practice."

2. Suggesting Defendant seeks to "defer responsibility for her own actions."

3. Repeatedly impugning Defendant's character rather than addressing the narrow issue of fees.

Such comments serve no legitimate purpose in a fee petition and prejudice Defendant in the eyes of the Court.

Moreover, Plaintiff's counsel uses its fee reply as a vehicle to repeat numerous irrelevant and prejudicial assertions regarding Defendant's appeals, including misleading statements about the merits of those proceedings. Notably, on September 16, 2025, the Second Circuit granted Defendant's motion for leave to file a petition for rehearing en banc in Docket No. 52.1 Case 25-1575. This is a rare procedural event that belies Plaintiff's narrative that Defendant's appellate

arguments are meritless. Such advocacy, cloaked in a reply brief on fees, is not only procedurally improper, it further supports Defendant's request to strike the filing in its entirety.

### IV. PROCEDURAL DUE PROCESS CONCERNS

Defendant respectfully notes that this is not the first instance in which Plaintiff has introduced new arguments and additional claims for relief in a reply brief. Plaintiff's prior reply filings (Docs. 130, 162, 268, and now 284), left Defendant procedurally barred from responding absent leave of court. Defendant has moved for sur-replies three times (Docs. 171, 172, 269), yet the Court has denied or ignored each request, while granting Plaintiff's sole sur-reply (ECF 84). The only acknowledgment of this imbalance was a footnote in ECF 229, without ruling.

This pattern deprives Defendant of a meaningful opportunity to be heard, contrary to *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), and *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334–35 (2d Cir. 1999), which require fair notice and opportunity before fees or sanctions may be imposed. By repeatedly allowing one party to introduce material new arguments in reply, while systematically denying the opposing party the ability to respond, the Court risks violating Defendant's rights under the Fifth Amendment and Rule 1 of the Federal Rules of Civil Procedure, which jointly demand "just, speedy, and inexpensive" resolution with equal access to the forum.

If the Court does not strike Plaintiff's reply or the additional fee demands and allegations it improperly introduces, then at minimum, fairness requires the Court to grant Defendant leave to respond.

## V. RELIEF REQUESTED

For the foregoing reasons, Defendant respectfully requests that the Court:

1. Strike or disregard all portions of ECF 284 that expand the fee request beyond $7,367.50;

2. Strike or disregard all argumentative, inflammatory, and irrelevant commentary unrelated to the fee calculation; and

3. Decline to award any fees not timely raised or properly supported; or,

4. In the alternative, should the Court consider the new materials in ECF 284, Defendant respectfully requests leave to file a short sur-reply to respond.

Furthermore, Defendant reserves the right to seek sanctions under Rule 11, 28 U.S.C. § 1927, or the Court's inherent authority for the continued pattern of improper reply briefing, cumulative fee stacking, and use of litigation process for abusive purposes. Such measures are necessary to protect fairness, conserve judicial resources, and prevent continued prejudice from improper reply briefing.

>Respectfully submitted,
>*/s/ Crystal Stranger*
>Crystal Stranger
>Pro Se Litigant

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 17, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

    */s/ Crystal Stranger*