# EXHIBIT B

Plaintiff's 26(a) Disclosures

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX,<br><br>                 Plaintiff,<br><br>v.<br><br>CRYSTAL STRANGER, et al.,<br><br>                 Defendants. | Case No. 3:24-cv-01496-MPS<br>Judge Michael P. Shea<br>Magistrate Judge Maria E. Garcia<br><br>**PLAINTIFF'S/COUNTERCLAIM DEFENDANT'S AND THIRD-PARTY DEFENDANTS' INITIAL DISCLOSURES** |

Now comes Plaintiff/Counterclaim Defendant Cleer LLC ("Cleer") and Third-Party Defendants David and Carrie McKeegan (collectively, the "McKeegans"), by and through counsel and pursuant to Federal Rule of Civil Procedure 26(a)(1), and make the following Initial Disclosures in the above-captioned case.

The Initial Disclosures set forth below contain the information reasonably available to Cleer and the McKeegans at this stage of the litigation. Cleer and the McKeegans reserve the right to amend, supplement, or change these disclosures as appropriate pursuant to Federal Rule of Civil Procedure 26. Cleer and the McKeegans do not intend these Initial Disclosures to be an exhaustive list of all the witnesses having knowledge of, and documents relevant to, the claims and defenses asserted in this lawsuit. Nothing in these Initial Disclosures constitutes an admission.

Further, Cleer and the McKeegans make these Initial Disclosures without waiving, in any way: (1) a claim of privilege or work product; (2) the right to object to the use of any of the disclosed information on the grounds of competency, relevancy, materiality, hearsay, or any other proper ground, whether it be in this case or any other case; and (3) the right to object on

any and all grounds to any discovery request involving or relating to the subject matter of any information contained in these Initial Disclosures.

Capitalized terms used herein have the same meaning as those used in the Complaint.

I. Rule 26(a)(1)(A)(i) – Individuals Likely to Have Discoverable Information.

The following individuals may have discoverable information regarding information relevant to the allegations in Cleer's Complaint, the McKeegans' Answer to Stranger's counterclaims, and any asserted defenses or counterclaims:

1. **Counterclaim Defendant David McKeegan**. Mr. McKeegan may be contacted through undersigned counsel. Anticipated to have information relating to the agreements executed by Crystal Stranger ("Stranger") in regard to her employment with Cleer, employees and clients solicited by Stranger in violation of the agreements, and damage to Cleer's business, reputation, and goodwill as a result of Stranger's breach.

2. **Counterclaim Defendant Carrie McKeegan**. Ms. McKeegan may be contacted through undersigned counsel. Anticipated to have information relating to the agreements executed by Stranger in regard to her employment with Cleer, employees and clients solicited by Stranger in violation of the agreements, and damage to Cleer's business, reputation, and goodwill as a result of Stranger's breach.

3. **Defendant Crystal Stranger**. Anticipated to have information relating to the allegations in the pleadings, including the Cleer employees and clients solicited by her.

4. **Simeon Stern**. Anticipated to have information relating to the formation of Optic Tax, including its corporate structure and unfair competition with Cleer.

5. **Attorneys Stranger consulted with regarding the underlying claims**. Anticipated to have information relating to Stranger's violation of the restrictive covenants and unfair competition with Cleer and communications regarding the underlying claims.

6. **Nicole Wiseman**. Anticipated to have information relating to damages Cleer suffered as a result of Stranger's unfair competition with Cleer.

7. **Alleen Loiseau**. Anticipated to have information relating to Stranger's employment with Cleer.

8. **Henry Shin**. Anticipated to have information relating to Stranger's employment with Cleer.

9. **Nathalie Birotte**. Anticipated to have information relating to Stranger's employment with Cleer.

10. **Mehwish Jabeen**. Anticipated to have information relating to Cleer's email systems and data security.

11. **Lindsey Anderson**. Anticipated to have information relating to the Cleer.tax domain and Cleer's security systems.

12. **Leonor Dacosta**. Anticipated to have information relating to Cleer's operations and data security.

13. **Wiaan Prinsloo**. Anticipated to have information relating to Cleer's operations and data security.

14. **Alexandra Limin.** Anticipated to have information relating to Cleer's relationship with third-party contractors.
15. **Macarena Olivares.** Anticipated to have information relating to Cleer's relationship with third-party contractors.
16. **Nanzing Johnmark.** Anticipated to have information relating to Cleer's relationship with third-party contractors.
17. **Moses Kiboma.** Anticipated to have information relating to Cleer's relationship with third-party contractors.
18. **Antonieta Tungcab.** Anticipated to have information relating to Cleer's relationship with third-party contractors.
19. **Evita Bombase.** Anticipated to have information relating to Cleer's relationship with third-party contractors.
20. **Representatives of Avanti.** Anticipated to have information relating to Cleer's contractor arrangements.
21. **Representatives of Justworks.** Anticipated to have information relating to Cleer's financial practices.
22. **Julie Kim.** Anticipated to have information relating to Stranger's professional involvement outside of Cleer.
23. **Lindsay Warne.** Anticipated to have information relating to Stranger's professional involvement outside of Cleer.
24. **Ryan Nash.** Anticipated to have information relating to Stranger's professional involvement outside of Cleer.

25. **Peter Swan**. Anticipated to have information relating to Stranger's professional involvement outside of Cleer.

26. **Dan Andrews**. Anticipated to have information relating to Stranger's professional reputation.

27. **Ian Schoel**. Anticipated to have information relating to Stranger's professional reputation.

28. **Administrators and members of Dynamite Circle**. Anticipated to have information relating to Stranger's professional reputation.

29. **Revision Legal Attorneys**. Anticipated to have information relating to the Cleer.tax domain name that was registered for the benefit of Cleer.

30. **David Mutetwa** and currently other unknown representatives of Optic Tax Global, Inc.

31. Individuals solicited by Stranger in violation of her agreements with Cleer that have already been identified in produced documents.

32. Any witness disclosed by the parties in initial disclosures, preliminary, or final witness lists, or responses to written discovery, including, but not limited to, Cleer and the McKeegans' discovery responses.

II. Rule 26(a)(1)(A)(ii) – Description of Documents Cleer and the McKeegan's May Use In Its Possession, Custody, or Control.

1. Documents already produced to Stranger by Cleer.
2. Agreements executed by Stranger, including the Employment Agreement, Operating Agreement, and Membership Vesting Agreement.

    3. Email communications and text messages between Stranger and Cleer's current, former, and prospective clients, and current and former employees and subcontractors.

    4. Email communications and text messages between Cleer and Cleer's current, former, and prospective clients, and current and former employees and subcontractors.

    5. Documents relating to the formation of Optic Tax and Optic Tax Global.

    6. Accounting and customer records of Cleer.

III.   Rule 26(a)(1)(A)(iii) – Computation of Any Category of Damages Claimed by the Disclosing Party.

Additional discovery is necessary to assess the totality of the damage to Cleer's business and its reputation and goodwill with its customers by virtue of Stranger's breach of the restrictive covenants and her misappropriation and redirection of the Cleer.tax domain, and to determine the damages caused by Stranger's solicitation of clients and suppliers. Cleer will propose a damages analysis consistent with the Joint 26(f) Scheduling Form and the Court's Orders. Stranger is also liable for attorneys fees pursuant to the attorney fee shifting provision contained in the Operating Agreement.

IV.   Rule 26(a)(1)(A)(iv) – Any Insurance Agreement Which May Be Liable to Satisfy Part or All of a Judgment.

There is no insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment or to indemnify or reimburse payments made to satisfy any judgment against Plaintiff and/or counterclaimant Defendants.

Respectfully submitted,

/s/ George B. Musekamp
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel: (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 969-3109
Fax: (203) 969-3150
Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff/Counterclaim Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 19, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all counsel of record.

/s/ George B. Musekamp