# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC | : | 3:24-cv-1496-MPS |
| | : | |
| v. | : | |
| | : | DEFENDANT'S MOTION TO DISMISS |
| CRYSTAL STRANGER et al. | : | PLAINTIFF'S DAMAGES CLAIMS OR, |
| | : | IN THE ALTERNATIVE, TO COMPEL |
| v. | : | SUPPLEMENTATION OF INITIAL |
| | : | DISCLOSURES PURSUANT TO FED. |
| DAVID and CARRIE McKEEGAN | : | R. CIV. P. 37(A) AND 37(C)(1) |
| | : | |

Defendant/Counterclaimant Crystal Stranger ("Defendant"), appearing pro se, respectfully moves this Court pursuant to Fed. R. Civ. P. 37(a)(3)(A) and 37(c)(1) for an order dismissing Plaintiff Cleer LLC's damages claims in their entirety.

Despite this Court's express warning in ECF No. 277, Plaintiff served Initial Disclosures that listed "$0" damages, refused to provide any computation until after discovery, and failed to identify supporting documents. These disclosures are functionally equivalent to a non-filing under Rule 26(a)(1)(A)(iii), leaving Defendant unable to evaluate the scope of Plaintiff's claims.

In the alternative, Defendant requests that the Court compel Plaintiff to serve complete and compliant Rule 26(a)(1) disclosures, grant monetary sanctions sufficient to prevent further discovery gamesmanship, and preclude Plaintiff from offering undisclosed damages evidence at trial under Rule 37(c)(1).

Respectfully submitted,
/s/ Crystal Stranger
Crystal Stranger
Pro Se Defendant

Date: September 23, 2025

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S DAMAGES CLAIMS OR, IN THE
ALTERNATIVE, TO COMPEL SUPPLEMENTATION OF INITIAL DISCLOSURES**

## I. INTRODUCTION

On August 29, 2025, this Court entered Order No. 277, directing the parties to proceed on an accelerated Rule 26 discovery schedule "in light of the substantial discovery and litigation that has already occurred in this case." The Court expressly warned that failure to comply with Rule 26 obligations would result in "dismissal of the complaint and/or monetary sanctions." (ECF No. 277.)

Despite that clear directive, on September 19, 2025, Plaintiff served Rule 26(a)(1) Initial Disclosures (Ex. A) that are materially deficient. Most strikingly, Plaintiff listed their damages as "$0" and refused to provide any computation until after obtaining further discovery from Defendant, a position squarely at odds with Rule 26(a)(1)(A)(iii), which requires disclosure "based on the information then reasonably available." Plaintiff also identified no specific categories of documents supporting damages beyond their own accounting records, confirming that they possess no internal evidence of harm.

Defendant promptly notified Plaintiff that their disclosures were materially deficient and requested supplementation by September 23, 2025 (Ex B pg. 2). In response, Plaintiff's counsel stated, "we will calculate damages once we determine the lost profits from your solicitation of cleer's clients." Thus patently refusing to compute damages at this stage, despite it being required under statute and precedent.

Plaintiff already possess the business records, client lists, and revenue data necessary to calculate any alleged lost profits or diminution in goodwill, as clearly stated in their document

section of the same disclosures. Their refusal to provide even a preliminary damages computation renders their Initial Disclosures functionally equivalent to a non-filing.

Plaintiff's action here reflects not an innocent oversight but a continuation of Plaintiff's strategy to litigate by speculation and harassment rather than by evidence. Plaintiff has already forced Defendant to expend significant time and resources responding to overbroad claims that lack factual support. Their refusal to comply with Rule 26, even after the Court's warning, demonstrates bad faith and disregard for both the Rules and this Court's authority.

## II. LEGAL STANDARD

Rule 26(a)(1)(A)(iii) requires an affirmative computation of damages based on the information available at the time of disclosure. A party may supplement later if additional information emerges, but it may not withhold the computation entirely.

Rule 37(a)(3)(A) authorizes a motion to compel where a party "fails to make a disclosure required by Rule 26(a)." If a party fails to comply, Rule 37(c)(1) provides that the undisclosed information is subject to exclusion at trial, unless the failure was substantially justified or harmless.

Defendant recognizes that this Court's local rules ordinarily discourage discovery motions without prior court involvement. See D. Conn. L. Civ. R. 37(a). However, the parties have already conferred extensively, including through status calls with the Court and a Rule 26(f) conference. The present motion does not involve a routine discovery dispute but addresses Plaintiff's failure to make the mandatory disclosures required by Rule 26(a)(1), even after this Court's August 29, 2025 Order (ECF No. 277) expressly directed the parties to proceed on an

accelerated schedule. Under these circumstances, Defendant respectfully submits that formal relief under Rule 37 is both appropriate and necessary.

### III. ARGUMENT

**A. Plaintiff's Strategic Evasion of Damages Disclosure Constitutes a Material Breach of Rule 26(a)(1), Subject to Sanctions Under Rule 37(c)(1)**

One year into litigation, Plaintiff has yet to identify even a single dollar in damages. They served initial disclosures listing "$0" damages, without explanation, despite conducting extensive Preliminary Injunction discovery, and now state they will only calculate damages after obtaining further discovery from Defendant, in effect, asserting a right to conduct discovery first and *then* determine if any harm occurred.

Rule 26(a)(1)(A)(iii) requires disclosure of "a computation of each category of damages claimed by the disclosing party, who must also make available…the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered"

Plaintiff's Initial Disclosures are thus materially deficient under Rule 26(a)(1)(A)(iii). By claiming "$0" damages and refusing to provide any computation until after obtaining discovery from Defendant, Plaintiff has shirked their affirmative obligation. This tactic prejudices Defendant, who is entitled to understand the scope and theory of Plaintiff's alleged damages at the outset of discovery.

Courts have held that a failure to provide damages computations "is sanctionable under Rule 37(c)(1)" and may result in exclusion of damages evidence. *Design Strategy*, 469 F.3d at

295. See also *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (upholding preclusion where nondisclosure was neither substantially justified nor harmless).

Plaintiff's position, that they will compute damages only after obtaining further discovery, is directly contrary to Rule 26(a)(1)(A)(iii), which requires disclosure of damages computations "based on the information then reasonably available." Plaintiff necessarily have access to their own financial and accounting records, which are the obvious starting point for any damages computation. It is unreasonable to suggest that they cannot document losses until Defendant produces discovery.

Such a strategy is not recognized as valid under federal law. Litigation is not a game where one side may conceal the ball, hoping to ambush the other party later in the process. *Bridgford v. U.S. Postal Service*, 2018 WL 2047807 (E.D.N.Y. May 2, 2018). Courts in this Circuit have also rejected the tactic of withholding damages information until later in discovery. See *Design Strategy*, 469 F.3d at 295–96.

Nor may Plaintiff withhold such records on grounds of privilege. As courts have consistently recognized, "the attorney-client privilege protects communications, not facts," and underlying financial or business records are not shielded simply because they may later be reviewed by counsel. *Upjohn Co. v. United States*, 449 U.S. 383, 395–96 (1981). See also *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007) ("Documents do not become cloaked with privilege merely because they are transferred to an attorney.").

Furthermore, by listing "$0" damages and deferring computation until after discovery, Plaintiff has effectively provided no disclosure at all. Courts in this Circuit have found such conduct to warrant preclusion. In *Aguirre v. Best Care Agency, Inc.*, the court barred damages

evidence entirely where the plaintiff failed to provide a Rule 26(a)(1)(A)(iii) computation, explaining that the failure "prevented defendants from understanding the nature and scope of the damages claim and prejudiced their ability to prepare a defense." 961 F. Supp. 2d 427, 429 (E.D.N.Y. 2013)

Moreover, the Second Circuit has emphasized that Rule 37(c)(1) sanctions are appropriate where nondisclosure is neither substantially justified nor harmless. *Patterson v. Balsamico*, 440 F.3d at 117.

Here, Plaintiff's refusal to provide any computation is unjustified, they already have access to their own financial and client records, and this is unilaterally harmful, as it prevents Defendant from understanding the extent of claimed damages at the outset of discovery. Thus sanctions including preclusion or dismissal of damages claims is warranted here.

**B. Plaintiff's Initial Disclosures Were Copied from Defendant's but Deliberately Omitted Required Damages Disclosures**

Plaintiff's Initial Disclosures appear to have been copied nearly verbatim from Defendant's Initial Disclosures served three days earlier, the witness list is copied from Defendant's disclosure with the same witnesses in the same order, with only minor edits. (See Ex. C). Crucially, where Defendant provided a detailed damages section in compliance with Rule 26(a)(1)(A)(iii), Plaintiff deleted that section entirely and replaced it with a placeholder stating they will calculate damages later.

Courts across circuits have repeatedly rejected attempts to avoid early damages disclosure. See, e.g., *Erhart v. BofI Holding, Inc.*, No. 15-CV-2287-BAS, 2022 WL 1638933, at *5–6 (S.D. Cal. May 23, 2022)* ("[Plaintiff] failed to comply with Rule 26's disclosure

requirement. He did not even provide a lump sum for each category of damages, let alone a computation and analysis."); *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000) (affirming exclusion of damages evidence not disclosed under Rule 26(a)); and *Alam v. Construction Protective Services, Inc.*, 438 F. App'x 618 (9th Cir. 2011) ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.")

Here, while Defendant's Initial Disclosures included a detailed damages section, clearly formatted to comply with Rule 26(a)(1)(A)(iii), describing the categories and bases of damages claimed. Plaintiff, by contrast, removed this section entirely from their version and replaced it with a single sentence stating "Additional discovery is necessary to assess the totality of the damage to Cleer's business…"

This is not an excusable oversight. It is evidence that: (1) Plaintiff understood the format and requirements of Rule 26(a)(1) disclosures; (2) Reviewed Defendant's example of a compliant damages disclosure; (3) And intentionally chose not to provide any such information in their own disclosures. This is similar to the facts in *Erhart* where not even a lump sum or estimate was provided, and the Court found he could not avoid the automatic sanction under Rule 37(c)(1).

This strongly suggests willful noncompliance. It also undermines any claim that Plaintiff's omission was "substantially justified" or "harmless" as required to avoid sanctions under Rule 37(c)(1). See *Stovall v. Brykan Legends, LLC*, No. 17-2412-JWL, 2019 WL 1495174, at 2 (D. Kan. Apr. 4, 2019) (plaintiff "violated Rule 26(a)(1)(A)(iii) by failing to disclose the computation of damages" until compelled).

It is difficult to reconcile this omission with inadvertence. Plaintiff is represented by a top-tier law firm with extensive litigation experience. That such counsel would resort to replicating portions of a pro se litigant's disclosures, while stripping out the most substantively required section, suggests not only a disregard of procedural duties, but a troubling reliance on procedural gamesmanship over substance. Rule 26 is not aspirational, it imposes an affirmative duty to disclose damages computations at the outset based on information reasonably available. Plaintiff's conduct falls short of their duty of disclosure and continues to waste judicial resources by forcing the Court and opposing party to expend time litigating what should have been straightforward compliance.

### C. Plaintiff's Strategy to Inflate Legal Fees Rather than Disclose Real Damages Undermines Rule 26

Plaintiff's failure to make mandatory disclosures, coupled with repeated motion practice over issues that should have been resolved without court intervention, reveals a deliberate effort to inflate legal fees. Because Plaintiff's only articulated damages theory rests on recouping those same fees through the Operating Agreement's fee-shifting clause, their litigation strategy itself is driving the claimed "damages."(See Ex A Pg 7).

More tellingly, Plaintiff explicitly listed legal fees as a central component of their claimed damages, despite the fact that their own pleadings and disclosures confirm that the legal fees incurred in this lawsuit are the only specific "loss" they have identified. This pattern suggests that Plaintiff's damages theory rests not on actual injury, but on a strategy to manufacture a damages claim through protracted litigation costs.

Furthermore, even if legal fees are legitimate for Plaintiff to seek here, Courts have held that where a party claims legal fees as damages, they must substantiate that claim by producing billing records and supporting documentation. For example, in *Bellevue Farm Owners Ass'n v. Stevens (In re in Rentals LLC)* (sometimes captioned as *Stevens v. Baute),* No. 73794-5-I, 2016 WL 2731295 (Wash. Ct. App. May 9, 2016) the court noted that "the only claimed damages are [plaintiff's] attorney fees," and required disclosure of underlying billing records to permit the opposing party to evaluate the scope and causal relationship of those fees.

The same principle applies here. If Plaintiff contend that their attorneys' fees represent part or all of their damages, they cannot shield those amounts from discovery while simultaneously using them to inflate their damages theory. At minimum, Rule 26(a)(1)(A)(iii) requires them to provide a computation of such fees incurred to date and to make available the underlying records on which that computation is based. See also *Fed. R. Civ. P. 26(a)(1)(A)(iii)* (damages computations must be based on documents "on which each computation is based").

Plaintiff's reliance on legal fees as the centerpiece of their damage theory, without identifying any business loss, client departure, revenue shortfall, or quantifiable harm, or even revealing the amount and basis of those legal fees, confirms that they are litigating without a good-faith damages basis. This is precisely the kind of behavior Rule 37(c)(1) was designed to address.

This strategy reflects an abuse of the discovery process and a disregard for Rule 26's mandate of early transparency. If Plaintiff genuinely suffered economic harm, they would already possess, or have attempted to gather, the evidence to quantify it. Their failure to do so,

after over a year of litigation, suggests their true intent is merely to burden Defendant with extensive legal costs in the hope of recovering those fees, rather than pursuing legitimate redress.

**D. Plaintiff's Initial Disclosures Fail to Provide Specific Categories of Supporting Documents as Required by Rule 26(a)(1)(A)(ii)**

Federal Rule 26(a)(1)(A)(ii) requires each party to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses."

Defendant complied with this requirement by listing specific categories of documents, including contracts, domain registration records, and communications relevant to the claims. Plaintiff, by contrast, offered only a generic reference to materials already used in prior motion practice, coupled with a conclusory assertion that they will calculate damages later. In effect, Plaintiff has suggested they have completed discovery at the preliminary injunction stage and have nothing further to discover.

This is not the purpose of Rule 26(a)(1). Initial disclosures must go beyond past filings; they must provide a clear roadmap of the evidence Plaintiff intend to rely on in support of their claims. Courts have repeatedly held that a vague or incomplete description of documents is insufficient. See *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995) (holding that "a party must disclose more than a mere general description; Rule 26 requires sufficient specificity to enable opposing counsel to make informed decisions about discovery").

By failing to identify any concrete categories of supporting documents, such as contracts allegedly breached, communications with clients, or financial records evidencing harm, Plaintiff

has deprived Defendant of the basic information necessary to evaluate and test their claims. This lack of specificity renders the disclosure again functionally equivalent to a non-disclosure, warranting relief under Rule 37(c)(1).

**E. Plaintiff's Disclosures Contradict Themselves, Further Confirming the Absence of Any Damages**

Plaintiff's Initial Disclosures list as potential evidence only documents already produced in prior motion practice, with a single additional reference to "accounting and customer records of Cleer." (See Ex. A Part II at ¶6.) If those records would actually demonstrate damages, Plaintiff is obligated under Rule 26(a)(1)(A)(iii) to compute and disclose those amounts. Their failure to do so confirms that even their own accounting records show no measurable losses.

These two positions cannot be reconciled. If Plaintiff truly possess all the documents supporting their damages theories, they were required to disclose them specifically under Rule 26(a)(1)(A)(ii). Their failure to do so demonstrates that such documents do not exist. And if Plaintiff's own records contain no evidence of damages, it is unreasonable to assert that damages can only be proven by discovery from Defendant. See *Martinez v. CITGO Refining & Chemicals Co., L.P.*, 730 F.3d 461, 481 (5th Cir. 2013) (affirming exclusion of damages evidence where, "after over a year of discovery, not one Plaintiff has yet to provide CITGO with any calculation or estimation of the damages he is seeking."). The situation here is no different: Plaintiff has been litigating for more than a year, yet continue to present "$0" damages and refuse to disclose even a basic computation.

By simultaneously claiming that (1) they have identified all relevant documents and (2) they cannot calculate damages, Plaintiff has effectively admitted that their case rests on

speculation, not evidence. Their position reveals that this lawsuit is not being pursued to vindicate any measurable harm, but rather as a vehicle to harass Defendant through costly discovery and motion practice, with an intent to later shift those fees to her. Courts have made clear that Rule 26 does not permit parties to proceed on the basis of "hope" that damages may surface in an opponent's files. See *Martinez* 730 F.3d at 481. Plaintiff's disclosures thus confirm that the action is being prosecuted for improper purposes, compounding the prejudice to Defendant and warranting relief under Rule 37(c)(1).

### F. Plaintiff's Initial Disclosures Were Not Properly Certified for Service

Rule 26(g)(1) requires that every disclosure be signed by at least one attorney of record, certifying that it is complete and correct to the best of the attorney's knowledge. Here, Plaintiff's Initial Disclosures contain a certificate of service stating that the disclosures "were filed using the Court's electronic filing system." (See Ex. A.) That statement is incorrect. Initial disclosures are not filed on CM/ECF; they are served directly on opposing parties, as Defendant properly did by certifying service via electronic mail. (See Ex. C.)

Plaintiff's inaccurate certification is not a harmless clerical error. It undermines the Rule 26(g) certification that counsel has made a reasonable and accurate disclosure, and it reflects a pattern of carelessness and misrepresentation, as was seen throughout the document. As the Advisory Committee Notes emphasize, the Rule 26(g) certification "is a deterrent to both excessive discovery and evasion" and imposes "an affirmative duty to engage in pretrial discovery in a responsible manner." Plaintiff's failure to provide a correct certification only reinforces that their Initial Disclosures are functionally equivalent to a non-filing.

**G. Plaintiff's Discovery Abuses Are a Recurring Problem the Court Has Declined to Remedy**

Plaintiff's Initial Disclosures also improperly name "Optic Tax Global" as a source of relevant documents, despite having already filed a failed emergency motion for injunctive relief based on that claim and receiving evidence from Defendant demonstrating no ownership or involvement with that entity. (See ECF No. 209) Plaintiff never withdrew those allegations, even after a Rule 11 motion was filed, which remains pending before the court, and now repeat them here in their disclosures, further evidencing a lack of reasonable inquiry and a pattern of willful misrepresentation. Such conduct not only violates the spirit of Rule 26(a)(1), but also burdens the Court with recycled and disproven claims.

Moreover, this is not the first time Plaintiff's misconduct in the discovery process has been brought to the Court's attention. In February 2025, Defendant filed a Motion for Mistrial (ECF No. 139) that raised serious concerns about witness tampering by Plaintiff's counsel. The Court denied that motion (ECF No. 185) on procedural grounds, construing it as a request for a new hearing, and ignored the underlying misconduct.

In March 2025, Defendant filed a separate Motion for Sanctions (ECF No. 175), documenting Plaintiff's threats to withdraw a motion unless Defendant agreed to change her legal position, as well as Plaintiff's refusal to provide responsive discovery. In denying that motion (ECF No. 235), the Court acknowledged the existence of discovery disputes but declined to intervene once again, stating that such matters would be resolved "in the ordinary course."

That "ordinary course" has now led here. Despite explicit warnings in ECF No. 277, Plaintiff has once again refused to comply with the Federal discovery statutes and the rules of

this court, serving Initial Disclosures that list "$0" in damages, offer no computation, and fail to identify supporting documents. The pattern is clear: when discovery misconduct goes unchecked, it escalates. Without intervention, Plaintiff obviously intends to continue to exploit the litigation process while withholding core information. This Court's credibility in managing discovery hinges on enforcing the very rules it warned Plaintiff not to ignore.

## IV. CONCLUSION

Plaintiff's Initial Disclosures fail to meet the fundamental requirements of Rule 26(a)(1). By listing "$0" damages, refusing to provide a computation until after discovery, and omitting the categories of documents supporting their claims, Plaintiff has effectively provided no disclosure at all. Their conduct violates both the Federal Rules and this Court's August 29, 2025 Order, and has prejudiced Defendant by forcing unnecessary motion practice. Under Rule 37(c)(1), such failures warrant sanctions, including dismissal or preclusion of damages claims. At a minimum, Plaintiff should be compelled to serve complete and compliant disclosures immediately.

## V. RELIEF REQUESTED

For the reasons stated, Defendant respectfully requests that the Court:

1. Dismiss Plaintiff Cleer LLC's claims for monetary damages in their entirety pursuant to Fed. R. Civ. P. 37(c)(1), in light of Plaintiff's year-long failure to provide any computation of damages as required by Rule 26(a)(1)(A)(iii), and consistent with this Court's August 29, 2025 Order (ECF No. 277) expressly warning of dismissal for noncompliance;

    2. In the alternative, order Plaintiff Cleer LLC to serve complete and compliant Rule 26(a)(1) Initial Disclosures within seven (7) days, including a computation of each category of damages claimed and the production or identification of the documents on which each computation is based;

    3. Preclude Plaintiff Cleer LLC from offering at trial any damages evidence not disclosed in compliance with Rule 26(a)(1)(A)(iii), consistent with Fed. R. Civ. P. 37(c)(1);

    4. Preclude Plaintiff Cleer LLC from seeking recovery of attorneys' fees and costs as damages, or limit any fee recovery to those fees that are reasonable and necessary, excluding amounts generated by Plaintiff's own failure to comply with Rule 26(a)(1); and

    5. Grant such other and further relief as the Court deems just and proper, including limiting Plaintiff's claims to equitable remedies only.

    Respectfully submitted,
/s/ Crystal Stranger
Crystal Stranger
Pro Se Litigant

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 23, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

*/s/ Crystal Stranger*