# EXHIBIT A

Email Exchange re Rule 11 Safe Harbor, Sept. 23, 2025

 Crystal Stranger <crystalstranger@gmail.com>

## Cleer LLC v. Stranger, Case No. 3:24-cv-01496-MPS Fourth Rule 11(c)(2) Safe Harbor Notice
9 messages

**Crystal Stranger** <crystalstranger@gmail.com>  Tue, Sep 23, 2025 at 6:05 PM
To: "George B. Musekamp" <gmusekamp@taftlaw.com>, "Jesse K." <JDaley@taftlaw.com>, michael.o'malley@ogletree.com, Evan Cohn <ecohn@taftlaw.com>

Counsel,

Pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, please take notice that Defendant Crystal Stranger intends to file the attached Motion for Sanctions under Rule 11(b) unless Plaintiff withdraws or corrects its Motion for Coercive Sanctions (ECF 287) within 21 days of service of this letter.

As set forth in the attached motion and memorandum, your filing contains factual misrepresentations contradicted by the docket, reliance on inadmissible material.

Unless the challenged filing is withdrawn or corrected within the 21-day safe harbor period, Defendant will file the enclosed motion with the Court and seek appropriate sanctions against Plaintiff and its counsel.

Respectfully,
/s/ Crystal Stranger

 **Defendant Fourth Motion for Rule 11 Sanctions.pdf**
88K

---

**Musekamp, George B.** <gmusekamp@taftlaw.com>  Tue, Sep 23, 2025 at 6:21 PM
To: Crystal Stranger <crystalstranger@gmail.com>, "Daley, Jesse K." <JDaley@taftlaw.com>, "michael.o'malley@ogletree.com" <michael.o'malley@ogletree.com>, "Cohn, Evan" <ECohn@taftlaw.com>

You are intentionally misrepresenting our statement to the Court. We stated: "Nor has Ms. Stranger submitted a statement under oath <u>making clear the steps she has taken to comply with the letter and spirit of the Court's Order.</u>"

That is an accurate statement – you have not taken any steps to comply with the Court's Order to transfer the domain to Cleer. While you provided a statement under oath providing a multitude of excuses why you do not intend to transfer the domain, your statement does not make any mention of the steps you have taken to comply with the letter and spirit of the Court's Order <u>to transfer the domain</u>. Instead, your statement under oath states simply recycles reasons that Judge Shea has repeatedly informed you are not a basis for not complying with the letter and spirit of the Court's Order. (Doc. 243) ("Indeed, it is evident that Stranger has not even attempted to comply, believing she need not do so. Therefore I find Stranger in contempt.").

You can file yet another Rule 11 motion and we will ask for sanctions in having to respond to your frivolous motion and misrepresentations to the Court.

Just transfer the domain to Cleer so the unnecessary motion practice can stop.



**George B. Musekamp**
Partner
GMusekamp@taftlaw.com
Dir: 513.357.9453
Tel: 513.381.2838 | Fax: 513.381.0205
425 Walnut Street, Suite 1800
Cincinnati Ohio 45202-3957

Taft Bio
Download vCard
taftlaw.com

Now over 1,100 attorneys strong.

Taft is expanding to **Atlanta** and strengthening its **Washington, D.C.**, presence through a merger with Morris, Manning & Martin on Dec. 31, 2025. Learn more **here.**

Taft has expanded to **Southeast Florida**, with the addition of Mrachek Law, a distinguished litigation firm. Learn more **here.**

Taft has expanded to the **Mountain West region** with the addition of Sherman & Howard, a prominent 130-year-old law firm. Learn more **here.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

[Quoted text hidden]

---

**Crystal Stranger** <crystalstranger@gmail.com>                      Tue, Sep 23, 2025 at 6:57 PM
To: "Musekamp, George B." <gmusekamp@taftlaw.com>
Cc: "Daley, Jesse K." <JDaley@taftlaw.com>, "michael.o'malley@ogletree.com" <michael.o'malley@ogletree.com>, "Cohn, Evan" <ECohn@taftlaw.com>

Mr. Musekamp,

Thank you for your email. If the language in Plaintiff's Motion for Coercive Sanctions (ECF 287) was not intended to suggest that I failed to file any sworn declaration, then the most efficient way to avoid unnecessary motion practice would be for Plaintiff to file a short notice clarifying the record.

If you make such a filing, I will not proceed with my Rule 11 motion, and the Court will have an accurate account of the sequence of events without further dispute.

As to the domain transfer, I have already placed my position before the Court in my sworn filings (ECF 258, 258-3) and through my pending appellate proceedings, including my current motion before the Second Circuit for en banc review of the stay motions. I am continuing to follow the lawful process to protect my rights while ensuring the Court has a complete record.

Sincerely,
Crystal Stranger

[Quoted text hidden]

---

**Musekamp, George B.** <gmusekamp@taftlaw.com>                       Tue, Sep 23, 2025 at 7:01 PM
To: Crystal Stranger <crystalstranger@gmail.com>
Cc: "Daley, Jesse K." <JDaley@taftlaw.com>, "michael.o'malley@ogletree.com" <michael.o'malley@ogletree.com>, "Cohn,

Evan" <ECohn@taftlaw.com>

There is nothing to clarify. Cleer's Motion clearly states our position that the sworn statement you filed is non-compliant. We never stated that you failed to file any sworn declaration. The Court is able to review the docket and already has an accurate account of the sequence of events.

[Quoted text hidden]

---

**Crystal Stranger** <crystalstranger@gmail.com>    Tue, Sep 23, 2025 at 7:09 PM
To: "Musekamp, George B." <gmusekamp@taftlaw.com>
Cc: "Daley, Jesse K." <JDaley@taftlaw.com>, "michael.o'malley@ogletree.com" <michael.o'malley@ogletree.com>, "Cohn, Evan" <ECohn@taftlaw.com>

Mr. Musekamp,

Your email now characterizes Plaintiff's position as that my sworn declaration was "non-compliant." Respectfully, that is not what Plaintiff stated in ECF 287. The motion asserts: *"Nor has Ms. Stranger submitted a statement under oath making clear the steps she has taken to comply with the letter and spirit of the Court's Order."*

That phrasing reasonably reads as though no sworn statement was filed at all, which is contradicted by the docket — specifically, my sworn declaration under penalty of perjury filed August 11, 2025 (ECF 258-3). If Plaintiff's intended position was instead that my sworn declaration was inadequate, that is a different assertion. Framing it as if no sworn declaration existed is misleading to the Court.

I raised this issue to give Plaintiff the opportunity to correct the record without burdening the Court. Since you have declined to clarify, I will proceed with my Rule 11 motion once the safe-harbor period has expired, and this correspondence will be included as part of the record.

Sincerely,
Crystal Stranger

[Quoted text hidden]

---

**Musekamp, George B.** <gmusekamp@taftlaw.com>    Tue, Sep 23, 2025 at 7:28 PM
To: Crystal Stranger <crystalstranger@gmail.com>
Cc: "Daley, Jesse K." <JDaley@taftlaw.com>, "michael.o'malley@ogletree.com" <michael.o'malley@ogletree.com>, "Cohn, Evan" <ECohn@taftlaw.com>

Your reading ignores the clarifying language where we state that you have not *"submitted a statement under oath **making clear the steps she has taken to comply with the letter and spirit of the Court's Order.**"* Again, that is a correct and accurate statement that clarifies why your statement under oath was not compliant with the Court's Order and why we are requesting coercive sanctions. It appears that you agree that your declaration did not provide the Court with the steps you have taken to transfer the domain to Cleer. If you do not agree, please direct us to the paragraphs in your declaration where you state the steps you have taken to transfer the domain to Cleer.

But, I am not going to continue to argue with you over a non-issue. You can proceed with your frivolous motion and we will respond as I stated below.

Please include this entire email exchange with your motion.

[Quoted text hidden]

4

**Crystal Stranger** <crystalstranger@gmail.com>  Tue, Sep 23, 2025 at 8:05 PM
To: "Musekamp, George B." <gmusekamp@taftlaw.com>
Cc: "Daley, Jesse K." <JDaley@taftlaw.com>, "michael.o'malley@ogletree.com" <michael.o'malley@ogletree.com>, "Cohn, Evan" <ECohn@taftlaw.com>

Mr. Musekamp,

Respectfully, I do not agree with your characterization. My sworn declaration (ECF 258-3) set out the steps I had taken in response to the Court's August 4 Order and explained the constraints while appellate proceedings were pending. That is not the same as "no statement under oath," which is what ECF 287 states.

The difference between saying a sworn declaration exists but you view it as inadequate, and saying no sworn declaration was filed, is significant. Plaintiff chose the latter phrasing in ECF 287, which is contradicted by the docket and misleads the Court.

I have already given Plaintiff the opportunity to correct the record without further motion practice. Since you have declined, I will preserve this exchange and proceed accordingly if necessary.

Sincerely,
Crystal Stranger

[Quoted text hidden]

---

**Musekamp, George B.** <GMusekamp@taftlaw.com>  Tue, Sep 23, 2025 at 8:08 PM
To: Crystal Stranger <crystalstranger@gmail.com>
Cc: "Daley, Jesse K." <JDaley@taftlaw.com>, "michael.o'malley@ogletree.com" <michael.o'malley@ogletree.com>, "Cohn, Evan" <ECohn@taftlaw.com>

You did not answer my question - where, by numbered paragraph, in your declaration do you provide the Court with notice of the steps you have taken to transfer the domain?

> On Sep 23, 2025, at 2:06 PM, Crystal Stranger <crystalstranger@gmail.com> wrote:
>
> [Quoted text hidden]

---

**Crystal Stranger** <crystalstranger@gmail.com>  Tue, Sep 23, 2025 at 11:15 PM
To: "Musekamp, George B." <GMusekamp@taftlaw.com>
Cc: "Daley, Jesse K." <JDaley@taftlaw.com>, "michael.o'malley@ogletree.com" <michael.o'malley@ogletree.com>, "Cohn, Evan" <ECohn@taftlaw.com>

Mr. Musekamp,

Your question goes to compliance with the Court's August 4 Order. That is a separate issue currently before the Court and the Second Circuit. It is not the subject of my Rule 11 notice.

The point at issue here is narrower: ECF 287 asserts that I "have not submitted a statement under oath." That assertion is contradicted by the docket, which reflects my sworn declaration filed August 11, 2025 (ECF 258-3). Whether Plaintiff considers that declaration adequate is a matter of argument; whether it exists is a matter of fact.

Respectfully, I will not continue debating the merits of compliance with you by email. The record speaks for itself, and, as discussed previously, I will preserve this exchange for the Court if necessary.

Crystal Stranger

[Quoted text hidden]