IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC | : |
| | : |
| v. | : 3:24-cv-1496-MPS |
| | : |
| CRYSTAL STRANGER et al. | : |
| | : NOTICE OF SUPPLEMENTAL |
| v. | : AUTHORITY |
| | : |
| DAVID and CARRIE McKEEGAN | : |
| | : |
| | : |

Defendant respectfully respectfully submits this Notice of Supplemental Authority in support of her pending Motion to Vacate (ECF No. 295).

On September 19, 2025, the United States District Court for the Northern District of Texas issued a significant opinion in *United States v. Sagoo*, No. 3:21-cv-02455-M (N.D. Tex. Sept. 2025). Applying the Supreme Court's decision in *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024), the court held that the government's administrative process for imposing civil penalties violated the Seventh Amendment because the agency "acted as prosecutor, jury, and judge" before any jury trial could occur. The court emphasized that "the constitutional guarantee of a jury trial is not honored by a trial occurring after an agency has already found the facts, interpreted the law, adjudged guilt, and levied punishment." *Sagoo*, slip op. at 6 (quoting *AT&T, Inc. v. FTC*, 135 F.4th 230, 242 (5th Cir. 2025) (emphasis added)).

This reasoning bears directly on the sanctions order entered by this Court on September 25, 2025 (ECF No. 292). In that order, the Court not only imposed daily fines but also directed that if Defendant did not surrender the disputed Cleer.tax domain by October 7, 2025, "the Court

will dismiss her counterclaims in this action." Id. ¶3. Such dismissal would extinguish Defendant's property-based claims as a punitive sanction before they are adjudicated on the merits by a jury.

At minimum, the question presented is one over which there is substantial ground for difference of opinion. The Northern District of Texas in *Sagoo*, applying *Jarkesy*, held that extinguishing claims through pretrial penalty mechanisms violates the Seventh Amendment. If this Court concludes otherwise, the resulting divergence would underscore the need for appellate review and could contribute to an emerging circuit split on this constitutional issue.

As in *Sagoo*, an "after-the-fact" jury trial cannot cure the structural constitutional violation when claims are dismissed in advance. Conditioning the right to pursue counterclaims on compliance with a coercive order deprives Defendant of the Seventh Amendment guarantee.

Accordingly, Defendant submits *Sagoo* as supplemental authority confirming that dismissal of counterclaims as a coercive sanction is unconstitutional under the Seventh Amendment.

    Respectfully submitted,
    /s/ Crystal Stranger
    Crystal Stranger
    Pro Se Litigant

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 30, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

*/s/ Crystal Stranger*