**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CLEER LLC | : |
| | : 3:24-cv-1496-MPS |
| v. | : |
| | : |
| CRYSTAL STRANGER et al. | : DEFENDANT'S THIRD MOTION FOR |
| | : DISCLOSURE OF EX PARTE |
| v. | : COMMUNICATIONS |
| | : |
| DAVID and CARRIE McKEEGAN | : |
| | : |

Defendant respectfully moves, pursuant to the Court's inherent authority and to preserve the integrity of these proceedings, for disclosure of any ex parte communications between Plaintiff (or its counsel) and the Court or its chambers staff concerning the scheduling of this matter.

## I. INTRODUCTION

This is Defendant's third motion seeking such disclosure. Prior motions have raised concerns about irregularities in the handling of mediation and enforcement orders. The present motion arises from the Court's September 30, 2025 Scheduling Order and Calendar Entry (ECF Nos. 297, 299), which set deadlines and a trial calendar that track with Plaintiff's initial private draft Rule 26(f) proposal, a draft never filed with the Court, rather than with the joint Rule 26(f) report actually filed as ECF 282.

The close alignment between the Court's order and Plaintiff's private, off-record proposal creates at least the appearance that the Court acted on information communicated outside the adversarial process, raising serious concerns under the Due Process Clause and Canon 3(A)(4), which prohibit even the appearance of ex parte influence.

1

## II. DUE PROCESS AND JUDICIAL STANDARDS

The appearance that Plaintiff's private draft influenced the Court's scheduling order raises serious concerns. Canon 3(A)(4), Code of Conduct for U.S. Judges: A judge "shall not initiate, permit, or consider ex parte communications…concerning a pending or impending matter." Even the appearance of bias or reliance on off-record communications undermines public confidence in the judiciary. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Due process requires that judicial decisions be based solely on matters in the record. See *In re Murchison*, 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process.").

Courts have long recognized that undisclosed communications between one party and the tribunal can compromise both the fairness and the appearance of fairness in judicial proceedings. *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001) (ex parte contacts can undermine fairness). *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883 (2009) (appearance of bias violates due process where objective circumstances raise probability of unfairness). Here, the Court's order aligns with Plaintiff's private communications rather than the adversarially filed 26(f) report, creating at least the appearance that ex parte input occurred.

## III. SCHEDULING REFLECTS PLAINTIFF'S UNDOCKETED DRAFT

On September 5, 2025, the parties filed their Rule 26(f) Report of Parties' Planning Meeting (ECF 282). In this document: Plaintiff's filed position requested discovery close by November 7, 2025, dispositive motions by November 14, 2025, and trial readiness by December 1, 2025; Defendant's filed position requested discovery through August 31, 2026, dispositive motions by October 15, 2026, and trial readiness by March 15, 2027 (See ECF No. 282).

Then on September 30, 2025, the Court issued its Scheduling Order (ECF 297) and Calendar Entry (ECF 299)setting: Discovery cutoff: February 16, 2026, Joint Trial Memorandum: April 30, 2026. Pretrial conference: May 5, 2026, and jury selection: May 13, 2026.

These dates closely mirror those in Plaintiff's private, unfiled draft Rule 26(f) report (Ex. A), sent to Defendant prior to the filing of ECF 282. That draft proposed: Discovery cutoff: January 30, 2026, Joint Trial Memorandum: May 5, 2026, and Trial readiness: June 19, 2026.

The Court's order thus:

A. Set the Joint Trial Memorandum for April 30, 2026, essentially the same as Plaintiff's private draft (May 5, 2026).

B. Scheduled jury selection for May 13, 2026, within five weeks of Plaintiff's private draft's trial readiness date (June 19, 2026).

C. Adopted a discovery cutoff date (Feb. 16, 2026) nearly identical to Plaintiff's private draft (Jan. 30, 2026).

By contrast, the order bears little resemblance to the filed Rule 26(f) positions: it is neither Plaintiff's requested December 2025 trial readiness nor Defendant's proposed March 2027 readiness.Instead, the Court adopted dates that were never proposed on the record nor requested at any conference, but that mirror Plaintiff's unfiled private draft and align directly with Plaintiff's business interests as a tax preparation firm. In the tax industry it is standard practice to avoid major deadlines during the height of the filing season in the two months leading up to April 15. The Court's order reflects that very accommodation with discovery ending in

mid-February and the Joint Trial Memorandum due April 30, timed precisely to fall immediately around the tax season rush, despite no such request appearing on the docket.

## IV. CONCLUSION

This is now the third instance in which Court action has closely mirrored Plaintiff's off-the-record communications. Without disclosure, Defendant cannot be assured of a fair and impartial tribunal. At minimum, the Court should disclose whether Plaintiff's private draft was considered and whether any ex parte communications occurred in connection with the September 30, 2025 Scheduling Order.

## V. RELIEF REQUESTED

Defendant respectfully requests that the Court:

1. Disclose whether any ex parte communications occurred between Plaintiff (or its counsel) and the Court (including chambers staff) concerning scheduling or trial management;

2. If such communications occurred, produce or docket them in full, including emails, letters, telephone records, or in-person meeting notes; and,

3. Clarify whether Plaintiff's private draft Rule 26(f) report was considered in crafting the September 30, 2025 Scheduling Order.

Respectfully submitted,
/s/ Crystal Stranger
Crystal Stranger
Pro Se Litigant

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 2, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

    */s/ Crystal Stranger*