# EXHIBIT A

Plaintiff's Draft Disclosures
September 3, 2025



Crystal Stranger <crystalstranger@gmail.com>

---

### Rule 26(f) Joint Filing.docx-176114765-v1
1 message

**Musekamp, George B.** <GMusekamp@taftlaw.com>  Wed, Sep 3, 2025 at 1:07 AM
To: Crystal Stranger <crystalstranger@gmail.com>
Cc: "Daley, Jesse K." <JDaley@taftlaw.com>, "michael.o'malley@ogletree.com" <michael.o'malley@ogletree.com>

Ms. Stranger –

Attached is the proposed Rule 26 plan. This must be filed Friday. Please let us know times tomorrow or Thursday you are available to discuss.

Thanks

George



**George B. Musekamp**
Partner
GMusekamp@taftlaw.com
**Dir:** 513.357.9453
**Tel:** 513.381.2838   |   **Fax:** 513.381.0205
425 Walnut Street, Suite 1800
Cincinnati Ohio 45202-3957

**Taft Bio**
**Download vCard**
taftlaw.com

Now over 1,100 attorneys strong.

Taft is expanding to **Atlanta** and strengthening its **Washington, D.C.**, presence through a merger with Morris, Manning & Martin on Dec. 31, 2025. Learn more **here**.

---

Taft has expanded to **Southeast Florida**, with the addition of Mrachek Law, a distinguished litigation firm. Learn more **here**.

---

Taft has expanded to the **Mountain West region** with the addition of Sherman & Howard, a prominent 130-year-old law firm.  Learn more **here**.

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

📄 Rule 26(f) Joint Filing.docx-176114765-v1.docx
31K

# FORM 26(F) REPORT OF PARTIES' PLANNING MEETING

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | : Case No. 3:24-cv-01496-MPS<br>: Judge Michael P. Shea<br>: Magistrate Judge Maria E. Garcia |
| Plaintiff, | : |
| v. | : |
| CRYSTAL STRANGER, et al., | : |
| Defendants. | : |

Date Complaint Filed: September 18, 2024

Date Complaint Served: November 26, 2024

Date of Defendant's Appearance: October 1, 2024

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on September _, 2025. The participants were:

George Musekamp, counsel for Plaintiff Cleer LLC

Crystal Stranger for defendant, *pro se*

### I. Certification

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

### II. Jurisdiction

A.   <u>Subject Matter Jurisdiction</u>

Subject matter jurisdiction has not been contested. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) pursuant to 28 U.S.C. § 1338(a)–(b) (original jurisdiction to adjudicate federal trademark claims) and 18 U.S.C. § 1836 (original jurisdiction to adjudicate trade secret claims under the Defend Trade Secret Act of 2016 ("DTSA")). The Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(a). The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity).

    B.    <u>Personal Jurisdiction</u>

Personal jurisdiction is not contested. The Court has personal jurisdiction over Stranger because she agreed by contract to personal jurisdiction in Connecticut.

III. **Brief Description of Case**

    A.    <u>Claims of Plaintiff/s:</u> The Court has been provided with extensive briefing regarding the claims in this case, including Plaintiff's claims of breach of contract, unfair competition, tortious interference with existing and prospective business relationships, civil conspiracy, breach of duty of loyalty, false designation of origin and unfair competition, anticybersquatting, violation of the Defend Trade Secret Act of 2016 ("DTSA"), violation of the Connecticut Uniform Trade Secret Act ("CUTSA"), statutory theft under Conn. Gen. Stat. § 52-564, conversion, and defamation (libel), and involves enforcement of restrictive covenants and recovery of property including the domain Cleer.tax. In sum, Plaintiff claims that Stranger executed certain contracts with Cleer containing restrictive covenants, but violated the terms of those agreements by soliciting Cleer's clients and suppliers, misappropriating Cleer's information, and taking company property including the domain Cleer.tax to solicit Cleer's clients and redirect Cleer's customers to her competing company Optic Tax, Inc.

    B.    <u>Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims)(either pled or anticipated) of Defendant/s:</u> {==Stranger to complete==}

C.  <u>Defenses and Claims of Third Party Defendant/s</u>: Cleer has complied with the contracts at issue in the counterclaims against it and payment, if any, to Defendant Stanger is not due until August 2026.

## IV.  Statement of Undisputed Facts

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

- Stranger is CEO and President of Optic Tax.
- CLEER® is registered with the United States Patent and Trademark Office as Reg. No. 7356779. The CLEER® Trademark claims a first use date of October 28, 2022.  (Exhibit A – Registration For CLEER®a).
- Cleer has filed a United States trademark application for CLEER.TAX (Design Mark), Ser. No. 98128324 (collectively with CLEER®, the "CLEER Trademarks"). The CLEER.TAX design mark is pictured below.
- In January 2020, Cleer hired Stranger as a Lead Accountant. Stranger, as an employee, was tasked with preparing and reviewing tax returns, advising clients, and with business development.
- Cleer provided Stranger with a company laptop. She had access to electronically stored client information. Cleer uses its client lists to create new business, drive referrals, and maintain current clients.
- In May 2022, Cleer awarded Stranger an initial 6% membership interest in Cleer.
- Cleer required Stranger, as a new Member of Cleer, to execute the Operating Agreement.
- Cleer also required Stranger, as an employee of Cleer, to executed the Membership Vesting Agreement.
- The Operating Agreement and Membership Vesting Agreement imposed restrictions on Stranger in her capacity as a member and employee.
- Stranger was assigned the email address crystal@cleer.tax for her employment related activities on behalf of Cleer; the remaining employees and owners of Cleer were also provided an @cleer.tax email account which they permissibly used to solicit and conduct business on Cleer's behalf.
- Cleer further used the website www.Cleer.tax to market its services and solicit clients.
- Stranger purchased the domain "OpticTax.com" on January 22, 2024, while she was still employed by Cleer.

- Stranger redirected all website traffic for Cleer's current and prospective clients who visit www.Cleer.tax directly to www.OpticTax.com.
- Defendants have forwarded emails sent to XXX@cleer.tax addresses to Defendants' new email addresses with Optic Tax.
- Under the Operating Agreement, when a Member's Units are terminated for cause and repurchased, "[t]he purchase price shall be equal to the credit balance in the Member's Capital Account . . . ."
- At the time of filing the Complaint, Stranger and Optic Tax were competing with Cleer.
- Stranger still possesses and maintains the Cleer.tax domain.

**V.    Case Management Plan:**

A.    Initial Disclosures

The Parties propose waiving initial disclosures given the extensive discovery that has already occurred.

B.    Scheduling Conference

1. The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone or video conference.

C.    Early Settlement Conference

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement discussions are underway and are being facilitated by Judge Vati in a second mediation scheduled for September 18, 2025.

2. The parties do not request an early settlement conference.

3. The parties have already requested a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 and are participating in same. A second mediation is scheduled for November 2025.

D. <u>Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings.</u>

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiff(s) should be allowed until October 31, 2026 to file motions to join additional parties and until October 31, 2026 to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

2. Defendant(s) should be allowed until October 31, 2026 to file motions to join additional parties or amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause' for the delay.

**E. Discovery**

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case" :

<u>Plaintiff's Position</u>: Substantial discovery has been completed relevant to obtaining preliminary injunctive relief. Cleer will need to conduct additional discovery to determine the net profit Defendant Stranger incurred by soliciting Cleer's clients and to assess the totality of the damage to Cleer's business and its reputation and goodwill with its customers by virtue of Stranger's breach of the protective covenants and her misappropriation and redirection of the Cleer.tax domain, and other claims asserted by Cleer. Cleer also needs discovery to determine additional clients and suppliers solicited by Plaintiff since initial discovery was served as part of the preliminary injunction hearing.

Cleer also needs additional discovery to determine additional unfair competitive practice of Stranger since the preliminary injunction hearing.

Defendant's Position (if different): {completed by Stranger}

b. The parties anticipate that discovery will be needed on the following subjects: net profit Defendant Stranger incurred by soliciting Cleer's clients; clients solicited by Stranger since prior discovery was responded to; Stranger's current employment; other parties involved in Stranger's competing activities; damage to Cleer's business, reputation, and client goodwill caused as a result of Stranger's breach of the protective covenants and her misappropriation and redirection of the Cleer.tax domain. {Stranger additions}

c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by October 1, 2025 and completed (not propounded) by January 30, 2026.

d. Discovery will not be conducted in phases.

e. If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by: Not applicable.

f. The parties anticipate that the plaintiff(s) will require a total of five (5) depositions of fact witnesses and that the defendant(s) will require a total of ____ depositions of fact witnesses. The depositions will commence by October 1, 2025 and be completed by January 30, 2026.

g. The parties will not request permission to serve more than 25 interrogatories.

h. Plaintiff/s do not intend to call expert witnesses at trial. Defendant/s [intend] [do not intend] to call expert witnesses at trial.

i. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the

burden of proof by a date not later than 3 months before the deadline for completing all discovery. Depositions of any such experts will be completed by [a date not later than 2 months before the deadline for completing all discovery.

j.	Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by a date not later than 1 month before the deadline for completing all discovery. Depositions of such experts will be completed by a date not later than the discovery cutoff date.

k.	A damages analysis will be provided by any party who has a claim or counterclaim for damages by January 9, 2026.

l.	Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties have been unable to reach agreement on the procedures for the preservation, disclosure and management of electronically stored information on a laptop produced by Stranger. Following is the position of each party: Cleer has maintained its electronically stored information and will provide the same to Defendant Stranger upon properly served discovery requests. However, despite the Courts Order requiring that Defendant Stranger produce her laptop for forensic review, she has refused to provide the password, or to assist Cleer in obtaining the password, preventing Cleer from conducting a forensic analysis of same.

m.  Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information: the individual parties will bear their own costs of preserving and producing electronically stored information.

n.  Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production: the parties agree to promptly clawback and immediately delete inadvertently produced documents.

F.  Other Scheduling Issues

The parties propose the following schedule for addressing other issues pertinent to this case: None.

G.  Summary Judgment Motions:

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before March 6, 2026.

H.  Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 5, 2026.

**VI.  TRIAL READINESS**

The case will be ready for trial by June 19, 2026.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff

By _____   Date: _____

Defendant

By _____   Date: _____

The undersigned self-represented parties certify that they will cooperate with all other parties, counsel and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff                                  Date:

Defendant                                  Date: