## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC | : | |
| | : | 3:24-cv-1496-MPS |
| v. | : | |
| | : | |
| CRYSTAL STRANGER et al. | : | DEFENDANT'S MOTION TO VACATE |
| | : | OR STAY SCHEDULING ORDERS |
| v. | : | |
| | : | |
| DAVID and CARRIE McKEEGAN | : | |
| | : | |

The Scheduling Order entered September 30, 2025 (ECF No. 297) and the related Calendar Notice (ECF No. 299) are premature and prejudicial because they presuppose that this District is the proper forum and that the undersigned will preside at trial, despite Defendant's fully-briefed motions for transfer of venue (ECF No. 289) and for recusal (ECF No. 293). Defendant respectfully moves to vacate or stay those orders pending expedited resolution of these threshold motions.

## I. INTRODUCTION

The Scheduling Order requires that discovery be completed by February 16, 2026, a Joint Trial Memorandum be filed by April 30, 2026, and that trial commence in Hartford on May 13, 2026. The Calendar Notice has now confirmed these dates as firm, in-person proceedings before the undersigned Judge. These orders presuppose both that this District is the proper forum and that the undersigned will preside at trial. Both assumptions are premature and prejudicial while Defendant's motions raising threshold issues of venue and impartiality remain unresolved.

Proceeding with discovery, trial preparation, and in-person proceedings in Connecticut before resolving these threshold motions not only risks wasted resources but also prejudices Defendant's due process rights to a fair tribunal and a proper forum.

## II. ARGUMENT

### A. Venue and Recusal Motions Present Threshold Questions That Must Be Resolved Before Trial Scheduling

It is premature and prejudicial to impose burdensome discovery deadlines, trial preparation, and in-person proceedings before resolving whether this Court is the proper forum or whether the undersigned may preside. Courts have long recognized that litigants are entitled to resolution of threshold questions of impartiality and venue before being compelled to proceed to trial. See *In re Murchison*, 349 U.S. 133, 136 (1955) (due process requires "a fair trial in a fair tribunal"); *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (opportunity to be heard must be provided "at a meaningful time and in a meaningful manner").

Courts routinely hold that transfer motions should be decided before discovery or trial scheduling. See *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30–31 (3d Cir. 1970) (per curiam) ("Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected."); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) (transfer motion "should be decided as expeditiously as possible" before extensive litigation proceeds). These concerns apply with full force here, where discovery obligations and trial preparation are already underway.

Defendant's Motion to Transfer Venue (ECF No. 289) demonstrates that Connecticut is not the proper or convenient forum, and that transfer is warranted under 28 U.S.C. § 1404(a). As Defendant argued in her first motion to expedite, forcing discovery in this District before deciding venue creates "substantial time and expense responding to burdensome requests in a forum that may soon be found improper." (See ECF No. 290)

2

Defendant's Motion for Recusal (ECF No. 293) likewise sets out a record of bias and procedural irregularities that would cause any objective observer to question impartiality. Due process requires not only an impartial tribunal but also the appearance of impartiality. *In re Murchison*, 349 U.S. 133, 136 (1955).

Trial scheduling before resolving venue and recusal is premature because it presumes answers to these threshold questions in favor of Plaintiff and the current judge.

**B. Due Process Requires Resolution of Threshold Motions Before Imposing Trial Burdens**

The Fifth Amendment guarantees litigants a meaningful opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). By setting firm trial deadlines and requiring in-person proceedings in Hartford, the Court has imposed significant burdens—travel, discovery, trial preparation—without first determining whether it is the proper forum or whether the presiding judge is disqualified. This sequencing deprives Defendant of a fair opportunity to be heard on venue and recusal before being compelled to undertake duplicative and prejudicial trial preparation.

This concern is not hypothetical. Defendant has already been prejudiced in this very action by the Court's failure to resolve threshold issues in the proper sequence. The Court compelled Optic Tax Inc. — a co-defendant — to participate in expedited discovery, evidentiary hearings, and to comply with the Preliminary Injunction Order (ECF No. 208), only to later dismiss Optic Tax for lack of personal jurisdiction (ECF No. 236). By the time the Court acknowledged it lacked jurisdiction, Optic Tax had already been subjected to discovery

3

obligations, contempt findings, and reputational harm, and Defendant Stranger had been forced to cease business operations under the Optic Tax name.

This sequence underscores the risk of prejudice when threshold questions are deferred. As the Supreme Court has emphasized, personal jurisdiction is an "essential element … without which the court is powerless to proceed." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). Proceeding to schedule trial and compel in-person appearances in Connecticut before resolving venue and recusal motions creates the same danger of irreversible prejudice: Defendant may expend months of preparation, incur unnecessary travel and litigation costs, and be bound by orders in a forum later deemed improper or before a judge later determined disqualified.

These risks are compounded by the fact that the Scheduling Order closely mirrors Plaintiff's private, unfiled Rule 26(f) draft proposal rather than either party's filed Rule 26(f) positions (ECF No. 282). Defendant has today filed a Third Motion for Disclosure of Ex Parte Communications (ECF No. 300), attaching Plaintiff's draft as Exhibit A, which shows the alignment between Plaintiff's off-record proposal and the Court's September 30, 2025 Scheduling Order. The appearance that Plaintiff's private draft may have influenced the Court's order without adversarial process heightens the due process concerns here, making it all the more essential that venue and recusal be resolved before discovery and trial preparation proceed further.

Proceeding under the current Scheduling Order therefore further risks unnecessary and duplicative proceedings. If venue is transferred or recusal granted after months of discovery and trial preparation in this District, the resources expended by both parties and the Court will be wasted. Moreover, compelling Defendant to prepare for trial in Hartford under a judge whose

impartiality is contested denies her the meaningful due process protections guaranteed by the Fifth Amendment.

### C. Judicial Economy Favors Staying the Scheduling Order

If venue is transferred or recusal granted after months of discovery and trial preparation in this District, those efforts will have been wasted. Courts routinely stay proceedings to prevent such duplication. Rule 1 of the Federal Rules of Civil Procedure directs courts to administer proceedings to secure the "just, speedy, and inexpensive determination of every action." Staying or vacating the Scheduling Order until threshold motions are decided will conserve judicial and party resources, avoid prejudice, and promote fairness.

Staying scheduling orders pending resolution of dispositive or threshold motions is a well-established practice. See *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (district courts have inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (endorsing use of inherent authority to stay proceedings to ensure fairness and efficiency).

Continuing under the present schedule risks exactly the type of waste Landis cautioned against: duplicated discovery, unnecessary pretrial filings, and compelled trial preparation in a forum and before a judge that may later be determined improper.

### III. CONCLUSION

Defendant respectfully submits that fundamental fairness, judicial economy, and due process require resolution of venue and recusal before compelling the parties to proceed under

the Scheduling Order. Due process and judicial economy alike require that threshold issues of venue and judicial impartiality be decided before the burdens of trial preparation are imposed.

## IV. RELIEF REQUESTED

For these reasons, Defendant respectfully requests that the Court:

1. Vacate or, in the alternative, stay the Scheduling Order (ECF No. 297) and related Calendar Notice (ECF No. 299) pending resolution of those motions; and

2. Expedite ruling on the pending motions for venue transfer and recusal.

Respectfully submitted,
/s/ Crystal Stranger
Crystal Stranger
Pro Se Litigant

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 2, 2025 the foregoing was filed using the Court's

electronic filing system which will provide notice to all parties.

     *<u>/s/ Crystal Stranger</u>*