## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC | : | |
| | : | 3:24-cv-1496-MPS |
| v. | : | |
| | : | |
| CRYSTAL STRANGER et al. | : | NOTICE OF CONSCIENTIOUS |
| | : | OBJECTION AND PRESERVATION OF |
| v. | : | CONSTITUTIONAL RIGHTS |
| | : | |
| DAVID and CARRIE McKEEGAN | : | |
| | : | |

Defendant/Counter-Claimant Crystal Stranger, appearing pro se, respectfully submits this Notice pursuant to the Court's Orders of September 25, 2025 (ECF No. 292), September 30, 2025 (ECF No. 297), and October 3, 2025 (ECF No. 302), and in acknowledgment of the Second Circuit's October 3, 2025 Order denying a stay (*Cleer LLC v. Stranger*, No. 25-1575, Dkt 59.1) and its October 6, 2025 Order denying rehearing and rehearing en banc (*id.*, Dkt 60.1).

### I. INTRODUCTION

Defendant submits this notice not only as a litigant but as an American whose family's roots in this nation trace back to the Mayflower. For fourteen generations, her ancestors have fought, worked, and in many cases died to defend the constitutional freedoms that define the United States of America. Their sacrifices built the foundation on which this Court itself stands.

Defendant therefore cannot, in good conscience, remain silent or compliant when those same freedoms are disregarded. Though Defendant recognizes that in this Court, and perhaps in the Second Circuit as well, she is unlikely to receive impartial justice, she cannot and will not, by her own actions, endorse the erosion of rights secured through centuries of struggle. Obedience is not virtue when following the command contradicts the freedoms that make the law legitimate.

## II. ACKNOWLEDGMENT OF THE COURT'S ORDERS

Defendant acknowledges that under the Court's September 25, 2025 Order (ECF 292), she was directed to file affidavits or other admissible evidence demonstrating, by a preponderance of the evidence, that she had transferred the *Cleer.tax* domain name. Defendant respects the judge's authority, and understands this evidentiary requirement, but declines to submit such proof, because doing so would constitute factual and legal endorsement of an order she believes violates fundamental constitutional guarantees. Her refusal is therefore not a misunderstanding or omission, but a deliberate act of conscience made in good faith after exhausting all available appellate avenues.

Defendant's objection rests not merely on personal sentiment but on enduring constitutional principle. The Supreme Court has long recognized that individuals may not be compelled to perform acts that violate conscience or affirm orthodoxy they believe unlawful. *West Virginia State Bd. of Educ. v. Barnette*, 319 U.S. 624, 642 (1943); *Wooley v. Maynard*, 430 U.S. 705, 715 (1977). Likewise, obedience to orders that contravene constitutional guarantees cannot be compelled. *Cooper v. Aaron*, 358 U.S. 1, 18 (1958). Defendant's refusal therefore reflects fidelity to law, not defiance of it.

## III. BASIS FOR CONSCIENTIOUS OBJECTION

Defendant cannot in good conscience comply with the compelled transfer because doing so would constitute her assent to ongoing violations of fundamental constitutional protections. Compliance would make her complicit in the deprivation of rights already infringed by the Court's order. The basis for this conscientious objection is grounded in the following constitutional provisions:

2

1. **Article III – Limits on Judicial Power and Right to Jury Trial.**

The compelled pre-trial transfer of disputed property exceeds the Court's Article III authority by adjudicating ownership without a jury and by transforming the judicial role into that of an enforcing party rather than a neutral adjudicator. Such action departs from the separation-of-powers limits that define the "judicial power" of the United States.

2. **First Amendment – Freedom of Conscience, Speech, and Petition.**

The coercive sanctions compelling the pre-trial transfer of disputed property constitutes compelled speech and coerced endorsement of Plaintiff's claim of ownership, violating Defendant's freedom of thought and expression. Further, the threat of dismissal of Defendant's counterclaims imposes an unconstitutional condition on her First Amendment right to petition the courts for redress of grievances.

3. **Sixth Amendment – Right to Trial by Impartial Tribunal.**

The order's coercive structure undermines the appearance and reality of impartial adjudication, compromising confidence in a neutral forum.

4. **Seventh Amendment – Right to Jury Trial for Property Exceeding $20.**

The domain name constitutes valuable property whose ownership is disputed; its compelled pre-trial transfer adjudicates title without a jury verdict.

5. **Eighth Amendment – Prohibition on Excessive Fines and Cruel or Unusual Sanctions.**

Daily monetary penalties and threatened dismissal of multi-million-dollar counterclaims are disproportionate and punitive, not merely coercive.

3

6. **Fourteenth Amendment – Due Process and Equal Protection.**

The Court's orders compel forfeiture of property and dismissal of claims without meaningful opportunity to be heard, depriving Defendant of property and access to justice without due process of law. Furthermore, the court's repeated disregard of Defendant's filings, as a pro se litigant, reflects arbitrary and unequal treatment inconsistent with equal protection principles.

Defendant therefore objects as a matter of constitutional conscience, grounded in Article III and the First, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and respectfully refuses compliance pending lawful adjudication by a neutral tribunal or higher court.

## IV. PRESERVATION OF RIGHTS

Defendant preserves all objections and appellate rights arising from:

(a) the coercive-sanctions order (ECF 292);

(b) the related clarification (ECF 302); and

(c) any subsequent dismissal of counterclaims predicated on non-compliance.

Nothing in this notice shall be construed as waiver or acquiescence to the validity of those orders.

## V. REQUEST FOR RECORD CLARIFICATION

Defendant respectfully requests that, in any future orders or proceedings, the Court and any reviewing tribunal construe her noncompliance and any resulting dismissal or sanction solely within the context of this constitutional objection—not as neglect, waiver, or abandonment. This Notice is therefore submitted to define the record and preserve Defendant's rights for appellate review. Accordingly, should Defendant's counterclaims be dismissed, it should be clear for the

record that such dismissal results from her refusal to comply on constitutional principle, not from any abandonment of her claims.

## VI. CONCLUSION

For nearly four centuries, Defendant's family has borne witness to the American experiment in liberty. To comply with an order that compels surrender of property and rights without due process would dishonor that legacy and the countless men and women who defended it. Defendant respects the law, she has studied the law, but she cannot stand by and allow the law she holds dear to be misused to destroy the very rights it was meant to protect. She thus takes this stand not out of defiance, but out of duty: Duty to her conscience. Duty to the Constitution. Duty to stand up for the rights of all Americans.

Respectfully submitted,

/s/ Crystal Stranger

Crystal Stranger

Pro Se Litigant

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 7, 2025 the foregoing was filed using the Court's

electronic filing system which will provide notice to all parties.

_/s/ Crystal Stranger_