UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, <br><br> Plaintiff, <br><br> v. <br><br> CRYSTAL STRANGER, et al., <br><br> Defendants. | : Case No. 3:24-cv-01496-MPS <br> : <br> : Judge Michael P. Shea <br> : <br> : <br> : **DECLARATION OF GEORGE B.** <br> : **MUSEKAMP, ESQ. IN SUPPORT OF** <br> : **AWARD OF ATTORNEYS' FEES IN** <br> : **ORDER GRANTING PLAINTIFF'S** <br> : **MOTION FOR COERCIVE** <br> : **SANCTIONS [DOC. 287]** <br> : <br> : |

Pursuant to 28 USC 1746, I declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

1. I am a partner with the law firm Taft Stettinius & Hollister LLP ("Firm") and counsel for Plaintiff Cleer LLC (f/k/a Greenback Business Services LLC) d/b/a Cleer Tax ("Cleer") in the above-captioned case. I am over the age of eighteen, understand the meaning and significance of an oath, and I am admitted *pro hac vice* to practice before this Court.

2. I submit this Declaration in connection with the Court's September 25, 2025 Order (Doc. 292) finding Defendant Crystal Stranger ("Stranger") in contempt and directing Cleer to file an affidavit on fees and costs it incurred in connection with its Motion for Coercive Sanctions (Doc. 287) ("Motion"). This Declaration summarizes the fees Cleer incurred in preparing the Motion and this Declaration. Cleer also submits information for the Court's consideration in determining the relevant lodestar formula, which is based on the hourly rate normally charged for similar work by similar attorneys of reasonably comparable skill, experience, and reputation in the

1

community. *See, e.g.*, *Cartier Int'l B.V. v. Gorski*, No. 3:01-CV-01948-PCD, 2003 WL 25739624, at *1 (D. Conn. Apr. 30, 2003).

3. Cleer's attorneys' fees in connection with the coercive sanction proceedings total $1,485. Attached as Exhibit A are true and accurate copies of billing records documenting the work performed for which Cleer seeks recovery. Cleer has redacted these records to remove unrelated and/or privileged materials. The Firm billed or will bill and Cleer has already or will pay these amounts in this matter.[1]

A. **The Firm's Hourly Rates Are Reasonable.**

4. My hourly rate of $590 is reasonable and consistent with the hourly rate normally charged for similar work by attorneys of comparable skill and experience in Connecticut. I have 15 years of experience handling complex labor and employment, trade secret theft, and restrictive covenant enforcement litigation before state and federal courts. Prior to joining Taft, I worked at another large national law firm, Thompson Hine LLP, and before that I served as a law clerk for Judge Joseph H. McKinley of the U.S. District Court for the Western District of Kentucky. I graduated from the University of Cincinnati College of Law *magna cum laude* in 2010.

5. Jesse K. Daley, an associate with the Firm, has an hourly rate of $440. Ms. Daley's rate is reasonable and consistent with the hourly rate normally charged for similar work by

---

[1] *See Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001) ("The actual billing arrangement certainly provides a strong indication of what private parties believe is the 'reasonable' fee to be awarded."); *Diplomatic Man, Inc. v. Nike, Inc.*, No. 08 Civ. 139, 2009 WL 935674, at *16-17 (S.D.N.Y. Apr. 6, 2009) ("[T]he reasonableness of an hourly fee may be determined exclusively by 'the rate a paying client would be willing to pay,' and here [the client] has in fact has paid these rates. What's more, the fact that [the client], a highly sophisticated business client, has paid these bills, presumably after careful review by its general counsel or other senior business executives, as prima facie evidence of the reasonableness of the amount as a whole (beyond just the reasonableness of the hourly rates charged), since [the client] could not have assumed that it would be reimbursed in full, or even in part.").

attorneys of comparable skill and experience in Connecticut. Ms. Daley has five years of experience handling complex labor and employment, trade secret theft, and restrictive covenant enforcement litigation before state and federal courts. Prior to joining Taft, Ms. Daley worked at another large national law firm, Jackson Lewis P.C. Ms. Daley graduated from the University of Dayton School of Law in 2020.

6. Firm paralegal Beth Martin has an hourly rate of $350. That rate is appropriate for experienced paralegals who work in the Litigation Department and Employment & Labor Relations Department, respectively, in our Cincinnati office. Ms. Martin has been a paralegal for more than 27 years after attending the University of Cincinnati.

7. Connecticut courts have approved similar rates in other cases. *Hallingby v. Gerber*, No. 3:17 CV 975 (JBA), 2021 WL 8155598, at *5 (D. Conn. May 28, 2021), *report and recommendation adopted*, No. 3:17-CV-975 (JBA), 2021 WL 8155596 (D. Conn. Aug. 2, 2021) (approving in 2021 hourly rates of $675 for a partner with over 20 years of litigation experience, $495 for counsel with eight years of litigation experience, and $375 for an associate with five years of experience); *Kalra v. Adler Pollock & Sheehan, P.C.*, No. 3:18-CV-00260 (KAD), 2021 WL 1123848, at *1 (D. Conn. Mar. 24, 2021) (approving hourly rate of $625, $525, $400 and $325 for counsel, and an hourly rate of $200 for a paralegal) (citing *United States ex rel. Rai v. KS2 TX, P.C.*, No. 3:17-CV-834 (JBA), 2019 WL 1397290, at *3–5 (D. Conn. Mar. 27, 2019)) (approving hourly rate of $725 and $600); *Muhammed v. Martoccio*, No. 3:06-CV-1137 (WWE), 2010 WL 3718560, at *4 (D. Conn. Sept. 13, 2010) ("The Court finds Attorney Williams' rate of $500.00 per hour to be reasonable."); *Booth v. Waltz*, 2014 WL 783547, at *10 (Conn. Super. Ct. Jan. 27, 2014) (awarding $575 hourly rate in complicated business-dissolution case).

B. **The Total Fee Amount Is Reasonable.**

8. Stranger violated the Court's Preliminary Injunction Order (Doc. 208) ("PI") by refusing to transfer the Cleer.tax domain, prompting Cleer to file a Motion for Contempt, and the Court granting that Motion for Contempt. (Doc. 243).

9. In its August 4, 2024, Order granting Cleer's Motion for Contempt, the Court warned that:

> By August 12, 2025, Stranger must 'take all actions required to return to Cleer the domain Cleer.tax' and shall file on the docket a statement under oath (either a declaration or an affidavit) making clear the steps she has taken to comply with the letter and spirit of the Court's order. *This is her final opportunity to comply. Stranger's failure to do so will result in the imposition of sanctions, including monetary coercive sanctions.*

(emphasis added) [ECF 243].

10. As the Court is aware, it ordered Stranger to transfer the Cleer.tax domain in its Order granting Cleer's Motion for Contempt by August 12, 2025, or face monetary coercive sanctions. [ECF 243].

11. Stranger violated the Court's Order granting Cleer's Motion for Contempt by refusing to transfer the Domain by August 12, 2025, prompting Cleer to file a Motion for Coercive Sanctions, and the Court granting that Motion for Coercive Sanctions on September 25, 2025. [ECF 292].

12. In its September 25, 2025, Order Granting Cleer's Motion for Coercive Sanctions, the Court ordered that:

> Beginning at noon Eastern time on September 26, 2025, Stranger will owe contempt penalties of $50 per day for every day she fails to return to Cleer the domain Cleer.tax. These sanctions shall be paid to the Clerk of the Court. The penalties will accrue on weekdays and weekends and will not stop accruing until Stranger files sufficient

>   evidence in the form of affidavits or other admissible evidence that
>   she has, in fact, returned the domain name to Cleer.

[ECF 292].

13. As of the filing of this Declaration, Stranger still has not transferred the domain to Cleer despite having all necessary information to do so, and has not paid any coercive sanctions to the Clerk of Court, resulting in Stranger's obvious, deliberate, and continued violation of the PI and this Court's subsequent Orders.

14. Counsel for Cleer reviewed this evidence, conferred and strategized, and promptly prepared and filed the Motion, which took a total of 2 hours, amounting to $1,045. (*See* Ex. A ).

15. Stranger filed a motion in opposition and cross-motion for sanctions against Plaintiff and Plaintiff's counsel. [Doc. 288]. The Court denied Stranger's motion. [Doc. 292].

16. In addition, Cleer is entitled to the fees incurred in making this fee application (*i.e. fees on fees*). Courts in the Second Circuit routinely award attorneys' fees incurred in preparing a fee application in connection with an order finding a party in contempt and awarding the movant fees. *JLM Couture, Inc. v. Gutman*, No. 20 CV 10575-LTS-SLC, 2022 WL 17832303, at *3 (S.D.N.Y. Dec. 21, 2022); *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, No. 18-CV-4437-JGK-BCM, 2021 WL 1549916, at *8 (S.D.N.Y. Apr. 20, 2021) (awarding reasonable fees incurred in preparing fee application); *LBBW Luxemburg S.A. v. Wells Fargo Sec. LLC*, No. 12-CV-7311-JPO-KNF, 2016 WL 5812105, at *7 (S.D.N.Y. Sept. 22, 2016) (finding fees incurred in connection with fee application recoverable where underlying sanctions motion had been granted). Counsel spent approximately 1.75 hours briefing the motion for coercive sanctions, reviewing the docket and billing records, and preparing this Declaration, amounting to $957.50. (*See* Ex. A).

17. In total, counsel and paralegals spent 3 hours, amounting to $1,485, prosecuting the Motion and preparing this Affidavit. (*See* Ex. A).

18. On Cleer's behalf, undersigned counsel respectfully requests that attorneys' fees of $1,485 be awarded in connection with Stranger's contempt of the Court's PI and the Court's August 4, 2024, Order. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
George B. Musekamp

Executed on October 7, 2025

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 7, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties of record.

_/s/ George B. Musekamp_

# Exhibit A

# Time Report

**Billed and Unbilled**

**Cleer, LLC d/b/a Cleer Tax / General Corporate (118314-00001)**                                                                                               **10/07/2025**

| Date | SM/Task | Attorney | Name | Staff Level | Description | Rate | Orig Hrs | Orig Amt | Orig Rate | Rev Hrs | Rev Amt | Rev Rate | Service | Activity | Invoice | Status |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/18/2025 | | BMM | Martin, Beth M. | 00030 | Paralegal | 1 | 0.25 | 87.50 | 350.00 | 0.25 | 87.50 | 350.00 | L140 | | 0 | Unbilled |
| E-filed Motion for Sanctions | | | | | | | | | | | | | | | | |
| 09/18/2025 | 2319 | | Musekamp, George B. | 00010 | Partner | 1 | 1.00 | 590.00 | 590.00 | 1.00 | 590.00 | 590.00 | GB | | 0 | Unbilled |
| Finalize motion for coercive sanctions. | | | | | | | | | | | | | | | | |
| 09/18/2025 | 2472 | | Daley, Jesse K. | 00020 | Associate | 1 | 0.50 | 220.00 | 440.00 | 0.50 | 220.00 | 440.00 | GB | | 0 | Unbilled |
| Draft motion for coercive sanctions for Stranger's failure to return the cleer.tax domain. | | | | | | | | | | | | | | | | |
| 09/19/2025 | 2472 | | Daley, Jesse K. | 00020 | Associate | 1 | 1.75 | 770.00 | 440.00 | 1.00 | 440.00 | 440.00 | GB | | 0 | Billed |
| Review Crystal Stranger's motion in opposition and for sanctions against plaintiff in response to Cleer's motion for coercive sanctions. | | | | | | | | | | | | | | | | |

# Time Report

**Billed and Unbilled**

**Cleer, LLC d/b/a Cleer Tax / General Corporate (118314-00001)**  **10/07/2025**

| Date | SM/Task | Attorney | Name | Staff Level | Description | Rate | Orig Hrs | Orig Amt | Orig Rate | Rev Hrs | Rev Amt | Rev Rate | Service | Activity | Invoice | Status |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/02/2025 | 2319 | | Musekamp, George B. | 00010 | Partner | 1 | 0.25 | 147.50 | 590.00 | 0.25 | 147.50 | 590.00 | GB | | 0 | Unbilled |

Analyze and revise affidavit in support of fee award relating to contempt for failure to transfer domain.