# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | : : : : | Case No. 3:24-cv-01496-MPS  Judge Michael P. Shea |
| Plaintiff, | : : : | **PLAINTIFF CLEER LLC'S MOTION FOR ENTRY OF SANCTIONS AND REQUEST FOR ADDITIONAL COERCIVE SANCTIONS BECAUSE OF DEFENDANT CRYSTAL STRANGER'S CONTINUING CONTEMPT OF COURT'S ORDERS TO RETURN DOMAIN [ECF 208, 243, 292, & 302]** |
| v. | : : | |
| CRYSTAL STRANGER, et al., | : : | |
| Defendants. | : | |

In its August 4, 2024 Order, the Court found Defendant Crystal Stranger in contempt of its preliminary injunction order [ECF 208] for failure to return the domain Cleer.tax (the "Domain") to Cleer LLC ("Cleer") within 48 hours, and warned that:

> By August 12, 2025, Stranger must 'take all actions required to return to Cleer the domain Cleer.tax' and shall file on the docket a statement under oath (either a declaration or an affidavit) making clear the steps she has taken to comply with the letter and spirit of the Court's order. *This is her final opportunity to comply. Stranger's failure to do so will result in the imposition of sanctions, including monetary coercive sanctions*.

(the "Order") (emphasis added) [ECF 243].

Ms. Stranger did not return the Domain to Cleer by August 12th. Accordingly, on September 25, 2025, the Court granted Cleer's Motion for Coercive Sanctions, and ordered Ms. Stranger to pay a $50 daily fine to the Clerk of Court and to file an affidavit or other admissible evidence by October 7, 2025 showing "that she has, in fact, transferred the Cleer.tax domain name to Cleer . . . ." [ECF 292].

The Court warned Ms. Stranger that if she did not file an affidavit or other admissible evidence showing the transfer of the domain, "the Court will dismiss her counterclaims in this action." [*Id.*]. The Court further warned Ms. Stranger that "merely filing affidavits or declarations regarding meaningless 'steps' she has taken; blaming opposing counsel for failing to provide information; or making other excuses about why she cannot comply with an obligation that the Court imposed on her over three months ago will not be 'sufficient evidence' that she has complied with the Court's order. At this point, the burden is on Stranger to demonstrate her compliance by at least a preponderance of the evidence." [*Id.*].

On October 3, 2025, the Court again warned Ms. Stranger that "the coercive penalties are continuing to accrue and that the Court will dismiss the counterclaims on October 7, 2025 unless defendant Stranger provides compliance before that time." [ECF 302].

Ms. Stranger has willingly and contemptuously flouted the Court's Orders. She has not paid any of the coercive $50 daily fines to the Clerk of Courts. Nor has she transferred the Domain to Cleer or provided any evidence of having done so as ordered by the Court. Instead, on October 7, 2025 (Ms. Stranger's deadline to comply), she filed a Notice of Conscientious Objection and Preservation of Constitutional Rights providing a litany of absurd excuses (all of which have been previously rejected) for why she will not transfer the Domain – directly disobeying the Court's instructions to not make other excuses for why she cannot comply with the Court's Orders.

Accordingly, Cleer respectfully requests that the Court enter an Order:

(1) dismissing Ms. Stranger's as-pled "counterclaims" [ECF 65, Counterclaims I-VI] against Cleer and David and Carrie McKeegan (the "McKeegans"), with prejudice, and forbid Ms. Stranger from filing any new or amended claims against Cleer and/or the McKeegans that existed or could have been pled as of the date of the Court's dismissal of the counterclaims,

(2) continuing the coercive $50 daily fines until the Domain is transferred,

(3) awarding Cleer its attorney's fees in making this filing, and

(4) providing such other relief the Court deems appropriate, including an Order entering judgment in favor of Cleer on its affirmative claims if the Domain is not transferred within 48 hours.

        Respectfully submitted,

        */s/ George B. Musekamp*
        George B. Musekamp (PHV)
        Evan H. Cohn (PHV)
        Taft Stettinius & Hollister LLP
        425 Walnut Street, Suite 1800
        Cincinnati, Ohio 45202
        Tel: (513) 381-2838
        Fax: (513) 381-0205
        gmusekamp@taftlaw.com
        ecohn@taftlaw.com

        Michael S. O'Malley, Esq. (CT31784)
        Ogletree, Deakins, Nash,
        Smoak & Stewart P.C.
        281 Tresser Boulevard
        Stamford, CT 06901
        Tel: (203) 969-3109
        Fax: (203) 969-3150
        Michael.O'Malley@ogletree.com

        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 8, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties of record.

        */s/ George B. Musekamp*