**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CLEER LLC | : |
| v. | : 3:24-cv-1496-MPS |
| CRYSTAL STRANGER et al. | : |
| v. | : DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF SANCTIONS (ECF 306) |
| DAVID and CARRIE McKEEGAN | : |

Defendant, Crystal Stranger, respectfully objects to Plaintiff's latest motion for sanctions (ECF 306) on constitutional and conscientious grounds.

## I. INTRODUCTION

This is not a case about defiance. This is a case about conscience and constitutional fidelity. Defendant Crystal Stranger appears before this Court as a citizen who believes deeply in the rule of law and the Constitution that gives this Court its authority.

The integrity of Article III courts depends not upon blind obedience, but upon fidelity to first principles: the separation of powers, due process, freedom of conscience, and the right of every person to speak truthfully and stand on principle without fear of retribution. When a court steps beyond those bounds, obedience ceases to be a matter of law and becomes a matter of conscience.

Defendant therefore objects to unconstitutional compulsion as a conscientious objector. She acts out of conviction that the preservation of constitutional order is more important than any individual victory or loss in this case. The rights guaranteed by the First, Fifth, Sixth, Seventh,

1

Eighth, and Fourteenth Amendments are not privileges to be traded for judicial favor; they are the bedrock upon which this Republic stands. To yield them under threat of sanctions would be to betray not only her own rights, but the principle of justice itself.

Accordingly, Defendant raises this objection under the Constitution of the United States and the immutable principle that no court may compel what the Constitution forbids.

## II. CONSTITUTIONAL BASIS FOR OBJECTION

Defendant's conscientious refusal arises from devotion to the Constitution and the rule of law. The Court's current coercive sanctions violate fundamental protections under Article III and the First, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments, as follows:

**A. Article III**

Federal judicial power exists only to adjudicate actual cases and controversies within the bounds of the Constitution. When a court exercises power in a manner that disregards due process or exceeds its lawful jurisdiction, obedience to that order cannot be compelled by coercion.

Article III limits the federal judiciary to the resolution of actual "cases" and "controversies." See *Muskrat v. United States*, 219 U.S. 346 (1911). Courts may not impose coercive or punitive sanctions except within the scope of their constitutional authority. *See United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76–79 (1988). Even civil contempt sanctions must be remedial rather than punitive and must afford due process. *Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 826–30 (1994).

Furthermore, while judicial efficiency is an important administrative objective, it is not a constitutional value. The Constitution protects fairness and due process, not expedience. As the

Supreme Court has emphasized, "convenience and efficiency are not the primary objectives—or the hallmarks—of democratic government." *INS v. Chadha*, 462 U.S. 919, 944 (1983). Thus, no court may sacrifice constitutional rights on the altar of efficiency.

Here, the coercive fines and threats of dismissal serve no remedial purpose. They do not compensate Cleer for loss or secure compliance with a lawful order, but attempt to compel surrender of constitutional rights by mooting an ongoing interlocutory appeal, under threat of economic and procedural punishment. By imposing ongoing fines and threatening termination of counterclaims in order to transfer disputed property before the jury trial, the Court transforms a private contractual dispute into an unconstitutional exercise of punitive power, a function reserved to the executive and jury under Articles II and III. This exceeds the "case or controversy" mandate and undermines separation of powers.

Defendant does not stand in defiance of lawful judicial authority, but in conscientious defense of constitutional limits. Unlike in *Walker v. City of Birmingham*, 388 U.S. 307 (1967), Defendant has exhausted every lawful channel of review, including interlocutory appeal and multiple stay applications. Compliance at this stage would moot the pending constitutional challenge and irreversibly extinguish the rights at issue, violating the very principles the rule of law exists to protect.

As the First Circuit explained in *Providence Journal Co. v. FBI*, 595 F.2d 889, 890–91 (1st Cir. 1979), the collateral bar rule does not compel obedience where compliance would "moot the appeal and thus deny review of serious constitutional questions." Coercive sanctions imposed to force such compliance are themselves unconstitutional. Because the sanctions here

extend beyond adjudication of a live dispute and operate as unlawful coercion, they exceed the bounds of Article III and are void.

### B. First Amendment

Defendant has a protected right to speak truthfully about matters of public concern, including judicial conduct and constitutional violations, and to act according to conscience. The Court's repeated threats of sanctions and property seizure constitute viewpoint-based retaliation against protected speech.

The First Amendment safeguards the right "to petition the Government for a redress of grievances." U.S. Const. amend. I. It also protects the right to criticize government officials, including members of the judiciary. See *New York Times Co. v. Sullivan*, 376 U.S. 254, 269–70 (1964); *Garrison v. Louisiana*, 379 U.S. 64, 74–75 (1964); *Bridges v. California*, 314 U.S. 252, 270–71 (1941). Government action that penalizes an individual for protected expression is unconstitutional retaliation. *Hartman v. Moore*, 547 U.S. 250, 256 (2006). Conscientious objection rooted in moral or ethical conviction also falls within First Amendment liberty of belief. *West Virginia State Bd. of Educ. v. Barnette*, 319 U.S. 624 (1943).

Defendant's filings, including her Notice of Conscientious Objection, are expressions of belief and petitions for redress concerning judicial conduct. By threatening dismissal of claims and fines for the mere act of asserting these constitutional positions, the Court's orders operate as content- and viewpoint-based retaliation. This chills Defendant's ability to speak and petition, core activities at the heart of the First Amendment.

Sanctioning Defendant for her protected expression thus violates the First Amendment and renders the orders unenforceable.

### C. Fifth and Fourteenth Amendments

The ongoing sanctions, imposed without a fair hearing or meaningful opportunity for interlocutory review, deprive Defendant of property and liberty without due process of law. These sanctions effectively constitute a taking of property without just compensation, contrary to the Fifth Amendment. Coercive sanctions designed to force compliance rather than to remedy harm are inherently punitive and violate substantive due process.

No person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amends. V, XIV. A party must receive notice and a meaningful opportunity to be heard before the imposition of coercive or punitive sanctions. *Roadway Express v. Piper*, 447 U.S. 752, 767 (1980). Civil sanctions become unconstitutional when they are punitive in nature or imposed to compel obedience rather than to redress harm. *Bagwell*, 512 U.S. at 829–34.

The Fifth Amendment also prohibits the government from taking private property for public use without just compensation. *U.S. Const. amend. V*. The Supreme Court has made clear that the Takings Clause applies equally to personal property, holding that "[t]he Government must pay just compensation when it takes personal property, just as when it takes real property." *Horne v. Dep't of Agric.*, 576 U.S. 351, 361–62 (2015). Likewise, as Justice Scalia explained, "If a legislature or a court declares that what was once an established right of private property no longer exists, it has taken that property…." *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Envtl. Prot.*, 560 U.S. 702, 715 (2010) (plurality opinion). A compelled transfer of property imposed as punishment for exercising constitutional rights is therefore not a lawful regulation, but an uncompensated taking forbidden under both the Takings and Due Process Clauses.

Here, the $50-per-day fines and the threatened dismissal of all counterclaims were imposed without evidentiary hearing, without findings of willfulness supported by clear and convincing evidence, and without an avenue for interlocutory appeal. The sanctions are coercive and punitive, not remedial. They deprive Defendant of both property (fines, forfeiture) and liberty (right to present claims) without procedural safeguards. Such deprivation contravenes the due-process guarantees of both the Fifth and Fourteenth Amendments.

Because the sanctions lack procedural fairness and operate punitively, they therefore violate due process and must be vacated.

### D. Sixth and Seventh Amendments

Defendant's right to a fair, impartial proceeding and to a jury determination of disputed facts has been eroded by the Court's pre-trial imposition of punitive measures and presumptions of guilt, contrary to the guarantees of trial by jury and confrontation of evidence.

The Sixth Amendment ensures an impartial tribunal. While normally only applicable in criminal trials, the Supreme Court has recognized that serious contempt penalties invoke criminal-trial safeguards because "the Constitution was designed to protect the individual against the arbitrary exercise of governmental power." *Bloom v. Illinois*, 391 U.S. 194, 207 (1968). Pre-trial sanctions that decide factual disputes or punish a litigant before trial infringe these guarantees. See *Beacon Theatres v. Westover*, 359 U.S. 500 (1959); *Dairy Queen v. Wood*, 369 U.S. 469 (1962).

The Seventh Amendment preserves the right to have facts tried by a jury in every controversy where the value exceeds $20. Judges may not impose sanctions that effectively

determine liability prior to jury adjudication. *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958).

By conditioning the preservation of Defendant's counterclaims—and possibly avoidance of default judgment for Plaintiff—upon the surrender of disputed property, the Court effectively determines contested factual and legal issues prior to trial. This displaces the jury's constitutional role and compromises the appearance of impartiality, violating Defendant's Sixth- and Seventh-Amendment rights to a fair adjudication and to a jury determination of disputed facts.

This coercive conditioning also threatens to moot Defendant's pending motions for disclosure of ex parte communications and for vacatur of prior orders, thereby insulating the Court's own conduct from review. Such self-protective effect underscores the constitutional infirmity of conditioning the preservation of claims upon compelled compliance.

Because the sanctions predetermine substantive issues without trial, and the value of these claims are over $20, they thereby violate the guarantees of impartiality and trial by jury.

**E. Eighth Amendment**

The threat of escalating fines, dismissal of claims, and deprivation of property constitutes excessive punishment and cruel coercion, not a lawful civil remedy.

The Eighth Amendment prohibits "excessive fines" and "cruel and unusual punishments." U.S. Const. amend. VIII. A sanction is excessive if it is "grossly disproportionate to the gravity of the offense." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). Even civil sanctions must satisfy proportionality and reasonableness. *Austin v. United States*, 509 U.S. 602, 622 (1993). Moreover, the Supreme Court has long cautioned that the contempt power must be exercised with restraint, "only the least possible power adequate to the end proposed should be

used in contempt cases." *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 801 (1987) (quoting *Anderson v. Dunn*, 6 Wheat. 204 (1821)).

A $50-per-day indefinite fine, compounding without limit and accompanied by the threatened destruction of Defendant's legal claims, is grossly disproportionate to the alleged non-transfer of a disputed domain name, prior to a jury trial. Such sanctions function as punishment for conscience, not remedy for harm. They thus amount to excessive and cruel coercion inconsistent with the Eighth Amendment's proportionality principle.

Thus the coercive fines and threats of dismissal constitute excessive punishment and must be vacated to comply with constitutional standards.

### III. CONSCIENTIOUS POSITION

Defendant holds deep respect for the judicial system and for this Court's authority within lawful limits. But the Constitution is superior to any order that contravenes it.

Defendant's decision to withhold compliance is not rebellion; it is conscience. It reflects a deeply held belief that the preservation of the rule of law is more important than any individual outcome in this case, for herself, for the Plaintiff, and for every citizen who depends on the integrity of this system. Defendant cannot, in good faith, comply with a directive that she believes undermines constitutional rights. To do so would make her complicit in the erosion of the rule of law, a position for which she cannot stand.

### IV. REQUEST FOR RELIEF

For these reasons, Defendant respectfully requests that the Court:

1. Deny Plaintiff's Motion for Entry of Sanctions (ECF 306);

    2. Recognize Defendant's conscientious and constitutional objection as a good-faith invocation of constitutional rights; and

    3. Suspend further coercive or punitive measures pending higher court review, to preserve the integrity of the appellate process and the appearance of justice.

    Respectfully submitted,
/s/ Crystal Stranger
Crystal Stranger
Pro Se Litigant

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 8, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

    */s/ Crystal Stranger*