APPEAL,EFILE,MEG,MOTREF,PROSE,REFCNF,REFDIS,SDV

# U.S. District Court
# District of Connecticut (New Haven)
# CIVIL DOCKET FOR CASE #: 3:24-cv-01496-MPS

| | |
|---|---|
| Cleer LLC v. Stranger et al | Date Filed: 09/18/2024 |
| Assigned to: Judge Michael P Shea | Jury Demand: Plaintiff |
| Referred to: Judge Maria E. Garcia | Nature of Suit: 190 Contract: Other |
|          Judge S. Dave Vatti (Settlement) | Jurisdiction: Federal Question |
| Cause: 28:1331 Fed. Question: Breach of Contract | |

**<u>Plaintiff</u>**

**Cleer LLC**
*formerly known as*
Greenback Business Services LLC
*doing business as*
Cleer Tax

represented by **George Musekamp**
Taft Stettinus & Hollister LLP
425 Walnut Street
Ste 1800
Cincinnati, OH 45202
513-357-9453
Fax: 513-381-0205
Email: gmusekamp@taftlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Seamus O'Malley**
Ogletree, Deakins, Nash, Smoak &
Stewart P.C.
281 Tresser Boulevard
Suite 602
Stamford, CT 06901
203-969-3109
Email: michael.o'malley@ogletree.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Evan Cohn**
Taft Stettinus & Hollister LLP
425 Walnut Street
Ste 1800
Cincinnati, OH 45202
614-327-7613
Email: ecohn@taftlaw.com
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Crystal Stranger**                     represented by  **Crystal Stranger**
                                                         30 N Gould St.
                                                         Ste 3088
                                                         Sheridan, WY 82801
                                                         310-739-7699
                                                         Email: crystalstranger@gmail.com
                                                         *PRO SE*

                                                         **Alan Harrison**
                                                         Alan Harrison
                                                         185 Broad St
                                                         Milford, CT 06460
                                                         203-212-9996
                                                         Email: alan@sandollar-law.net
                                                         *TERMINATED: 02/11/2025*
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

## Defendant

**Optic Tax Inc.**                       represented by  **Optic Tax Inc.**
*TERMINATED: 07/29/2025*                                 PRO SE

                                                         **Alan Harrison**
                                                         (See above for address)
                                                         *TERMINATED: 02/26/2025*
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

## Notice

**Alan Harrison**                        represented by  **Alan Harrison**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

## Counter Claimant

**Crystal Stranger**                     represented by  **Alan Harrison**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

V.

## Counter Defendant

**David McKeegan**                       represented by  **George Musekamp**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

## Counter Claimant

**Crystal Stranger**                represented by  **Alan Harrison**
                                            (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Carrie McKeegan**             represented by  **George Musekamp**
                                              (See above for address)
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Cleer LLC**                   represented by  **George Musekamp**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **Michael Seamus O'Malley**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **Evan Cohn**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**David McKeegan**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/18/2024 | 1 | COMPLAINT against Crystal Stranger, Optic Tax Inc. ( Filing fee $405 receipt number ACTDC-7908154.), filed by Cleer LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(O'Malley, Michael) Modified on 9/18/2024 to correct parties and parties filed against(Hushin, Z.). (Entered: 09/18/2024) |
| 09/18/2024 | 2 | First Disclosure Statement by Cleer LLC . (O'Malley, Michael) Modified on 9/18/2024 to correct party(Hushin, Z.). (Entered: 09/18/2024) |
| 09/18/2024 | 3 | Notice: Pursuant to Federal Rule of Civil Procedure 7.1, a disclosure statement must be filed with a party's first appearance, pleading, petition, motion, response, or other request addressed to the Court and must be supplemented if any required information changes during the case. Signed by Clerk on 9/18/24.(Hushin, Z.) (Entered: 09/18/2024) |
| 09/18/2024 | | Judge Janet C. Hall and Judge Maria E. Garcia added. (Oliver, T.) (Entered: 09/19/2024) |

| | | |
|---|---|---|
| 09/18/2024 | 4 | Order on Pretrial Deadlines: Amended Pleadings due by 11/18/2024 Discovery due by 3/21/2025 Dispositive Motions due by 4/25/2025<br>Signed by Clerk on 9/18/2024.(Barry, L.) (Entered: 09/19/2024) |
| 09/18/2024 | 5 | ELECTRONIC FILING ORDER FOR COUNSEL - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER<br>Signed by Judge Janet C. Hall on 9/18/2024.(Barry, L.) (Entered: 09/19/2024) |
| 09/18/2024 | 6 | Standing Protective Order<br>Signed by Judge Janet C. Hall on 9/18/2024.(Barry, L.) (Entered: 09/19/2024) |
| 09/18/2024 | 7 | Notice of Option to Consent to Magistrate Judge Jurisdiction.<br>(Barry, L.) (Entered: 09/19/2024) |
| 09/18/2024 | 8 | Standing Order re: Discovery.<br>Signed by Judge Janet C. Hall on 9/18/2024.(Barry, L.) (Entered: 09/19/2024) |
| 09/19/2024 | 9 | NOTICE TO COUNSEL/SELF-REPRESENTED PARTIES : Counsel or self-represented parties initiating or removing this action are responsible for serving all parties with attached documents and copies of 4 Order on Pretrial Deadlines, 5 Electronic Filing Order, 2 Disclosure Statement filed by Cleer LLC, 7 Notice of Option to Consent to Magistrate Judge Jurisdiction, 3 Notice re: Disclosure Statement, 8 Standing Order re: Discovery, 1 Complaint, filed by Cleer LLC, 6 Standing Protective Order<br>Signed by Clerk on 9/19/2024.(Barry, L.) (Entered: 09/19/2024) |
| 09/20/2024 | | Request for Clerk to issue summons as to Crystal Stranger. (O'Malley, Michael) (Entered: 09/20/2024) |
| 09/20/2024 | | Request for Clerk to issue summons as to Optic Tax Inc.. (O'Malley, Michael) (Entered: 09/20/2024) |
| 09/23/2024 | 10 | ELECTRONIC SUMMONS ISSUED in accordance with Fed. R. Civ. P. 4 and LR 4 as to *Crystal Stranger* with answer to complaint due within *21* days. Attorney *Michael Seamus O'Malley* *Ogletree, Deakins, Nash, Smoak & Stewart P.C.* *281 Tresser Boulevard Suite 602* *Stamford, CT 06901*. (Barry, L.) (Entered: 09/23/2024) |
| 09/23/2024 | 11 | ELECTRONIC SUMMONS ISSUED in accordance with Fed. R. Civ. P. 4 and LR 4 as to *Optic Tax Inc.* with answer to complaint due within *21* days. Attorney *Michael Seamus O'Malley* *Ogletree, Deakins, Nash, Smoak & Stewart P.C.* *281 Tresser Boulevard Suite 602* *Stamford, CT 06901*. (Barry, L.) (Entered: 09/23/2024) |
| 09/24/2024 | 12 | MOTION for Temporary Restraining Order by Cleer LLC. (Attachments: # 1 Memorandum in Support)(O'Malley, Michael) (Entered: 09/24/2024) |
| 09/24/2024 | 13 | PROPOSED ORDER re 12 MOTION for Temporary Restraining Order by Cleer LLC. (O'Malley, Michael) (Entered: 09/24/2024) |
| 09/26/2024 | 14 | MOTION for Attorney(s) George B. Musekamp to be Admitted Pro Hac Vice by Cleer LLC. (O'Malley, Michael) Modified on 9/27/2024 to note the $200 filing fee was received (Barry, L.). (Entered: 09/26/2024) |

| 09/26/2024 | 15 | MOTION for Attorney(s) Evan H. Cohn to be Admitted Pro Hac Vice by Cleer LLC. (O'Malley, Michael) Modified on 9/27/2024 to note the $200 filing fee was received (Barry, L.). (Entered: 09/26/2024) |
|---|---|---|
| 09/26/2024 | 16 | ORDER granting 14 Motion to Appear Pro Hac Vice for Attorney George B. Musekamp. Certificate of Good Standing due by 11/25/2024. Signed by Clerk on 9/26/2024. (Barry, L.) (Entered: 09/26/2024) |
| 09/26/2024 | 17 | ORDER granting 15 Motion to Appear Pro Hac Vice for Attorney Evan H. Cohn. Certificate of Good Standing due by 11/25/2024. Signed by Clerk on 9/26/2024. (Barry, L.) (Entered: 09/26/2024) |
| 09/26/2024 | 18 | ORDER OF TRANSFER. Case reassigned to Judge Michael P Shea for all further proceedings.<br>Signed by Judge Janet C. Hall on 9/26/2024. (Barry, L.) (Entered: 09/26/2024) |
| 09/27/2024 | 19 | ORDER TO SHOW CAUSE: Plaintiff has filed a 12 motion for temporary restraining order and motion for a preliminary injunction. Plaintiff shall serve a copy of its 1 verified complaint, the 12 motion and supporting memorandum, and a copy of this order on the defendants and shall file proof of such service on the docket by October 8, 2024.<br><br>By October 16, 2024, defendants shall show cause why the relief requested in the plaintiff's motion should not issue.<br><br>A telephonic conference is scheduled for October 22, 2024 at 1 pm. Chambers will email counsel the dial-in information.<br><br>Signed by Judge Michael P. Shea on 9/27/24. (Constantine, A.) (Entered: 09/27/2024) |
| 09/27/2024 | | Set Deadlines/Hearings: Defendants Show Cause Response due by 10/16/2024; A Telephonic Status Conference is set for 10/22/2024 at 01:00 PM in Remote Setting before Judge Michael P Shea. (Sichanh, C) (Entered: 09/30/2024) |
| 10/01/2024 | 20 | Memorandum in Opposition re 12 MOTION for Temporary Restraining Order filed by Optic Tax Inc., Crystal Stranger. (Attachments: # 1 Exhibit Exhibits A-C)(Harrison, Alan) (Entered: 10/01/2024) |
| 10/01/2024 | 21 | NOTICE of Appearance by Alan Harrison on behalf of Optic Tax Inc., Crystal Stranger (Harrison, Alan) (Entered: 10/01/2024) |
| 10/01/2024 | 22 | Disclosure Statement by Optic Tax Inc.. (Harrison, Alan) (Entered: 10/01/2024) |
| 10/01/2024 | 23 | NOTICE of Appearance by George Musekamp on behalf of Cleer LLC (Musekamp, George) (Entered: 10/01/2024) |
| 10/01/2024 | 24 | CERTIFICATE OF GOOD STANDING re 14 MOTION for Attorney(s) George B. Musekamp to be Admitted Pro Hac Vice (includes a request to waive the fee) by Cleer LLC. (Musekamp, George) (Entered: 10/01/2024) |
| 10/02/2024 | 25 | NOTICE of Appearance by Evan Cohn on behalf of Cleer LLC (Cohn, Evan) (Entered: 10/02/2024) |

| 10/02/2024 | 26 | CERTIFICATE OF GOOD STANDING re 15 MOTION for Attorney(s) Evan H. Cohn to be Admitted Pro Hac Vice (includes a request to waive the fee) by Cleer LLC. (Cohn, Evan) (Entered: 10/02/2024) |
|---|---|---|
| 10/08/2024 | 27 | SUMMONS Returned Executed by Cleer LLC. Optic Tax Inc. served on 10/3/2024, answer due 10/24/2024. (Attachments: # 1 Signed green card)(Cohn, Evan) (Entered: 10/08/2024) |
| 10/08/2024 | 28 | SUMMONS Returned Executed by Cleer LLC. Crystal Stranger served on 9/30/2024, answer due 10/21/2024. (Attachments: # 1 Signed green card)(Cohn, Evan) (Entered: 10/08/2024) |
| 10/08/2024 | 29 | SUMMONS Returned Executed by Cleer LLC. (Attachments: # 1 Signed green card (Suite R))(Cohn, Evan) (Entered: 10/08/2024) |
| 10/08/2024 | 30 | OBJECTION re 29 Summons Returned Executed, 28 Summons Returned Executed *(defective service of process)* by Crystal Stranger. (Harrison, Alan) (Entered: 10/08/2024) |
| 10/11/2024 | 31 | REPLY to Response to 12 MOTION for Temporary Restraining Order filed by Cleer LLC. (Attachments: # 1 Exhibit 1 - Declaration of David McKeegan) (Cohn, Evan) (Entered: 10/11/2024) |
| 10/20/2024 | 32 | MOTION to Dismiss *under Rules 12(b)(5) and (6)* by Crystal Stranger.Responses due by 11/10/2024 (Attachments: # 1 Memorandum in Support, # 2 Affidavit)(Harrison, Alan) (Entered: 10/20/2024) |
| 10/20/2024 | 33 | MOTION to Dismiss *under Rules 12(b)(2) and (6)* by Optic Tax Inc..Responses due by 11/10/2024 (Attachments: # 1 Memorandum in Support)(Harrison, Alan) (Entered: 10/20/2024) |
| 10/22/2024 | 34 | TEMPORARY RESTRAINING ORDER: For the reasons stated in the attached order, the Court grants the plaintiff's Motion for Temporary Restraining Order as set forth herein.<br><br>The Clerk of the Court shall refer this case to a Magistrate Judge to conduct a settlement conference.<br><br>A preliminary injunction hearing is scheduled for January 29, 2025 at 9 am until 4 pm. In anticipation, the parties shall engage in expedited discovery, to begin immediately. Further details are set forth in the attached order.<br><br>Signed by Judge Michael P. Shea on 10/22/24. (Constantine, A.) (Entered: 10/22/2024) |
| 10/22/2024 | 35 | Minute Entry for Proceedings held before Judge Michael P Shea: A Telephonic Motion Hearing held on 10/22/2024 re 12 MOTION for Temporary Restraining Order filed by Cleer LLC; granting 12 Motion for Temporary Restraining Order. Total Time: 1 hour and 3 minutes(Court Reporter Julie Monette.) (Sichanh, C) (Entered: 10/23/2024) |
| 10/22/2024 | 36 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. A Preliminary Injunction Hearing is set for 1/29/2025 at 09:00 AM in Courtroom |

| | | |
|---|---|---|
| | | Three, 450 Main St., Hartford, CT before Judge Michael P Shea. (Sichanh, C) (Entered: 10/23/2024) |
| 10/23/2024 | 37 | ORDER REFERRING CASE to Magistrate Judge S. Dave Vatti for settlement conference.<br>Signed by Judge Michael P Shea on 10/23/2024.(Sichanh, C) (Entered: 10/23/2024) |
| 10/24/2024 | 38 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. A pre-settlement telephonic status conference has been set for **10/29/2024 at 4:00 p.m.** before Judge S. Dave Vatti. The purpose of the call is to discuss scheduling and any information exchange/ discovery necessary to make the conference most meaningful. A date for the settlement conference will be set during the telephone call. As the Court will require parties or their representatives with settlement authority to attend the settlement conference, counsel should obtain dates of unavailability from their clients over the next ninety days and have their own calendars available to aid in scheduling. If either counsel/party develops a firm, unavoidable conflict on 10/29/2024 at 4:00 p.m., s/he should not file a motion for continuance but rather should call Chambers (203) 579-5593 as soon as possible with opposing counsel on the line to work out an alternate day and time for the pre-settlement telephonic status conference. Parties should dial **866-434-5269**, to connect to the conference and enter access code **2006808**.(Ellis, B) (Entered: 10/24/2024) |
| 10/28/2024 | 39 | NOTICE by Cleer LLC *of Proposal Regarding Security Under Rule 65* (Musekamp, George) (Entered: 10/28/2024) |
| 10/28/2024 | 40 | Joint STATUS REPORT *Regarding Defendant Crystal Stranger's Personal Laptop* by Cleer LLC. (Musekamp, George) (Entered: 10/28/2024) |
| 10/29/2024 | 41 | AFFIDAVIT re 32 MOTION to Dismiss *under Rules 12(b)(5) and (6)* Signed By Crystal Stranger filed by Crystal Stranger. (Attachments: # 1 Exhibit Whatsapp screenshot, # 2 Exhibit Gmail)(Harrison, Alan) (Entered: 10/29/2024) |
| 10/29/2024 | 42 | AFFIDAVIT re 33 MOTION to Dismiss *under Rules 12(b)(2) and (6)* Signed By Crystal Stranger filed by Optic Tax Inc.. (Attachments: # 1 Exhibit Stripe revenue statement, # 2 Exhibit Stripe explanation of unattributed revenuer) (Harrison, Alan) (Entered: 10/29/2024) |
| 10/29/2024 | 43 | Minute Entry for proceedings held before Judge S. Dave Vatti: A pre-settlement telephonic status conference held on 10/29/2024. Total Time: 9 minutes. (Ellis, B) (Entered: 10/29/2024) |
| 10/30/2024 | 44 | ORDER. A Settlement Conference is set for 12/9/2024 at 10:00 a.m. before Judge S. Dave Vatti. Please see the attached Settlement Conference Order for detailed instructions and deadlines. Signed by Judge S. Dave Vatti on 10/30/2024. (Ellis, B) (Entered: 10/30/2024) |
| 10/30/2024 | 45 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. A Settlement Conference is set for 12/9/2024 at 10:00 a.m. in Magistrate Judge Courtroom, 4th Floor, Room 435, 915 Lafayette Blvd., Bridgeport, CT before Judge S. Dave Vatti. (Ellis, B) (Entered: 10/30/2024) |

| 10/30/2024 | 46 | MOTION for Protective Order *regarding 30(b)(6) deposition* by Crystal Stranger.Responses due by 11/20/2024 (Attachments: # 1 Affidavit)(Harrison, Alan) (Entered: 10/30/2024) |
| 10/30/2024 | 47 | MOTION for Protective Order *regarding individual deposition* by Crystal Stranger.Responses due by 11/20/2024 (Attachments: # 1 Affidavit)(Harrison, Alan) (Entered: 10/30/2024) |
| 10/30/2024 | 48 | MOTION to Expedite re 47 MOTION for Protective Order *regarding individual deposition*, 46 MOTION for Protective Order *regarding 30(b)(6) deposition* by Crystal Stranger. (Harrison, Alan) (Entered: 10/30/2024) |
| 10/30/2024 | 49 | ORDER: The defendant Stranger's motions (ECF Nos. 46 , 47 , and 48 ) are DENIED for failure to comply with the undersigned's "Instructions for Discovery Disputes" which appears on the Court's website. The parties are instructed to meet and confer in a good faith effort to resolve their dispute. The scheduling of depositions is a matter that counsel should be able to resolve without the need for Court intervention. The Court strongly suggests that, while in-person depositions are generally preferable, Plaintiff should make reasonable efforts to schedule depositions involving the same witness (in individual and corporate capacities) at a time that will permit travel arrangements to be made and will permit the witness to testify on consecutive days, to the extent multiple days are even necessary.<br><br>Signed by Judge Michael P. Shea on 10/30/24. (Constantine, A.) (Entered: 10/30/2024) |
| 11/05/2024 | 50 | MOTION for Protective Order *against settlement conference and 30(b)(6) deposition* by Optic Tax Inc..Responses due by 11/26/2024 (Harrison, Alan) (Entered: 11/05/2024) |
| 11/05/2024 | 51 | Second MOTION for Protective Order *against settlement conference and individual deposition* by Crystal Stranger.Responses due by 11/26/2024 (Harrison, Alan) (Entered: 11/05/2024) |
| 11/05/2024 | 52 | TRANSCRIPT of Proceedings: Type of Hearing: Telephonic Motion Hearing. Held on 10/22/2024 before Judge Michael P. Shea. Court Reporter: Julie Monette. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 11/26/2024. Redacted Transcript Deadline set for 12/6/2024. Release of Transcript Restriction set for 2/3/2025. (Monette, Julie) (Entered: 11/05/2024) |
| 11/06/2024 | 53 | ORDER: The defendants' motions for a protective order (ECF Nos. 50 , 51 ) are denied for failure to comply with the undersigned's discovery instructions. Further, Stranger's motion 51 is denied on the merits because she has notice of |

| | | |
|---|---|---|
| | | the proceeding and the deposition and has submitted to the personal jurisdiction of the Court. With regard to Optic Tax's motion 50 , the Court will not consider it to be a waiver of Optic Tax's challenge to personal jurisdiction that it participated in a settlement conference and therefore denies the motion for protective order by Optic Tax with respect to participation in a settlement conference.<br><br>The plaintiff's response to Optic Tax's pending motion to dismiss based on lack of personal jurisdiction 33 is due November 10, 2024.<br><br>Signed by Judge Michael P. Shea on 11/6/24. (Constantine, A.) (Entered: 11/06/2024) |
| 11/06/2024 | 54 | Set Deadlines as to 33 MOTION to Dismiss *under Rules 12(b)(2) and (6).* Plaintiff's Response due by 11/10/2024. (Sichanh, C) (Entered: 11/07/2024) |
| 11/08/2024 | 55 | AMENDED COMPLAINT *for Damages, Temporary Restraining Order, and Preliminary and Permanent Injunction* against Optic Tax Inc., Crystal Stranger, filed by Cleer LLC. (Attachments: # 1 Exhibit A - Registration for Cleer, # 2 Exhibit B - Application for Cleer.tax, # 3 Exhibit C - Operating Agreement, # 4 Exhibit D - Membership Vesting Agreement, # 5 Exhibit E - Letter)(Musekamp, George) (Entered: 11/08/2024) |
| 11/08/2024 | 56 | Amended Disclosure Statement by Cleer LLC. (Musekamp, George) (Entered: 11/08/2024) |
| 11/19/2024 | 57 | Second MOTION to Dismiss for Lack of Jurisdiction by Optic Tax Inc..Responses due by 12/10/2024 (Attachments: # 1 Memorandum in Support) (Harrison, Alan) (Entered: 11/19/2024) |
| 11/19/2024 | 58 | Second MOTION to Dismiss *for lack of service under Rule 12(b)(5)* by Crystal Stranger.Responses due by 12/10/2024 (Attachments: # 1 Memorandum in Support, # 2 Affidavit)(Harrison, Alan) (Entered: 11/19/2024) |
| 11/19/2024 | 59 | MOTION to Continue *settlement conference pending decisions of motions to dismiss* by Optic Tax Inc.. (Harrison, Alan) (Entered: 11/19/2024) |
| 11/19/2024 | 60 | AFFIDAVIT re 58 Second MOTION to Dismiss *for lack of service under Rule 12(b)(5)* Signed By Crystal Stranger filed by Crystal Stranger. (Harrison, Alan) (Entered: 11/19/2024) |
| 11/22/2024 | 61 | ORDER: For the reasons stated in the attached ruling, Stranger's motions to dismiss the complaint under Fed. R. Civ. P. 12(b)(5) (ECF Nos. 32 , 58 ) and motion to continue the settlement conference (ECF No. 59 ) are denied.<br><br>The Court exercises its discretion under Rule 4(f)(3) to permit service on Stranger by serving her counsel. Given the particular facts of this case - including the urgency of the plaintiff's motion for a preliminary injunction, the Court's order requiring expedited discovery in anticipation of a settlement conference and a preliminary injunction hearing, Stranger's actual notice of the proceedings and consent to personal jurisdiction, and finally, the plaintiff's attempt to serve her, the Court finds that allowing such alternate service of process is appropriate under the circumstances.<br><br>Accordingly, Plaintiff shall forthwith serve the original summons, the complaint, |

| | | and the amended complaint on Stranger's counsel by email and overnight mail, and shall file proof of such service on or before November 29, 2024.<br><br>Signed by Judge Michael P. Shea on 11/22/24. (Constantine, A.) (Entered: 11/22/2024) |
|---|---|---|
| 11/22/2024 | 62 | ORDER: Optic Tax's motion to dismiss under Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (ECF No. 33 ) is denied as moot in light of the subsequently filed amended complaint (ECF No. 55 ).<br><br>Signed by Judge Michael P. Shea on 11/22/24. (Constantine, A.) (Entered: 11/22/2024) |
| 11/22/2024 | 63 | ORDER: Stranger's motion to dismiss under Fed. R. Civ. P. 12(b)(6) (ECF No. 32 ) is denied as moot in light of the subsequently filed amended complaint. (ECF No. 55 )<br><br>Signed by Judge Michael P. Shea on 11/22/24. (Constantine, A.) (Entered: 11/22/2024) |
| 11/25/2024 | 64 | MOTION service on counterclaim defendants through counsel by Crystal Stranger.Responses due by 12/16/2024 (Harrison, Alan) (Entered: 11/25/2024) |
| 11/26/2024 | 65 | ANSWER to 55 Amended Complaint, with Affirmative Defenses and Special Defenses , COUNTERCLAIM against Cleer LLC, David McKeegan, Carrie McKeegan by Crystal Stranger. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Harrison, Alan) (Entered: 11/26/2024) |
| 11/26/2024 | 66 | ORDER: Stranger has filed an Answer with Affirmative Defenses and a Counterclaim, which lacks a caption but appears to add as defendants David McKeegan and Carrie McKeegan. Stranger's request under Fed. R. Civ. P. 4(f)(3) that she be permitted to serve David McKeegan and Carrie McKeegan by serving their counsel, George Musekamp (ECF No. 64 ) is granted. Accordingly, Stranger shall forthwith serve her Answer and counterclaim on Attorney Musekamp by email and overnight mail, and shall file proof of such service on or before November 29, 2024.<br><br>Signed by Judge Michael P. Shea on 11/26/24. (Constantine, A.) (Entered: 11/26/2024) |
| 11/26/2024 | 67 | NOTICE by Cleer LLC re 61 Order on Motion to Dismiss,,,,,,,,,,, Order on Motion to Continue,,,, *Plaintiff's Notice of Proof of Service of Summons, Complaint and Amended Complaint on Defendants' Counsel* (Attachments: # 1 Exhibit A - Email to counsel, # 2 Exhibit B - Federal Express delivery receipt) (Musekamp, George) (Entered: 11/26/2024) |
| 11/27/2024 | 68 | CERTIFICATE OF SERVICE by Crystal Stranger re 65 Answer to Amended Complaint,, Counterclaim, (Harrison, Alan) (Entered: 11/27/2024) |
| 12/03/2024 | 69 | MOTION to Continue *settlement conference and preliminary injunction hearing* by Crystal Stranger. (Attachments: # 1 Exhibit)(Harrison, Alan) (Entered: 12/03/2024) |

| 12/03/2024 | 70 | ORDER: A telephonic status conference is scheduled for Thursday, December 5, 2024 at 3:30pm. Chambers will email counsel the dial-in information.<br><br>Signed by Judge Michael P. Shea on 12/3/24. (Constantine, A.) (Entered: 12/03/2024) |
|---|---|---|
| 12/03/2024 | 71 | ORDER: Defendant Stranger's motion 69 to continue the settlement conference is denied. In light of the parties' agreement, Ms. Stranger may participate in the conference via videoconference. Her attendance is mandatory.<br><br>The Court will discuss the motion regarding the preliminary injunction hearing as well as other matters during the conference call Thursday.<br><br>Signed by Judge Michael P. Shea on 12/3/24. (Constantine, A.) (Entered: 12/03/2024) |
| 12/03/2024 | | Set Hearings: Telephonic Status Conference is set for 12/5/2024 at 03:30 PM in Remote Setting before Judge Michael P Shea. (Sichanh, C) (Entered: 12/05/2024) |
| 12/04/2024 | 72 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. **RESET FROM In-Person to Zoom**. A Settlement Conference is set for 12/9/2024 at 10:00 a.m. before Judge S. Dave Vatti. **The Court will distribute the Zoom information to the parties via email.** (Ellis, B) (Entered: 12/04/2024) |
| 12/05/2024 | 73 | Minute Entry for proceedings held before Judge Michael P Shea: Telephonic Status Conference held on 12/5/2024. TOTAL TIME: 35 minutes(Court Reporter Julie Monette.) (Sichanh, C) (Entered: 12/05/2024) |
| 12/05/2024 | 74 | ORDER: As stated during today's conference call,<br><br>1.    By close of business Tuesday, December 10, 2024, defendant Stranger shall ship and file on the docket proof of expedited shipping to plaintiff's counsel of the 2023 laptop (currently in a closet) with tracking information. She shall also file on the docket the make, model, and serial number of the laptop, along with an image of the device. The information on the laptop is designated as confidential, Attorneys' Eyes Only, accessible only to plaintiff's counsel, plaintiff's counsel's forensic expert, and defense counsel; provided, however, that defense counsel may not delay transmission of the laptop to plaintiff's counsel at this point on the theory that he needs time to review the information. That could have been done previously, and an injunction hearing is fast approaching.<br><br>2.   The plaintiff's motion to continue the preliminary injunction hearing (ECF No. 69 ) is denied without prejudice. Any further request to postpone the hearing shall be filed by no later than January 13, 2025 and accompanied by a robust and detailed showing of medical evidence demonstrating that Ms. Stranger is preventing from flying because of a medical condition. This should include, at a minimum, a detailed letter from a physician, medical records, and an affidavit from Ms. Stranger explaining when she contracted this |

| | | |
|---|---|---|
| | | condition, what steps she has taken to obtain treatment, the current state of her symptoms, when she has or has had any appointments for treatment, and any steps she might take to fly safely while she has the condition. Plaintiff's counsel, Plaintiff's clients, Ms. Stranger, and Defense Counsel are hereby ordered to continue holding the January 29 date for the hearing and to expect the hearing to proceed at that time.<br><br>3.    The Court takes the plaintiff's request for discovery from OpticTax under advisement pending the Court's review of the plaintiff's opposition to the defendant's motion to dismiss. (ECF No. 57)<br><br>Signed by Judge Michael P. Shea on 12/5/24. (Constantine, A.) (Entered: 12/05/2024) |
| 12/09/2024 | 75 | Minute Entry for proceedings held before Judge S. Dave Vatti: Settlement Conference held on 12/9/2024. Total Time: 4 hours and 28 minutes. The case did not settle. The Settlement Judge will reach out by phone to counsel in approximately two weeks to determine if some further expedited discovery has created any impetus for re-starting discussions. (Ellis, B) (Entered: 12/10/2024) |
| 12/10/2024 | 76 | EXHIBIT *(evidence of shipping laptop)* by Crystal Stranger re 74 Order on Motion to Continue,,,,,,,,,. (Harrison, Alan) (Entered: 12/10/2024) |
| 12/10/2024 | 77 | Memorandum in Opposition re 57 Second MOTION to Dismiss for Lack of Jurisdiction filed by Cleer LLC. (Attachments: # 1 Exhibit A - Connecticut Business Tax Guide)(Musekamp, George) (Entered: 12/10/2024) |
| 12/13/2024 | 78 | MOTION for Extension of Time until January 17, 2025 to Answer, Respond, or Otherwise Move in Response to Third-Party Complaint by Cleer LLC. (Musekamp, George) (Entered: 12/13/2024) |
| 12/16/2024 | 79 | REPLY to Response to 57 Second MOTION to Dismiss for Lack of Jurisdiction filed by Optic Tax Inc.. (Attachments: # 1 Exhibit Exhibit P, # 2 Exhibit Exhibit Q)(Harrison, Alan) (Entered: 12/16/2024) |
| 12/16/2024 | 80 | MOTION for Leave to File Sur-Reply in Opposition to Defendant Optic Tax Inc.'s Motion to Dismiss Instanter by Cleer LLC.Responses due by 1/6/2025 (Attachments: # 1 Exhibit A - Proposed Sur-Reply)(Musekamp, George) (Entered: 12/16/2024) |
| 12/16/2024 | 81 | ORDER: The Court's schedule for January is in in flux due to trial obligations. The parties should continue to hold the dates of January 29 and 31, 2025 for the preliminary injunction hearing. In the event that the Court has to move the hearing, the parties should also hold open February 5 and 6, 2025.<br><br>The parties are on notice that even if defendant Stranger establishes to the Court's satisfaction that she is unable to fly, the Court would likely not move the hearing but rather would proceed by having her testify remotely.<br><br>Signed by Judge Michael P. Shea on 12/16/24. (Constantine, A.) (Entered: 12/16/2024) |

| 12/18/2024 | 82 | ANSWER to 65 Answer to Amended Complaint,, Counterclaim, by Cleer LLC. (Musekamp, George) (Entered: 12/18/2024) |
|---|---|---|
| 12/18/2024 | 83 | ORDER: The McKeegans' motion 78 for an extension of time until January 17, 2025 in which to respond to the complaint is granted.<br><br>Signed by Judge Michael P. Shea on 12/18/24. (Constantine, A.) (Entered: 12/18/2024) |
| 12/18/2024 | 84 | ORDER: Cleer's motion (ECF No. 80 ) for leave to file a sur-reply is granted. Cleer shall separately file the sur-reply forthwith.<br><br>Signed by Judge Michael P. Shea on 12/18/24. (Constantine, A.) (Entered: 12/18/2024) |
| 12/18/2024 |  | Answer deadline updated for Carrie McKeegan to 1/17/2025; David McKeegan to 1/17/2025. (Sichanh, C) (Entered: 12/19/2024) |
| 12/19/2024 | 85 | REPLY to Response to 57 Second MOTION to Dismiss for Lack of Jurisdiction *Plaintiff Cleer Tax LLC's Sur-Reply in Opposition to Defendant Optic Tax Inc.'s Motion to Dismiss* filed by Cleer LLC. (Attachments: # 1 Exhibit 1 - Declaration of David McKeegan)(Musekamp, George) (Entered: 12/19/2024) |
| 12/20/2024 | 86 | ORDER: The Court has reviewed the briefs related to Defendant Optic Tax's motion to dismiss (ECF Nos. 57 , 77 , 79 , 85 ) and has reviewed again the attached correspondence related to a discovery dispute between the plaintiffs and Optic Tax. After doing so, the Court orders as follows: Optic Tax (and its co-defendant) shall forthwith respond, as a party in this action, to any discovery requests related to its formation, geographical ties, corporate structure, and ownership and control of or by other persons. It shall in the same manner respond to discovery requests relating to its employees and ownership or control of any of the intellectual property or other assets described in the operative complaint, including websites, domain names, and the like - including when that ownership or control began. It shall also respond immediately to any discovery requests related to the "alter ego" theory articulated in the plaintiffs' briefs on the jurisdictional issue. All of this is reasonably characterized as jurisdictional discovery in this case.<br><br>In addition, Optic Tax shall also respond to any discovery requests not falling in the above categories, including requests that might be described as "merits discovery," except that Optic Tax may designate its responses (as long as they are not in the above categories) as being merits discovery, and may, at the preliminary injunction hearing, contend that the Court should not consider any merits discovery in deciding (1) the motion to dismiss, and (2) the motion for preliminary injunction - until it ascertains that Optic Tax is subject to the personal jurisdiction of the Court. Designating certain responses as "merits only," as long as the designation is warranted, will make it easier for the Court and the parties to identify the responses that may be considered as to particular issues. The Court will hear argument on the motion to dismiss at the preliminary injunction hearing, and the parties should proceed forthwith with all discovery related to that hearing.<br><br>If, after the discovery is provided, either party believes there are additional |

| | | |
|---|---|---|
| | | material facts reflected in the discovery and bearing on the jurisdictional issue, that party may file a supplemental brief (not to exceed 10 pages), at least 7 days before the preliminary injunction hearing, and the opposing party may file a response (also not to exceed 10 pages) at least 3 days before the hearing; no replies will be permitted.<br><br>Signed by Judge Michael P. Shea on 12/20/24. (Attachments: # 1 Letter) (Constantine, A.) (Entered: 12/20/2024) |
| 01/10/2025 | 87 | ORDER: The discovery dispute, as set forth in the attached letters, is hereby referred to Magistrate Judge Garcia.<br><br>Signed by Judge Michael P Shea on 1/10/25. (Attachments: # 1 Letter) (Constantine, A.) (Entered: 01/10/2025) |
| 01/10/2025 | 88 | ORDER REFERRING CASE to Magistrate Judge Maria E. Garcia for discovery dispute.<br>Signed by Judge Michael P Shea on 1/10/2025.(Sichanh, C) (Entered: 01/10/2025) |
| 01/10/2025 | 89 | NOTICE regarding hearing via Zoom: The discovery conference scheduled for 1/10/2025 at 4:00 p.m. will be conducted via Zoom.<br><br>Call-in and Public Access Number: 1 646 828 7666<br><br>Meeting ID: 161 524 5293<br><br>Meeting Password: 157174<br><br>*The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.<br><br>NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.<br>Discovery Conference set for **1/10/2025 at 4:00 PM** before Judge Maria E. Garcia. (Santos, S) (Entered: 01/10/2025) |
| 01/10/2025 | 90 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. A telephonic status conference is set for **1/16/2025** at **3:00 p.m.** before Judge S. Dave Vatti. To connect to the conference, dial **646 828 7666**, enter **Meeting ID: 161 570 7954** and **Passcode: 336474**. (Ellis, B) (Entered: 01/10/2025) |

| 01/10/2025 | 91 | ORDER granting 87 Plaintiff's Motion to Compel Responses to Request for Production No. 19. ECF No. 87.<br>The Court held an expedited discovery status conference:<br>Based on Defendants' answer to Interrogatory No. 3 and subsequent document production, the Court finds that Defendants have waived the attorney-client privilege as it relates to the enforceability and scope of the restrictive covenant and the ownership of the domain Cleer.tax. *Ghio v. Liberty Insurance Underwriters, Inc.*, 212 Conn. App. 754, 770 (2022) ("The subject matter waiver rule provides that the voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject.") (citation and internal quotation marks omitted). Defendants' objection on the basis of fairness is overruled. As stated at the hearing, Defendants voluntarily waived the privilege and cannot now cherry pick which information they turn over to Plaintiff. The parties agreed that the subject matter of the scope of the waiver of the attorney-client privilege is: (1) the enforceability and scope of the restrictive covenant; and (2) the ownership of the domain Cleer.tax. The parties further agree that the waiver of the attorney client privilege is not prospective and the cut-off date would be January 9, 2025, which was the last date of waiver. *See Nye v Sage Products, Inc.*, 98 F.R.D.452, 454 (N.D. Ill. 1982) (noting that "the court sees no reason for holding that plaintiffs waived privilege as to communications occurring after the act of waiver.").<br>Plaintiff is entitled to documents from any attorneys, including but not limited to the Zalessky law firm and the Sandollar law firm, within the scope of the subject matter and timeframe, up until January 9, 2025, as set forth above.<br>As agreed to by the parties, documents can be redacted to exclude any information not within the subject matter. Responsive documents within Defendants' possession, custody, and control will be produced by 12:00 PM Sunday, January 12, 2025, and Plaintiff will be entitled to inquire at Defendants' deposition.<br>Signed by Judge Maria E. Garcia on 1/10/25. (Esposito, A.) (Entered: 01/10/2025) |
| 01/10/2025 | 93 | Minute Entry. Proceedings held before Judge Maria E. Garcia: granting 87 Motion to Compel; Motion Hearing held on 1/10/2025 re 87 MOTION to Compel; Status Conference held on 1/10/2025. Total Time: 40 minutes (Court Reporter Courtsmart.) (Santos, S) (Entered: 01/13/2025) |
| 01/13/2025 | 92 | ORDER re: 91 Clarifying January 10, 2025 Order. ECF No. 91.<br>On January 13, 2025, the parties sought clarification of the Courts Order dated January 10, 2025, finding that Defendants "waived the attorney-client privilege as it relates to the enforceability and scope of the restrictive covenant and the ownership of the domain Cleer.tax." ECF No. 91. The parties report that Defendants produced documents sent from all attorneys in compliance with the Court's order. The parties now seek clarification "whether the Court means that attorneys should produce all communications sent by attorneys, or whether the Court means that attorneys should produce all communications that [Defendants] have."<br>The January 10, 2025 Order, (ECF No. 91), is clarified as follows:<br>Defendants will produce all communications between all attorneys and Ms. Stranger and on behalf of any of the Defendants (to and from), that are within the scope and time frame, January 9, 2025, of the waiver set forth in the January 10, |

| | | |
|---|---|---|
| | | 2025, Order. ECF No. 91.<br>Signed by Judge Maria E. Garcia on 1/13/25. (Esposito, A.) (Entered: 01/13/2025) |
| 01/14/2025 | 94 | NOTICE by Crystal Stranger re 20 Memorandum in Opposition to Motion *(motion to correct the record)* (Harrison, Alan) (Entered: 01/14/2025) |
| 01/15/2025 | 95 | ANSWER to 65 Answer to Amended Complaint,, Counterclaim, by David McKeegan, Carrie McKeegan.(Musekamp, George) (Entered: 01/15/2025) |
| 01/16/2025 | 96 | Minute Entry for proceedings held before Judge S. Dave Vatti: Status Conference held on 1/16/2025. Total Time: 7 minutes. (Ellis, B) (Entered: 01/16/2025) |
| 01/16/2025 | 97 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. A telephonic status conference is set for **1/21/2025** at **3:00 p.m.** before Judge S. Dave Vatti. To connect to the conference, dial **646 828 7666**, enter Meeting ID: **161 752 0310** and Passcode: **614863**. (Ellis, B) (Entered: 01/16/2025) |
| 01/16/2025 | 98 | NOTICE. The Settlement Judge will conduct another phone call with the parties on January 21, 2025. The parties should be prepared to report at that time, after further consultation with their clients, whether they wish to have another settlement conference prior to the scheduled injunction hearing. Signed by Judge S. Dave Vatti on 1/16/2025. (Ellis, B) (Entered: 01/16/2025) |
| 01/17/2025 | 99 | MOTION for Contempt *Motion for Finding Defendants in Contempt of Court's Temporary Restraining Order [Doc. 34]* by Cleer LLC.Responses due by 2/7/2025 (Attachments: # 1 Exhibit A - Excerpt from hearing transcript, # 2 Exhibit B - Excerpt from Deposition of Crystal Stranger)Motions referred to Maria E. Garcia(Musekamp, George) (Entered: 01/17/2025) |
| 01/21/2025 | 100 | RESPONSE by Cleer LLC*Plaintiff Cleer Tax LLC's Supplemental Brief Regarding Personal Jurisdiction Over Defendant Optic Tax Inc.*. (Attachments: # 1 Exhibit A - Excerpt from Deposition of Crystal Stranger)(Musekamp, George) (Entered: 01/21/2025) |
| 01/21/2025 | 101 | Minute Entry for proceedings held before Judge S. Dave Vatti: Status Conference held on 1/21/2025. Total Time: 7 minutes. Following a telephone call with the parties' counsel on January 21, the Settlement Judge was not optimistic that a settlement of this matter could be reached but was willing to make an effort to see if any progress could be made. Although the Settlement Judge proposed the afternoons of January 27 or January 28, defendants' counsel has advised that Ms. Stranger's travel schedule to be here for the injunction hearing on January 29 does not permit her to participate on either the 27th or 28th of January. Accordingly, any further settlement discussion prior to the January 29 hearing is not likely to be productive. (Ellis, B) (Entered: 01/21/2025) |
| 01/21/2025 | 102 | ORDER: The motion for preliminary injunction (ECF No. 12 ) and motion to dismiss (ECF No. 57 ) are referred to Magistrate Judge Garcia to hold an evidentiary hearing and issue a recommended ruling.<br><br>The parties shall confer with Judge Garcia regarding whether her own schedule will allow her to hold the hearing on the currently scheduled dates or whether she must utilize other nearby dates, in light of other court business before her and the urgency of the plaintiff's business needs as articulated at a recent status |

| | | |
|---|---|---|
| | | conference.<br><br>Signed by Judge Michael P. Shea on 1/21/25. (Constantine, A.) (Entered: 01/21/2025) |
| 01/22/2025 | 103 | ORDER REFERRING CASE to Magistrate Judge Maria E. Garcia to hold an evidentiary hearing and issue a recommended ruling re The motion for preliminary injunction (ECF No. 12 ) and 57 Second MOTION to Dismiss for Lack of Jurisdiction .<br>Signed by Judge Michael P Shea on 1/22/2025.Motions referred to Maria E. Garcia(Sichanh, C) (Entered: 01/22/2025) |
| 01/22/2025 | 104 | NOTICE regarding hearing via Zoom: The status conference scheduled for 1/22/2025 at 4:00 p.m. will be conducted via Zoom.<br><br>Call-in and Public Access Number: 1 646 828 7666<br><br>Meeting ID: 160 629 9954<br><br>Meeting Password: 541362<br><br>*The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.<br><br>NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.<br>Status Conference set for **1/22/2025 at 4:00 PM** in Remote Setting before Judge Maria E. Garcia. (Santos, S) (Entered: 01/22/2025) |
| 01/22/2025 | 105 | Minute Entry for proceedings held before Judge Maria E. Garcia: Status Conference held on 1/22/2025. The evidentiary hearing will go forward on the currently scheduled date of 1/29/2025 at 10:00 AM before Judge Garcia. 14 minutes (Court Reporter CourtSmart.) (Langello, N) (Entered: 01/22/2025) |
| 01/22/2025 | 106 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Evidentiary Hearing set for **1/29/2025 at 10:00 AM** in Courtroom Four, 141 Church Street, New Haven, CT before Judge Maria E. Garcia (Langello, N) (Entered: 01/22/2025) |
| 01/22/2025 | 107 | SCHEDULING ORDER. A Status Conference was held on January 22, 2025 and the following schedule was entered:<br>A Preliminary Injunction hearing is scheduled for January 29, 2025, starting at |

| | | |
|---|---|---|
| | | 10:00 a.m. and, if needed, January 30, 2025, starting at 9:30 a.m. and ending at 1:30 p.m.<br>The parties will file witness and exhibit lists by Friday, January 24, 2025.<br>The parties will confer regarding the exhibits and indicate which, if any, may be entered as full exhibits by agreement.<br>The parties will deliver to chambers three (3) binders of their pre-marked exhibits by Monday, January 27, 2025.<br>The parties are directed to review the Courts website for guidance on how to request courtroom technology at: https://ctd.uscourts.gov/courtroom-technology<br>Pursuant to Judge Shea's Scheduling Order, proposed findings of fact and conclusions of law will be filed by February 18, 2025. ECF No. 52 at 40.<br>The Court will inform the parties whether it will hear argument on Defendant Optic Taxs Motion to Dismiss, ECF No. 57, on January 29 or 30, 2025 or by Zoom at a later date.<br><br>Signed by Judge Maria E. Garcia on 1/22/2025. (Esposito, A.) (Entered: 01/22/2025) |
| 01/22/2025 | 108 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Preliminary Injunction Hearing set for 1/29/2025 at 10:00 AM in Courtroom Four, 141 Church Street, New Haven, CT before Judge Maria E. Garcia.<br>An additional day, 1/30/2025 is reserved, if needed, starting at 9:30 a.m. and ending at 1:30 p.m. (Esposito, A.) (Entered: 01/22/2025) |
| 01/22/2025 | | MOTIONS REFERRED to Judge Maria E. Garcia including 12 MOTION for Temporary Restraining Order and 57 Second MOTION to Dismiss for Lack of Jurisdiction . Motions referred to Maria E. Garcia(Sichanh, C) (Entered: 02/10/2025) |
| 01/24/2025 | 109 | NOTICE by Crystal Stranger, Optic Tax Inc. re 107 Order,,,, *Exhibits and Witness list* (Harrison, Alan) (Entered: 01/24/2025) |
| 01/24/2025 | 110 | Proposed Exhibit List by Cleer LLC. (Musekamp, George) (Entered: 01/24/2025) |
| 01/24/2025 | 111 | Proposed Witness List by Cleer LLC. (Musekamp, George) (Entered: 01/24/2025) |
| 01/27/2025 | 112 | Amended EXHIBIT *Preliminary Injunction Hearing Exhibit List* by Cleer LLC. (Musekamp, George) (Entered: 01/27/2025) |
| 01/27/2025 | 113 | ORDER re: 57 Second MOTION to Dismiss for Lack of Jurisdiction filed by Optic Tax Inc.<br>The parties will be heard on Optic Tax's Motion to Dismiss at the conclusion of the evidence on the preliminary injunction on January 30, 2025, if time, or on January 31, 2025 at 9:30 a.m.<br>Signed by Judge Maria E. Garcia on 1/27/25. (Esposito, A.) (Entered: 01/27/2025) |
| 01/27/2025 | 114 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.<br>Telephonic Status Conference set for 1/28/2025 at 04:30 PM before Judge Maria E. Garcia. |

| | | Dial in: 203-684-6202<br>Conference ID: 826 090 402#<br>(Esposito, A.) (Entered: 01/27/2025) |
|---|---|---|
| 01/27/2025 | 115 | CORRECTED ORDER: regarding 57 Second MOTION to Dismiss for Lack of Jurisdiction filed by Optic Tax Inc.<br>The parties will be heard on Optic Tax's Motion to Dismiss at the conclusion of the evidence on the preliminary injunction on January 29, 2025, if time, or on January 30, 2025 at 9:30 a.m.<br><br>Signed by Judge Maria E. Garcia on 1/27/25. (Esposito, A.) (Entered: 01/27/2025) |
| 01/28/2025 | 116 | Minute Entry for proceedings held before Judge Maria E. Garcia: Telephonic Status Conference held on 1/28/2025. 18 minutes. (Esposito, A.) (Entered: 01/28/2025) |
| 01/28/2025 | 117 | Proposed Exhibit List by Crystal Stranger. (Harrison, Alan) (Entered: 01/28/2025) |
| 01/29/2025 | 118 | Minute Entry. Proceedings held before Judge Maria E. Garcia: Evidentiary Hearing held on 1/29/2025. Hearing continued to 1/30/2025. Total Time: 06 hours and 03 minutes(Court Reporter Diana Huntington.) (Lewis, D) (Entered: 01/29/2025) |
| 01/30/2025 | 119 | Minute Entry. Proceedings held before Judge Maria E. Garcia: Evidentiary Hearing re preliminary injunction held; oral argument on motion to dismiss held; plaintiff and defendant rest; briefing/findings of facts due 2/12/2025; TRO remains in full effect and parties shall remain in full compliance. Total Time: 01 hours and 35 minutes(Court Reporter Diana Huntington.) (Lewis, D) Modified on 1/30/2025 (Lewis, D). (Entered: 01/30/2025) |
| 01/30/2025 | 120 | ORDER. On January 29, 2025, an evidentiary hearing was held on Plaintiff's Motion for Preliminary Injunction. At the end of the first day, Defendant Crystal Stranger was finishing her testimony in Plaintiff's case. The parties reconvened for a second day, on January 30, 2025, to finish Ms. Stranger's testimony. Defendant Stranger did not appear. Her counsel stated that she was no longer in the District of Connecticut. The hearing proceeded without her with Defendants counsel appearing by Zoom. Plaintiff rested. Counsel for Defendants examined Plaintiff's CEO David McKeegan and rested their case.<br>At the conclusion of the hearing, the Court reminded Defendants' counsel that the TRO entered on October 22, 2024, remains in effect and Defendants should be notified that the TRO remains in effect. ECF No. 34.<br>It is hereby ORDERED that, counsel for Defendants will provide a copy of the TRO to Defendant Crystal Stranger and file a notice on the docket that his client was provided with a copy of this Order and the TRO.<br>The parties proposed findings of fact and conclusions of law are due on **February 12, 2025.**<br><br>Signed by Judge Maria E. Garcia on 1/30/25.(Esposito, A.) (Entered: 01/30/2025) |
| 01/30/2025 | 121 | NOTICE by Crystal Stranger re 120 Order,,,, (Harrison, Alan) (Entered: 01/30/2025) |

| 01/30/2025 | 122 | Marked Exhibit & Witness List. (Lewis, D) (Additional attachment(s) added on 1/30/2025: # 1 Corrected PDF) (Lewis, D). (Entered: 01/30/2025) |
|---|---|---|
| 01/31/2025 | 123 | Memorandum in Opposition re 99 MOTION for Contempt *Motion for Finding Defendants in Contempt of Court's Temporary Restraining Order [Doc. 34]* filed by Crystal Stranger. (Harrison, Alan) (Entered: 01/31/2025) |
| 02/03/2025 | 124 | MOTION for Alan Harrison to Withdraw as Attorney by Crystal Stranger. (Attachments: # 1 Exhibit Letter from client)Motions referred to Maria E. Garcia(Harrison, Alan) (Entered: 02/03/2025) |
| 02/03/2025 | 125 | REPLY to Response to 99 MOTION for Contempt *Motion for Finding Defendants in Contempt of Court's Temporary Restraining Order [Doc. 34]* filed by Cleer LLC. (Attachments: # 1 Exhibit A - Excerpt from Deposition of Crystal Stranger, # 2 Exhibit B - PI hearing exhibit 127, # 3 Exhibit C - PI hearing exhibit 138, # 4 Exhibit D - PI hearing exhibit 125, # 5 Exhibit E - PI hearing exhibit 146, # 6 Exhibit F - PI hearing exhibit 143, # 7 Exhibit G - PI hearing exhibit 147, # 8 Exhibit H - PI hearing transcript)(Musekamp, George) (Entered: 02/03/2025) |
| 02/04/2025 | 126 | TRANSCRIPT of Proceedings: Type of Hearing: Hearing on Motion for Preliminary Injunction and Motion to Dismiss, Volume I. Held on January 29, 2025 before Judge Maria E. Garcia. Court Reporter: Diana Huntington. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 2/25/2025. Redacted Transcript Deadline set for 3/7/2025. Release of Transcript Restriction set for 5/5/2025. (Huntington, D.) (Entered: 02/04/2025) |
| 02/04/2025 | 127 | TRANSCRIPT of Proceedings: Type of Hearing: Hearing on Motion for Preliminary Injunction and Motion to Dismiss, Volume II. Held on January 30, 2025 before Judge Maria E. Garcia. Court Reporter: Diana Huntington. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 2/25/2025. Redacted Transcript Deadline set for 3/7/2025. Release of Transcript Restriction set for 5/5/2025. (Huntington, D.) (Entered: 02/04/2025) |

| 02/04/2025 | 128 | ORDER: The motion (ECF No. 124 ) to withdraw is referred to Judge Garcia.<br><br>Signed by Judge Michael P. Shea on 2/4/25. (Constantine, A.) (Entered: 02/04/2025) |
| --- | --- | --- |
| 02/04/2025 | 129 | RESPONSE re 124 MOTION for Alan Harrison to Withdraw as Attorney filed by Cleer LLC. (Musekamp, George) (Entered: 02/04/2025) |
| 02/04/2025 | 130 | MOTION for Sanctions by Cleer LLC.Responses due by 2/25/2025 (Attachments: # 1 Exhibit A - Excerpts from PI Hearing Transcript, # 2 Exhibit B - Excerpts from Deposition of Crystal Stranger)(Musekamp, George) (Entered: 02/04/2025) |
| 02/05/2025 | 131 | ORDER: The motion for sanctions (ECF No. 130 ) is referred to Judge Garcia.<br><br>Signed by Judge Michael P. Shea on 2/5/25. (Constantine, A.) (Entered: 02/05/2025) |
| 02/05/2025 | 137 | NOTICE of Substitute Counsel and Appearance Self Represented Party by Crystal Stranger (Peterson, M) (Entered: 02/11/2025) |
| 02/05/2025 | 138 | MOTION by Self-Represented Litigant to Participate in Electronic Filing by Crystal Stranger. Motions referred to Maria E. Garcia(Peterson, M) (Entered: 02/11/2025) |
| 02/05/2025 | 139 | MOTION for Mistrial by Crystal Stranger. Motions referred to Maria E. Garcia (Peterson, M) (Entered: 02/11/2025) |
| 02/05/2025 | 140 | MOTION for Contempt by Crystal Stranger. Responses due by 2/26/2025 Motions referred to Maria E. Garcia (Peterson, M) (Entered: 02/11/2025) |
| 02/06/2025 | 132 | ORDER REFERRING CASE to Magistrate Judge Maria E. Garcia re 130 MOTION for Sanctions.<br>Signed by Judge Michael P Shea on 2/6/2024. Motions referred to Maria E. Garcia(Sichanh, C) (Entered: 02/06/2025) |
| 02/08/2025 | 133 | MOTION to Continue by Crystal Stranger. (Harrison, Alan) (Entered: 02/08/2025) |
| 02/10/2025 | 134 | Memorandum in Opposition re 133 MOTION to Continue filed by Cleer LLC. (Musekamp, George) (Entered: 02/10/2025) |
| 02/10/2025 | 135 | Second MOTION for Contempt *of Court's Temporary Restraining Order* by Cleer LLC.Responses due by 3/3/2025 (Attachments: # 1 Exhibit A - Declaration of David McKeegan)(Musekamp, George) (Entered: 02/10/2025) |
| 02/11/2025 | 136 | ORDER: The (ECF No. 133 ) motion to continue is referred to Judge Garcia.<br><br>Signed by Judge Michael P. Shea on 2/11/25. (Constantine, A.) (Entered: 02/11/2025) |
| 02/11/2025 | | MOTIONS REFERRED to Judge Maria E. Garcia including 133 MOTION to Continue. Motions referred to Maria E. Garcia(Sichanh, C) (Entered: 02/11/2025) |

| | | |
|---|---|---|
| 02/11/2025 | 141 | ORDER granting 138 Motion by Self-Represented Litigant to Participate in Electronic Filing. **Self-Represented Filers are Required to Comply with the Standard Electronic Filing Order Docketed at Case Opening.** Signed by Judge Maria E. Garcia on 2/11/25. (Esposito, A.) (Entered: 02/11/2025) |
| 02/11/2025 | 142 | ORDER granting 124 Motion to Withdraw as Attorney. Attorney Alan Harrison's representation is terminated solely as to Defendant Crystal Stranger. ORDER denying 133 Motion to Continue. Attorney Harrison is hereby ordered to provide a copy of this Order by whatever means necessary to Ms. Stranger and file proof of service on the docket on or before February 14, 2025. Signed by Judge Maria E. Garcia on 2/11/2025. (Esposito, A.) (Entered: 02/11/2025) |
| 02/12/2025 | 143 | ORDER: The motion (ECF No. 139 ) for mistrial is referred to Judge Garcia. Signed by Judge Michael P. Shea on 2/12/25. (Constantine, A.) (Entered: 02/12/2025) |
| 02/12/2025 | 144 | Proposed Findings of Fact and Conclusions of Law by Crystal Stranger. (Stranger, Crystal) (Entered: 02/12/2025) |
| 02/12/2025 | | MOTIONS REFERRED to Judge Maria E. Garcia including 139 MOTION for Mistrial Order. Motions referred to Maria E. Garcia(Sichanh, C) (Entered: 02/12/2025) |
| 02/12/2025 | 145 | Proposed Findings of Fact and Conclusions of Law by Cleer LLC. (Musekamp, George) (Entered: 02/12/2025) |
| 02/13/2025 | 146 | NOTICE by Optic Tax Inc. re 142 Order on Motion to Withdraw as Attorney,, Order on Motion to Continue, *proof of service on Crystal Stranger* (Harrison, Alan) (Entered: 02/13/2025) |
| 02/14/2025 | 147 | Memorandum in Opposition re 135 Second MOTION for Contempt *of Court's Temporary Restraining Order* filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D)(Stranger, Crystal) (Entered: 02/14/2025) |
| 02/14/2025 | 148 | Memorandum in Opposition re 130 MOTION for Sanctions filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E)(Stranger, Crystal) (Entered: 02/14/2025) |
| 02/18/2025 | 149 | MOTION for Alan Harrison to Withdraw as Attorney by Optic Tax Inc.. (Attachments: # 1 A Notice to Optic Tax of motion to withdraw)Motions referred to Maria E. Garcia(Harrison, Alan) (Entered: 02/18/2025) |
| 02/18/2025 | 150 | REPLY to Response to 99 MOTION for Contempt *Motion for Finding Defendants in Contempt of Court's Temporary Restraining Order [Doc. 34] Motion for Leave to File Sur-Reply* filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A)(Stranger, Crystal) (Entered: 02/18/2025) |
| 02/19/2025 | 151 | ORDER: The motion (ECF No. 149 ) to withdraw is referred to Judge Garcia. |

| | | |
|---|---|---|
| | | Signed by Judge Michael P. Shea on 2/19/25. (Constantine, A.) (Entered: 02/19/2025) |
| 02/20/2025 | | MOTIONS REFERRED to Magistrate Judge Maria E. Garcia including 149 MOTION for Alan Harrison to Withdraw as Attorney. Motions referred to Maria E. Garcia(Sichanh, C) (Entered: 02/20/2025) |
| 02/21/2025 | 152 | First MOTION for Bond by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I, # 10 Exhibit Exhibit J, # 11 Exhibit Exhibit K, # 12 Exhibit Exhibit L, # 13 Exhibit Exhibit M, # 14 Exhibit Exhibit N, # 15 Exhibit Exhibit O)Motions referred to Maria E. Garcia(Stranger, Crystal) (Entered: 02/21/2025) |
| 02/25/2025 | 153 | Set/Reset Deadlines as to 139 MOTION for Mistrial Order. Responses due by 2/26/2025. (Esposito, A.) (Entered: 02/25/2025) |
| 02/25/2025 | 154 | Set/Reset Deadlines as to 152 First MOTION for Bond . Responses due by 3/14/2025. (Esposito, A.) (Entered: 02/25/2025) |
| 02/26/2025 | 155 | ORDER granting 149 MOTION for Alan Harrison to Withdraw as Attorney by Optic Tax Inc. Attorney Alan Harrison terminated.<br><br>District courts have broad discretion in deciding motions for withdrawal of counsel. *See Vachula v. Gen. Elec. Capital Corp.*, 199 F.R.D. 454, 457 (D. Conn. 2000) (citing *Whiting v. Lacara,* 187 F.3d 317, 320 (2d Cir. 1999)). Pursuant to Local Rule 7(e), "[w]ithdrawals of appearances may be accomplished only upon motion, which normally will not be granted except upon a showing that other counsel has appeared or that the party whose counsel seeks to withdraw and has elected to proceed without counsel, and that the party has received actual notice of the motion to withdraw." D. Conn. L. Civ. R. 7(e). Local Rule 7(e) expressly contemplates that a motion to withdraw may be granted even in cases where the party has failed to engage other counsel or personally appear provided that good cause for withdrawal exists and counsel has given appropriate notice to the party. *See* D. Conn. L. Civ. R. 7(e); *see also* D. Conn. R. Prof. Cond. 1.16(b) (7) (permitting a lawyer to withdraw from representation where, among other reasons, "good cause for withdrawal exists").<br><br>First, notice is sufficient under Local Rule 7(e). Appended to the motion to withdraw is a copy of an e-mail from Attorney Harrison to Crystal Stranger, CEO, Optic Tax, providing a copy of the motion to withdraw and informing her that "[i]f my motion to withdraw is granted, Optic Tax will need to engage another attorney; and if Optic Tax does not engage another attorney, a default judgment may be rendered against Optic Tax." ECF No. 149-1.<br><br>Second, good cause exists to permit the withdrawal. Relying on D. Conn. R. Prof. Cond. 1.16(b)(5) and (6), Attorney Harrison states that "continued representation 'has been rendered unreasonably difficult by the client' and 'the client fails substantially to fulfill an obligation to the lawyer regarding the lawyers services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled.'" ECF No. 149 a 1. "The Rules of Professional Conduct permit withdrawal in this circumstance." *GEOMC Co. v.* |

*Calmare Therapeutics, Inc.*, No. 3:14-CV-1222 (VAB), 2020 WL 12880834, at *2 n. 2 (D. Conn. Mar. 30, 2020). The Court is aware of the breakdown in the attorney-client relationship warranting withdrawal of representation. Indeed, this is not the first time Attorney Harrison has moved to withdraw in this case. ECF No. 142 (ruling granting withdrawal of representation as to Defendant Crystal Stranger in her individual capacity.)

A finding of good cause for withdrawal, however, does not end the inquiry. "In deciding whether plaintiff's attorneys should be granted permission to withdraw, this court must consider whether the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Vachula*, 199 F.R.D. at 458. In effect, this would require the court to balance "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceedings." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014).The parties have not completed discovery. The motion for preliminary injunction and Optic Tax's Second Motion to Dismiss are fully briefed.

The hearing on the preliminary injunction has been completed. While not ideal, allowing counsel to withdraw at this juncture will be minimally impactful to the prosecution of the suit. Defendants are on notice, that the Court will not permit delay or disruption of the proceedings.

In this case, because Defendant Optic Tax Inc. is a corporate entity, it cannot proceed *pro se* but must be represented by counsel. *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance pro se denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity."). Individual Defendant and Optic Tax's CEO Crystal Stranger were on notice, at least since February 11, 2025, that the corporation cannot proceed *pro se*. ECF No. 142 at 3 (noting that to "the extent that Optic Tax, Inc. is a corporation, it cannot represent itself and Ms. Stranger, as a lay person may not represent a corporation.").

As such, successor counsel to Optic Tax has until **March 14, 2025** to file an appearance. *GEOMC Co.*, 2020 WL 12880834, at *2 n. 2; *Lattanzio v. COMTA,* 481 F.3d 137, 140 (2d Cir. 2007) ("[A] layperson may not represent a separate legal entity such as a corporation.") (citation omitted); *Eagle Assoc. v. Bank of Montreal,* 926 F.2d 1305 (2d Cir. 1991) (requiring corporations to appear through a licensed attorney)). **Optic Tax's failure to engage successor counsel may result in a dismissal or default being entered against the company.** *See* **D. Conn. L.Civ. R. 7(e) ("[T]he court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a *pro se*appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.").** Attorney Alan Harrison shall serve this order on Optic Tax's representative and file proof of service on the docket on or before March 3, 2025.

This is not a Recommended Ruling. This Ruling is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge in response to a timely objection under Local Rule 72.2(a). *See Berlin v. Greene*, No. 3:19-CV-01410

| | | |
|---|---|---|
| | | (JCH)(TOF), 2020 WL 12188901, at *7 (D. Conn. Mar. 16, 2020). Signed by Judge Maria E. Garcia on 2/26/25. (Esposito, A.) (Entered: 02/26/2025) |
| 02/26/2025 | 156 | RESPONSE *in Opposition to Motion for Contempt* filed by Cleer LLC. (Attachments: # 1 Exhibit A -Declaration of George Musekamp, # 2 Exhibit B - PI Hearing Transcript)(Musekamp, George) (Entered: 02/26/2025) |
| 02/26/2025 | 157 | RESPONSE *in Opposition to Motion for Mistrial* filed by Cleer LLC. (Attachments: # 1 Exhibit A - PI Hearing Tr. 244-45)(Musekamp, George) (Entered: 02/26/2025) |
| 02/26/2025 | 158 | MOTION for Clarification 155 Order on Motion to Withdraw as Attorney,,,,,,,,,,,,,,,,,,,,,,, by Alan Harrison. Motions referred to Maria E. Garcia(Harrison, Alan) (Entered: 02/26/2025) |
| 02/27/2025 | 159 | ORDER granting 158 Attorney Harrison's Motion for Clarification of the order on the Motion to Withdraw. The Court clarifies the order as follows: Attorney Alan Harrison shall serve, by email or other format, the order on the Motion to Withdraw, ECF No. 155, on Optic Tax's representative and file proof of service on the docket on or before **March 3, 2025.** A representative of Optic Tax may include known Board Members and corporate officers, including CEO Crystal Stranger. Signed by Judge Maria E. Garcia on 2/27/25. (Esposito, A.) (Entered: 02/27/2025) |
| 02/27/2025 | 160 | NOTICE by Alan Harrison re 159 Order on Motion for Clarification,, *service of Docket 155 on Crystal Stranger as CEO of Optic Tax* (Harrison, Alan) (Entered: 02/27/2025) |
| 02/28/2025 | 161 | ORDER: The discovery dispute, as set forth in the attached letters, is hereby referred to Magistrate Judge Garcia.<br><br>Signed by Judge Michael P. Shea on 2/28/25. (Constantine, A.) (Entered: 02/28/2025) |
| 02/28/2025 | 162 | REPLY to Response to 135 Second MOTION for Contempt *of Court's Temporary Restraining Order in Support of Second Motion for Contempt* filed by Cleer LLC. (Attachments: # 1 Exhibit A - Email Exchange, # 2 Exhibit B - Email Exchange)(Musekamp, George) (Entered: 02/28/2025) |
| 02/28/2025 | 163 | REPLY to Response to 130 MOTION for Sanctions *in Support of Motion for Sanctions* filed by Cleer LLC. (Attachments: # 1 Exhibit A - Email Exchange) (Musekamp, George) (Entered: 02/28/2025) |
| 03/03/2025 | 164 | ORDER re 161 Defendant Crystal Stranger's February 25, 2025 Letter re: Opposing Counsel Discovery Techniques and Dispute Over TRO Terms. Defendant Stranger's request to: "(1) Compel Plaintiff to produce a narrowly tailored client list limited to the TRO-referenced period"; and "(2) Modify the TRO to permit lawful communication under the First Amendment" is DENIED. At the conclusion of the preliminary injunction hearing, the Court directed Stranger's then-attorney to convey to her that "the TRO is still in place and that it needs to be complied with[.]" ECF No. 127:10012; ECF Nos. 118, 119. Defendant Stranger is reminded that the TRO entered by Chief Judge Shea on October 22, 2024, remains in effect, until entry of a ruling on the Motion for |

| | | |
|---|---|---|
| | | Preliminary Injunction. ECF No. 34 at 4. "Absent conferral and agreement, Stranger may not contact any customers or suppliers or prospective customers or suppliers of Cleer LLC or its predecessors." *Id.*<br>Signed by Judge Maria E. Garcia on 3/3/2025. (Esposito, A.) (Entered: 03/03/2025) |
| 03/04/2025 | 165 | MOTION for Clarification 164 Order,,,, by Crystal Stranger. Motions referred to Maria E. Garcia(Stranger, Crystal) (Entered: 03/04/2025) |
| 03/04/2025 | 166 | Set/Reset Deadlines as to 165 Stranger's MOTION for Clarification. Responses due by 3/25/2025. (Esposito, A.) (Entered: 03/04/2025) |
| 03/05/2025 | 167 | REPLY to Response to 130 MOTION for Sanctions *Sur-Reply* filed by Crystal Stranger. (Stranger, Crystal) (Entered: 03/05/2025) |
| 03/05/2025 | 168 | REPLY to Response to 135 Second MOTION for Contempt *of Court's Temporary Restraining Order Sur-Reply* filed by Crystal Stranger. (Stranger, Crystal) (Entered: 03/05/2025) |
| 03/05/2025 | 169 | MOTION to Strike 167 Reply to Response to Motion, 168 Reply to Response to Motion by Cleer LLC.Responses due by 3/26/2025 (Musekamp, George) (Entered: 03/05/2025) |
| 03/06/2025 | 170 | Memorandum in Opposition re 169 MOTION to Strike 167 Reply to Response to Motion, 168 Reply to Response to Motion filed by Crystal Stranger. (Stranger, Crystal) (Entered: 03/06/2025) |
| 03/06/2025 | 171 | REPLY to Response to 135 Second MOTION for Contempt *of Court's Temporary Restraining Order Motion for Leave to File Sur-Reply* filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Stranger, Crystal) (Entered: 03/06/2025) |
| 03/06/2025 | 172 | REPLY to Response to 130 MOTION for Sanctions *Motion for Leave to File Sur-Reply* filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D)(Stranger, Crystal) (Entered: 03/06/2025) |
| 03/06/2025 | 173 | REPLY to Response to 139 MOTION for Mistrial Order filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Stranger, Crystal) (Entered: 03/06/2025) |
| 03/06/2025 | 174 | REPLY to Response to 140 MOTION for Contempt filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Stranger, Crystal) (Entered: 03/06/2025) |
| 03/06/2025 | 175 | MOTION for Sanctions *AGAINST PLAINTIFF ATTORNEY GEORGE MUSEKAMP* by Crystal Stranger.Responses due by 3/27/2025 (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F)(Stranger, Crystal) (Entered: 03/06/2025) |
| 03/06/2025 | 176 | ENTERED IN ERROR: NOTICE OF APPEAL to Federal Circuit as to 164 Order,,,, by Crystal Stranger. Filing fee $ 605, receipt number 27M7J6KH. (Stranger, Crystal) Modified on 3/6/2025 (Pesta, J.). (Entered: 03/06/2025) |

| 03/06/2025 | 177 | NOTICE OF INTERLOCUTORY APPEAL as to 164 ORDER re 161 Defendant Crystal Stranger's February 25, 2025 Letter re: Opposing Counsel Discovery Techniques and Dispute Over TRO Terms filed by Crystal Stranger. Filing fee $ 605, receipt number through pay.gov 27M7J6KH. NOTE: This corrects entry 176 which was efiled using the wrong event. (Pesta, J.) Modified on 3/24/2025 to correct docket text (Peterson, M). (Entered: 03/06/2025) |
|---|---|---|
| 03/06/2025 | 178 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 177 Notice of Appeal,. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: None (Peterson, M) (Entered: 03/06/2025) |
| 03/07/2025 | 180 | ORDER of USCA as to 177 Notice of Appeal, filed by Crystal Stranger; USCA Case Number 25-530 (Peterson, M) (Entered: 03/17/2025) |
| 03/14/2025 | 179 | Memorandum in Opposition re 152 First MOTION for Bond filed by Cleer LLC. (Musekamp, George) (Entered: 03/14/2025) |
| 03/20/2025 | 181 | RECOMMENDED RULING denying 57 Second MOTION to Dismiss for Lack of Jurisdiction filed by Optic Tax Inc. 17 Pages.<br>Objections due by 4/3/2025.<br>Signed by Judge Maria E. Garcia on 3/20/2025. (Esposito, A.) (Entered: 03/20/2025) |
| 03/20/2025 | 182 | RECOMMENDED RULING Granting 12 MOTION for Preliminary Injunction filed by Cleer LLC, Denying 152 First MOTION for Bond filed by Crystal Stranger.<br>35 Pages.<br>Objections due by 4/3/2025.<br>Signed by Judge Maria E. Garcia on 3/20/2025. (Esposito, A.) (Entered: 03/20/2025) |
| 03/20/2025 | 183 | ORDER denying 130 MOTION for Sanctions by Cleer LLC.<br>Cleer seeks imposition of sanctions against Defendant Crystal Stranger for "outrageously fleeing from the preliminary injunction hearing while still under cross-examination." ECF No. 130 at 1. It seeks an award of sanctions in the Courts discretion "up to and including attorney's fees and striking all defenses Ms. Stranger may make in opposition to the Motion for Preliminary Injunction since she did not make herself available for cross-examination on those defenses." *Id.* at 4. Cleer argues that the Court should impose sanctions under the "bad faith exception to the 'American Rule' against fee shifting" based on Stranger's conduct in this case. *Id.* at 3 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 53 (1991)). Plaintiff first argues that sanctions are warranted because it was denied an opportunity to fully examine Stranger on her alleged defenses to the preliminary injunction on the second day of the evidentiary hearing. However, Plaintiff fails to specify how Defendants' failure to present their defenses has negatively impacted their ability to present evidence to meet the burden of proof on the preliminary injunction. Second, Plaintiff argues that Stranger has defended this case in bad faith for "refusing to concede even where there is no factual support for her claims," made "several misrepresentations to the Court," and has attempted to "stall and delay these proceedings." However, |

| | | |
|---|---|---|
| | | the Court declines to enter sanctions on this basis. The Court finds no prejudice to Plaintiff in presenting its case and meeting its burden on the preliminary injunction. The motion is denied.<br>Signed by Judge Maria E. Garcia on 3/20/2025. (Esposito, A.) (Entered: 03/20/2025) |
| 03/20/2025 | 184 | ORDER denying 140 MOTION for Contempt by Crystal Stranger.<br>In a lengthly, 104 page filing, Defendant Stranger, proceeding *pro se* moves the Court to find Cleer, LLC in contempt "for engaging in a pattern of misconduct that has subverted the integrity of these proceedings." None of her allegations of misrepresentation or contemptuous actions are supported by evidence. There is no declaration or affidavit attached to substantiate any of her allegations. ECF No. 140 at 1.<br><br>Stranger first argues that Cleer made material misrepresentations in several court filings that the McKeegans maintain United States "residencies" in Connecticut, operate Cleer out of Connecticut when in the United States and consider Connecticut the location of Cleer's United States headquarters. ECF No. 140 at 3. However, Defendant Optic Tax had an opportunity to examine David McKeegan during a deposition held on January 15, 2025, cross-examine him during the preliminary injunction hearing on January 29 and 30, 2025, and present evidence during oral argument on Optic Tax's Motion to Dismiss on January 30, 2025. The record is closed. Stranger's disagreement with Plaintiff's pleadings and McKeegan's testimony does not rise to contempt of court. Moreover, these facts or representations relate to Optic Tax's Motion to Dismiss and whether Plaintiff has personal jurisdiction over Optic Tax. Stranger is reminded that she may not represent Optic Tax *pro se. See* ECF No. 155 ("In this case, because Defendant Optic Tax Inc. is a corporate entity, it cannot proceed *pro se* but must be represented by counsel. *Pridgen v. Andresen,* 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance pro se denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity.")"). Accordingly, the motion for contempt on this basis is denied.<br><br>Next, Stranger argues that Plaintiff, through the testimony of David McKeegan, made material representations regarding the calculation of Stranger's capital account at the time of her removal as a member of Cleer. However, McKeegan testified that the figure set forth in the termination letter was not accurate and that under the Operating Agreement Cleer had until August 9, 2026 to provide Stranger with an accounting and payment if one was due. ECF No. 126 at 112:3-117:24; Pl. Hrg. Ex. 102 (OA § 6.5). Defendant Stranger had an opportunity to confront McKeegan during his deposition on January 15, 2025, cross-examine him during the preliminary injunction hearing on January 29 and 30, 2025, and present testimony and evidence during Defendants' case in chief. Nevertheless, the preliminary injunction hearing's focus was not to determine the calculation of the capital account. The issue is largely irrelevant to the determination of the preliminary injunction. Defendant will have an opportunity to conduct discovery and be heard at a trial on the merits at a later date. Stranger's disagreement with McKeegan's testimony does not rise to contempt of court. Accordingly, the motion for contempt on this basis is denied.<br><br>Finally, Stranger argues that Plaintiff obstructed justice by instructing a |

| | | |
|---|---|---|
| | | subpoenaed witness to withhold critical information. ECF No. 140 at 1, 14-16. She contends that the "Plaintiffs attempt to influence a subpoenaed witness obstructed the discovery process and may have deprived both Defendants of critical evidence." *Id.* at 14. She also seeks a copy of "a tax return for Cleer LLC or the preceding companies while [she] was a member, or as part of this litigation, and the financials provided by Nicolle Wiseman which were given to her by Cleer show difference in end of year accumulated paid dividends." *Id.* However, it appears that counsel held a meet and confer "during which [they] agreed to limit the scope of the Wiseman subpoena Defendants issued to Nicolle Wiseman to topic numbers 6 and 9." ECF No. 156-1 at 3. (Del. Att. Musekamp). She further claims that David McKeegan is "trying to hide this evidence from the Court[.]" *Id.* This appears to be a dispute about discovery which is not currently briefed or before the Court. The parties are referred to Chief Judge Shea's "Instructions on Discovery Disputes" posted on the Court's website. https://ctd.uscourts.gov/content/michael-p-shea (last visited Mar. 20, 2025). Accordingly, the motion for contempt is denied on this basis. Signed by Judge Maria E. Garcia on 3/20/2025. (Esposito, A.) (Entered: 03/20/2025) |
| 03/20/2025 | 185 | ORDER denying 139 MOTION for Mistrial by Crystal Stranger. Defendant seeks a declaration of mistrial. The Court construes the Motion as a Motion for a New Hearing given that the proceeding was not a trial but rather an evidentiary hearing on Plaintiff's Motion for a Preliminary Injunction.<br><br>Stranger first argues that a new hearing is warranted because her counsel was "visibly ill" and "experienced uncontrollable coughing fits, could not speak clearly, and was unable to present arguments or evidence effectively." ECF No. 139 at 2-3. She argues that he failed to introduce critical evidence necessary to support her case, failed to make timely objections to evidence that was clearly hearsay and unauthenticated, and was unable to question Plaintiff's witness. *Id.* The Court oversaw the hearing and Defendants' counsel's health did not impact the ultimate result of the hearing. Defendant introduced all the exhibits they sought to introduce, which have been considered by the Court. Moreover, any failure to introduce additional evidence through Ms. Stranger's testimony is her own doing given that without justification she failed to appear on the second day of the evidentiary hearing.<br><br>Next, Stranger argues that a new evidentiary hearing is warranted because the Court abused its discretion when denying her motion for a continuance when her attorney was "severely ill with COVID-19 during the hearing and was physically and mentally unable to provide competent representation." ECF No. 139 at 1, 12-13. Defendants' counsel never filed a motion for continuance nor asked for a continuance because of illness even when asked by the Court. ECF No. 127, Hrg. Tr. at 244:7-245:10. Rather, Defendants' counsel appeared virtually as an accommodation in light of testing positive for COVID overnight. ECF No. 127 at 243:18-244:3. At the start of the second day of the hearing Defendants' counsel noted that his client was not present, stating,<br>MR. HARRISON: Yes, Your Honor, I'm just communicating with her now about that. I am kind of surprised.<br>...<br>MR. HARRISON: Your Honor, I told Ms. Stranger that Mr. Musekamp and I |

would ask the Court for a continuance. And based on that alone, she took off.
THE COURT: She took off to where?
MR. HARRISON: She's in, I think, Poughkeepsie, I'm not sure.
THE COURT: Well, there hasn't been a motion to continue filed, has there?
MR. HARRISON: No, Your Honor. We were supposed to confer with you this morning about that.
ECF No. 127 at 244:7-245:10.
As Plaintiff underscores "[n]ot only did Ms. Stranger assume a motion would be filed, but she then unilaterally assumed it would be granted." ECF No. 157 at 4. The Court had set aside the two days for the hearing, all counsel (some from out of state) were present, Plaintiffs were present, and no good cause was articulated for the requested continuance. The Court would not permit further delays without justification. Counsel's request to continue the hearing on the basis of Stranger's decision not to appear for the second day of the evidentiary hearing was properly denied. *Payne v. Jones,* 711 F.3d 85, 90-91 (2d Cir. 2013) ("A party's demand for an adjournment of a civil trial until the party can make a personal appearance is entrusted to the sound discretion of the trial judge."); *United States v. Cusack,* 229 F.3d 344, 349 (2d Cir. 2000) ("A district court has broad discretion to grant or deny a motion for a continuance.").

Importantly, Defendants knew of the scheduled preliminary injunction hearing since Judge Shea issued the TRO on October 22, 2024. ECF No. 34. On December 3, 2024, Stranger filed a Motion to Continue Hearing in which she sought leave to move the "preliminary injunction hearing into March 2025 or later" and stated that "she will not be able to attend in-person before then, due to a medical condition that prevents her from flying from South Africa." ECF No. 69 at 1. On December 5, 2024, Judge Shea denied the motion for continuance without prejudice stating that "any further request to postpone the hearing shall be filed by no later than January 13, 2025 and accompanied by a robust and detailed showing of medical evidence demonstrating that Ms. Stranger is prevent[ed] from flying because of a medical condition." ECF No. 74. On December 16, 2024, Judge Shea entered a follow-up order stating in part that, "[t]he parties are on notice that even if defendant Stranger establishes to the Court's satisfaction that she is unable to fly, the Court would likely not move the hearing but rather would proceed by having her testify remotely." ECF No. 81. The record shows that without any warning or explanation to the Court or counsel, Stranger did not appear on January 30 to continue her cross-examination. *See United States v. Cusack,* 229 F.3d 344, 349 (2d Cir. 2000) (no abuse of discretion where defendant did not alert district court to need for continuance "until after the start of trial"). Simply put, Defendants would not have needed a continuance to ensure a defense witness' attendance but for Defendant Stranger's own actions. Accordingly, Plaintiff's Motion for a New Hearing is denied.
Signed by Judge Maria E. Garcia on 3/20/2025. (Esposito, A.) (Entered: 03/20/2025)

| 03/20/2025 | 186 | MOTION for Clarification 185 Order on Motion for Order,,,,,,,,,,,,,,,,,,,,,, *Motion for Clarification of Recommended Ruling on Motion for Preliminary Injunction* by Cleer LLC. (Musekamp, George) (Entered: 03/20/2025) |

| 03/21/2025 | 187 | NOTICE OF INTERLOCUTORY APPEAL by Crystal Stranger. Filing fee $ 605 made through pay.gov, receipt number #27MKJPA1. (Stranger, Crystal) Modified on 3/21/2025 to add pay.gov info(Pesta, J.). Modified on 3/24/2025 to correct docket text (Peterson, M). (Entered: 03/21/2025) |
|---|---|---|
| 03/21/2025 | 188 | Emergency MOTION to Stay *Proceedings* by Crystal Stranger.Responses due by 4/11/2025 (Stranger, Crystal) (Entered: 03/21/2025) |
| 03/21/2025 | 189 | Memorandum in Opposition re 186 MOTION for Clarification 185 Order on Motion for Order,,,,,,,,,,,,,,,,,,,,, *Motion for Clarification of Recommended Ruling on Motion for Preliminary Injunction* filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A)(Stranger, Crystal) (Entered: 03/21/2025) |
| 03/21/2025 | 190 | REPLY to Response to 186 MOTION for Clarification 185 Order on Motion for Order,,,,,,,,,,,,,,,,,,,,, *Motion for Clarification of Recommended Ruling on Motion for Preliminary Injunction* filed by Cleer LLC. (Musekamp, George) (Entered: 03/21/2025) |
| 03/21/2025 | 192 | ORDER of USCA as to 187 Notice of Appeal, filed by Crystal Stranger; USCA Case Number 25-663. (Peterson, M) (Entered: 03/24/2025) |
| 03/24/2025 | 191 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 187 Notice of Appeal,. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: none (Peterson, M) (Entered: 03/24/2025) |
| 03/25/2025 | 193 | Memorandum in Opposition *to Defendant Crystal Stranger's Motion to Clarify* re 165 MOTION for Clarification 164 Order,,,, filed by Cleer LLC. (Musekamp, George) (Entered: 03/25/2025) |
| 03/26/2025 | 194 | Memorandum in Opposition re 175 MOTION for Sanctions *AGAINST PLAINTIFF ATTORNEY GEORGE MUSEKAMP* filed by Cleer LLC. (Musekamp, George) (Entered: 03/26/2025) |
| 04/02/2025 | 195 | OBJECTION to 182 Recommended Ruling filed by Crystal Stranger. (Stranger, Crystal) (Entered: 04/02/2025) |
| 04/02/2025 | 196 | OBJECTION re 185 Order on Motion for Order,,,,,,,,,,,,,,,,,,,,, filed by Crystal Stranger. (Stranger, Crystal) (Entered: 04/02/2025) |
| 04/02/2025 | 197 | OBJECTION to 181 Recommended Ruling filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Stranger, Crystal) (Entered: 04/02/2025) |
| 04/02/2025 | 198 | REPLY to Response to 175 MOTION for Sanctions *AGAINST PLAINTIFF ATTORNEY GEORGE MUSEKAMP* filed by Crystal Stranger. (Stranger, Crystal) (Entered: 04/02/2025) |
| 04/07/2025 | 199 | RESPONSE re 181 RECOMMENDED RULING denying 57 Second MOTION to Dismiss for Lack of Jurisdiction filed by Optic Tax Inc. 17 Pages. filed by Cleer LLC. (Musekamp, George) (Entered: 04/07/2025) |
| 04/08/2025 | 200 | ORDER of USCA as to 177 Notice of Appeal, filed by Crystal Stranger; USCA Case Number 25-530. (Peterson, M) (Entered: 04/09/2025) |

| | | |
|---|---|---|
| 04/11/2025 | 201 | RESPONSE *in Opposition to Defendant Crystal Stranger's Motion to Stay Proceedings Pending Appeal* filed by Cleer LLC. (Musekamp, George) (Entered: 04/11/2025) |
| 05/30/2025 | 202 | ORDER denying 165 Defendant Stranger's Motion to Clarify.<br>Defendant Stranger asks "the Court to please clarify... the intent of it's order" dated March 3, 2005, (ECF No 164), on Stranger's February 25, 2025 Letter re: Opposing Counsel Discovery Techniques and Dispute Over TRO Terms. ECF No. 161.<br>The Court has considered her arguments and declines to clarify the order or provide further explanation.<br>A recommended ruling on the preliminary injunction was entered on March 20, 2025. *See* ECF No. 181. Defendant Stranger filed an objection to the preliminary injunction on April 2, 2025, which is before the District Judge. *See* ECF No. 197. Signed by Judge Maria E. Garcia on 5/30/25. (Esposito, A.) (Entered: 05/30/2025) |
| 06/11/2025 | 203 | MOTION for Default Judgment as to Optic Tax, Inc. by Cleer LLC. (Musekamp, George) (Entered: 06/11/2025) |
| 06/12/2025 | 204 | MOTION to Strike 203 MOTION for Default Judgment as to Optic Tax, Inc. by Crystal Stranger.Responses due by 7/3/2025 (Stranger, Crystal) (Entered: 06/12/2025) |
| 06/12/2025 | 205 | Memorandum in Opposition *to Motion to Strike or in the Alternative, Object to Plaintiff's Motion for Judgment* re 204 MOTION to Strike 203 MOTION for Default Judgment as to Optic Tax, Inc. filed by Cleer LLC. (Musekamp, George) (Entered: 06/12/2025) |
| 06/17/2025 | 206 | REPLY to Response to 204 MOTION to Strike 203 MOTION for Default Judgment as to Optic Tax, Inc. filed by Crystal Stranger. (Stranger, Crystal) (Entered: 06/17/2025) |
| 06/17/2025 | 207 | Second MOTION for Temporary Restraining Order *and Preliminary Injunctive Relief* by Cleer LLC. (Attachments: # 1 Exhibit Declaration of David McKeegan) (Musekamp, George) (Entered: 06/17/2025) |
| 06/17/2025 | 208 | ORDER: For the reasons stated in the attached order, the Court accepts and adopts the 182 Recommended Ruling on Cleer's Motion for Preliminary Injunction as modified herein.<br><br>Stranger and her employees, contractors, agents, companies (including but not limited to Optic Tax) and all persons in active concert or participation with, through, or under her, are enjoined and restrained from<br><br>(1) for a period of one year from March 20, 2025, directly or indirectly contacting, soliciting, accepting business from, or communicating the fact or circumstances of her resignation from or termination of employment with Cleer to any of Cleer's customers or prospective customers, with whom Stranger had direct or indirect contact or solicited on behalf of Cleer in the two (2) years prior to her termination under section 12 of the MVA;<br><br>(2) for a period of one year from March 20, 2025, soliciting, hiring, or otherwise contacting for purposes of discussing employment or contractor opportunities |

| | | |
|---|---|---|
| | | any person who is or was working for Cleer LLC or any of its predecessors in any capacity or as independent contractors or suppliers;<br><br>(3) using, revealing or disclosing, without prior written approval, any of Cleer's confidential, proprietary or trade secret information including but not limited to, business plans, designs, marketing interests, products, financial information, including cost and pricing, vendor lists, and sales processes and procedures under section 8 of the MVA; and<br><br>(4) using the symbol, mark, or designation Cleer.tax.<br><br>It is further ordered that within 48 hours of this Order, Stranger shall take all actions required to return to Cleer the domain Cleer.tax.<br><br>Cleer shall post a security bond of $150,000.<br><br>Signed by Judge Michael P. Shea on 6/17/25. (Constantine, A.) (Entered: 06/17/2025) |
| 06/19/2025 | 209 | Memorandum in Opposition re 207 Second MOTION for Temporary Restraining Order *and Preliminary Injunctive Relief* filed by Crystal Stranger. (Attachments: # 1 Affidavit Exhibit A- Affidavit, # 2 Exhibit Exhibit B - LinkedIn)(Stranger, Crystal) (Entered: 06/19/2025) |
| 06/19/2025 | 210 | MOTION MODIFICATION OR RECONSIDERATION OF PRELIMINARY INJUNCTION UNDER LOCAL RULE 7(C), RULE 60(B), AND RULE 62(C) re 208 Order on Motion for Bond,,,,,,,, Order on Recommended Ruling,,,,,,, by Crystal Stranger.Responses due by 7/10/2025 (Stranger, Crystal) (Entered: 06/19/2025) |
| 06/19/2025 | 211 | NOTICE OF APPEAL as to 208 Order on Motion for Bond,,,,,,,, Order on Recommended Ruling,,,,,,, by Crystal Stranger. Filing fee $ 605, receipt number 77076330127. (Stranger, Crystal) (Entered: 06/19/2025) |
| 06/19/2025 | | USCA Appeal Fees received from Crystal Stranger: $ 605 receipt number Pay.gov 27P1KQQC re 211 Notice of Appeal filed by Crystal Stranger (Pesta, J.) (Entered: 06/20/2025) |
| 06/19/2025 | 212 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 211 Notice of Appeal. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: none. (Velez, F) (Entered: 06/20/2025) |
| 06/20/2025 | 213 | MOTION for Return of Property by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A - Admission)(Stranger, Crystal) (Entered: 06/20/2025) |
| 06/23/2025 | 214 | ORDER: The Court is about to begin a jury trial and does not have time to consider or rule on the motion to reconsider (ECF No. 210 ) at this time. In the meantime, however, the Court's injunctive order is NOT stayed and remains in full force and effect. The Court will rule on the motion to reconsider in due course. |

|  |  | Signed by Judge Michael P Shea on 06/23/2025. (Metzroth, R) (Entered: 06/23/2025) |
|---|---|---|
| 06/25/2025 | 215 | BOND on Injunction, by Cleer LLC. (Attachments: # 1 Power of Attorney, # 2 Cover letter, # 3 Envelope) (Velez, F) (Entered: 06/25/2025) |
| 06/26/2025 | 216 | USCA Notice of Required Case Status Update. (Velez, F) (Entered: 06/26/2025) |
| 07/03/2025 | 217 | MOTION for Contempt *of Court's Preliminary Injunction Order [Doc. 208]* by Cleer LLC.Responses due by 7/24/2025 (Entered: 07/03/2025) |
| 07/03/2025 | 218 | ORDER: For the reasons set forth in the attached ruling, the defendant's "Motion for Miscellaneous Relief Seeking Modification or Reconsideration of Preliminary Injunction" (ECF No. 210 ) is DENIED.<br><br>Signed by Judge Michael P. Shea on 7/3/25. (Constantine, A.) (Entered: 07/03/2025) |
| 07/07/2025 | 219 | ORDER approving 215 Bond for Injuntion filed by Cleer LLC.<br>Signed by Judge Michael P Shea on 7/2/2025.(Sichanh, C) (Entered: 07/07/2025) |
| 07/08/2025 | 220 | ORDER: The Motion for Clarification 186 is denied as moot in light of the Court's ruling. See ECF No. 208.<br><br>Signed by Judge Michael P. Shea on 7/8/25. (Constantine, A.) (Entered: 07/08/2025) |
| 07/08/2025 | 221 | ORDER: The defendant's motion to stay (ECF No. 188 ) is denied as moot in light of the Court's subsequent ruling. See ECF No. 218 at 11 (denying Stranger's request that the Court stay the preliminary injunction pending her appeal of the Court's ruling on Cleer's motion for preliminary injunction).<br><br>Signed by Judge Michael P. Shea on 7/8/25. (Constantine, A.) (Entered: 07/08/2025) |
| 07/08/2025 | 222 | ORDER: The motion for default judgment as to Optic Tax (ECF No. 203 ) is denied without prejudice to renewal after the Court adjudicates the motion to dismiss for lack of personal jurisdiction as to Optic Tax.<br><br>The motion to strike (ECF No. 204 ) the motion for default judgment is denied as moot.<br><br>Signed by Judge Michael P. Shea on 7/8/25. (Constantine, A.) (Entered: 07/08/2025) |
| 07/08/2025 | 223 | ORDER: The parties' email correspondence to chambers regarding the Defendant's laptop and the Defendant's motion for return (ECF No. 213) are referred to Magistrate Judge Garcia.<br><br>Signed by Judge Michael P. Shea on 7/8/25. (Constantine, A.) (Entered: 07/08/2025) |
| 07/09/2025 |  | MOTIONS REFERRED to Magistrate Judge Maria E. Garcia re 213 MOTION for Return of Property. Motions referred to Maria E. Garcia(Sichanh, C) (Entered: 07/09/2025) |

| 07/09/2025 | 224 | Set/Reset Deadlines as to 213 Stranger's MOTION for Return of Property . Responses due by 7/11/2025. (Esposito, A.) (Entered: 07/09/2025) |
|---|---|---|
| 07/10/2025 | 233 | CERTIFIED ORDER of USCA as to 211 Notice of Appeal filed by Crystal Stranger USCA Case Number 25-1575 (Imbriani, S) (Entered: 07/24/2025) |
| 07/11/2025 | 225 | Memorandum in Opposition re 213 MOTION for Return of Property filed by Cleer LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Musekamp, George) (Entered: 07/11/2025) |
| 07/11/2025 | 226 | REPLY to Response to 213 MOTION for Return of Property filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A- Example of Return Request, # 2 Exhibit Exhibit B- Customs Delay from Nonpayment)(Stranger, Crystal) (Entered: 07/11/2025) |
| 07/15/2025 | 227 | NOTICE: Defendant was previously notified that the evidentiary hearing exhibits would be destroyed after 4/22/2025. The Court having received no response to date, defendant's exhibits have been destroyed. (Santos, S) (Entered: 07/15/2025) |
| 07/15/2025 | 228 | MOTION for Sanctions *Pursuant to Rule 11* by Crystal Stranger.Responses due by 8/5/2025 (Attachments: # 1 Affidavit Updated Affidavit About Optic Tax Global, # 2 Exhibit Cost Summary, # 3 Exhibit Documentation of Billable Rate, # 4 Exhibit Optic Tax Global Incorporation Certificate, # 5 Exhibit LinkedIn Conversation With Owner of Optic Tax Global, # 6 Exhibit Certified Letter Package Sent to Opposing Counsel, # 7 Exhibit Email Thread With Opposing Counsel)(Stranger, Crystal) (Entered: 07/15/2025) |
| 07/17/2025 | 229 | ORDER: For the reasons set forth in the attached ruling, the motion (ECF No. 99 ) for contempt is granted as to Stranger. Within 21 days, the plaintiff's attorneys shall file on the docket an affidavit attesting to Cleer's fees incurred in making this motion, with the requisite documentation.<br><br>Signed by Judge Michael P. Shea on 7/17/25. (Constantine, A.) (Entered: 07/17/2025) |
| 07/17/2025 | 230 | ORDER: In light of the fact that, after Cleer filed its "Second Motion for Immediate Temporary Restraining Order and Preliminary Injunctive Relief"(ECF No. 207 ), the Court issued a preliminary injunction ruling (ECF No. 208 ) that may supersede portions of the motion, the motion is denied without prejudice to renewal should Cleer seek relief unrelated to the existing preliminary injunction order that is the subject of an existing appeal.<br><br>Signed by Judge Michael P. Shea on 7/17/25. (Constantine, A.) (Entered: 07/17/2025) |
| 07/22/2025 | 231 | MOTION to Strike 217 MOTION for Contempt *of Court's Preliminary Injunction Order [Doc. 208] OR, IN THE ALTERNATIVE, OBJECTION TO PLAINTIFFS CONTEMPT MOTION* by Crystal Stranger.Responses due by 8/12/2025 (Stranger, Crystal) (Entered: 07/22/2025) |
| 07/23/2025 | 232 | ORDER denying 213 Motion for Return of Personal Property or Security Bond Adjustment. Signed by Judge Maria E. Garcia on 7/23/25. (Esposito, A.) (Entered: 07/23/2025) |

| | | |
|---|---|---|
| 07/28/2025 | 234 | OBJECTION re 232 Order on Motion for Return of Property filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A)(Stranger, Crystal) (Entered: 07/28/2025) |
| 07/29/2025 | 235 | ORDER: The motion for sanctions (ECF No. 175 ) is DENIED. The motion recounts a series of factual disputes between the parties that either have been or will be resolved through the adjudicatory process. It characterizes Cleer's position on these disputes, as well as various statements made by Cleer's counsel, as "false statements" and "misrepresentations" or "misleading" statements to the Court or statements "disparaging" Ms. Stranger's position. But some of the statements Ms. Stranger points to are just expressions of opinion (e.g., "Alan was dealt a bad deal of cards" and "had a horrible case"), and it is not unethical to express a negative opinion about an adversary's legal position. In any event, none of these or the other statements Stranger points to are material because the Court does not rely, and has not relied, on the mere representations of counsel when making factual findings. Instead, it relies -- and has relied -- on evidence. The motion also describes various demands made by Cleer's counsel as "threats," but none of the recited statements appears to violate Rule 11 or any other rule of conduct over which this Court has jurisdiction. Further, it criticizes Cleer's counsel for filing the first motion for contempt, but the Court found that that motion had merit based on the evidence and the law, and has granted that motion. Finally, as to the parties' discovery disputes, the Court already has addressed some of them and will be addressing others in the ordinary course.<br><br>Signed by Judge Michael P. Shea on 7/29/25. (Constantine, A.) (Entered: 07/29/2025) |
| 07/29/2025 | 236 | ORDER: For the reasons stated in the attached ruling, Optic Tax's motion to dismiss for lack of personal jurisdiction (ECF No. 57 ) is GRANTED and the recommended ruling (ECF No. 181 ) recommending that the motion to dismiss be denied is REJECTED.<br><br>Signed by Judge Michael P. Shea on 7/29/25. (Constantine, A.) (Entered: 07/29/2025) |
| 07/30/2025 | 237 | STATUS REPORT *Regarding Proposed Schedule for Forensic Imaging of Laptop* by Cleer LLC. (Musekamp, George) (Entered: 07/30/2025) |
| 07/30/2025 | 238 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. A telephonic status conference is set for **8/4/2025** at **9:30 a.m.** before Judge S. Dave Vatti. To connect to the conference, dial **646 828 7666**, enter **Meeting ID: 160 636 6063** and **Passcode: 905955**. (Ellis, B) (Entered: 07/30/2025) |
| 07/31/2025 | 239 | NOTICE by Crystal Stranger *REGARDING AVAILABILITY FOR AUGUST 4, 2025 STATUS CONFERENCE AND CLARIFICATION OF FORENSIC COOPERATION STATUS* (Stranger, Crystal) (Entered: 07/31/2025) |
| 08/04/2025 | 240 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. *RESET FROM 8/4/2025*. A telephonic status conference is set for 8/7/2025 at 9:30 a.m. before Judge S. Dave Vatti. To connect to the conference, dial 646 828 7666, enter Meeting ID: 160 636 6063 and Passcode: 905955. (Ellis, B) (Entered: 08/04/2025) |

| 08/04/2025 | 241 | ORDER: Plaintiff's Second Motion for Contempt of the Court's TRO (ECF No. 135 ) is denied. The TRO, issued on October 22, 2024, provided that "pending the preliminary injunction hearing scheduled for January 29, 2025," "Stranger, her agents, servants, employees, attorneys, and any other persons who are in active concert or participation with her are hereby RESTRAINED and ENJOINED from... soliciting or otherwise contacting for purposes of developing business, entering into an agreement, or proposing or making any sale to any person who is or was a customer, supplier, or prospective customer or supplier of Cleer LLC." (ECF No. 34.) The motion is predicated on alleged conduct that occurred in February 2025, beyond the temporal scope of the TRO.<br><br>Signed by Judge Michael P. Shea on 8/4/25. (Constantine, A.) (Entered: 08/04/2025) |
|---|---|---|
| 08/04/2025 | 242 | ORDER: The 169 Motion to Strike ECF Nos. 167 and 168 is denied as moot because the motions to which they were addressed have been resolved. Stranger is advised that under D. Conn. L. Civ. R. 7(d), "[n]o sur-replies may be filed without permission of the Court, which may, in its discretion, grant permission upon a showing of good cause."<br><br>Signed by Judge Michael P. Shea on 8/4/25. (Constantine, A.) (Entered: 08/04/2025) |
| 08/04/2025 | 243 | ORDER: For the reasons set forth in the attached ruling, Cleer's motion (ECF No. 217 ) for an order finding Crystal Stranger in contempt of the Court's preliminary injunction order to return the domain name is GRANTED IN PART and DENIED IN PART and Stranger's motion to strike (ECF No. 231 ) is DENIED.<br><br>By August 12, 2025, Stranger must "take all actions required to return to Cleer the domain Cleer.tax" and shall file on the docket a statement under oath (either a declaration or an affidavit) making clear the steps she has taken to comply with the letter and spirit of the Court's order. This is her final opportunity to comply. Stranger's failure to do so will result in the imposition of sanctions, including monetary coercive sanctions.<br><br>Signed by Judge Michael P. Shea on 8/4/25. (Constantine, A.) (Entered: 08/04/2025) |
| 08/05/2025 | 244 | MOTION for Reconsideration re 241 Order on Motion for Contempt,,, by Cleer LLC. (Musekamp, George) (Entered: 08/05/2025) |
| 08/05/2025 | 245 | Memorandum in Opposition *to Defendant Crystal Stranger's Rule 11 Motion for Sanctions; and Request for Sanctions* re 228 MOTION for Sanctions *Pursuant to Rule 11* filed by Cleer LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Musekamp, George) (Entered: 08/05/2025) |
| 08/06/2025 | 246 | Memorandum in Opposition re 244 MOTION for Reconsideration re 241 Order on Motion for Contempt,,, filed by Crystal Stranger. (Stranger, Crystal) (Entered: 08/06/2025) |
| 08/06/2025 | 247 | AFFIDAVIT re 229 Order on Motion for Contempt, Signed By George B. Musekamp, Esq. filed by Cleer LLC. (Attachments: # 1 Exhibit A - Billing |

| | | |
|---|---|---|
| | | records, # 2 Exhibit B - Musekamp bio, # 3 Exhibit C - Cohn bio)(Musekamp, George) (Entered: 08/06/2025) |
| 08/06/2025 | 248 | REPLY to Response to 244 MOTION for Reconsideration re 241 Order on Motion for Contempt,,, filed by Cleer LLC. (Musekamp, George) (Entered: 08/06/2025) |
| 08/07/2025 | 249 | RESPONSE re 247 Affidavit *Opposition to Attorney Fees Calculation* filed by Crystal Stranger. (Stranger, Crystal) (Entered: 08/07/2025) |
| 08/07/2025 | 250 | Minute Entry for proceedings held before Judge S. Dave Vatti: Status Conference held on 8/7/2025. 11 minutes. (Ellis, B) (Entered: 08/07/2025) |
| 08/07/2025 | 251 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. A Settlement Conference via Zoom is set for 9/17/2025 at 8:00 a.m. EST before Judge S. Dave Vatti. **The Court will distribute the Zoom information to the parties via email**. (Ellis, B) (Entered: 08/07/2025) |
| 08/07/2025 | 252 | REPLY to Response to 228 MOTION for Sanctions *Pursuant to Rule 11* filed by Crystal Stranger. (Stranger, Crystal) (Entered: 08/07/2025) |
| 08/07/2025 | 253 | RESPONSE re 250 Status Conference by Crystal Stranger*REQUEST FOR CLARIFICATION REGARDING PLAINTIFFS SETTLEMENT REQUEST and Minute Entry (ECF 250)*. (Stranger, Crystal) (Entered: 08/07/2025) |
| 08/07/2025 | 254 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. *RESET FROM 9/17/2025*. A Settlement Conference via Zoom is set for 9/18/2025 at 8:00 a.m. EST before Judge S. Dave Vatti. **The Court will distribute the Zoom information to the parties via email**. (Ellis, B) (Entered: 08/07/2025) |
| 08/08/2025 | 255 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. A telephonic status conference is set for **8/29/2025** at **10:00 a.m.** before Judge S. Dave Vatti. To connect to the conference, dial **646 828 7666**, enter **Meeting ID: 160 483 6024** and **Passcode: 084944**. (Ellis, B) (Entered: 08/08/2025) |
| 08/08/2025 | 256 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. *RESET FROM 8/29/2025*. A telephonic status conference is set for **8/27/2025 at 9:00 a.m.**. before Judge S. Dave Vatti. To connect to the conference, dial 646 828 7666, enter **Meeting ID: 160 483 6024** and **Passcode: 084944**. (Ellis, B) (Entered: 08/08/2025) |
| 08/11/2025 | 257 | MOTION to Set Aside 229 Order on Motion for Contempt, by Crystal Stranger. (Stranger, Crystal) (Entered: 08/11/2025) |
| 08/11/2025 | 258 | RESPONSE re 243 Order on Motion for Contempt,,,, Order on Motion to Strike,,, *Status Notice and Declaration* filed by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A- Medical Letter, # 2 Exhibit Exhibit B- Proposed Motion, # 3 Exhibit Exhibit C- Declaration Pursuant to §1746)(Stranger, Crystal) (Entered: 08/11/2025) |
| 08/12/2025 | 259 | ORDER of USCA as to 211 Notice of Appeal filed by Crystal Stranger USCA Case Number 25-1575. (Imbriani, S) (Entered: 08/12/2025) |

| 08/12/2025 | 260 | CERTIFIED ORDER of USCA as to 211 Notice of Appeal filed by Crystal Stranger USCA Case Number 25-1575. (Imbriani, S) (Entered: 08/12/2025) |
|---|---|---|
| 08/13/2025 | 261 | MOTION for Reconsideration re 243 Order on Motion for Contempt,,,, Order on Motion to Strike,,, by Crystal Stranger. (Stranger, Crystal) (Entered: 08/13/2025) |
| 08/13/2025 | 263 | CERTIFIED ORDER of USCA as to 211 Notice of Appeal filed by Crystal Stranger USCA Case Number 25-1575 (Imbriani, S) (Entered: 08/14/2025) |
| 08/14/2025 | 262 | MOTION to Stay re 208 Order on Motion for Bond,,,,,,,,, Order on Recommended Ruling,,,,,,, by Crystal Stranger.Responses due by 9/4/2025 (Stranger, Crystal) (Entered: 08/14/2025) |
| 08/15/2025 | 264 | NOTICE by Cleer LLC *of Non-Compliance with Court's Order on Motion for Contempt and Opposition to Defendant Crystal Stranger's Motion for Limited Administrative Stay* (Musekamp, George) (Entered: 08/15/2025) |
| 08/15/2025 | 265 | NOTICE by Crystal Stranger *OF FILING IN THE SUPREME COURT OF THE UNITED STATES* (Attachments: # 1 Exhibit Exhibit A- Emergency Application for Stay filed with Supreme Court)(Stranger, Crystal) (Entered: 08/15/2025) |
| 08/15/2025 | 266 | NOTICE by Crystal Stranger re 264 Notice (Other) *OF CLARIFICATION AND REPLY TO PLAINTIFFS OPPOSITION* (Attachments: # 1 Exhibit Exhibit A - Supreme Court Stay Request)(Stranger, Crystal) (Entered: 08/15/2025) |
| 08/18/2025 | 267 | ORDER. The 262 Motion to Stay is DENIED. <br><br> Signed by Judge Michael P Shea on 08/18/2025. (Metzroth, R) (Entered: 08/18/2025) |
| 08/21/2025 | 268 | RESPONSE re 249 Response filed by Cleer LLC. (Attachments: # 1 Exhibit A - Billing record)(Musekamp, George) (Entered: 08/21/2025) |
| 08/22/2025 | 269 | MOTION for Leave to File *SUR-REPLY IN OPPOSITION TO PLAINTIFFS AFFIDAVIT OF ATTORNEYS FEES* by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A- Proposed Sur-Reply)(Stranger, Crystal) (Entered: 08/22/2025) |
| 08/25/2025 | 270 | AFFIDAVIT *Declaration in Support of Award of Attorneys' Fees in Order Granting Plaintiff's Motion for Contempt [Doc. 243]* Signed By George B. Musekamp, Esq. filed by Cleer LLC. (Attachments: # 1 Exhibit A - Billing record)(Musekamp, George) (Entered: 08/25/2025) |
| 08/26/2025 | 271 | MOTION to Strike 270 Affidavit, *OR IN THE ALTERNATIVE, OPPOSITION TO PLAINTIFFS DECLARATION IN SUPPORT OF FEE APPLICATION (DOC. 270 & EX. 270-1)* by Crystal Stranger.Responses due by 9/16/2025 (Stranger, Crystal) (Entered: 08/26/2025) |
| 08/27/2025 | 272 | Minute Entry for proceedings held before Judge S. Dave Vatti: Status Conference held on 8/27/2025. 11 minutes. On August 27, 2025, the Settlement Judge held a telephone conference with the parties to discuss Ms. Stranger's Request for Clarification Regarding Plaintiff's Request for Settlement Conference [ECF 253]. Following the discussion, the parties and Settlement Judge consider the issues raised in Ms. Stranger's Request for Clarification to be resolved. The parties will proceed with the September 18, 2025, settlement conference as scheduled and any party wishing to submit a supplemental ex parte memorandum to advise the Settlement Judge of any developments since the previous settlement conference |

| | | |
|---|---|---|
| | | shall do so by **September 12, 2025**, to the address set forth in ECF 44. (Ellis, B) (Entered: 08/27/2025) |
| 08/27/2025 | 273 | NOTICE by Crystal Stranger re 272 Status Conference,,, (Stranger, Crystal) (Entered: 08/27/2025) |
| 08/28/2025 | 274 | MANDATE of USCA dated 8/28/2025 Dismissing 187 Notice of Appeal, filed by Crystal Stranger, 177 Notice of Appeal, filed by Crystal Stranger, 211 Notice of Appeal filed by Crystal Stranger (Imbriani, S) (Entered: 08/28/2025) |
| 08/28/2025 | 275 | USCA CERTIFIED ORDER re: Motion Signed by Clerk on 8/28/2025.(Imbriani, S) (Entered: 08/28/2025) |
| 08/29/2025 | 276 | ORDER: The Court has received an email requesting a telephonic conference regarding "Defendant's request for disclosure of any ex parte communications with chambers and related discovery issues." Under the circumstances of this case, no prefiling conference call is necessary. By 9/3/25, the parties may submit letters regarding the issues they wish to raise with the Court.<br><br>Signed by Judge Michael P. Shea on 8/29/25. (Constantine, A.) (Entered: 08/29/2025) |
| 08/29/2025 | 277 | ORDER 26(f) NOTICE: It is hereby ordered that the parties file on or before **September 5, 2025** a Rule 26(f) report. In light of the substantial discovery and litigation that has already occurred in this case, the parties' proposed case management deadlines should reflect an accelerated schedule. If the report fails to do so, the Court will issue an expedited discovery and motion schedule to bring this matter to conclusion without unnecessary delay. Failure to comply with this order will result in dismissal of the complaint and/or monetary sanctions being imposed.<br><br>Signed by Judge Michael P. Shea on 8/29/25. (Constantine, A.) (Entered: 08/29/2025) |
| 08/29/2025 | | Set Deadlines: Rule 26 Meeting Report due by 9/5/2025 (Sichanh, C) (Entered: 09/02/2025) |
| 09/02/2025 | 278 | ORDER: Cleer's motion for reconsideration (ECF No. 244 ) of the Court's order (ECF No. 241 ) denying its motion for contempt is denied.<br><br>"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds for justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedures § 4478 (1st ed. 1981)).<br><br>Cleer argues that the Court should reconsider its conclusion that the TRO was in effect "pending the preliminary injunction hearing scheduled for January 29, 2025" and that the alleged conduct in February 2025 occurred beyond the |

| | | |
|---|---|---|
| | | temporal scope of the TRO. As grounds, Cleer points to Magistrate Judge Garcia's order as to the TRO. But "[t]he power of a magistrate to extend a TRO issued by a judge is doubtful...." *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 108 (2d Cir. 1987). Accordingly, it does not alter my conclusion. <br><br> Signed by Judge Michael P. Shea on 9/2/25. (Constantine, A.) (Entered: 09/02/2025) |
| 09/02/2025 | 279 | ORDER: Stranger's (ECF No. 261 ) motion to reconsider and vacate the Court's August 4, 2025 order (ECF No. 243 ) is denied. <br><br> As a preliminary matter, the motion for reconsideration is untimely. Motions for reconsideration "shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked." D. Conn. L. R. 7(c)(1). This motion was filed August 13, 2025, more than 7 days after the ruling at issue. This missed deadline "provides sufficient grounds for denying the motion." *Palmer v. Sena*, 474 F. Supp. 2d 353, 355 (D. Conn. 2007). <br><br> Even if the motion was timely, I would still deny it because it fails to comply with the strict standard applicable to a motion for reconsideration. <br><br> "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The major grounds for justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). None of Stranger's arguments satisfy this standard. <br><br> 1.    Many of Stranger's arguments rely on an August 12, 2025 order issued by the Second Circuit that stated: <br><br>      Appellant, pro se, moves for a stay of the District Court's June 7, 2025 Preliminary Injunction Order to the extent that it compels the immediate transfer of the internet domain name "Cleer.tax." Appellee opposes the motion. IT IS HEREBY ORDERED that, to the extent the motion seeks a temporary stay pending review by a three-Judge panel, the motion is GRANTED. The motion is REFERRED to a three-Judge panel on an expedited basis. <br><br> ECF No. 259. Stranger suggests that this order calls into question the enforceability of the Court's August 4, 2025 order in which it found her in contempt of a June 17 order regarding transferring a domain name. See ECF No. 261 at 1 ("The Second Circuit's stay now suspends the very provision on which the contempt order is based, materially altering its enforceability and undercutting the finding of 'willfulness.'") <br><br> On June 17, 2025, I issued a ruling on the plaintiff's motion for a preliminary |

injunction ordering, in relevant part, "that within 48 hours of this Order, Stranger shall take all actions required to return to Cleer the domain Cleer.tax." ECF No. 208. When she failed to do so, Cleer moved for an order finding Stranger in contempt of the Court's preliminary injunction order to return the domain name. On August 4, 2025, I found Stranger in contempt. As was made clear in the order, there was no stay at the time I found Stranger in contempt.

Stranger appears to argue that my finding that she failed to comply with a June 17 order is somehow called into question by the subsequent temporary stay. That argument is unavailing. And in any event, on August 28, 2025, the Court of Appeals denied Stranger's "renewed motion for a stay of the District Court's June 17, 2025 Preliminary Injunction Order to the extent that it compels the immediate transfer of the internet domain name 'Cleer.tax.'" ECF No. 275.

2.      Stranger also argues that complying with the Court's order "moot[s]" her appeal. Not so. The Court awarded preliminary, not final, relief. And as noted, the Court of Appeals has denied Stranger's request for a stay.

3.      Stranger raises "due process" concerns as to the order on the grounds that the "domain transfer provision was never part of the Magistrate Judge's Recommended Ruling." ECF No. 261 at 3. But this is not a new or overlooked argument warranting reconsideration or vacatur. Stranger raised it previously in a motion for reconsideration of the Court's preliminary injunction, and the Court addressed in its ruling on July 3, 2025. See ECF Nos. 210, 218.

4.      Stranger challenges certain findings the Court made in its June 17 preliminary injunction. ECF No 261 at 6. These challenges are untimely. And in any event, "[i]n seeking a reversal of a court's contempt order, the party alleged to have disobeyed the order cannot dispute the validity of the underlying order in order to claim that contempt is unwarranted.... Even a correct and good-faith belief that an order is defective, misguided or erroneous, is an insufficient basis upon which a party may unilaterally disregard a court's order." *In re Metz*, 231 B.R. 474, 480 (E.D.N.Y. 1999). *See Maggio v. Zeitz*, 333 U.S. 56, 69 (1948) (noting the "the long-standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy").

5. Stranger challenges the Court's imposition of attorney fees on the grounds that "the August 12 compliance deadline imposed in that same order has now been stayed by the United States Court of Appeals for the Second Circuit." ECF No. 261 at 7. But the imposition of fees was not tied to the August 12 deadline-rather, it was because at the time of the August 4 order, Stranger failed to comply with the June 17 order, forcing Cleer to file a motion for contempt. Stranger's request for "her reasonable attorneys' fees and costs" "directly attributable to opposing the August 12 deadline" is denied.

To be clear, the Court's order requiring Stranger to transfer the domain name to Cleer is not stayed and is enforceable. The Second Circuit has expressly stated that "an order issued by a court must be obeyed by one subject to it and that if he disobeys he may be punished for contempt even if the order is subsequently ruled to have been erroneous." *In re Feit & Drexler, Inc.*, 760 F.2d 406 (2d Cir.1985)

| | | |
|---|---|---|
| | | (citation omitted).<br><br>Signed by Judge Michael P. Shea on 9/2/25. (Constantine, A.) (Entered: 09/02/2025) |
| 09/02/2025 | 280 | ORDER: The parties have written letters to chambers regarding the Defendant's request for disclosure of "ex parte communications" with the Court. To the undersigned's knowledge, there have not been any. The Defendant points to an email plaintiffs' counsel apparently sent to Judge Vatti's assistant regarding the scheduling of a possible future mediation. Even that was not an improper ex parte communication, both because it pertained to scheduling and because Magistrate Judges are allowed to have ex parte communications with parties when attempting to settle (as opposed to adjudicate) a case. Therefore, to the extent Defendant is seeking disclosure of further "ex parte communications," the undersigned cannot help her because I am unaware of any. Finally, the undersigned suggests that the Defendant would do well to devote her time to complying with the undersigned's orders (lest she face further contempt motions and sanctions) - and ultimately resolving this case - instead of driving the case down dead-end side trails.<br><br>Signed by Judge Michael P. Shea on 9/2/25. (Constantine, A.) (Entered: 09/02/2025) |
| 09/03/2025 | 281 | MOTION for Clarification 277 Order,, *AND PROCEDURAL OBJECTION TO accelerated RULE 26(F) SCHEDULING ORDER* by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A- Calendar Invite, # 2 Exhibit Exhibit B- Scheduling Email, # 3 Exhibit Exhibit C- Scheduling Email, # 4 Exhibit Exhibit D- Plaintiff's Email, # 5 Exhibit Exhibit E- Medical (Redacted), # 6 Affidavit Exhibit F- Defendant's Declaration)(Stranger, Crystal) (Entered: 09/03/2025) |
| 09/05/2025 | 282 | Joint REPORT of Rule 26(f) Planning Meeting. (Musekamp, George) (Entered: 09/05/2025) |
| 09/08/2025 | 283 | MOTION for Disclosure *of Ex Parte Communications* by Crystal Stranger. (Attachments: # 1 Exhibit Ex. A- Plaintiff and Defendant, # 2 Exhibit Ex. B- Email Alluding to Other Possible Ex Parte Communcation)(Stranger, Crystal) (Entered: 09/08/2025) |
| 09/16/2025 | 284 | RESPONSE *to Defendant Crystal Stranger's Opposition to Plaintiffs Attorney's Fees* filed by Cleer LLC. (Musekamp, George) (Entered: 09/16/2025) |
| 09/17/2025 | 285 | MOTION to Strike 284 Response *or, in the Alternative, to Disregard Improper Reply Material or Allow Sur-Reply* by Crystal Stranger.Responses due by 10/8/2025 (Stranger, Crystal) (Entered: 09/17/2025) |
| 09/18/2025 | 286 | Minute Entry for proceedings held before Judge S. Dave Vatti: Settlement Conference held on 9/18/2025. Total Time: 1 hour and 22 minutes. The Settlement Judge has concluded that there are no realistic prospects of settlement of this matter at this time and will monitor the docket to determine an appropriate time to resume discussions. (Ellis, B) (Entered: 09/18/2025) |
| 09/18/2025 | 287 | MOTION for Sanctions *Motion for Coercive Sanctions for Defendant Crystal Stranger's Contempt of Court's Orders to Return Domain* by Cleer LLC.Responses due by 10/9/2025 (Musekamp, George) (Entered: 09/18/2025) |

| 09/19/2025 | 288 | Memorandum in Opposition *AND CROSS-MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFFS COUNSEL* re 287 MOTION for Sanctions *Motion for Coercive Sanctions for Defendant Crystal Stranger's Contempt of Court's Orders to Return Domain* filed by Crystal Stranger. (Stranger, Crystal) (Entered: 09/19/2025) |
|---|---|---|
| 09/22/2025 | 289 | MOTION to Transfer to Another District *to the District of New Mexico* by Crystal Stranger. (Attachments: # 1 Affidavit Affidavit of Crystal Stranger, # 2 Exhibit Plaintiff's 26(a) Disclosures, # 3 Exhibit PI Hearing Excerpt- Testimony of David McKeegan, # 4 Exhibit Deposition Excerpt- Testimony of David McKeegan, # 5 Exhibit Deposition Excerpt- Testimony of David McKeegan, # 6 Exhibit Summary of Losses, # 7 Exhibit Membership Vesting Agreement, # 8 Exhibit Operating Agreement, # 9 Exhibit Employment Contract, # 10 Exhibit Contract Clause Comparison)(Stranger, Crystal) (Entered: 09/22/2025) |
| 09/23/2025 | 290 | MOTION to Expedite re 289 MOTION to Transfer to Another District *to the District of New Mexico* by Crystal Stranger. (Stranger, Crystal) (Entered: 09/23/2025) |
| 09/23/2025 | 291 | MOTION to Dismiss *PLAINTIFFS DAMAGES CLAIMS OR, IN THE ALTERNATIVE, TO COMPEL SUPPLEMENTATION OF INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 37(A) AND 37(C)(1)* by Crystal Stranger.Responses due by 10/14/2025 (Attachments: # 1 Exhibit Plaintiff's initial 26(a) Disclosures, # 2 Exhibit Email Chain Regarding Exchange of Disclosures, # 3 Exhibit Defendant's initial 26(a) Disclosures)(Stranger, Crystal) (Entered: 09/23/2025) |
| 09/25/2025 | 292 | ORDER: Plaintiff Cleer LLC's Motion for Coercive Sanctions for Defendant Crystal Stranger's Contempt of Court's Orders to Return Domain (ECF No. 287 ) is GRANTED, and Defendant's Cross-Motion for Sanctions (ECF No. 288 ) is DENIED. The procedural history and a description of the claims in this case have been set forth in previous rulings, which I incorporate by reference. See ECF Nos. 182 (recommended ruling) and 208 (ruling granting plaintiff's motion for a preliminary injunction). In brief, after a full-blown evidentiary hearing, Magistrate Judge Garcia issued a recommended ruling recommending that I grant the motion for injunction. After consideration of Stranger's objection and plaintiff's response, on June 17, 2025, I adopted the recommended ruling, as modified, and issued a preliminary injunction against Stranger, as well as her employees, agents, contractors, companies, and all persons in active concert or participation with her. The injunction included an order that "within 48 hours of this Order, Stranger shall take all actions required to return to Cleer the domain Cleer.tax." To date, Stranger has not complied with that order.

Her failure to comply is not for lack of warning to her of the consequences of defying a court order. Indeed, this is not the first contempt motion filed against Ms. Stranger arising from her failure to comply with the June 17 order requiring that she return the domain name. On August 4, 2025, I granted Cleer's first motion for contempt, finding Stranger's contempt in failing to comply with that order to be willful and awarding Cleer the reasonable attorneys' fees associated with making the motion for contempt. At that time, I denied Cleer's request for coercive sanctions in the form of a daily fine to "give Stranger one final opportunity to comply with the Court's order" and ordered that she file a sworn |

statement "making clear the steps she had taken to comply with the letter and spirit of the court's order." I stated: "This is her final opportunity to comply" and that "her failure to do so will result in the imposition of sanctions, including monetary coercive sanctions." Stranger has apparently decided to test whether, in fact, I will do these things, because she still has not transferred the domain name. ECF No. 287 at 1. To be sure, Stranger did file a declaration, ECF No. 258-3, but the statement simply states that she requested information from opposing to counsel to complete a transfer of Cleer.tax domain "*should such transfer ultimately be required following a resolution of my appeal.*" ECF No. 258-3 at 2 (emphasis added). Otherwise, the declaration just discusses documents she has filed with the Court of Appeals.

In response to Cleer's present motion for contempt, Stranger does not suggest that she has, in fact, returned the domain name or that she misunderstood my order. Instead, she appears to advance three arguments: (1) she is continuing to press her appellate rights in the Court of Appeals, asserting, at one point, that "the Second Circuit has since granted rehearing en banc on Defendant's motion for stay," ECF No. 288 at 2; it has not, in fact, done so, but it would not matter if it had because no stay is in effect; (2) the Court has taken her property without due process or somehow otherwise engaged in a "taking"; and (3) she was prejudiced because I did not rule on her motion to stay Judge Garcia's recommended ruling for four months and, in fact, did not do so until after I had adopted the Recommended Ruling and granted the injunction.

As to the first argument, Stranger is wrong to suggest that her prosecution of her appeal has any bearing on her obligation to comply with court orders. As I have previously explained to her, because she did not secure a stay (or, if she did, it is no longer in effect), she was required to comply with all aspects of the injunction pending her various appeals. (ECF No. 243 at 2.)

Her second argument is frivolous: Stranger received all the process she was due, including (1) a full-blown evidentiary hearing, during the second day of which Stranger absented herself, (ECF No. 182 at 2 n.2), and findings by a Magistrate Judge, and (2) a ruling, after full consideration of her objection, by a district judge. She was ordered to surrender the domain name not as part of a lawless taking, as she now asserts, but because of judicial findings made after consideration of evidence at a hearing in which she was (then) represented by counsel, that the domain name was not her property but belonged, instead, to the plaintiff. She disagrees with that ruling, but her claims that it was not made with due process or were part of a "taking" in violation of the Fifth Amendment are specious.

Her third argument fares no better: There is no need to "stay" a recommended ruling by a Magistrate Judge because it is a recommendation and does not itself constitute an injunction, and so there was no urgency in ruling on Stranger's needless motion for a stay of Magistrate Judge Garcia's ruling. But even if such a motion had been necessary, I was not required to rule on it in any particular time frame, and I found it more efficient to address the merits of the preliminary injunction motion before addressing the meritless stay motion. In any event, Stranger fails to explain the relevance of any of this to her failure to comply with my order; even if she thought in March 2025 that she did not have to comply

with an order if she merely filed a motion to stay, my August 4 contempt ruling disabused her of that notion. There, I made clear that regardless of whether an appeal had been filed, she was required to comply with my order because "there is no stay" in effect. ECF No. 243 at 2. If the courts allowed litigants to postpone their obligations to comply with a court's order merely by filing motions - be they motions to stay or any other motion - then, as a practical matter, it would be impossible to enforce a preliminary injunction.

And there is no doubt that Stranger's non-compliance with my order that she return the domain name has been willful. The order I issued on August 4 gave her a final opportunity to comply, even after finding her first contempt with respect to the domain name order to be willful. But she persists in her failure to comply. There is no reasonable or fair option at this point other than to grant the motion for coercive sanctions.

Finally, Stranger's cross-motion for sanctions, which accuses plaintiff and its counsel of making misrepresentations to the Court, lacks merit and is denied. Stranger argues that the plaintiff's assertion that she has not submitted a statement under oath showing the steps she has taken to comply with the Court's order is false in light of the declaration she filed, which I discuss above. Apart from the fact that the statement made by plaintiff is not material -- because it was apparent to anyone who looked at the docket that Stranger had filed a declaration --, I took the plaintiff's statement to say that the declaration that was filed did not, in fact, show that she had taken any meaningful steps to comply with the Court's order; as I discuss above, I agree with that. Merely saying that she had asked plaintiff's counsel for information with nothing more and then reciting her steps to prosecute an appeal does not show a serious attempt to comply with the order. Stranger also faults the plaintiff for advising the Court that she has "affirmatively stated that she does not intend to return the domain to Clear while her appeals are pending," but, to the extent this statement is inaccurate, which Stranger asserts, it is likewise immaterial. It does not matter whether Stranger made such a statement because she has not, in fact, complied with the order to return the domain name. Apart from all this, Stranger's cross-motion does not comply with Rule 11(c)(2); but even if it had complied, I would deny it for the reasons stated above.

Accordingly, the Court hereby ORDERS as follows:

**1.    Beginning at noon Eastern time on September 26, 2025, Stranger will owe contempt penalties of $50 per day for every day she fails to return to Cleer the domain Cleer.tax. These sanctions shall be paid to the Clerk of the Court. The penalties will accrue on weekdays and weekends and will not stop accruing until Stranger files sufficient evidence in the form of affidavits or other admissible evidence that she has, in fact, returned the domain name to Cleer. To be clear, merely filing affidavits or declarations regarding meaningless "steps" she has taken; blaming opposing counsel for failing to provide information; or making other excuses about why she cannot comply with an obligation that the Court imposed on her over three months ago will not be "sufficient evidence" that she has**

| | | |
|---|---|---|
| | | complied with the Court's order. At this point, the burden is on **Stranger** to demonstrate her compliance by at least a preponderance of the evidence.<br>2.     **Stranger is required to pay Cleer the reasonable attorney's fees associated with its motion (ECF No. 287) for contempt. Cleer shall file a declaration and documents showing contemporaneous time entries associated with the motion on or before October 7, 2025. Stranger will have until October 21, 2025 to respond to those filings to make any argument that the amount(s) sought are unreasonable. Stranger may not reargue the merits of this ruling in any such response.**<br>3.     **If Stranger has not filed affidavits and other admissible evidence October 7, 2025, showing, by a preponderance of the evidence, that she has, in fact, transferred the Cleer.tax domain name to Cleer, the Court will dismiss her counterclaims in this action.**<br>4.     **Any response by plaintiff to Stranger's filing of evidence of the transfer of the domain name shall be filed within 14 days of her filing.**<br><br>Signed by Judge Michael P. Shea on 9/25/25. (Constantine, A.) (Entered: 09/25/2025) |
| 09/26/2025 | 293 | MOTION to Transfer/Disqualify/Recuse Judge *Michael P. Shea* by Crystal Stranger. (Stranger, Crystal) (Entered: 09/26/2025) |
| 09/29/2025 | 294 | Second MOTION for Disclosure *of Ex Parte Communications* by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A - Email Correspondence Sept 23, # 2 Exhibit Exhibit B - TRO Transcript Excerpts)(Stranger, Crystal) (Entered: 09/29/2025) |
| 09/29/2025 | 295 | MOTION to Vacate 292 Order on Motion for Sanctions,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion for Conference,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, *AND TO STAY enforcement PENDING APPEAL OR FURTHER REVIEW* by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A - TRO Hearing Transcript, # 2 Exhibit Exhibit B - PI Hearing Transcript)(Stranger, Crystal) (Entered: 09/29/2025) |
| 09/30/2025 | 296 | NOTICE by Crystal Stranger re 295 MOTION to Vacate 292 Order on Motion for Sanctions,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion for Conference,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, *AND TO STAY enforcement PENDING APPEAL OR FURTHER REVIEW of Supplemental Authority* (Stranger, Crystal) (Entered: 09/30/2025) |
| 09/30/2025 | 297 | SCHEDULING ORDER: All discovery must be completed (not propounded) by 2/16/2026. The parties' Joint Trial Memorandum (in the form prescribed by the attached order) shall be filed by 4/30/2026. A pretrial conference is scheduled for 5/5/2026 at 2:00 pm in the North Courtroom. Jury selection is scheduled for 5/13/2026 at 9:00 am, with evidence to begin that afternoon.<br><br>Signed by Judge Michael P. Shea on 9/30/25. (Constantine, A.) (Entered: 09/30/2025) |

| 09/30/2025 | 298 | ORDER: Stranger's motion for clarification (ECF No. 281 ) regarding the Court's August 29, 2025 order directing the parties to file a Rule 26f report by September 5, 2025 is denied as moot. The Court has issued case management deadlines.<br><br>Signed by Judge Michael P. Shea on 9/30/25. (Constantine, A.) (Entered: 09/30/2025) |
|---|---|---|
| 09/30/2025 | | Set Deadlines: Discovery due by 2/16/2026; Joint Trial Memorandum due by 4/30/2026 (Sichanh, C) (Entered: 10/01/2025) |
| 09/30/2025 | 299 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Pretrial Conference is set for 5/5/2026 at 02:00 PM in North Courtroom, 450 Main St., Hartford, CT before Judge Michael P Shea; Jury Selection is set for 5/13/2026 at 09:00 AM in North Courtroom, 450 Main St., Hartford, CT before Judge Michael P Shea (Sichanh, C) (Entered: 10/01/2025) |
| 10/02/2025 | 300 | Third MOTION for Disclosure *of Ex Parte Communications* by Crystal Stranger. (Attachments: # 1 Exhibit Exhibit A - Plaintiff's Draft 26(a) Disclosures) (Stranger, Crystal) (Entered: 10/02/2025) |
| 10/02/2025 | 301 | MOTION to Vacate 297 Scheduling Order, 299 Calendar Entry, by Crystal Stranger. (Stranger, Crystal) (Entered: 10/02/2025) |
| 10/03/2025 | 302 | ORDER: On 9/25/25, the Court issued an order finding the defendant Stranger in contempt and imposing coercive sanctions of $50 per day and warning her that it would dismiss her counterclaims if she does not prove compliance with the Court's order to return the domain name by October 7, 2025. ECF No. 292.<br><br>On 9/30/25, the Court issued its scheduling order. ECF No. 297.<br><br>Since these orders were posted on the docket, the defendant Stranger has filed a surfeit of motions that the Court will address in due course. For the avoidance of any doubt, however, the filing of a motion does not suspend a court-imposed obligation. (The same is true of the filing of an appeal.) This means that the coercive penalties are continuing to accrue and that the Court will dismiss the counterclaims on October 7, 2025 unless defendant Stranger provides compliance before that time; it also means that the scheduling order remains in effect until the Court orders otherwise.<br><br>Signed by Judge Michael P. Shea on 10/3/25. (Constantine, A.) (Entered: 10/03/2025) |
| 10/03/2025 | 303 | ORDER of USCA, USCA Case Number 25-1575. (Fanelle, N.) (Entered: 10/06/2025) |
| 10/07/2025 | 304 | NOTICE by Crystal Stranger re 302 Order,,,, 292 Order on Motion for Sanctions,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion for Conference,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, *CONSCIENTIOUS OBJECTION AND PRESERVATION OF CONSTITUTIONAL RIGHTS* (Stranger, Crystal) (Entered: 10/07/2025) |

| | | |
|---|---|---|
| 10/07/2025 | 305 | AFFIDAVIT re 292 Order on Motion for Sanctions,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Order on Motion for Conference,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, *Declaration of George B. Musekamp, Esq. in Support of Award of Attorneys' Fees in Order Granting Plaintiff's Motion for Coercive Sanctions* Signed By George B. Musekamp, Esq. filed by Cleer LLC. (Musekamp, George) (Entered: 10/07/2025) |
| 10/08/2025 | 306 | MOTION for Sanctions *Entry of Sanctions and Request for Additional Coercive Sanctions Because of Defendant Crystal Stanger's Continuing Contempt of Court's Orders to Return Domain [ECF 208, 243, 292, & 302]* by Cleer LLC.Responses due by 10/29/2025 (Musekamp, George) (Entered: 10/08/2025) |
| 10/08/2025 | 307 | Memorandum in Opposition re 306 MOTION for Sanctions *Entry of Sanctions and Request for Additional Coercive Sanctions Because of Defendant Crystal Stanger's Continuing Contempt of Court's Orders to Return Domain [ECF 208, 243, 292, & 302]* filed by Crystal Stanger. (Stanger, Crystal) (Entered: 10/08/2025) |
| 10/08/2025 | 308 | ORDER: Stranger has not filed anything indicating that she has transferred the Cleer.tax domain name to Cleer as ordered by the Court. As the Court indicated in its order dated September 25, 2025, ECF No. 292, and again on October 3, 2025, ECF No. 302, the Court dismisses Stranger's counterclaims as a sanction for her failure to comply with the Court's order.<br><br>Signed by Judge Michael P. Shea on 10/8/25. (Constantine, A.) (Entered: 10/08/2025) |
| 10/09/2025 | 309 | NOTICE OF APPEAL as to 308 Order, by Crystal Stranger. Filing fee $ 605. (Stranger, Crystal) (Entered: 10/09/2025) |
| 10/09/2025 | 310 | MOTION for Clarification *on Order Imposing Sanctions [ECF 308]* by Cleer LLC. (Musekamp, George) (Entered: 10/09/2025) |
| 10/09/2025 | 311 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. A telephonic status conference is set for **10/16/2025** at **9:00 a.m.** before Judge S. Dave Vatti. To connect to the conference, dial **646 828 7666**, enter **Meeting ID: 161 879 4327** and **Passcode: 708214**. (Ellis, B) (Entered: 10/09/2025) |