**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | : : : : | Case No. 3:24-cv-01496-MPS Judge Michael P. Shea Magistrate Judge Maria E. Garcia |
| Plaintiff, | : : | |
| v. | : : | **PLAINTIFF CLEER LLC'S AND THIRD-PARTY DEFENDANT DAVID AND CARRIE MCKEEGAN'S OPPOSITION TO MOTION TO TRANSFER VENUE** |
| CRYSTAL STRANGER, et al., | : : | |
| Defendants. | : | |

## I.   INTRODUCTION

After over a year of incredibly active litigation consisting of an in-person preliminary injunction hearing, numerous conferences, and over 300 docket entries, Defendant Crystal Stranger ("Stranger") now files a Motion to Transfer Venue to the District of New Mexico on the basis of convenience ("Motion). The Motion came but one day after Stanger filed a memorandum criticizing and questioning the integrity of this Court. [ECF 288]. The Motion is overrun with factual inaccuracies, legal fallacies, and is yet another attempt to avoid the merits of this case and cause unnecessary delay and expense. If a real issue of convenience existed (which it does not) Stranger would have filed for transfer before actively engaging in more than a year of litigation.

To state the obvious, Stranger believes she will obtain a different result in a different court. But, that is not a basis for transferring venue and Stranger has not met her burden to establish this forum as inconvenient in light of having agreed to a valid forum selection clause, which this Court has already found to be enforceable.  Nor are there any connections between New Mexico and the facts of this case, Cleer, and the McKeegans. Neither Cleer nor the McKeegans are subject to

personal jurisdiction in New Mexico and Stranger does not even attempt to establish that fact. Accordingly, the Motion should be denied.

## II.     LEGAL ARGUMENT

### A.     Stranger Agreed to Venue in Connecticut by Virtue of a Valid Forum Selection Clause.

As part of her employment with Cleer, Stranger executed a Member Vesting Agreement, on June 2, 2022 (the "MVA"). [ECF 1-4]. The MVA contains a forum selection clause (the "Clause") which reads in pertinent part:

> [Stranger] agrees that, to the extent any disputes, claims, or controversies arising out of or in relation to [Stranger's] employment relationship with [Cleer] or this Agreement… [Stranger] specifically agrees to exclusive jurisdiction … for federal claims, in the United States District Court for the District of Connecticut.

[ECF 1-4].

Stranger argues that the forum selection clause is unenforceable. This issue has already been decided. Under the law of the case doctrine, "a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation." *In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991). In the Temporary Restraining Order, the Court addressed Stranger's argument that she had not been properly served and found that "Stranger does not deny that she agreed under the MVA to personal jurisdiction" and held that Stranger "specifically agreed to personal jurisdiction" via the forum selection clause. [ECF 34, p. 2]. The Court further found that there is "no prejudice to Stranger as a result of the Court's exercise of personal jurisdiction over her for purposes of this order" pursuant to the forum selection clause of the MVA. [*Id.*]. In a later Order, the Court allowed service via email because "there is no dispute that . . . the Court has personal jurisdiction." [ECF 61, p. 3]. *See also* [ECF 53 (finding that

Stranger has "submitted to the personal jurisdiction of the Court."). Pursuant to the law of the case doctrine, the forum selection clause is enforceable.

Moreover, Stranger has otherwise waived any argument she may have had to now challenge the enforceability of that clause. Comparing this situation to a forum selection clause in favor of arbitration, "[a] party may waive its right to arbitration where it files substantive motions." *Becker v. DPC Acquisition Corp.*, 00 Civ. 1035 (WK), 2002 U.S. Dist. LEXIS 9605, at *38 (S.D.N.Y. May 29, 2002). *Se. Power Grp. Inc. v. Vision 33, Inc.*, 855 F. App'x 531, 535 (11th Cir. 2021) (applying waiver of arbitration standard and holding party waived right to enforce forum selection clause due to substantial participation in litigation). "The judicial system was not designed to accommodate a [party] who elects to forego arbitration when it believes that the outcome in litigation will be favorable to it, proceeds with extensive discovery and court proceedings, and then suddenly changes course and pursues arbitration when its prospects of victory in litigation [are] dim. Allowing such conduct would ignore the very purpose of alternative dispute resolution: saving the parties' time and money." *WCW, Inc. v. Atlantis Indus., Inc.*, 698 F. Supp. 3d 708, 751 (D. Vt. 2023). Accordingly, "[a] party is deemed to have waived its right to arbitration if it engages in protracted litigation that results in prejudice to the opposing party." *In re S & R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 83 (2d Cir. 1998). There is no question that Stranger has engaged in *substantial* litigation in this forum to the prejudice of Cleer, and shown an intent to litigate all claims in this forum. Cleer has expended substantial expense to obtain injunction relief against Stranger, engaged in significant discovery, multiple appeals by Stranger are pending in the Second Circuit, and a trial date is set. It would be exceedingly prejudicial to Cleer to start this process over.

In addition to this Court's determination of enforceability and Stranger's waiver of her right to challenge forum, the Clause is presumptively enforceable. A forum selection clause is "presumptively enforceable" where (1) the clause was reasonably communicated to the party resisting enforcement; (2) the clause is mandatory; and (3) the claims and parties involved in the suit are subject to the forum selection clause. *Meerovich v. Big Apple Inst., Inc.*, No. 24-1149, 2025 U.S. App. LEXIS 12322 *7 (May 19, 2025 2nd Cir.). To overcome the presumption of enforceability, Stranger must "mak[e] a *sufficiently strong showing* that enforcement would be unreasonable or unjust, or that the clause was invalid for reasons such as fraud or overreaching." (emphasis added), *Id*.

To overcome the presumption of enforceability, Stranger must establish a narrowly tailored exception, such that: (1) incorporation of the forum selection clause was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum in which suit is brought; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court. *Martinez v. Bloomberg LP*, 740 F.3d 211, 228 (2nd Cir. 2014); *Du Quenoy v. Am. Univ. of Beirut*, 828 Fed. Appx. 769, 771, (2nd Cir. 2020).

Stranger has not put forth any evidence to meet her burden to establish the unenforceability of the forum selection clause. Nor can she. Indeed, the clause was communicated to Stranger in clear, legible text. *See, e.g., Meerovich v. Big Apple Inst., Inc.*, No. 24-1149, 2025 U.S. App. LEXIS 12322 *8 (May 19, 2025 2nd Cir. Ct. App.) (Rejecting the resisting party's argument that reasonable communication required content comprehension and holding forum selection clause enforceable where it was communicated in "clearly legible, bold text".) The clause also contains mandatory language, binding Cleer and Stranger as signatories to the MVA, requiring that "any

and all claims arising out of or related to [Stranger's] employment with [Cleer] shall be exclusively brought in, … for federal claims, the United States District Court for the District of Connecticut." [Doc. 55-4].

Similarly, Stranger has not put forth any evidence to overcome the forum selection clause's presumption of validity. Stranger introduces no evidence of fraud or overreach, and her argument that she was distracted when she executed the MVA does not undercut its enforceability. She does not argue that the law to be applied is fundamentally unfair, or that this Court is unequipped to apply it. Finally, Stranger has litigated in this forum for over a year and cannot reasonably argue that she will be deprived of her day in court or that a public policy somehow now exists that requires transfer.

> **B.    Stranger Cannot Meet her Burden to Establish Forum Non-Conveniens Because of an Enforceable Forum Selection Clause.**

Stranger argues that New Mexico is a more convenient forum to litigate the remainder of this case pursuant to 28 USC 1404(A).  Pursuant to that doctrine, and when a forum selection clause is not involved, a district court will evaluate the convenience of the parties and various public-interest considerations. *Atl. Marine Constr. Co. v. United states Dist. Court*, 571 U.S. 49, 62 (2013).  This analysis is modified, however, when, as here, "the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Id*. at 63. Because the "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system" and "because the overarching consideration under §1404(a) is whether a transfer would promote the 'interest of justice' a 'valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Id*.

The presence of a valid forum-selection clause requires district courts to adjust their usual §1404(a) analysis in three ways. *Id*. First, the choice of forum of the party defying the forum-selection clause merits no weight. *Id*. Rather, as the party defying the forum-selection clause, Stranger bears the burden of establishing that transfer to a forum, other than the forum the parties bargained for, is warranted. *Id*. Because plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations), we have termed their selection the "plaintiff's venue privilege." *Id*.; *Van Dusen*, 376 U.S., at 635, 84 S. Ct. 805, 11 L. Ed. 2d 945. When a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its "venue privilege" before a dispute arises. Only that initial choice deserves deference. *Id*. at 63-64.

Second, a court evaluating a §1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. *Id*. at 64. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. *Id*. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum. *Id*. As we have explained in a different but "'instructive'" context, *Stewart Org., Inc. v. Rocoh Corp., 487 U.S. 22*, 28 (1988) "[w]hatever 'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting." *Id*.; *The Bremen* v. *Zapata Off-Shore Co.*, 407 U.S. 1, 17-18 (1972).

Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, other than the forum agreed upon in the forum selection clause, a

6

§1404(a) transfer of venue will not carry with it the choice-of-law rules of the venue to which the parties waived their right—a factor that in some circumstances may affect public-interest considerations. *Id*. at 64. Because "§1404(a) should not create or multiply opportunities for forum shopping," the court in the contractually selected venue should not apply the law of the venue to which the parties waived their right. *Id*. at 65. When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. *Id*. at 66. In all but the most unusual cases, "the interest of justice" is served by holding parties to their bargain. *Id*.

Stranger has not met her burden to establish that transfer away from this Court, as the bargained for forum, is warranted. Stranger's argument in support of transfer relies on her personal convenience, property owned by her husband (a non-party), the convenience of her father (a non-party witness), and the potential that New Mexico law may apply (it does not). Stranger's arguments based on personal convenience and other private interests must not be considered and are speculative at best. The travel, hotel, rental car, and other costs associated with litigation before this Court have existed throughout this litigation and were foreseeable at the time she executed the MVA.

Stranger agreed to this Court and waived her right to challenge jurisdiction when she executed the MVA. She has not introduced any evidence to satisfy the heavy burden necessary to overcome the presumption of enforceability or to establish that transfer away from the bargained for forum is warranted.

### C. The District of New Mexico Does Not Have Personal Jurisdiction over Cleer or the McKeegans.

"[A] matter may not be commenced or transferred to a chosen forum in the absence of personal jurisdiction over the defendant . . . ." *Ony, Inc. v. Cornerstone Therapeutics, Inc.*, No.

11-CV-1027S, 2012 U.S. Dist. LEXIS 69956, at *17 (W.D.N.Y. May 17, 2012). "[I]t would be manifestly contrary to the interests of justice to force the plaintiff to litigate in a forum in which it does not have the minimum contacts to satisfy the requirements of due process." *Manufacture des Montres Jaguar, S.A. v. Jaguar Cars Ltd.*, 99 Civ. 12002 (BSJ), 2000 U.S. Dist. LEXIS 13731, at *6-7 (S.D.N.Y. Sep. 21, 2000) (denying 1404(a) motion to transfer). "For a forum state to exercise personal jurisdiction over a nonresident defendant, due process requires that the defendant must have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "An individual's contract with an out-of-state party alone [cannot] automatically establish sufficient minimum contacts in the other party's home forum . . . ." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985).

Stranger has not made any argument to establish jurisdiction in New Mexico over Cleer or the McKeegans – nor are they subject to personal jurisdiction in New Mexico. Accordingly, for this reason as well, transferring this case to New Mexico is a non-starter.

### III. CONCLUSION

Based on the foregoing, Cleer respectfully requests that the Court deny Plaintiff's Motion to Transfer Venue.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel: (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

                                        Michael S. O'Malley, Esq. (CT31784)
                                        Ogletree, Deakins, Nash,
                                        Smoak & Stewart P.C.
                                        281 Tresser Boulevard
                                        Stamford, CT 06901
                                        Tel: (203) 969-3109
                                        Fax: (203) 969-3150
                                        Michael.O'Malley@ogletree.com

                                        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      The undersigned certifies that on October 13, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties of record.


                                        */s/ George B. Musekamp*