**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CLEER LLC | : |
| v. | : 3:24-cv-1496-MPS |
| CRYSTAL STRANGER et al. | : |
| v. | : DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION ON ORDER IMPOSING SANCTIONS (ECF 310) |
| DAVID and CARRIE McKEEGAN | : |

## I. INTRODUCTION

Defendant-Counterclaimant Crystal Stranger respectfully opposes Plaintiff Cleer LLC's and the McKeegans' "Motion for Clarification" (ECF 310). The motion improperly seeks to expand the scope and finality of the Court's October 8, 2025 Order (ECF 308) *after* a timely appeal has been filed from that very order (ECF 309). Once the notice of appeal was docketed, jurisdiction over the subject matter of that order was vested in the United States Court of Appeals for the Second Circuit.

Accordingly, this Court lacks jurisdiction to "clarify" the meaning, scope, or effect of a final order that is now under appellate review. Even if jurisdiction remained, the motion should be denied because the October 8 order neither (1) dismissed claims against the individual McKeegans, nor (2) stated that any dismissal was "with prejudice." Plaintiff's motion is, in substance, an untimely request for reconsideration or modification under Rule 59(e) or Rule 60(b), disguised as a "clarification."

## II. PROCEDURAL BACKGROUND

On October 8, 2025, this Court entered an order imposing sanctions and dismissing Defendant's counterclaims. That same day, Defendant's opposition (ECF 307) was already on file, but was not addressed before entry of the order. On October 9, 2025, Defendant filed a Fourth Notice of Appeal (ECF 309) specifically identifying the October 8 order as a final decision under 28 U.S.C. § 1291.

Later that same day, Plaintiff and the McKeegans filed the present "Motion for Clarification," asking the Court to confirm (1) that the dismissal extended to all claims against the McKeegans individually, and (2) that the dismissal was "with prejudice."

## III. ARGUMENT

**A. The Notice of Appeal Divests the District Court of Jurisdiction**

A notice of appeal immediately strips the district court of jurisdiction over the issues on appeal. As the Supreme Court has emphasized, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *New York v. Nuclear Regulatory Comm'n*, 550 F.2d 745, 758 (2d Cir. 1977).

Defendant's appeal (ECF 309) expressly encompasses the October 8, 2025 order dismissing all counterclaims. Because Plaintiff's motion seeks "clarification" of that same order, specifically its scope and prejudice effect, its subject matter is within the jurisdiction of the Second Circuit. Any modification or interpretation of the order's legal effect would impermissibly alter the judgment on appeal. See *Toliver v. County of Sullivan*, 957 F.2d 47, 49

(2d Cir. 1992) (district court may not alter or enlarge the judgment once appeal is filed, except for clerical corrections under Rule 60(a)); *Lyndonville Sav. Bank v. Lussier*, 211 F.3d 697, 701 (2d Cir. 2000).

This motion does not concern a clerical correction, but a substantive question of dismissal scope and prejudice, matters exclusively for the appellate court to determine based on the record.

### B. Plaintiff's Motion Seeks a Substantive Modification, Not a "Clarification"

The October 8 order stated only that the Court "dismisses Defendant's counterclaims as a sanction." It did not:

1. Identify the McKeegans individually;

2. Reference Rule 41(a) or (b);

3. Specify "with prejudice" or "without prejudice"; or

4. Address separate-party dismissal under Rule 21.

Absent such language, the order cannot reasonably be construed to extend beyond the corporate plaintiff or to preclude refiling upon reversal of the sanctions. See *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("Dismissal with prejudice" is a legal determination that must be explicit).

Plaintiff's request to interpret the order as "dismissing the McKeegans and making the dismissal with prejudice" would materially alter the judgment. This exceeds the permissible scope of "clarification" under Rule 60(a). See *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994) (Rule 60(a) does not authorize changes that affect substantive rights).

### C. The Motion Is Procedurally Improper and Prejudicial

Plaintiff's motion was filed the same day as Defendant's appeal, indicating knowledge that the order was being treated as final. This sequence reinforces that Plaintiff's intent is not clarification but to lock in preclusive effect and shield the McKeegans before appellate review.

Granting such a motion would: Undermine appellate jurisdiction; Create risk of conflicting rulings; and Prejudice Defendant's ability to seek reinstatement or amendment if the order is vacated or reversed.

### IV. CONCLUSION

For these reasons, the Court should deny Plaintiff's Motion for Clarification (ECF 310) in its entirety, or, in the alternative, defer ruling pending resolution of the appeal now before the Second Circuit.

Respectfully submitted,
/s/ Crystal Stranger
Crystal Stranger
Pro Se Litigant

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 14, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

    */s/ Crystal Stranger*