# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, <br><br> Plaintiff, <br><br> v. <br><br> CRYSTAL STRANGER, et al., <br><br> Defendants. | Case No. 3:24-cv-01496-MPS <br> Judge Michael P. Shea <br> Magistrate Judge Maria E. Garcia <br><br> **PLAINTIFF'S/COUNTERCLAIMANT DEFENDANT'S AND THIRD-PARTY DEFENDANTS' OPPOSITION TO DEFENDANT CRYSTAL STRANGER'S MOTION TO DISMISS DAMAGES OR, ALTERNATIVELY, COMPEL SUPPLEMENTATION OF INITIAL DISCLOSURES [Doc. 291]** |

Plaintiff/Counterclaim Defendant Cleer LLC and Third-Party Defendants David and Carrie McKeegan (collectively, "Cleer") propounded their Initial Disclosures to Defendant/Counterclaimant Crystal Stranger ("Stranger") on September 19, 2025 (the "Initial Disclosures"), consistent with the Rule 26(f) Joint Report, filed September 5, 2025. [ECF 282]. On September 23, 2025, Stranger filed a Motion to Dismiss Plaintiff's Damages claims or, in the alternative, to Compel Supplementation of Initial Disclosures ("Motion").

According to paragraphs 1 and 7 of Judge Shea's Instructions for Discovery Disputes,

> Before filing any motion relating to discovery, the parties are required to comply with the following requirements: Counsel for parties to discovery disputes must jointly contact Judge Shea's Chambers by telephone to notify the Court that a dispute exists and provide a brief oral description of the nature of the dispute… Before notifying the Court of a discovery dispute, counsel for all parties to a discovery dispute must also agree upon the issues that they intend to raise with Judge Shea and inform Chambers of those issues at the time of the notification.

1

Before filing the Motion, Stranger did not arrange, or attempt to arrange, for a joint call with undersigned counsel and Judge Shea's chambers to discuss any discovery dispute regarding the Initial Disclosures. Nor did Stranger and undersigned counsel agree on the issues to be raised with Judge Shea, or inform his Chambers of same. The Motion fails for this reason alone.

Nor did Ms. Stranger comply with Fed. R. Civ. P. 37(a)(1) requiring the parties to "meet and confer" prior to filing a motion for discovery sanctions. Indeed, she did not provided the required certification as required by Fed. R. Civ. P. 37 ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). Aside from a single email exchange, Stranger made no attempt to meet and confer on this issue. Her Motion fails for this reason as well.

Moreso, in an attempt to avoid further unnecessary motion practice, Cleer served Amended Initial Disclosures to Stranger on October 1, 2025, expanding on Cleer's damages, as alleged deficient in the Motion, thereby mooting the same. Stranger has not argued that the Amended Initial Disclosures are defective and appear to have resolved the issue. Cleer twice requested that Stranger withdraw her Motion, but she did not respond to Cleer's requests. Accordingly, the Motion is moot and must be denied for this reason as well.

    Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel: (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

                                              Michael S. O'Malley, Esq. (CT31784)
                                              Ogletree, Deakins, Nash,
                                              Smoak & Stewart P.C.
                                              281 Tresser Boulevard
                                              Stamford, CT 06901
                                              Tel: (203) 969-3109
                                              Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      The undersigned certifies that on October 14, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties of record.

                                          */s/ George B. Musekamp*