**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CLEER LLC | : |
| v. | : 3:24-cv-1496-MPS |
| CRYSTAL STRANGER et al. | : |
| v. | : DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE DISTRICT OF NEW MEXICO |
| DAVID and CARRIE McKEEGAN | : |

## I. INTRODUCTION

Plaintiff's opposition fails to demonstrate that Connecticut is a proper or convenient forum for this action. It relies on mischaracterizations of prior interlocutory rulings, ignores coercive circumstances that negate any waiver, and assumes validity of a disputed forum-selection clause. More fundamentally, it overlooks that the underlying employment relationship giving rise to this dispute was centered in New Mexico, where Defendant lived, worked, and was hired. For these reasons, and those set forth below, the Motion to Transfer Venue under 28 U.S.C. § 1404(a) should be granted.

## II. THE "LAW OF THE CASE" DOCTRINE DOES NOT BAR RECONSIDERATION OF VENUE

Plaintiff's argument that venue is already settled misstates both the record and the law. The Court's temporary restraining order and subsequent service-related rulings were interlocutory and addressed preliminary relief, not a final adjudication on venue.

Interlocutory orders "remain subject to revision at any time before the entry of judgment." *Fed. R. Civ. P. 54(b); Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). The so-called "law of the case" doctrine is discretionary and does not apply where earlier decisions were procedural, made without full briefing or evidence, or where fairness concerns have since emerged.

Here, the original orders pre-dated full briefing on venue, discovery, and the significant factual developments showing that continuing in Connecticut imposes disproportionate hardship. The Court is therefore free, and indeed obliged, to reassess venue in light of the complete record and the interests of justice.

### III. DEFENDANT DID NOT WAIVE THE RIGHT TO SEEK TRANSFER

Plaintiff's waiver theory fares no better. Waiver requires a clear and unequivocal intent to relinquish a known right. Defendant's participation in this case has been defensive and compelled, driven by compliance with injunctive orders and ongoing obligations imposed by the Court, not by voluntary invocation of the Connecticut forum.

Courts consistently hold that compliance with coercive orders or limited defensive motion practice does not waive the right to later seek transfer. *See In re LimitNone, LLC*, 551 F.3d 572, 576 (7th Cir. 2008); *Ferraro Foods, Inc. v. M/V Izzet Incekara*, 2001 WL 940562, at *3 (S.D.N.Y. Aug. 20, 2001)*. Defendant promptly renewed her venue challenge once discovery burdens and procedural inequities made continued litigation here untenable, and immediately after the Rule 26(f) conference where Plaintiff revealed its witness list. Thus, there was no earlier point at which the motion would have been relevant, and there is no evidence of intentional relinquishment.

## IV. THE FORUM CLAUSE'S VALIDITY AND SCOPE REMAIN IN DISPUTE

Plaintiff's reliance on *Atlantic Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49 (2013), is also misplaced. *Atlantic Marine* governs enforcement of valid, mutually agreed forum-selection clauses. It does not control where the clause's validity or applicability is disputed. *See Martinez v. Bloomberg LP*, 740 F.3d 211, 217–18 (2d Cir. 2014) ("Before considering whether to transfer a case under § 1404(a), a district court must determine whether the forum-selection clause is valid and enforceable under the law contractually chosen by the parties."); See also *Collins v. Mary Kay, Inc.*, 874 F.3d 176, 185 n.5 (3d Cir. 2017) ("Atlantic Marine did not address the situation where the validity or enforceability of the forum selection clause itself is in dispute.").

The MVA's enforceability here is clouded by internal contradictions and ambiguity among contemporaneous contracts. On the same effective date, the parties also executed the Operating Agreement, governed by Wyoming law, omits any Connecticut forum provision. The prior Employment Agreement contemplates performance in New Mexico with a forum clause in New York. Cleer's own Wyoming corporate governance documents solely reference Wyoming law and jurisdiction. Collectively these agreements designate different governing laws and contain no consistent forum clause. Such inconsistencies create uncertainty as to which agreement, if any, controls venue for disputes of this nature and preclude a finding that the parties reached a "clear and unequivocal" meeting of the minds on litigating in Connecticut.

Because the enforceability and scope of the forum clause are themselves disputed, the clause cannot be treated as dispositive under *Atlantic Marine*. At most, *Atlantic Marine* reserves a narrow exception for "extraordinary circumstances unrelated to the convenience of the parties"

that would make enforcement unjust. *Id.* at 62 n.6. The inconsistent contract language and absence of mutual assent here satisfy that standard as well. Accordingly, the Court must undertake the traditional § 1404(a) balancing of convenience and justice rather than treating the MVA clause as dispositive.

## V. NEW MEXICO IS BOTH A PROPER AND THE MOST CONVENIENT FORUM

Plaintiff's assertion that this case could not have been brought in New Mexico is incorrect. Cleer purposefully availed itself of New Mexico's laws by recruiting and employing Defendant there, directing payment and supervision into the state, and deriving revenue from her New-Mexico-based work. These continuous contacts easily satisfy the minimum-contacts standard. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Thompson v. Doe*, 376 F. Supp. 3d 1323 (D.N.M. 2019).\* Because Defendant's work, records, and witnesses are located in New Mexico, venue is proper under 28 U.S.C. § 1391(b)(2) and the convenience factors overwhelmingly favor transfer.

## VI. PLAINTIFF'S EXCLUSIVE RELIANCE ON CONNECTICUT REVEALS TACTICAL FORUM SELECTION

Notably, Plaintiff fails to identify any alternative forum, such as Wyoming (its state of organization), that might have a genuine connection to the dispute. This omission shows Plaintiff's insistence on Connecticut is strategic, not practical. Courts give diminished deference to a plaintiff's chosen forum when that choice appears motivated by forum-shopping or bears little factual connection to the case. *See Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (en banc); *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 548 (S.D.N.Y. 2008).

Even if the Court were to consider alternative fora, Wyoming, the company's state of formation and the locus of its governing documents, has a far stronger contractual nexus than Connecticut, which bears only a nominal choice-of-law clause and doesn't even use the laws of the state in the contract. This contrast further demonstrates the weakness of Plaintiff's Connecticut argument and confirms that New Mexico is the forum most consistent with the convenience of witnesses and the interests of justice.

## VII. CONCLUSION

Because prior rulings did not finally decide venue, because Defendant has not waived her objection, because the MVA clause's validity is unresolved, and because New Mexico is both proper and convenient under § 1404(a), Defendant respectfully requests that this Court transfer this case to the District of New Mexico or, at minimum, defer further discovery pending that determination.

Respectfully submitted,
/s/ Crystal Stranger
Crystal Stranger
Pro Se Litigant

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 15, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

<u>*/s/ Crystal Stranger*</u>