**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | : : : : | Case No. 3:24-cv-01496-MPS |
| | : | Judge Michael P. Shea |
| | : | Magistrate Judge Maria E. Garcia |
| Plaintiff, | : : | |
| | : | **PLAINTIFF CLEER LLC'S** |
| v. | : | **OPPOSITION TO DEFENDANT** |
| | : | **CRYSTAL STRANGER'S RULE** |
| CRYSTAL STRANGER, et al., | : | **60(B)(6) MOTION AND TO STAY** |
| | : | **ENFORCEMENT PENDING APPEAL** |
| Defendants. | : | |

Defendant Crystal Stranger ("Stranger") has filed a Motion for Relief Pursuant to Rule 60(B)(6) and to Stay Enforcement Pending Appeal or Further Review (the "Motion") [ECF 295] of the Court's September 25, 2025, Order ("Order") [ECF 292] requiring that Stranger pay contempt penalties of $50 per day for every day she fails to return to Cleer LLC ("Cleer") the domain Cleer.tax ("Domain"). Stranger has exhausted near-identical arguments for a stay of the Court's Preliminary Injunction Order [ECF 182] and multiple subsequent Orders requiring that she return the Domain to Cleer. [ECF 208, 243]. All of which have been repeatedly rejected. The instant Motion should be similarly denied.

Stranger holds the keys to absolving her own contempt, but she refuses to comply or take any responsibility. She has not paid a single fine nor transferred the domain. Instead, Stanger contends, without any evidence, that improper *ex parte* communications between undersigned counsel and the Court somehow resulted in the Order's issuance. That argument is frivolous. The Court dispelled the existence of any *ex parte* communications in its September 2, 2025, Order. [ECF 280]. Regardless, the coercive sanctions are not the result of *ex parte* communications, but

1

rather are the direct result of Stranger's refusal to follow the Court's Orders that clearly notify her of the course of progressive discipline it intended.

Stranger's recycled constitutional arguments similarly fail. The Court has properly dismissed Stranger's frivolous argument that the Court's conduct somehow amounts to a "taking" [ECF 292]. This case does not involve any "taking" by the government but concerns the ownership interest of the Domain between two private parties.  Likewise, Stranger also has not, and cannot, establish a causal relationship between an adverse action by the Court and any protected speech. *Montero v. City of Yonkers*, 890 F.3d 386, 394 (2d Cir. 2018). More obviously, and as repeatedly noted by the Court's Orders, the coercive sanctions against her are the result of her repeated failure to comply, rather than the result of her exercising any protected First Amendment right. Nor is it disproportional or unconstitutional for the Court to dismiss Stranger's counterclaims due to her refusal to comply with Court Orders. *See e.g.*, *Leonichev v. Knoll*, No. 25-CV-4959, 2025 U.S. Dist. LEXIS 182951 *9 (S.D.N.Y. Sept. 17, 2025) *citing Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("All litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice.") Stranger has not presented any evidence of extraordinary circumstances requiring relief from the Order.

Stranger has exhausted the incorrect proposition that transferring the Domain, as she has been repeatedly instructed to do, will foreclose her appeal rights. Yet again, the Court has already dispelled this argument: "Stranger also argues that complying with the Court's order 'moot[s]' her appeal. Not so. The Court awarded preliminary, not final, relief." [ECF 279]. Stranger faces no "irreparable harm" by the Court's requirement that she preliminarily transfer the Domain to Cleer.

Cleer can easily transfer the Domain back to Stranger, just as she is required to do, if so ordered by the Court.

Based on the above, Cleer respectfully requests the Court deny the Motion.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel:  (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 969-3109
Fax: (203) 969-3150
Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on October 20, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties of record.

                                                              */s/ George B. Musekamp*