**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CLEER LLC | : |
| | : |
| v. | : 3:24-cv-1496-MPS |
| | : |
| CRYSTAL STRANGER et al. | : DEFENDANT'S REPLY IN SUPPORT |
| | : OF MOTION TO DISMISS DAMAGES |
| v. | : CLAIMS OR, IN THE ALTERNATIVE, |
| | : TO COMPEL SUPPLEMENTATION OF |
| DAVID and CARRIE McKEEGAN | : INITIAL DISCLOSURES PURSUANT |
| | : TO FED. R. CIV. P. 37(A) AND 37(C)(1) |

Plaintiff's opposition (ECF 315) concedes that the original damages disclosures were deficient, and that corrective supplementation occurred only after Defendant filed the present motion. That alone warrants a finding of noncompliance with Rule 26(a)(1)(A)(iii). Plaintiff's October 1 amendment was untimely and defective and does not moot the relief sought.

### I. PLAINTIFF'S BELATED DISCLOSURE DOES NOT CURE PRIOR NONCOMPLIANCE

Plaintiff served initial Rule 26(a) disclosures that identified "$0" in damages. This was not inadvertent. It was strategic defiance of the Court's express warning that failure to provide a damages computation would result in sanctions (ECF 277). Disclosures made nearly two weeks after the court-ordered deadline and only after the filing of a motion to dismiss are presumptively insufficient. See *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006).

The timing reveals that Plaintiff's compliance was not voluntary but reactive. Moreover, such post hoc supplementation fails to meet the purpose of Rule 26(a): to promote early and transparent disclosure of damages theories so opposing parties can prepare their defense.

1

Defendant was deprived of that opportunity and forced to move for relief based on an incomplete record. Under *Design Strategy* and related precedent, such belated compliance cannot be deemed harmless or substantially justified. Thus Plaintiff's amended disclosures, served late and only under procedural pressure, do not cure the prior violation. Rule 37(c)(1) preclusion or comparable sanctions remain appropriate to remedy the prejudice caused by Plaintiff's failure to timely disclose a damages computation in accordance with Rule 26(a).

## II. THE AMENDED DISCLOSURES REMAIN DEFICIENT

Courts interpreting Rule 26(a)(1)(A)(iii) have consistently held that a damages computation must be based on a logical, document-supported methodology, not speculative or contradictory estimates. See *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) ("The purpose of the Rule 26(a) disclosure requirements is to enable the opposing party to prepare for trial, not to guess at the theory of damages."); *Haas v. Delaware & Hudson Ry. Co.*, 282 F. App'x 84, 86–87 (2d Cir. 2008) ("A damages computation must provide more than conclusory statements and unsubstantiated estimates; it must include at least some analysis of the data on which the computation is based."); *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 280 (5th Cir. 2009) ("Rule 26(a)(1)(A)(iii) requires a computation that is more than guesswork or speculation; unsupported projections or multipliers are not sufficient.").

Here, Plaintiff's conflicting figures and unsupported multipliers fail to meet this standard and provide no reasonable computation from which Defendant can evaluate the scope of claimed damages. The October 1 disclosures (Ex. A) are riddled with internal inconsistencies and unsupported figures:

1. **Duplicate client counts with inconsistent revenue estimates:** Plaintiff claims that the "loss of 400+ clients" caused $564,469.87 in damages, and then separately asserts that losing "400+ clients from Stripe" yielded $451,575.89 in losses. The disclosures never explain whether these refer to the *same clients*, *different clients*, or how the losses were calculated. Using the same quantity of clients to justify two different damage figures, without any breakdown or methodology, makes both figures inherently unreliable.

2. **Mismatch between client refunds and "free services":** Plaintiff states that refunds to bookkeeping clients totaled $9,893.50 yet claims to have provided $138,421.29 in "free bookkeeping" to retain others. The disclosures offer no documentation or formula for how this much higher figure was derived. Without identifying the number of clients, the time period, or the service value per client, this number appears arbitrary and exaggerated, especially given the modest refund total.

3. **Inflated "Total Revenue Loss" vs. claimed damages:** Plaintiff lists a total revenue loss of $2,581,131.24 but then claims total damages of $2,877,160.88 based on a "25% profit margin and 5x multiplier." These numbers do not mathematically reconcile. A 25% margin on $2.58 million would yield ~$645,000 in profit. Applying a 5x multiple would result in approximately $3.2 million, yet Plaintiff's claimed damages fall well below that. No explanation is provided for why the multiple does not match the revenue or margin inputs, nor is there any basis for applying a "5x" multiple at all in a compensatory, not valuation context.

These numbers cannot be reconciled. Plaintiff provides no documentation or methodology to support the claimed amounts. Rule 26(a)(1)(A)(iii) requires a "reasonable

computation" of damages supported by documents. Conclusory assertions are not sufficient, especially when riddled with math errors which cannot possibly be supported by logic.

### III. MEET-AND-CONFER OBJECTIONS ARE MISPLACED

Plaintiff cites Rule 37(a)(1), which applies to motions to compel, not motions under Rule 37(c) for preclusion. This objection misstates both the legal standard and the procedural posture of the motion. Rule 37(a)(1) applies only to motions to compel, which require a certification that the movant attempted in good faith to resolve the issue without court action. However, Defendant's motion is not a motion to compel, but a request for sanctions or preclusion under Rule 37(c)(1). That rule expressly permits exclusion of evidence, "without the need for a motion to compel," where a party fails to provide information required by Rule 26(a) and cannot show the failure was substantially justified or harmless. See *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296–97 (2d Cir. 2006) (affirming preclusion without a prior motion to compel); *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (same). Defendant was not required to meet and confer prior to filing a motion under Rule 37(c)(1).

Moreover, Defendant did make good faith efforts to resolve the issue. On September 17, Defendant sent a written request identifying the deficiency in Plaintiff's disclosure and requesting a corrected computation Plaintiff responded but refused to provide a revised disclosure at that time. (See Doc 291-2). Only after this impasse, and more than one week after the court-ordered deadline, did Defendant file the instant motion. These efforts satisfy any informal duty to confer, even if Rule 37(a)(1) applied (which it does not). Plaintiff's belated production, served only after Defendant sought court intervention, does not render the motion procedurally improper.

Plaintiff's reliance on Rule 37(a)(1) is both legally inapposite and factually unsupported. The motion is properly before the Court under Rule 37(c)(1), and Plaintiff had ample notice and opportunity to cure its noncompliance before Defendant sought relief.

## IV. CONCLUSION

The October 1 disclosure was late, inconsistent, and unsupported. Defendant respectfully renews her request to dismiss Plaintiff's damages claims, or in the alternative, to compel supplementation with a coherent, document-backed computation. Plaintiff should be precluded from introducing undisclosed damages theories at later stages.

Respectfully submitted,
/s/ Crystal Stranger
Crystal Stranger
Pro Se Litigant

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 20, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

    */s/ Crystal Stranger*