**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CLEER LLC | : |
| | : |
| v. | : 3:24-cv-1496-MPS |
| | : |
| CRYSTAL STRANGER et al. | : DEFENDANT'S OPPOSITION TO |
| | : THIRD-PARTY DEFENDANTS' |
| v. | : MOTION FOR NEW DATES FOR |
| | : FINAL PRETRIAL CONFERENCE AND |
| DAVID and CARRIE McKEEGAN | : JURY TRIAL (DOC. 323) |
| | : |

Defendant Crystal Stranger respectfully opposes the Motion for New Dates for Final Pretrial Conference and Jury Trial filed by Third-Party Defendants David and Carrie McKeegan [ECF No. 323].

**I. The Motion Is Premature and Procedurally Improper**

The McKeegans' motion hinges on the assumption that claims against them "may" remain pending but acknowledges that the Court has not yet clarified whether those claims were dismissed with prejudice under the sanctions order [ECF No. 308]. Because the scope of the parties and issues to be tried remains unresolved, any request to alter the current pretrial or trial schedule is premature. Rule 16(b)(4) requires a showing of "good cause" based on actual, not speculative, conflict. Here, the McKeegans identify only a potential family scheduling conflict that may not even be relevant if their status as third-party defendants is extinguished.

Most critically, the Court has not yet ruled on multiple pending motions—including those relating to venue transfer and judicial recusal—that directly affect *where* this matter will be tried, *who* the parties will be, and *what* claims will proceed. Until those foundational questions are decided, altering the existing schedule serves no purpose and risks unnecessary inefficiency.

### II. The Motion Improperly Injects Sanctions Argument Into a Procedural Request

Although captioned as a scheduling motion, the filing repeatedly references alleged non-compliance with prior sanctions orders and unpaid coercive fines. Such statements are extraneous and prejudicial in the context of a scheduling motion and appear designed to perpetuate disputed factual narratives rather than assist in case management. To the extent the motion re-litigates sanctions issues already briefed under ECF Nos. 306, 308, and 310, those matters should be addressed only through the appropriate motion sequence, not by embedding argument in a procedural request.

### III. Requested Relief

For these reasons, Defendant respectfully requests that the Court:

1. Defer ruling until after the Court resolves pending motions that will determine whether any claims remain against the McKeegans; and

2. Strike or disregard the sanctions-related rhetoric contained in the motion as irrelevant to scheduling.

Respectfully submitted,
/s/ Crystal Stranger
Crystal Stranger
Pro Se Litigant

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 25th, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

    */s/ Crystal Stranger*