**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CLEER LLC | : |
| | : |
| v. | : 3:24-cv-1496-MPS |
| | : |
| CRYSTAL STRANGER et al. | : DEFENDANT'S OPPOSITION TO |
| | : PLAINTIFF'S MOTION TO STRIKE |
| v. | : AND MOTION TO BAR FURTHER |
| | : FILINGS (ECF 325) |
| DAVID and CARRIE McKEEGAN | : |
| | : |

Defendant Crystal Stranger respectfully submits this opposition to Plaintiff's Motion to Strike Defendant's Opposition to the Motion for New Trial Dates and Plaintiff's request to bar future filings until purported "monetary sanctions" are paid (ECF 325). The motion appears to have been filed without a careful review of the docket or the governing orders. It rests on a false procedural premise, an incorrect interpretation of Local Rule 16(g)(2), mischaracterizes the procedural posture of the sanctions order at ECF 292, and improperly seeks to convert a coercive civil-contempt mechanism into a filing bar. The request is unsupported by law, raises significant due process concerns, and should be denied.

**I. INTRODUCTION**

Plaintiff's motion rests entirely on the assertion that the September 25, 2025 contempt-sanctions order (ECF 292) is a "final order of monetary sanctions" under Local Rule 16(g)(2), and that Defendant failed to appeal or object to it, thereby triggering a mandatory filing bar. Both assertions are demonstrably incorrect.

First, ECF 292 is not final and is no longer operative. On October 8, 2025, the Court entered a *subsequent* sanctions order, ECF 308, dismissing all counterclaims. Under well-established principles of merger and finality, the dismissal at ECF 308 superseded and absorbed ECF 292, rendering the earlier coercive contempt directive interlocutory and without independent legal effect.

Second, Defendant did timely challenge the sanctions, both through a pending Rule 60(b)(6) motion (ECF 295) filed four days after ECF 292, and through a direct appeal of the final sanctions order at ECF 308. See ECF 309 (Fourth Notice of Appeal). Because the sanctions remain under active challenge in both this Court and the Court of Appeals, Plaintiff's claim that "the time to appeal ECF 292 expired" has no legal basis.

Third, Local Rule 16(g)(2) has no application to civil coercive contempt, which is interlocutory, purgeable, and designed to induce compliance rather than punish past litigation conduct. The sanctions imposed in ECF 292 are expressly **ongoing**, with a daily $50 penalty that continues to accrue until compliance is demonstrated, and thus cannot constitute a "final order of monetary sanctions." See ECF 292 ¶ 1 (sanctions "will not stop accruing" until the Court deems compliance proven).

Moreover, although the Court awarded attorney's fees in connection with the contempt motion, no fee amount has yet been determined, adjudicated, or entered as a judgment. Because neither the per-diem coercive sanctions nor the unquantified attorney's fees award has been reduced to a fixed, enforceable monetary judgment, no final monetary sanction exists within the meaning of Local Rule 16(g)(2). The rule applies only to final, non-contingent sanctions arising

from litigation misconduct under authorities such as Rule 11 or 28 U.S.C. § 1927, not to conditional, ongoing contempt fines tied to enforcement of a disputed injunction.

Fourth, even if the rule applied (it does not), Plaintiff's request for a filing bar would raise substantial constitutional concerns, including interference with the First Amendment right to petition, conversion of civil contempt into punitive criminal contempt without due process, and obstruction of appellate review contrary to *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982).

Because Plaintiff's motion rests on a misreading of Local Rule 16(g)(2), a misstatement of the procedural record, and an order (ECF 292) that is both actively disputed in this Court and has been superseded and appealed, the motion should be denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Defendant Timely Objected to ECF 292, and That Motion Remains Pending

On September 29, 2025, four days after the Court issued ECF 292, Defendant filed a comprehensive Rule 60(b)(6) motion seeking vacatur, reconsideration, or a stay of enforcement. ECF 295. The motion challenges ECF 292 on constitutional, procedural, and jurisdictional grounds, including lack of due process, improper coercion, and inconsistency with ongoing appellate proceedings. Exhibits A and B (TRO and PI transcript excerpts) further document the procedural irregularities underlying the contempt findings.

The Court has not ruled on Defendant's Rule 60(b) motion. While such a challenge remains pending, no sanctions order can be considered "final" within the meaning of Local Rule 16(g)(2).

**B. ECF 292 Did Not Remain Operative, It Was Superseded by ECF 308**

Plaintiff's motion omits a critical procedural event: on October 8, 2025, the Court entered a final sanctions order at ECF 308, expressly stating that, as previously indicated in ECF 292, it was now dismissing all of Defendant's counterclaims as a sanction.

This final order executed the sanction threatened in ECF 292 and displaced the earlier order. Under the doctrine of merger, all interlocutory rulings, including civil coercive contempt findings, merge into the final judgment and no longer operates as an independent order. Only the final order (ECF 308) remains operative.

Thus, as a matter of law, ECF 292 is *not* a final order, ECF 292 is *not* enforceable in isolation, and ECF 292 cannot serve as the predicate for Local Rule 16(g)(2).

**C. Defendant Timely Appealed the Final Sanctions Order (ECF 308), Which Necessarily Includes Review of ECF 292**

The day after ECF 308 issued, Defendant filed a Fourth Notice of Appeal (ECF 309), appealing the dismissal of counterclaims under 28 U.S.C. § 1291.

This appeal explicitly encompasses "all rulings encompassed in or necessarily subsumed by the October 8, 2025 Order (ECF No. 308), including all constitutional and structural issues preserved in prior objections."

Because ECF 292 was expressly incorporated into ECF 308, and because interlocutory contempt orders merge into the final judgment, the appeal of ECF 308 necessarily includes ECF 292. Accordingly, Plaintiff is incorrect that "the time to appeal ECF 292 has expired." The sanctions at issue are already before the Second Circuit. And, no "final" monetary sanction exists that could trigger Local Rule 16(g)(2).

**D. Civil Coercive Contempt Is Not a "Final Order of Monetary Sanctions" Under Local Rule 16(g)(2)**

Local Rule 16(g)(2) applies only when a final sanctions order is entered and the time to appeal expires. That has not occurred here.

The sanctions imposed in ECF 292 are civil coercive contempt sanctions: interlocutory, conditional, and purgeable. They are expressly designed to compel compliance, not to punish past litigation conduct. See *Bagwell*, 512 U.S. at 829. The order imposes a $50-per-day fine that continues to accrue indefinitely until the Court determines compliance, meaning it is not fixed, not final, and not reduced to judgment. See ECF 292 ¶ 1 ("the sanctions will not stop accruing until the Court finds compliance").

In addition, although the Court stated that Plaintiff was entitled to attorney's fees in connection with the contempt motion, no fee amount has ever been determined, adjudicated, or entered as a monetary judgment. An unquantified, unresolved fee entitlement cannot constitute a "final order of monetary sanctions" under any reading of the rule.

Further, once ECF 308 dismissed the counterclaims as a sanction, the coercive mechanism of ECF 292 ceased to serve any ongoing remedial purpose and never matured into a punitive or compensatory monetary award.

Accordingly, as a matter of both procedure and substance, no final monetary sanction exists that could trigger Local Rule 16(g)(2). Plaintiff's attempt to treat an open-ended, accruing, unadjudicated contempt sanction as a final monetary judgment is unsupported by law and contrary to the rule's text.

### III. LEGAL STANDARD

Local Rule 16(g)(2) states:

"No attorney or litigant against whom a final order of monetary sanctions has been imposed may file any pleading or other document until the sanctions have been paid in full. An order imposing monetary sanctions becomes final when the Court of Appeals issues its mandate or the time for filing an appeal expires." (Emphasis added.)

The rule applies narrowly to final, appealable, non-coercive, non-interlocutory sanctions for litigation misconduct, not civil contempt orders relating to injunction compliance. Because Plaintiff's motion depends entirely on a misreading of this rule, it must be denied.

### IV. ARGUMENT

**A. Local Rule 16(g)(2) Does Not Apply to Civil Coercive Contempt Sanctions**

Plaintiff's motion rests on a fundamental misreading of Local Rule 16(g)(2). The rule applies only to *final orders of monetary sanctions* imposed as a form of discipline for litigation misconduct, such as sanctions under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, or the Court's inherent power to police abusive filings. Nothing in the text or structure of the rule suggests that it applies to *civil coercive contempt fines* imposed for the purpose of enforcing an injunction that is itself the subject of ongoing appellate and post-judgment challenges.

Civil coercive contempt sanctions serve an entirely different function. They are conditional, purgeable, and expressly designed not to punish, but to compel future conduct. The Supreme Court has repeatedly emphasized this distinction. *International Union, UMWA v. Bagwell*, 512 U.S. 821, 829 (1994) ("Coercive civil contempt sanctions are civil in nature and avoidable through obedience.").

The Second Circuit is squarely in accord. In *Terry v. LaValley*, the court held that coercive civil contempt orders are interlocutory and not final, because they remain subject to modification and "may be avoided through compliance." 624 F. App'x 44, 45–46 (2d Cir. 2015). Likewise, in *N.Y. State NOW v. Terry*, the court explained that a civil contempt sanction "becomes neither final nor punitive unless the court transforms it into a fixed penalty or unconditional judgment." 886 F.2d 1339, 1352–53 (2d Cir. 1989). See also *United States v. O'Rourke*, 943 F.2d 180, 187 (2d Cir. 1991) (coercive sanctions are by nature conditional and not final unless made absolute); *United States v. Cutler*, 58 F.3d 825, 832 (2d Cir. 1995) (civil contempt becomes punitive only when the court imposes an unconditional, fixed fine).

District courts in this Circuit apply the same rule. See *Miller v. Ridgefield*, 439 F. Supp. 2d 94, 105 (D. Conn. 2006) ("A civil contempt order is not a final judgment unless reduced to a fixed sum.").

The order at ECF 292 is expressly coercive. It imposes a per-diem penalty structured to cease automatically upon Defendant's purging of the contempt through "proof of return" of the domain name. See ECF 292 at 1 (penalties "will not stop accruing until Stranger files … evidence" of compliance). A sanction that evaporates upon future compliance cannot simultaneously be a final punitive judgment.

Local Rule 16(g)(2) governs a wholly different category of sanctions: those that punish litigation behavior, become fixed upon entry, and are immediately payable without condition. Plaintiff cites no authority, because none exists. Instead Plaintiff applies Local Rule 16(g)(2) to civil contempt fines connected to enforcement of a disputed injunction. Indeed, applying the rule

in this context would be incompatible with its plain language, which expressly contemplates only "final" sanctions orders that are appealable and not subject to reconsideration.

Because coercive contempt fines are not disciplinary, not punitive, not fixed, and not final, Local Rule 16(g)(2) is categorically inapplicable.

### B. The Sanctions Order Is Not "Final" Because It Was Not Appealable and Remains Under Active Challenge

Even if Local Rule 16(g)(2) applied to coercive contempt, which it does not, the rule is triggered only when an order imposing monetary sanctions becomes "final." The rule provides that finality occurs when "the Court of Appeals issues its mandate or the time for filing an appeal expires." D. Conn. L. Civ. R. 16(g)(2). Neither condition is met here.

First, ECF 292 was not appealable under 28 U.S.C. § 1291. Civil coercive contempt orders are interlocutory and non-final because they may be avoided through compliance and remain subject to modification. The Second Circuit has repeatedly held that such sanctions are not "final decisions" for purposes of appeal. See, e.g., *Terry*, 624 F. App'x at 45; *NOW*, 886 F.2d at 1352–53; *O'Rourke*, 943 F.2d at 187; *Cutler*, 58 F.3d at 832; *Miller*, 439 F. Supp. 2d at 105. Because ECF 292 was not appealable, the "time to file an appeal" referenced in the local rule never began to run.

Second, Defendant did challenge ECF 292 through a detailed Rule 60(b)(6) motion filed four days after the order issued. ECF 295. A timely Rule 60(b) motion suspends finality, preventing an order from becoming final for purposes of appeal or any rule predicated on finality. *Transit Cas. Co. v. Sec. Tr. Co.*, 441 F.2d 788, 791 (2d Cir. 1971). An order under active Rule 60(b) challenge cannot trigger Local Rule 16(g)(2).

Third, Plaintiff's argument that Defendant "failed to appeal" ECF 292 misunderstands appellate jurisdiction. A litigant cannot be penalized for failing to appeal a non-appealable order. See *In re Air Crash at Belle Harbor*, 490 F.3d 99, 110 (2d Cir. 2007). Because ECF 292 was not appealable—and because it was later superseded by the final sanctions order at ECF 308, which Defendant did timely appeal (ECF 309)—Plaintiff's argument fails as a matter of law.

Because the sanctions order was not appealable, remains subject to a pending Rule 60(b) motion, and continues to function in a coercive rather than punitive manner, it is not "final" within the meaning of Local Rule 16(g)(2). Plaintiff's reliance on that rule is therefore misplaced.

**C. ECF 292 Was Superseded by ECF 308 and Is No Longer an Operative Sanctions Order**

Plaintiff's motion further fails because the order it invokes, ECF 292, was superseded and rendered non-operative by the Court's subsequent final order dismissing all counterclaims at ECF 308. In ECF 308, the Court expressly stated that it was imposing the dismissal sanction referenced in ECF 292, thereby converting the earlier interlocutory order into a component of the final judgment. See ECF 308 ("As the Court indicated in its order dated September 25, 2025, ECF No. 292 … the Court dismisses Stranger's counterclaims as a sanction...").

Under well-established principles of merger and finality, interlocutory civil-contempt directives merge into the final order that executes them, and only the final order remains operative for purposes of appeal under 28 U.S.C. § 1291. Accordingly, after the Court entered the final sanctions order at ECF 308, the coercive function of ECF 292 concluded, and the daily-

accrual mechanism no longer operates as an independent monetary sanction for purposes of Local Rule 16(g)(2).

Defendant timely appealed the final order at ECF 308. See ECF 309 (Fourth Notice of Appeal). Because all interlocutory orders merge into the final judgment, the appeal encompasses the coercive sanctions referenced in ECF 292. Thus, even if Local Rule 16(g)(2) applied to coercive contempt, which it does not, there is no final monetary sanctions order in effect that could trigger the rule. ECF 292 is no longer operative, and ECF 308 contains no monetary sanction at all.

For this additional reason, Plaintiff's motion must be denied.

**D. Plaintiff's Requested Filing Bar Would Violate Due Process and the First Amendment**

Plaintiff's request that the Court bar Defendant from filing further pleadings unless she first pays the daily coercive contempt fines would raise substantial constitutional concerns independent of the local rule. These concerns stated here are not to challenge any action previously taken by the Court, but rather arise from the *nature of the remedy Plaintiff seeks* and the legal doctrines governing access to the courts.

**1. Risk of transforming a civil contempt mechanism into a punitive sanction**

Civil contempt sanctions are constitutionally permissible only when they remain coercive and purgeable. See *Bagwell*, 512 U.S. at 826–34. Conditioning a litigant's ability to file pleadings on the payment of coercive fines risks altering the character of the sanction from a forward-looking coercive mechanism into a backward-looking punitive one. Courts have cautioned that when a civil contempt sanction no longer operates to secure compliance but

instead functions as a penalty for past conduct, it may take on the attributes of criminal contempt and thereby require full criminal procedural protections. The remedy Plaintiff proposes would raise precisely that concern.

**2. Potential burden on the First Amendment right to petition**

Litigants retain a qualified First Amendment right to petition the courts, including to file motions and raise objections, even where the merits of those filings are contested. See *BE&K Constr. Co. v. NLRB*, 536 U.S. 516 (2002). A filing bar conditioned on payment of coercive contempt fines could burden that right in a manner that courts have been hesitant to endorse, particularly where the litigant is actively pursuing legal avenues to challenge the underlying order.

**3. Tension with principles protecting appellate jurisdiction**

Plaintiff's request also conflicts with *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), which holds that once appellate review is invoked, the district court may not take action that interferes with or undermines the court of appeals' jurisdiction. A filing bar that prevents a party from making submissions necessary to preserve issues, clarify the record, or respond to related motions could create tension with these principles, especially where the underlying sanctions order is presently under review.

**4. Structural due process considerations**

Finally, courts have long recognized that access to the judicial process is an essential component of structural due process. Measures that restrict a party's ability to present objections, particularly constitutional objections, must be carefully scrutinized. Imposing a filing bar at the

very moment Defendant seeks to raise such objections would raise serious concerns regarding fairness and procedural access.

For all these reasons, even if Local Rule 16(g)(2) were applicable, though it is not, the filing bar Plaintiff seeks would raise significant constitutional concerns that further weigh against granting the requested relief.

**E. Plaintiff's Motion Rests on Material Misstatements of the Procedural Record and Reflects a Failure to Review the Docket**

Plaintiff's motion further fails because it is grounded in an inaccurate account of the procedural history. Plaintiff asserts that Defendant "did not appeal or object" to the September 25 sanctions order (ECF 292) and is therefore "delinquent" under Local Rule 16(g)(2). The record demonstrates the opposite.

First, Defendant filed a detailed Rule 60(b)(6) motion four days after ECF 292 entered, expressly challenging the validity, enforceability, and constitutionality of the sanctions order. ECF 295. This motion remains pending, and its existence alone defeats Plaintiff's assertion that no objection was lodged.

Second, Plaintiff ignores that the Court subsequently entered a final sanctions order at ECF 308 dismissing Defendant's counterclaims, expressly invoking ECF 292 as the predicate. Under principles of merger and finality, ECF 308 superseded and absorbed ECF 292. Defendant timely appealed that final order in ECF 309. Plaintiff's claim that the time to appeal ECF 292 expired is therefore legally incorrect.

Third, Plaintiff cites no authority applying Local Rule 16(g)(2) to a superseded civil-contempt directive, nor to an order actively under challenge and on appeal. The rule applies only to final monetary sanctions, not to interlocutory coercive fines tied to injunction enforcement.

Finally, Plaintiff's repeated reliance on facts that are contradicted by the docket, such as failing to acknowledge Defendant's pending objection (ECF 295), the superseding final order (ECF 308), or the timely appeal (ECF 309), suggests that this motion was filed without a careful review of the record. Courts expect parties to exercise diligence before seeking extraordinary remedies such as striking filings or barring access to the court. Plaintiff's omission of controlling procedural events underscores that its motion is not grounded in an accurate understanding of the docket and should be denied for that reason as well.

### F. Plaintiff's Motion Is Objectively Frivolous and Warrants Admonishment

Although Defendant recognizes the Court is unlikely to impose formal sanctions on opposing counsel, it is nonetheless important to document why Plaintiff's motion falls below the standard expected of officers of the Court. Here Plaintiff's motion:

1. Misstates the text of Local Rule 16(g)(2) by omitting its limitation to *final* orders of monetary sanctions.

2. Cites zero authority applying the rule to civil coercive contempt.

3. Misrepresents the procedural record, ignoring the pending Rule 60(b)(6) challenge to ECF 292.

4. Seeks a filing bar that intrudes upon constitutional rights and appellate jurisdiction.

5. Attempts to weaponize a local disciplinary rule for a purpose it was never intended to serve.

Courts have inherent authority to admonish or caution counsel where filings lack a good-faith basis in law or fact. Plaintiff's motion, which relies on a demonstrably incorrect premise and seeks an extraordinary remedy unsupported by any legal authority, meets that threshold.

Accordingly, it would be appropriate to make clear that Local Rule 16(g)(2) is not implicated here and cannot support the filing restrictions Plaintiff seeks.

## V. REQUESTED RELIEF

For the foregoing reasons, Defendant respectfully requests that the Court:

1. **DENY** Plaintiff's Motion to Strike (ECF 325);

2. **DENY** Plaintiff's request to bar future filings under Local Rule 16(g)(2);

3. **CLARIFY**, as necessary, that the sanctions order at ECF 292 is not "final" while ECF 295 remains pending and while ECF 308 is on appeal;

4. **CLARIFY** that Local Rule 16(g)(2) does not apply to civil coercive contempt; and

5. **GRANT** such other and further relief as the Court deems just and proper.


Respectfully submitted,
/s/ Crystal Stranger
Crystal Stranger
Pro Se Litigant

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 3, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

    */s/ Crystal Stranger*