UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX,<br><br>Plaintiff,<br><br>v.<br><br>CRYSTAL STRANGER, et al.,<br><br>Defendants. | Case No. 3:24-cv-01496-MPS<br><br>Judge Michael P. Shea<br><br>**REPLY IN SUPPORT OF PLAINTIFF CLEER LLC'S MOTION TO STRIKE DEFENDANT'S OPPOSITION TO MOTION FOR NEW DATES [ECF 324] AND MOTION FOR COURT TO SUA SPONTE STRIKE FURTHER FILINGS BY DEFENDANT STRANGER UNTIL MONETARY SANCTIONS ARE PAID IN FULL** |

Defendant Crystal Stranger ("Stranger") does not dispute that she has completely ignored the coercive sanctions order [Doc. 292] entered by the Court. She concedes that she has not paid a penny toward the accruing coercive sanctions against her. She concedes that she still has not transferred the domain Cleer.tax to Cleer, LLC ("Cleer") and therefore the daily fine sanctions continue to accrue. There must be further repercussions for Stranger's failure to abide by any of the Court's explicit sanction orders.

First, Stranger argues that the Court's coercive daily fine sanction [ECF 292] was somehow merged into the separate sanction dismissing Stranger's claims [ECF 308]. She further states that "ECF 292 was expressly incorporated into ECF 308." [ECF 324, p. 4]. That is not accurate, and she cites no legal authority for her position. ECF 308 makes no mention of discontinuing the monetary sanctions provided for in ECF 292. Indeed, ECF 292 states that the sanctions will continue to accrue until the domain is transferred to Cleer. Stranger has not transferred the domain to Cleer, and the fines therefore are continuing to accrue and remain outstanding.

Second, Stranger argues that she challenged ECF 292 through a Fed. R. Civ. P. 60(b)(6) motion and through a direct appeal. Stranger's Rule 60 motion has no effect on the sanctions motion and has been denied. Moreover, Stranger has never appealed the sanctions order at ECF 292. *See generally Cleer v. Stranger*, Case No. 3:24-cv-01496-MPS (D. Conn. filed Sept. 18, 2024) (PACER Docket); *see also* Second Circuit Case No. 25-2519 Notice of Appeal. Even if she did, there is no stay in place that would stop the daily fines from accruing or alleviate her obligation to pay them. The Court has repeatedly instructed Ms. Stranger that filing an appeal does not alter her obligation to comply with Court orders. [*See*, *e.g.*, ECF 279, 292]. In fact, Stranger's multiple attempts to obtain a stay from this Court, the Second Circuit, and the United States Supreme Court have all been rejected.

Third, Stranger argues that Local Rule 16(g)(2) "has no application to civil coercive contempt." [Doc. 324, p. 2]. Stranger's argument misses the point. This Court has the inherent power to control and manage its docket. *Johnson v. Morgenthau*, 160 F.3d 897, 899 (2d Cir. 1998). A judge's control of ongoing proceedings and managing the court's docket is at the heart of the judicial function. *Richter v. Conn. Judicial Branch*, No. 3:12cv1638 (JBA), 2014 U.S. Dist. LEXIS 40571, at *30 (D. Conn. Mar. 27, 2014). While "federal courts are ordinarily obligated to afford a special solicitude to pro se litigants, **that solicitude does not protect a pro se litigant who refuses to comply with court orders or who engages in abusive, vexatious, or oppressive conduct**." *Hewett v. Triple Point Tech.*, No. 3:13-cv-1382 (SRU), 2015 U.S. Dist. LEXIS 147344, at *17 (D. Conn. Oct. 30, 2015) (quotation and internal citation omitted) (emphasis added). The Second Circuit has also noted that while "pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, **including pro ses, have an obligation to comply with court orders**. **When they flout that obligation they, like all litigants, must**

**suffer the consequences of their actions.**" *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (emphasis added)

For example, the Second Circuit recognized a court's power to adopt "leave to file" procedures as a "reasonable response to the harassing abuse of the litigation process . . . ." *In re Martin-Trigona*, 9 F.3d 226, 230 (2d Cir. 1993). The court held that litigants "who abuse the judicial system forfeit their right to the full panoply of procedures available in the conduct of normal litigation." *Id.* That is because "[t]he procedures adopted in response to the demonstrated abuse that has occurred are necessary for the courts, the judges, and ultimately for the public, many of whom are victimized when vexatious litigants are permitted unrestricted opportunities to pursue their tactics of harassment." *Id.*

Local Rule 16(g)(2) simply embodies what this Court is already authorized to do to ensure compliance with its orders. *Seaport Capital Partners v. Speer (In re Speer)*, Nos. 14-21007 (AMN), 15-2031, 17-2076, 2017 Bankr. LEXIS 4523, at *16–*21 (Bankr. D. Conn. Nov. 22, 2017) (imposing sanctions and applying Rule 16(g)(2) following failure to appeal civil sanction award and using inherent authority to hold hearing to bar future filings due to vexatious conduct and failure to follow court orders); *James v. Kuhnle*, No. 19-CV-1175 (KAM)(JMW), 2022 U.S. Dist. LEXIS 87042, at *2–*3 (E.D.N.Y. May 13, 2022) ("The Court further held that if Plaintiff failed to heed the Court's warnings, sanctions or contempt may be imposed, including possible injunctive relief from future court filings."); *Young v. Juckett*, 87-CV-1599, 1992 U.S. Dist. LEXIS 13117, at *9 (N.D.N.Y. Aug. 29, 1992) ("in addition to imposing sanctions in the amount of $100.00 and a fine of $500.00 for contempt, the court enjoins the plaintiff from filing any further actions in the Northern District of New York until such time as he has satisfied this and any other sanction or fine imposed in this district.").

Stranger has similarly abused the judicial process through her refusal to abide by the Court's explicit orders and multitude of baseless filings. Accordingly, whether through Rule 16(g)(2) or this Court's inherent authority to ensure compliance with its Orders, the Court may prohibit Stranger from making further filings until she is in compliance with the Court's contempt orders.

Fourth, Stranger argues that a filing bar would raise "substantial constitutional concerns." [ECF. 324, p. 3]. She cites no legal authority for her position, and as noted above, courts are empowered to control and manage their own docket to ensure compliance with court orders, including entry of a filing bar.

Accordingly, Stranger's arguments should be rejected and the Court should prohibit further filings by Stranger until she is in compliance with the Court's Orders.

    Respectfully submitted,

    */s/ George B. Musekamp*
    George B. Musekamp (PHV)
    Evan H. Cohn (PHV)
    Taft Stettinius & Hollister LLP
    301 E. 4th Street, Suite 2800
    Cincinnati, OH 45202
    Tel: (513) 381-2838
    Fax: (513) 381-0205
    gmusekamp@taftlaw.com
    ecohn@taftlaw.com

    Michael S. O'Malley, Esq. (CT31784)
    Ogletree, Deakins, Nash,
    Smoak & Stewart P.C.
    281 Tresser Boulevard
    Stamford, CT 06901
    Tel: (203) 969-3109
    Michael.O'Malley@ogletree.com

    *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that on December 9, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties of record.

                                                    */s/ George B. Musekamp*