UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC (F/K/A GREENBACK BUSINESS SERVICES LLC) D/B/A CLEER TAX, | : : : : | Case No. 3:24-cv-01496-MPS  Judge Michael P. Shea |
| Plaintiff, | : : : | **PLAINTIFF CLEER LLC'S MOTION FOR SANCTIONS AND ENTRY OF ORDER AWARDING: (1) DEFAULT JUDGMENT IN ITS FAVOR AS TO OWNERSHIP OF CLEER.TAX, (2) PERMANENT INJUNCTION REQUIRING NAMESILO LLC TO TRANSFER OWNERSHIP OF CLEER.TAX TO CLEER, LLC, AND (3) ATTORNEY'S FEES** |
| v. | : : | |
| CRYSTAL STRANGER, et al., | : : | |
| Defendants. | : : : : | |

Plaintiff Cleer LLC ("Cleer") respectfully moves for sanctions in the form of an order entering final default judgment in its favor as to the ownership of Cleer.tax and a permanent injunction requiring third-party domain registrar NameSilo LLC ("NameSilo") to transfer the domain Cleer.tax to Cleer from Defendant Crystal Stranger ("Stranger"). Cleer further requests its attorneys' fees incurred in making this Motion.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
301 E. 4th Street, Suite 2800
Cincinnati, OH 45202
Tel: (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 969-3109
Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

**MEMORANDUM OF LAW IN SUPPORT**

## I. INTRODUCTION

Stranger has been in contempt of the Court's Preliminary Injunction Order [Doc. 208] for 180 days and counting because she refuses to transfer the Cleer.tax domain to Cleer. She further remains in contempt because Stranger has not paid a penny of the $50 daily contempt penalties the Court imposed against her on September 26, 2025 (Doc. 292) (now totaling $4,000 after 80 days and counting of nonpayment). Stranger shows no intention of ever abiding by the Court's Orders and returning the Cleer.tax domain to Cleer even after the Court dismissed Stranger's claims as a civil sanction. Accordingly, Court intervention and further sanctions are necessary in order to effectuate the transfer of Cleer.tax to Cleer directly from NameSilo (who merely hosts and manages the Cleer.tax domain and has no possessory interest in the domain). Cleer respectfully requests a default judgment in its favor as to the ownership of Cleer.tax and a permanent injunction order directing NameSilo to transfer the domain to Cleer. Cleer is further entitled to its attorney's fees in making this Motion.

## II. LEGAL ARGUMENT

    **A. Additional Civil Sanctions are Required Because of Stranger's Ongoing Contempt, Including Default Judgment and a Permanent Injunction in Cleer's Favor as to the Ownership of Cleer.tax.**

In its Amended Complaint, Cleer pled that it is the rightful owner of the Cleer.tax domain and that Stranger unlawfully misappropriated the domain under multiple legal theories. (*See* Doc. 55 at Counts I, II, VII and VIII alleging Cleer's ownership of Cleer.tax domain and Stranger's improper appropriation of the domain). Cleer's Amended Complaint further requested an order "[r]estraining and enjoining Stranger, her agents, and all other persons acting in concert with her from using the Cleer.tax email and website domains for any reason and directing her to relinquish control over the domains to Cleer . . . ." [Doc. 55 at p. 35].

Despite the Court entering a preliminary injunction requiring Stranger to transfer the domain to Cleer, finding Stranger in contempt, and entering multiple sanctions against her for failing to transfer the domain, Stranger still refuses to comply. Consequently, the Court should enter further sanctions against Ms. Stranger in the form of a final default judgment in Cleer's favor as to the ownership of the Cleer.tax domain under Counts I, II, VII, and VIII of Cleer's Amended Complaint and enter a permanent injunction requiring the transfer of the domain to Cleer.

Such sanctions are now appropriate. ***There are no other options available to Cleer to obtain the domain because Stranger will not comply with the Court's orders regardless of the consequences***. Stranger has acted willfully, in bad faith, and has been repeatedly instructed to comply with the Court's Orders. Even after being sanctioned, including dismissal of her claims, she still refuses to comply. Accordingly, a default judgment in favor of Cleer and a permanent injunction is appropriate. *See Taylor Wine Co. v. Bully Hill Vineyards, Inc.*, No. 77-349, 1979 U.S. Dist. LEXIS 9321, at *9–*10 (W.D.N.Y. Oct. 5, 1979) (converting a preliminary injunction into a permanent injunction because of party's continued, egregious noncompliance with the preliminary injunction).

196352148v4

Such an order is consistent with the Court's findings in the preliminary injunction order: Cleer has a strong likelihood of success on its claim as to the ownership of the domain. It is also consistent with the claims pled and relief sought in Cleer's Amended Complaint.

For example, judgment as to Cleer's ownership of Cleer.tax and a permanent injunction as contempt sanctions under Counts I and II of Cleer's Amended Complaint are appropriate. Count I alleges Stranger breached the Membership Vesting Agreement ("MVA") by violating Section 9(c), which required Stranger to execute any papers the company may consider necessary or helpful to obtain or maintain any trademarks or other proprietary rights. (Doc. 55, Am. Compl. ¶ 83). Count II alleges Stranger breached Section 9.3 of the Operating Agreement ("OA") by not releasing the domain to Cleer and Section 3.2.4 of the OA states that no "Member [has] any interest, right, or claim in or to any of the Company's assets." (*Id.* ¶ 91).

Judgment as to Cleer's ownership of Cleer.tax and a permanent injunction as contempt sanctions under Counts VII and VIII of Cleer's Amended Complaint are also appropriate. Count VII alleges Stranger's Lanham Act false designation of origin unfair competition violations, and Count VIII alleges Stranger's Anti-cybersquatting Consumer Protection Act ("ACPA") cybersquatting violations. (*Id.* ¶¶ 125-32, 134-144). Section 34(a) of the Lanham Act authorizes courts to issue injunctions "according to the principles of equity and upon such terms as the court may deem reasonable" to prevent violations of trademark law. 15 U.S.C. § 1116(a). This includes the ability to enjoin the use of infringing domain names and to order their transfer to the rightful trademark owner. *Tapestry, Inc. v. 2012Coachoutlets.Com*, Civil Action No. 17-24561-Civ-Scola, 2018 U.S. Dist. LEXIS 238420, at *7 (S.D. Fla. Aug. 6, 2018). The ACPA specifically empowers courts to order the forfeiture, cancellation, or transfer of a domain name to the owner of the mark

in cases involving cybersquatting. *Sporty's Farm L.L.C. v. Sportsman's Mkt., Inc.*, 202 F.3d 489, 496 (2d Cir. 2000) (citing 15 U.S.C. § 1125(d)(1)(C)).

Therefore, a default judgment as to Stranger's breach of contract, violations of the Lanham Act, and violations of the ACPA is appropriate, and a permanent injunction should be entered directing the transfer of the domain to Cleer because of Stranger's ongoing contempt.

**B.     The Court Should Order NameSilo to Transfer the Domain to Cleer.**

Because Ms. Stranger will not willingly transfer the domain to Cleer, the Court may enter an order requiring NameSilo to transfer Cleer.tax from Stranger to Cleer. As shown by Stranger's contemptuous conduct throughout this litigation, a permanent injunction alone will be insufficient to achieve her compliance.

This Court maintains "broad discretionary powers in shaping equitable decrees." *Van Gemert v. Boeing Co.*, 739 F.2d 730, 737 (2d Cir. 1984). "Equitable remedies are a special blend of what is necessary, what is fair, and what is workable." *Lemon v. Kurtzman*, 411 U.S. 192, 200 (1973) (footnotes omitted). "It is well settled that the district court's equity jurisdiction empowers it to mould each decree to the necessities of the particular case." *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 646 F.2d 800, 806 (2d Cir. 1981) (quotation omitted). "Ensuring compliance with a prior order is an equitable goal which a court is empowered to pursue even absent a finding of contempt." *Berger v. Heckler*, 771 F.2d 1556, 1569 (2d Cir. 1985).

Pursuant to the Court's inherent equitable power, the Court should require NameSilo to transfer Cleer.tax to Cleer to effectuate the injunctive relief already provided to Cleer and the permanent injunction requested above. In *Bayer Healthcare LLC v. Abbeyvet Exp., Ltd.*, No. 05 CV 10325 (BSJ), 2006 U.S. Dist. LEXIS 95763, at *4 (S.D.N.Y. June 28, 2006), one court within the Second Circuit required a third-party domain registrar to transfer a contested domain from a

contemptuous defendant to a plaintiff as a coercive contempt sanction for failing to comply with a permanent injunction. *Id.* at *6 ("Verisign Inc., as the registry operator for the .com TLD, is ORDERED to change, within ten (10) days of its receipt of a copy of this Order, the registrar of record for the domain name www.abbeyvet.com from the current registrar to a registrar selected by Plaintiff, which subsequently shall register the domain name in the name of Plaintiff."); *see also Deckers Outdoor Corp. v. ahnu.com*, No. 24-1698, 2024 U.S. Dist. LEXIS 228472, at *19 (E.D. La. Dec. 17, 2024) (holding that an order directing third-party registrars to transfer domain names was appropriate to effectuate the purposes of an injunction, particularly when the defendant was unlikely to comply voluntarily). Ordering a third-party domain transfer as a contempt sanction is appropriate here, as in *Bayer*, based on the extreme degree of Stranger's contemptuous conduct.

Moreover, the Court may order transfer of the domain pursuant to Federal Rule of Civil Procedure 70. Under Rule 70, if a judgment requires a party to perform a specific act, such as transferring a domain name, and the party fails to comply, the Court may order the act to be performed by another person appointed by the court at the disobedient party's expense. Fed. R. Civ. P. 70(a). This Rule explicitly provides that when the appointed person performs the act, it has the same legal effect as if done by the disobedient party. *Id.*

For instance, in *Chanel, Inc. v. Handbagsreplica*, No. 20-62604-CIV-ALTMAN/Hunt, 2021 U.S. Dist. LEXIS 214147 (S.D. Fla. Apr. 1, 2021), the court invoked Rule 70(a) to appoint a third party to execute the transfer of domain names when the defendants failed to comply with a permanent injunction. *Id.*, at *2. In *Adidas AG v. Adidascampusireland.Com*, No. 23-cv-62196-ALTMAN/Strauss, 2024 U.S. Dist. LEXIS 11947 (S.D. Fla. Jan. 22, 2024), the court ordered that, if the defendants failed to transfer domains to the plaintiff within a set time, another person (*e.g.*, the Clerk of Court) could perform the act under Rule 70(a). *Id.*, at *6. Because Stranger refuses

6

to comply with the Court's Preliminary Injunction, the Court should appoint third-party NameSilo, which has control over and manages the Cleer.tax domain, or the Clerk of Court to execute the transfer of the domain from Stranger to Cleer under Rule 70(a).

### C. Cleer is Entitled to Its Attorneys' Fees in Making this Motion.

Because this Motion stems from Stranger's continued contempt and asks the Court to find her in further contempt of the Court's orders, Cleer respectfully requests that the Court award attorneys' fees and costs Cleer incurred in preparing this Motion and impose any other relief this Court deems appropriate for Stranger's repeated and continued disregard for this Court's authority.

### III. CONCLUSION

Based on the foregoing, Cleer respectfully requests an order: (1) entering final default judgment in Cleer's favor on Counts I, II, VII, and VIII and a permanent injunction in Cleer's favor as to the ownership of the domain, Cleer.tax; (2) directing NameSilo or the Clerk of Court to effectuate the transfer the domain to Cleer; and (3) an award of reasonable attorney's fees to Cleer in making this Motion.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
301 E. 4th Street, Suite 2800
Cincinnati, OH 45202
Tel:  (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901

7

            Tel: (203) 969-3109
            Michael.O'Malley@ogletree.com

            *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that on December 15, 2025 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties of record.

            */s/ George B. Musekamp*

8