**Amy Constantine**

| | |
|---|---|
| **From:** | Crystal Stranger <crystalstranger@gmail.com> |
| **Sent:** | Wednesday, December 10, 2025 2:37 PM |
| **To:** | Musekamp, George B. |
| **Cc:** | Amy Constantine; Cohn, Evan; michael.o'malley@ogletree.com |
| **Subject:** | Re: Cleer LLC v. Stranger, 3:24-cv-01496-MPS |

**CAUTION - EXTERNAL:**

Dear Ms. Constantine,

Thank you for your attention to this matter. My concern remains that, as of now, I still do not know which specific interrogatories or requests for production Plaintiff contends are deficient. Without that information, I am unclear what issues the Court would be asked to resolve in a discovery conference, and I would be entering the conference without notice of the disputed items.

With respect to the additional issues referenced in counsel's email—dispositive-motion timing, clarification of the sanctions order, or the status of the domain transfer—those matters appear to fall outside the scope of a Rule 37 discovery conference. I raise this only because I want to ensure that the conference proceeds in the format the Court intends. Of course, I will participate in whatever manner the Court prefers.

Respectfully,
Crystal Stranger


On Wed, Dec 10, 2025 at 6:47 PM Musekamp, George B. <GMusekamp@taftlaw.com> wrote:
> Ms. Constantine -
>
> We do not think it is beneficial to argue this issue further over email. Ms. Stranger's correspondence highlights why a conference with the Court is necessary.
>
> A status conference would also be beneficial to discuss a dispositive motion deadline which is not provided for in the scheduling order, clarification of the Court's sanction order, the status of the domain transfer, and other matters prior to the close of discovery.
>
> Thank you,
> George
>
>> On Dec 9, 2025, at 11:55 AM, Crystal Stranger <crystalstranger@gmail.com> wrote:

Dear Ms. Constantine,

To correct the record, I served timely written responses and objections to Cleer's Fourth Set on October 22. If Cleer believes *every single request* is deficient, then I respectfully ask that they identify them *by number* and state their position as to each so that I can meaningfully respond and so the Court has a clear record of the issues.

Under Fed. R. Civ. P. 37(a)(1) and Local Rule 37(a), this does not satisfy the requirement to specify *which* interrogatories or requests for production are disputed or why the objections are allegedly insufficient. Judge Shea's procedures ask the parties to narrow and identify each disputed request before contacting chambers.

That said, if the Court prefers that we proceed with a conference even without that information, I am of course willing to participate at the Court's convenience.

Thank you,
Crystal Stranger
Pro se Defendant


On Tue, Dec 9, 2025 at 4:40 PM Musekamp, George B. <GMusekamp@taftlaw.com> wrote:
> Ms. Constantine - Ms. Stranger has not substantively responded to a single discovery request. So I have identified all of the requests as requiring a response.
>
>> On Dec 9, 2025, at 2:50 AM, Crystal Stranger <crystalstranger@gmail.com> wrote:
>>
>> Dear Ms. Constantine,
>>
>> Thank you for your assistance.
>>
>> I would like to briefly clarify one point for chambers: I have not refused to participate in a conference. I have advised Mr. Musekamp that I am ready to schedule a call as soon as he identifies the specific interrogatories and requests for production he believes remain in dispute, as required by Fed. R. Civ. P. 37(a)(1), Local Rule 37(a), and Judge Shea's discovery-dispute procedures.
>>
>> To date, he has not identified any specific requests, so I did not believe the parties had reached the point where a chambers call was appropriate, as I am unclear as to what he wants supplemented.

2

If the Court prefers that we proceed with a conference without that information, I am of course willing to participate. Please let us know how you would like to proceed.

Thank you,
Crystal Stranger
Pro se Defendant


On Mon, Dec 8, 2025 at 6:56 PM Musekamp, George B. <GMusekamp@taftlaw.com> wrote:

Ms. Constantine –


I am writing to address a discovery dispute between the parties. I understand the Court's procedures to call chambers first, but Ms. Stranger is refusing to participate in a telephone conference because she claims the parties are not yet at an impasse. We disagree because Ms. Stranger is standing on her objections and refusing to produce any substantive responses to Cleer's Fourth Set of Discovery requests that were due on October 22, 2025.


We are requesting a status conference with the Court to discuss this dispute and other pending matters.


Thank you,


George



George B. Musekamp
Partner
GMusekamp@taftlaw.com
Dir: 513.357.9453
Tel: 513.381.2838  |  Fax: 513.381.0205
**We've Moved!**
301 East Fourth Street, Suite 2800
Cincinnati, Ohio 45202-4257

**Taft Bio**

3

Download vCard
taftlaw.com

Now over 1,100 attorneys strong.

Taft expands its service offerings by combining with Morris, Manning & Martin Washington, D.C.), Mrachek Law (Florida), and Sherman & Howard (Mountain West).  Learn more here.

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.