## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CLEER LLC (F/K/A GREENBACK
BUSINESS SERVICES LLC) D/B/A
CLEER TAX,

                Plaintiff,

      v.

CRYSTAL STRANGER, et al.,

              Defendants.

Case No. 3:24-cv-01496-MPS

Judge Michael P. Shea

**REPLY IN SUPPORT OF PLAINTIFF
CLEER LLC'S MOTION FOR
SANCTIONS AND ENTRY OF ORDER
AWARDING: (1) DEFAULT
JUDGMENT IN ITS FAVOR AS TO
OWNERSHIP OF CLEER.TAX, (2)
PERMANENT INJUNCTION
REQUIRING NAMESILO LLC TO
TRANSFER OWNERSHIP OF
CLEER.TAX TO CLEER LLC, AND (3)
ATTORNEY'S FEES**

In her Opposition, Defendant Crystal Stranger ("Stranger") (1) admits her contempt but argues that a default judgment and a Rule 70 transfer are too harsh; (2) claims that entering default judgment and granting Rule 70 relief would impermissibly circumvent her right to a jury trial and deprive her of appellate rights; and (3) asserts that Rule 70 can be invoked only after final judgment after trial. For the reasons below, these arguments are meritless.

First, Stranger's protest of the consequences of her own contempt should be rejected. Stranger can avoid further consequences by simply complying with the Court's Orders. She further claims that default judgment as a contempt sanction is punitive rather than remedial, which is false. The entry of default under Rule 55(a) is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to . . . otherwise defend . . . ." Fed. R. Civ. P. 55(a). The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend.'" *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011). For example, the

Second Circuit has affirmed the entry of default judgment against an individual defendant who, much like Stranger, engaged in obstructionist litigation tactics by firing counsel, proceeding *pro se*, and refusing to comply with court orders. *Cotton v. Slone*, 4 F.3d 176, 179, 181 (2d Cir. 1993); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[F]ailing to appear for a deposition, dismissing counsel, giving vague and unresponsive answers to interrogatories, and failing to appear for trial were sufficient to support a finding that [the defendant] had 'failed to plead or otherwise defend' under Federal Rule of Civil Procedure 55."). Contrary to Stranger's contention that default judgment is too harsh a punishment for the contumacious acts she admits to committing, the Second Circuit has frequently affirmed the entry of default judgment for similar litigation misconduct.

Second, Stranger's argument that entering default judgment would impermissibly "end-run" her Seventh Amendment right to a jury trial is misguided. As one court in the Second Circuit has noted and concurred, "[o]ther courts have held that the constitutional right to a jury trial does not survive a default judgment." *Frankart Distributors, Inc. v. Levitz*, 796 F. Supp. 75, 76 (E.D.N.Y. 1992) (citing cases). Stranger's contention that granting Cleer's Motion would impair her ability to appeal the default judgment it seeks is equally misguided. *Swarna v. Al-Awadi*, 622 F.3d 123, 140 (2d Cir. 2010) ("[A] default judgment, like any other judgment, can be appealed to this Court.").

Third, Stranger's argument that a party can only invoke Rule 70 to enforce a judgment entered after trial is incorrect. Federal district courts have authority to enter default judgment as a contempt sanction then effectuate the transfer of internet domains through Rule 70. *See*, *e.g.*, *AWGI, LLC v. CLD Trucking Co.*, No. 3:21-CV-00117-RLY-MPB, 2022 WL 22979790, at *1 (S.D. Ind. Apr. 20, 2022). That is what Cleer asks the Court to do here: enter default judgment

2

against Stranger as to the ownership of Cleer.tax then appoint registrar NameSilo LLC or the clerk

of court to transfer that domain from Stranger to Cleer under Rule 70.

      For all of these reasons, the Court should grant Cleer's Motion.

Respectfully submitted,

*/s/ George B. Musekamp*
George B. Musekamp (PHV)
Evan H. Cohn (PHV)
Taft Stettinius & Hollister LLP
301 E. 4th Street, Suite 2800
Cincinnati, OH 45202
Tel: (513) 381-2838
Fax: (513) 381-0205
gmusekamp@taftlaw.com
ecohn@taftlaw.com

Michael S. O'Malley, Esq. (CT31784)
Ogletree, Deakins, Nash,
Smoak & Stewart P.C.
281 Tresser Boulevard
Stamford, CT 06901
Tel: (203) 969-3109
Michael.O'Malley@ogletree.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      The undersigned certifies that on January 5, 2026 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties of record.

*/s/ George B. Musekamp*

3