**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CLEER LLC | : |
| v. | :    3:24-cv-1496-MPS |
| CRYSTAL STRANGER et al. | : |
| v. | :    DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY IN RESPONSE TO ECF NO 337 |
| DAVID and CARRIE McKEEGAN | : |

Defendant Crystal Stranger respectfully moves for leave to file a short sur-reply to Plaintiff's Reply in Support of Its Motion for Sanctions and Default Judgment (ECF No. 337). Plaintiff's reply brief raises new arguments and authorities not presented in its original motion, including:

1. Reliance on new precedent (*Frankart Distributors*) for the proposition that jury rights are forfeited upon default;
2. A new characterization of Defendant's counterclaims as dispositive of all ownership disputes;
3. A reframing of the requested relief as remedial rather than adjudicatory.

These arguments go beyond the scope of the original motion and affect core constitutional and procedural questions now before the Court. A brief sur-reply will aid the Court's resolution of these issues without causing delay or prejudice.

WHEREFORE, Defendant respectfully requests that the Court grant leave to file the attached sur-reply.

Respectfully submitted,
/s/ Crystal Stranger
Crystal Stranger
Pro Se Litigant

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 12, 2026 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

    */s/ Crystal Stranger*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC | : |
| v. | : 3:24-cv-1496-MPS |
| CRYSTAL STRANGER et al. | : |
| v. | : DEFENDANT'S SUR-REPLY IN OPPOSITION TO MOTION FOR SANCTIONS AND DEFAULT JUDGMENT (ECF NO 333) |
| DAVID and CARRIE McKEEGAN | : |

Plaintiff's reply raises several new arguments that warrant brief clarification:

**1. Jury Trial Rights Remain Intact**

Plaintiff now asserts that Defendant "has no Seventh Amendment right to a jury trial following default," citing *Frankart Distributors, Inc. v. RMR Advertising, Inc.*, 1999 WL 1029710 (D. Conn. Oct. 27, 1999). But *Frankart* involved an uncontested default on liability, with trial rights waived by failure to appear and plead.

Here, Defendant has neither defaulted nor conceded liability, and has filed a pending appeal (25-2519) expressly challenging the contempt/default order. Plaintiff now asserts that this order is final enough to justify dispositive relief under Rule 70, while simultaneously arguing before the Second Circuit that the same order is interlocutory and (See 25-2519 ECF No. 20 (motion to dismiss appeal as unripe)). This strategic inconsistency highlights the constitutional problem: Cleer seeks to bypass trial and insulate its relief from review. That is precisely why courts prohibit using contempt and default to adjudicate core property disputes where liability is contested and trial is imminent.

**2. Rule 70 Relief Requires Adjudicated Entitlement**

Plaintiff also reframes its requested domain transfer as remedial. But Rule 70 permits enforcement of judgments, not adjudication by sanction. The Second Circuit has made clear that Rule 70 may not be used to effectuate contested ownership claims absent a final merits determination. See *SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000); *Peacock v. Thomas*, 516 U.S. 349, 359 (1996).

**3. Dismissal of Counterclaims Does Not Resolve Plaintiff's Claims**

Plaintiff suggests that Defendant's dismissed counterclaims eliminate any dispute over domain ownership. That is incorrect. Plaintiff still bears the burden of proving its entitlement to relief. Dismissal of affirmative claims does not constitute a merits determination in Plaintiff's favor, nor authorize dispositive contempt sanctions.

Defendant expressly preserves and invokes her right to jury trial, which cannot be extinguished through sanction where liability is disputed and trial is imminent.

Respectfully submitted,
/s/ Crystal Stranger
Crystal Stranger
Pro Se Litigant