IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLEER LLC | : |
| v. | : 3:24-cv-1496-MPS |
| CRYSTAL STRANGER et al. | : |
| v. | : DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL (ECF NO 339) |
| DAVID and CARRIE McKEEGAN | : |

Plaintiff's Motion to Compel seeks expansive discovery untethered to its claims and unsupported by the governing discovery rules. Defendant has provided discovery proportional to the issues in dispute and has repeatedly offered reasonable, targeted mechanisms to address Plaintiff's concerns. The motion instead attempts to shift onto Defendant the burden of defining Plaintiff's own client base, compel disclosure of privileged and highly sensitive tax information, and require production of documents outside Defendant's possession, custody, or control.

Although the parties exchanged extensive correspondence, the specific discovery now at issue, Interrogatory No. 23 and Requests for Production Nos. 48, 58, and 59, was not identified until the filing of the present motion. Prior to that point, Plaintiff maintained that "all" responses were deficient while declining requests to specify the particular items in dispute,[1] precluding any meaningful conferral as to scope or proportional narrowing. Because Plaintiff's requests exceed the scope permitted by Rules 26 and 34, and as set forth below, the motion should be denied.

---

[1] The Federal Rules do not permit discovery of "everything that might be interesting." Rule 26 requires relevance and proportionality, and Rule 34 requires actual possession, custody, or control. Defendant stands ready to produce discovery narrowly tailored to Cleer s claims but objects to the overbroad and legally defective demands presented here.

**I. Interrogatory No. 23 Is Overbroad, Disproportionate, and Invades Privileged Consulting Relationships**

Plaintiff's assertion that Defendant "does not object to relevance" or "does not claim privilege" misstates the record and the facts. (See Stranger Decl. ¶¶ 3–5, 8–11.). Defendant's discovery responses expressly object, in Defendant's continuing objections incorporated into each response, to requests to the extent they seek information "that is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence," and separately object to the extent the requests seek information protected by "the attorney-client privilege, work product immunity, or other applicable privilege or immunity." Accordingly, relevance and privilege were timely preserved.

Setting waiver aside,[2] Interrogatory No. 23 is overbroad and disproportionate as drafted. It demands identification of all clients for whom Defendant performed "any other tax work" during the relevant period, without limitation as to subject matter, relationship to Cleer, or connection to any claim in this case. As framed, the interrogatory is not targeted to alleged solicitation and instead seeks disclosure of Defendant's entire consulting client base.

During the relevant period, Defendant did not prepare or review tax returns for any clients other than herself and entities she owns. Defendant did, however, engage in limited tax consulting and advisory discussions, primarily with CPAs and attorneys seeking professional guidance. Those consulting relationships are wholly unrelated to Cleer or Optic Tax and are

---

[2] Plaintiff's second waiver argument is also misplaced. The client list on which Plaintiff relies was produced by Optic Tax Inc. at a time when it was still a party to this action, prior to its dismissal for lack of jurisdiction. That production cannot operate as a waiver by Defendant individually, nor does Rule 26(e) require a party to supplement discovery responses originally made by a separate entity no longer before the Court.

protected by attorney–client privilege, federally recognized tax practitioner privilege, and professional confidentiality obligations.

Rule 26(b)(1) does not permit discovery untethered to the claims at issue or that sweeps in privileged and confidential relationships with third parties who have no connection to the case. Requiring Defendant to identify all consulting clients, regardless of relevance, would improperly force disclosure of privileged professional relationships based on speculation rather than need.

Defendant has consistently stated that she did not prepare tax returns or perform tax preparation work during the relevant period. If Plaintiff contends that Defendant improperly solicited or serviced specific former Cleer clients, proportional discovery requires Plaintiff to identify those individuals or entities. Defendant can then confirm whether she performed any non-privileged work for those identified persons during the relevant period. What Plaintiff may not do is use an overbroad interrogatory to obtain the identities of Defendant's unrelated consulting clients.

## II. RFP No. 48 Has Been Answered, and Further Response Is Impossible Unless Plaintiff Identifies the Alleged Former Cleer Clients

Request for Production No. 48 seeks accounting records showing revenue "for each client that previously worked with Cleer," yet Plaintiff has never identified who those clients are. Plaintiff alone possesses knowledge of its historical client base, and Defendant has no independent means of reconstructing Cleer's current, former, or prospective clients across the relevant period. Defendant has nevertheless produced all revenue information reasonably identifiable to her based on the limited information available, and no additional responsive documents can be identified absent Plaintiff's identification of the clients at issue.

Without identification of the clients to which the request purportedly applies, Defendant cannot reasonably determine what other records perhaps are being sought. Rule 34 does not require a responding party to speculate about the scope of a request or to divine information uniquely within the requesting party's control. Courts routinely deny motions to compel where compliance would require guesswork rather than an objectively definable search.[3]

Here Plaintiff has declined Defendant's repeated requests to identify the specific former Cleer clients it contends are relevant. Defendant's employment ended on February 1, 2024, and Plaintiff has never produced a contemporaneous client list as of that date, relying instead on post-departure email contact lists extending through December. Plaintiff nevertheless maintains that individuals not even appearing on any list provided may also qualify as Cleer clients. Defendant has produced documents responsive to the client lists identified by Plaintiff after conducting a reasonable search; further searching is not feasible without client identification.

Consistent with Rule 26 and proportionality principles, Defendant has proposed a practical and targeted solution: upon Plaintiff's identification of specific former Cleer clients, Defendant will produce a revenue summary or export limited to those identified clients for the relevant period, subject to the Protective Order. Plaintiff's motion to compel seeks to bypass that narrowing step and instead shift the burden of defining Plaintiff's own client base onto Defendant. The Rules do not permit that result.

---

[3] *See Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1367 (2d Cir. 1991) (a party cannot be faulted for failing to comply with ambiguous discovery demands).

### **III. RFP No. 58 Improperly Seeks Defendant's Complete Personal Tax Return**

Plaintiff seeks Defendant's complete personal tax return without demonstrating that it is probative to any claim or defense or records are unobtainable through less intrusive means.

Personal tax returns are subject to a well-established qualified privilege under Second Circuit law. In recognizing that privilege, courts require the requesting party to make a heightened showing that (1) the tax return is clearly relevant to the claims or defenses at issue, and (2) the information sought is not otherwise obtainable from less intrusive sources. Absent such a showing, compelled disclosure of a party's personal tax return is improper. *See In re U.S. Catholic Conference*, 885 F.2d 1020, 1025 (2d Cir. 1989).

Plaintiff has not met, nor attempted to meet, this burden.

This action does not concern Defendant's individual tax status, her overall financial condition, or her unrelated sources of income. Nor does it involve allegations of racketeering, unreported income, or wage-based damages of the type addressed in the cases on which Plaintiff relies.[4] Rather, Plaintiff's claims center on alleged solicitation and competition-related conduct. A personal tax return is not probative of whether such conduct occurred.

Plaintiff's speculation about Optic Tax Global does not render Defendant's personal tax return relevant. Individual tax filings do not disclose, substitute for, or evidence the revenues, operations, or tax status of separate corporate entities, particularly entities that are non-parties and have been dismissed from this action. (Stranger Decl. ¶¶ 16-17.)

---

[4] *See* Pl. s Mot. to Compel at 5 (citing *United States v. Bonanno Organized Crime Fam. of La Cosa Nostra,* 119 F.R.D. 625, 627 (E.D.N.Y. 1988), a racketeering case involving alleged illicit income, and wage-based discovery cases including *Neff v. Flowers Foods, Inc.,* No. 5:15-cv-254, 2018 U.S. Dist. LEXIS 248613, at *7–8 (D. Vt. Mar. 7, 2018) *(citing Uto v. Job Site Services, Inc.,* 269 F.R.D. 209 (E.D.N.Y. 2010))).

Moreover, tax returns are summary financial documents that aggregate income and deductions from multiple unrelated sources and activities. Requiring production of Defendant's complete personal tax return would also expose sensitive financial information of non-parties, including Defendant's spouse and dependent children, none of whom are parties to this action or alleged to have engaged in any wrongdoing. Courts are particularly reluctant to compel discovery that intrudes on confidential financial information of uninvolved third parties, especially where, as here, the requested materials bear no direct relationship to the claims at issue.The requested tax return would therefore sweep in extensive personal and financial information bearing no relationship to Plaintiff's claims, including income, deductions, and financial activity wholly unrelated to the alleged conduct.

Plaintiff's request is untethered to any element of liability and instead functions as an inquiry into Defendant's personal sources of income, an inquiry courts routinely reject prior to any adjudication of liability.[5]

Plaintiff also fails the second prong of the qualified-privilege analysis because the information it claims to seek is already available, or can readily be obtained, through far less intrusive means. Plaintiff has access to W-2 income issued by Cleer, and Defendant has sworn that her 2024 personal tax return reflects no income from Cleer or Optic Tax beyond W-2 income already in Plaintiff's possession. (Stranger Decl. ¶ 18.) In the absence of any evidence disputing that sworn representation, a complete personal tax return would add nothing of

---

[5] *See, e.g.*, *Hamm v. Potamkin Leasing Corp.,* 1988 WL 102014, at *3 (S.D.N.Y. Sept. 27, 1988) (Discovery into a party s financial condition is generally not permitted until after liability has been established.).

probative value and would merely duplicate information already known to Plaintiff while exposing extensive unrelated private financial information.

Courts in this Circuit routinely deny requests for full tax returns where the same information can be obtained through less intrusive discovery[6]. Plaintiff has not explained why those alternative sources are inadequate, nor attempted to justify why a complete tax return is necessary.

Plaintiff's request thus fails both prongs of the Second Circuit's qualified-privilege analysis. The tax return is not necessary to resolve any material issue in dispute, and the information Plaintiff claims to seek is available, if at all, through substantially less intrusive means.

### IV. RFP No. 59 Seeks Documents Outside Defendant's Possession, or Control

Request for Production No. 59 seeks the tax returns of Optic Tax Inc., a non-party that has been dismissed from this case. Defendant is no longer an officer, director, or controlling shareholder of Optic Tax and lacks legal authority to disclose its confidential tax filings. Plaintiff's assertion that Defendant waived objections or controls non-party records misstates both the record and the facts. (See Stranger Decl. ¶¶ 3–5, 8–11.)

---

[6] *See, e.g.*, *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985); *Gattegno v. PricewaterhouseCoopers, LLP*, 205 F.R.D. 70, 72 (D. Conn. 2001).

Rule 34 requires actual possession, custody, or control, not historical association or allegations based on outdated website content.[7] The cases cited by Plaintiff involve parties with ongoing legal authority or contractual rights to obtain documents. No such authority exists here.

Optic Tax Inc. is defunct, is not a party to this case, and Defendant lacks possession, custody, or control over its tax returns within the meaning of Rule 34. (Stranger Decl. ¶¶ 6–15.)

Furthermore, Rule 26(b)(1) requires proportionality. Here, the burden and intrusiveness of compelling non-party tax returns vastly outweigh any speculative benefit. Tax returns are among the most sensitive financial documents in existence. Compelling production of a defunct non-party's tax returns is an extraordinary step that requires a concrete showing of relevance and necessity.

Plaintiff has made no such showing. Corporate tax returns do not identify individual client solicitation, do not establish violation of the Court's injunction, and do not meaningfully advance Plaintiff's damages theory. At most, Plaintiff speculates that something might be found. Speculation is not a basis for compelling invasive discovery, particularly where it would expose confidential third-party financial information unrelated to the claims at issue.

Even setting proportionality aside, Defendant does not have possession, custody, or control over Optic Tax's tax returns within the meaning of Rule 34.[8] Defendant's ability to access

---

[7] *See, e.g.*, *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006) (control under Rule 34 requires "the legal right or practical ability to obtain the documents"); *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) (same).

[8] Plaintiff's assertion that Defendant "concedes" control misreads Defendant's response. Defendant's statement addressed the legal insufficiency of possession alone to establish Rule 34 control and did not concede present possession, custody, or authority to produce Optic Tax's tax returns.

historical Optic Tax records is materially limited by the shutdown of company systems following cessation of operations. (Stranger Decl. ¶¶ 12–15).

Ultimately, Plaintiff's argument rests in part on two unauthenticated images appended to its motion, apparently obtained from unidentified internet sources. Plaintiff does not identify where these images originated, when they were created, who authored them, or whether they accurately reflect any operative time period. Critically, Plaintiff's supporting declaration (ECF No. 339-1) does not authenticate, reference, or explain these images at all.

Even taken at face value, the images do not establish what Plaintiff suggests. One appears to be an excerpt from a third-party list or profile and merely includes Defendant's name without context or explanation and starting with the number "41". The other appears to be marketing language from an Optic Tax website describing Defendant as the "visionary behind Optic Tax," which does not state or imply that Defendant currently is an officer, director, owner, or custodian of records, nor that she possesses or controls Optic Tax's tax returns or corporate documents.

Unauthenticated internet images and promotional descriptions cannot substitute for evidence establishing possession, custody, or control under Rule 34,[9] particularly where the entity at issue is a dismissed non-party and Plaintiff has already pursued discovery through Rule 45 subpoenas directed to that entity. Plaintiff's reliance on these images underscores the absence of admissible evidence supporting its attempt to conflate Defendant with Optic Tax or to impose discovery obligations for documents she does not possess or control.

---

[9] *See Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir. 1997) (documents must be properly authenticated to be considered); *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997).

For all of these reasons, Plaintiff's request to compel production of Optic Tax's tax returns should be denied.

## V. CONCLUSION

Plaintiff's Motion to Compel seeks discovery that exceeds the scope permitted by Rules 26 and 34 and, in part, demands materials outside Defendant's possession or control. Defendant has provided all discovery required under the Federal Rules and has not withheld responsive information. The Motion should be denied.

Respectfully submitted,
/s/ Crystal Stranger
Crystal Stranger
Pro Se Litigant

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 21, 2026 the foregoing was filed using the Court's electronic filing system which will provide notice to all parties.

    */s/ Crystal Stranger*