# EXHIBIT A

Declaration of Crystal Stranger in Opposition to Motion to Compel

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLEER LLC | : | 3:24-cv-1496-MPS |
| | : | |
| v. | : | DECLARATION OF CRYSTAL STRANGER |
| | : | IN OPPOSITION TO MOTION TO COMPEL |
| CRYSTAL STRANGER | : | (DOC 339) |
| | : | |

I, Crystal Stranger, declare under penalty of perjury that the following is true and correct:

1. I submit this declaration to clarify factual issues raised by Plaintiff's Motion to Compel, including matters bearing on my access to records and the scope of materials reasonably subject to production. I have personal knowledge of the facts stated herein and, if called as a witness, could testify competently thereto.

2. I have not refused to participate in discovery. I have served timely written discovery responses and supplements and have repeatedly sought to narrow disputed requests and resolve scope issues without court intervention.

3. In my written discovery responses, I asserted and preserved objections based on relevance, proportionality, and applicable privileges, including attorney–client and tax practitioner privilege. Those objections were incorporated into my responses and were not withdrawn or waived.

4. I have produced all information reasonably accessible to me that is tied to specifically identified former Cleer clients. To the extent Plaintiff were to identify additional specific

1

individuals within that category, I would evaluate any such request consistent with the Federal Rules of Civil Procedure and applicable protections.

5. I do not possess a comprehensive or contemporaneous list of Cleer's clients as of February 1, 2024, when my employment ended, and I do not have access to Cleer's records from which a historical client list could be reconstructed.

6. Optic Tax Inc. is a separate corporate entity. It is not a party to this action and was dismissed after the Court determined it is not Defendant's alter ego. (See ECF No. 236.)

7. Optic Tax Inc. is no longer operating, and I am not currently an officer, director, or controlling shareholder of that entity.

8. I do not have ongoing governance authority over Optic Tax Inc. and lack any legal right or practical ability to compel production of its corporate tax filings.

9. Any prior access I may have had to Optic Tax Inc. records was historical and does not reflect current possession, custody, or legal authority to obtain or disclose corporate tax filings.

10. Optic Tax Inc.'s tax returns are treated as confidential corporate records and are not maintained by me in my personal capacity.

11. Plaintiff previously issued a Rule 45 subpoena to Optic Tax Inc., directed to its custodian, on December 30, 2025, seeking corporate records. That subpoena was not directed to me personally, and it treated Optic Tax Inc. as the proper producing entity for its own records.

12. My ability to access historical business records is limited by the current availability of systems and accounts that existed during Optic Tax Inc.'s operations.

13. Certain email, accounting, and document-management systems previously used by Optic Tax Inc. are no longer active or accessible to me. Some accounts were closed after the company ceased operations and lacked funds to maintain them, and other accounts were disabled or access was removed.

14. Reactivating or restoring defunct systems would require third-party action and significant expense, and is not something I can do unilaterally.

15. I do not maintain a complete archival copy of Optic Tax Inc.'s corporate records, including its tax returns, on my personal devices or in my personal files.

16. Optic Tax Global, Inc. is likewise a separate corporate entity. It is not a party to this action and was dismissed after the Court rejected Plaintiff's attempts to treat it as Defendant's alter ego or continuation entity. (See ECF No. 230.)

17. I am not, and have never been, an owner, officer, director, employee, contractor, or agent of Optic Tax Global, Inc. I have never received compensation from or exercised control over that entity, and I do not possess, control, or have access to any of its corporate records.

18. My 2024 personal tax return reflects no income from Optic Tax Inc. or from Cleer LLC, beyond any W-2 income issued by Cleer, which Plaintiff already possesses.

19. Any funds I contributed to or expended on behalf of Optic Tax Inc. were corporate transactions. Optic Tax Inc. was organized as a C-corporation, and its income or losses did not pass through to me personally or appear on my personal tax returns.

20. I file my personal tax returns jointly with my spouse and claim dependent children. As a result, my personal tax return contains extensive financial information relating to non-parties, including my spouse and children.

21. Accordingly, my personal tax return does not contain information probative of Plaintiff's claims regarding alleged solicitation of Cleer clients or revenue derived therefrom, and its production would result in prejudicial disclosure of sensitive financial information of non-parties, including my spouse and children.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 21, 2026, in Cape Town, South Africa.

..................................................
Crystal Stranger



SUID-AFRIKAANSE POLISIEDIENS
COMMUNITY SERVICE CENTRE
2 1 JAN 2026
GEMEENSKAPDIENSSENTRUM
VISHOEK / FISH HOEK K.P / C.P.
SOUTH AFRICAN POLICE SERVICE

4