UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Cleer LLC,<br><br>                Plaintiff,<br><br>v.<br><br>Crystal Stranger,<br><br>                Defendant. | Civil No. 3:24-CV-01496 (MPS)<br><br><br>February 10, 2026 |

**RULING AND ORDER ON PLAINTIFF'S MOTION TO COMPEL ECF No. 339**

Plaintiff Cleer LLC ("Plaintiff" or "Cleer") brings this thirteen count complaint against Defendant Crystal Stranger ("Defendant" or "Stranger"), alleging, among other things, unlawful acts of its former employee and business partner, Stranger, for breach of non-solicitation and noncompete covenants contained in the Operating Agreement ("OA") and Membership Vesting Agreement ("MVA"), poaching Cleer's current and prospective clients and employees, and using Cleer's confidential information for the benefit of Optic Tax.[1]

*Background*

On December 5, 2025, Chief Judge Shea denied Stranger's Motion to Transfer Venue to the District of New Mexico. ECF No. 289. The Chief Judge also denied Stranger's Motion to Vacate the Scheduling Order and the Motion to Vacate the pretrial conference and trial dates. ECF No. 331. Discovery closes on February 16, 2026. ECF No. 297.

---

[1] Optic Tax Inc was dismissed from the case for lack of personal jurisdiction on July 29, 2025. ECF No. 236.

1

*Legal Standard*

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Information is "relevant" if it "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see In re PE Corp. Secs. Litig.*, 221 F.R.D. 20, 23 (D. Conn. 2003). The burden of demonstrating relevance is on the party seeking discovery. *Ayuso v. Butkiewieus*, No. 3:17CV00776 (AWT), 2019 WL 1110794, at *2 (D. Conn. Mar. 11, 2019). "Because the Federal Rules . . . are to be construed liberally in favor of discovery, . . . the party resisting discovery bears the burden of showing why discovery should be denied." *In re Aggrenox Antitrust Litig.,* No. 3:14-CV-572 (SRU), 2017 WL 5885664, at *1 (D. Conn. Nov. 29, 2017).

A party responding to interrogatories "must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). If a party answers an interrogatory, it must do so "fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The person who makes the answers must sign them[.]" Fed. R. Civ. P. 33(b)(5). Parties may object to an interrogatory, *see* Fed. R. Civ. P. 33(b)(4), but "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact[.]" Fed. R. Civ. P. 33(a)(2). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

"Where a party has failed to answer an interrogatory, or has failed to produce documents, or has submitted responses to discovery requests that are evasive or incomplete, and the party opponent in good faith has attempted to resolve the party's failures without court intervention, the party opponent may move to compel the party's response." *Sellitto-Taylor v. McLean Affiliates, Inc.,* No. 3:20-CV-00162 (CSH), 2021 WL 950323, at *2 (D. Conn. Mar. 12, 2021) (citing Fed. R. Civ. P. 37(a)). The moving party bears the initial burden of "ma[king] a *prima facie* showing of relevance," or, "show[ing] that the requested information bears on, or ... reasonably could lead to other matter that could bear on, any issue in the case[.]" *Doe v. Wesleyan Univ.*, No. 3:19-CV-01519 (JBA), 2021 WL 4704852, at *3 (D. Conn. Oct. 8, 2021) (quotation marks omitted). If the moving party meets that burden, the burden shifts to the non-moving party to "show[ ] why discovery should be denied." *Id.* (quotation marks omitted). "All motions relative to discovery, including motions to compel, are addressed to the discretion of the district court." *Baltas v. Hardy*, No. 3:23-CV-930 (VAB), 2024 WL 4580881, at *2 (D. Conn. Oct. 25, 2024) (quotation marks and alterations omitted) (quoting *Soobzokov v. CBS*, 642 F.2d 28, 30 (2d Cir. 1981)).

*Discovery at Issue*

Pending is Plaintiff's Motion to Compel responses from Defendant to Interrogatory No. 23 and Requests for Production Nos. 48, 58, and 59 in Cleer's Fourth Set of Discovery. ECF No. 339. Responses were due on October 22, 2025. Cleer's Motion is limited to the following discovery requests and objections:

**Interrogatory No. 23.** Identify all clients You prepared tax returns, or performed any other tax work, for since December 10, 2024.

**RESPONSE**: Defendant objects for the reasons stated above, including statutory confidentiality protections, lack of jurisdiction as to Optic Tax, and the prematurity of this discovery while venue remains unresolved. Defendant will supplement if and when appropriate following the Court's ruling.

3

Defendant's objections are overruled. First, the discovery is not premature. Chief Judge Shea previously advised Defendant that "[f]or avoidance of any doubt, . . . , the filing of a motion does not suspend a court-imposed obligation. (The same is true of the filing of an appeal.)" ECF No. 302. And, the motion to transfer venue was denied on December 5, 2025. Second, Stranger's objection on the basis of "statutory confidentiality protections" is overruled. A Protective Order was entered at the start of the case to address confidentiality concerns and remains in effect. ECF No. 6. Stranger did not file a motion for protective order seeking enhanced protections not offered in the standing order.

Defendant's objection on relevance grounds is overruled. She argues that she preserved her objection because she filed "continuing objections incorporated into each response" that the requests are "neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence." ECF No. 343 at 2. However, "boilerplate objections" "are not acceptable legal objections and do not allow a party to evade the requirement to provide substantive responses. While it is true that a party may object to a discovery request as irrelevant or not "reasonably calculated to lead to the discovery of admissible evidence", the objecting party must show "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, unduly burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Wolterstorff v. Quiros*, No. 3:23-CV-1111 (VAB), 2025 WL 2300766, at *3 (D. Conn. Aug. 8, 2025) (quoting *Lamoureux v. Genesis Pharmacy Servs., Inc.*, 226 F.R.D. 154, 159 (D. Conn. 2004) (quotation marks and brackets omitted)); Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). The Court finds that the information

4

requested is relevant to the claims in the complaint and damages. Stranger's objection is overruled on this basis.

Defendant's objection based on privilege is overruled. She argues that she preserved her privilege objection because she filed a separate objection in her responses "to the extent the requests seek information protected by the attorney-client privilege, work product immunity, or other applicable privilege or immunity." ECF No. 343 at 2. Stranger raises these objections even though she is proceeding *pro se*. Moreover, she fails to state with any specificity how the attorney-client or work product privilege applies to this interrogatory and to the period of time when she was represented by former counsel Attorney Alan Harrison who withdrew from the case in February 2025.[2] Moreover, to the extent that Plaintiff seeks documents relating to Attorney Harrison's representation of Stranger, the Court is unable to review Stranger's claim of privilege due to her failure to provide a privilege log with her objection pursuant to D. Conn. L. Civ. R. 26(e).

**Request for Production No. 48**. Produce all records (e.g. QuickBooks or other accounting/CRM software) sufficient to show revenue generated, by client and date, for each client that previously worked with Cleer. The relevant time period for this Request is February 1, 2024, through present.

**RESPONSE**: Defendant objects that this request seeks Nonpublic Personal Information protected under federal statute and may concern clients of Optic Tax Inc., which is not before this Court. The request is also overly broad, unduly burdensome, and premature pending venue determination. No documents will be produced until venue is decided and a confidentiality order is entered.

Defendant's objections based on the pending motion to transfer venue and/or confidentiality is overruled for the reasons stated above. Similarly, Stranger's boilerplate

---

[2] Attorney Harrison's motion to withdraw as attorney for Crystal Stranger was granted on February 11, 2025. (ECF No. 142). His motion to withdraw as attorney for Optic Tax Inc. was granted on February 26, 2025. ECF No. 155.

objections to this request for production are overruled for the reasons stated above. The Court finds that the request is relevant to the claims in the complaint and damages.

In her response to the motion, Stranger states that her employment with Optic Tax ended on February 1, 2024. She argues that she cannot respond to the request for production unless and until Plaintiff identifies the clients at issue. The Court disagrees. Plaintiff is entitled to test Defendant's contention that she engages in "*limited* tax consulting and *advisory* discussions" that are "wholly unrelated to Cleer or Optic Tax." ECF No. 343 at 2-3 (emphasis added). Defendant argues that her consulting work is "*limited*" on the one hand and on the other hand she claims that the request for production is *too burdensome*, but provides no information to support that claim.

**Request for Production No. 58.** Produce your personal tax returns, including all schedules, for the 2024 tax year.

RESPONSE: Defendant objects to this request as overbroad, invasive, and not proportional to the needs of the case, and further objects to the extent it seeks documents protected by federal and state privacy laws, including the qualified privilege applicable to personal tax returns. Courts consistently hold that tax returns should not be compelled absent a compelling showing of relevance and necessity, which Plaintiff has not made.

Subject to and without waiving these objections, Defendant states: Her 2024 personal tax returns reflect no income from Optic Tax or Cleer, beyond any W-2 income already known to and issued by Cleer, which Plaintiff has in its possession. As such, the tax returns contain no additional relevant information beyond what is already within Plaintiff's knowledge and control, and will not be produced.

.Defendant's objection is overruled. Plaintiff is entitled to information about income Stranger received and declared in 2024 for services she provided that Plaintiff's claim violated Defendant's contractual obligations vis-a-vis Cleer. The information is relevant to liability and damages. No other source will provide as complete a financial picture as the returns. Concerns around confidentiality can be addressed by designating the production pursuant to the Protective Order in this case. ECF No. 6.

**Request for Production No. 59.** Produce Optic Tax's tax returns, including schedules, for the 2024 tax year.

6

Defendant objects to this Request on the grounds that it seeks documents belonging to a non-party entity, Optic Tax Inc., which has been dismissed from this case, and over which this Court lacks personal jurisdiction. Because Connecticut lacks personal jurisdiction over Optic Tax, it also lacks subpoena power to compel production of that entity's records. *See* Fed. R. Civ. P. 45(c), (d), (e).

Defendant further objects on the grounds that she is no longer an officer, director, or controlling shareholder of Optic Tax and does not have legal authority to disclose its confidential corporate tax filings. Possession alone does not establish legal control for the purposes of Rule 34, and production of such filings would violate corporate confidentiality and privacy obligations. Additionally, the request seeks confidential financial information of a third-party business, protected by federal and state law, and not proportional to the needs of the case as required by Rule 26(b)(1).

Defendant's objections are overruled. Defendant's objections are premised on her purported lack of control over a non-party entity. It is well settled that whether "a party does not possess documents is simply immaterial if those documents remain in that party's custody or control. *Searock v. Stripling,* 736 F.2d 650, 653 (11th Cir.1984); *M.L.C., Inc. v. North American Philips Corp.,* 109 F.R.D. 134, 136 (S.D.N.Y.1986). The word "control" is to be broadly construed. A party controls documents that it has the right, authority, or ability to obtain upon demand." *Scott v. Arex, Inc.*, 124 F.R.D. 39, 41 (D. Conn. 1989) (granting motion to compel payroll records from individual who controls such corporate records).

The record establishes that Ms. Stranger has the ability to obtain such records. On January 29, 2024, Stranger launched Optic Tax Inc., a Delaware corporation, of which she was a co-owner, President, CEO, co-founder and member of the "Board of Directors". ECF No. 182 at 2 (citing ECF No. 126, Hrg. Tr. 176:8-177:15 (Feb. 4, 2025) (Stranger testifying that she was the President, CEO, co-founder and face of Optic Tax); https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx. She testified that she co-founded Optic Tax with her father who invested $100,000 with the company. ECF No. 126, Hrg. Tr. 176:22-22. At the time of her testimony on February 4, 2025, Optic Tax's Board of Directors consisted of two individuals: Crystal Stranger and her father. Hrg. Tr. 177:6-15. On April 2, 2025,

7

Stranger appended a copy of a Restricted Stock Cancellation Agreement entered into as of January 26, 2025, and a copy of the minutes of the January 26, 2025, meeting of the Board of Directors of Optic Tax Inc. indicating that Stranger was a member of the board of directors and acted as the corporate secretary for Optic Tax Inc. ECF No. 197-1; 197-2. The fact that Optic Tax is now defunct is inconsequential to Stranger's access to historical corporate records. Concerns around confidentiality can be addressed by designating the production pursuant to the Protective Order in this case. ECF No. 6.

***CONCLUSION***

For the reasons stated, Plaintiff's Motion to Compel is granted. ECF No. 339. Full responses to Interrogatory No. 23 and Requests for Production Nos. 48, 48, and 59 are due **February 20, 2026. Defendant shall file a notice of compliance with a signed affirmation under oath by February 21, 2026 affirming that all responsive documents and information have been produced to Plaintiff as set forth in this Order.**

This is not a recommended ruling. This ruling and order is a "determination of [a] nondispositive motion[] . . . relating to discovery." D. Conn. L. Civ. R. 72(C)(2). As such, it is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2. It is an order of the Court unless reversed or modified by the District Judge in response to a timely objection under Local Rule 72.2(a).

*/s/ Maria E. Garcia, U.S.M.J.*
Hon. Maria E. Garcia
United States Magistrate Judge